1 | Daniel Rigmaiden
Agency # 10966111
2 | CCA-CADC
PO Box 6300
3 | Florence, AZ 85132
Telephone: none
4 | Email: none

5 | Daniel David Rigmaiden
Pro Se, Plaintiff

6

X FILED ___ LODGED
___ RECEIVED ___ COPY

JUL 2 6 2012

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

7 |        UNITED STATES DISTRICT COURT

8 |          DISTRICT OF ARIZONA

9

10 | Daniel David Rigmaiden,                 Civil Action No.:

11 |        Plaintiff,

12 | v.                                     **CV 12-1605-PHX-SRB-BSB**

13

14 | (1) Federal Bureau of
Investigation,

15 | (2) Executive Office for
United States Attorneys,

16

17 | (3) Office of Information
Policy, and

18 | (4) Department of Justice,

19 |        Defendants.

20

21 |      **COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

22

23 |   I.   **Preliminary Statement**

24 |      1.   This is an action under the Freedom of Information

25 | Act ("FOIA"), 5 U.S.C. 552, and the Federal Declaratory

26 | Judgment Act, 28 U.S.C. 2201 & 2202, seeking the immediate

27 | processing and release of agency records requested by

28 | plaintiff, Daniel David Rigmaiden (hereafter "Plaintiff"), pro

- 1 -

se, from defendants (1) the Federal Bureau of Investigation, (2) the Executive Office for United States Attorneys, (3) the Office of Information Policy, and (4) the Department of Justice (hereafter sometimes collectively "Defendants").

2.   On approximately October 10, 2011, Plaintiff mailed the Federal Bureau of Investigation and Executive Office for United States Attorneys separate FOIA requests seeking records on portable/transportable wireless device locators (i.e., devices used to locate cell phones, cell site emulators, etc.) and related equipment manufactured and/or branded and/or sold by Harris Wireless Products Group (Harris Corporation) and other manufacturers/companies.  In both requests, plaintiff requested a waiver of all costs or reduced costs and expedited processing.

3.   On approximately November 10, 2011, Plaintiff mailed the Federal Bureau of Investigation a FOIA request seeking records relating to (1) comments made by Federal Bureau of Investigation agents and employees to The Wall Street Journal reported in or in relation to the September 22, 2011 The Wall Street Journal article titled "'Stingray' Phone Tracker Fuels Constitutional Clash," and (2) comments made by Federal Bureau of Investigation agents and employees at a panel at the Brookings Institution in May of 2011 regarding portable/transportable wireless device locators.  In the request, plaintiff requested a waiver of all costs or reduced costs and expedited processing.

4.   Plaintiff is entitled to timely release of the records sought, expedited processing, and full fee waivers.

1  Although it has been more than seven (7) months and more than

2  eight (8) months since Plaintiff's FOIA requests, Defendants

3  have since then failed to produce any records in response and,

4  in two cases, failed to even acknowledge receipt of the

5  requests.  Defendants have also refused to grant Plaintiff

6  expedited processing and fee waivers.  The Office of

7  Information Policy denied all three of Plaintiff's appeals.

8       **II.  <u>Jurisdiction and Venue</u>**

9       5.  This Court has subject matter jurisdiction over this

10  action and personal jurisdiction over the parties pursuant to

11  5 U.S.C. §§ 552(a)(4)(A)(vii), 552(a)(4)(B), 552(a)(6)(C)(i),

12  and 552(a)(6)(E)(iii).  This Court also has jurisdiction over

13  this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §§

14  2201(a) & 2202. Venue is proper in this district under 5

15  U.S.C. § 552(a)(4)(B) considering Plaintiff currently resides

16  in Florence, AZ.

17      **III. <u>Parties</u>**

18      6.  Plaintiff, Daniel David Rigmaiden, pro se, is a

19  United States citizen currently in federal pretrial detention

20  facing criminal charges under CR08-814-PHX-DGC in the District

21  of Arizona.  Plaintiff currently resides at Corrections

22  Corporation of America, Central Arizona Detention Center (CCA-

23  CADC), 1155 North Pinal Parkway, Florence, AZ 85132.

24      7.  The pro se Plaintiff's filings, however inartfully

25  pleaded, must be liberally construed and held to less

26  stringent standards than formal pleadings drafted by lawyers.

27  See <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).

28      8.  Defendants, (1) the Federal Bureau of Investigation,

- 3 -

1 (2) the Executive Office for United States Attorneys, (3) the

2 Office of Information Policy, and (4) the Department of

3 Justice are all within the Executive Branch of the United

4 States Government and are agencies within the meaning of 5

5 U.S.C. § 552(f)(1).

6 **IV. Facts**

7   **A. The Federal Bureau of Investigation FOIA request**
8     **RE: portable/transportable wireless device**
    **locators.**

9   9. On approximately October 10, 2011, Plaintiff mailed

10 Defendant, the Federal Bureau of Investigation, a FOIA request

11 seeking records on portable/transportable wireless device

12 locators (i.e., devices used to locate cell phones, cell site

13 emulators, etc.) and related equipment manufactured and/or

14 branded and/or sold by Harris Wireless Products Group (Harris

15 Corporation) and other manufacturers/companies. See EXHIBIT

16 01.

