# EXHIBIT 04

of Complaint

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

Daniel David Rigmaiden,

Plaintiff,

v.

(1) Federal Bureau of Investigation, (2) Executive
Office for United States Attorneys, (3) Office of
Information Policy, and (4) Department of Justice,

Defendants.

Hasler

016H16601047

$ 00.450

05/10/2012

Mailed From  20530

US POSTAGE

US OFFICIAL MAIL
$300 Penalty
For Private Use

MAY 14 2012

**U.S. Department of Justice**

**OiP/NYAV-11050**

*Washington, D.C. 20530*

Official Business
Penalty for Private Use $300

9551328&300  B902



**U.S. Department of Justice**

Office of Information Policy

*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

MAY 10 2012

Mr. Daniel Rigmaiden
Register No. 10966-111
CCA-CADC
Post Office Box 6300
Florence, AZ 85132

Re:  Appeal No. AP-2012-01750
     Your letter dated February 15, 2012
     SRO:SKV

Dear Mr. Rigmaiden:

You attempted to appeal from the failure of the Federal Bureau of Investigation to respond to your request for access to records concerning "wireless device locators manufactured by Harris Wireless Products Group."

Department of Justice regulations provide for a Freedom of Information Act administrative appeal only after there has been an adverse determination by an identified component.  See 28 C.F.R. § 16.9(a) (2011).  The FBI has no record of having received a FOIA request from you.  Nor did you identify any other component of the Department of Justice from whose action you might be appealing.  Accordingly, there is no action for this Office to consider on appeal, and I am closing your appeal file in this Office.  Please note that I have forwarded a copy of your request to the FBI, which will be opened as a new request.  You may appeal any future adverse determination made by the FBI.  If you would like to inquire about the status of your newly opened request, please contact the FBI directly.

Sincerely,

Janice Galli McLeod
Associate Director

By:

for

Anne D. Work
Senior Counsel
Administrative Appeals Staff

# EXHIBIT 05

### of Complaint

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

Daniel David Rigmaiden,

Plaintiff,

v.

(1) Federal Bureau of Investigation, (2) Executive
Office for United States Attorneys, (3) Office of
Information Policy, and (4) Department of Justice,

Defendants.

FREEDOM OF INFORMATION ACT REQUEST

RE:  Comments made to *The Wall Street Journal* by the FBI as reported in a Sept. 22, 2011
     article titled "'Stingray' Phone Tracker Fuels Constitutional Clash";

BY:  Daniel David Rigmaiden

TO:  Federal Bureau of Investigation

November 10, 2011
Page # 1 of 11

_____

[Certified Mail Return Receipt Article #: 7010 1870 0003 0918 6393]

Daniel Rigmaiden
Agency #10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132

Chief of Record/Information Dissemination Section (FOIA Request)
Records Management Division
Federal Bureau of Investigation
Department of Justice
935 Pennsylvania Ave., N.W.
Washington, DC 20525-001

Attention:

## I.     REQUEST FOR INFORMATION

This letter constitutes a request under the Freedom of Information Act ("FOIA"), 5
U.S.C. § 552 *et seq.* and the Department of Justice implementing regulations, 28 C.F.R. § 16.1
*et seq.*  I am seeking the following two categories of records:

1.     All agency records concerning comments made by FBI agents and employees to
*The Wall Street Journal* (hereafter "WSJ") reported in *or* in relation to the September 22, 2011
WSJ article titled  "'Stingray' Phone Tracker Fuels Constitutional Clash,"[1] by Jennifer
Valentino-DeVries.  I have identified the following subjects upon which FBI comments may
have been made as quoted and/or paraphrased by the WSJ (these are direct quotes from the
noted article):

(1)    Stingrays are designed to locate a mobile phone even when it's not being used to
       make a call. The Federal Bureau of Investigation considers the devices to be so

_____

1.     *See* Valentino-DeVries, Jennifer, *'Stingray' Phone Tracker Fuels Constitutional Clash*, The Wall Street Journal, p.
A1 (Sept. 22, 2011) *available at* http://online.wsj.com/article/SB10001424053111904194604576583112723197574.html
(last accessed: September 22, 2011). ("Associate Deputy Attorney General James A. Baker and FBI General Counsel Valerie
E. Caproni both said at a panel at the Brookings Institution in May that devices like these fall into a category of tools called
'pen registers,' which require a lesser order than a warrant.").

FREEDOM OF INFORMATION ACT REQUEST

RE:  Comments made to *The Wall Street Journal* by the FBI as reported in a Sept. 22, 2011
      article titled "'Stingray' Phone Tracker Fuels Constitutional Clash";

BY:  Daniel David Rigmaiden

TO:  Federal Bureau of Investigation

November 10, 2011
Page # 2 of 11

_____

critical that it has a policy of deleting the data gathered in their use, mainly to keep
suspects in the dark about their capabilities, an FBI official told The Wall Street
Journal in response to inquiries.

(2)   In a statement to the Journal, Sherry Sabol, Chief of the Science & Technology Office
      for the FBI's Office of General Counsel, says that information about stingrays and
      related technology is "considered Law Enforcement Sensitive, since its public release
      could harm law enforcement efforts by compromising future use of the equipment."

(3)   The FBI advises agents to work with federal prosecutors locally to meet the
      requirements of their particular district or judge, the FBI's Ms. Sabol says. She also
      says it is FBI policy to obtain a search warrant if the FBI believes the technology
      "may provide information on an individual while that person is in a location where he
      or she would have a reasonable expectation of privacy."

(4)   In a statement, the FBI told the Journal that "our policy since the 1990s has been to
      purge or 'expunge' all information obtained during a location operation" when using
      stingray-type gear.

(5)   As a general matter, Ms. Sabol says, court orders related to stingray technology "will
      include a directive to expunge information at the end of the location operation."

(6)   Ms. Sabol says the FBI follows this policy because its intent isn't to use the data as
      evidence in court, but rather to simply find the "general location of their subject" in
      order to start collecting other information that can be used to justify a physical search
      of the premises.

For the above quoted/paraphrased comments, I request all agency records relating to the FBI
providing comments to the WSJ.  In addition, I also request all agency records regarding
comments made to the WSJ relating to StingRay type gear that were *not* specifically quoted
and/or paraphrased in the noted September 22, 2011 article.

    2.     All agency records concerning comments made by FBI agents and employees at a
panel at the Brookings Institution in May of 2011 regarding portable/transportable wireless
device locators (*e.g.*, cell site emulators) such as the Harris StingRay and KingFish.  The WSJ

FREEDOM OF INFORMATION ACT REQUEST

RE: Comments made to *The Wall Street Journal* by the FBI as reported in a Sept. 22, 2011
article titled "'Stingray' Phone Tracker Fuels Constitutional Clash";

BY: Daniel David Rigmaiden

TO: Federal Bureau of Investigation

November 10, 2011
Page # 3 of 11

reported in the September 22, 2011 WSJ article titled "'Stingray' Phone Tracker Fuels
Constitutional Clash" that "Associate Deputy Attorney General James A. Baker and FBI
General Counsel Valerie E. Caproni both said at a panel at the Brookings Institution in May
that devices like these fall into a category of tools called 'pen registers,' which require a lesser
order than a warrant."[2]

    Government use of portable/transportable wireless device locators and destruction of
real-time geolocation data obtained via said devices is discussed in court documents filed under
<u>United States v. Daniel David Rigmaiden</u>, CR08-814-PHX-DGC, District of Arizona. *See* the
following documents filed under CR08-814-PHX-DGC: **(1)** *Response To Government's
Memorandum Regarding Law Enforcement Privilege And Request For An Ex Parte And In
Camera Hearing If Necessary* (Dkt. #536); **(2)** *Request For Judicial Notice Of Facts Relevant
To The Issue Of Governmental Privileges* (Dkt. #501); **(3)** *First Submission Of Redacted And
Summarized Documents For Requested In Camera Inspection*; (Dkt. #588); **(4)** *First
Submission Of Consolidated Exhibits Relating To Discovery And Suppression Issues* (Dkt.
#587); **(5)** *Motion For Disclosure Of All Relevant And Helpful Evidence Withheld By The
Government Based On A Claim Of Privilege* (Dkt. #592); **(6)** *Motion To Dismiss For
Destruction Of Evidence* (Dkt. #595); **(7)** *Government's Response To Defendant's Motion To
Dismiss For Destruction Of Evidence – Docket No. 595* (Dkt. #633); and **(8)** *Reply To
Government Response To Defendant's Motion To Dismiss For Destruction Of Evidence* (Dkt.
#639).

    I request that the applicable records include, but not be limited to, the following:

    (1)    electronically stored information
    (2)    emails
    (3)    email attachments
    (4)    letters
    (5)    correspondence
    (6)    memorandums
    (7)    documents
    (8)    reports
    (9)    statements
   (10)    audits

2.    *Id.*

FREEDOM OF INFORMATION ACT REQUEST

RE:  Comments made to *The Wall Street Journal* by the FBI as reported in a Sept. 22, 2011
     article titled "'Stingray' Phone Tracker Fuels Constitutional Clash";
BY:  Daniel David Rigmaiden
TO:  Federal Bureau of Investigation

November 10, 2011
Page # 4 of 11

---

    (11)   purchase receipts
    (12)   invoices
    (13)   word processing documents
    (14)   spreadsheets
    (15)   graphics and presentation documents
    (16)   images
    (17)   text files
    (18)   instant messages
    (19)   audio files
    (20)   video files
    (21)   voice mail
    (22)   internet data
    (23)   log files
    (24)   blogs
    (25)   calendar files
    (26)   text messages
    (27)   records of radio transmissions
    (28)   FBI corporate policy directives
    (29)   data dictionary files[3]
    (30)   metadata[4]
    (31)   system metadata[5]
    (32)   substantive metadata[6]
    (33)   embedded metadata[7]

---

3.     Data dictionaries are repositories of metadata, or information about data, such as its meaning, relationships to other data, origin, usage and format.

4.     Nat'l Day Laborer Org. Network v. United States Immigration & Customs Enforcement Agency, 2011 U.S. Dist. LEXIS 11655, 10 Civ. 3488 (SAS) (S.D.N.Y., Feb. 7, 2011) ("[M]etadata is 'readily reproducible' in the FOIA context.").

5.     System metadata is data automatically generated by a computer system when a native file is created, modified, transmitted, deleted or otherwise manipulated by a user of such system. This data is not part of the native file and resides as part of the computer system with a reference to the native file.

