Case 2:12-cv-01605-DLR-BSB   Document 5   Filed 08/31/12   Page 1 of 6

KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Daniel David Rigmaiden, ) No. CV 12-1605-PHX-SRB (BSB)
)
    Plaintiff, ) **ORDER**
)
vs. )
)
)
Federal Bureau of Investigation, et al., )
)
    Defendants. )
)

Plaintiff Daniel David Rigmaiden, who is confined in the Central Arizona Detention Center, has filed a *pro se* Complaint pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. §522, *et seq.*, and an Application to Proceed *In Forma Pauperis*. The Court will order Defendants to answer the Complaint.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $16.40. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

TERMPSREF

## II.    Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

### III. Complaint

Plaintiff names the Federal Bureau of Investigation (FBI), the Executive Office for United States Attorneys, the Office of Information Policy, and the United States Department of Justice as Defendants in the Complaint.

Plaintiff raises three claims for relief. In Count One, Plaintiff claims that Defendants FBI and Department of Justice failed to: acknowledge his FOIA request regarding "portable/transportable wireless device locators"; grant Plaintiff expedited processing of his FOIA request; grant Plaintiff a fee waiver; grant Plaintiff a "limitation of fees for Plaintiff's FOIA request"; and promptly provide Plaintiff with the requested records.

In Count Two, Plaintiff claims that the FBI and Department of Justice failed to: acknowledge his FOIA request regarding "comments made to The Wall Street Journal by the Federal Bureau of Investigation as reported in a September 22, 2011 article"; grant expedited processing of Plaintiff's FOIA request; grant Plaintiff a fee waiver; grant Plaintiff a "limitation of fees for Plaintiff's FOIA request"; and promptly provide Plaintiff with the requested records.

In Count Three, Plaintiff alleges that Defendants Executive Office for United States Attorneys, the Department of Justice, and Office of Information Policy failed to: acknowledge Plaintiff's request for records relating to "portable/transportable wireless device locators"; grant expedited processing for Plaintiff's request; grant Plaintiff a fee waiver; grant Plaintiff a "limitation of fees for Plaintiff's FOIA request"; and promptly provide Plaintiff with the requested records.

Plaintiff claims that he has appealed the denial of records to the Office of Information Policy and that all three of his appeals were denied. Plaintiff seeks declaratory and injunctive relief as well as costs and attorneys fees.

Liberally construed, Plaintiff's allegations adequately state a claim under FOIA and the Court will require Defendants to answer the Complaint.

. . .

. . .

### IV. Warnings

#### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

#### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

#### C. Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

#### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $16.40.

(3) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and summons forms for Defendants Federal Bureau of

1 Investigation, Executive Office for United States Attorneys, Office of Information Policy,
2 United States Department of Justice, and the United States of America.

3     (4)    Plaintiff must complete and return the service packet to the Clerk of Court
4 within 21 days of the date of filing of this Order. The United States Marshal will not provide
5 service of process if Plaintiff fails to comply with this Order.

6     (5)    If Plaintiff does not complete service of the Summons and Complaint on a
7 Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of
8 this Order, whichever is later, the action may be dismissed as to each Defendant not served.
9 Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

10     (6)    The United States Marshal must retain the Summons, a copy of the Complaint,
11 and a copy of this Order for future use.

12     (7)    The United States Marshal must:

13     (a)    send by certified mail a copy of the Summons, Complaint, and this Order
14 to Defendants Federal Bureau of Investigation, Executive Office for United States
15 Attorneys, Office of Information Policy, and United States Department of Justice,
16 pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure; and

17     (b)    send by certified mail a copy of the Summons for each Defendant, the
18 Summons for the United States, the Complaint, and this Order to (1) the civil process
19 clerk at the office of the United States Attorney for the District of Arizona and (2) the
20 Attorney General of the United States, pursuant to Rule 4(i)(1) of the Federal Rules
21 of Civil Procedure.

22     (8)    Defendants must answer the Complaint or otherwise respond by appropriate
23 motion within the time provided by the applicable provisions of Rule 12(a) of the Federal
24 Rules of Civil Procedure.

25     (9)    Any answer or response must state the specific Defendant by name on whose
26 behalf it is filed. The Court may strike any answer, response, or other motion or paper that
27 does not identify the specific Defendant by name on whose behalf it is filed.

28

1  (10) This matter is referred to Magistrate Judge Bridget S. Bade pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 30th day of August, 2012.

*Susan R. Bolton*
Susan R. Bolton
United States District Judge