Daniel Rigmaiden
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132
Telephone: none
Email: none



Daniel David Rigmaiden
Pro Se, Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel David Rigmaiden, <br><br> Plaintiff, <br><br> v. <br><br> Federal Bureau of Investigation et al., <br><br> Defendant. | No. CV-12-1605-PHX-SRB (BSB) <br><br> OBJECTIONS AND MOTION TO DISTRICT JUDGE PURSUANT TO FED. R. CIV. P. 72(a) AND 28 U.S.C. § 636(b)(1)(A) FOR RECONSIDERATION OF MAGISTRATE'S ORDER AT DKT. #013 |

Plaintiff, Daniel David Rigmaiden, respectfully submits "Objections And Motion To District Judge Pursuant To Fed. R. Civ. P. 72(a) And 28 U.S.C. § 636(b)(1)(A) For Reconsideration Of Magistrate's Order At Dkt. #013." Through this motion, Plaintiff respectfully requests that District Judge Susan R. Bolton reverse Magistrate Judge Bade's denial of Plaintiff's motions at Dkt. #010 and #011, and grant Plaintiff the requested relief.

On August 30, 2012, Judge Bolton ordered the United States Marshal Service to serve defendants in Plaintiff's suit as follow:

> The United States Marshal must: [] send by certified mail a copy of the Summons, Complaint, and this Order to Defendants Federal Bureau of Investigation, Executive Office for United States Attorneys, Office of Information Policy, and United States Department of Justice, pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure; and [] send by certified mail a copy of the Summons for each Defendant, the Summons for the United States, the Complaint and this Order to (1) the civil process clerk at the office of the

United States Attorney for the District of Arizona and (2) the Attorney General of the United States, pursuant to Rule 4(i)(1) of the Federal Rules of Civil Procedure.

District Judge Bolton's August 30, 2012 Order (Dkt. #005, p. 5).

Because the USMS failed to comply with Judge Bolton's order as of approximately December 27, 2012, Plaintiff filed "Motion For Order Requiring USMS To Show Cause As To Why It Has Not Served Plaintiff's Complaint" (Dkt. #010) and "Motion For Order Requiring USMS To Effectuate Service Of Plaintiff's Complaint Within 14 Days" (Dkt. #011). Magistrate Judge Bade denied both of Plaintiff's motions based on the following:

> The docket reflects that Plaintiff returned completed service packets for service on Defendants which were forwarded to the USMS on September 18, 2012. On December 27, 2012, the USMS filed a Proof of Service indicating that it served the **United States Department of Justice** on October 29, 2012. (Doc. 12.) Because the record reflects that the USMS is in the process of serving Defendants, the Court will deny Plaintiff's motion for order to show cause and motion for order to effectuate service.

Magistrate Judge Bade's December 28, 2012 Order (Dkt. #013, p. 1-2 (emphasis added)).

Magistrate Judge Bade made both factual and legal errors while rendering her opinion. Fed. R. Civ. P., Rule 72(a) and 28 U.S.C. § 636(b)(1)(A) provide that a magistrate's non-dispositive order should be reversed if it is "clearly erroneous or contrary to law." Additionally, a district judge may reverse a magistrate judge's non-dispositive order if there is an abuse of discretion. See Geophysical Systems Corp. v. Raytheon Co., 117 F.R.D. 646 (C.D.Cal. 1987). Plaintiff asserts that Magistrate Judge Bade erred under both standards of review.

First, the USMS did not serve Defendant United States Department of Justice as claimed in the order at Dkt. #013. The

"Process Receipt And Return" on the record at Dkt. #012 corresponds to service upon the United States Attorney General. Notably, the United States Attorney General is not one of the four named defendants in Plaintiff's suit. Therefore, the USMS served the United States Attorney General pursuant to Fed. R. Civ. P., Rule 4(i)(1)(B) ("To serve the United States, a party must [] send a copy of [][the Complaint and Summons] by registered or certified mail to the Attorney General of The United States at Washington, D.C."); see also District Judge Bolton's August 30, 2012 Order (Dkt. #005, p. 5) (requiring the same).

Second, because the four named defendants in Plaintiff's suit are all United States agencies, Plaintiff's motions at Dkt. #010 and #011 relate to the USMS failing to effectuate service pursuant to Fed. R. Civ. P., Rule 4(i)(2) ("To serve a United States agency ... a party must serve the United States and send a copy of the Summons and of the Complaint by registered or certified mail to the agency..."); see also District Judge Bolton's August 30, 2012 Order (Dkt. #005, p. 5) (requiring the same). While rendering her opinion, Magistrate Judge Bade did not consider Fed. R. Civ. P., Rule 4(i)(2) requiring that service be effectuated by the simple expedient of mailing Plaintiff's civil complaint and summons to the four defendants at the addresses provided by Plaintiff. In light of Fed. R. Civ. P., Rule 4(i)(2), the USMS failing to place Plaintiff's ready-made service packets into boxes, affixing postage, and submitting to the United States Postal Service for delivery-- even after nearly four months having past--does not support a finding that "the USMS is in the process of serving Defendants[.]" Magistrate Judge Bade's December 28, 2012 Order (Dkt. #013, p. 2).

Third, even if the USMS is in the "process" of, for example, mulching trees into cardboard so that boxes can be constructed to house Plaintiff's ready-made documents for mailing, the nearly four month delay is still excessively and unreasonably long in light of Fed. R. Civ. P., Rule 4(i)(2). In other words, the delay cannot be erased and an order to show cause is appropriate. Therefore, regardless of whether the USMS is in the "process" of complying with District Judge Bolton's order, or has already been back-channeled into completing the task, Magistrate Judge Bade refusing to order the USMS to show cause and effectuate service within 14 days was an abuse of discretion.

Based on the points and authorities set forth herein, Plaintiff respectfully requests that Judge Bolton find that Judge Bade's order denying Plaintiff's request for relief was clearly erroneous or contrary to law, and/or an abuse of discretion, and must, therefore, be reversed.

Respectfully Submitted: January 8, 2013

DANIEL DAVID RIGMAIDEN
Pro Se Plaintiff

Daniel D. Rigmaiden
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132

CERTIFICATE OF SERVICE

I, Daniel David Rigmaiden, certify under penalty of perjury that on January 8, 2013 at approximately 9:00pm I caused the following to be placed into the CCA-CADC mailing system for United States Postal Service delivery with first-class postage prepaid by CCA-CADC:

Original attached document plus 1 copy addressed to:

Clerk of the Court
Sandra Day O'Connor U.S. Courthouse
Attn: Civil Docketing Section
401 W. Washington St., Suite 130, SPC 1
Phoenix, AZ 85003-2118

By: Daniel Rigmaiden

-5-