STUART F. DELERY
Acting Assistant Attorney General
ELIZABETH J. SHAPIRO
Deputy Branch Director
BRAD P. ROSENBERG (D.C. Bar No. 467513)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C.  20044
Telephone: (202) 514-3374
Facsimile: (202) 616-8460
E-mail: brad.rosenberg@usdoj.gov
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel David Rigmaiden, | No. CV12-1605-SRB-BSB |
| Plaintiff, | **ANSWER** |
| vs. | |
| Federal Bureau of Investigation, et al.,[1] | |
| Defendants. | |

Defendants Federal Bureau of Investigation ("FBI"), Executive Office of United States Attorneys ("EOUSA"), Office of Information Policy ("OIP"), and U.S. Department of Justice, by their undersigned counsel, hereby answer plaintiff's Complaint (Dkt. No. 1, 07/26/2012) as follows:

**FIRST DEFENSE**

FBI is not a proper defendant in this action.  Pursuant to 5 U.S.C. § 552(f)(1), the proper party defendant is the U.S. Department of Justice.

---

[1] The Federal Bureau of Investigation, the Executive Office of United States Attorneys, and the Office of Information Policy are not proper defendants in this action; they are all components of the U.S. Department of Justice.  Defendants respectfully request that the Court correct the caption of this case to indicate that the U.S. Department of Justice is the only proper defendant in this action.

## SECOND DEFENSE

EOUSA is not a proper defendant in this action.  Pursuant to 5 U.S.C. § 552(f)(1), the proper party defendant is the U.S. Department of Justice.

## THIRD DEFENSE

OIP is not a proper defendant in this action.  Pursuant to 5 U.S.C. § 552(f)(1), the proper party defendant is the U.S. Department of Justice.

## FOURTH DEFENSE

Plaintiff has failed to exhaust administrative remedies.

Defendants answer the numbered paragraphs of plaintiffs' Complaint as follows, in correspondingly numbered paragraphs:

### I. PRELIMINARY STATEMENT

1.    This paragraph sets forth plaintiff's characterization and summary of this action, to which no response is required.  To the extent a response is required, defendants deny that plaintiff is entitled to any of the relief requested.

2-3.    These paragraphs attempt to characterize FOIA requests (attached to the Complaint as exhibits), to which defendants refer the Court for their full and complete contents.

4.    Defendants deny the allegations contained in the first sentence.  Defendants admit that they have not produced any records to plaintiff, but otherwise deny the allegations contained in the second sentence.  Defendants admit the allegations contained in the third sentence.  Defendants deny the allegations contained in the fourth sentence.

### II. JURISDICTION AND VENUE

5.    This paragraph sets forth plaintiff's conclusions of law regarding jurisdiction and venue, to which no response is required.

### III. PARTIES

6.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

7.    This paragraph sets forth a legal argument, to which no response is

required.  To the extent a response is required, Defendants deny the allegations.

8. Defendants admit that the Department of Justice is an agency within the meaning of 5 U.S.C. 552(f)(1), but deny the remaining allegations contained in this paragraph.

## IV.  FACTS

9. This paragraph attempts to characterize a FOIA request (attached to the Complaint as Exhibit 1), to which defendants refer the Court for its full and complete contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation regarding the mailing date of the FOIA request.

10. To the extent this paragraph attempts to characterize a purported FOIA request, defendants refer the Court to that request for its full and complete contents.  To the extent this paragraph can be construed to contain substantive allegations regarding the alleged use of specific portable/transportable wireless device locators or portable/transportable wireless device locators manufactured by a specific corporation (including any alleged manuals relating thereto), defendants can neither admit nor deny any such allegations because the process of admitting or denying those allegations could reveal the identity of an organization, company, or technology critical to the performance of a law enforcement mission.  The remainder of this paragraph contains an incomplete characterization of policy and, accordingly, defendants deny the allegations, and specifically deny that they have engaged in any illegal or unconstitutional practices.

11. This paragraph attempts to characterize a FOIA request, to which defendants refer the Court for its full and complete contents.

12. This paragraph attempts to characterize a FOIA request, to which defendants refer the Court for its full and complete contents.  To the extent the last sentence of this paragraph attempts to characterize a news article, defendants refer the Court to that news article for its full and complete contents.

13. This paragraph attempts to characterize a FOIA request, to which defendants refer the Court for its full and complete contents.

1      14-15. Defendants lack knowledge or information sufficient to form a belief as to

2   the truth of the allegations in these paragraphs.

3      16.    This paragraph attempts to characterize an appeal letter (attached to the

4   Complaint as Exhibit 3), to which defendants refer the Court for its full and complete

5   contents.

