STUART F. DELERY
Assistant Attorney General
ELIZABETH J. SHAPIRO
Deputy Branch Director
BRAD P. ROSENBERG (D.C. Bar No. 467513)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C.  20044
Telephone: (202) 514-3374
Facsimile: (202) 616-8460
E-mail: brad.rosenberg@usdoj.gov
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel David Rigmaiden, | No. CV12-1605-SRB-BSB |
| Plaintiff, | **JOINT STATUS REPORT** |
| vs. | |
| Federal Bureau of Investigation, et al., | |
| Defendants. | |

Pursuant to this Court's Order of May 8, 2013, the parties submit this Joint Status Report.

**1.      Background.**

Plaintiff, who is confined in the Central Arizona Detention Center, filed this Freedom of Information Act lawsuit on July 26, 2012, but service of process was not completed until March 21, 2013.  Defendants answered the Complaint on May 6, 2013 (ECF No. 34, 05/06/2013), and this Court entered a Scheduling Order two days later.  *See* ECF No. 35, 05/08/2013.   That Order stated that the deadline for filing dispositive motions would be three months from the date of the Order or, alternatively, the parties may file a joint status report within three months of the date of the Order.  *Id.*  The Order also directed undersigned counsel for the government to coordinate the preparation of a

1    joint status report, to the extent one was to be filed.  *Id.*  Finally, the Order stated that, if

2    neither a dispositive motion nor a joint status report was filed within three months, the

3    case may be dismissed.  *Id.*

4    **2.**    **The FOIA Requests.**

5        This lawsuit involves three separate FOIA requests.  The first request was directed

6    to the Federal Bureau of Investigation and, as a general matter, sought records related to

7    specific wireless device locators manufactured by the Harris Corporation.   The FBI

8    responded to that request on May 1, 2013 by indicating that, pursuant to FOIA

9    Exemption 7(E), it could neither confirm nor deny the existence of records responsive to

10    plaintiff's request, because confirming or denying the existence of those records would

11    tend to indicate, reveal, or acknowledge the identity of an individual, organization,

12    company, or technology critical to the performance of the FBI's mission, thus inviting the

13    risk of circumvention of federal law enforcement efforts.

14        The second FOIA request was also directed to the FBI and, as a general matter,

15    sought records relating to comments made by FBI employees to a reporter for *The Wall*

16    *Street Journal* regarding an article about cell site simulator devices, as well as comments

17    allegedly made by FBI employees at a Brookings Institution panel regarding cell site

18    simulator devices.  The FBI has completed the processing of that request and, on July 12,

19    2013, released 94 pages of documents (with redactions) to plaintiff.[1]

20        The third FOIA request was directed to the Executive Office for United States

21    Attorneys ("EOUSA") at the Department of Justice.  As a general matter, that request

22    sought all DOJ records regarding specific wireless device locators manufactured by the

23

24        [1] In his motion for partial summary judgment, Mr. Rigmaiden indicated that he
had not received any documents in response to this FOIA request.  Subsequent to that
25    filing, Mr. Rigmaiden did, in fact, receive the FBI's release.  However, Mr. Rigmaiden
contends that he was entitled to receive digitally-redacted documents as he claims they
26    existed in their original, digital form, with metadata included.  The FBI's release was in
paper form, and it is the government's position that documents need not be released in
27    digital form with metadata included.  Mr. Rigmaiden also notes that he did not receive
any documents relating to the Brookings Institution comments, and he has concerns about
28    the searches conducted.  The FBI contends that its searches were adequate.

1   Harris Corporation.   By letter dated May 3, 2013, EOUSA responded to plaintiff's
2   request by indicating that it does not maintain records in a manner which would enable it
3   to reasonably search for the information plaintiff was seeking and, on that basis, denied
4   the request.

