Daniel Rigmaiden #10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132

Pro Se, Plaintiff

FILED ___ LODGED
___ RECEIVED ___ COPY
OCT 3 0 2013
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel David Rigmaiden, | Civil Action No. |
| Plaintiff, | 12-CV-01605-SRB-BSB |
| v. | |
| Federal Bureau of Investigation, et al. | Plaintiff's Motion Under Vaughn v. Rosen To Require Detailed Indexing, Justification, And Itemization RE: Nov. 10, 2011 FOIA Request To FBI |
| Defendant | |

Plaintiff, Daniel David Rigmaiden, respectfully requests that the Court issue an Order requiring defendant FBI

1

THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT.
REFERENCE LRCivP 54
(Rule Number/Section)

to provide a Vaughn index (Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), cert. den., 415 U.S. 977 (1974)) and various written justifications for its refusal/failure to comply with Plaintiff's November 10, 2011 FOIA request when finally responding with records on July 12, 2013. Plaintiff needs the requested justifications so that he can evaluate whether he needs to ask the Court to order the FBI to (1) provide records that contain less redactions, (2) provide records in native digital form, (3) provide metadata, and (4) conduct an adequate search for the records claimed not to have been located. This motion pertains to only one of the three FOIA requests as Plaintiff is still yet to receive records on

the remaining two FOIA requests.

Via letter dated July 12, 2013, Defendant FBI responded to Plaintiff's FOIA request dated November 10, 2011, RE: comments made to The Wall Street Journal and the Brookings Institution. Plaintiff received this letter from CCA-CADC staff on July 18, 2013. See Daniel Rigmaiden's Third Declaration Under Penalty of Perjury In Support Of Plaintiff's Motion For Partial Summary Judgment, p. 1 ¶ No. 01, and ATTACHMENT 01.

The July 12, 2013 FBI letter included a 94 page paper-form (i.e., non-native digital form records) attachment responsive to FBI comments made to

3

The Wall Street Journal vis-a-vis the StingRay. See id. These documents appear to have been created from their native form digital files as follows: (1) native digital form email files were opened in an email viewing program, (2) the emails were printed out to paper, (3) the paper print-outs were scanned into PDF files so as to make secondary digital form files, (4) the PDF files containing the paper scans were loaded into a PDF editing program, (5) digital redactions were added by drawing black-bordered boxes over text, (6) once redactions were complete, the redacted documents were printed back to paper, (7) these paper print-outs were then scanned into PDF files

(for archival) so as to make digital form files now twice removed from their original native digital form, and (8) the archives were then printed and mailed to Plaintiff. In its letter, the FBI failed to explain why Plaintiff was not provided with the records in native digital form with corresponding metadata, as requested in Plaintiff's original FOIA request letter.

  The documents in the July 12, 2013 FBI letter also contained heavy redactions with cites to exemptions 5 U.S.C. §§ 552(b)(5), (b)(6), (b)(7)(C), and (b)(7)(E). See id. Justifications for the claimed exemptions in support of the redactions were

5

not provided by the FBI. See id.

The July 12, 2013 FBI letter did not include any documents relating to FBI comments made at the May 2011 Brookings Institution panel. See id. Rather, the letter stated that the FBI "conducted a search of [][their] records and were unable to identify records responsive to [that section of] the FOIA [request]." See id, ATTACHMENT 01. The FBI did not explain what records were searched, how searches were conducted, or how its searches were adequate. See id.

Therefore, Plaintiff respectfully requests that the Court issue an order requiring Defendant FBI

to provide Plaintiff within 14 days: (1) an itemization and index of all documents and portions of documents claimed to be exempt from disclosure (i.e., a Vaughn index), correlating specific statements in such itemization and index with actual portions of the documents sent to Plaintiff in the FBI's July 12, 2013 FOIA response, (2) a declaration explaining how the FBI conducted an adequate search for records relating relating to the May 2011 Brookings Institution Panel, (3) a declaration explaining why the FBI refused or failed to provide all requested records in native digital form, as requested by Plaintiff, and (4) a declaration explaining why the

7

FBI refused or failed to provide metadata corresponding to the requested records, as requested. Plaintiff will use the information in the index and declarations to determine whether additional relief needs to be requested from the Court.

Respectfully Submitted: October 28, 2013

Daniel David Rigmaiden
Pro se Plaintiff

/s/ Daniel Rigmaiden
Daniel Rigmaiden

# CERTIFICATE OF SERVICE

I, Daniel David Rigmaiden, certify under penalty of perjury under the laws of the United States of America that on October 28, 2013 I caused the following to be placed into the CCA-CADC mailing system for first-class United States Postal Service delivery:

Original Attached document addressed to:

Clerk of the Court, Attn: Civil Docketing Section
Sandra Day O'Connor U.S. Courthouse
401 West Washington St., Suite 130, SPC-1
Phoenix, AZ 85003-2118

One copy of the original document addressed to:

Brad P. Rosenberg + Kimberly L. Herb
USDOJ, Civil Division, Federal Programs Branch
PO Box 883
Washington, D.C. 20044

9