STUART F. DELERY
Assistant Attorney General
ELIZABETH J. SHAPIRO
Deputy Branch Director
BRAD P. ROSENBERG (D.C. Bar No. 467513)
Trial Attorney
KIMBERLY L. HERB (Illinois Bar No. 6296725)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C.  20044
Telephone: (202) 514-3374
Facsimile: (202) 616-8460
E-mail: brad.rosenberg@usdoj.gov
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel David Rigmaiden,<br><br>Plaintiff,<br><br>vs.<br><br>Federal Bureau of Investigation, et al.,<br><br>Defendants. | No. CV-2012-01605-PHX-SRB(BSB)<br><br>**JOINT STATUS REPORT** |

Pursuant to this Court's Order of October 22, 2013, (ECF No. 53), the parties submit this Joint Status Report.

**1.      Background.**

Plaintiff, who is confined in the Central Arizona Detention Center, filed this Freedom of Information Act ("FOIA") lawsuit on July 26, 2012, but service of process was not completed until March 21, 2013.  Defendants answered the Complaint on May 6, 2013 (ECF No. 34), and this Court entered a Scheduling Order two days later.  (*See* ECF No. 35.)  That Order stated that the deadline for filing dispositive motions would be three months from the date of the Order or, alternatively, the parties may file a joint status report within three months of the date of the Order.  (*Id.*)

Plaintiff filed a Motion for Partial Summary Judgment that was docketed on July 23, 2013. (ECF No. 36.) However, on August 12, 2013, the Court struck the motion for failure to comply with LRCiv 7.2(e)(1). (ECF No. 41.) The Court further ordered that the parties "file dispositive motions by October 8, 2013, or file a status report with an update on the status of the litigation and the parties' attempts to resolve or narrow the issues for the Court to decide." (*Id.* at 1-2.) Plaintiff then filed a renewed Motion for Partial Summary Judgment that contains a certificate of service indicating it was mailed on August 28, 2013; the motion then was lodged on ECF on September 4, 2013, (ECF No. 42).[1]

On September 30, 2013, the parties filed a Joint Motion to Stay Briefing on Plaintiff's Motion for Partial Summary Judgment and to Continue Deadline for Joint Status Report. (ECF No. 48.) The parties believed that some portions of Plaintiff's motion may be moot in light of changed circumstances and sought additional time to reach an agreement as to the processing of Plaintiff's request and the resolution of Plaintiff's FOIA claims. (*Id.*) The Court granted this motion in part, providing that the parties could file a joint status report on October 18, 2013. (ECF No. 48.) However, the Court denied the motion in so far as it sought to stay briefing on Plaintiff's Motion for Partial Summary Judgment and Ordered that Defendants respond by October 31, 2013. (*Id.*) Subsequently, due to the lapse in government funding and the unavailability of counsel for Defendants, (ECF No. 50), the Court reset the deadline for the filing of the joint status report to November 4, 2013 and the deadline for Defendants to respond to Plaintiff's Motion for Partial Summary Judgment to November 18, 2013. (ECF No. 53.)

**2.   The FOIA Requests.**

This lawsuit involves three separate FOIA requests. The first request was directed

---

[1] The postmark for Plaintiff's motion indicated that it was mailed on August 30, 2013, suggesting that there may be a delay between when Plaintiff submits a document for mailing and the actual send date. For this and the additional reasons discussed below, Defendants seek clarity as to when documents filed by Plaintiff will be deemed to have been served.

to the Federal Bureau of Investigation ("FBI") and, as a general matter, sought records related to specific wireless device locators manufactured by the Harris Corporation. (Hereinafter, this request will be known as the "Harris request.") The FBI initially responded to that request on May 1, 2013 by indicating that, pursuant to FOIA Exemption 7(E), it could neither confirm nor deny the existence of records responsive to Plaintiff's request. However, during the pendency of this case and after reviewing additional information, the FBI reached a different determination as to whether it could respond to Plaintiff's request. On September 25, 2013, the FBI sent Plaintiff a letter stating that it could now confirm the existence of records responsive to his request. Furthermore, the FBI outlined the number of pages associated with the request, the fees required to process it, and the formats in which the responsive records could be provided. Additionally, the letter indicated that, given an estimate of the fees associated with processing Plaintiff's FOIA requests, Plaintiff would have to agree to pay those fees before the request could be processed.

