1 | Daniel David Rigmaiden #10966111
CCA-CADC
2 | PO Box 6300
Florence, AZ 85132
3 | Telephone: none
Email: none
4

5 | Daniel David Rigmaiden,
Pro Se, Plaintiff

FILED ___ LODGED
___ RECEIVED ___ COPY

NOV 0 7 2013

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

6 | **UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**
7

| | |
|---|---|
| 8  Daniel David Rigmaiden, | Civil Action No.: |
| 9       Plaintiff,  v. | 12-CV-01605-SRB-BSB |
| 10  Federal Bureau of Investigation, et al. | DANIEL RIGMAIDEN'S **SIXTH** DECLARATION UNDER PENALTY OF PERJURY IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT **[METADATA]** |
| 11       Defendant. | |
| 12 | |

13 | This supplemental declaration is submitted pursuant to Fed. R. Civ. P., Rule 56(e)(1)

14 | ("The court may permit an affidavit to be supplemented... by... additional affidavits."). *See*

15 | *also* 28 U.S.C. § 1746 (declarations are the same as affidavits). This declaration supplements

16 | my prior declaration at Dkt. #042.

17 | Plaintiff, Daniel David Rigmaiden, being competent to make this declaration and

18 | having personal knowledge of the matters stated herein, declares pursuant to 28 U.S.C. §

19 | 1746:

20 | 1.     This declaration explains how **it is in the public interest** for Defendants FBI

21 | and EOUSA to provide me with all metadata corresponding to all digital records, as required

22 | by the Electronic Freedom of Information Act Amendments of 1996, Pub. L. 104-231, 110

23 | Stat. 3048, 3049 (codified as amended at 5 U.S.C. § 552(f)(2)), and as requested in all three

24 | of my initial FOIA request letters. *See Complaint*, EXHIBIT 01, EXHIBIT 05, and EXHIBIT

25 | 11 (Dkt. #001-1). This declaration also explains how Defendant FBI and EOUSA can easily

26 | locate, redact, and provide the requested metadata.

27 | 2.     My pending FOIA requests ask that I be provided with all metadata, system

28 |

THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE _____ (Rule Number/Section)

metadata,[1] substantive metadata,[2] and embedded metadata.[3] *See id.* I also requested that

"all digital documents be provided in their original native form <u>with metadata preserved</u>."

*See id.* (emphasis in original). Since making my requests, neither the FBI nor the EOUSA

have provided me with any metadata and no indication has been made by either defendant

that metadata will be provided. However, counsel for Defendants, Kimberly Herb, informed

me via telephone that Defendants will not provide me with metadata. After I became aware

on September 30, 2013 that Defendant FBI would be processing at least 15,377 "pages" of

records (4,377 of those ready to be sent) as paper print-outs scanned back into PDF files, I

then knew that the sheer volume of records absolutely necessitated that metadata be provided,

else both myself and other members of the public will be unable to organize and search the

records in an intelligible manner. Below I use the FBI's 94-page paper print-out response to

my November 10, 2011 FOIA request to show a real-world example of how a lack of

metadata hinders public understanding of FOIA content when thousands of pages are

produced.

      3.      On July 12, 2013, when Defendant FBI responded to my November 10, 2011

FOIA request RE: comments made to *The Wall Street Journal* and the Brookings Institution,

it provided me with 94 pages of paper-form documents (*i.e.*, non-native digital form records).

*See Daniel Rigmaiden's **Third** Declaration Under Penalty Of Perjury In Support Of*

---

1.     System metadata is data automatically generated by a computer system when a native file is created, modified, transmitted, deleted or otherwise manipulated by a user of such system. This data is not part of the native file and resides as part of the computer system with a reference to the native file.

2.     Substantive metadata is data generated by the application accessing the native file such as the data reflecting the date/time the file was created or modified and data reflecting changes made to the document by the user. This data is part of the native file and is viewable from the application used to create or modify the native file.

