Daniel David Rigmaiden #10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132
Telephone: none
Email: none

Daniel David Rigmaiden,
Pro Se, Plaintiff

FILED _____   _____ LODGED
_____ RECEIVED   _____ COPY

NOV 0 7 2013

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel David Rigmaiden, | Civil Action No.: |
| Plaintiff, | 12-CV-01605-SRB-BSB |
| v. | |
| Federal Bureau of Investigation, et al. | DANIEL RIGMAIDEN'S **FIFTH** DECLARATION UNDER PENALTY OF PERJURY IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT **[NATIVE DIGITAL RECORDS]** |
| Defendant. | |

This supplemental declaration is submitted pursuant to  Fed. R. Civ. P., Rule 56(e)(1) ("The court may permit an affidavit to be supplemented... by... additional affidavits.").  *See also* 28 U.S.C. § 1746 (declarations are the same as affidavits).  This declaration supplements my prior declaration at Dkt. #042.

Plaintiff, Daniel David Rigmaiden, being competent to make this declaration and having personal knowledge of the matters stated herein, declares pursuant to 28 U.S.C. § 1746:

1.    This declaration explains how **it is in the public interest** for Defendants FBI and EOUSA to provide me with all records in native digital form, as required by the Electronic Freedom of Information Act Amendments of 1996, Pub. L. 104-231, 110 Stat. 3048, 3049 (codified as amended at 5 U.S.C. § 552(f)(2)), and as requested in all three of my initial FOIA request letters. *See Complaint*, EXHIBIT 01, EXHIBIT 05, and EXHIBIT 11 (Dkt. #001-1).  This declaration also explains how Defendant FBI and EOUSA can easily locate, redact, and provide the requested records in native digital form.

2.    My pending FOIA requests ask that "all digital documents be provided in their

THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE _LRCV/PSY_
(Rule Number/Section)

1  original native form[.]" *See id.* Since making my requests, neither the FBI nor the EOUSA

2  have provided me with native form digital records and no indication has been made by either

3  defendant that native form digital records will be provided. However, since making my

4  requests, counsel for Defendants, Kimberly Herb, informed me via telephone that native form

5  digital records will not be provided by Defendants. After I became aware on September 30,

6  2013 that Defendant FBI would be processing at least 15,377 "pages" of records (4,377 of

7  those ready to be sent) as paper print-outs scanned back into PDF files, I then knew that the

8  sheer volume of records absolutely necessitated native digital form disclosure, else both

9  myself and other members of the public will be unable to organize and search the records in

10  an intelligible manner. Below I use the FBI's 94-page paper print-out response to my

11  November 10, 2011 FOIA request to show a real-world example of how non-native form

12  digital records hinder public understanding of FOIA content when thousands of pages are

13  produced.

14      3.   On July 12, 2013, when Defendant FBI responded to my November 10, 2011

15  FOIA request RE: comments made to *The Wall Street Journal* and the Brookings Institution,

16  it provided me with 94 pages of paper-form documents (*i.e.*, non-native digital form records).

17  *See Daniel Rigmaiden's **Third** Declaration Under Penalty Of Perjury In Support Of*

18  *Plaintiff's Motion For Partial Summary Judgment*, p. 1, ¶ No. 01, and ATTACHMENT 01

19  (Dkt. #043). The records were copies of emails with attachments.

20      4.   The non-native digital form, paper print-out documents, in Defendant FBI's July

21  12, 2013 FOIA response appear to have been created as follows: (**1**) native form digital email

22  files were opened in an email viewing program, (**2**) the emails were printed out to paper, (**3**)

23  the paper print-outs were scanned into PDF files so as to make secondary digital form files,

24  (**4**) the PDF files containing the paper scans were loaded into a PDF editing program, (**5**)

25  digital redactions were added by drawing white boxes with black borders over text, (**6**) once

26  redactions were complete, the redacted documents were again printed to paper, (**7**) these

27  paper print-outs were then scanned into PDF files (for archival) so as to make digital form

28  files now twice removed from their original native digital form, and (**8**) the 94-page archive

was then printed to paper and mailed to me as a FOIA response.

