Daniel David Rigmaiden #10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132
Telephone: none
Email: none

Daniel David Rigmaiden,
Pro Se, Plaintiff

☑ FILED ___ LODGED
___ RECEIVED ___ COPY

NOV 0 7 2013

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

Daniel David Rigmaiden,

    Plaintiff,

v.

Federal Bureau of Investigation, et al.

    Defendant.

Civil Action No.:

12-CV-01605-SRB-BSB

**DANIEL RIGMAIDEN'S FOURTH DECLARATION UNDER PENALTY OF PERJURY IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

This supplemental declaration is submitted pursuant to Fed. R. Civ. P., Rule 56(e)(1) ("The court may permit an affidavit to be supplemented... by... additional affidavits."). *See also* 28 U.S.C. § 1746 (declarations are the same as affidavits). This declaration supplements my prior declaration at Dkt. #042.

Plaintiff, Daniel David Rigmaiden, being competent to make this declaration and having personal knowledge of the matters stated herein, declares pursuant to 28 U.S.C. § 1746:

1.    Via letter dated September 25, 2013 (received September 30, 2013), the FBI provided me with additional information regarding my October 10, 2011 FOIA request, *i.e.*, "FOIPA Request No.: 1212582" with "Subject: WIRELESS DEVICE LOCATORS MANUFACTURED BY HARRIS WPG." Attached as <u>ATTACHMENT 01</u> is the FBI's September 25, 2013 letter. The attached is admissible under Fed. R. Evid. 901(a), and Fed. R. Evid. 901(b)(4). Pursuant to Fed. R. Evid. 901(a) and Fed. R. Civ. P. 56(e)(1), I certify that the attachment is a true and correct copy of the original currently in my possession.

2.    In the September 25, 2013 letter, the FBI noted its previous May 1, 2013 position that "pursuant to FOIA exemption (b)(7)(E) [5 U.S.C. § 552 (b)(7)(E)], the FBI

THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE _____
(Rule Number/Section)

could neither confirm nor deny the existence of records responsive to [][my] request." *Id.*
The FBI then stated in the letter that it "has since determined that **it can now confirm that records responsive to this part of your request exist**; however, a substantial portion of these records remain exempt under 5 U.S.C. § 552 (b)(7)(E)." *Id.* (emphasis in original).

3.     In the September 25, 2013 letter, the FBI also informed me that (**1**) my fee waiver request is denied, (**2**) the FBI has identified 15,377 pages of records responsive to my FOIA request, (**3**) I would need to pay the FBI $15.00 per CD to receive approximately 4,377 documents that are now ready to be sent (a total of $30.00 for two CDs), (**4**) the remaining 11,000 pages need to be searched for material related to "Harris Corporation," (**5**) the disclosable portion of the 11,000 pages can be provided on CDs at $15.00 per CD, (**6**) my expedited processing request is denied, and (**7**) there is no estimate on how long the 11,000 pages will take to process for release. *See id.*

4.     While no time estimate was provided in the September 25, 2013 letter, counsel for Defendant FBI, Kimberly Herb, informed me via telephone on September 26, 2013 that the FBI is only willing to process 500 pages per month, of non-native digital form records, and provide me with interim releases via one CD per month.  Therefore, the FBI wants me to wait 22 months to receive the disclosable portion of the estimated 11,000 records and pay $330.00 for an estimated 22 CDs.  Added to the $30.00 for the first two CDs containing the 4,377 records already processed, minus the $10 credit for the equivalent of 100 free paper record print-outs (*see* 5 U.S.C. § (a)(4)(A)(iv)(II)), the total amount of money the FBI wants me to pay for the disclosable portion of the 15,377 records on 24 CDs is **$350.00**.

5.     During the September 26, 2013 phone call and during another phone call on October 23, 2013, Ms. Herb informed me of the following: (**1**) the FBI voluntarily reversed its legal position of neither confirming nor denying the existence of records responsive to my October 10, 2011 FOIA request (*i.e.*, its prior *Glomar* response no longer applies), (**2**) native form digital records will not be provided by Defendants, (**3**) metadata will not be provided by Defendants, and (**4**) the FBI will not charge me search and review fees, but it will seek to

1  charge me duplication fees.[1]

2       6.     Via letter dated October 21, 2013, I responded to the FBI's September 25, 2013

3  letter. The letter was mailed to the FBI on October 23, 2013, certified return receipt article

4  No. 7011 2970 0002 4750 2960. Attached as <u>ATTACHMENT 02</u> is the October 21, 2011

5  response letter. The attached is admissible under Fed. R. Evid. 901(a), and Fed. R. Evid.

