Daniel David Rigmaiden #10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132
Telephone: none
Email: none

Daniel David Rigmaiden,
Pro Se, Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel David Rigmaiden,<br><br>　　Plaintiff,<br>v.<br><br>Federal Bureau of Investigation, et al.<br><br>　　Defendant. | Civil Action No.:<br><br>12-CV-01605-SRB-BSB<br><br>NOTICE OF SUPPORT FOR SUPPLEMENTAL FILINGS |

　　Plaintiff, Daniel David Rigmaiden, appearing *pro se*, respectfully submits this *Notice Of Support For Supplemental Filings*. Similar notices have been filed and favorably considered in the District of Arizona. See <u>Moore v. Computer Assocs. Int'l</u>, 653 F. Supp. 2d 955, 960-61 (D.Ariz. 2009). Through this notice, Plaintiff provides precise reasons as to why the following supplemental filings should be considered by the Court when ruling on *Plaintiff's Motion For Partial Summary Judgment And Supporting Memorandum* (Dkt. #042):

　　1.　*Daniel Rigmaiden's **Fourth** Declaration Under Penalty Of Perjury In Support Of Plaintiff's Motion For Partial Summary Judgment.*

　　2.　*Daniel Rigmaiden's **Fifth** Declaration Under Penalty Of Perjury In Support Of Plaintiff's Motion For Partial Summary Judgment.* **[NATIVE DIGITAL RECORDS]**

　　3.　*Daniel Rigmaiden's **Sixth** Declaration Under Penalty Of Perjury In Support Of Plaintiff's Motion For Partial Summary Judgment.* **[META DATA]**

　　4.　*Plaintiff's Second Supplemental Statement Of Undisputed Material Facts In Support Of Motion For Partial Summary Judgment.*

　　However, if the Court sees the supplemental filings as raising new issues, Plaintiff will file another motion for partial summary judgment addressing those new issues. Considering the supplemental filings cover events **occurring *after* the filing of his first motion for**

**partial summary judgment**, it is acceptable for Plaintiff to file another motion for partial summary judgment seeking the same relevant relief, but applicable to the 15,377 "pages" of FBI FOIA records that did not exist at the time of the first filing. Otherwise, Defendant FBI's gamesmanship will allow it to sidestep events and evidence helpful to Plaintiff's valid claims.

### Reasons For Considering The Three New Declarations

In a civil suit, "[t]he court may permit an affidavit to be supplemented... by... additional affidavits." Fed. R. Civ. P., Rule 56(e)(1). This rule also applies to declarations. *See* 28 U.S.C. § 1746 ("Wherever... any matter is required or permitted to be supported, evidenced, established, or proved by the sworn... affidavit, in writing of the person making the same [], such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration..., in writing of such person which is subscribed by him, as true under penalty of perjury, and dated..."). Plaintiff originally filed three declarations with his first motion for partial summary judgment at Dkt. #042 (filed August 28, 2013). The three declarations are at Dkt. #038, #039, and #043. As further explained below, the three new declarations in the above numbered list act to supplement the declaration at Dkt. #043.

The first listed new declaration documents additional events and new evidence that came into existence only *after* Plaintiff filed his first motion for partial summary judgment (Dkt. #042) on **August 28, 2013**. The new events and evidence, beginning and coming into existence on and after **September 25, 2013**, are relevant to the claims for relief made by Plaintiff in his motion at Dkt. #042. The declaration documents the following: (1) Defendant FBI voluntary reversed a substantive legal position, *i.e.*, neither confirming nor denying the existence of records (*Glomar* claim) on Plaintiff's October 10, 2011 FOIA request, (2) as a result of its voluntary reverse in position, Defendant FBI now has at least 15,377 "pages" of records to process for Plaintiff with 4,377 ready to be sent, (3) Defendant FBI provided an express denial of fee waiver and expedited processing on Plaintiff's October 10, 2011 FOIA request, (4) Defendant FBI is requiring Plaintiff to pay approximately $350.00 in duplication fees to receive all records, which will take **22 months to produce**, (5) Defendant FBI refuses to provide the 15,377 "pages" as native form digital records, (6) Defendant FBI refuses to

provide metadata corresponding to the 15,377 "pages" of records, and (7) Plaintiff recently arranged with the Electronic Privacy Information Center ("EPIC") to have all FOIA records, as provided by Defendants to Plaintiff, linked on EPIC's StingRay web page for public download.

