STUART F. DELERY
Assistant Attorney General
ELIZABETH J. SHAPIRO
Deputy Branch Director
BRAD P. ROSENBERG (D.C. Bar No. 467513)
Trial Attorney
KIMBERLY L. HERB (Illinois Bar No. 6296725)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044
Telephone: (202) 514-3374
Facsimile: (202) 616-8460
E-mail: brad.rosenberg@usdoj.gov
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel David Rigmaiden, | No. CV12-1605-SRB-BSB |
| Plaintiff, | **MOTION TO STRIKE OR, IN THE ALTERNATIVE, RESET THE BRIEFING SCHEDULE OR HOLD A STATUS CONFERENCE** |
| vs. | |
| Federal Bureau of Investigation, et al., | |
| Defendants. | |

Defendants Federal Bureau of Investigation, Executive Office for United States Attorneys, Office of Information Policy, and U.S. Department of Justice ("the Government") hereby move to strike or, in the alternative, to re-set the briefing schedule and/or have the Court conduct a status conference in this case. In support thereof, the Government states as follows:

1. Plaintiff filed a Motion for Partial Summary Judgment that was docketed on July 23, 2013. (ECF No. 36.) However, on August 12, 2013, the Court struck the motion for failure to comply with LRCiv 7.2(e)(1). (ECF No. 41.) The Court further ordered that the parties "file dispositive motions by October 8, 2013, or file a status report with an update on the status of the litigation and the parties' attempts to resolve or

narrow the issues for the Court to decide." (*Id.* at 1-2.) Plaintiff then filed a renewed Motion for Partial Summary Judgment that was lodged on ECF on September 4, 2013, (ECF No. 42).

2. On September 30, 2013, the parties filed a Joint Motion to Stay Briefing on Plaintiff's Motion for Partial Summary Judgment and to Continue Deadline for Joint Status Report. (ECF No. 48.) The parties believed that some portions of plaintiff's motion may be moot in light of changed circumstances and sought additional time to reach an agreement as to the processing of plaintiff's request and the resolution of plaintiff's FOIA claims. (*Id.*) The Court granted this motion in part, providing that the parties could file a joint status report on October 18, 2013. (ECF No. 48.) However, the Court denied the motion in so far as it sought to stay briefing on Plaintiff's Motion for Partial Summary Judgment and Ordered that Defendants respond by October 31, 2013. (*Id.*) Subsequently, due to the lapse in government funding and the unavailability of counsel for defendants, (ECF No. 50), the Court reset the deadline for the filing of the joint status report to November 4, 2013 and the deadline for defendants to respond to Plaintiff's Motion for Partial Summary Judgment to November 18, 2013. (ECF No. 53.)

3. The parties filed a Joint Status Report on November 1, 2013. ECF No. 55, 11/01/2013. That Joint Status Report contained a proposed briefing schedule on cross-motions for summary judgment that the Court then adopted. *See* Order, ECF No. 56, 11/06/2013. Pursuant to that schedule, the Government is to respond to plaintiff's motion for partial summary judgment and will cross-move for summary judgment on those issues the Government believes are now ripe on November 18.

4. During a telephone conference that counsel for the Government held with plaintiff, counsel expressed the view to plaintiff that the most expeditious method to resolve this litigation would be for plaintiff to withdraw his pending partial summary judgment motion, as much of that motion was moot in light of a change in the FBI's position. *See* Nov. 1 Status Report (ECF No. 55) at 5 ("Defendants believe that the most expeditious method to resolve these issues would be for Plaintiff to withdraw his pending

1   Motion for Partial Summary Judgment and agree to a new briefing schedule for the
2   discrete set of issues that are ripe for resolution"). Plaintiff, however, declined to
3   withdraw his motion.

