Daniel David Rigmaiden #10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132

Daniel David Rigmaiden
Pro se, Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel David Rigmaiden<br>　　Plaintiff<br>v.<br>Federal Bureau of Investigation, et al.<br>　　Defendant. | Plaintiff's Advisement<br>RE: Dkt. #063<br><br>CV-12-01605-PHX-SRB-BSB |

  Plaintiff, Daniel David Rigmaiden, appearing pro se, respectfully submits Plaintiff's Advisement RE: Dkt. #063. Plaintiff chooses "to voluntarily withdraw his motion for partial summary judgment filed on September 4, 2013 and the supporting statement of facts and his first and second declarations (Docs. 42, 37, 38, and 39) and file a new motion for summary judgment and separate statement of facts that address all of the facts and

THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT.
REFERENCE LRCiv P 5.4
(Rule Number/Section)

legal issues that Plaintiff wants the Court to consider." Dkt #63, p. 3. However, Plaintiff is confused over the Court's ultimatum and requests further guidance in order to determine whether he should now file his new, all-in-one, Motion For Partial Summary Judgment or first appeal some parts of the Court's order at Dkt. #063 to Judge Bolton.

First issue of confusion, the Court did not indicate that Plaintiff could file declarations or "a declaration" along with the "new motion for summary judgment and a separate statement of facts[.]" Dkt. #063, p. 3. Local rules require that "[e]ach material fact in the separate statement must be set forth in a separately numbered paragraph and <u>must refer to a specific admissible portion of the record where the fact finds support</u> (for example <u>affidavit</u>, deposition, discovery response, etc.)." LRCiv. 56.1(a) (emphasis added). Plaintiff is required to reference evidence on the record when making his factual claims and his declaration(s) will provide this evidence. If the Court is requiring Plaintiff to file a statement of facts without supporting declarations, it would "constitute grounds for the denial of the motion[.]" regardless of the merits of Plaintiff's claims. Id. If this is what the Court wants Plaintiff to do, he needs to appeal that portion of the

2

Court's order to Judge Bolton and, failing that, file for a Writ of Mandate in the Ninth Circuit (a party submitting evidence is rudimentary).

Second issue of confusion, the Court said it "will not consider multiple motions for summary judgment from a single party." Id. Plaintiff is confused by this portion of the Court's order. FOIA suits often require multiple motions for partial summary judgment from a single party at different times — hence the reason why both parties in this action are labeling their motion and cross-motion as "partial." Often times a first motion for partial summary judgment needs to be ruled on in a FOIA suit before other issues can become ripe and addressed through a second motion for partial summary judgment. In ACLU v. USDOJ, No. 12-cv-4008-MEJ (N.D.Cal.), the parties filed motions for partial summary judgment for precisely this reason. See id., Doc. #23 and #25. For example, if the court agreed with the ACLU that the EOUSA was required to provide more records (see id., Doc. #25), a second motion for partial summary judgment could then be filed by either party claiming that redactions done on those additional, newly provided records are or are not legal under FOIA. Plaintiff anticipates the same

3

scenario in this case. Plaintiff is yet to receive the FBI's 14,377 records and is yet to receive any records from the EOUSA. Once Plaintiff begins to receive records as required by FOIA, he will file motions for Vaughn indexes as needed (standard procedure) and, if the redactions are not legal under FOIA, a second — and possibly a third (remember, there are three FOIA requests at issue here) — motion for partial summary judgment challenging those redactions. Again, standard practice in FOIA suits. The issue of fee waivers, expedited processing, native form digital records, metadata, improper and nonexistent searches, etc., are all issues that need to be settled before Plaintiff can challenge redactions on records that are yet to be in his possession. The only other option is to file additional FOIA actions whenever records arrive (or whenever Defendants again purposefully and tactically ripen an issue after briefing), which seems like a waste of money, time, and court resources. The court seems to acknowledge this much considering it "den[ied] Plaintiff's motion for a Vaughn Index (Doc 54) without prejudice[,] in light of Defendants' plan to "file a Vaughn Index along with their motion for [partial] summary judgment[.]" Dkt #064, p. 1 (emphasis added). Denying the motion

"without prejudice" insinuates that if Defendants fail to submit the Vaughn index (which would come at no surprise), Plaintiff could refile the motion, wait for the index to be filed, and then file another motion for partial summary judgment challenging the redactions. While Defendant FBI filing a Vaughn index with their cross-motion for partial summary judgment would solve the need for a second motion for partial summary judgment relating to the November 10, 2011 FOIA request, it does nothing to address the two remaining October 10, 2011 FOIA requests of which not a single record has been provided and likely won't be provided until after the Court rules on the initial summary judgment issues. If the Court intends to bar Plaintiff from using this suit to challenge redactions on records that are yet to be provided to him then Plaintiff needs to appeal that portion of the Court's order to Judge Bolton.

To clarify, if the Court intends to (1) not allow Plaintiff to submit any evidence with his motion for partial summary judgment, and/or (2) procedurally bar Plaintiff from challenging redactions on records that can only be provided after the Court rules on the first motions for partial summary judgment, then

Plaintiff needs to appeal the Court's order to Judge Bolton and possibly raise the first issue in the Ninth Circuit if Judge Bolton agrees with Judge Bade that plaintiff cannot submit declarations/evidence in support of his statement of facts. In order to decide what to do next, Plaintiff respectfully requests guidance on how the Court intends to interpret its order at Dkt. #063.

On the other hand, if the Court is permitting Plaintiff to (1) submit declaration(s) and evidence in support of his new, all-in-one, Motion For Partial Summary Judgment, and (2) submit additional summary judgment motions in the future — as new issues become ripe that first depend upon resolution of currently ripe issues — then Plaintiff is ready to combine all of his previous statements of facts and all of his previous declarations and then file the new, all-in-one, Motion For Partial Summary Judgment. In light of Dkt. #062 and #063, Plaintiff will now also "twist into ripeness" as many non-frivolous issues as he possibly can (which will certainly be a joy), as Plaintiff now has the message loud and clear that this is what everyone wants in regards to his first Motion For Partial Summary

6

Judgment.

Plaintiff's filings, however inartfully drafted, must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Respectfully Submitted: November 18, 2013.

Daniel David Rigmaiden

*Daniel Rigmaiden*
Daniel Rigmaiden

CERTIFICATE OF SERVICE

I, Daniel David Rigmaiden, certify under penalty of perjury under the laws of the United States of America that on November 18, 2013 I caused the following to be placed into the CCA-CADC mailing system for first-class United States Postal Service delivery:

Original attached document addressed to:

Clerk of the Court
Attn: Civil Docketing Section
Sandra Day O'Connor U.S. Courthouse
401 West Washington St., Suite 130, SPC 1
Phoenix, AZ 85003-2118

Per Court order at Dkt. #056, the ECF system will effectuate service by providing copies to:

Brad P. Rosenberg, Trial Attorney
Kimberly L. Herb, Trial Attorney


By: Daniel Rigmaiden

8