

**U.S. Department of Justice**

**Civil Division, Federal Programs Branch**

| *Via U.S. Mail:* | *Via Special Delivery:* |
|---|---|
| P.O. Box 883 | 20 Massachusetts Ave., NW |
| Washington, DC  20044 | Washington, DC  20001 |

Brad P. Rosenberg
Trial Attorney

| Telephone: | (202) 514-3374 |
|---|---|
| Facsimile: | (202) 616-8460 |
| E-Mail: | brad.rosenberg@usdoj.gov |

January 6, 2014

*Via First-Class Mail*

Daniel D. Rigmaiden
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ  85132

   Re: *Rigmaiden v. Federal Bureau of Investigation, et al.*, No. CV12-1605-SRB-BSB

Dear Mr. Rigmaiden:

  On December 12, 2013, I sent an e-mail to you via the e-mail address freedan@Safe-mail.net, which is an e-mail address that you have used to communicate with me on prior occasions.  I understand that you do not have direct access to this e-mail account, but you nonetheless indicated during a conversation that we had earlier in that week that you would be able to retrieve information sent to that account via a third party.

  In light of the fact that I never received a response to my e-mail, and in order to ensure that you receive the substance of my e-mail of December 12, I am enclosing a print-out of the e-mail that I previously sent to you.

       Very truly yours,

       *Brad P. Rosenberg*

       Brad P. Rosenberg

Enclosure

**Rosenberg, Brad (CIV)**

| | | |
|---|---|---|
| ˙om: | Rosenberg, Brad (CIV) | |
| nt: | Thursday, December 12, 2013 7:06 PM | |
| To: | Daniel Rigmaiden (freedan@Safe-mail.net) | |
| Cc: | Herb, Kimberly (CIV) | |
| Subject: | Rigmaiden FOIA Lawsuit -- E-Mail Confirming Conversation of December 10, 2013 | |
| Tracking: | **Recipient** | **Delivery** |
| | Daniel Rigmaiden (freedan@Safe-mail.net) ˙ | |
| | Herb, Kimberly (CIV) | Delivered: 12/12/2013 7:06 PM |

Dear Mr. Rigmaiden:

I am writing to summarize, and follow-up on, our conversation of this past Tuesday, December 10, 2013. In that conversation, and in response to what the parties have referred-to as the "Harris Request" in their status reports with the court, the FBI has agreed to mail a CD to your representative (Philip Seplow) containing the 500-page sample that had previously been provided to EPIC in their separate FOIA lawsuit against the FBI. That CD will be will be mailed to Mr. Seplow on December 13. You ⁀lso inquired about receiving the separate, 4,377 page release that was provided to ᵗIC, and whether there would be a separate charge for that release. The FBI will assemble that release and provide it on a CD to Mr. Seplow under separate cover as soon as possible. While the FBI would normally charge for a second CD, it will waive the charge for the second CD as a matter of courtesy and in the hopes of moving the litigation forward. However, this waiver is not to be construed as an agreement that no other fees/charges are due and owing or that any other fees/charges are waived. This is a one-time waiver only.

I understand that you will be filing (or perhaps by the time you receive this e-mail have already filed) a motion for partial summary judgment seeking expedited processing, fee waivers, and guidance regarding the form of production (i.e., native digital with metadata) as to both EOUSA and the FBI for all requests. I also understand that your motion may address EOUSA's previous indication that it cannot respond to your FOIA request even though, as we discussed, EOUSA is in the process of re-evaluating that position in-part. We agreed that, when we respond to your summary judgment motion, the FBI would cross-move for summary judgment regarding the adequacy of the search for the WSJ Request, as well as defend the exemptions claimed in responding to that request. (I also indicated my belief that litigation of the exemptions in the WSJ Request would not have any bearing on the exemptions in the other FOIA requests.)

ᵉ also discussed the preparation of a *Vaughn* index for the 500-page sample referenced above. As I have previously indicated, the FBI estimates that it will take

1

approximately 60 days to prepare a *Vaughn* index, and it has recently begun that process. Accordingly, the FBI currently believes that it will complete its *Vaughn* index for the 500-page sample in early February. I did want to follow-up on a particular point

garding the *Vaughn*: During a previous conversation, you had indicated to me that you may not be interested in challenging the FBI's invocation of Exemptions 6 and 7(C). That said, I do not believe that you have made a final determination on that. Accordingly, can you let me know whether you intend to challenge Exemptions 6 and 7(C)? Also, and pursuant to the e-mail that you originally sent to me on November 18, 2013, we understand that the purpose of the FBI in providing the 500-page sample in response to the Harris Request is to litigate the applicability of the exemptions (recognizing that the FBI will also have to defend the adequacy of its search). As you put it in your original e-mail to me, "if the government wins on all issues then the case will likely be concluded in the district court." I want to confirm that is our understanding as to how we will proceed with the Harris Request. As you are aware, while the 500-page sample that is being provided to you reflects the FBI's decision to no longer pursue its *Glomar* argument (and, thus, certain redactions have already been removed from that sample), the 4,377 pages that were previously provided to EPIC still contain *Glomar*-related redactions. Should the FBI prevail on summary judgment regarding the 500-page sample, it does not intend to re-process the 4,377 pages previously provided to EPIC to remove any *Glomar*-related redactions. If this is not your understanding, please let me know now so that we can discuss how to proceed. (I

cognize, however, that you have reserved your right to challenge a particular exemption if, for some reason, it was not a category of exemption previously litigated.) Finally, I indicated that we would need some time after the FBI has prepared its *Vaughn* index for the 500-page sample to actually move for summary judgment on the Harris Request (as our office would need to prepare the summary judgment brief that makes arguments based upon what will be in the *Vaughn* index).

Please let me know if you believe that this summary is incorrect in any way. You can send a return e-mail to me (or, more accurately, have your contact person send a return e-mail to me) confirming our understanding. Alternatively, you can let me know via e-mail if you wish to set-up another conference call, which we can then arrange with your facility.

Thanks,
-Brad Rosenberg

---

ad P. Rosenberg
.al Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch

20 Massachusetts Ave., N.W.
Washington, DC  20001
(202) 514-3374
02) 616-8460 (fax)