

U.S. Department of Justice

*Executive Office for United States Attorneys*
*Freedom of Information Act & Privacy Act Staff*

---

Bicentennial Building   (202) 252-6020
600 E Street, NW, Suite 7300   (202) 252-6047 Fax
Washington, DC  20530

Requestor No.       11-4585                                          JAN 2 3 2014

Requestor Name:   Daniel David Rigmaiden

Dear Mr. Rigmaiden:

    This letter is a response to your written request for a fee waiver in connection with your request for records pursuant to the Freedom of Information Act ("FOIA"). Our records show that you submitted a FOIA request to the Executive Office for United States Attorneys ("EOUSA") on or about October 10, 2011. In your FOIA request, you sought "a waiver of all costs pursuant to 5 U.S.C. 552(a)(4)(A)(iii)," because the "[d]isclosure of the requested records will help members of the public understand the privacy risks of carrying cell phones and other wireless devices." I have carefully assessed your fee waiver request, and have determined that it does not meet the criteria for a waiver of fees pursuant to Department of Justice regulations set forth in 28 CFR 16.11(k) (2011).

    In order to qualify for a waiver or reduction of fees, your request must demonstrate that the "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations and activities of the government and is not primarily in the commercial interest of the requester." *See* 5 U.S.C. § 552(a)(4)(A)(iii). In determining whether you have satisfied this statutory standard, the six factors set forth in 28 CFR §16.11(k) are to be considered. *See* 28 C.F.R. §16.11(k). The first four of these factors concern the "public interest" requirement; the fifth and sixth factors concern whether your interest in the records is primarily commercial.

    Failure to satisfy *any* one of the "public interest" requirements results in the denial of a request for a waiver or reduction of fees, and it dispenses with the need to consider whether a requestor's interest in the records is primarily commercial in nature. I have determined that you have not met factors two, three, and four of the "public interest" requirements set forth in the applicable regulations.

    Although you state that the records you are seeking will help members of the public understand the privacy risks of carrying cell phones and other wireless devices, you have failed to meet the second and fourth factors of the "public interest" requirement for a fee waiver. First, you have not shown what, if any, informative value those records contain and how that information is likely to contribute to the public's understanding of an operation or activity of the government, as required in the second factor of the "public interest" requirement. More specifically, you do not substantiate why the records you seek in connection with your case have wider applicability or interest to the general public, or would contribute to the public's greater understanding of privacy risks to the greater general population. Moreover, you have not established how the records you are seeking will contribute in a "significant" way to the public's understanding of an operation or

activity of the government, as required by the fourth factor set forth in the applicable regulations.

Furthermore, you have not demonstrated both the intent and ability, as required by the applicable regulation's third fee waiver factor, to disseminate the requested records. Although you state in your request that you will disseminate this information by placing it on public record in your pending criminal case, *United States v. Rigmaiden, et al*, 08-CR-814 (DCG), and that you will send it to a reporter at *The Wall Street Journal*, you have not demonstrated that this information will be either disseminated or made accessible, in any way, to the public. Requestors who make no showing of how the information would be disseminated -- other than by making it passively available to anyone who might seek access to it via the record of a criminal case and/or sending it as a submission to a news organization -- do not meet the burden of demonstrating with particularity that the information will be communicated to the public. *See e.g. Van Fripp v. Parks*, No. 97-0159, slip op. at 12 (D.D.C. March 16, 2000) (use of passive methods of distribution does not establish entitlement to a fee waiver). Therefore, your failure to meet this factor is itself a sufficient basis for denying your request for a fee waiver. *See Larson v. CIA*, 843 F.2d 1481, 1483 (D.C. Cir. 1988).

Also, the substance of your FOIA request has been assessed, and it has been determined that EOUSA will only respond to the first item delineated in your FOIA request, as the remaining items do not constitute cognizable requests under the FOIA. Please note that a denial of a request for a fee waiver is not meant to suggest that you cannot request records that you describe in the first paragraph of your FOIA request; however, please note that you may be assessed search and duplication fees if such records exist and are releasable.

You may appeal this response by writing to the Office of Information Policy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington D.C. 20530-0001. Your letter must be received by that office within 60 days of the date of this letter.

Sincerely,

*[signature]*

Susan B. Gerson
Assistant Director

2