1   STUART F. DELERY
    Assistant Attorney General
2   ELIZABETH J. SHAPIRO
    Deputy Branch Director
3   BRAD P. ROSENBERG (D.C. Bar No. 467513)
    Trial Attorney
4   KIMBERLY L. HERB (Illinois Bar No. 6296725)
    Trial Attorney
5   U.S. Department of Justice
    Civil Division, Federal Programs Branch
6   P.O. Box 883
    Washington, D.C.  20044
7   Telephone: (202) 514-3374
    Facsimile: (202) 616-8460
8   E-mail: brad.rosenberg@usdoj.gov
    Attorneys for Defendants

9

                    IN THE UNITED STATES DISTRICT COURT
10
                      FOR THE DISTRICT OF ARIZONA
11

12   Daniel David Rigmaiden,                    No. CV12-1605-SRB-BSB

13                          Plaintiff,     **MOTION FOR LEAVE TO FILE AN**
                                                  **OVERLENGTH BRIEF**
14          vs.

15

16   Federal Bureau of Investigation, et al.,

17                          Defendants.

18

19          Defendants Federal Bureau of Investigation, Executive Office for United States

20   Attorneys, Office of Information Policy, and U.S. Department of Justice ("defendants")

21   hereby move for leave to file an overlength brief.  In support thereof, defendants state as

22   follows:

23          1.      This is a Freedom of Information Act ("FOIA") case involving three

24   separate FOIA requests to two government entities, the Federal Bureau of Investigation

25   ("FBI") and the Executive Office for United States Attorneys ("EOUSA").

26          2.      On February 4, 2014, plaintiff filed a motion for partial summary judgment.

27   *See* ECF No. 84, 02/04/2014.  Plaintiff's motion raised numerous issues, including,

28   among others:

- Whether plaintiff is entitled to fee waivers.

- Whether plaintiff is entitled to expedited processing.

- Whether EOUSA is required to conduct a search for records.

- Whether defendants are required to produce documents in native digital form.

- Whether defendants are required to provide metadata.

*See* ECF No. 84.

3.      In a FOIA case, the government typically assumes the burden of moving for summary judgment.  Accordingly, the government has proposed, and this Court has adopted, a staggered schedule whereby defendant will file both an opposition to plaintiff's motion for partial summary judgment and a cross-motion for summary judgment.  *See* Order, ECF No. 76, 01/31/2014.  That consolidated filing is due on Monday, March 10.

4.      In addition to responding to plaintiff's motion, defendants intend to raise the following issues in their forthcoming cross-motion for summary judgment:

- The adequacy of the FBI's search for records responsive to the FOIA request previously referred-to in the parties' status reports as the WSJ request.

- The applicability of exemptions claimed for records withheld by the FBI in the WSJ request.

- The applicability of exemptions claimed for records withheld by the FBI in the FOIA request that will stand-in for the request previously referred-to in the parties' status reports as the Harris request.[1]

- The adequacy of EOUSA's search for records in response to the FOIA request previously referred-to in the parties' status reports as the EOUSA request.[2]

---

[1] As will be explained in the defendants' forthcoming cross-motion for summary judgment, the adequacy of the FBI's search for records in response to the Harris request is not at issue in this lawsuit.

[2] The government had originally intended to also move for summary judgment on any exemptions claimed by EOUSA.  EOUSA, however, has identified a substantially

5.      Defendants believe that the most efficient method for them to present these issues to the Court is through a single, consolidated memorandum that addresses both the issues raised by plaintiff in his motion for partial summary judgment and the issues that defendants intend to raise in their cross-motion for summary judgment.   However, defendants will not be able to address all of these issues within the 17 page limit imposed by this Court's local rules.   Accordingly, and in light of the fact that defendants are essentially presenting legal arguments for the equivalent of two separate briefs and motions, defendants request that the Court allow defendants to file a single, consolidated memorandum in opposition to plaintiff's motion for partial summary judgment and in support of their cross-motion for summary judgment, not to exceed 34 pages.

6.      A proposed order is attached.

DATED:  March 5, 2014                  Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

*/s/ Brad P. Rosenberg*
BRAD P. ROSENBERG
D.C. Bar No. 467513
KIMBERLY L. HERB
Illinois Bar No. 6296725
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C.  20044
Telephone:  (202) 514-3374
Facsimile:  (202) 616-8460
E-mail:  brad.rosenberg@usdoj.gov

*Attorneys for Defendants*

---

larger volume of records than it had originally anticipated, and has also had to consult with other DOJ divisions in order to process plaintiff's request.  Accordingly, EOUSA may need to separately move for summary judgment regarding any exemptions it may claim at a later date.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on March 5, 2014, I served the attached document by first-class mail, postage pre-paid, on the following, who is not a registered participant of the CM/ECF system:

Daniel D. Rigmaiden
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ  85132

/s/ *Brad P. Rosenberg*
BRAD P. ROSENBERG
D.C. Bar No. 467513
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C.  20044
Telephone:  (202) 514-3374
Facsimile:  (202) 616-8460
E-mail:  brad.rosenberg@usdoj.gov

*Attorney for Defendants*