IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel David Rigmaiden, | No. CV-2012-01605-PHX-SRB(BSB) |
| Plaintiff, | **EXHIBIT A: CORRESPONDENCE WITH PLAINTIFF** |
| vs. | |
| Federal Bureau of Investigation, et al., | |
| Defendants. | |

**Rosenberg, Brad (CIV)**

| | |
|---|---|
| **From:** | Daniel Rigmaiden <freedan@Safe-mail.net> |
| **Sent:** | Monday, November 18, 2013 10:26 AM |
| **To:** | Rosenberg, Brad (CIV) |
| **Subject:** | Daniel Rigmaiden FOIA suit |

Hello, Brad.  Considering the court has stricken my supplements, I have decided to refile the summary judgment motion as soon as possible.  I have an idea that may allow us to address more issues and to possibly conclude the case without additional motions for summary judgment.  While we both know that more than one summary judgment motion can be filed by a single party in a single FOIA suit at different stages in the proceedings, the magistrate appears to be unaware of that.  She has never presided over a FOIA suit before.  Nevertheless, I am certain the district court judge will not be as naive.

With that being said, here is my idea: Have the FBI mail me the 4377 pages of non-native form digital records immediately (but in PDF form), which will allow the government to cross-move for summary judgment on the FOIA exemptions with a second Vaughn index.  By doing this, if the government wins on all issues then the case will likely be concluded in the district court.  However, obviously if I win an issue, such as native form digital records or on an exemption issue, there may be a need for further litigation.

I make this suggestion under the assumption that (1) the 4377 records are the same type with the exact same type of redactions and claimed exemptions as the remaining 11,000 pages and (2) the FBI will not charge me for the 4377 pages.  As you are aware, the FBI said in its letter that if the documents fit on one CD there will be no charge.  If not, the FBI could – and this is a really novel idea – burn the PDF files to one DVD at a cost of an additional 10 cents.

If this is not agreeable then what will happen is this: (1) if the court denies my fee waiver I will make immediate payment for the two CD's, (2) I will then file a motion for a Vaughn index after I receive the PDF files, (3) I will then file a second summary judgment motion asking that redactions be removed from the documents, (4) I will only agree to a briefing schedule in accordance with preset local rules, and (5) if the court does not allow the new motion for Vaughn index and another summary judgment motion I will file a new civil suit and start again, but this time I will serve the complaint myself – through the mail as is allowed in a FOIA suit – and there will be no chance for further government delays, which is the main goal on your side.

Please be advised I do not have access to the Internet.

Dictated but not read,

Daniel Rigmaiden