IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Daniel David Rigmaiden, | No. CV12-1605-SRB-BSB |
|---|---|
| Plaintiff, | **EXHIBIT C: CORRESPONDENCE WITH PLAINTIFF** |
| vs. | |
| Federal Bureau of Investigation, et al., | |
| Defendants. | |



**U.S. Department of Justice**

Civil Division, Federal Programs Branch

| *Via U.S. Mail:* | *Via Special Delivery:* |
|---|---|
| P.O. Box 883 | 20 Massachusetts Ave., NW |
| Washington, DC 20044 | Washington, DC 20001 |

Brad P. Rosenberg  
Trial Attorney

Telephone:  (202) 514-3374  
Facsimile:  (202) 616-8460  
E-Mail:     brad.rosenberg@usdoj.gov

January 27, 2014

*Via First-Class Mail*

Daniel D. Rigmaiden  
Agency # 10966111  
CCA-CADC  
PO Box 6300  
Florence, AZ  85132

    Re:    *Rigmaiden v. Federal Bureau of Investigation, et al.*, No. CV12-1605-SRB-BSB

Dear Mr. Rigmaiden:

    Enclosed please find a print-out of an e-mail that I sent to you today regarding the above-referenced litigation.

                                                    Very truly yours,

                                                   Brad P. Rosenberg

Enclosure

**Rosenberg, Brad (CIV)**

| | |
|---|---|
| From: | Rosenberg, Brad (CIV) |
| Sent: | Monday, January 27, 2014 12:11 PM |
| To: | Daniel Rigmaiden (freedan@Safe-mail.net) |
| Cc: | Herb, Kimberly (CIV) |
| Subject: | Re: Rigmaiden FOIA Lawsuit -- E-Mail Confirming Conversation ofDecember 10, 2013 |

| Tracking: | Recipient | Delivery | Read |
|---|---|---|---|
| | Daniel Rigmaiden (freedan@Safe-mail.net) | | |
| | Herb, Kimberly (CIV) | Delivered: 1/27/2014 12:11 PM | Read: 1/27/2014 12:11 PM |

Dear Mr. Rigmaiden:

Thank you for your e-mail, and for clarifying that you do not need a Vaughn index for redactions made pursuant to Exemptions 6 and 7(C) (with the caveat as noted in your e-mail below, if applicable).

As for reprocessing the 4,377 pages to remove the Glomar-related redactions, the FBI will wait until we resolve the preliminary, procedural issues on summary judgment. That is because the question of fee waivers (and your potential agreement to pay fees should you not obtain a waiver) will impact whether the FBI will need to produce additional CDs. Similarly, the FBI would like to resolve the form of production (i.e., whether it must produce documents in native digital form with metadata) before it begins any re-processing of the 4,377 pages so as to avoid duplication of efforts.

Finally, I wanted to give you a heads-up that, in light of the court's order requiring that dispositive motions be filed by February 7, and the fact that you have not yet moved for summary judgment on the procedural issues (as we understood you would), we intend to file a motion with the court seeking additional time for the government to either file its own summary judgment motion or to respond to any potential motion that you may still file.

Thanks,
-Brad Rosenberg

-----Original Message-----
From: Daniel Rigmaiden [mailto:freedan@Safe-mail.net]
Sent: Friday, January 10, 2014 10:52 AM
To: Rosenberg, Brad (CIV)
Subject: Re: Rigmaiden FOIA Lawsuit -- E-Mail Confirming Conversation ofDecember 10, 2013

1

Other than what is explained below, everything in your email is correct:

I do not need a Vaughn index for redactions made based on exemptions 6 and 7(C) unless there is a section of a personnell file discussing an agent's training and experience in using portable/transportable wireless device locators and related equipment.

I expected the FBI to reprocess the 4,377 pages to remove the Glomar related redactions. I am not aware of any legal basis that would allow the FBI to not reprocess those records in light of reversing its Glomar position. However, the 4,377 pages, as they were provided EPIC and discussed during our phone call, I assumed would be provided to me on a CD prior to the reprocessing. Although I stated that I want an identical version of the EPIC disclosure, I was not insinuating that it would satisfy my FOIA request for those pages. The reason I wanted/want EPIC's verision of the documents now, notwithstanding the existence of the Glomar related redactions, was so that I could determine if a machine reading process could be developed that would be adequate to extract sufficiently mistake-free text from the otherwise flat image scan.

If the FBI is still going to send the 4,377 pages, I suggest that it at least provide the original PDF files that had the redactions applied, rather than printing those PDFs out to paper and then rescanning back into PDFs for the CD. If you read my 5th Declaration (now stricken) you will see how poorly the FBI's PDFs machine-read.

Daniel Rigmaiden