17   10. The requested records relate to (1) the Harris

18 StingRay, StingRay II, KingFish, AmberJack, and other

19 portable/transportable wireless device locators and related

20 equipment, (2) the Federal Bureau of Investigation's policies,

21 practices, and procedures to destroy real-time wireless device

22 location data obtained by the Harris portable/transportable

23 wireless device locators and related equipment or obtained by

24 other portable/transportable wireless device locators, (3) the

25 Federal Bureau of Investigation's policies, practices, and

26 procedures to conceal from defendants and their attorneys in

27 criminal cases the fact that the Federal Bureau of

28 Investigation used the Harris portable/transportable wireless

- 4 -

1  device locators and related equipment (or other

2  portable/transportable wireless device locators) to gather

3  evidence during related criminal investigations, and (4)

4  agency records constituting user manuals, operations manuals,

5  and training manuals for the Harris portable/transportable

6  wireless device locators and related equipment.

7      11.  Pursuant to 5 U.S.C. § 552(a)(3)(B), Plaintiff

8  requested that all digital documents be provided in their

9  original native form with metadata preserved.  See EXHIBIT 01.

10 Additionally, Plaintiff requested that any redactions be done

11 on the original digital documents using a digital redaction

12 process (e.g., using Appligent Redax TM, RapidRedact TM, Adobe

13 Acrobat TM X Pro, etc.) and provided in their native digitally

14 redacted form.  Plaintiff requested that the native form

15 digital documents (e.g., emails, etc.) that are redacted by a

16 computerized redaction process be provided "as is" and that

17 they not be printed to hard copy and then rescanned to create

18 an artificial digital form of the documents.

19     12.  In his FOIA request letter, Plaintiff requested a

20 waiver of all fees or reduced fees.  See EXHIBIT 01.

21 Plaintiff explained that disclosure of the requested records

22 will help members of the public understand the privacy risks

23 of carrying cell phones and other wireless devices.  Plaintiff

24 further explained that the requested records concern the

25 direct operations and activities of the government with

26 respect to surreptitiously locating cell phones and other

27 wireless devices using Harris brand portable/transportable

28 wireless device locators and related equipment.  Plaintiff

- 5 -

1  also informed the Federal Bureau of Investigation that on

2  September 22, 2011 The Wall Street Journal published an

3  article titled "'Stingray' Phone Tracker Fuels Constitutional

4  Clash" wherein the government's use of portable/transportable

5  wireless device locators was clearly and sufficiently

6  identified.  See Valentino-DeVries, Jennifer, 'Stingray' Phone

7  Tracker Fuels Constitutional Clash, The Wall Street Journal,

8  p. A1 (Sept. 22, 2011) available at

9  http://online.wsj.com/article/SB10001424053111904194604576583l

10 12723197574.html (last accessed: September 22, 2011).  The

11 noted Wall Street Journal article specifically reported on

12 Plaintiff's efforts to prove that the government violates the

13 Fourth Amendment when it uses portable/transportable wireless

14 device locators to locate wireless devices within home

15 residences without a proper warrant.

16    13.  In his FOIA request letter, Plaintiff requested

17 expedited processing of his FOIA request.  See EXHIBIT 01.

18 Plaintiff explained that he has a compelling need for the

19 requested records considering the subject of his request is a

20 matter of widespread and exceptional media interest and the

21 government's integrity is called into question when it tracks

22 and locates wireless devices without proper judicial

23 authority, i.e., a Rule 41 warrant founded on probable cause.

24 Plaintiff further explained that the media has repeatedly

25 reported on warrantless government cell phone tracking prior

26 to his FOIA request, including articles on the Federal Bureau

27 of Investigation locating a Verizon Wireless aircard at issue

28 in Plaintiff's criminal case specifically.  See EXHIBIT 01

- 6 -

1 (citing news articles).

2    14. Plaintiff mailed the FOIA request letter via USPS
3 Certified Return Receipt delivery, article No. 7007 0710 0004
4 3772 8555. The signature card for the FOIA request was signed
5 "D.W. Jones / OB" and then mailed back to Plaintiff. See
6 EXHIBIT 02. The signature date is November 7, 2011.

7    15. On approximately February 15, 2012, Plaintiff mailed
8 a FOIA appeal letter to the Office of Information Policy
9 considering no response was received by Plaintiff from the
10 Federal Bureau of Investigation after having waited more than
11 three (3) months. See EXHIBIT 03.

12    16. In the appeal letter, Plaintiff appealed (1) the
13 Federal Bureau of Investigation failing to acknowledge
14 Plaintiff's FOIA request, (2) the Federal Bureau of
15 Investigation failing to grant Plaintiff a fee waiver, (3) the
16 Federal Bureau of Investigation failing to grant Plaintiff
17 reduced fees, (4) the Federal Bureau of Investigation failing
18 to provide Plaintiff expedited processing, and (5) the Federal
19 Bureau of Investigation failing to provide Plaintiff all
20 requested records.

21    17. In the appeal letter, Plaintiff included a
22 declaration explaining how he has no commercial interest in
23 the sought after records. See "Attachment C" of EXHIBIT 03.
24 Plaintiff's declaration is titled "Daniel Rigmaiden has no
25 commercial interest in the records requested via FBI FOIA
26 request, certified return receipt article No. 7007 0710 0004
27 3772 8555." In his declaration, Plaintiff explained that he
28 has no commercial interest in the records considering he plans

- 7 -

to (1) use the responsive records as evidence in his pending criminal case (CR08-814-PHX-DGC in the District of Arizona), (2) freely disseminate the responsive records through the public record in CR08-814-PHX-DGC, (3) freely disseminate the responsive records by providing them to his contacts at the American Civil Liberties Union and Electronic Frontier Foundation, and (4) freely disseminate the responsive records by providing them to Jennifer Valentino-DeVries at The Wall Street Journal. See "Attachment C" of EXHIBIT 03. Plaintiff's original FOIA request letter explained that The Wall Street Journal is covering Plaintiff's criminal case with respect to the Federal Bureau of Investigation's use of portable/transportable wireless device locators (e.g., the Harris StingRay). See EXHIBIT 01. See also Valentino-DeVries, Jennifer, 'Stingray' Phone Tracker Fuels Constitutional Clash, The Wall Street Journal, p. A1 (Sept. 22, 2011) available at http://online.wsj.com/article/SB10001424053111904194604576583112723197574.html (last accessed: September 22, 2011).