6.     Substantive metadata is data generated by the application accessing the native file such as the data reflecting the date/time the file was created or modified and data reflecting changes made to the document by the user. This data is part of the native file and is viewable from the application used to create or modify the native file.

7.     Embedded metadata is text, numbers, content, data, or other information that is directly or indirectly inputted into a native file by a user and which is not typically visible to the user viewing the output display of the native file on screen or as a print-out. Examples of embedded metadata include, but are not limited to, spreadsheet formulas (which display as the

FREEDOM OF INFORMATION ACT REQUEST

RE:  Comments made to *The Wall Street Journal* by the FBI as reported in a Sept. 22, 2011
     article titled "'Stingray' Phone Tracker Fuels Constitutional Clash";

BY:  Daniel David Rigmaiden

TO:  Federal Bureau of Investigation

November 10, 2011
Page # 5 of 11

─────────────────────────────────────────────

   I request that the storage devices/systems to be searched include, but not be limited to,
the following:

   (1)   workstation computers
   (2)   server computers
   (3)   backup systems
   (4)   legacy systems
   (5)   databases
   (6)   hard drives
   (7)   tape drives
   (8)   zip disks and other disks
   (9)   CDs, DVDs, Blu-ray discs, *etc.*
   (10)  cartridges
   (11)  magneto-optical disks
   (12)  calendar systems
   (13)  voice mail systems
   (14)  text messaging systems
   (15)  intranet systems
   (16)  internet systems
   (17)  personal digital assistants
   (18)  cell phones and other cellular devices including Blackberry devices
   (19)  Blackberry Enterprise Servers maintained by the FBI at its Clarksburg, West Virginia,
         facility and other facilities
   (20)  FBI Enterprise Security Operations Center (ESOC) classified analytical network
   (21)  home computers belonging to agents/personnel (**to the extent, if any, they are used
         for FBI business purposes**)

   I request that the FBI conduct what is considered to be a typical "search" for an FBI
FOIA request and electronic <u>keyword searches</u> at all FBI field offices, at the FBI's Office of
General Counsel, at the FBI Engineering Research Facility, and at all other FBI offices and <u>data
centers</u>.  The FBI should conduct typical and keyword searches on the file types listed above

─────────────────────────────────────────────

results of the formula operation), hidden columns, externally or internally linked files (*e.g.*, sound files in Powerpoint
presentation), references to external files and content (*e.g.*, hyperlinks to HTML files or URLs), references and fields (*e.g.*,
the field codes for an auto-numbered document), and certain database information if the data is part of a database (*e.g.*, a
date field in a database will display as a formatted date, but its actual value is typically a long integer).

FREEDOM OF INFORMATION ACT REQUEST

RE: Comments made to *The Wall Street Journal* by the FBI as reported in a Sept. 22, 2011
     article titled "'Stingray' Phone Tracker Fuels Constitutional Clash";
BY: Daniel David Rigmaiden
TO: Federal Bureau of Investigation

November 10, 2011
Page # 6 of 11

including, but not limited to, archived emails and archived text messages. Files belonging to
all FBI agents/employees and contractors should be searched including, but not limited to,
Technical Agents, Technically Trained Agents, Wireless Intercept and Tracking Team (or
similar) members, Law Enforcement Online members, and FBI Dedicated Contractor Support
Personnel.

## II.     FORM OF DOCUMENTS REQUESTED

       I request that all digital documents be provided in their original native form <u>with</u>
<u>metadata preserved</u>. Additionally, if redactions are required, they should be done on the
original digital documents using a digital redaction process (*e.g.*, using Appligent Redax ™,
RapidRedact ™, Abobe Acrobat ™ X Pro, *etc.*) and provided in their native digitally redacted
form. I request that the native form digital documents (*e.g.*, emails, *etc.*) that are redacted by a
computerized redaction process be provided "as is" and that they not be printed to hard copy
and then rescanned to create an artificial digital form of the documents. I make the above
requests pursuant to 5 U.S.C. § 552(a)(3)(B) ("In making any record available to a person
under this paragraph, an agency shall provide the record in any form or format requested by the
person if the record is readily reproducible by the agency in that form or format.").

       I request that all responsive records be organized in an intelligible manner and
referenced or indexed so that they are capable of being read and understood by one possessing
average skills, intellect, and training. If the responsive records are codified such that they
cannot be readily understood, I request that I be provided with all required decoding documents
necessary to provide a clear and intelligible understanding of the contents and meaning of the
responsive records.

## III.    REQUEST FOR WAIVER OF ALL COSTS OR REDUCED COSTS

       I am requesting a waiver of all costs pursuant to 5 U.S.C. 552(a)(4)(A)(iii) ("Documents
shall be furnished without any charge or at a charge reduced below the fees established under
clause (ii) if disclosure of the information is in the public interest because it is likely to
contribute significantly to public understanding of the operations or activities of the
government and is not primarily in the commercial interest of the requester."). Disclosure of
the requested records will help members of the public understand (1) the privacy risks of
carrying cell phones and other wireless devices and (2) the FBI policy to destroy discoverable
*Brady* material (*i.e.*, real-time geolocation data) so that defendants and their attorneys will be

FREEDOM OF INFORMATION ACT REQUEST

RE: Comments made to *The Wall Street Journal* by the FBI as reported in a Sept. 22, 2011
    article titled "'Stingray' Phone Tracker Fuels Constitutional Clash";
BY: Daniel David Rigmaiden
TO: Federal Bureau of Investigation

November 10, 2011
Page # 7 of 11

unable to use the information in a defense. The requested records concern the direct operations
and activities of the government with respect to surreptitiously locating cell phones and other
wireless devices using portable/transportable wireless device locators and related equipment.

As noted above, on September 22, 2011, the WSJ published an article titled "'Stingray'
Phone Tracker Fuels Constitutional Clash"[8] wherein the government's use of
portable/transportable wireless device locators was clearly and sufficiently identified. The
identifiable government actions reported in the WSJ article and in the evidence I placed on the
record in CR08-814-PHX-DGC weigh in favor of granting me a fee waiver for this FOIA
request. *See* 28 C.F.R. § 16.11(k)(2)(i) (To determine whether the first fee waiver requirement
is met, "[t]he subject of the requested records must concern identifiable operations or activities
of the federal government, with a connection that is direct and clear, not remote or
attenuated."). There is additional support for granting a fee waiver considering I have the
ability and intention to effectively convey the responsive information to the public. *See* 28
C.F.R. § 16.11(k)(2)(iii) (When determining whether the requested records will contribute to an
understanding of the subject by the public, "[a] requester's expertise in the subject area and
ability and intention to effectively convey information to the public shall be considered."). The
information I obtain through this FOIA request will be placed on the public record in CR08-
814-PHX-DGC and I will also forward the information to Jennifer Valentino-DeVries, the
reporter who wrote the article about StingRay type devices for the WSJ. The noted WSJ article
specifically reported on my efforts to prove that the government violates the Fourth
Amendment when it uses portable/transportable wireless device locators to locate wireless
devices within home residences without a proper warrant. Finally, the records requested are
not sought for a commercial purpose[9] and I plan to disseminate the responsive material to the
public at no cost. *See* 28 C.F.R. § 16.11(k)(3)(i) and (ii) (To determine whether the fee waiver
requirement is met, the disclosure should not be primarily in the commercial interest of the
requester.).

IV.    **REQUEST FOR EXPEDITED PROCESSING**

I am requesting expedited processing of this FOIA request pursuant to 5 U.S.C. 552(a)

8.      *See* Valentino-DeVries, *'Stingray' Phone Tracker Fuels Constitutional Clash*, The Wall Street Journal, p. A1 (Sept.
22, 2011).

9.      *See* Judicial Watch, Inc., v. Rossotti, 326 F.3d 1309, 1312 (D.C. Cir. 2003) ("We are also mindful that Congress
amended FOIA to ensure that it is liberally construed in favor of waivers for noncommercial requesters." (internal quotation
marks and citation omitted)).

FREEDOM OF INFORMATION ACT REQUEST

RE: Comments made to *The Wall Street Journal* by the FBI as reported in a Sept. 22, 2011
     article titled "'Stingray' Phone Tracker Fuels Constitutional Clash";
BY: Daniel David Rigmaiden
TO: Federal Bureau of Investigation

November 10, 2011
Page # 8 of 11

(6)(E)(i)(I) (Expedited processing is merited "in cases in which the person requesting the
records demonstrates a compelling need;"). I have a compelling need for the requested records
considering the subject of my request is a matter of widespread and exceptional media interest
and the government's integrity is called into question when it tracks and locates wireless
devices without proper judicial authority (*i.e.*, a Rule 41 warrant founded on probable cause)
**and destroys the resulting evidence thereafter.** *See* 28 C.F.R. § 16.5(d)(1)(iv) (Expedited
processing is merited when the request involves "[a] matter of widespread and exceptional
media interest in which there exist possible questions about the government's integrity which
affect public confidence."). The media has repeatedly reported on warrantless government cell
phone tracking prior to this FOIA request. In 2007, the media reported that "a little-known FBI
telephone intercept unit has developed a powerful cellphone tracking technology that agents
use to monitor the physical movements of surveillance targets, even on phones that are not GPS
equipped."[10] In 2008, the media reported that the government can track cell phones on its own
using a TriggerFish and that it "raises the risk that they will do so without bothering to go to a
court for permission first, since they no longer need to compel the provider to cooperate."[11] In
2010, the media reported that a senior attorney in the criminal division of the Justice
Department claimed that "[t]he government is not required to use a warrant" when it uses
surveillance equipment to locate cell phones.[12] In 2011, the media reported on government
use of StingRay type devices, on me challenging use of those devices without proper judicial
authority, **and of the government destroying geolocation data at the conclusion of a
locating mission as a standard practice.** *See* fn. 1, *supra*. The above quoted/cited news
stories are all framed to call into question the government's integrity when it tracks and locates
cell phones and other wireless devices without proper warrants founded on probable cause.

     Considering my request for information involves me losing substantial due process
rights, I am further entitled to expedited processing of this FOIA request. *See* 28 C.F.R. §
16.5(d)(1)(iii) (Expedited processing is merited when the request involves "[t]he loss of
substantial due process rights;"). I am currently losing substantial due process rights due to
recent activity in my criminal case in the District of Arizona, CR08-814-PHX-DGC. The

---

10.     Singel, Ryan (Wired), *FBI E-Mail Shows Rift Over Warrantless Phone Record Grabs* (Dec. 20, 2007), *available at*
http://www.wired.com/print/politics/onlinerights/news/2007/12/fbi_cell (last accessed Sep. 22, 2010).