6      17.    This paragraph attempts to characterize an appeal letter and declaration

7   attached thereto (attached to the Complaint as Attachment C of Exhibit 3) and a FOIA

8   request, to which defendants refer the Court for their full and complete contents.

9      18.    Defendants lack knowledge or information sufficient to form a belief as to

10   the truth of the allegations in the first sentence.  Defendants admit the allegations

11   contained in the second sentence.  To the extent the third sentence attempts to

12   characterize an appeal determination letter (attached to the Complaint as Exhibit 4),

13   defendants refer the Court to that letter for its full and complete contents; defendants

14   otherwise admit that Janice Galli McLeod was the Associate Director of OIP and that

15   Anne D. Work was a Senior Counsel with the Administrative Appeals Staff of OIP, but

16   lack knowledge or information regarding the allegations of a signed USPS Certified

17   Return Receipt signature card.  Defendants admit the allegations contained in the last

18   sentence of this paragraph.

19      19.    This paragraph attempts to characterize an appeal letter, to which

20   defendants refer the Court for its full and complete contents.

21      20.    Defendants deny the allegations contained in the first sentence.  Defendants

22   admit that they have provided no records regarding this FOIA request, but lack

23   knowledge or information sufficient to form a belief as to the truth of the remaining

24   allegations contained in the second sentence.

25      21.    This paragraph attempts to characterize a FOIA request (attached to the

26   Complaint as Exhibit 5), to which defendants refer the Court for its full and complete

27   contents. Defendants lack knowledge or information sufficient to form a belief as to the

28   truth of the allegation regarding the mailing date of the FOIA request.

22.     To the extent this paragraph attempts to characterize a FOIA request, defendants refer the Court to that request for its full and complete contents.  To the extent this paragraph can be construed to contain substantive allegations regarding the alleged use of specific portable/transportable wireless device locators or portable/transportable wireless device locators manufactured by a specific corporation, defendants can neither admit nor deny any such allegations because the process of admitting or denying those allegations could reveal the identity of an organization, company, or technology critical to the performance of a law enforcement mission.  To the extent this paragraph attempts to characterize policy, any such characterization is incomplete and, accordingly, defendants deny the allegations; defendants specifically deny that they have engaged in any illegal or unconstitutional practices.  Defendants admit that an FBI employee provided comments to The Wall Street Journal regarding portable/transportable wireless device locators generally and admit that an FBI employee made comments at a Brookings Institution meeting in May 2011 regarding portable/transportable wireless device locators generally.

23.     This paragraph attempts to characterize a FOIA request, to which defendants refer the Court for its full and complete contents.

24.     This paragraph attempts to characterize a FOIA request, to which defendants refer the Court for its full and complete contents.  To the extent the last sentence of this paragraph attempts to characterize a news article, defendants refer the Court to that news article for its full and complete contents.

25-26. These paragraphs attempt to characterize a FOIA request, to which defendants refer the Court for its full and complete contents.

27.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

28.     To the extent this paragraph attempts to characterize the FBI's acknowledgement of plaintiff's FOIA request (attached to the Complaint as Exhibit 7), defendants refer the Court to that document for its full and complete contents.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

29.     To the extent this paragraph attempts to characterize the FBI's responses to plaintiff's requests for expedited processing and a fee waiver (attached to the Complaint as Exhibit 8), defendants refer the Court to those documents for their full and complete contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

30.     To the extent this paragraph attempts to characterize an appeal letter, defendants refer the Court to that letter (attached to the Complaint as Exhibit 9) for its full and complete contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

31.     This paragraph attempts to characterize an appeal letter, to which defendants refer the Court for its full and complete contents.

32.     This paragraph attempts to characterize an appeal letter and a declaration attached thereto (attached to the Complaint as Attachment E of Exhibit 9) and a FOIA request, to which defendants refer the Court for their full and complete contents.

33.     This paragraph attempts to characterize an appeal letter and declaration attached thereto (attached to the Complaint as Attachment F of Exhibit 9), to which defendants refer the Court for their full and complete contents.

34.     To the extent this paragraph attempts to characterize an appeal letter and declaration attached thereto, defendants refer the Court to those documents for their full and complete contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the status of the docket in CR08-814-PHX-DGC, and deny the remaining allegations in this paragraph.

35.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in the first sentence.  Defendants admit the allegations contained in the second sentence.  To the extent the third sentence attempts to characterize an appeal determination letter (attached to the Complaint as Exhibit 10), defendants refer the Court

1    to that letter for its full and complete contents; defendants otherwise admit that Janice

2    Galli McLeod was the Associate Director of the Office of Information Policy.

3         36.    The first sentence attempts to characterize an appeal determination letter, to

4    which defendants refer the Court for its full and complete contents.  Defendants lack

5    knowledge or information sufficient to form a belief as to the truth of the allegations in

6    the second sentence of this paragraph.