5   **3.      Proposed Schedule.**

6          Pursuant to this Court's May 8 Scheduling Order, on July 24 undersigned counsel
7   for the government made arrangements with the Central Arizona Detention Center to
8   schedule a July 30 conference call with plaintiff to discuss the status of the litigation,
9   including a proposed briefing schedule.  Later the same day that undersigned counsel for
10  the government made the arrangements for the conference call, however, he received
11  notice, through this Court's CM/ECF system, that plaintiff had already filed a Motion for
12  Partial Summary Judgment.  *See* ECF No. 36, 07/23/2013 (served via ECF on
13  07/24/2013).

14         The parties conferred via telephone on July 30 and again on August 5.

15         Typically in a FOIA case, the government bears the burden of proof on summary
16  judgment.  To that end, it is the Department's position that such cases can and typically
17  should be resolved solely on the government's summary judgment motion.  Plaintiff,
18  however, has now filed a partial summary judgment motion, to which the government
19  must now respond.  Moreover, plaintiff's partial summary judgment motion included a
20  36-page memorandum in support (ECF No. 36, 07/23/2013); a 64-page, 121-paragraph
21  statement of undisputed material facts (ECF No. 37, 07/23/2013); a 23-page, 49-
22  paragraph declaration (ECF No. 38, 07/23/2013); more than 800 pages of attachments to
23  that declaration (ECF Nos. 38-1 to 38-11, 07/23/2013); and a second, 5-page, 13-
24  paragraph declaration that included an additional 13 pages of attachments (ECF No. 39,
25  07/23/2013).  In order to respond to that summary judgment filing, undersigned counsel
26  for the government will need to coordinate with both the FBI and EOUSA.

27         Specifically, and in light of plaintiff's filing, the government needs to evaluate the
28  effect, if any, that plaintiff's filing will have on the FBI's assertion that it can neither

confirm nor deny the existence of documents responsive to plaintiff's request. Undersigned counsel for the government conferred with plaintiff on July 30 and August 5 regarding the government's desire to evaluate plaintiff's filing, and the parties agreed that it would be appropriate to seek a 60-day stay to allow the government adequate time to evaluate plaintiff's filing.  At the end of that 60-day stay, the parties have agreed to file another joint status report.  Accordingly, the parties propose that the Court adopt the following Order:

1.      The parties shall file a new status report on or before October 7, 2013.  At that time, the parties shall either provide the Court with a proposed schedule for briefing on plaintiff's motion for partial summary judgment and the government's forthcoming cross-motion for summary judgment or, alternatively, provide the Court with an update on the status of the litigation and the parties' attempts to resolve or narrow the issues for the Court to decide.  Counsel for the government shall be responsible for coordinating the preparation of the status report.

2.      Briefing on plaintiff's motion for partial summary judgment (ECF No. 36, 07/23/2013) shall be stayed pending the submission of a new status report on October 7, 2013.

DATED:  August 8, 2013                     Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

/s/ *Brad P. Rosenberg*
BRAD P. ROSENBERG
D.C. Bar No. 467513
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C.  20044
Telephone:  (202) 514-3374
Facsimile:  (202) 616-8460
E-mail:  brad.rosenberg@usdoj.gov

*Attorneys for Defendants*

- 4 –

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on August 8, 2013, I served the attached document by first-

3

class mail, postage pre-paid, on the following, who is not a registered participant of the

4

CM/ECF system:

5

6   Daniel D. Rigmaiden
    Agency # 10966111
7   CCA-CADC
    PO Box 6300
    Florence, AZ  85132

8

9                                             /s/ *Brad P. Rosenberg*
                                              BRAD P. ROSENBERG
10                                            D.C. Bar No. 467513
                                              Trial Attorney
11                                            U.S. Department of Justice
                                              Civil Division, Federal Programs Branch
12                                            P.O. Box 883
                                              Washington, D.C.  20044
13                                            Telephone:  (202) 514-3374
                                              Facsimile:  (202) 616-8460
14                                            E-mail:  brad.rosenberg@usdoj.gov

15                                            *Attorney for Defendants*

16

17

18

19

20

21

22

23

24

25

26

27

28