The second FOIA request was also directed to the FBI and, as a general matter, sought records relating to comments made by FBI employees to a reporter for *The Wall Street Journal* regarding an article about cell site simulator devices, as well as comments allegedly made by FBI employees at a Brookings Institution panel regarding cell site simulator devices. (Hereinafter, this request will be known as the "*WSJ* request.") The FBI has completed the processing of that request and, on July 12, 2013, released 94 pages of documents (with redactions) to Plaintiff.[2] Furthermore, the government sent Plaintiff by first class mail a draft *Vaughn* index discussing the basis for the withholdings and

---

[2] In his motion for partial summary judgment, Plaintiff indicated that he had not received any documents in response to this FOIA request. Subsequent to that filing, Plaintiff did, in fact, receive the FBI's release. However, Plaintiff contends that he was entitled to receive digitally-redacted documents as he claims they existed in their original, digital form, with metadata included. The FBI's release was in paper form, and it is the government's position that documents need not be released in digital form with metadata included. Plaintiff also notes that he did not receive any documents relating to the Brookings Institution comments, and he has concerns about the searches conducted. The FBI contends that its searches were adequate.

- 3 –

1  redactions to the WSJ request on October 31, 2013.

2  The third FOIA request was directed to the Executive Office for United States Attorneys ("EOUSA") at the Department of Justice ("DOJ"). As a general matter, that request sought records from specific DOJ offices regarding specific wireless device locators manufactured by the Harris Corporation. (Hereinafter, this request will be known as the "EOUSA request.") By letter dated May 3, 2013, EOUSA responded to Plaintiff's request by indicating that it does not maintain records in a manner which would enable it to reasonably search for the information Plaintiff was seeking and, on that basis, denied the request.

**3.   Proposed Schedule.**

Pursuant to this Court's October 22, 2013 Order, counsel for Defendants made arrangements with the Central Arizona Detention Center to confer with Plaintiff on October 23, 2013 and November 1, 2013 to discuss the status of the litigation, including a proposed briefing schedule. Plaintiff indicated that, while he recognizes that certain parts of his motion may be moot in light of the FBI's determination that it can respond to the Harris component of his FOIA request, he would like to proceed with briefing on his partial motion for summary judgment. He believes that several issues raised in his motion can be resolved at this time, including issues related to (1) the EOUSA request; (2) whether he should be assessed search and duplication fees related to his requests; (3) whether documents produced by Defendants must be provided in a native digital format; and (4) whether produced documents must contain metadata. Additionally, Plaintiff would like to address any question related to the FBI's timeline for the production of documents related to the Harris component of his FOIA request as part of this series of motions.[3] Finally, Plaintiff also filed a motion seeking additional relief, including *inter alia* a *Vaughn* index related to the WSJ request and written justifications for why the FBI

---

[3] At the time of Plaintiff's filing, he had not yet received notice that the FBI would be able to process the Harris request. Accordingly, Plaintiff's motion addressed the FBI's failure to process the Harris request and Plaintiff's request for expedited processing.

- 4 –

1  has not provided documents in a native format with metadata.

2  Defendants believe there are certain threshold issues that need to be addressed at this juncture, namely issues related to the FBI's processing of the Harris component of the FOIA request, fee issues, and the format in which documents must be produced. The FBI needs to resolve such questions prior to being able to process Plaintiff's Harris request. However, other issues that Plaintiff raised in his Motion for Partial Summary Judgment are moot and not ripe. Accordingly, Defendants believe that the most expeditious method to resolve these issues would be for Plaintiff to withdraw his pending Motion for Partial Summary Judgment and agree to a new briefing schedule for the discrete set of issues that are ripe for resolution. Nevertheless, in light of Plaintiff's statement that he will not withdraw his motion, Defendants will respond to Plaintiff's pending Motion for Partial Summary Judgment and will cross-move for summary judgment on those issues Defendants believe are ripe for resolution. Furthermore, Defendants intend to move to strike Plaintiff's motion for additional relief including the provision of declarations and a draft *Vaughn* index, as cross-motions are the appropriate vehicles for the resolution of such issues and because Plaintiff is seeking relief to which he is not entitled. To the degree that Plaintiff files any additional motions or declarations in the coming days outside of the following agreed upon schedule, Defendants reserve the right to move to strike those as well.