3.     Embedded metadata is text, numbers, content, data, or other information that is directly or indirectly inputted into a native file by a user and which is not typically visible to the user viewing the output display of the native file on screen or as a print-out. Examples of embedded metadata include, but are not limited to, spreadsheet formulas (which display as the results of the formula operation), hidden columns, externally or internally linked files (*e.g.*, sound files in Powerpoint presentation), references to external files and content (*e.g.*, hyperlinks to HTML files or URLs), references and fields (*e.g.*, the field codes for an auto-numbered document), and certain database information if the data is part of a database (*e.g.*, a date field in a database will display as a formatted date, but its actual value is typically a long integer).

1    *Plaintiff's Motion For Partial Summary Judgment*, p. 1, ¶ No. 01, and ATTACHMENT 01

2    (Dkt. #043).  The FOIA response contained no metadata.

3            4.      I need metadata for the 15,377 "pages" of records so that I can enter it into an

4    SQL database, using PostgreSQL,[4] which will allow for sophisticated keyword search

5    functions to be performed by members of the public.  I will make the SQL database and

6    search features accessible to the public via a website.  The metadata will compliment the

7    vector based text entered into the database as explained in my prior declaration, *Daniel*

8    *Rigmaiden's **Fifth** Declaration Under Penalty Of Perjury In Support Of Plaintiff's Motion*

9    *For Partial Summary Judgment* (Dkt. #???).

10           5.      For example, system metadata and substantive metadata for digital records will

11   contain file creation date, access date, and modification date.  If the vector based text within

12   the body of a record does not contain a date, the metadata date can be used in place of the

13   missing visible date when entering the record into the SQL database chronology.  The purpose

14   of providing the public with a chronological database of records is explained in my prior

15   declaration, *Daniel Rigmaiden's **Fifth** Declaration Under Penalty Of Perjury In Support Of*

16   *Plaintiff's Motion For Partial Summary Judgment.*, ¶ No. 14 (Dkt. #???).

17           6.      All three requested forms of metadata corresponding to digital records may also

18   contain information on who authored a given record or what office or department within the

19   FBI or EOUSA authored or originated the record.  This information will help the public

20   understand which faction of a given Defendant is responsible for the policies or practices

21   discussed in the record.  For example, the noted metadata for a given record may indicate that

22   the FBI Engineering Research Facility was the originator.

23           7.      Other benefits may also come to light upon viewing the metadata for each

24   specific digital record.  For example, in my self-represented criminal case, United States v.

25   Rigmaiden, CR08-814-PHX-DGC (D.Ariz), I compared author and date substantive metadata

26

---

27   4.      "PostgreSQL, often simply Postgres, is an object-relational database management
     system (ORDBMS) available for many platforms including Linux, FreeBSD, Solaris,
28   Microsoft Windows and Mac OS X." *PostgreSQL - Wikipedia, the free encyclopedia*,
     http://en.wikipedia.org/wiki/Postgresql (last accessed: Aug. 20, 2013).

1   within two native digital form FBI Excel documents to support my request for suppression of

2   seized historical cell site location information:

3       [T]he metadata for the Excel documents provided to the government by Verizon
        Wireless indicates that the [two separate sets of cell site location] records [in the
4       Excel documents] were compiled by Verizon Wireless' Law Enforcement
        Resource Team on the same day the records were given to the FBI.  The Excel
5       documents were clearly created upon government instruction using records
        drawn from a set of raw technical data and are not themselves preexisting
6       Verizon Wireless business records.

7       *See id., Motion To Suppress* (Dkt. #824-1, p. 233 ).

8   The metadata allowed me to show that the two Excel documents were created on different

9   dates by two different Verizon Wireless employees who drew from the same set of non-

10  business-related technical data.  Using the comparisons, I was able to argue that Verizon

11  Wireless employees compiled historical cell site location information only upon law

12  enforcement request, which places the records outside the routine business records exception

13  established in United States v. Miller, 425 U.S. 435 (1976).  My argument was supported by

14  In The Matter Of The Application Of The United States Of America For An Order Directing

15  A Provider Of Electronic Communication Service To Disclose Records To The Government,

16  534 F.Supp.2d 585, 615 (W.D.Pa. 2008), *vacated on other grounds*, 620 F.3d 304 (3rd Cir.