5. After receiving the FBI's 94-page paper-form FOIA response, I had the documents scanned into a PDF file and Optical Character Recognition ("OCR") was performed on the file in order to convert the flat image text into vector based, keyword searchable text. The program used for OCR was Nitro PDF Professional 6.1.2.1 with OCR conversion "Quality" set on "High." By converting the flat image text to vector based text via OCR, members of the public will be able to run keyword searches within the 94-page FOIA response (as a PDF file) in order to more quickly locate information relevant to FBI policies and practices vis-a-vis Harris devices.

6. However, performing keyword searches on the OCR converted records is not an adequate replacement for either (1) keyword searches conducted on the native form digital email files (*e.g.*, *.eml files if using a program such as Microsoft Outlook or *.mht files if using a web based email account) containing the original vector based text (*See* ¶ No. 20, *infra*), or (2) keyword searches conducted on the digital-print-to-PDF versions of the native form digital files (*i.e.*, *.eml or *.mht files digitally converted into PDF files using a free PDF print driver such as PrimoPDF[1] or doPDF),[2] which preserves the original vector based text without the need for printing to paper, scanning to PDF, and after-the-fact OCR conversion. *See* ¶ Nos. 17-19, *infra*. (explaining the digital print-to-PDF and redaction method).

7. Attached as <u>ATTACHMENT 01</u> is page No.1 of 94 of the OCR converted PDF file created from the 94 paper records provided to me by the FBI on July 12, 2013. The attached is admissible under Fed. R. Evid. 901(a), and Fed. R. Evid. 901(b)(4). Pursuant to Fed. R. Evid. 901(a) and Fed. R. Civ. P. 56(e)(1), I certify that the attachment is a true and correct copy of the original currently in my possession.

8. I previously opened the digital version of <u>ATTACHMENT 01</u> using Nuance PDF Reader 6.0, selected all of the OCR converted vector based text, and copied it to my computer clipboard. The copied text is pasted below:

---

1.   *See* http://www.nitrodf.com (last accessed: 2010).
2.   *See* http://www.dopdf.com (last accessed: 2010).

· kRMD) (FBI)
·Fro~:,
I I
Sent: 'Friday. September 16. 20116:30 PM
To: Sabol. Sherry E.
Subject: RE: Wall Stree~ Journal request -legal s.tatus of ·stin~ray" technology
b5 -1
b6 -1
b7C -1
One addition from OPA as follows. L~t me know if you hear back from OlD.
Tha'nksl
From.: Sa~, Sherry E.
Sen' '
To~     ~~~~~~     ~~~~~~~~. ----------,
Cc: Hess, Amy S.; SIyars, 0 Keith; taIMlelt, elaine N.; Kortan, Michael P.
Subject: Re: Wan Street Journal request -le:gal status of
-stfng,ray""tech':'~~----"""
OTO·1s this good to go?
b6 -1
b7C -1
Fro-:n: sabo', S~,r:F:..... ----------- -.
To: Sabol"Sherri E.j
Cc: Hess, Amy S.; Bryars, D Keith; Lammert, Elaine, N.; kOitanJ
'Sent: Fit Sep 1~ 16:48:15 2Qll '-- ---1
Subject: RE: Wall Street Journa' request, -legal status o(~stfngray"" tech~, '
I inadvertently took OPA off the e,arlier'version -Iknow they have. a deadln'e of
C.08 today.
b6 -1
b7C -1
From: Sabol"Sherry E.
.sent:::=
1§ 2QU 4:12 PM
~ H~~rs, lfKeith; Uirnmert; saine N.
Subject: RE: Wall Street Joumal request -legal status of -stingray"" technology
.Importance: High .,
b5 -1
b7E -1
W5JCELL-l
_-'---'--_-=-:___.c.=..;.,;:___ _ , _

9.      Attached as <u>ATTACHMENT 02</u> is page No.1 of 85 of the Electronic Privacy

Information Center's ("EPIC") identical version of the FOIA response record at

<u>ATTACHMENT 01</u>, but provided directly to EPIC by the FBI in response to EPIC's own

FOIA request.  The attached is a printed Internet resource and is admissible under Fed. R.