6  901(b)(4). Pursuant to Fed. R. Evid. 901(a) and Fed. R. Civ. P. 56(e)(1), I certify that the

7  attachment is a true and correct copy of the copy of the letter currently in my possession. I

8  mailed the original letter to the FBI and I believe it to be in the government's possession.

9       7.     In the October 21, 2013 letter, I generally informed the FBI: (**1**) I initially

10  requested that all records be provided in native digital form rather than in paper print-out

11  form or in the typical *native-digital to paper-print to digital-scan to paper-print to digital-*

12  *scan to OCR PDF* form, (**2**) the FBI processing 3000 "pages" of records per month would be

13  fair attention paid to my FOIA request, and (**3**) I am not required to pay any search, review, or

14  duplication fees. *See id.*

15      8.     I also provided the FBI with an address of where to mail me the CDs containing

16  the responsive records. *See id.* I explained that, notwithstanding my FOIA request for native

17  form digital records and metadata, I am willing to accept the FBI's 15,377 pages of non-

18  native form records (*i.e.*, the *native-digital to paper-print to digital-scan to paper-print to*

19  *digital-scan to OCR PDF* records), "review those scans and identify specific records I need in

20  native digital form with metadata intact." *Id.* I explained to the FBI that "[t]his should act to

21  narrow my request in regards to the FBI's obligation to provide me with native form digital

22  _____

1.      Ms. Herb informed me that the FBI agreed to not charge search and review fees based

23  on a *possible* application of 5 U.S.C. § 552(a)(4)(A)(viii) ("An agency shall not assess search
fees (or in the case of a requester described under clause (ii)(II), duplication fees) under this

24  subparagraph if the agency fails to comply with any time limit under paragraph (6), if no
unusual or exceptional circumstances (as those terms are defined for purposes of paragraphs

25  (6)(B) and (C), respectively) apply to the processing of the request.") and 5 U.S.C. § 552(a)
(4)(A)(ii)(III) ("for any request not described in (I) or (II), fees shall be limited to reasonable

26  standard charges for document search and duplication [(but *not* review)].""), and because
responsive records had already been searched for and located while processing similar FOIA

27  requests. However, because the FBI believes that I am not the type of requester defined in
clause (ii)(II) [5 U.S.C. § 552(a)(4)(A)(ii)(II)], the FBI will still seek to charge me duplication

28  fees, notwithstanding any *possible* violation of FOIA time limits and searches having already
been completed.

1  documents and other digital records as requested." *Id.*  However, I only expect to eliminate
2  pages that are exact duplicates of other pages.  The FBI advised me in the September 25,
3  2013 letter that "some of the 4377 pages preprocessed may be included in the over 11,000
4  pages of material to be re-reviewed..."  *See* ATTACHMENT 01.  Based on a comparison of
5  black pixels and page coverage, I may be able to identify duplicate pages using automation
6  software.  Such a process would be far more forgiving than OCR, which needs to make sense
7  of many small, independent pixel formations representing alphanumeric characters.

8       9.      In addition to mailing the October 21, 2013 letter to the FBI, I also had a CCA-
9  CADC staff member fax the letter to the FBI at (540) 868-4997.  Attached as ATTACHMENT
10 03 is my October 21, 2011 response letter [FAXED TO THE FBI BY CCA-CADC STAFF
11 MEMBER ON OCTOBER 23, 2013].  The attached is admissible under Fed. R. Evid. 901(a),
12 and Fed. R. Evid. 901(b)(4).  Pursuant to Fed. R. Evid. 901(a) and Fed. R. Civ. P. 56(e)(1), I
13 certify that the attachment is a true and correct copy of the hard copy of the fax currently in
14 my possession.  The electronic version of the fax was sent to the FBI at (540) 868-4997 and I
15 believe it to be in the government's possession.

16      10.     In addition to mailing the October 21, 2013 letter to the FBI, I also had Dan
17 Colmerauer fax the letter to the FBI at (540) 868-4997.  Attached as ATTACHMENT 04 is
18 my October 21, 2011 response letter [FAXED TO THE FBI BY DAN COLMERAUER ON
19 OCTOBER 24, 2013].  The attached is admissible under Fed. R. Evid. 901(a), and Fed. R.
20 Evid. 901(b)(4).  Pursuant to Fed. R. Evid. 901(a) and Fed. R. Civ. P. 56(e)(1), I certify that
21 the attachment is a true and correct copy of the hard copy of the fax currently in my
22 possession.  The electronic version of the fax was sent to the FBI at (540) 868-4997 and I
23 believe it to be in the government's possession.