The second and third new declarations explain how Defendants providing Plaintiff with (1) native form digital records, and (2) metadata will advance public understanding of the subject matter at issue in Plaintiff's FOIA requests.[1] On September 26, 2013, counsel for Defendant FBI, Kimberly Herb, informed Plaintiff via phone that Defendant FBI had voluntarily reversed its *Glomar* position and had a set of records to provide. However, Ms. Herb also informed Plaintiff that the records would not be provided in native digital form and that no metadata would be provided either. Via FBI letter dated September 25, 2013 (received September 30, 2013), Plaintiff learned that the FBI had approximately 15,377 responsive "pages" of records and that 4,377 were ready to be provided. It was then that it became evident to Plaintiff that the **volume** of responsive records absolutely necessitates that they be provided in native digital form, with metadata as well, else both Plaintiff and other members of the public will be unable to organize and search the records in an intelligible manner. Currently, the FBI plans to print its 15,377 "pages" of native digital form records to hard copy paper, then scan all of the paper into PDF files, then provide those non-native form records to Plaintiff. Due to the large number of "pages," native form digital records are needed so that the original, unaltered vector based text can be databased and searched using a computer without the need for Optical Character Recognition ("OCR")—which is an unrefined process limiting, for example, accurate keyword searches.[2] *See Daniel Rigmaiden's **Fifth** Declaration Under Penalty Of Perjury In Support Of Plaintiff's Motion For Partial Summary Judgment*. The metadata is also needed to make up for a lack of dates

---

1. All of the proceeding facts are contained in the noted supplemental declarations.
2. Even the Court requires that native form digital documents be converted directly to PDF, rather than simply printed to paper and scanned, prior to uploading to PACER by ECF account holders. "Documents submitted for filing in the ECF system must be in a Portable Document Format (.pdf). Documents which exist only in paper form may be scanned into .pdf for electronic filing. All electronic documents must be converted to .pdf directly from a word processing program (e.g., Microsoft Word® or Corel WordPerfect®) and **must be text searchable**." ECF Proc. I(B)(4) (emphasis added). While this process may be foreign to Defendants and their counsel, it is a very common practice in in the District of Arizona.

- 3 -

and authorship information in the body of the documents. *See Daniel Rigmaiden's* **Sixth** *Declaration Under Penalty Of Perjury In Support Of Plaintiff's Motion For Partial Summary Judgment.*

Plaintiff could not have submitted the first new declaration earlier simply because the events and evidence did not exist yet. More complex, Plaintiff could not have submitted the second and third new declarations earlier because it was only after Defendant FBI reversed its *Glomar* position, and made notice of 15,377 "pages," did Plaintiff become aware that the sheer volume of responsive records absolutely necessitates native digital form production and metadata for the purpose of computerized keyword searches and automated document organization/indexing. Originally at Dkt. #042, Plaintiff requested that the Court order Defendants to provide native form digital records and metadata simply because he asked for them in his initial FOIA requests and is therefore entitled to disclosure as a matter of law. *See* Dkt. #042, p. 9-10. Now, due to the 15,377 "pages," it is clear that a failure to provide native form digital records and metadata will prevent the public from making adequate sense of the records, irrespective of Plaintiff's original desires. This is a new fact, only coming into existence after the filing of Dkt. #042, which provides a very important basis for granting the already requested relief. If the new events and evidence are not considered, and the FBI permitted to provide non-native form digital records, the very purpose of the Freedom of Information Act and its 1996 amendments will be undermined.

### Reasons For Considering The New Supplemental Facts

The Court may also consider Plaintiff's supplemental facts, which places the three new declarations and the attached evidence properly before the Court.[3] In *Moore*, a judge in this district considered a plaintiff's supplemental facts and evidence in light of reasons raised in a similar Notice of Support. *See* Moore, 653 F. Supp. 2d at 960-61 ("Plaintiff failed to follow procedure and instead submitted a supplemental statement of facts. Nevertheless, the three supplemental facts for which Plaintiff now seeks consideration are integral..., will be

---

3.   *See* LRCiv 56.1(a) ("Any party filing a motion for summary judgment must file a statement, separate from the motion and memorandum of law, setting forth each material fact on which the party relies in support of the motion.").

considered and Defendant's Objection is overruled."). The facts incorporating the new events and evidence are integral to Plaintiff's request for relief and apply to **preexisting** arguments already raised in *Plaintiff's Motion For Partial Summary Judgment And Supporting Memorandum* (Dkt. #042). Furthermore, unlike in *Moore* and in opposite cases where similar supplementary filings were stricken, Plaintiff is filing supplements based on new events and evidence caused by Defendant FBI's strategic legal moves. Plaintiff also files his supplements **before** Defendants' file their response. For the Court's reference, the following table links paragraphs in the supplemental facts to Plaintiff's preexisting arguments at Dkt. #042:

| Title of Relevant Preexisting Argument Section From: *Plaintiff's Motion For Partial Summary Judgment And Supporting Memorandum* (Dkt. #042) | Dkt. #042 Argument § & Page No. Reference | Relevant Supplemental Facts ¶ Nos. |
|---|---|---|
| Plaintiff is entitled to fee waivers under 5 U.S.C. §§ 552(a)(4)(A)(iii) and (viii) for all pending FOIA requests: Fee waiver under U.S.C. § 552(a)(4)(A)(iii): | Section II(A)(1), et seq., page Nos. 3-5 | ¶¶ Nos. 3, 5, 18-23, and 29 |
| Plaintiff is entitled to fee waivers under 5 U.S.C. §§ 552(a)(4)(A)(iii) and (viii) for all pending FOIA requests: Fee waiver under U.S.C. § 552(a)(4)(A) (viii) | Section II(A)(2), page No. 6 | ¶¶ Nos. 3, 5, 18-19 |
| Plaintiff is entitled to expedited processing under 5 U.S.C. § 552(a)(6)(E)(i)(I) for all pending FOIA requests, et seq. | Section II(B), page Nos. 6-8 | ¶¶ Nos. 2, 3, 5, 6, and 24-28 |
| Defendants FBI and EOUSA are required to provide digitally redacted native form digital documents with metadata intact. | Section II(D), page Nos. 9-10 | ¶¶ Nos. 1, 2, 4-7, and 8-17 |

* * *

Via email dated October 30, 2013 sent by CCA-CADC staff, Plaintiff put Defendants' counsel on notice that he would file additional declarations in support of his motion for partial summary judgment. Plaintiff made this notice for the purpose of Defendants' counsels' task of drafting and filing the joint status report. Via telephone on November 1, 2013, Plaintiff also informed Defendants' counsel that his declarations addressed new facts and arguments that did not exist until after the FBI reversed its position on its *Glomar* claim. Rather than put this in the report, Defendants chose to only make an offhand reference to moving to strike any further filings made by Plaintiff beyond what they included in the proposed briefing schedule.

- 5 -

1  However, considering the proposed briefing schedule is set to conclude on February 3, 2014,
2  there is plenty of time for Defendants to respond to Plaintiff's supplemental filings,
3  addressing a situation Defendant FBI created, or to voluntarily reverse additional substantive
4  legal positions. See, e.g., Taylor v. USAA Cas. Ins. Co., Cv-09-02117-PHX-NVW, 2011 U.S.
5  Dist. LEXIS 36868 (D.Ariz. Apr. 4, 2001) ("In its discretion, the Court allowed Plaintiffs [] to
6  file a surreply as opposed to striking Defendant's supplemental statement of facts.").

7  Based on FBI letters and telephone calls with Defendant FBI's counsel, Plaintiff also
8  advises the Court, with respect to Plaintiff's supplemental facts and declarations, that he
9  believes Defendant FBI to have evolved the following strategy: (1) first wait and see what
10 issues Plaintiff might argue in a single filing, (2) pick one issue in the filing on which to
11 change its position (i.e., the *Glomar* issue), (3) based on that single change in position,
12 attempt to convince Plaintiff to withdraw all other issues so that he can wait—on top of the
13 **two years** Plaintiff has already been waiting—for the FBI to give Plaintiff the runaround for
14 an additional period of time (i.e., FBI delay strategy), (4) if/when Plaintiff does *not* agree to
15 withdraw all issues and raise them again later, use the substantive change in facts—as framed
16 by Defendants' attorneys in a response motion—as a vehicle to attack whatever issues do
17 remain, and (5) when Plaintiff himself attempts to update the record (e.g., as explained in this
18 notice) with relevant evidence and facts previously not in existence, Defendant FBI will cite
19 to the Court's prior November 18, 2013 response deadline as a means to move to strike
20 Plaintiff's submission of new evidence and facts, which, as a kicker, will also be relabeled by
21 Defendant's counsel as "new arguments."

22                              * * * * *

23  Based on the above points and authorities, Plaintiff respectfully requests that the Court
24 consider his three supplemental declarations and supplemental facts when ruling on *Plaintiff's*
25 *Motion For Partial Summary Judgment And Supporting Memorandum* (Dkt. #042).
26  Plaintiff's filings, however inartfully pleaded, must be liberally construed and held to
27 less stringent standards than formal pleadings drafted by lawyers. See Haines v. Kerner, 404
28 U.S. 519, 520 (1972).

**CERTIFICATE OF SERVICE**

I, Daniel David Rigmaiden, certify under penalty of perjury under the laws of the United States of America that on __November 7, 2013__ I caused the following to be mailed first-class United States Postal Service delivery by _providing it to Dan Colmerauer for him to serve on:_

Original attached document addressed to:

Clerk of the Court
Attn: Civil Docketing Section
Sandra Day O'Connor U.S. Courthouse
401 West Washington Street, Suite 130, SPC 1
Phoenix, AZ 85003-2118

One copy of the original document addressed to:

Brad P. Rosenberg, Trial Attorney
Kimberly L. Herb, Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
PO Box 883
Washington, D.C. 20044

By: _[signature]_

- 7 -