4       5.    On October 30, 2013, plaintiff filed a Motion Under Vaughn v. Rosen to
5   Require Detailed Indexing, Justification, and Itemization re: Nov. 10, 2011 FOIA
6   Request to FBI (ECF No. 54, 10/30/2013) ("Vaughn Motion"). In that document,
7   plaintiff purports to require the FBI to provide (1) an itemization and index of all
8   documents and portions of documents claimed to be exempt from disclosure, (2) a
9   declaration explaining how the FBI conducted an adequate search for records relating to
10  one of plaintiffs' FOIA request; (3) a declaration explaining why the FBI "refused or
11  failed to provide all requested records in native digital form"; and (4) a declaration
12  explaining "why the FBI refused or failed to provide metadata." Vaughn Motion, ECF
13  No. 54, 10/30/2013 (9 pages). The Government's response to that motion is due on
14  November 18, which is the same date their response is due to plaintiff's Motion for
15  Partial Summary Judgment.

16      6.    In their telephone conference in preparation for the filing of the November
17  1 Joint Case Management Statement, the government indicated to plaintiff that, in light of
18  the briefing schedule that the parties were negotiating, the government would move to
19  strike plaintiffs' Vaughn Motion. At the same time, plaintiff indicated that he would be
20  filing some supplemental materials, though the government did not know the volume or
21  the contours of the supplemental materials that plaintiff would file. The Government
22  accordingly noted in the November 1 Status Report that it would move to strike the
23  Vaughn Motion that plaintiff had filed (described in paragraph 5, above) and that it may
24  move to strike any other filings outside of the parties' agreed-to briefing schedule. *See*
25  Joint Case Management Statement at 5, ECF No. 55, 11/01/2013.

26      7.    On November 8, 2013, plaintiff filed a new series of documents. *See* ECF
27  No. 57 (Second Supplemental Statement of Undisputed Material Facts in Support of
28  Motion for Partial Summary Judgment (12 pages)); ECF No. 58 (Daniel Rigmaiden's

Sixth Declaration Under Penalty of Perjury in Support of Plaintiff's Motion for Partial Summary Judgment (Metadata) (7 pages)); ECF No. 59 (Daniel Rigmaiden's Fifth Declaration Under Penalty of Perjury in Support of Plaintiff's Motion for Partial Summary Judgment (Native Digital Records) (18 pages)); ECF No. 60 (Daniel Rigmaiden's Fourth Declaration Under Penalty of Perjury in Support of Plaintiff's Motion for Partial Summary Judgment (31 pages); ECF No. 61 (Notice of Support for Supplemental Filings (7 pages)).  These 84 pages of filings were all filed well after plaintiff filed his Motion for Partial Summary Judgment.[1]  Plaintiff's October 30, 2013 and November 8, 2013 filings are problematic for two reasons, as discussed below.

8.     The first reason plaintiff's multiple filings are problematic is because FOIA cases are typically resolved on summary judgment, *see Yonemoto v. Dep't of Veterans Affairs*, 686 F.3d 681, 688 (9th Cir. 2012), and plaintiff's filings can be adequately addressed through an agreed-upon summary judgment schedule.  For example, in cross-moving for summary judgment on November 18, the FBI will provide a Vaughn index.  (Indeed, the government has already provided plaintiff with a draft of that index, which it does not typically do.)  The FBI also will submit a declaration explaining how it conducted an adequate search regarding that particular FOIA request for which it has already provided documents.  As for providing documents in digital form with metadata, plaintiff has already raised those issues in his Motion for Partial Summary Judgment.  *See* Partial Summary Judgment Motion, ECF No. 42, at 9-10. The Government will respond to these issues when it files its opposition and cross-motion, as it previously communicated to plaintiff.

9.     The second reason plaintiff's multiple filings are problematic because they represent piecemeal litigation that addresses the same set of core issues, though numerous filings on potentially different timetable, causing prejudice to the government as it seeks to respond to a continually moving target.  In August, government counsel communicated

---

[1] Per the clerk's office's stamp in the margins, these filings also do not appear to comply with this Court's local rules.