    18. On approximately May 14, 2012, Plaintiff received a determination of his appeal letter. The Office of Information Policy assigned Plaintiff Appeal No. AP-2012-01750. See EXHIBIT 04. Janice Galli McLeod, Associate Director of the Office of Information Policy, and Anne D. Work, Senior Counsel, Administrative Appeals Staff, Office of Information Policy, denied Plaintiff relief based on their determination that the Federal Bureau of Investigation has no record of having received Plaintiff's request--despite the signed USPS

- 8. -

1   Certified Return Receipt signature card provided to the Office
2   of Information Policy via Plaintiff's appeal letter.  The
3   Office of Information Policy closed Plaintiff's appeal.

4        19.  The Office of Information Policy indicated in its
5   letter sent to Plaintiff that it forwarded a copy of
6   Plaintiff's original FOIA request letter to the Federal Bureau
7   of Investigation and that it would open a new FOIA request
8   file.

9        20.  Assuming the Office of Information Policy forwarded a
10  copy of Plaintiff's original FOIA request as indicated, the
11  Federal Bureau of Investigation once again ignored Plaintiff's
12  FOIA request.  Plaintiff has received no response,
13  acknowledgement, or records from the Federal Bureau of
14  Investigation even while Plaintiff's initial FOIA request was
15  mailed more than eight (8) months prior.

16            **B.   The Federal Bureau of Investigation FOIA request**
                  **RE: Comments made to The Wall Street Journal by**
17                **the Federal Bureau of Investigation as reported**
                  **in a September 22, 2011 article.**
18

19       21.  On approximately November 10, 2011, Plaintiff mailed
20  Defendant, the Federal Bureau of Investigation, a FOIA request
21  seeking records on (1) comments made by Federal Bureau of
22  Investigation agents and employees to The Wall Street Journal
23  reported in or in relation to the September 22, 2011 The Wall
24  Street Journal article titled "'Stingray' Phone Tracker Fuels
25  Constitutional Clash," by Jennifer Valentino-DeVries (see par.
26  No. 12 above), (2) comments made by Federal Bureau of
27  Investigation agents and employees at a panel at the Brookings
28  Institution in May of 2011 regarding portable/transportable

wireless device locators (e.g., cell site emulators) such as the Harris StingRay and KingFish.  See EXHIBIT 05.

22.  The requested records relate to the Federal Bureau of Investigation's comments made to The Wall Street Journal and the Brookings Institution relating to (1) Federal Bureau of Investigation policies and practices to delete/destroy real-time geolocation data collected/generated using portable/transportable wireless device locators (e.g., the Harris StingRay) while locating wireless devices such as cell phones, (2) Federal Bureau of Investigation policies and practices to keep the noted real-time geolocation data hidden from defendant's and their attorneys, (3) Federal Bureau of Investigation policies and practices to first obtain a warrant before locating/tracking wireless devices within private residences, and (4) the Federal Bureau of Investigation's position that portable/transportable wireless device locators fall into the "pen register and trap and trace device" legal category.  See EXHIBIT 05.

23.  Pursuant to 5 U.S.C. § 552(a)(3)(B), Plaintiff requested that all digital documents be provided in their original native form with metadata preserved.  See EXHIBIT 05. Additionally, Plaintiff requested that any redactions be done on the original digital documents using a digital redaction process (e.g., using Appligent Redax TM, RapidRedact TM, Adobe Acrobat TM X Pro, etc.) and provided in their native digitally redacted form.  Plaintiff requested that the native form digital documents (e.g., emails, etc.) that are redacted by a computerized redaction process be provided "as is" and that

- 10 -

they not be printed to hard copy and then rescanned to create
an artificial digital form of the documents.

24.  In his FOIA request letter, Plaintiff requested a
waiver of all fees or reduced fees.  See EXHIBIT 05. Plaintiff
explained that disclosure of the requested records will help
members of the public understand (1) the privacy risks of
carrying cell phones and other wireless devices, and (2) the
Federal Bureau of Investigation policy to destroy discoverable
Brady material (i.e., real-time geolocation data) so that
defendants and their attorneys will be unable to use the
information in a defense.  Plaintiff further explained that
the requested records concern the direct operations and
activities of the government with respect to surreptitiously
locating cell phones and other wireless devices using Harris
brand portable/transportable wireless device locators and
related equipment.  Plaintiff also informed the Federal Bureau
of Investigation that On September 22, 2011, The Wall Street
Journal published an article titled "'Stingray' Phone Tracker
Fuels Constitutional Clash" wherein the government's use of
portable/transportable wireless device locators was clearly
and sufficiently identified.  See Valentino-DeVries, Jennifer,
"'Stingray' Phone Tracker Fuels Constitutional Clash," The
Wall Street Journal, p. A1 (Sept. 22, 2011) available at
http://online.wsj.com/article/SB10001424053111904194604576583112723197574.html (last accessed: September 22, 2011).  The
noted Wall Street Journal article specifically reported on
Plaintiff's challenges to the government's destruction of
real-time geolocation data collected during investigations

- 11 -

1 related to CR08-814-PHX-DGC.