11.     Myers, Rachel (ACLU), *With Technology Like This, Who Needs the Law? >> Blog of Rights: Official Blog of the
American Civil Liberties Union* , "With Technology Like This, Who Needs The Law?" (Nov. 14, 2008),
http://www.aclu.org/2008/11/14/with-technology-like-this-who-needs-the-law (last accessed Aug. 16, 2011).

12.     McCullagh, Declan (CNET News), *Justice Dept. defends warrantless cell phone tracking* (Feb. 13, 2010),
*available at* http://news.cnet.com/8301-13578_3-10453214-38.html (last accessed Apr. 8, 2010).

FREEDOM OF INFORMATION ACT REQUEST

RE: Comments made to *The Wall Street Journal* by the FBI as reported in a Sept. 22, 2011
article titled "'Stingray' Phone Tracker Fuels Constitutional Clash";
BY: Daniel David Rigmaiden
TO: Federal Bureau of Investigation

November 10, 2011
Page # 9 of 11

government recently filed a declaration under penalty of perjury by FBI Supervisory Special
Agent Bradley S. Morrison (docket No. 674-1) wherein Agent Morrison made the following
claim:

> FBI policy requires that at the conclusion of a location operation, FBI
> technical personnel are to purge all data stored in the pen register/trap and trace
> equipment[]... as an additional, internal procedural safeguard to ensure (1) that the
> privacy rights of those innocent third parties are maintained, (2) that the FBI does not
> store or maintain pen register/trap and trace data beyond the scope of its legal
> authorization, or (3) that the FBI does not collect information about individuals who
> are not the subject of criminal or national security investigations.
>
> *Government's Memorandum Re Motion For Discovery*, "Affidavit Of Supervisory
> Special Agent Bradley S. Morrison," par. 5 (p. 3), CR08-814-PHX-DGC, Dkt. #674-1,
> (Oct. 27, 2011, D.Ariz).

The above quoted claim contradicts claims made by other FBI employees as reported in the
WSJ article cited in fn. 1, *supra*. These claims were made by Sherry Sabol, Chief of the
Science & Technology Office for the FBI's Office of General Counsel and by another
unidentified FBI official. These claims are listed under paragraph No. 1 of this FOIA request
and also repeated below:

> Stingrays are designed to locate a mobile phone even when it's not being used to
> make a call. The Federal Bureau of Investigation considers the devices to be so
> critical that it has a policy of deleting the data gathered in their use, **mainly to keep
> suspects in the dark about their capabilities**, an FBI official told The Wall Street
> Journal in response to inquiries.
>
> - Valentino-DeVries, *'Stingray' Phone Tracker Fuels Constitutional Clash*, The Wall
> Street Journal, p. A1 (Sept. 22, 2011) (emphasis added).

> Ms. Sabol says the FBI follows this ["destroy the evidence"] policy because its intent
> isn't to use the data as evidence in court, but rather to simply find the "general
> location of their subject" in order to start collecting other information that can be
> used to justify a physical search of the premises.

FREEDOM OF INFORMATION ACT REQUEST

RE: Comments made to *The Wall Street Journal* by the FBI as reported in a Sept. 22, 2011
    article titled "'Stingray' Phone Tracker Fuels Constitutional Clash";
BY: Daniel David Rigmaiden
TO: Federal Bureau of Investigation

November 10, 2011
Page # 10 of 11

_____

     - *Id.*

     I qualify for expedited processing under 28 C.F.R. § 16.5(d)(1)(iii) because I have an
immediate need for the requested information relating to the comments made to the press about
the FBI's "destroy the evidence" policy.  I need to use the responsive information to curtail
substantial loss of my due process rights by impeaching the testimony of FBI Agent Morrison.
In my criminal case (CR08-814-PHX-DGC), I will be moving to suppress secondary evidence
for the government's destruction of real-time geolocation data based on <u>United States v. Flyer</u>,
633 F.3d 911, 916 (9th Cir. 2011) ("If the government destroys evidence under circumstances
that do not violate a defendant's constitutional rights, the court may still impose sanctions
including suppression of secondary evidence.").  I need to use the responsive FOIA material to
show that, contrary to FBI Agent Morrison's claim, the FBI **(1)** does in fact destroy evidence to
keep suspects in dark, and **(2)** does in fact destroy real-time geolocation data with an intention
to rely on information learned from the data to obtain other evidence to replace the destroyed
evidence, *i.e.*, the "hand off" procedure found unconstitutional in <u>Whitaker v. Garcetti</u>, 291
F.Supp.2d 1132, 1148 (C.D.Cal. 2003) (explaining the "hand off" procedure and finding it
unconstitutional), *affirmed in part, vacated in part, and reversed in part, all on other grounds*,
486 F.3d 572 (9th Cir. 2007).

<div align="center">* * * * *</div>

     I expect a determination of this request for expedited processing within 10 calendar days
and a determination of this request for documents within 20 calendar days.  *See* 28 CFR §
16.5(d)(4); 5 U.S.C. § 552(a)(6)(A)(i).  If this request is denied in whole or in part, I request
that all deletions be justified by reference to specific exemptions to FOIA.  I request the release
of all segregable portions of otherwise exempt material.  I reserve the right to appeal a decision
to withhold any information, to deny a waiver of fees, or to expedited processing.

     I certify as true and correct to the best of my knowledge and belief that I have a
compelling need for expedited processing and that the requested records are not for commercial
purposes.  Thank-you for your prompt attention to this matter.  Please furnish all responsive
records to the address below.

///

<u>FREEDOM OF INFORMATION ACT REQUEST</u>

RE:  Comments made to *The Wall Street Journal* by the FBI as reported in a Sept. 22, 2011
      article titled "'Stingray' Phone Tracker Fuels Constitutional Clash";

BY:  Daniel David Rigmaiden

TO:  Federal Bureau of Investigation

November 10, 2011
Page # 11 of 11

Daniel David Rigmaiden

Daniel Rigmaiden
Agency #10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132

# EXHIBIT 06

of Complaint

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

Daniel David Rigmaiden,

Plaintiff,

v.

(1) Federal Bureau of Investigation, (2) Executive
Office for United States Attorneys, (3) Office of
Information Policy, and (4) Department of Justice,

Defendants.



**UNITED STATES
POSTAL SERVICE**

Home | Help | Sign In

Track & Confirm          FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: **7010 1870 0003 0918 6393**
Status: **Delivered**

Your item was delivered at 5:54 am on January 03, 2012 in
WASHINGTON, DC 20535. A proof of delivery record may be available
through your local Post Office for a fee.

Additional information for this item is stored in files offline.

( Restore Offline Details > ) (?)   ( Return to USPS.com Home > )

**Track & Confirm**

Enter Label/Receipt Number.



( Go > )

---

Site Map    Customer Service    Forms    Gov't Services    Careers    Privacy Policy    Terms of Use    Business Customer Gateway

Copyright© 2010 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA

# EXHIBIT 07

of Complaint

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

Daniel David Rigmaiden,

Plaintiff,

v.

(1) Federal Bureau of Investigation, (2) Executive Office for United States Attorneys, (3) Office of Information Policy, and (4) Department of Justice,

Defendants.



U.S. Department of Justice
Federal Bureau of Investigation

170 Marcel Drive
Winchester, VA 22602-4843

Official Business
Penalty for Private Use $300

U.S. OFFICIAL MAIL
PENALTY IF FOR
PRIVATE USE $300

UNITED STATES POSTAGE

$00.450

02.1A
U06540518B    JAN 24 20
MAILED FROM ZIP CODE 22

JAN 30 2012

8513236300 B502



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

January 23, 2012

MR. DANIEL DAVID RIGMAIDEN
**10966111
CCA-CADC
POST OFFICE BOX 6300
FLORENCE, AZ 85132

FOIPA Request No.: 1180900- 000
Subject: RECORDS CONCERNING WALL
STREET JOURNAL ARTICLE STINGRAY
PHONE TRACKER FUELS
CONSTITUTIONAL CLASH

Dear Mr. Rigmaiden:

This acknowledges receipt of your Freedom of Information/Privacy Acts (FOIPA) request to the FBI.

☒   This FOIPA request has been received at FBI Headquarters for processing.

☐   This FOIPA request has been received at the [_____ Resident Agency / _____ Field Office] and forwarded to FBI Headquarters for processing.

☒   We are searching the indices to our Central Records System for the information responsive to this request. You will be informed of the results in future correspondence.

☒   Your request for a fee waiver is being considered and you will be advised of the decision at a later date.

☐   Please check for the status of your FOIPA request at www.fbi.gov/foia

The FOIPA Request number listed above has been assigned to your request. Please use this number in all correspondence concerning your request. Your patience is appreciated.

Very truly yours,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

# EXHIBIT 08

of Complaint

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

Daniel David Rigmaiden,

Plaintiff,

v.

(1) Federal Bureau of Investigation, (2) Executive
Office for United States Attorneys, (3) Office of
Information Policy, and (4) Department of Justice,

Defendants.



U.S. Department of Justice
Federal Bureau of Investigation

170 Marcel Drive
Winchester, VA 22602-4843

Official Business
Penalty for Private Use $300

U.S. OFFICIAL MAIL
PENALTY FOR
PRIVATE USE $300

UNITED STATES POSTAGE

$ 00.45⁰

02 1A
0004206186   JAN 31  2012
MAILED FROM ZIP CODE 22602

PITNEY BOWES

FEB 0 3 2012

8513235300 B902



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

January 31, 2012

MR. DANIEL DAVID RIGMAIDEN
**10966111
CCA-CADC
POST OFFICE BOX 6300
FLORENCE, AZ 85132

FOIPA Request No. 1180900- 000
Subject: RECORDS CONCERNING
WALL STREET JOURNAL ARTICLE
STINGRAY PHONE TRACKER FUELS CON

Dear Mr. Rigmaiden:

This is in reference to your letter directed to the Federal Bureau of Investigation (FBI), in which you requested expedited processing for the above-referenced Freedom of Information /Privacy Acts (FOIPA) request. Pursuant to the Department of Justice (DOJ) standards permitting expedition, expedited processing can only be granted when it is determined that a FOIPA request involves one or more of the following:

      **28 C.F.R. §16.5 (d)(1)(i):** "Circumstances in which the lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual."

      **28 C.F.R. §16.5 (d)(1)(ii):** "An urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information."

      **28 C.F.R. §16.5 (d)(1)(iii):** "The loss of substantial due process of rights."

      **28 C.F.R. §16.5 (d)(1)(iv):** "A matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence."

You have not provided enough information concerning the statutory requirements permitting expedition; therefore, your request is denied.