7         37.    The first sentence attempts to characterize an appeal determination letter, to

8    which defendants refer the Court for its full and complete contents.  To the extent the

9    second sentence characterizes news sources, defendants refer the Court to those news

10   sources for their full and complete contents.  Defendants lack knowledge or information

11   sufficient to form a belief as to the truth of the remaining allegations in the second

12   sentence of this paragraph.

13        38.    The first sentence attempts to characterize an appeal determination letter, to

14   which defendants refer the Court for its full and complete contents.  To the extent the

15   second sentence characterizes news sources, defendants refer the Court to those news

16   sources for their full and complete contents.  Defendants lack knowledge or information

17   sufficient to form a belief as to the truth of the remaining allegations in the second

18   sentence of this paragraph.

19        39.    Admitted

20        40.    This paragraph attempts to characterize plaintiff's FOIA request (attached

21   to the Complaint as Exhibit 11), to which defendants refer the Court for its full and

22   complete contents.  Defendants lack knowledge or information sufficient to form a belief

23   as to the truth of the allegation regarding the mailing date of the FOIA request.

24        41.    To the extent this paragraph attempts to characterize plaintiff's FOIA

25   request, defendants refer the Court to that request for its full and complete contents.  To

26   the extent this paragraph can be construed to contain substantive allegations regarding the

27   alleged use of specific portable/transportable wireless device locators or

28   portable/transportable wireless device locators manufactured by a specific corporation,

defendants can neither admit nor deny any such allegations because the process of admitting or denying those allegations could reveal the identity of an organization, company, or technology critical to the performance of a law enforcement mission.  To the extent this paragraph attempts to characterize policy, any such characterization is incomplete and, accordingly, defendants deny the allegations; defendants specifically deny that they have engaged in any illegal or unconstitutional conduct.

42.    This paragraph attempts to characterize plaintiff's FOIA request, to which defendants refer the Court for its full and complete contents.

43.    This paragraph attempts to characterize a FOIA request, to which defendants refer the Court for its full and complete contents.  To the extent the last sentence of this paragraph attempts to characterize a news article, defendants refer the Court to that news article for its full and complete contents.

44.    This paragraph attempts to characterize plaintiff's FOIA request, to which defendants refer the Court for its full and complete contents.

45-46. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs.

47.    This paragraph attempts to characterize an appeal letter (attached to the Complaint as Exhibit 14), to which defendants refer the Court for its full and complete contents.

48.    This paragraph attempts to characterize an appeal letter and declaration attached thereto (attached to the Complaint as Attachment C of Exhibit 14) and a FOIA request, to which defendants refer the Court for their full and complete contents.

49.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in the first sentence.  Defendants admit the allegations contained in the second sentence.  To the extent the third sentence attempts to characterize an appeal determination letter (attached to the Complaint as Exhibit 15), defendants refer the Court to that letter for its full and complete contents; defendants otherwise admit that Janice Galli McLeod was the Associate Director for the office of Information Policy.

50.     Defendants admit that the Executive Office for United States Attorneys has not provided any records to plaintiff, but deny the remaining allegations in this paragraph.

### V.  CAUSE OF ACTION

51.     Defendants incorporate by reference all preceding paragraphs.

52-66. Denied.

### VI.  REQUESTED RELIEF

67-74. These paragraphs constitute plaintiff's requests for relief, to which no response is required.  To the extent a response is required, defendants deny the allegations and deny that plaintiff is entitled to any such relief.

Each and every allegation of the Complaint not heretofore expressly admitted or denied, other than those allegations that the defendants contend they can neither admit nor deny, is hereby denied.

WHEREFORE, having duly answered, defendants pray that:

1.     This Court enter judgment for defendants.

2.     Defendants be granted such further relief as the Court may deem just and proper.

DATED:  May 6, 2013                    Respectfully submitted,

STUART F. DELERY
Acting Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

/s/ *Brad P. Rosenberg*
BRAD P. ROSENBERG
D.C. Bar No. 467513
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C.  20044
Telephone:  (202) 514-3374
Facsimile:  (202) 616-8460
E-mail:  brad.rosenberg@usdoj.gov

*Attorneys for Defendants*

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on May 6, 2013, I served the attached document by first-class

3

mail, postage pre-paid, on the following, who is not a registered participant of the

4

CM/ECF system:

5

6

Daniel D. Rigmaiden
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ  85132

7

8

9

/s/ *Brad P. Rosenberg*
BRAD P. ROSENBERG
D.C. Bar No. 467513
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C.  20044
Telephone:  (202) 514-3374
Facsimile:  (202) 616-8460
E-mail:  brad.rosenberg@usdoj.gov

10

11

12

13

14

15

*Attorney for Defendants*

16

17

18

19

20

21

22

23

24

25

26

27

28