Accordingly, the parties propose that this case proceed as follows:

1. Defendants will respond to Plaintiff's Motion for Partial Summary Judgment on or before November 18, 2013. At that time, Defendants anticipate cross-moving for summary judgment on the limited number of issues that are now ripe.

2. Plaintiff's reply brief in support of his Motion for Partial Summary Judgment and in opposition to Defendant's cross-motion for summary judgment shall be due on or before January 6, 2014.

3. Defendants' reply brief in support of their cross-motion for summary judgment will be due on February 3, 2014.

4. Within thirty (30) days of the Court's issuance of an Order and decision regarding the parties' cross-motions for partial summary judgment, the parties will confer and discuss a proposed schedule for the disposition of the remaining issues in this case.

5. Within forty-five (45) days of the Court's issuance of an Order and decision regarding the parties' cross-motions for partial summary judgment, the parties will submit a joint status report to the Court outlining the proposed schedule. Counsel for the government shall be responsible for coordinating the preparation of the status report.

**4.     Other Issues.**

Defendants seek clarity as to the date on which Plaintiff's filings will be deemed to have been served on Defendants. Due to the Plaintiff's incarceration, he is unable to file documents on ECF and instead mails documents to the Court's clerk's office (for scanning into ECF) and to undersigned counsel. These methods of service have created an ambiguity as to when service is effectuated on Defendants because it is unclear whether the dispositive date is the mailing date or the date on which his filings are entered by the clerk's office into the ECF system. Moreover, there is an extensive time delay when filings are mailed to the Department of Justice, as letters and correspondence to Department of Justice facilities are typically diverted and screened for security reasons. Accordingly, for purposes of calculating Defendants' time to respond to Plaintiff's filings, the parties ask this Court to enter an order for the duration of this case setting the service date upon Defendants for documents filed by Plaintiff as the date on which the clerk's office enters any of Plaintiff's filings into the ECF system pursuant to Federal Rule of Civil Procedure 5(b)(3) and 5(b)(2)(E). This rule would not affect Plaintiff's filing date, which will continue to be construed as the date on which Plaintiff places the filing into the CCA mailing system.[4]

---

[4] As the Department would rely upon the ECF scanned documents and the ECF-generated Notice of Electronic Filing as the service date for such filings, the Department is willing to waive any requirement that Plaintiff separately mail a hardcopy version of his filings to the Department.

- 6 –

1

2  DATED:  November 1, 2013					Respectfully submitted,

3								STUART F. DELERY
								Assistant Attorney General
4
								ELIZABETH J. SHAPIRO
5								Deputy Branch Director

6								/s/ *Kimberly L. Herb*
								BRAD P. ROSENBERG
7								D.C. Bar No. 467513
								KIMBERLY L. HERB
8								Illinois Bar No. 6296725
								Trial Attorneys
9								U.S. Department of Justice
								Civil Division, Federal Programs Branch
10								P.O. Box 883
								Washington, D.C.  20044
11								Telephone:  (202) 514-3374
								Facsimile:  (202) 616-8460
12								E-mail:  brad.rosenberg@usdoj.gov

13								*Attorneys for Defendants*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on November 1, 2013, I served the attached document by first-class mail, postage pre-paid, on the following, who is not a registered participant of the CM/ECF system:

>   Daniel D. Rigmaiden
>   Agency # 10966111
>   CCA-CADC
>   PO Box 6300
>   Florence, AZ  85132

>   /s/ *Kimberly L. Herb*
>   BRAD P. ROSENBERG
>   D.C. Bar No. 467513
>   KIMBERLY L. HERB
>   Illinois Bar No. 6296725
>   Trial Attorneys
>   U.S. Department of Justice
>   Civil Division, Federal Programs Branch
>   P.O. Box 883
>   Washington, D.C.  20044
>   Telephone:  (202) 514-3374
>   Facsimile:  (202) 616-8460
>   E-mail:  brad.rosenberg@usdoj.gov
>
>   *Attorneys for Defendants*