17  2010) ("Lenihan (mj) 2008 Opinion") (Rejecting the third-party disclosure rule because

18  historical cell site location information is not used in the "ordinary course of the provision of

19  telephone communications services" and is instead "retained principally, if not exclusively, in

20  response to Government directive." (footnote omitted)).

21      8.      It would be a simple task for Defendants FBI and EOUSA to provide me with

22  metadata.  If Defendants are providing me with a *true* native form digital record, the

23  substantive metadata data and embedded metadata will be embedded in the file.  If providing

24  me with a record that was digitally converted into a PDF file (so as to preserve the original

25  vector based text),[5] the substantive metadata and embedded metadata can be extracted from

26

27  5.      This conversion method, which preserves the vector based text contained in the *true*
    native form digital record, is explained in ¶ Nos. 17-19 of my prior declaration, *Daniel
28  Rigmaiden's **Fifth** Declaration Under Penalty Of Perjury In Support Of Plaintiff's Motion
    For Partial Summary Judgment* (Dkt. #???).

1  the *true* native form digital record, placed into a text file, and provided to me along with the

2  digitally created PDF file.  Under both scenarios, the separate system metadata can be

3  extracted from the operating system and/or the database storing the files and then be provided

4  to me in a text file corresponding to the record.

5          9.      If any of the requested metadata is not currently within the FBI's general

6  indices, the FBI FOIA Work Process Unit ("WPU") can draft an electronic communication

7  called a "search EC" and send it to those divisions who provided the 15,377 responsive

8  records that were already scanned into the FBI's electronic FOIA/Privacy Act Document

9  Processing System ("FDPS").  *See* EPIC v. FBI, 12-cv-00667-CKK (D.D.C.), Doc. #16-1

10 [declaration by David M. Hardy], p. 7-8 & fn. 5 ("At times, when a standard search of the

11 general indices does not produce anticipated results, WPU drafts an electronic

12 communication called a 'search EC' and directs it to those divisions most likely to house

13 potentially responsive material.").  Because of how the FBI's FOIA system operates,

14 **complete with custom search ECs for non indexed records** (*see id.*), those divisions that

15 provided the 15,377 records responsive to Plaintiff's request in the first instance can now

16 provide the metadata in response to a WPU search EC without delay.

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

Daniel Rigmaiden's 6th Declaration

1    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is

2  true and correct.

3

4    Executed on: November 4, 2013_____ in Florence, AZ, USA.

5

6                                            DANIEL DAVID RIGMAIDEN,
                                             Pro Se Plaintiff:
7

8                                            Daniel D. Rigmaiden
                                             Agency # 10966111
9                                            CCA-CADC
                                             PO Box 6300
10                                           Florence, AZ 85132
                                             Telephone: none
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

1

2        I, Daniel David Rigmaiden, certify under penalty of perjury under the laws of the

3    United States of America that on _November 7, 2013_____ I caused the following

4    to be mailed first-class United States Postal Service delivery by _providing it to_____

5    _Dan Colmeraver for him to serve on:_____:

6

7    Original attached document addressed to:

8    Clerk of the Court
     Attn: Civil Docketing Section
9    Sandra Day O'Connor U.S. Courthouse
     401 West Washington Street, Suite 130, SPC 1
10   Phoenix, AZ 85003-2118

11

12   One copy of the original document addressed to:

13   Brad P. Rosenberg, Trial Attorney
     Kimberly L. Herb, Trial Attorney
14   U.S. Department of Justice
     Civil Division, Federal Programs Branch
15   PO Box 883
     Washington, D.C. 20044

16

17

18

19

20

21

22

23

24

25

26

27

28   By: _____

- 7 -