Evid. 901(a), and Fed. R. Evid. 901(b)(4).  Pursuant to Fed. R. Evid. 901(a) and Fed. R. Civ.

P. 56(e)(1), I certify that the attachment is a true and correct copy of the printed Internet

resource provided to me by Dan Colmerauer.  Upon information provided to me by Mr.

1  Colmerauer, the printed Internet resource was obtained by him from

2  http://epic.org/foia/fbi/stingray/FBI-FOIA-Release-07122013-s1-OCR.pdf (last accessed:

3  Oct. 1, 2013).

4          10.    I previously opened the digital version of <u>ATTACHMENT 02</u> using Nuance

5  PDF Reader 6.0, selected all of the OCR converted vector based text, and copied it to my

6  computer clipboard.  The copied text is pasted below:

7          _____-----"~,;.;,;RM~D

  .. )...

8  (F.;;;

  BI~)======::::;- \_

9  Sent:

  SUbJect:

10  1=riaaY.:seiPiennEeirTa: 2011 6:30 pM

  Journal request •• Iegal status of ·stingray" technology

11  b:::' 1

  1

12  One addition from OPA as follows. let me know if you hear back from OTD.

  Tha-nksl

13  Sent:Flida

  TO~---=----=~~-~=\_\_=\_:\_\_\_=--\_:\_\_\_=~\_\_\_=\_:\_\_\_="~-~\_:\_\_\_=\_=\_\_rL..-----

14  \_\_\_'

  Cc: Hess, Amy S.; Bryars, DKeith; Lammert, Elaine N.; Kortan, Michael P.

15  Subject: Re: Wall Street Journal request --legal status of

  "stl~ray""" tEdlra<5gy-------I

16  Fro':'1: sabol, S.herryJ= L,

  ~:~ :~:,~~7;EB~ars, 0 Keith; Lammert, ElalneN.;

17  Kortan~ ~

  'Sent: Fri 5ep 16 16:48:15 2011 '- - - - - - - - - -

18  SubJec.t: RE: Wall Street Journal request --legal status of "stingray" tEdinology

19  I inadvertently took OPAoff the

  ~arlierversion -I know they have a deadline of COB today.

20  From: sabol, \_Sherry E.

  '5e~rt§l2Q11'I:lZPM

21  Tal

  Cc: Hess,

22  ~y s;; Bryars, (iReith; ta'mmert, Elaine

  N~

23  SubJec.t: RE: Wall Street Journal request -legal status of "stingray" tEdinology

  b7C -1

24  b5 -1

25          11.    As the two blocks of OCR converted text show, the manner in which the FBI

26  provides FOIA records significantly hinders one's ability to digitally search and organize

27  responsive text.  For example, one line in my version of the FOIA record machine-reads,

28  "Subject: RE: Wall Street Journa' request, -legal status o(~stfngray"" tech~,'."  If searching

1    for the keyword "stingray" or "Wall Street Journal," the quoted line will not match. This is

2    because the OCR conversion turned the flat image form of "stingray" into "stfngray" and

3    "Journal" into " Journa." EPIC's version of the FOIA record suffers similar problems. For

4    example, two occurrences of the word "Subject" converted into "SubJec.t," which would

5    prevent automation software from mining the PDF file so as to create a database of email

6    subject lines for easy public viewing and retrieval. The above are only three of many

7    examples showing how running OCR conversion on the FBI's 94 pages of non-native form

8    FOIA response records failed to make up for a lack of native form digital records.

9         12.      Most people do not have the time to read 94 pages of government documents,

10   let alone the 15,377pages[3] that still need to be provided to me by the FBI. Keyword

11   searches will be the primary method used to locate information of interest. In order for the

12   records to adequately aid public understanding via keyword searches, the text needs to be in

13   original vector based form—as provided by native form digital files (*See* ¶ No. 20, *infra*), or

14   in vector-to-vector conversion form as created by the PrimoPDF and doPDF print drivers.