24      11.     Via email dated October 22, 2013, Alan Butler of EPIC informed me that EPIC
25 is willing to link all of my Harris related FOIA response records on EPIC's main StingRay
26 page at [http://epic.org/foia/fbi/stingray/].  The arrangement will be (1) Defendants mail me
27 FOIA response records on CDs, (2) I have one of my associates provide the FOIA response
28 records to EPIC, and (3) EPIC publicly links my FOIA response records on its main StingRay

1   page located at [http://epic.org/foia/fbi/stingray/].   Through this arrangement, my FOIA

2   response records will receive the same public exposure as the FOIA response records

3   provided to EPIC in EPIC v. FBI, 12-cv-00667-CKK (D.D.C.).

4   ///

5   ///

6   ///

7   ///

8   ///

9   ///

10   ///

11   ///

12   ///

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

Daniel Rigmaiden's 4th Declaration

1    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is

2  true and correct.

3

4    Executed on: November 4, 2013    in Florence, AZ, USA.

5

6                                     DANIEL DAVID RIGMAIDEN,
                                      Pro Se Plaintiff:
7

8                                     Daniel D. Rigmaiden
                                      Agency # 10966111
9                                     CCA-CADC
                                      PO Box 6300
10                                    Florence, AZ 85132
                                      Telephone: none
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

1

2    I, Daniel David Rigmaiden, certify under penalty of perjury under the laws of the

3    United States of America that on _November 7, 2013_ I caused the following

4    to be mailed first-class United States Postal Service delivery by _providing it to_

5    _Dan Colmeraver for him to serve on:_ :

6

7    Original attached document addressed to:

8    Clerk of the Court
     Attn: Civil Docketing Section
9    Sandra Day O'Connor U.S. Courthouse
     401 West Washington Street, Suite 130, SPC 1
10   Phoenix, AZ 85003-2118

11

12   One copy of the original document addressed to:

13   Brad P. Rosenberg, Trial Attorney
     Kimberly L. Herb, Trial Attorney
14   U.S. Department of Justice
     Civil Division, Federal Programs Branch
15   PO Box 883
     Washington, D.C. 20044

16

17

18

19

20

21

22

23

24

25

26

27

28   By: _____

- 7 -

# ATTACHMENT INDEX

## DANIEL RIGMAIDEN'S **FOURTH** DECLARATION UNDER PENALTY OF PERJURY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

Daniel David Rigmaiden

v.

Federal Bureau of Investigation, et al.

CV 12-1605-PHX-SRB (BSB)

ATTACHMENT 01:   FBI's September 25, 2013 letter to Daniel Rigmaiden RE: update to answer to October 10, 2011 FOIA request: "FOIPA Request No.: 1212582" with "Subject: WIRELESS DEVICE LOCATORS MANUFACTURED BY HARRIS WPG."

ATTACHMENT 02:   Daniel Rigmaiden's October 21, 2011 response letter to the FBI's September 25, 2013 letter RE: update to answer to October 10, 2011 FOIA request: "FOIPA Request No.: 1212582" with "Subject: WIRELESS DEVICE LOCATORS MANUFACTURED BY HARRIS WPG."

ATTACHMENT 03:   Daniel Rigmaiden's October 21, 2011 response letter [FAXED TO THE FBI BY CCA-CADC STAFF MEMBER ON OCTOBER 23, 2013] to the FBI's September 25, 2013 letter RE: update to answer to October 10, 2011 FOIA request: "FOIPA Request No.: 1212582" with "Subject: WIRELESS DEVICE LOCATORS MANUFACTURED BY HARRIS WPG."

ATTACHMENT 04:   Daniel Rigmaiden's October 21, 2011 response letter [FAXED TO THE FBI BY DAN COLMERAUER ON OCTOBER 24, 2013] to the FBI's September 25, 2013 letter RE: update to answer to October 10, 2011 FOIA request: "FOIPA Request No.: 1212582" with "Subject: WIRELESS DEVICE LOCATORS MANUFACTURED BY HARRIS WPG."

# ATTACHMENT 01

DANIEL RIGMAIDEN'S **FOURTH** DECLARATION UNDER PENALTY OF PERJURY IN
SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Daniel David Rigmaiden
v.
Federal Bureau of Investigation, et al.