- 4 –

to plaintiff that the FBI was re-evaluating its position. *See* ECF No. 40 at 3-4, 08/08/2013 (Status Report). Before the FBI was able to communicate its new position to plaintiff, he filed his renewed partial summary judgment motion anyway. *See* ECF No. 42, 09/04/2013. The FBI has since changed its position, which has rendered much of plaintiffs' summary judgment motion moot. *See* Nov. 1 Joint Status Report, ECF No. 55, at 3 (noting that, "On September 25, 2013, the FBI sent Plaintiff a letter stating that it could now confirm the existence of records responsive to his request"). Plaintiff has nonetheless chosen not to withdraw his summary judgment motion, even while acknowledging that much of his motion is moot. Now, while refusing to withdraw his motion, he seeks to have the seemingly endless opportunity to supplement his filing with whatever information he deems fit.

10. Having filed a summary judgment motion while the parties were negotiating in good faith regarding the FBI's response to plaintiffs' FOIA request, and having chosen not to withdraw that motion after much of it became either moot or incomplete (based on information plaintiff obtained as part of his discussions in an effort to narrow or resolve the issues in this litigation), plaintiff should not be permitted to supplement his record on summary judgment in a piecemeal fashion without any regard to the briefing schedule the parties have negotiated. Moreover, plaintiff is attempting to supplement his record only one week before the government's response is due, thus either precluding the government from being able to respond in a meaningful manner or requiring the government to respond in a piecemeal fashion to new factual allegations contained in multiple filings despite the fact that all relate to the same set of core issues. Accordingly, this Court should strike ECF Nos. 57-61. In addition, and for the reasons set forth in Paragraph 8, above, this Court should strike ECF No. 54.

11. In the alternative, and should this Court chose not to strike, this Court should re-set the deadlines set forth in its Order of November 6, 2013. The government requests that, should the Court re-set the deadlines, that it extend all previously-set deadlines by 60 days. While the government would normally request only a 33-day

- 5 –

1  extension (to take into account plaintiffs' supplemental filings), one of government's counsel will be out of the office beginning on November 13 for a surgical procedure, and anticipates being out-of-the-office for approximately one month.  That attorney was added to this case because the other government attorney is overextended on other litigation matters including, among other things, preparing a summary judgment brief that is due on November 15, as well as multiple other filings and hearings over the next two months.

12. In the alternative, and should this Court chose not to re-set the deadlines, the government requests that the Court stay all proceedings in this case until it can hold a telephonic status conference with all parties to discuss, among other things, vacating the pending motions and setting a briefing schedule that will not require the government to respond to piecemeal motions and filings.

13. The Government requests an expedited resolution of this motion so it can determine how and when it should respond to plaintiffs' partial summary judgment motion, currently due on November 18.

DATED:  November 8, 2013

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

/s/ *Brad P. Rosenberg*
BRAD P. ROSENBERG
D.C. Bar No. 467513
KIMBERLY L. HERB
Illinois Bar No. 6296725
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C.  20044
Telephone:  (202) 514-3374
Facsimile:  (202) 616-8460
E-mail:  brad.rosenberg@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 8, 2013, I served the attached document by first-class mail, postage pre-paid, on the following, who is not a registered participant of the CM/ECF system:

    Daniel D. Rigmaiden
    Agency # 10966111
    CCA-CADC
    PO Box 6300
    Florence, AZ  85132

    /s/ *Brad P. Rosenberg*
    BRAD P. ROSENBERG
    D.C. Bar No. 467513
    Trial Attorney
    U.S. Department of Justice
    Civil Division, Federal Programs Branch
    P.O. Box 883
    Washington, D.C.  20044
    Telephone:  (202) 514-3374
    Facsimile:  (202) 616-8460
    E-mail:  brad.rosenberg@usdoj.gov

*Attorney for Defendants*