2    25.  In his FOIA request letter, Plaintiff requested
3 expedited processing of his FOIA request.  See EXHIBIT 05.
4 Plaintiff explained that he has a compelling need for the
5 requested records considering the subject of his request is a
6 matter of widespread and exceptional media interest and the
7 government's integrity is called into question when it tracks
8 and locates wireless devices without proper judicial authority
9 (i.e., a Rule 41 warrant founded on probable cause) and
10 destroys the resulting evidence thereafter.  Plaintiff further
11 explained that the media has repeatedly reported on
12 warrantless government cell phone tracking prior to his FOIA
13 request, including articles on Plaintiff's criminal case which
14 specifically report on the government's destruction of real-
15 time geolocation data.  See EXHIBIT 05 (citing news articles).

16    26.  In addition to the above explained reasons as to why
17 expedited processing should be granted, Plaintiff also
18 explained how he is losing substantial due process rights in
19 his criminal case, CR08-814-PHX-DGC.  See EXHIBIT 05.
20 Plaintiff explained how FBI Supervisory Special Agent Bradley
21 S. Morrison's declaration filed in CR08-814-PHX-DGC
22 contradicts the Federal Bureau of Investigation comments made
23 to The Wall Street Journal as reported in the article titled
24 "'Stingray' Phone Tracker Fuels Constitutional Clash."
25 Plaintiff further explained that he should be granted
26 expedited processing because he needs to use the responsive
27 FOIA records to impeach the testimony given by FBI Agent
28 Morrison via his declaration.  See EXHIBIT 05.

27.  Plaintiff mailed the FOIA request letter via USPS Certified Return Receipt delivery, article No. 7010 1870 0003 0918 6393.  No signature card for the FOIA request was returned to Plaintiff, however, the USPS website indicates that the FOIA request was received by the Federal Bureau of Investigation on January 3, 2012.  See EXHIBIT 06.

28.  On approximately January 30, 2012, Plaintiff received a letter from the Federal Bureau of Investigation acknowledging Plaintiff's FOIA request.  See EXHIBIT 07.  The Federal Bureau of Investigation assigned Plaintiff "FOIPA Request No.: 1180900-000" with "Subject: RECORDS CONCERNING WALL STREET JOURNAL ARTICLE STINGRAY PHONE TRACKER FUELS CONSTITUTIONAL CLASH."

29.  On approximately February 3, 2012, Plaintiff received two letters from the Federal Bureau of Investigation (in one envelope) denying Plaintiff's request for expedited processing and denying Plaintiff's request for a fee waiver.  See EXHIBIT 08.  In the first letter, the Federal Bureau of Investigation stated that Plaintiff has "not provided enough information concerning the statutory requirements permitting expedition; therefore, [][Plaintiff's] request is denied."  See id.  In the second letter, the Federal Bureau of Investigation stated that Plaintiff has not satisfied the requirements for a fee waiver because Plaintiff has "not adequately demonstrated that the information requested is not in [][Plaintiff's] own commercial interest."  See id.

30.  On approximately February 15, 2012, Plaintiff mailed a FOIA appeal letter to the Office of Information Policy

1 | appealing the Federal Bureau of Investigation's denial of
2 | Plaintiff's request for expedited processing and a fee waiver.
3 | See EXHIBIT 09.

4 |   31.  In the appeal letter, Plaintiff appealed (1) the
5 | Federal Bureau of Investigation failing to grant Plaintiff a
6 | fee waiver, (2) the Federal Bureau of Investigation failing to
7 | grant Plaintiff reduced fees, and (3) the Federal Bureau of
8 | Investigation failing to provide Plaintiff expedited
9 | processing.

10 |   32.  In the appeal letter, Plaintiff included a
11 | declaration explaining how he has no commercial interest in
12 | the sought after records.  See "Attachment E" of EXHIBIT 09.
13 | Plaintiff's declaration is titled "Daniel Rigmaiden has no
14 | commercial interest in the records requested via FBI FOIA
15 | request No. 1180900-000."  In his declaration, Plaintiff
16 | explained that he has no commercial interest in the records
17 | considering he plans to (1) use the responsive records as
18 | evidence in his pending criminal case (CR08-814-PHX-DGC in the
19 | District of Arizona), (2) freely disseminate the responsive
20 | records through the public record in CR08-814-PHX-DGC, (3)
21 | freely disseminate the responsive records by providing them to
22 | his contacts at the American Civil Liberties Union and
23 | Electronic Frontier Foundation, and (4) freely disseminate the
24 | responsive records by providing them to Jennifer Valentino-
25 | DeVries at The Wall Street Journal.  See "Attachment E" of
26 | EXHIBIT 09.  Plaintiff's original FOIA request letter
27 | explained that The Wall Street Journal is covering Plaintiff's
28 | criminal case with respect to the Federal Bureau of

- 14 -

Investigation's use of portable/transportable wireless device
locators (e.g., the Harris StingRay).  See EXHIBIT 05.  See
also Valentino-DeVries, Jennifer, 'Stingray' Phone Tracker
Fuels Constitutional Clash, The Wall Street Journal, p. A1
(Sept. 22, 2011) available at
http://online.wsj.com/article/SB1000142405311190419460457658312
12723197574.html (last accessed: September 22, 2011).