You may appeal this denial by writing to the Office of Information Policy (OIP), United States Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C., 20530-0001. Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request to facilitate its identification.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
  Dissemination Section
Records Management Division



U.S. Department of Justice

Federal Bureau of Investigation

Washington, D.C. 20535

January 31, 2012

MR. DANIEL DAVID RIGMAIDEN
**10966111
CCA-CADC
POST OFFICE BOX 6300
FLORENCE, AZ 85132

FOIPA Request No.   1180900- 000
Subject: RECORDS CONCERNING WALL STREET
JOURNAL ARTICLE STINGRAY PHONE TRACKER FUELS
CONSTITUTIONAL CLASH

Dear Mr. Rigmaiden:

This is in response to your request for a fee waiver for the above referenced Freedom of Information-Privacy Acts (FOIPA) request.  Requests for fee waivers are determined on a case by case basis.  See 5 U.S.C. § 552 (a)(4)(A)(iii).

In order to be granted a fee waiver or a reduction in fees, two requirements must be satisfied.  First, it must be established that "disclosure of the [requested] information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government."  Second, it must be established that "disclosure of the information . . . is not primarily in the commercial interest of the requester."  See 5 U.S.C. § 552(a)(4)(A)(iii).  The burden is on the requester to show the statutory requirements for a fee waiver have been met.  Where one or both of these requirements has not been satisfied, a fee waiver is not warranted under the statute.

To determine whether the first requirement has been met, we consider the following four factors:  (1) whether the subject of the requested records concerns "the operations or activities of the government;" (2) whether the disclosure is "likely to contribute" to an understanding of government operations or activities; (3) whether disclosure of the requested information will contribute to "public understanding;" and (4) whether the disclosure is likely to contribute "significantly" to public understanding of government operations or activities.  See 28 C.F.R. § 16.11(k)(2).

If the first requirement has been met, we are then required to determine whether disclosure of the requested information is primarily in the commercial interest of the requester.  To make this determination, we consider the following two factors:  (1) whether the requester has a commercial interest that would be furthered by the requested disclosure and (2) whether the magnitude of the identified commercial interest of the requester is sufficiently large, in comparison with the public interest in disclosure, that disclosure is "primarily in the commercial interest of the requester." See 28 C.F.R. § 16.11(k)(3).  If the requester's commercial interest in disclosure is greater then the public interest to be served, then a fee waiver is not warranted.

We have reviewed the information that you provided in support of your request for a fee waiver and have found that you do not satisfy the second requirement because you have not adequately demonstrated that the information requested is not in your own commercial interest.

You may appeal this denial by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C., 20530-0001.  Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely.  The envelope and the letter should be clearly marked "Freedom of Information Appeal."  Please cite the FOIPA number assigned to your request to facilitate its identification.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

# EXHIBIT 09

of Complaint

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

Daniel David Rigmaiden,

Plaintiff,

v.

(1) Federal Bureau of Investigation, (2) Executive
Office for United States Attorneys, (3) Office of
Information Policy, and (4) Department of Justice,

Defendants.

FREEDOM OF INFORMATION ACT REQUEST **APPEAL**

RE:  Comments made to *The Wall Street Journal* by the FBI as reported in a Sept. 22, 2011
      article titled "'Stingray' Phone Tracker Fuels Constitutional Clash"; **APPEAL** OF FOIA
      REQUEST No.: 1180900-000 (FBI);

BY:  Daniel David Rigmaiden

TO:  Office of Information Policy (OIP)

February 15, 2011
Page # 1 of 2

[Certified Mail Return Receipt Article #: 7007 0710 0004 3772 8623]

Daniel Rigmaiden
Agency #10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132

Attn: Freedom of Information Appeal
Office of Information Policy (OIP)
United States Department of Justice
1425 New York Ave., NW, Suite 11050
Washington, DC 20530-001

Attention:

      This letter constitutes an appeal of a denial of my request for a fee waiver and expedited
processing relating to a request made under the Freedom of Information Act ("FOIA"), 5
U.S.C. § 552 *et seq.* and the Department of Justice implementing regulations, 28 C.F.R. § 16.1
*et seq.*

      Via a FOIA request dated December 10, 2011, I requested various records from the
Federal Bureau of Investigation (FBI) relating comments made to *The Wall Street Journal* by
the FBI as reported in a September 22, 2011 article titled "'Stingray' Phone Tracker Fuels
Constitutional Clash." *See* Attachment A (original FOIA request).  I sent the FOIA request
using USPS certified return receipt delivery, article No. 7010 1870 0003 0918 6393.  *See id.*
The signature card for the FOIA request was never returned to me but the original certified
delivery postage receipt is attached.  *See* Attachment B (certified delivery postage receipt).  Via
letter dated January 23, 2012, I received an acknowledgment of my FOIA request, FOIPA
Request No.: 1180900-000.  *See* Attachment C (acknowledgment of FOIA request).  Via letter
dated January 31, 2012, I received denial letters denying my request for a fee waiver and my
request for expedited processing on request No. 1180900-000.  *See* Attachment D (denial of
request for fee waiver and expedited processing).  I consider the DOJ's decisions to be arbitrary
and capricious.  I am appealing the following:

## FREEDOM OF INFORMATION ACT REQUEST **APPEAL**

RE: Comments made to *The Wall Street Journal* by the FBI as reported in a Sept. 22, 2011
    article titled "'Stingray' Phone Tracker Fuels Constitutional Clash"; **APPEAL** OF FOIA
    REQUEST No.: 1180900-000 (FBI);

BY: Daniel David Rigmaiden

TO: Office of Information Policy (OIP)

February 15, 2011
Page # 2 of 2

_____

     1.    The FBI failing to grant me a fee waiver.

     2.    The FBI failing to grant me reduced fees.

     3.    The FBI failing to provide expedited processing.

     In support of my request for a fee waiver, I have attached a supplementary declaration under penalty of perjury establishing that I have no commercial interest in the requested records. *See* Attachment E (Rigmaiden declaration).

     In support of my request for expedited processing, I have attached a supplementary declaration under penalty of perjury establishing that I am entitled to expedited processing because (1) I am at loss of substantial due process rights, and (2) the records requested relate to matters of of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence. *See* Attachment F (Rigmaiden declaration).

     I expect a determination of this appeal within 20 business days. *See* 5 U.S.C. § 552(a)(6)(A)(ii). Thank-you for your prompt attention to this matter. I can be contacted via mail at the address below.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

                                     Daniel David Rigmaiden

                                     *Daniel Rigmaiden*
Daniel Rigmaiden
Agency #10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132

**ATTACHMENT A**

FREEDOM OF INFORMATION ACT REQUEST

RE: Comments made to *The Wall Street Journal* by the FBI as reported in a Sept. 22, 2011
     article titled "'Stingray' Phone Tracker Fuels Constitutional Clash";

BY: Daniel David Rigmaiden

TO: Federal Bureau of Investigation

November 10, 2011
Page # 1 of 11

[Certified Mail Return Receipt Article #: 7010 1870 0003 0918 6393]

Daniel Rigmaiden
Agency #10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132

Chief of Record/Information Dissemination Section (FOIA Request)
Records Management Division
Federal Bureau of Investigation
Department of Justice
935 Pennsylvania Ave., N.W.
Washington, DC 20525-001

Attention:

## I.     REQUEST FOR INFORMATION

     This letter constitutes a request under the Freedom of Information Act ("FOIA"), 5
U.S.C. § 552 *et seq.* and the Department of Justice implementing regulations, 28 C.F.R. § 16.1
*et seq.* I am seeking the following two categories of records:

     1.     All agency records concerning comments made by FBI agents and employees to
*The Wall Street Journal* (hereafter "WSJ") reported in *or* in relation to the September 22, 2011
WSJ article titled "'Stingray' Phone Tracker Fuels Constitutional Clash,"[1] by Jennifer
Valentino-DeVries. I have identified the following subjects upon which FBI comments may
have been made as quoted and/or paraphrased by the WSJ (these are direct quotes from the
noted article):

     (1)     Stingrays are designed to locate a mobile phone even when it's not being used to
          make a call. The Federal Bureau of Investigation considers the devices to be so

---

1.    *See* Valentino-DeVries, Jennifer, *'Stingray' Phone Tracker Fuels Constitutional Clash,* The Wall Street Journal, p.
A1 (Sept. 22, 2011) *available at* http://online.wsj.com/article/SB10001424053111904194604576583112723197574.html
(last accessed: September 22, 2011). ("Associate Deputy Attorney General James A. Baker and FBI General Counsel Valerie
E. Caproni both said at a panel at the Brookings Institution in May that devices like these fall into a category of tools called
'pen registers,' which require a lesser order than a warrant.").

FREEDOM OF INFORMATION ACT REQUEST

RE: Comments made to *The Wall Street Journal* by the FBI as reported in a Sept. 22, 2011
    article titled "'Stingray' Phone Tracker Fuels Constitutional Clash";

BY: Daniel David Rigmaiden

TO: Federal Bureau of Investigation

November 10, 2011
Page # 2 of 11

    critical that it has a policy of deleting the data gathered in their use, mainly to keep
    suspects in the dark about their capabilities, an FBI official told The Wall Street
    Journal in response to inquiries.

(2)   In a statement to the Journal, Sherry Sabol, Chief of the Science & Technology Office
    for the FBI's Office of General Counsel, says that information about stingrays and
    related technology is "considered Law Enforcement Sensitive, since its public release
    could harm law enforcement efforts by compromising future use of the equipment."

(3)   The FBI advises agents to work with federal prosecutors locally to meet the
    requirements of their particular district or judge, the FBI's Ms. Sabol says. She also
    says it is FBI policy to obtain a search warrant if the FBI believes the technology
    "may provide information on an individual while that person is in a location where he
    or she would have a reasonable expectation of privacy."

(4)   In a statement, the FBI told the Journal that "our policy since the 1990s has been to
    purge or 'expunge' all information obtained during a location operation" when using
    stingray-type gear.

(5)   As a general matter, Ms. Sabol says, court orders related to stingray technology "will
    include a directive to expunge information at the end of the location operation."

(6)   Ms. Sabol says the FBI follows this policy because its intent isn't to use the data as
    evidence in court, but rather to simply find the "general location of their subject" in
    order to start collecting other information that can be used to justify a physical search
    of the premises.

For the above quoted/paraphrased comments, I request all agency records relating to the FBI
providing comments to the WSJ. In addition, I also request all agency records regarding
comments made to the WSJ relating to StingRay type gear that were *not* specifically quoted
and/or paraphrased in the noted September 22, 2011 article.