15   *See* ¶ Nos. 17-19, *infra*. (explaining the digital print-to-PDF and redaction process). If given

16   the native form digital records or an equivalent, I will be able to load the vector based text

17   into an SQL database, using PostgreSQL,[4] which will allow for sophisticated, error free

18   keyword search functions to be performed by members of the public. I will make the SQL

19   database and search features accessible to the public via a website.

20         13.      In addition to the poor keyword conversions present in the FBI's non-native

21   digital form records, the dates for the emails also rarely converted properly. For example, one

22   OCR converted date line in my version of the FOIA record (<u>ATTACHMENT 01</u>) machine-

23   reads, "'Sent: Fit Sep 1~ 16:48:15 2Qll '-- ---1," while it should machine-read, "Sent: Fri Sep

24

_____

25   3.     *See Daniel Rigmaiden's **Fourth** Declaration Under Penalty Of Perjury In Support Of Plaintiff's Motion For Partial Summary Judgment*, ATTACHMENT 01 (FBI FOIA letter explaining voluntary reversal of substantive position on initial *Glomar* claim applicable to

26   15,377 records) (Dkt. #???).

27   4.     "PostgreSQL, often simply Postgres, is an object-relational database management system (ORDBMS) available for many platforms including Linux, FreeBSD, Solaris, Microsoft Windows and Mac OS X." *PostgreSQL - Wikipedia, the free encyclopedia*,

28   http://en.wikipedia.org/wiki/Postgresql (last accessed: Aug. 20, 2013).

1  16 16:48:15 2011." In EPIC's version of the record (<u>ATTACHMENT 02</u>), one date (*i.e.*,

2  Friday, September 16, 2011 6:11 PM) failed to convert at all and remains a flat image

3  representation requiring a direct human-eye review. The above are only two of many

4  examples showing how OCR conversion of date text within the FBI's 94 pages of non-native

5  form FOIA response records failed to make up for a lack of native form digital records.

6      14.     In addition to an SQL database of keywords, it would also help public

7  understanding to organize the FBI's 15,377 FOIA response records[5] (yet to be provided to

8  Plaintiff) into an SQL database according to date and time. Having a chronological order of

9  emails and other documents will allow for showing the progression of FBI policies and use of

10  Harris equipment over a period time. The public, including myself, would benefit from

11  knowing *when*, not just *how*, the FBI engaged in certain tracking and locating activities. The

12  benefits are endless. For example, by using the *when*, other illegal government surveillance

13  activity—which may be identified in the news, in other FOIA responses, or in case law—can

14  be compared, datewise, to the FOIA responses provided to me in order to determine how

15  changes in FBI policy and practices were prompted by specific events. A chronologically

16  ordered database will help identify what events or social factors caused FBI policies and

17  practices to stray from Constitutional standards held by the general public.

18      15.     While it would be possible to manually copy all text and dates from the 94-page

19  FOIA response provided to me by the FBI—and enter that data into a chronologically ordered

20  SQL database, it would likely take me a minimum of 10 minutes per page (*i.e.*, more than 15

21  hours) to complete. The same task applied to the remaining 15,377 pages of FBI records yet

22  to be provided would take me nearly 1.25 years of 40-hour work weeks to complete. Aside

23  from the time required, there would likely be many human error mistakes in a 15,377 page

24  data entry job. All of these problems can be avoided if Defendants would simply provide the

25  native form digital records, as required by the 1996 FOIA amendments, requested in my

26

27  5.     *See Daniel Rigmaiden's* **Fourth** *Declaration Under Penalty Of Perjury In Support Of Plaintiff's Motion For Partial Summary Judgment*, ATTACHMENT 01 (FBI FOIA letter

28  explaining voluntary reversal of substantive position on initial *Glomar* claim applicable to 15,377 records) (Dkt. #???).