CV 12-1605-PHX-SRB (BSB)

ATTACHMENT 01:   FBI's September 25, 2013 letter to Daniel Rigmaiden RE: update to
answer to October 10, 2011 FOIA request: "FOIPA Request No.:
1212582" with "Subject: WIRELESS DEVICE LOCATORS
MANUFACTURED BY HARRIS WPG."

U.S. Department of Justice



Federal Bureau of Investigation
*Washington, D.C. 20535*

September 25, 2013

Mr. Daniel Rigmaiden
**10966111
CCA-CADC
PO Box 6300
Florence, AZ  85132

FOIPA Request No.: 1212582-000
Subject: WIRELESS DEVICE LOCATORS
MANUFACTURED BY HARRIS WPG

Dear Mr. Rigmaiden:

This is in reference to your Freedom of Information (FOIA) request that is currently in litigation.

Your FOIA request dated October 10, 2011[1] seeks "all agency records concerning the following portable/transportable wireless device locators and related equipment manufactured and/or branded and/or sold by Harris Wireless Products Group (Harris Corporation.)"  By letter dated May 1, 2013, the FBI advised you that pursuant to FOIA exemption (b)(7)(E) [5 U.S.C. § 552 (b)(7)(E)], the FBI could neither confirm nor deny the existence of records responsive to your request.  The FBI has since determined that **it can now confirm that records responsive to this part of your request exist**; however, a substantial portion of these records remain exempt under 5 U.S.C. § 552 (b)(7)(E).

To the extent you have requested a fee waiver and expedited processing of this material, your requests are denied.  *See* enclosed letters dated September 25, 2013.

The FBI has identified approximately 23,000 pages of responsive material that has also been processed pursuant to a FOIA request for the same subject matter.   Within this body of approximately 23,000 pages, we have determined there are 4,377 pages of material responsive to your request that may be released in part to you as that material has been preprocessed for the similar FOIA request.   If you elect to receive this material, you will owe $427.70 in duplication fees to receive a paper copy or an estimated $20.00[2] to receive the release on CDs. .  As a prisoner, you cannot receive CD's directly.   If you elect to pay for CD processing, you must provide an alternative address for receipt.

In addition, there are over 11,000 pages within the body of 23,000 pages that require additional review and processing in light of the FBI's admission that records related to this request exist.   This review would determine if there is additional material related to "Harris Corporation" within these 11,000 plus pages that may be segregated for release.   Please note that, some of the 4377 pages preprocessed may be included in the over 11,000 pages of material to be re-reviewed and this could result in more material released from those 4,377 pages and/or more material released from some of 18,600 pages previously withheld in full.  As such, you are responsible for applicable duplication fees for any additional material determined to be releasable.

You have the following options:

**Preprocessed material**– If you elect to receive this preprocessed material, you will owe $427.70 in duplication fees to receive a paper copy or $20.00 for the estimated 2 CD's.   If you choose paper, an advance payment of the full amount of $427.70 is required per 28 C.F.R. § 16.8(i)(2).   As noted above, since you are a prisoner, you must **provide an alternative address** and agree to pay the estimated fee of $20.00 in order to receive your release in CD format.

---

[1] The FBI did not receive this FOIA request dated October 10, 2011.   The FBI addressed this FOIA request as soon as it was notified of the request.

[2] CDs cost $15 each, but there is a $10 credit for the first CD and the remaining $5 is carried forward to the second CD, so the total amount due for 2 CDs is $20.   This estimate is also contingent on the actual file size of these records. If the records can fit onto a single CD, there will be no charge, but if 3 CDs are required, the amount due would be $35.

**Additional material of 11,000 pages**—Given the significant volume of this re-review and reprocessing project, FBI estimates that duplication costs will exceed $25.00.   Accordingly, per § 16.11(e), if you elect to receive this material, work will not commence until you agree to pay this fee.   Once work commences, you will be invoiced for each release on a monthly basis per the following.