33.  In the appeal letter, Plaintiff included a
declaration explaining how he has a need for expedited
processing of his FOIA request.  See "Attachment F" of EXHIBIT
09.  Plaintiff's declaration is titled "Daniel Rigmaiden has a
need for expedited processing of FBI FOIA request No. 1180900-
000."  In his declaration, Plaintiff provided further
information on his original claim that he has a need for
expedited processing considering he is at a loss of
substantial due process rights.  Plaintiff explained that he
needs the requested records relating to the Federal Bureau of
Investigation's policies and practices to destroy real-time
data obtained via portable/transportable wireless device
locators so that he can use the records to support his
argument that FBI agents engaged in bad faith destruction of
evidence in CR08-814-PHX-DGC.  Plaintiff further explained
that proving bad faith will support his request to have
evidence suppressed based on United States v. Flyer, 633 F.3d
911, 916 (9th Cir. 2011) wherein the Ninth Circuit stated that
secondary evidence can be suppressed for the government's
destruction of evidence.  See "Attachment F" of EXHIBIT 09.

34.  In Plaintiff's declaration explaining how he has a

need for expedited processing of his FOIA request, Plaintiff stated that he needs the requested records prior to his deadline to file his "Motion To Suppress" in CR08-814-PHX-DGC. Although the revised filing deadline of June 1, 2012 has passed in CR08-814-PHX-DGC, Plaintiff is still losing substantial due process rights considering he is without the requested records to support his suppression argument based on the government's bad faith destruction of evidence.  See Flyer, 633 F.3d at 916.  Plaintiff has filed his "Motion To Suppress" in CR08-814-PHX-DGC but the court is yet to rule on the motion and the court is yet to set a suppression hearing. The requested records will solidify Plaintiff's suppression arguments that are mirrored in the above noted declaration. Compare "Attachment F" of EXHIBIT 09 to Plaintiff's "Memorandum RE: Destruction Of Evidence," CR08-814-PHX-DGC, Docket No. 830-2 – linked to "Motion To Suppress," CR08-814-PHX-DGC, Docket No. 824.

35.  On approximately April 20, 2012, Plaintiff received a determination of his appeal letter.  The Office of Information Policy assigned Plaintiff Appeal No. AP-2012-01751.  See EXHIBIT 10.  Janice Galli McLeod, Associate Director of the Office of Information Policy, denied Plaintiff relief for expedited processing and a fee waiver.

36.  In her letter, Janice Galli McLeod stated that Plaintiff is not entitled to expedited processing based on her determination that Plaintiff has "not demonstrated that the information sought will aid in any criminal defense, or that [][Plaintiff is] facing grave punishment."  See EXHIBIT 10.

- 16 -

1 Janice Galli McLeod made this determination knowing that

2 Plaintiff is facing criminal charges under CR08-814-PHX-DGC

3 with his superseding indictment on the public record showing

4 that Plaintiff is being charged with seventy four (74)

5 felonies.  See CR08-814-PHX-DGC, Docket No. 200.

6     37.  In her letter, Janice Galli McLeod stated that

7 Plaintiff is also not entitled to expedited processing based

8 on her determination that "expedited treatment of []

9 [Plaintiff's] request is not warranted" because Plaintiff

10 "failed to sufficiently demonstrate that the subject of []

11 [his] request is a matter of widespread and exceptional media

12 interest in which there exist possible questions about the

13 government's integrity which affect public confidence."  See

14 EXHIBIT 10 (internal quotation marks, brackets, and citation

15 omitted).  Janice Galli McLeod made this determination knowing

16 that The Wall Street Journal specifically reported on, e.g.,

17 the Federal Bureau of Investigation's destruction of real-time

18 data obtained via portable/transportable wireless device

19 locators in criminal cases.  See EXHIBIT 09.

20     38.  In her letter, Janice Galli McLeod stated that

21 Plaintiff is not entitled to a fee waiver based on her

22 determination that (1) Plaintiff "[][is] the primary

23 beneficiary of any release of records that the FBI may

24 ultimately provide... and thus the public interest requirement

25 of the FOIA, also referred to as fee waiver factors one

26 through four, has not been met[,]" and (2) Plaintiff "[][has

27 not] demonstrated that a significant contribution to the

28 public's understanding of FBI's operations will occur as a

- 17 -

result of a future release to [][Plaintiff], or demonstrated
in any way that [][Plaintiff has] the capacity to disseminate
any such records to the public." See EXHIBIT 10.  Janice
Galli McLeod made this determination knowing that (1)
Plaintiff has the ability to disseminate the requested records
through the public record in CR08-814-PHX-DGC, through his
contacts at the American Civil Liberties Union, Electronic
Frontier Foundation, and through The Wall Street Journal; and
(2) The Wall Street Journal specifically reported on the
Federal Bureau of Investigation's destruction of real-time
data obtained using a StingRay in CR08-814-PHX-DGC and based
its story on documents Plaintiff placed on the record in CR08-
814-PHX-DGC.  See EXHIBIT 09.  See also Valentino-DeVries,
Jennifer, 'Stingray' Phone Tracker Fuels Constitutional Clash,
The Wall Street Journal, p. A1 (Sept. 22, 2011) available at
http://online.wsj.com/article/SB10001424053111904194604576583112723197574.html (last accessed: September 22, 2011).