    2.    All agency records concerning comments made by FBI agents and employees at a
panel at the Brookings Institution in May of 2011 regarding portable/transportable wireless
device locators (*e.g.*, cell site emulators) such as the Harris StingRay and KingFish. The WSJ

FREEDOM OF INFORMATION ACT REQUEST

RE: Comments made to *The Wall Street Journal* by the FBI as reported in a Sept. 22, 2011
    article titled "'Stingray' Phone Tracker Fuels Constitutional Clash";

BY: Daniel David Rigmaiden

TO: Federal Bureau of Investigation

November 10, 2011
Page # 3 of 11

reported in the September 22, 2011 WSJ article titled "'Stingray' Phone Tracker Fuels
Constitutional Clash" that "Associate Deputy Attorney General James A. Baker and FBI
General Counsel Valerie E. Caproni both said at a panel at the Brookings Institution in May
that devices like these fall into a category of tools called 'pen registers,' which require a lesser
order than a warrant."[2]

    Government use of portable/transportable wireless device locators and destruction of
real-time geolocation data obtained via said devices is discussed in court documents filed under
<u>United States v. Daniel David Rigmaiden</u>, CR08-814-PHX-DGC, District of Arizona. *See* the
following documents filed under CR08-814-PHX-DGC: **(1)** *Response To Government's
Memorandum Regarding Law Enforcement Privilege And Request For An Ex Parte And In
Camera Hearing If Necessary* (Dkt. #536); **(2)** *Request For Judicial Notice Of Facts Relevant
To The Issue Of Governmental Privileges* (Dkt. #501); **(3)** *First Submission Of Redacted And
Summarized Documents For Requested In Camera Inspection*; (Dkt. #588); **(4)** *First
Submission Of Consolidated Exhibits Relating To Discovery And Suppression Issues* (Dkt.
#587); **(5)** *Motion For Disclosure Of All Relevant And Helpful Evidence Withheld By The
Government Based On A Claim Of Privilege* (Dkt. #592); **(6)** *Motion To Dismiss For
Destruction Of Evidence* (Dkt. #595); **(7)** *Government's Response To Defendant's Motion To
Dismiss For Destruction Of Evidence – Docket No. 595* (Dkt. #633); and **(8)** *Reply To
Government Response To Defendant's Motion To Dismiss For Destruction Of Evidence* (Dkt.
#639).

    I request that the applicable records include, but not be limited to, the following:

    (1)   electronically stored information
    (2)   emails
    (3)   email attachments
    (4)   letters
    (5)   correspondence
    (6)   memorandums
    (7)   documents
    (8)   reports
    (9)   statements
    (10)  audits

---

2.    *Id.*

<u>FREEDOM OF INFORMATION ACT REQUEST</u>

RE: Comments made to *The Wall Street Journal* by the FBI as reported in a Sept. 22, 2011
    article titled "'Stingray' Phone Tracker Fuels Constitutional Clash";

BY: Daniel David Rigmaiden

TO: Federal Bureau of Investigation

November 10, 2011
Page # 4 of 11

    (11)   purchase receipts
    (12)   invoices
    (13)   word processing documents
    (14)   spreadsheets
    (15)   graphics and presentation documents
    (16)   images
    (17)   text files
    (18)   instant messages
    (19)   audio files
    (20)   video files
    (21)   voice mail
    (22)   internet data
    (23)   log files
    (24)   blogs
    (25)   calendar files
    (26)   text messages
    (27)   records of radio transmissions
    (28)   FBI corporate policy directives
    (29)   data dictionary files[3]
    (30)   metadata[4]
    (31)   system metadata[5]
    (32)   substantive metadata[6]
    (33)   embedded metadata[7]

---

3.    Data dictionaries are repositories of metadata, or information about data, such as its meaning, relationships to other data, origin, usage and format.

4.    Nat'l Day Laborer Org. Network v. United States Immigration & Customs Enforcement Agency, 2011 U.S. Dist. LEXIS 11655, 10 Civ. 3488 (SAS) (S.D.N.Y., Feb. 7, 2011) ("[M]etadata is 'readily reproducible' in the FOIA context."),

5.    System metadata is data automatically generated by a computer system when a native file is created, modified, transmitted, deleted or otherwise manipulated by a user of such system. This data is not part of the native file and resides as part of the computer system with a reference to the native file.

6.    Substantive metadata is data generated by the application accessing the native file such as the data reflecting the date/time the file was created or modified and data reflecting changes made to the document by the user. This data is part of the native file and is viewable from the application used to create or modify the native file.

7.    Embedded metadata is text, numbers, content, data, or other information that is directly or indirectly inputted into a native file by a user and which is not typically visible to the user viewing the output display of the native file on screen or as a print-out. Examples of embedded metadata include, but are not limited to, spreadsheet formulas (which display as the

FREEDOM OF INFORMATION ACT REQUEST

RE: Comments made to *The Wall Street Journal* by the FBI as reported in a Sept. 22, 2011
    article titled "'Stingray' Phone Tracker Fuels Constitutional Clash";
BY: Daniel David Rigmaiden
TO: Federal Bureau of Investigation

November 10, 2011
Page # 5 of 11

---

    I request that the storage devices/systems to be searched include, but not be limited to,
the following:

    (1)   workstation computers
    (2)   server computers
    (3)   backup systems
    (4)   legacy systems
    (5)   databases
    (6)   hard drives
    (7)   tape drives
    (8)   zip disks and other disks
    (9)   CDs, DVDs, Blu-ray discs, *etc.*
    (10)  cartridges
    (11)  magneto-optical disks
    (12)  calendar systems
    (13)  voice mail systems
    (14)  text messaging systems
    (15)  intranet systems
    (16)  internet systems
    (17)  personal digital assistants
    (18)  cell phones and other cellular devices including Blackberry devices
    (19)  Blackberry Enterprise Servers maintained by the FBI at its Clarksburg, West Virginia,
          facility and other facilities
    (20)  FBI Enterprise Security Operations Center (ESOC) classified analytical network
    (21)  home computers belonging to agents/personnel (**to the extent, if any, they are used
          for FBI business purposes**)

    I request that the FBI conduct what is considered to be a typical "search" for an FBI
FOIA request and electronic keyword searches at all FBI field offices, at the FBI's Office of
General Counsel, at the FBI Engineering Research Facility, and at all other FBI offices and data
centers. The FBI should conduct typical and keyword searches on the file types listed above

results of the formula operation), hidden columns, externally or internally linked files (*e.g.*, sound files in Powerpoint
presentation), references to external files and content (*e.g.*, hyperlinks to HTML files or URLs), references and fields (*e.g.*,
the field codes for an auto-numbered document), and certain database information if the data is part of a database (*e.g.*, a
date field in a database will display as a formatted date, but its actual value is typically a long integer).

<u>FREEDOM OF INFORMATION ACT REQUEST</u>

RE: Comments made to *The Wall Street Journal* by the FBI as reported in a Sept. 22, 2011
    article titled "'Stingray' Phone Tracker Fuels Constitutional Clash";

BY: Daniel David Rigmaiden

TO: Federal Bureau of Investigation

November 10, 2011
Page # 6 of 11

including, but not limited to, archived emails and archived text messages. Files belonging to
all FBI agents/employees and contractors should be searched including, but not limited to,
Technical Agents, Technically Trained Agents, Wireless Intercept and Tracking Team (or
similar) members, Law Enforcement Online members, and FBI Dedicated Contractor Support
Personnel.

## II.  FORM OF DOCUMENTS REQUESTED

I request that all digital documents be provided in their original native form <u>with
metadata preserved</u>. Additionally, if redactions are required, they should be done on the
original digital documents using a digital redaction process (*e.g.*, using Appligent Redax ™,
RapidRedact ™, Abobe Acrobat ™ X Pro, *etc.*) and provided in their native digitally redacted
form. I request that the native form digital documents (*e.g.*, emails, *etc.*) that are redacted by a
computerized redaction process be provided "as is" and that they not be printed to hard copy
and then rescanned to create an artificial digital form of the documents. I make the above
requests pursuant to 5 U.S.C. § 552(a)(3)(B) ("In making any record available to a person
under this paragraph, an agency shall provide the record in any form or format requested by the
person if the record is readily reproducible by the agency in that form or format.").

I request that all responsive records be organized in an intelligible manner and
referenced or indexed so that they are capable of being read and understood by one possessing
average skills, intellect, and training. If the responsive records are codified such that they
cannot be readily understood, I request that I be provided with all required decoding documents
necessary to provide a clear and intelligible understanding of the contents and meaning of the
responsive records.

## III.  REQUEST FOR WAIVER OF ALL COSTS OR REDUCED COSTS

I am requesting a waiver of all costs pursuant to 5 U.S.C. 552(a)(4)(A)(iii) ("Documents
shall be furnished without any charge or at a charge reduced below the fees established under
clause (ii) if disclosure of the information is in the public interest because it is likely to
contribute significantly to public understanding of the operations or activities of the
government and is not primarily in the commercial interest of the requester."). Disclosure of
the requested records will help members of the public understand (1) the privacy risks of
carrying cell phones and other wireless devices and (2) the FBI policy to destroy discoverable
*Brady* material (*i.e.*, real-time geolocation data) so that defendants and their attorneys will be

FREEDOM OF INFORMATION ACT REQUEST

RE: Comments made to *The Wall Street Journal* by the FBI as reported in a Sept. 22, 2011
    article titled "'Stingray' Phone Tracker Fuels Constitutional Clash";

BY: Daniel David Rigmaiden

TO: Federal Bureau of Investigation

November 10, 2011
Page # 7 of 11

unable to use the information in a defense.  The requested records concern the direct operations
and activities of the government with respect to surreptitiously locating cell phones and other
wireless devices using portable/transportable wireless device locators and related equipment.