1 | initial FOIA request letters, and within the FBI's FOIA system capabilities.

2 |      16.    By providing native form digital records, the dates, keywords, and all other text

3 | will be preserved as vector based text—eliminating the need for manual data entry. Records

4 | in this form will allow for error free machine-reading, via automation software—including

5 | artificial intelligence algorithms / machine learning and integrated human computation—for

6 | the purpose of datamining and organizing the records in ways that would take a human

7 | literally millions of hours to complete without the aid of software. The datamining methods I

8 | speak of are the same methods employed by the government, albeit less sophisticated, to

9 | make sense of the massive amounts of personal and private information it gathers on U.S.

10 | citizens. The paper documents and *native-digital to paper-print to digital-scan to paper-print*

11 | *to digital-scan to OCR PDF* records Defendants insist on providing will prevent me from

12 | employing the complex database and search algorithms needed to display information in

13 | ways that will advance public understanding of FBI policies and practices vis-a-vis Harris

14 | WPG equipment.

15 |      17.    It would be a simple task for Defendants FBI and EOUSA to provide me with

16 | native form digital documents or an equivalent. For example, an email file in *.eml format or

17 | in a format displayed within a web based email account can be digitally converted to a PDF

18 | file using the PrimoPDF or doPDF print driver. Assuming one of the PDF print drivers is

19 | installed, this process involves (**1**) clicking the print button of the display program (*e.g.*,

20 | Microsoft Outlook for *.eml files or Internet Explorer for *.html files, *etc.*) while the

21 | document is open and displayed, (**2**) choosing the PrimoPDF or doPDF "virtual printer" from

22 | the list of installed printers, (**3**) clicking the "print" button, (**4**) specifying where to save the

23 | resulting PDF file, and (**5**) waiting a few seconds for the PDF file to be created and saved.[6]

24 |

25 | 6.    Even the Court requires that native form digital documents be converted directly to PDF, rather than simply printed to paper and scanned, prior to uploading to PACER by ECF account holders. "Documents submitted for filing in the ECF system must be in a Portable

26 | Document Format (.pdf). Documents which exist only in paper form may be scanned into

27 | .pdf for electronic filing. All electronic documents must be converted to .pdf directly from a word processing program (e.g., Microsoft Word® or Corel WordPerfect®) and **must be text**

28 | **searchable**." ECF Proc. I(B)(4) (emphasis added). While this process may be foreign to Defendants and their counsel, it is a very common practice in in the District of Arizona.

18.     Once digitally converted to a PDF file, digital redactions of the vector based text can easily be performed by Defendants.  This process involves **(1)** opening the PDF file in Redax or Adobe Acrobat X Pro, **(2)** using the built-in redaction tools to draw white boxes with black borders over text that needs to be redacted, and **(3)** saving the redacted record to a new PDF file.  "Redax completely redacts (removes) text and graphics from the PDF page. Hacking the file cannot reveal properly redacted information." *Appligent Document Solutions – Redax*, http://www.appligent.com/redax (last accessed: Dec. 16, 2010); *Daniel Rigmaiden's **First** Declaration Under Penalty Of Perjury In Support Of Plaintiff's Motion For Partial Summary Judgment*, ATTACHMENT 31 (web resource attached) (Dkt. #038-8). *See also Adobe Acrobat X Pro Datasheet, available at* http://www.adobe.com/content/dam/Adobe/en/products/acrobat/pdfs/acrobatxpro_datasheet.p df (last accessed: Dec. 13, 2010); *Daniel Rigmaiden's **First** Declaration Under Penalty Of Perjury In Support Of Plaintiff's Motion For Partial Summary Judgment*, ATTACHMENT 32 (web resource attached) (Dkt. #038-8).