There is a duplication fee of ten cents per page if you receive a paper copy (*See* 28 C.F.R. § 16.11 and 16.49).   Releases are also available on CD upon request.   Each CD contains approximately 500 reviewed pages per release.   The 500 page estimate is based on our business practice of processing cases in which the page count exceeds 501 pages.   The first 100 pages, or the cost equivalent ($10.00) for releases on CD, will be provided to you at no charge.   Again, you must provide an alternative address if you elect to receive these releases on CD and must remit payment for each CD.[3]

You also have the option to reduce the scope of your request; this will accelerate the process and could potentially place your request in a smaller processing queue.   This may also reduce search and duplication costs and allow for a more timely receipt of your information.   The FBI uses a three-queue processing system to fairly assign and process new requests.   Requests track into one of the three queues depending on the number of responsive pages - 500 pages or less (small queue), 501 pages to 2500 pages (medium queue), or more than 2500 pages (large queue).   Small queue cases usually require the least time to process.   Please advise in writing, if you would like to discuss reducing the scope of your request, and your willingness to pay the estimated search and duplication costs indicated above.   Mail your response to: Work Process Unit; Record Information/Dissemination Section; Records Management Division; Federal Bureau of Investigation; 170 Marcel Drive; Winchester, VA 22602.   You may also fax your response to: 540-868-4997, Attention: Work Process Unit.

Please remember this is only an estimate, and some of the information may be withheld in full pursuant to FOIA/Privacy Act exemption(s).   Also, some information may not be responsive to your subject.   Thus, the actual charges could be less.   **However, you must notify us in writing within thirty (30) days from the date of this letter of your options above and format decision (paper or CD) and your remittance or commitment to pay the estimated fees as required.**

If we do not receive your format decision and/or commitment to pay within thirty (30) days of the date of this notification, your request will be closed.   Include the FOIPA Request Number listed above in any communication regarding this matter.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
Dissemination Section
Records Management Division

---

3 See footnote 2, above.

U.S. Department of Justice

**Federal Bureau of Investigation**

Washington, D.C. 20535

September 25, 2013

Mr. Daniel Rigmaiden
**10966111
CCA-CADC
PO Box 6300
Florence, AZ  85132

FOIPA Request No.: 1212582-000
Subject: WIRELESS DEVICE LOCATORS
MANUFACTURED BY HARRIS WPG

Dear Mr. Rigmaiden:

This is in response to your request for a fee waiver for the above referenced Freedom of Information/Privacy Acts (FOIPA) request.   Fee waivers are determined on a case by case basis.   See 5 U.S.C. § 552 (a)(4)(A)(iii).

To be granted a fee waiver or a reduction in fees, two requirements must be satisfied.   First, you must demonstrate that "disclosure of the [requested] information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government."   Second, you must establish that "disclosure of the information . . . is not primarily in the commercial interest of the requester."   See 5 U.S.C. § 552(a)(4)(A)(iii).   The burden is on the requester to show the statutory requirements for a fee waiver have been met.   If these requirements are not satisfied, a fee waiver is unavailable under the statute.

To determine whether disclosure is in the public interest, we consider these factors:   (1) whether the subject of the requested records concerns "the operations or activities of the government;" (2) whether the disclosure is "likely to contribute" to an understanding of government operations or activities; and (3) whether disclosure of the requested information will contribute "significantly" to "public understanding."   See 28 C.F.R. §16.11(k)(2).

If the first requirement has been met, we must then determine whether disclosure of the requested information is primarily in the commercial interest of the requester.   To make this determination, we consider these factors:   (1) whether the requester has a commercial interest that would be furthered by the requested disclosure and (2) whether the magnitude of the identified commercial interest of the requester is sufficiently large, [compared to] the public interest in disclosure, that disclosure is "primarily in the commercial interest of the requester."   See 28 C.F.R. § 16.11(k)(3).   If the requester's commercial interest in disclosure is greater than the public interest to be served, then a fee waiver is not warranted.

We have reviewed the information you provided in support of your request for a fee waiver and have found that you do not satisfy either requirement.   Quoting or paraphrasing the statute, without also providing factual detail or support specific to your request, is not sufficient under the law.   Moreover, while disclosure contributes to your individual understanding and interest, it is not likely to contribute significantly to public understanding of government operations and activities.   Consequently, your request is denied.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's eFOIA portal at http://www.justice.gov/oip/efoia-portal.html.   Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely.   The envelope and the letter should be clearly marked "Freedom of Information Appeal."   Please cite the FOIPA Request Number in any correspondence to us for proper identification of your request.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

September 25, 2013

Mr. Daniel Rigmaiden
**10966111
CCA-CADC
PO Box 6300
Florence, AZ   85132

FOIPA Request No.: 1212582-000
Subject: WIRELESS DEVICE LOCATORS
MANUFACTURED BY HARRIS WPG

Dear Mr. Rigmaiden:

This is in reference to your letter to the FBI, in which you requested expedited processing for the above-referenced Freedom of Information /Privacy Acts (FOIPA) request.   Under Department of Justice (DOJ) standards for expedited processing, it can only be granted in the following situations:

**28 C.F.R. §16.5 (d)(1)(i):** "Circumstances in which the lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual."

**28 C.F.R. §16.5 (d)(1)(ii):** "An urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information."

**28 C.F.R. §16.5 (d)(1)(iii):** "The loss of substantial due process of rights."

**28 C.F.R. §16.5 (d)(1)(iv):** "A matter of widespread and exceptional media interest in which there exists possible questions about the government's integrity which affects public confidence."