39.  Even though Plaintiff's request for expedited
processing was denied, the Federal Bureau of Investigation has
not provided any records to Plaintiff even while his initial
FOIA request was mailed more than seven (7) months prior.

**C.  The Executive Office for United States Attorneys FOIA request RE: portable/transportable wireless device locators.**

40.  On approximately October 10, 2011, Plaintiff mailed
Defendant, the Executive Office for United States Attorneys, a
FOIA request seeking records on portable/transportable
wireless device locators (i.e., devices used to locate cell
phones, cell site emulators, etc.) and related equipment

- 18 -

manufactured and/or branded and/or sold by Harris Wireless
Products Group (Harris Corporation) and other
manufacturers/companies.  See EXHIBIT 11.

41.  The requested records relate to (1) the Harris
StingRay, StingRay II, KingFish, AmberJack, and other
portable/transportable wireless device locators and related
equipment, (2) the Executive Office for United States
Attorneys' policies, practices, and procedures to seek court
orders to destroy real-time wireless device location data
obtained by the Harris portable/transportable wireless device
locators and related equipment or obtained by other
portable/transportable wireless device locators, (3) the
Executive Office for United States Attorneys' policies,
practices, and procedures to have Assistant United States
Attorneys and other attorneys seek one or more court orders
authorizing use of pen registers, trap and trace devices,
stored records under the Stored Communications Act, and/or
mobile tracking devices—while the true intention is to use
Harris portable/transportable wireless device locators and
related equipment or other portable/transportable wireless
device locators, and (4) the Executive Office for United
States Attorneys' policies, practices, and procedures to
conceal from defendants and their attorneys in criminal cases
the fact that the government used the Harris
portable/transportable wireless device locators and related
equipment (or other portable/transportable wireless device
locators) to gather evidence during related criminal
investigations.

42.  Pursuant to 5 U.S.C. § 552(a)(3)(B), Plaintiff requested that all digital documents be provided in their original native form with metadata preserved.  See EXHIBIT 11. Additionally, Plaintiff requested that any redactions be done on the original digital documents using a digital redaction process (e.g., using Appligent Redax TM, RapidRedact TM, Adobe Acrobat TM X Pro, etc.) and provided in their native digitally redacted form.  Plaintiff requested that the native form digital documents (e.g., emails, etc.) that are redacted by a computerized redaction process be provided "as is" and that they not be printed to hard copy and then rescanned to create an artificial digital form of the documents.

43.  In his FOIA request letter, Plaintiff requested a waiver of all fees or reduced fees.  See EXHIBIT 11. Plaintiff explained that disclosure of the requested records will help members of the public understand the privacy risks of carrying cell phones and other wireless devices.  Plaintiff further explained that the requested records concern the direct operations and activities of the government with respect to surreptitiously locating cell phones and other wireless devices using Harris brand portable/transportable wireless device locators and related equipment.  Plaintiff also informed the Executive Office for United States Attorneys that on September 22, 2011 The Wall Street Journal published an article titled "'Stingray' Phone Tracker Fuels Constitutional Clash" wherein the government's use of portable/transportable wireless device locators was clearly and sufficiently identified.  See Valentino-DeVries, Jennifer,

1  'Stingray' Phone Tracker Fuels Constitutional Clash, The Wall

2  Street Journal, p. A1 (Sept. 22, 2011) available at

3  http://online.wsj.com/article/SB10001424053111904194604576583l

4  12723197574.html (last accessed: September 22, 2011).  The

5  noted Wall Street Journal article specifically reported on

6  Plaintiff's efforts to prove that the government violates the

7  Fourth Amendment when it uses portable/transportable wireless

8  device locators to locate wireless devices within home

9  residences without a proper warrant.

10      44.  In his FOIA request letter, Plaintiff requested

11  expedited processing of his FOIA request.  See EXHIBIT 11.

12  Plaintiff explained that he has a compelling need for the

13  requested records considering the subject of his request is a

14  matter of widespread and exceptional media interest and the

15  government's integrity is called into question when it tracks

16  and locates wireless devices without proper judicial

17  authority, i.e., a Rule 41 warrant founded on probable cause.

18  Plaintiff further explained that the media has repeatedly

19  reported on warrantless government cell phone tracking prior

20  to his FOIA request, including articles on the Federal Bureau

21  of Investigation locating a Verizon Wireless aircard at issue

22  in Plaintiff's criminal case specifically.  See EXHIBIT 11

23  (citing news articles).

24      45.  Plaintiff mailed the FOIA request letter via USPS

25  Certified Return Receipt delivery, article No. 7009 2250 0003

26  8907 7508.  The signature card for the FOIA request was mailed

27  back to Plaintiff but it contained no signature or date.  See

28  EXHIBIT 12.  However, the USPS website indicates that the FOIA

1 request was received by the Executive Office for United States
2 Attorneys on November 7, 2011.  See EXHIBIT 13.

3    46.  On approximately February 15, 2012, Plaintiff mailed
4 a FOIA appeal letter to the Office of Information Policy
5 considering no response was received by Plaintiff from the
6 Executive Office for United States Attorneys after having
7 waited more than four (4) months.  See EXHIBIT 14.

8    47.  In the appeal letter, Plaintiff appealed (1) the
9 Executive Office for United States Attorneys failing to
10 acknowledge Plaintiff's FOIA request, (2) the Executive Office
11 for United States Attorneys failing to grant Plaintiff a fee
12 waiver, (3) the Executive Office for United States Attorneys
13 failing to grant Plaintiff reduced fees, (4) the Executive
14 Office for United States Attorneys failing to provide
15 Plaintiff expedited processing, and (5) the Executive Office
16 for United States Attorneys failing to provide Plaintiff all
17 requested records.