    As noted above, on September 22, 2011, the WSJ published an article titled "'Stingray'
Phone Tracker Fuels Constitutional Clash"[8] wherein the government's use of
portable/transportable wireless device locators was clearly and sufficiently identified.  The
identifiable government actions reported in the WSJ article and in the evidence I placed on the
record in CR08-814-PHX-DGC weigh in favor of granting me a fee waiver for this FOIA
request.  *See* 28 C.F.R. § 16.11(k)(2)(i) (To determine whether the first fee waiver requirement
is met, "[t]he subject of the requested records must concern identifiable operations or activities
of the federal government, with a connection that is direct and clear, not remote or
attenuated.").  There is additional support for granting a fee waiver considering I have the
ability and intention to effectively convey the responsive information to the public.  *See* 28
C.F.R. § 16.11(k)(2)(iii) (When determining whether the requested records will contribute to an
understanding of the subject by the public, "[a] requester's expertise in the subject area and
ability and intention to effectively convey information to the public shall be considered.").  The
information I obtain through this FOIA request will be placed on the public record in CR08-
814-PHX-DGC and I will also forward the information to Jennifer Valentino-DeVries, the
reporter who wrote the article about StingRay type devices for the WSJ.  The noted WSJ article
specifically reported on my efforts to prove that the government violates the Fourth
Amendment when it uses portable/transportable wireless device locators to locate wireless
devices within home residences without a proper warrant.  Finally, the records requested are
not sought for a commercial purpose[9] and I plan to disseminate the responsive material to the
public at no cost.  *See* 28 C.F.R. § 16.11(k)(3)(i) and (ii) (To determine whether the fee waiver
requirement is met, the disclosure should not be primarily in the commercial interest of the
requester.).

## IV.    REQUEST FOR EXPEDITED PROCESSING

    I am requesting expedited processing of this FOIA request pursuant to 5 U.S.C. 552(a)

---

8.    *See* Valentino-DeVries, *'Stingray' Phone Tracker Fuels Constitutional Clash*, The Wall Street Journal, p. A1 (Sept.
22, 2011).

9.    *See* Judicial Watch, Inc., v. Rossotti, 326 F.3d 1309, 1312 (D.C. Cir. 2003) ("We are also mindful that Congress
amended FOIA to ensure that it is liberally construed in favor of waivers for noncommercial requesters." (internal quotation
marks and citation omitted)).

FREEDOM OF INFORMATION ACT REQUEST

RE: Comments made to *The Wall Street Journal* by the FBI as reported in a Sept. 22, 2011
    article titled "'Stingray' Phone Tracker Fuels Constitutional Clash";
BY: Daniel David Rigmaiden
TO: Federal Bureau of Investigation

November 10, 2011
Page # 8 of 11

(6)(E)(i)(I) (Expedited processing is merited "in cases in which the person requesting the
records demonstrates a compelling need;"). I have a compelling need for the requested records
considering the subject of my request is a matter of widespread and exceptional media interest
and the government's integrity is called into question when it tracks and locates wireless
devices without proper judicial authority (*i.e.*, a Rule 41 warrant founded on probable cause)
**and destroys the resulting evidence thereafter.** *See* 28 C.F.R. § 16.5(d)(1)(iv) (Expedited
processing is merited when the request involves "[a] matter of widespread and exceptional
media interest in which there exist possible questions about the government's integrity which
affect public confidence."). The media has repeatedly reported on warrantless government cell
phone tracking prior to this FOIA request. In 2007, the media reported that "a little-known FBI
telephone intercept unit has developed a powerful cellphone tracking technology that agents
use to monitor the physical movements of surveillance targets, even on phones that are not GPS
equipped."[10] In 2008, the media reported that the government can track cell phones on its own
using a TriggerFish and that it "raises the risk that they will do so without bothering to go to a
court for permission first, since they no longer need to compel the provider to cooperate."[11] In
2010, the media reported that a senior attorney in the criminal division of the Justice
Department claimed that "[t]he government is not required to use a warrant" when it uses
surveillance equipment to locate cell phones.[12] In 2011, the media reported on government
use of StingRay type devices, on me challenging use of those devices without proper judicial
authority, **and of the government destroying geolocation data at the conclusion of a
locating mission as a standard practice.** *See* fn. 1, *supra*. The above quoted/cited news
stories are all framed to call into question the government's integrity when it tracks and locates
cell phones and other wireless devices without proper warrants founded on probable cause.

Considering my request for information involves me losing substantial due process
rights, I am further entitled to expedited processing of this FOIA request. *See* 28 C.F.R. §
16.5(d)(1)(iii) (Expedited processing is merited when the request involves "[t]he loss of
substantial due process rights;"). I am currently losing substantial due process rights due to
recent activity in my criminal case in the District of Arizona, CR08-814-PHX-DGC. The

10.    Singel, Ryan (Wired), *FBI E-Mail Shows Rift Over Warrantless Phone Record Grabs* (Dec. 20, 2007), *available at*
       http://www.wired.com/print/politics/onlinerights/news/2007/12/fbi_cell (last accessed Sep. 22, 2010).

11.    Myers, Rachel (ACLU), *With Technology Like This, Who Needs the Law? >> Blog of Rights: Official Blog of the
       American Civil Liberties Union* , "With Technology Like This, Who Needs The Law?" (Nov. 14, 2008),
       http://www.aclu.org/2008/11/14/with-technology-like-this-who-needs-the-law (last accessed Aug. 16, 2011).

12.    McCullagh, Declan (CNET News), *Justice Dept. defends warrantless cell phone tracking* (Feb. 13, 2010),
       *available at* http://news.cnet.com/8301-13578_3-10453214-38.html (last accessed Apr. 8, 2010).

government recently filed a declaration under penalty of perjury by FBI Supervisory Special Agent Bradley S. Morrison (docket No. 674-1) wherein Agent Morrison made the following claim:

> FBI policy requires that at the conclusion of a location operation, FBI technical personnel are to purge all data stored in the pen register/trap and trace equipment[]... as an additional, internal procedural safeguard to ensure (1) that the privacy rights of those innocent third parties are maintained, (2) that the FBI does not store or maintain pen register/trap and trace data beyond the scope of its legal authorization, or (3) that the FBI does not collect information about individuals who are not the subject of criminal or national security investigations.
>
> *Government's Memorandum Re Motion For Discovery*, "Affidavit Of Supervisory Special Agent Bradley S. Morrison," par. 5 (p. 3), CR08-814-PHX-DGC, Dkt. #674-1, (Oct. 27, 2011, D.Ariz).

The above quoted claim contradicts claims made by other FBI employees as reported in the WSJ article cited in fn. 1, *supra*. These claims were made by Sherry Sabol, Chief of the Science & Technology Office for the FBI's Office of General Counsel and by another unidentified FBI official. These claims are listed under paragraph No. 1 of this FOIA request and also repeated below:

> Stingrays are designed to locate a mobile phone even when it's not being used to make a call. The Federal Bureau of Investigation considers the devices to be so critical that it has a policy of deleting the data gathered in their use, **mainly to keep suspects in the dark about their capabilities**, an FBI official told The Wall Street Journal in response to inquiries.
>
> - Valentino-DeVries, *'Stingray' Phone Tracker Fuels Constitutional Clash*, The Wall Street Journal, p. A1 (Sept. 22, 2011) (emphasis added).
>
> Ms. Sabol says the FBI follows this ["destroy the evidence"] policy because its intent isn't to use the data as evidence in court, but rather to simply find the "general location of their subject" in order to start collecting other information that can be used to justify a physical search of the premises.

FREEDOM OF INFORMATION ACT REQUEST

RE: Comments made to *The Wall Street Journal* by the FBI as reported in a Sept. 22, 2011
    article titled "'Stingray' Phone Tracker Fuels Constitutional Clash";

BY: Daniel David Rigmaiden

TO: Federal Bureau of Investigation

November 10, 2011
Page # 10 of 11

    - *Id.*

    I qualify for expedited processing under 28 C.F.R. § 16.5(d)(1)(iii) because I have an
immediate need for the requested information relating to the comments made to the press about
the FBI's "destroy the evidence" policy. I need to use the responsive information to curtail
substantial loss of my due process rights by impeaching the testimony of FBI Agent Morrison.
In my criminal case (CR08-814-PHX-DGC), I will be moving to suppress secondary evidence
for the government's destruction of real-time geolocation data based on United States v. Flyer,
633 F.3d 911, 916 (9th Cir. 2011) ("If the government destroys evidence under circumstances
that do not violate a defendant's constitutional rights, the court may still impose sanctions
including suppression of secondary evidence."). I need to use the responsive FOIA material to
show that, contrary to FBI Agent Morrison's claim, the FBI **(1)** does in fact destroy evidence to
keep suspects in dark, and **(2)** does in fact destroy real-time geolocation data with an intention
to rely on information learned from the data to obtain other evidence to replace the destroyed
evidence, *i.e.*, the "hand off" procedure found unconstitutional in Whitaker v. Garcetti, 291
F.Supp.2d 1132, 1148 (C.D.Cal. 2003) (explaining the "hand off" procedure and finding it
unconstitutional), *affirmed in part, vacated in part, and reversed in part, all on other grounds*,
486 F.3d 572 (9th Cir. 2007).

* * * * *

    I expect a determination of this request for expedited processing within 10 calendar days
and a determination of this request for documents within 20 calendar days. *See* 28 CFR §
16.5(d)(4); 5 U.S.C. § 552(a)(6)(A)(i). If this request is denied in whole or in part, I request
that all deletions be justified by reference to specific exemptions to FOIA. I request the release
of all segregable portions of otherwise exempt material. I reserve the right to appeal a decision
to withhold any information, to deny a waiver of fees, or to expedited processing.

    I certify as true and correct to the best of my knowledge and belief that I have a
compelling need for expedited processing and that the requested records are not for commercial
purposes. Thank-you for your prompt attention to this matter. Please furnish all responsive
records to the address below.

///

<u>FREEDOM OF INFORMATION ACT REQUEST</u>

RE: Comments made to *The Wall Street Journal* by the FBI as reported in a Sept. 22, 2011
     article titled "'Stingray' Phone Tracker Fuels Constitutional Clash";

BY: Daniel David Rigmaiden

TO: Federal Bureau of Investigation

November 10, 2011
Page # 11 of 11

---

                                      Daniel David Rigmaiden

                                      *Daniel Rigmaiden*

                                      Daniel Rigmaiden
                                        Agency #10966111
                                        CCA-CADC
                                        PO Box 6300
                                        Florence, AZ 85132

**ATTACHMENT B**

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ 1.28 |
| Certified Fee | 285 |
| Return Receipt Fee (Endorsement Required) | 230 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 6.43 |

Postmark Here

Sent To
FBI, FOIA Request
Street, Apt. No; or PO Box No. 935 Pennsylvania Ave., NW
City, State, ZIP+4 Washington, DC 20535-001

7010 1870 0003 0918 3533

PS Form 3800, August 2006

# ATTACHMENT C



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

January 23, 2012

MR. DANIEL DAVID RIGMAIDEN
**10966111
CCA-CADC
POST OFFICE BOX 6300
FLORENCE, AZ 85132

FOIPA Request No.: 1180900- 000
Subject: RECORDS CONCERNING WALL
STREET JOURNAL ARTICLE STINGRAY
PHONE TRACKER FUELS
CONSTITUTIONAL CLASH

Dear Mr. Rigmaiden:

This acknowledges receipt of your Freedom of Information/Privacy Acts (FOIPA) request to the FBI.