19.     The process explained in ¶ Nos. 17-18, *supra*, digitally converts the *true* native form digital file to a PDF file so that redactions can be performed.  This process is suitable for records that cannot easily be edited using a digital record's native viewing/editing software. For example, an email displayed in a web based email account via Internet Explorer (*i.e.*, the native viewing software) cannot easily be edited for redaction purposes.  Therefore, in cases such as this, the native form digital file is digitally converted into a PDF file using a PDF print driver (*see* ¶ No. 17 and fn. 6, *supra*)—which preserves the vector based text—so that digital redactions can be done using a PDF editor such as Adobe Acrobat X Pro.  Once digital redactions are complete, the PDF file is re-saved as a redacted version PDF, which can then be provided to me in digital form.  The PDF file is ***never*** converted to paper for any reason and paper never needs to be scanned.  While the PDF files resulting from this process are not *true* native form digital records, they should typically be suitable for my keyword search and organization endeavors (*see* ¶ Nos. 11-16, *supra*) considering the vector based text is preserved during the PDF print process and during the redaction process.

20.     For the records that can easily be edited, *e.g.*, Microsoft Word or Excel documents, Defendants FBI and EOUSA can provide me the documents in their *true* native digital form after using the relevant native viewing/editing software to perform redaction edits. By using the native viewing/editing software to perform redactions (*e.g.*, replacing sensitive text with a series of bold X's), information such as embedded videos, spreadsheet equations, and macros will be preserved in the files and properly disclosed. For any record that cannot be redacted using the relevant native viewing/editing software, Defendants can use, as a fall back, the digital-PDF-conversion method explained in ¶ Nos. 17-18 above and provide me with any embedded data (*e.g.*, spreadsheet equations, macros, and videos) separately.

21.     For the specifically requested video files and audio files, Defendants FBI and EOUSA can easily provide portions that can be disclosed. Defendants providing video files and audio files as paper print-outs is a senseless proposal. For example, a Harris StingRay or KingFish training video would need to be provided in its native digital form considering thousands of video frames and audio transcriptions printed to paper, then scanned to PDF and printed to paper again, will be too difficult to work with. A video will aid public understanding more so than a flip book containing thousands of pages.

22.     For the specifically requested records of radio transmissions and other digital records produced as a result of prior tests performed using Harris equipment, those records would also need to be provided in native digital form. For the public, I will analyze records of this nature using software capable of plotting geolocation data and antenna radiation patterns. Therefore, the requested data is much less useful if provided in paper form or in any form other than native digital form.

23.     If the FBI and EOUSA need additional help on how to redact digital records, so as to comply with the Electronic Freedom of Information Act Amendments of 1996, I am more than happy to provide both government sub-entities with further schooling – free of charge. Just identify the record and I will teach your staff how to use its FOIA processing system to perform the redactions in a way that will not ruin the disclosable portions for

- 10 -

1  machine-reading purposes.

2      24.    FBI divisions have already provided the FBI FOIA Work Process Unit

3  ("WPU") with 15,377 records responsive to my request. *See Daniel Rigmaiden's **Fourth***

4  *Declaration Under Penalty Of Perjury In Support Of Plaintiff's Motion For Partial Summary*

5  *Judgment*, ATTACHMENT 01 (Dkt. #???).  If any of those records were not in native digital

6  form, WPU can draft and send an electronic communication called a "search EC" requesting

7  that the 15,377 responsive records, which were already scanned into the FBI's electronic

8  FOIA/Privacy Act Document Processing System ("FDPS"), be provided now in native digital

9  form. *See* EPIC v. FBI, 12-cv-00667-CKK (D.D.C.), Doc. #16-1 [declaration by David M.