You have not provided enough information concerning the statutory requirements permitting expedition; therefore, your request is denied.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's eFOIA portal at http://www.justice.gov/oip/efoia-portal.html.   Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely.   The envelope and the letter should be clearly marked "Freedom of Information Appeal."   Please cite the FOIPA Request Number in any correspondence to us for proper identification of your request.

Sincerely,

David M. Hardy
Section Chief
Record/Information
    Dissemination Section
Records Management Division



**U.S. Department of Justice**
Federal Bureau of Investigation

*170 Marcel Drive*
*Winchester, VA 22602-4843*

Official Business
Penalty for Private Use $300



U.S. OFFICIAL MAIL

UNITED STATES POSTAGE

PITNEY BOWES
$ 00.46⁰
02 1R
0000012580      SEP 26 2013
MAILED FROM ZIP CODE 22602

U.S. OFFICIAL MAIL
PENALTY FOR
PRIVATE USE $300.

SEP 30 2013

85132630000

## ATTACHMENT 02

DANIEL RIGMAIDEN'S **FOURTH** DECLARATION UNDER PENALTY OF PERJURY IN
SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Daniel David Rigmaiden
v.
Federal Bureau of Investigation, et al.

CV 12-1605-PHX-SRB (BSB)


ATTACHMENT 02:   Daniel Rigmaiden's October 21, 2011 response letter to the FBI's
September 25, 2013 letter RE: update to answer to October 10, 2011
FOIA request: "FOIPA Request No.: 1212582" with "Subject:
WIRELESS DEVICE LOCATORS MANUFACTURED BY HARRIS
WPG."

Certified Return Receipt Article #:

October 21, 2013                    7011 2970 0002 4750 2960

RE: FOIPA Request # 1212582-000

Daniel Rigmaiden #10966111

CCA-CADC

PO Box 6300

Florence, AZ 85132

David M. Hardy, Records Management Division

Federal Bureau of Investigation

170 Marcel Drive

Winchester, VA 22602

Chief Hardy:

This is in response to your September 25, 2013 letter regarding FOIPA Request # 1212582-000. Your terms are unacceptable. However, you'll notice in my initial FOIA request letter that I already asked for all records to be in only digital form. This means native form digital records with metadata intact. These records could be *.eml files, word processor document files, spreadsheet document files, etc. Your typical scans of paper print-outs are unacceptable, i.e., the "paper scan to PDF" records that you provide people who do not specifically request native form digital records as I did.

1

With that being said, if the FBI wishes to send me CDs of PDF files that were created from paper print-outs of native form digital records then I would be willing to review those scans and identify specific records I need in native digital form with metadata intact. This should act to narrow my request in regards to the FBI's obligation to provide me with native form digital documents and other digital records as requested. The FBI should immediately mail me CDs containing the 15,377 pages of paper print-out scans to:

Daniel Rigmaiden
c/o Philip Seplow
2000 North 7th St.
Phoenix, AZ 85006
(602) 254-8817

I will not pay any fees as I am entitled to a full fee waiver. This is explained in my Motion For Partial Summary Judgment. The slowest processing time I will agree to is 3000 (three thousand) pages per month at no cost.

Finally, the FBI's self-serving deadlines are of no interest to me. As the FBI failed to comply with FOIA

time guidelines — even after the OIP forwarded the
FBI a second copy of my original FOIA request — all
matters are now under the full jurisdiction of United
States District Court Judge Susan R. Bolton. Unless merely
providing the records that are long over due, the FBI should
only contact me through its attorney.


Sincerely,


Daniel Rigmaiden

Daniel Rigmaiden

CC: FAX: (540-868-4997); Brad Rosenberg, USDOJ Civil Div.

3

# ATTACHMENT 03

### DANIEL RIGMAIDEN'S **FOURTH** DECLARATION UNDER PENALTY OF PERJURY IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Daniel David Rigmaiden
v.
Federal Bureau of Investigation, et al.