18    48.  In the appeal letter, Plaintiff included a
19 declaration explaining how he has no commercial interest in
20 the sought after records.  See "Attachment C" of EXHIBIT 14.
21 Plaintiff's declaration is titled "Daniel Rigmaiden has no
22 commercial interest in the records requested via EOUSA FOIA
23 request, certified return receipt article No. 7009 2250 0003
24 8907 7508."  In his declaration, Plaintiff explained that he
25 has no commercial interest in the records considering he plans
26 to (1) use the responsive records as evidence in his pending
27 criminal case (CR08-814-PHX-DGC in the District of Arizona),
28 (2) freely disseminate the responsive records through the

- 22 -

public record in CR08-814-PHX-DGC, (3) freely disseminate the
responsive records by providing them to his contacts at the
American Civil Liberties Union and Electronic Frontier
Foundation, and (4) freely disseminate the responsive records
by providing them to Jennifer Valentino-DeVries at The Wall
Street Journal.  See "Attachment C" of EXHIBIT 14. Plaintiff's
original FOIA request letter explained that The Wall Street
Journal is covering Plaintiff's criminal case with respect to
the Federal Bureau of Investigation's use of
portable/transportable wireless device locators (e.g., the
Harris StingRay).  See EXHIBIT 11.  See also Valentino-
DeVries, Jennifer, 'Stingray' Phone Tracker Fuels
Constitutional Clash, The Wall Street Journal, p. A1 (Sept.
22, 2011) available at
http://online.wsj.com/article/SB1000142405311190419460457658311
2723197574.html (last accessed: September 22, 2011).

49.  On approximately May 14, 2012, Plaintiff received a
determination of his appeal letter.  The Office of Information
Policy assigned Plaintiff Appeal No. AP-2012-01749.  See
EXHIBIT 15.  Janice Galli McLeod, Associate Director of the
Office of Information Policy, denied Plaintiff relief based on
their determination that "no adverse determination has yet
been made by EOUSA, there is no action for this Office to
consider on appeal." See id.

50.  Even though Plaintiff's entire appeal was denied, the
Executive Office for United States Attorneys has not provided
any records to Plaintiff even while his initial FOIA request
was mailed more than eight (8) months prior.

**V.   Cause of Action**

51.   Plaintiff re-alleges and incorporates by reference into this section paragraphs No. 1-50 listed above.

**A.   Claims RE: the Federal Bureau of Investigation FOIA request RE: portable/transportable wireless device locators.**

52.   Defendants, Federal Bureau of Investigation and Department of Justice, failing to acknowledge Plaintiff's FOIA request RE "portable/transportable wireless device locators," even while eight (8) months have passed since the request was mailed, violates the FOIA, 5 U.S.C. § 552(a)(6)(A)(i), and Defendant's corresponding regulations.

53.   Defendants, Federal Bureau of Investigation, Office of Information Policy, and Department of Justice, failing to grant expedited processing for Plaintiff's FOIA request RE "portable/transportable wireless device locators" violates the FOIA, 5 U.S.C. § 552(a)(6)(E), and Defendants' corresponding regulations.

54.   Defendants, Federal Bureau of Investigation, Office of Information Policy, and Department of Justice, failing to grant a waiver of fees for Plaintiff's FOIA request RE "portable/transportable wireless device locators" violates the FOIA, 5 U.S.C. § 552(a)(4)(A)(iii), and Defendants' corresponding regulations.

55.   Defendants, Federal Bureau of Investigation, Office of Information Policy, and Department of Justice, failing to grant a limitation of fees for Plaintiff's FOIA request RE "portable/transportable wireless device locators" violates the FOIA, 5 U.S.C. § 552(a)(4)(A)(iii), and Defendants'

1 corresponding regulations.

2     56. Defendants, Federal Bureau of Investigation and

3 Department of Justice, failing to promptly provide Plaintiff

4 with records requested via his FOIA request RE

5 "portable/transportable wireless device locators," even while

6 eight (8) months have passed since the request was mailed,

7 violates the FOIA, 5 U.S.C. § 552(a)(3)(A), and Defendants'

8 corresponding regulations.

9      **B.   Claims RE: the Federal Bureau of Investigation**
         **FOIA request RE: Comments made to The Wall**
10        **Street Journal by the Federal Bureau of**
         **Investigation as reported in a September 22,**
11        **2011 article.**

12     57. Defendants, Federal Bureau of Investigation and

13 Department of Justice, failing to acknowledge Plaintiff's FOIA

14 request RE "comments made to The Wall Street Journal by the

15 Federal Bureau of Investigation as reported in a September 22,

16 2011 article," even while seven (7) months have passed since

17 the request was mailed, violates the FOIA, 5 U.S.C. § 552(a)

18 (6)(A)(i), and Defendant's corresponding regulations.