☒       This FOIPA request has been received at FBI Headquarters for processing.

☐       This FOIPA request has been received at the [_____ Resident Agency / _____ Field Office] and forwarded to FBI Headquarters for processing.

☒        We are searching the indices to our Central Records System for the information responsive to this request.  You will be informed of the results in future correspondence.

☒       Your request for a fee waiver is being considered and you will be advised of the decision at a later date.

☐       Please check for the status of your FOIPA request at www.fbi.gov/foia

The FOIPA Request number listed above has been assigned to your request. Please use this number in all correspondence concerning your request.  Your patience is appreciated.

Very truly yours,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division



U.S. Department of Justice
Federal Bureau of Investigation

170 Marcel Drive
Winchester, VA 22602-4843

Official Business
Penalty for Private Use $300

U.S. OFFICIAL MAIL
PENALTY FOR
PRIVATE USE $300

MAILED FROM ZIP CODE 22

JAN 3 0 2012

85132363900  B902

**ATTACHMENT D**



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

January 31, 2012

MR. DANIEL DAVID RIGMAIDEN
**10966111
CCA-CADC
POST OFFICE BOX 6300
FLORENCE, AZ 85132

FOIPA Request No. 1180900- 000
Subject: RECORDS CONCERNING
WALL STREET JOURNAL ARTICLE
STINGRAY PHONE TRACKER FUELS CON

Dear Mr. Rigmaiden:

This is in reference to your letter directed to the Federal Bureau of Investigation (FBI), in which you requested expedited processing for the above-referenced Freedom of Information /Privacy Acts (FOIPA) request. Pursuant to the Department of Justice (DOJ) standards permitting expedition, expedited processing can only be granted when it is determined that a FOIPA request involves one or more of the following:

**28 C.F.R. §16.5 (d)(1)(i)**: "Circumstances in which the lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual."

**28 C.F.R. §16.5 (d)(1)(ii)**: "An urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information."

**28 C.F.R. §16.5 (d)(1)(iii)**: "The loss of substantial due process of rights."

**28 C.F.R. §16.5 (d)(1)(iv)**: "A matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence."

You have not provided enough information concerning the statutory requirements permitting expedition; therefore, your request is denied.

You may appeal this denial by writing to the Office of Information Policy (OIP), United States Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C., 20530-0001. Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request to facilitate its identification.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
     Dissemination Section
Records Management Division



**U.S. Department of Justice**

**Federal Bureau of Investigation**

Washington, D.C. 20535

January 31, 2012

MR. DANIEL DAVID RIGMAIDEN
**10966111
CCA-CADC
POST OFFICE BOX 6300
FLORENCE, AZ 85132

FOIPA Request No.   1180900- 000
Subject: RECORDS CONCERNING WALL STREET
JOURNAL ARTICLE STINGRAY PHONE TRACKER FUELS
CONSTITUTIONAL CLASH

Dear Mr. Rigmaiden:

This is in response to your request for a fee waiver for the above referenced Freedom of Information-Privacy Acts (FOIPA) request. Requests for fee waivers are determined on a case by case basis. See 5 U.S.C. § 552 (a)(4)(A)(iii).

In order to be granted a fee waiver or a reduction in fees, two requirements must be satisfied. First, it must be established that "disclosure of the [requested] information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government." Second, it must be established that "disclosure of the information . . . is not primarily in the commercial interest of the requester." See 5 U.S.C. § 552(a)(4)(A)(iii). The burden is on the requester to show the statutory requirements for a fee waiver have been met. Where one or both of these requirements has not been satisfied, a fee waiver is not warranted under the statute.

To determine whether the first requirement has been met, we consider the following four factors: (1) whether the subject of the requested records concerns "the operations or activities of the government;" (2) whether the disclosure is "likely to contribute" to an understanding of government operations or activities; (3) whether disclosure of the requested information will contribute to "public understanding;" and (4) whether the disclosure is likely to contribute "significantly" to public understanding of government operations or activities. See 28 C.F.R. § 16.11(k)(2).

If the first requirement has been met, we are then required to determine whether disclosure of the requested information is primarily in the commercial interest of the requester. To make this determination, we consider the following two factors: (1) whether the requester has a commercial interest that would be furthered by the requested disclosure and (2) whether the magnitude of the identified commercial interest of the requester is sufficiently large, in comparison with the public interest in disclosure, that disclosure is "primarily in the commercial interest of the requester." See 28 C.F.R. § 16.11(k)(3). If the requester's commercial interest in disclosure is greater then the public interest to be served, then a fee waiver is not warranted.

We have reviewed the information that you provided in support of your request for a fee waiver and have found that you do not satisfy the second requirement because you have not adequately demonstrated that the information requested is not in your own commercial interest.

You may appeal this denial by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C., 20530-0001. Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely. The envelope and the letter should be clearly marked "Freedom of Information Appeal." Please cite the FOIPA number assigned to your request to facilitate its identification.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
 Dissemination Section
Records Management Division



UNITED STATES POSTAGE

U.S. OFFICIAL MAIL
PENALTY FOR
PRIVATE USE $300

$ 00.45⁰

02 1A
0004206186      JAN 31  2012
MAILED FROM ZIP CODE 22602

FEB 0 8 2012

U.S. Department of Justice
Federal Bureau of Investigation

170 Marcel Drive
Winchester, VA 22602-4843

Official Business
Penalty for Private Use $300

0513256300  B902

**ATTACHMENT E**

## DECLARATION UNDER PENALTY OF PERJURY

RE: Daniel Rigmaiden has no commercial interest in the records requested via FBI FOIA
    request No. 1180900-000;

BY: Daniel David Rigmaiden

---

I, Daniel David Rigmaiden, declare the following:

1.    This declaration establishes that my interests in the records requested via FBI
FOIA request No. 1180900-000 are not in my commercial interest. In my original FOIA
request letter, USPS certified return receipt article No. 7010 1870 0003 0918 6393, I stated that
"the records requested are not sought for a commercial purpose and I plan to disseminate the
responsive material to the public at no cost." *Id.*, p. 7. I also "certif[ied] as true and correct to
the best of my knowledge and belief that I have a compelling need for expedited processing
and that the requested records are not for commercial purposes." *Id.*, p. 8.

2.    My primary purpose for seeking the records requested in FBI FOIA request No.
1180900-000 is to obtain evidence for my defense in United States v. Rigmaiden, CR08-814-
PHX-DGC, pending in the District of Arizona. I am representing myself in CR08-814-PHX-
DGC and I need the requested records to use as evidence in support of a motion to suppress
evidence currently due April 27, 2012. *See* D.Ariz., CR08-814-PHX-DGC, Dkt. #768 (Court
order indicating that motion to suppress due on April 27, 2012). I have absolutely no plans to
profit from the requested records and they will all be disseminated to the public via the public
record in CR08-814-PHX-DGC.

3.    In order to advance public understanding, the requested documents will also be
given to my contacts at (1) the American Civil Liberties Union of Northern California (Linda
Lye, Staff Attorney) (2) the American Civil Liberties Union of Arizona (Daniel Pochoda, Staff
Attorney) and (3) the Electronic Frontier Foundation (Kevin Bankston, Senior Staff Attorney)
—all nonprofit entities who have a history of notifying the public about illegal government

## DECLARATION UNDER PENALTY OF PERJURY

RE: Daniel Rigmaiden has no commercial interest in the records requested via FBI FOIA
     request No. 1180900-000;

BY: Daniel David Rigmaiden

---

conduct at no cost. I will also forward all records to Jennifer Valentino-DeVries at The Wall

Street Journal as they have taken an interest in notifying the public about the specific type of

illegal government conduct discussed in my FBI FOIA request. Although The Wall Street

Journal is a for-profit newspaper, previous news articles published about CR08-814-PHX-DGC

and the government's use of the Harris StingRay were freely disseminated on the Internet by

The Wall Street Journal. *See* FBI FOIA request letter, certified return receipt article No. 7010

1870 0003 0918 6393. I will not charge anyone for the documents I am requesting via the FBI

FOIA request.

      4.     Although I plan on providing the requested documents to various entities, I am

not requesting records on behalf of anyone other than myself. I am not associated with any of

the above entities and they are not aware of my specific FOIA request. My primary interest is

to obtain evidence for my self-represented defense in CR08-814-PHX-DGC.

      5.     I have neither the resources nor the means to profit from any records provided in

response to the FBI FOIA request. I am currently incarcerated awaiting trial on CR08-814-

PHX-DGC and am not permitted to conduct commercial activities from within the facility

where I am housed: Corrections Corporation of America, Central Arizona Detention Center.

      6.     I declare, certify, verify, and state under penalty of perjury under the laws of the

United States of America that the foregoing is true and correct to the best of my knowledge,

except as to those matters which are therein stated on information and belief, and, as to those

matters, I believe it to be true. *See* 28 U.S.C. § 1746 ("Wherever... any matter is required or

permitted to be supported, evidenced, established, or proved by the sworn... affidavit, in writing

- Page # 2 of 3 -

## DECLARATION UNDER PENALTY OF PERJURY

RE: Daniel Rigmaiden has no commercial interest in the records requested via FBI FOIA
    request No. 1180900-000;

BY: Daniel David Rigmaiden

---

of the person making the same [], such matter may, with like force and effect, be supported,

evidenced, established, or proved by the unsworn declaration..., in writing of such person

which is subscribed by him, as true under penalty of perjury, and dated..."); 18 U.S.C. § 1621

("Whoever... in any declaration... under penalty of perjury as permitted under section 1746 of

title 28, United States Code, willfully subscribes as true any material matter which he does not

believe to be true... is guilty of perjury and shall, except as otherwise expressly provided by

law, be fined under this title or imprisoned not more than five years, or both....").

Executed on February 22, 2012 , in Florence, Arizona, United States of America.

Daniel David Rigmaiden

Daniel Rigmaiden
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132

- Page # 3 of 3 -

**ATTACHMENT F**

DECLARATION UNDER PENALTY OF PERJURY

RE:  Daniel Rigmaiden has a need for expedited processing of FBI FOIA request No. 1180900-000;

BY:  Daniel David Rigmaiden

---

I, Daniel David Rigmaiden, declare the following:

1.      This declaration further establishes that I have a need for expedited processing of FBI FOIA request No. 1180900-000.  In my original FOIA request letter, USPS certified return receipt article No. 7010 1870 0003 0918 6393, I explained how the requested records involve (1) a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence and, (2) a loss of substantial due process rights.  *See id.*, p. 7-10.  This declaration provides further evidence that the requested records involve loss of substantial due process rights.