10  Hardy], p. 7-8 & fn. 5 ("At times, when a standard search of the general indices does not

11  produce anticipated results, WPU drafts an electronic communication called a 'search EC' and

12  directs it to those divisions most likely to house potentially responsive material.").  Because

13  of how the FBI's FOIA system operates, **complete with custom search ECs for non indexed**

14  **records** (*see id.*), those divisions that provided the 15,377 records responsive to my request in

15  the first instance can now provide them in native digital form in response to a WPU search

16  EC without delay.

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

Daniel Rigmaiden's 5th Declaration

1    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is

2    true and correct.

3

4    Executed on: November 4, 2013          in Florence, AZ, USA.

5

6                                         DANIEL DAVID RIGMAIDEN,
                                          Pro Se Plaintiff:
7

8                                         Daniel Rigmaiden
                                          Daniel D. Rigmaiden
9                                         Agency # 10966111
                                          CCA-CADC
10                                        PO Box 6300
                                          Florence, AZ 85132
11                                        Telephone: none

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2    I, Daniel David Rigmaiden, certify under penalty of perjury under the laws of the

3 United States of America that on November 7, 2013 _____ I caused the following

4 to be mailed first-class United States Postal Service delivery by _providing it to_

5 _Dan Colmenaver for him to serve on:_ _____:

6

7 Original attached document addressed to:

8 Clerk of the Court
Attn: Civil Docketing Section
9 Sandra Day O'Connor U.S. Courthouse
401 West Washington Street, Suite 130, SPC 1
10 Phoenix, AZ 85003-2118

11

12 One copy of the original document addressed to:

13 Brad P. Rosenberg, Trial Attorney
Kimberly L. Herb, Trial Attorney
14 U.S. Department of Justice
Civil Division, Federal Programs Branch
15 PO Box 883
Washington, D.C. 20044

16

17

18

19

20

21

22

23

24

25

26

27

28 By: _____

-13-

## ATTACHMENT INDEX

DANIEL RIGMAIDEN'S **FIFTH** DECLARATION UNDER PENALTY OF
PERJURY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
**[NATIVE DIGITAL RECORDS]**

Daniel David Rigmaiden
v.
Federal Bureau of Investigation, et al.

CV 12-1605-PHX-SRB (BSB)

ATTACHMENT 01:   Excerpt of FBI FOIA response contained in July 12, 2013 FBI letter to
Daniel Rigmaiden RE: FOIPA Request No. 1180900-000; Subject: Wall
Street Journal Article On Cell Site Simulator Devices;  Note: includes
paper print-out of page No. 1 of 94 from FOIA record PDF file after
converting flat image text to vector based text using Optical Character
Recognition (OCR).

ATTACHMENT 02:   Excerpt of FBI FOIA response contained in July 12, 2013 FBI release to
Electronic Privacy Information Center (EPIC) RE: FOIPA Request No.
1182490-000; Subject: STINGRAY/CELL SITE SIMULATOR
DEVICES, *available at* http://epic.org/foia/fbi/stingray/FBI-FOIA-
Release-07122013-s1-OCR.pdf (last accessed: Oct. 1, 2013);  Note:
includes paper print-out of page No. 1 of 85 from FOIA record PDF file
after converting flat image text to vector based text using Optical
Character Recognition (OCR).

**ATTACHMENT 01**

DANIEL RIGMAIDEN'S **FIFTH** DECLARATION UNDER PENALTY OF PERJURY IN
SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
**[NATIVE DIGITAL RECORDS]**

Daniel David Rigmaiden
v.
Federal Bureau of Investigation, et al.

CV 12-1605-PHX-SRB (BSB)


ATTACHMENT 01:   Excerpt of FBI FOIA response contained in July 12, 2013 FBI letter to
Daniel Rigmaiden RE: FOIPA Request No. 1180900-000; Subject: Wall
Street Journal Article On Cell Site Simulator Devices"; Note: includes
paper print-out of page No. 1 of 94 from FOIA record PDF file after
converting flat image text to vector based text using Optical Character
Recognition (OCR).