CV 12-1605-PHX-SRB (BSB)

ATTACHMENT 03:   Daniel Rigmaiden's October 21, 2011 response letter [FAXED TO THE FBI BY CCA-CADC STAFF MEMBER ON OCTOBER 23, 2013] to the FBI's September 25, 2013 letter RE: update to answer to October 10, 2011 FOIA request: "FOIPA Request No.: 1212582" with "Subject: WIRELESS DEVICE LOCATORS MANUFACTURED BY HARRIS WPG."



## CORRECTIONS CORPORATION OF AMERICA

**Central Arizona Detention Center**
1155 North Pinal Parkway
PO Box 1048
Florence, Arizona  85232
Phone:  520-868-3668
FAX:  520-868-3667

# Facsimile Message

**To:** David M. Hardy (FBI)   (540) 868-4997

**From:** Daniel Rigmaiden

**Pages (Including Cover):** 4

**Date:** 10/23/10

---

❏  Hard copy to follow in mail.
❏  Hard copy to follow Federal Express.
❏  No hard copy to follow.

---

Please use the space below for additional messages.

```
┌─────────────────────────────────────────┐
│    TRANSMISSION VERIFICATION REPORT      │
└─────────────────────────────────────────┘
```

```
                              TIME  : 10/23/2013 09:01
                              NAME  : CADC ADMIN
                              FAX   : 5208687199
                              TEL   : 5208687199
                              SER.# : BROA3J439572
```

```
┌──────────────────────────────────────────────────────────────────┐
│                                                                    │
│      DATE,TIME                  10/23  09:00                        │
│      FAX NO./NAME               915408684997-18240                 │
│      DURATION                   00:00:25                           │
│      PAGE(S)                    04                                 │
│      RESULT                     OK                                 │
│      MODE                       STANDARD                           │
│                                 ECM                                │
│                                                                    │
└──────────────────────────────────────────────────────────────────┘
```

Certified Return Receipt Article #:

October 21, 2013                    7011 2970 0002 4750 2960

RE: FOIPA Request # 1212582-000

Daniel Rigmaiden #10966111

CCA-CADC

PO Box 6300

Florence, AZ 85132

David M. Hardy, Records Management Division

Federal Bureau of Investigation

170 Marcel Drive

Winchester, VA 22602

Chief Hardy:

   This is in response to your September 25, 2013 letter regarding FOIPA Request # 1212582-000. Your terms are unacceptable. However, you'll notice in my initial FOIA request letter that I already asked for all records to be in only digital form. This means native form digital records with metadata intact. These records could be *.eml files, word processor document files, spreadsheet document files, etc. Your typical scans of paper print-outs are unacceptable, i.e., the "paper scan to PDF" records that you provide people who do not specifically request native form digital records as I did.

1

With that being said, if the FBI wishes to send me CDs of PDF files that were created from paper print-outs of native form digital records then I would be willing to review those scans and identify specific records I need in native digital form with metadata intact. This should act to narrow my request in regards to the FBI's obligation to provide me with native form digital documents and other digital records as requested. The FBI should immediately mail me CDs containing the 15,377 pages of paper print-out scans to:

Daniel Rigmaiden
C/O Philip Seplow
2000 North 7th St.
Phoenix, AZ 85006
(602) 254-8817

I will not pay any fees as I am entitled to a full fee waiver. This is explained in my Motion For Partial Summary Judgment. The slowest processing time I will agree to is 3000 (three thousand) pages per month at no cost.

Finally, the FBI's self-serving deadlines are of no interest to me. As the FBI failed to comply with FOIA

time guidelines — even after the OIP forwarded the
FBI a second copy of my original FOIA request — all
matters are now under the full jurisdiction of United
States District Court Judge Susan R. Bolton. Unless merely
providing the records that are long over due, the FBI should
only contact me through its attorney.


Sincerely,


Daniel Rigmaiden

Daniel Rigmaiden

CC: FAX: (540-868-4997); Brad Rosenberg, USDOJ Civil Div.

3

## ATTACHMENT 04

### DANIEL RIGMAIDEN'S **FOURTH** DECLARATION UNDER PENALTY OF PERJURY IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Daniel David Rigmaiden

v.

Federal Bureau of Investigation, et al.

CV 12-1605-PHX-SRB (BSB)

ATTACHMENT 04:   Daniel Rigmaiden's October 21, 2011 response letter [FAXED TO THE FBI BY DAN COLMERAUER ON OCTOBER 24, 2013] to the FBI's September 25, 2013 letter RE: update to answer to October 10, 2011 FOIA request: "FOIPA Request No.: 1212582" with "Subject: WIRELESS DEVICE LOCATORS MANUFACTURED BY HARRIS WPG."