19     58. Defendants, Federal Bureau of Investigation, Office

20 of Information Policy, and Department of Justice, failing to

21 grant expedited processing for Plaintiff's FOIA request RE

22 "comments made to The Wall Street Journal by the Federal

23 Bureau of Investigation as reported in a September 22, 2011

24 article" violates the FOIA, 5 U.S.C. § 552(a)(6)(E), and

25 Defendants' corresponding regulations.

26     59. Defendants, Federal Bureau of Investigation, Office

27 of Information Policy, and Department of Justice, failing to

28 grant a waiver of fees for Plaintiff's FOIA request RE

- 25 -

1  "comments made to The Wall Street Journal by the Federal

2  Bureau of Investigation as reported in a September 22, 2011

3  article" violates the FOIA, 5 U.S.C. § 552(a)(4)(A)(iii), and

4  Defendants' corresponding regulations.

5      60.  Defendants, Federal Bureau of Investigation, Office

6  of Information Policy, and Department of Justice, failing to

7  grant a limitation of fees for Plaintiff's FOIA request RE

8  "comments made to The Wall Street Journal by the Federal

9  Bureau of Investigation as reported in a September 22, 2011

10 article" violates the FOIA, 5 U.S.C. § 552(a)(4)(A)(iii), and

11 Defendants' corresponding regulations.

12     61.  Defendants, Federal Bureau of Investigation and

13 Department of Justice, failing to promptly provide Plaintiff

14 with records requested via his FOIA request RE "comments made

15 to The Wall Street Journal by the Federal Bureau of

16 Investigation as reported in a September 22, 2011 article,"

17 even while seven (7) months have passed since the request was

18 mailed, violates the FOIA, 5 U.S.C. § 552(a)(3)(A), and

19 Defendants' corresponding regulations.

20         **C.   Claims RE: the Executive Office for United**
           **States Attorneys FOIA request RE:**
21         **portable/transportable wireless device locators.**

22     62.  Defendants, Executive Office for United States

23 Attorneys and Department of Justice, failing to acknowledge

24 Plaintiff's FOIA request RE "portable/transportable wireless

25 device locators," even while eight (8) months have passed

26 since the request was mailed, violates the FOIA, 5 U.S.C. §

27 552(a)(6)(A)(i), and Defendant's corresponding regulations.

28     63.  Defendants, Executive Office for United States

1  Attorneys, Office of Information Policy, and Department of
2  Justice, failing to grant expedited processing for Plaintiff's
3  FOIA request RE "portable/transportable wireless device
4  locators" violates the FOIA, 5 U.S.C. § 552(a)(6)(E), and
5  Defendants' corresponding regulations.

6      64.  Defendants, Executive Office for United States
7  Attorneys, Office of Information Policy, and Department of
8  Justice, failing to grant a waiver of fees for Plaintiff's
9  FOIA request RE "portable/transportable wireless device
10 locators" violates the FOIA, 5 U.S.C. § 552(a)(4)(A)(iii), and
11 Defendants' corresponding regulations.

12     65.  Defendants, Executive Office for United States
13 Attorneys, Office of Information Policy, and Department of
14 Justice, failing to grant a limitation of fees for Plaintiff's
15 FOIA request RE "portable/transportable wireless device
16 locators" violates the FOIA, 5 U.S.C. § 552(a)(4)(A)(iii), and
17 Defendants' corresponding regulations.

18     66.  Defendants, Executive Office for United States
19 Attorneys and Department of Justice, failing to promptly
20 provide Plaintiff with records requested via his FOIA request
21 RE "portable/transportable wireless device locators," even
22 while eight (8) months have passed since the request was
23 mailed, violates the FOIA, 5 U.S.C. § 552(a)(3)(A), and
24 Defendants' corresponding regulations.

25 **VI.  Requested Relief**

26     WHEREFORE, Plaintiff requests that this Court:

27     67.  Order Defendants immediately to process and provide
28 all outstanding requested records;

68.  Order Defendants to (1) provide the requested records as native form digital documents (e.g., emails, etc.) with metadata preserved, (2) conduct any redactions by using a computerized redaction process that preserves original metadata, and (3) provide the requested documents "as is," i.e., not printed to hard copy and then rescanned to create an artificial digital form of any document;

69.  Enjoin Defendants from charging Plaintiff fees for the processing of his requests;

70.  Issue a declaration that Plaintiff is suffering a loss of substantial due process rights under FOIA as a result of not having the records requested via his FOIA request RE: "comments made to The Wall Street Journal by the Federal Bureau of Investigation as reported in a September 22, 2011 article";

71.  Issue a declaration that Plaintiff is sufficiently capable of disseminating records under FOIA relating to government tracking/locating of wireless devices such as cell phones and aircards;

72.  Award Plaintiff his costs and reasonable fees for his pro se time in this action;

73.  Award Plaintiff reasonable attorneys' fees incurred in this action; and

74.  Grant such other relief as the Court may deem just and proper.

///

///

///

1

2  Respectfully Submitted:  ~~XXXX~~ July 19, 2012  _____

3

4                                    DANIEL DAVID RIGMAIDEN,
                                     Pro Se Plaintiff:
5

6

7                                    _Daniel Rigmaiden_  _____
                                     Daniel D. Rigmaiden
8                                    Agency # 10966111
                                     CCA-CADC
9                                    PO Box 6300
                                     Florence, AZ 85132
10                                   Telephone: none

11

12                        **VERIFICATION**

13     I have read the foregoing complaint and hereby verify that

14  the matters alleged therein are true, except as to matters

15  alleged on information and belief, and, as to those, I believe

16  them to be true.  I certify under penalty of perjury that the

17  foregoing is true and correct.

18

19     Executed in Florence, Arizona, on  July 1, 2012  _____.

20

21                              _Daniel Rigmaiden_  _____

22                              Daniel D. Rigmaiden

23

24

25

26

27

28