2.      **The FBI destroyed evidence in United States v. Rigmaiden, CR08-814-PHX-DGC (District of Arizona) which, standing alone, qualifies as involving a loss of substantial due process rights.**  *See* United States v. Gamez-Orduno, 235 F.3d 453, 461 (9th Cir. 2000) ("The suppression of material evidence helpful to the accused, whether at trial or on a motion to suppress, violates due process if there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different." (internal citations omitted)).  The evidence the FBI destroyed, while purportedly relying on an FBI policy of which FBI FOIA request No. 1180900-000 relates, was gathered while conducting numerous searches and seizures to locate a Verizon Wireless PCMCIA cellular broadband Internet access card (hereafter "aircard").  I am representing myself in CR08-814-PHX-DGC and I am currently working on a motion to suppress evidence relating to the government's efforts to locate the aircard.  *See* D.Ariz., CR08-814-PHX-DGC, Dkt. #768 (Court order indicating that motion to suppress due on April 27, 2012).

- Page # 1 of 4 -

<u>DECLARATION UNDER PENALTY OF PERJURY</u>

RE: Daniel Rigmaiden has a need for expedited processing of FBI FOIA request No. 1180900-000;

BY: Daniel David Rigmaiden

---

3.      The prosecution in CR08-814-PHX-DGC has already admitted that "the aircard tracking operation was a Fourth Amendment search and seizure." *Government's Memorandum Re Motion For Discovery* (D.Ariz., CR08-814-PHX-DGC, Dkt. #674), p. 1 (footnote omitted); *see also* Court Order (D.Ariz., CR08-814-PHX-DGC Dkt. #723), p. 14-15 ("[F]or purposes of Defendant's motion to suppress, the government agrees that the Court may assume that the aircard tracking operation was a Fourth Amendment search and seizure."). The government also claims that it utilized portable/transportable wireless device locators (cell site emulators/simulators) and destroyed the resulting evidence while relying on Northern District of California Court Order No. 08-90330MISC-RS. *See* D.Ariz., CR08-814-PHX-DGC, Dkt. #674, p. 2.

4.      The N.D.Cal. 08-90330MISC-RS order commanded Verizon Wireless to "provide to agents of the FBI data and information obtained from the **monitoring** of transmissions related to the location of the []aircard...." *See* D.Ariz., CR08-814-PHX-DGC, Dkt. #470-1 (order), p. 2 (emphasis added). The order also states that all data and information obtained via the order be "expressly limited to transmissions needed to ascertain the physical location of the [][aircard], and **expressly excludes any voice communications and data content** transmitted by Verizon Wireless to or from the [][aircard.]" *Id.* (order), p. 3 (emphasis added). Because the FBI destroyed all evidence, whether obtained from Verizon Wireless or obtained via the FBI directly through its own devices, I have no way to determine if the seized data complies with the two above quoted provisions of the N.D.Cal. 08-90330MISC-RS order. There is also no comparable evidence in the form of an inventory and return because the FBI failed to comply

DECLARATION UNDER PENALTY OF PERJURY

RE:  Daniel Rigmaiden has a need for expedited processing of FBI FOIA request No. 1180900-000;

BY:  Daniel David Rigmaiden

---

with Rule 41 inventory and return requirements. *See id.* **I have clearly lost substantial due process rights because I am now unable to argue that the evidence obtained by the FBI was outside the scope of what the N.D.Cal. 08-90330MISC-RS order authorized the government to obtain.**

5.    Because I have suffered prejudiced due to the FBI's destruction of evidence (*see* paragraph No. 4 above), I am requesting in my motion to suppress that the Court suppress secondary evidence based on the FBI's destruction of primary evidence. *See* United States v. Flyer, 633 F.3d 911, 916 (9th Cir. 2011).  I need the FBI policy and other records requested in FBI FOIA request No. 1180900-000 because they will support my argument that FBI agents destroyed evidence in bad faith. *See* Barton, 995 F.3d at 935 (extending the *Youngblood* bad faith requirement to the destruction of evidence that may be potentially useful at a suppression hearing.); *see also* Arizona v. Youngblood, 488 U.S. 51, 58 (1988) ("[U]nless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law.").  The requested records will support my argument that the policy is unreasonable and that FBI actions amounted to misconduct meriting a finding of bad faith destruction of evidence. *See* original FOIA request letter, USPS certified return receipt article No. 7010 1870 0003 0918 6393, for further analysis. **If I am not given expedited processing then I will lose further substantial due process rights because I will not be able to use the responsive records in time for the April 27, 2012 deadline to file my motion to suppress.** *See* D.Ariz., CR08-814-PHX-DGC, Dkt. #768 (Court order indicating that motion to suppress due on April 27, 2012).

## DECLARATION UNDER PENALTY OF PERJURY

RE: Daniel Rigmaiden has a need for expedited processing of FBI FOIA request No. 1180900-000;

BY: Daniel David Rigmaiden

---

6.       I declare, certify, verify, and state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe it to be true. *See* 28 U.S.C. § 1746 ("Wherever... any matter is required or permitted to be supported, evidenced, established, or proved by the sworn... affidavit, in writing of the person making the same [], such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration..., in writing of such person which is subscribed by him, as true under penalty of perjury, and dated..."); 18 U.S.C. § 1621 ("Whoever... in any declaration... under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true... is guilty of perjury and shall, except as otherwise expressly provided by law, be fined under this title or imprisoned not more than five years, or both....").

Executed on <u>February 22, 2012</u>, in Florence, Arizona, United States of America.

Daniel David Rigmaiden

Daniel Rigmaiden
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132

- Page # 4 of 4 -

# EXHIBIT 10

of Complaint

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

Daniel David Rigmaiden,

Plaintiff,

v.

(1) Federal Bureau of Investigation, (2) Executive
Office for United States Attorneys, (3) Office of
Information Policy, and (4) Department of Justice,

Defendants.

**U.S. Department of Justice**

OIP/NYAV-11050

_Washington, D.C. 20530_

Official Business
Penalty for Private Use $300

Hasler

$00.450

046H6601047

04/18/2012
Mailed From 20530
US POSTAGE

US OFFICIAL MAIL
$300 Penalty
For Private Use

APR 20 2012

55132$6300



**U.S. Department of Justice**

Office of Information Policy

*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

APR 17 2012

Mr. Daniel Rigmaiden
Register No. 10966-111
CCA-CADC                                Re:      Appeal No. AP-2012-01751
Post Office Box 6300                             Request No. 1180900
Florence, AZ 85132                               JGM:SKV

Dear Mr. Rigmaiden:

     This is to advise you that your administrative appeal from the action of the Federal
Bureau of Investigation on your request for access to certain records was received in this Office
on March 29, 2012.  You have appealed from the FBI's denial of your request for a fee waiver
and expedited treatment of your request.

     In your appeal letter, you assert your request is entitled to expedited treatment pursuant to
the third and fourth standards enumerated in the Department of Justice's regulations.  Under the
third standard, you must show that the request involves "[t]he loss of substantial due process
rights."  28 C.F.R. § 16.5(d)(1)(iii).  Under the fourth standard, you must show that the subject
matter of your request is a "matter of widespread and exceptional media interest in which there
exist possible questions about the government's integrity which affect public confidence."
28 C.F.R. § 16.5(d)(1)(iv).  This Office makes determinations regarding the first three standards,
while the Department's Director of Public Affairs makes determinations regarding the fourth
standard.  See 28 C.F.R. § 16.5(d)(2).

     Regarding the third standard, courts have held that requests for expedited treatment for
due process reasons generally should not be granted unless a requester shows that he is "facing
grave punishment" in a pending criminal proceeding and that "there is a reason to believe that the
information produced will aid in the individual's defense." Aguilera v. FBI, 941 F. Supp. 144,
150 (D.D.C. 1996).  Based on the information that you have provided, I have determined that
you do not meet this test because you have not demonstrated that the information sought will aid
in any criminal defense, or that you are facing grave punishment.  Without such a showing,
expedited treatment pursuant to the third standard is not warranted.  Accordingly, the FBI
properly denied your request for expedited treatment under the third standard.

     The Director of Public Affairs considered your request for expedited processing under the
fourth standard and determined that your request should be denied.  I agree with the
determination of the Director of Public Affairs that expedited treatment of your request is not
warranted under this standard because you have failed to sufficiently demonstrate that the subject
of your request is "[a] matter of widespread and exceptional media interest in which there exist

- 2 -

possible questions about the government's integrity which affect public confidence." 28 C.F.R.
§ 16.5(d)(1)(iv).  Accordingly, the Director of Public Affairs properly determined that you failed
to meet your burden under the fourth standard for expedited processing.  With regard to your
appeal of the FBI's denial of your request for a fee waiver,

    Finally, with regard to your request for a fee waiver, I note that the FBI has not yet
assessed any fees in this instance so it is currently unknown whether you will accrue fees above
the Department's "threshold" of $14.00 -- the amount at or below which, by regulation, no fees
are charged to a requester.  Further, while I agree with the FBI's decision that your fee waiver
request should be denied, I disagree with the basis listed by the FBI for its denial.  I have
reviewed the administrative record in this matter and find that you have clearly stated in your
Declaration dated February 22, 2012, that the primary purpose for your waiver request is your
need for the records to defend yourself in a criminal matter 08-cr-814-PHX-DGC.  You also
indicate that although you intend to give your records to others, you are not requesting records
for anyone other than yourself.  On the basis of your statements I have concluded that you are the
primary beneficiary of any release of records that the FBI may ultimately provide to you, and
thus the public interest requirement of the FOIA, also referred to as fee waiver factors one
through four, has not been met.  (See enclosure).  Any benefit from a release must accrue to the
general public in accordance with the statutory standard.  Nor have you demonstrated that a
significant contribution to the public's understanding of FBI's operations will occur as a result of
a future releases to you, or demonstrated in any way that you have the capacity to disseminate
any such records to the public.  Accordingly, your fee waiver is denied on different grounds.

    If you are dissatisfied with my action on your appeal for expedited treatment of your
request, you may file a lawsuit in accordance with 5 U.S.C. § 552(a)(6)(E)(iii) and with regard to
my decision on your fee waiver request, you may file a lawsuit pursuant to § 552(a)(4)(B).

                                        Sincerely,

                                        Janice, Galli McLeod
                                        Associate Director