**(RMD) (FBI)**

**From:**
**Sent:** Friday, September 16, 2011 6:30 PM
**To:** Sabol, Sherry E.
**Subject:** RE: Wall Street Journal request -- legal status of "stingray" technology

b5 -1
b6 -1
b7C -1

One addition from OPA as follows. Let me know if you hear back from OTD. Thanks!

---

**From:** Sabol, Sherry E.
**Sent:** Friday, September 16, 2011 6:11 PM
**To:**
**Cc:** Hess, Amy S.; Bryars, D Keith; Lammert, Elaine N.; Kortan, Michael P.;
**Subject:** Re: Wall Street Journal request -- legal status of "stingray" technology

b6 -1
b7C -1

OTD-is this good to go?

---

**From:** Sabol, Sherry E.
**To:** Sabol, Sherry E.
**Cc:** Hess, Amy S.; Bryars, D Keith; Lammert, Elaine N.; Kortan,
**Sent:** Fri Sep 16 16:48:15 2011
**Subject:** RE: Wall Street Journal request -- legal status of "stingray" technology.

I inadvertently took OPA off the earlier version -- I know they have a deadline of COB today.

b6 -1
b7C -1

---

**From:** Sabol, Sherry E.
**Sent:** Friday, September 16, 2011 4:12 PM
**To:**
**Cc:** Hess, Amy S.; Bryars, D Keith; Lammert, Elaine N.
**Subject:** RE: Wall Street Journal request -- legal status of "stingray" technology
**Importance:** High

b5 -1
b7E -1

## ATTACHMENT 02

DANIEL RIGMAIDEN'S **FIFTH** DECLARATION UNDER PENALTY OF PERJURY IN
SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
**[NATIVE DIGITAL RECORDS]**

Daniel David Rigmaiden
v.
Federal Bureau of Investigation, et al.

CV 12-1605-PHX-SRB (BSB)

ATTACHMENT 02:   Excerpt of FBI FOIA response contained in July 12, 2013 FBI release to
Electronic Privacy Information Center (EPIC) RE: FOIPA Request No.
1182490-000; Subject: STINGRAY/CELL SITE SIMULATOR
DEVICES, *available at* http://epic.org/foia/fbi/stingray/FBI-FOIA-
Release-07122013-s1-OCR.pdf (last accessed: Oct. 1, 2013);  Note:
includes paper print-out of page No. 1 of 85 from FOIA record PDF file
after converting flat image text to vector based text using Optical
Character Recognition (OCR).

**(RMD) (FBI)**

**From:**
**Sent:** Friday, September 16, 2011 6:30 PM
**To:** Sabol, Sherry E.
**Subject:** RE: Wall Street Journal request -- legal status of "stingray" technology

b5 -1
b6 -1
b7C -1

One addition from OPA as follows. Let me know if you hear back from OTD. Thanks!

**From:** Sabol, Sherry E.
**Sent:** Friday, September 16, 2011 6:11 PM
**To:**
**Cc:** Hess, Amy S.; Bryars, D Keith; Lammert, Elaine N.; Kortan, Michael P.;
**Subject:** Re: Wall Street Journal request -- legal status of "stingray" technology

b6 -1
b7C -1

OTD-is this good to go?

**From:** Sabol, Sherry E.
**To:** Sabol, Sherry E.
**Cc:** Hess, Amy S.; Bryars, D Keith; Lammert, Elaine N.; Kortan,
**Sent:** Fri Sep 16 16:48:15 2011
**Subject:** RE: Wall Street Journal request -- legal status of "stingray" technology

b6 -1
b7C -1

I inadvertently took OPA off the earlier version -- I know they have a deadline of COB today.

**From:** Sabol, Sherry E.
**Sent:** Friday, September 16, 2011 4:12 PM
**To**
**Cc:** Hess, Amy S.; Bryars, D Keith; Lammert, Elaine N.
**Subject:** RE: Wall Street Journal request -- legal status of "stingray" technology
**Importance:** High

b5 -1
b7E -1