# PHILIP A. SEPLOW
## ATTORNEY AT LAW

2000 NORTH 7TH STREET
PHOENIX, ARIZONA 85006

(602) 254-8817
FAX (602) 254-0271

MEMBER ARIZONA & CALIFORNIA BARS

### FACSIMILE TRANSMISSION COVER SHEET

### FAX TO:   540-868-4997

DATE:        October 24, 2013

TO:          Federal Bureau of Investigation

**ATTN:       David M. Hardy - Records Management Division**

NUMBER OF PAGES BEING TRANSMITTED  **4**
  (Including Cover Sheet)


Please contact DAN at (602) 254-8817 if you have any problems or questions regarding this transmission.


**FAX NUMBER** (602) 254-0271

## PLEASE NOTE:     The following is being FAXed to you on behalf of Daniel David Rigmaiden.

✗  ✗  ✗  Communication Result Report ( Oct. 24. 2013  2:29PM ) ✗  ✗  ✗

1}
2}

Date/Time: Oct. 24. 2013  2:28PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|----------|------|-------------|-------|--------|---------------|
| 2335 | Memory TX | 15408684997 | P.   4 | OK | |

--------------------------------------------------------------------------------
Reason for error
   E. 1) Hang up or line fail                 E. 2) Busy
   E. 3) No answer                            E. 4) No facsimile connection
   E. 5) Exceeded max. E-mail size

PHILIP A. SEPLOW
ATTORNEY AT LAW

2000 NORTH 7ᵀᴴ STREET                                    (602)  254-8817
PHOENIX, ARIZONA 85006                              FAX (602)  254-0271

                                          MEMBER ARIZONA & CALIFORNIA BARS

FACSIMILE TRANSMISSION COVER SHEET

FAX TO:   540-868-4997

DATE:      October 24, 2013

TO:        Federal Bureau of Investigation

ATTN:      David M. Hardy - Records Management Division

NUMBER OF PAGES BEING TRANSMITTED  4
   (including Cover Sheet)

Please contact DAN at (602) 254-8817 if you have any problems or questions regarding this
transmission.

FAX NUMBER (602) 254-0271

**PLEASE NOTE:**    **The following is being FAXed to you on**
                    **behalf of Daniel David Rigmaiden.**

Certified Return Receipt Article #:

October 21, 2013          7011 2970 0002 4750 2960

RE: FOIPA Request # 1212582-000

Daniel Rigmaiden #1096611
CCA-CADC
PO Box 6300
Florence, AZ 85132

David M. Hardy, Records Management Division
Federal Bureau of Investigation
170 Marcel Drive
Winchester, VA 22602

Chief Hardy:

   This is in response to your September 25, 2013 letter regarding FOIPA Request # 1212582-000. Your terms are unacceptable. However, you'll notice in my initial FOIA request letter that I already asked for all records to be in only digital form. This means native form digital records with metadata intact. These records could be *.eml files, word processor document files, spreadsheet document files, etc. Your typical scans of paper print-outs are unacceptable, i.e., the "paper scan to PDF" records that you provide people who do not specifically request native form digital records as I did.

1

With that being said, if the FBI wishes to send me CDs of PDF files that were created from paper print-outs of native form digital records then I would be willing to review those scans and identify specific records I need in native digital form with metadata intact. This should act to narrow my request in regards to the FBI's obligation to provide me with native form digital documents and other digital records as requested. The FBI should immediately mail me CDs containing the 15,377 pages of paper print-out scans to:

Daniel Rigmaiden
c/o Philip Seplow
2000 North 7th St.
Phoenix, AZ 85006
(602) 254-8817

I will not pay any fees as I am entitled to a full fee waiver. This is explained in my Motion For Partial Summary Judgment. The slowest processing time I will agree to is 3000 (three thousand) pages per month at no cost.

Finally, the FBI's self-serving deadlines are of no interest to me. As the FBI failed to comply with FOIA

time guidelines — even after the OIP forwarded the FBI a second copy of my original FOIA request — all matters are now under the full jurisdiction of United States District Court Judge Susan R. Bolton. Unless merely providing the records that are long over due, the FBI should only contact me through its attorney.


Sincerely,


Daniel Rigmaiden

Daniel Rigmaiden

CC: FAX: (540-868-4997); Brad Rosenberg, USDOJ Civil Div.


3