1   STUART F. DELERY
    Assistant Attorney General
2   ELIZABETH J. SHAPIRO
    Deputy Branch Director
3   BRAD P. ROSENBERG (D.C. Bar No. 467513)
    Trial Attorney
4   KIMBERLY L. HERB (Illinois Bar No. 6296725)
    Trial Attorney
5   U.S. Department of Justice
    Civil Division, Federal Programs Branch
6   P.O. Box 883
    Washington, D.C.  20044
7   Telephone: (202) 514-3374
    Facsimile: (202) 616-8460
8   E-mail: brad.rosenberg@usdoj.gov
    Attorneys for Defendants

9

10                  IN THE UNITED STATES DISTRICT COURT

11                      FOR THE DISTRICT OF ARIZONA

12   Daniel David Rigmaiden,                  No. CV-2012-01605-PHX-SRB(BSB)

13                                            **DEFENDANTS' OBJECTSIONS AND
                          Plaintiff,          RESPONSES TO PLAINTIFF'S
14                                            STATEMENT OF MATERIAL FACTS
            vs.                               AND STATEMENT OF FACTS AS TO
15                                            WHICH THERE IS NO GENUINE
                                              ISSUE**
16   Federal Bureau of Investigation, et al.,

17                          Defendants.

18
                 **DEFENDANTS' OBJECTIONS AND RESPONSES TO
19                PLAINTIFF'S STATMENET OF MATERIAL FACTS**

20          Pursuant to Local Rule 56.1, Defendants respond, by and through undersigned

21   counsel, to Plaintiff's Statement of Undisputed Material Facts in Support of Partial

22   Summary Judgment ("Plaintiff's Statement") as follows.

23                              **OBJECTIONS**

24          1.      Defendants object to Plaintiff's Statement to the extent that the statements

25   in the paragraphs refer to, rely on, are supported by, or paraphrase newspaper articles,

26   letters, or prepared testimony.  The assertions Plaintiff makes based on these documents

27   are not "facts" that can properly substantiate a motion for summary judgment.  Under

28   Federal Rule of Civil Procedure 56(c), Plaintiff's Statement must be supported by citation

"to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations."  Local Rule 56.1 likewise requires that each factual assertion "must refer to a specific admissible portion of the record where the fact finds support (for example, affidavit, deposition, discovery response, etc.)."  Newspaper articles, books, websites, letters, and testimony cannot properly support a motion for summary judgment, as they contain hearsay statements rather than facts.  Fed. R. Evid. 801(c) (defining hearsay as a statement "the declarant does not make while testifying at the current trial or hearing" and which is offered "to prove the truth of the matter asserted").  Defendants also object to the extent that Plaintiff offers documents into evidence that have not been properly authenticated pursuant to the Federal Rules of Evidence.

2.    Defendants object to Plaintiff's Statement on the ground that the alleged facts, regardless of whether true, are not material to the resolution of Plaintiff's Motion for Partial Summary Judgment in this Freedom of Information Act case.  *See* LRCiv 56.1(a) (requiring a statement "setting forth each material fact" and statement that it "should include only those facts that the Court needs to decide the motion").  "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); Fed. R. Evid. 401 (stating that "[e]vidence is relevant if . . . the fact is of consequence in determining the action").  None of the purported facts in these paragraphs has any bearing on the outcome of this suit under applicable law.  Since Defendants must identify genuine issues only with respect to "material" facts, Fed. R. Civ. P. 56(c), LRCiv 56.1, Defendants are not required to respond to those paragraphs.

## RESPONSES

Plaintiff's numbered statements are reproduced below, each followed by Defendants' response.

1. Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.

- 2 –

2.  Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.

3.  Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.

4.  Pursuant to Objection 2, these are not material facts.

5.  Pursuant to Objection 2, these are not material facts.

6.  Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.

7.  Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.

8.  Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.

9.  Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.

10. Pursuant to Objection 2, these are not material facts.

11. Pursuant to Objection 2, these are not material facts.

12. Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.

13. Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.

14. Pursuant to Objection 2, these are not material facts.

15. Pursuant to Objection 2, these are not material facts.

16. Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.

17. Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.

18. Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.

19. Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.

20. Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.

21. Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.

22. Pursuant to Objection 2, these are not material facts.

23. Pursuant to Objection 2, these are not material facts.

24. Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.  Defendants nonetheless dispute that the statements in Paragraphs 24-27 are contradictory.  *See* Pl. SOF ¶¶ 24-27.

25. Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.  Defendants nonetheless dispute that the statements in Paragraphs 24-27 are contradictory.  *See* Pl. SOF ¶¶ 24-27.

26. Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.  Defendants nonetheless dispute that the statements in Paragraphs 24-27 are contradictory.  *See* Pl. SOF ¶¶ 24-27.

27. Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.  Defendants nonetheless dispute that the statements in Paragraphs 24-27 are contradictory.  *See* Pl. SOF ¶¶ 24-27.

28. Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.

29. Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.

30. Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.

31. Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.

32. Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.

33. Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.

34. Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.

35. Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.

36. Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.

37. Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.

38. Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.

39. Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.

40. Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.

41. Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.

42. Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.

43. Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.

44. Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.

45. Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.

46. Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.

47. Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.

48. Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.

49. Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.

50. Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.

51. Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.

52. Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.

53. Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.

54. Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.

55. Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.

56. Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.

57. Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.

58. Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.

59. Pursuant to Objection 2, these are not material facts.

60. Pursuant to Objection 2, these are not material facts.

61. Pursuant to Objection 2, these are not material facts.

62. Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.

63. Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.

64. Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.

65. Pursuant to Objection 2, these are not material facts. Defendants also note that Plaintiff's statement that he "would have" done something is not a fact at all, but merely a reflection of a hypothetical intention.

66. Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.

67. Pursuant to Objection 2, these are not material facts. Defendants also note that Plaintiff's statement that he "would have" done something is not a fact at all, but merely a reflection of a hypothetical intention.

68. Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.

69. Pursuant to Objection 2, these are not material facts. Defendants also note that Plaintiff's statement that he "would have" done something is not a fact at all, but merely a reflection of a hypothetical intention.

70. Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.

71. Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.

72. Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.

73. Pursuant to Objection 2, these are not material facts. Defendants also note that Plaintiff's statement that he "would have" done something is not a fact at all,

but merely a reflection of a hypothetical intention.

74. Pursuant to Objection 2, these are not material facts.  Defendants also note that Plaintiff's statement is merely a reflection of a speculative intention given the circumstances of Plaintiff's incarceration and unknown future events.

75. Pursuant to Objection 2, these are not material facts.  Defendants also note that Plaintiff's statement is merely a reflection of a speculative intention given the circumstances of Plaintiff's incarceration and unknown future events.

76. Sentences 1-4 and 6: Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.  Sentence 5: Disputed.  *See* Hardy Metadata Decl. ¶¶ 9, 13, 15.

77. The FBI has no record of having received Plaintiff's FOIA request, *see* Hardy EPIC Decl. ¶ 6, but has no basis to dispute whether Plaintiff mailed the request.

78. Undisputed, although Defendants respectfully direct the Court to the referenced document for a complete and accurate statement of its contents.

79. Undisputed, although Defendants respectfully direct the Court to the referenced document for a complete and accurate statement of its contents.

80. Disputed.  *See* Ex. A to Hardy Harris/EPIC Decl. Defendants respectfully direct the Court to the referenced document for a complete and accurate statement of its contents.  To the extent this paragraph sets forth Plaintiff's "reasoning" for his request, this is not a material fact pursuant to Objection 2.

81. Defendants do not dispute that Plaintiff requested expedited processing, and respectfully direct the Court to the referenced document for a complete and accurate statement of its contents.  To the extent this paragraph sets forth Plaintiff's "reasoning" for his request, this is not a material fact pursuant to Objection 2.

82. The FBI has no record of having received Plaintiff's FOIA request, *see* Hardy Harris/EPIC Decl. ¶ 6, but has no basis to dispute whether Plaintiff mailed the

request.

83. Undisputed.

84. Undisputed.

85. Undisputed to the extent this paragraph purports to describe the contents of Plaintiff's appeal letter, to which Defendants respectfully direct the Court for a complete and accurate statement of its contents.

86. Undisputed.

87. Undisputed that Plaintiff filed a Complaint, but the remainder is disputed. *See* Hardy Harris/EPIC Decl. ¶ 6. Additionally, this paragraph does not contain material facts and is not supported by admissible evidence pursuant to Objections 1 and 2.

88. Undisputed that the FBI assigned Plaintiff's FOIA request a number with subject; the remainder is disputed. *See* Hardy Harris/EPIC Decl. ¶ 6.

89. Sentence 1: Disputed. *See* Ex. B to Hardy Harris/EPIC Decl. The remainder is undisputed, but Defendants respectfully direct the Court to the referenced document for a complete and accurate statement of its contents.

90. Undisputed, though Defendants respectfully direct the Court to the referenced document for a complete and accurate statement of its contents.

91. Disputed. *See* Ex. C to Hardy Harris/EPIC Decl. (noting that there were approximately 23,000 pages responsive to a similar request that had been pre-pre-processed, and that there an additional 11,000 that had yet to be processed.) Defendants respectfully direct the Court to the referenced document for a complete and accurate statement of its contents.

92. Sentence 1: Undisputed. The remainder of this paragraph consists of Plaintiff's characterization, without citation to anything in the record, of what he believes that the FBI "wants"; Pursuant to Objection 2, these are not material facts.

93. Undisputed.

94. Sentence 1: undisputed.  Sentences 2-3: Defendants have no basis to dispute when Plaintiff mailed the request and the means used.

95. Disputed.  *See* Ex. F to Hardy Harris/EPIC Decl.  Defendants respectfully direct the Court to the referenced document for a complete and accurate statement of its contents.  Defendants also dispute Plaintiff's characterization of the FBI's processing of FOIA requests.  *See* Hardy Metadata Decl. ¶¶ 9, 11-13, 15, 22.

96. Sentence 1: Undisputed.  Sentences 2-7: Defendants dispute Plaintiff's characterization of portions of his letter, and Defendants respectfully direct the Court to the referenced document for a complete and accurate statement of its contents.  *See* Ex. F to Hardy Harris/EPIC Decl.  Sentences 6-7:  To the extent sentences 6 and 7 can be read independently, they are not material facts pursuant to Objection 2.

97. Undisputed, though Defendants respectfully direct the Court to the referenced document for a complete and accurate statement of its contents.

98. Disputed.  It is unclear whether Plaintiff's paragraph is referring to his *WSJ* request or his Harris request, as he references Paragraph 91 concerning the Harris request but cites to his *WSJ* request.  To the extent this paragraph purports to characterize FBI policy, this is not a material fact pursuant to Objection 2.  In any event, Defendants dispute Plaintiff's characterization of FBI policies as they merely reflect Plaintiff's belief as to what those policies are and the only evidence he cites is his own FOIA request.

99. Undisputed, although Defendants respectfully direct the Court to the referenced document for a complete and accurate statement of its contents.

100.   Disputed. Ex. E to Hardy *WSJ* Decl. Defendants respectfully direct the Court to the referenced document for a complete and accurate statement of its contents.  To the extent this paragraph sets forth Plaintiff's "reasoning" for his request, this is not a material fact pursuant to Objection 2.

101.   Defendants do not dispute that Plaintiff requested expedited processing, and respectfully direct the Court to the referenced document for a complete and accurate statement of its contents.   To the extent this paragraph sets forth Plaintiff's "reasoning" for his request, this is not a material fact pursuant to Objection 2.

102.   Defendants do not dispute that Plaintiff requested expedited processing, and respectfully direct the Court to the referenced document for a complete and accurate statement of its contents.   To the extent this paragraph sets forth Plaintiff's "reasoning" for his request, this is not a material fact pursuant to Objection 2.

103.   Undisputed that the FBI received Plaintiff's *WSJ* request, *see* Hardy *WSJ* Decl. ¶ 6, and Defendants have no basis to dispute the means used to mail it and the confirmation of delivery.

104.   Undisputed, but Defendants respectfully direct the Court to the referenced document for a complete and accurate statement of its contents.

105.   Undisputed, but Defendants respectfully direct the Court to the referenced document for a complete and accurate statement of its contents.

106.   Undisputed, but Defendants respectfully direct the Court to the referenced document for a complete and accurate statement of its contents.

107.   Undisputed to the extent this paragraph purports to describe the contents of Plaintiff's appeal letter, to which Defendants respectfully direct the Court for a complete and accurate statement of its contents.

108.   Undisputed to the extent this paragraph purports to describe the contents of Plaintiff's appeal letter, to which Defendants respectfully direct the Court for a complete and accurate statement of its contents.

109.   Undisputed, but Defendants respectfully direct the Court to the referenced document for a complete and accurate statement of its contents.

110.   Undisputed, but Defendants respectfully direct the Court to the referenced

document for a complete and accurate statement of its contents.

111.   Undisputed, but Defendants respectfully direct the Court to the referenced document for a complete and accurate statement of its contents.

112.   Sentence 1: Undisputed, but Defendants respectfully direct the Court to the referenced document for a complete and accurate statement of its contents. Sentence 2: Defendants have no basis to dispute the means by which Plaintiff received the response.

113.   Sentence 1: Undisputed that the FBI released 94 pages of documents in paper form, but Defendants dispute Plaintiff's characterization of the documents. *See* Ex. G to Hardy *WSJ* request (characterizing the subject as *Wall Street Journal* article on cell-site simulator devices). Defendants respectfully direct the Court to the referenced document for a complete and accurate statement of its contents. Sentence 2: Defendants do not dispute that the FBI withheld information on the basis of Exemptions (b)(5), (b)(6), (b)(7)(C), and (b)(7)(E). To the extent Plaintiff characterizes the redactions as being "heavy," this is not a material fact pursuant to Objection 2. Sentence 3: Disputed. *See* Ex. G to Hardy *WSJ* request (including an attachment explaining the exemptions).

114.   Sentences 1-2: Undisputed. Sentence 3: Disputed. *See* Defs.' Cross-Mot. for Summ. J.

115.   Undisputed.

116.   Disputed. *See* Ex. A to Kornmeier Decl.

117.   Sentence 1: Undisputed that Plaintiff sought to apply his request to the seven offices identified, but dispute that he "narrowed" his request or that all of those offices are EOUSA offices. Kornmeier Decl. ¶¶ 8-9. Sentences 2-3: Undisputed, but those modifications occurred after Plaintiff's original EOUSA FOIA request. *Id.*

118.   Undisputed, but Defendants respectfully direct the Court to the referenced

1       document for a complete and accurate statement of its contents.

2       119.   Defendants do not dispute that Plaintiff requested a fee waiver, and

3       respectfully direct the Court to the referenced document for a complete and

4       accurate statement of its contents.  To the extent this paragraph sets forth

5       Plaintiff's "reasoning" for his request, this is not a material fact pursuant to

6       Objection 2.

7       120.   Defendants do not dispute that Plaintiff requested expedited processing, and

8       respectfully direct the Court to the referenced document for a complete and

9       accurate statement of its contents.  To the extent this paragraph sets forth

10      Plaintiff's "reasoning" for his request, this is not a material fact pursuant to

11      Objection 2.

12      121.   Undisputed that EOUSA received Plaintiff's request, *see* Kornmeier Decl.

13      ¶ 4, and has no basis to dispute the means used to mail it and the confirmation

14      of delivery.

15      122.   Undisputed.

16      123.   Undisputed.

17      124.   Undisputed to the extent this paragraph purports to describe the contents of

18      Plaintiff's appeal letter, to which Defendants respectfully direct the Court for a

19      complete and accurate statement of its contents.

20      125.   Undisputed, but Defendants respectfully direct the Court to the referenced

21      document for a complete and accurate statement of its contents.

22      126.   Undisputed that Plaintiff filed a Complaint, but the remainder are not

23      material facts and are not supported by admissible evidence pursuant to

24      Objections 1 and 2.

25      127.   Undisputed that EOUSA sent Plaintiff a letter regarding his FOIA request

26      and that EOUSA assigned it a number and subject.  The remainder of this

27      paragraph consists of Plaintiff's characterization of the reasonableness of

28      EOUSA's response; Pursuant to Objection 2, these are not material facts.

128.   Sentence 1, 3, 4, 5: Disputed, and Defendants respectfully direct the Court to the referenced document for a complete and accurate statement of its contents.  *See* Ex. B to Kornmeier Decl.; Kornmeier Decl. ¶ 5.   Sentence 2: Undisputed.  Additionally, with respect to the entire paragraph, much of this paragraph does not contain material facts pursuant to Object 2 in light of the fact that EOUSA later reevaluated whether a search could be done on Plaintiff's modified FOIA request.   Kornmeier Decl. ¶ 7.

129.   Sentence 1: Undisputed that Ms. Herb informed Plaintiff that the FBI had revisited its Glomar position and could search for records responsive to Plaintiff's request.  It is also undisputed that Ms. Herb informed Plaintiff that the FBI quickly could provide Plaintiff with the documents responsive to a similar FOIA request (filed by the Electronic Privacy Information Center ("EPIC")), as those documents had been processed previously.  Sentence 2: Undisputed.  Sentence 3: Undisputed that the FBI sent a letter to Plaintiff on September 25, 2013.   The remainder is disputed.  *See* Ex. C to Hardy Harris/EPIC Decl. (noting that there were approximately 23,000 pages responsive to a similar request that had been pre-pre-processed, of which 4,377 could be released in full or part, and that there an additional 11,000 that had yet to be processed.)  Sentence 4: This sentence sets forth Plaintiff's argument and beliefs as to his needs for metadata and native digital files, and it is not supported by any evidence or citation to the record.  Pursuant to Objections 1 and 2, these are not material facts and are not supported by admissible evidence.

130.   Sentence 1:  Defendants object to sentence 1 because plaintiff cites his declaration for what he believes to be the FBI's procedure for processing FOIA requests; the declaration is not based on personal knowledge and is entirely speculative.  It is also incorrect and, on that basis, defendants dispute Sentence 1.  *See* Hardy Metadata Decl. ¶¶ 9-22.  The remainder of this paragraph sets

forth plaintiff's argument about and desires as to the format of records and is therefore not a material fact pursuant to Objection 2.

131.   This paragraph sets forth plaintiff's argument about and desires as to the format of records and is therefore not a material fact pursuant to Objection 2.

132.   This paragraph sets forth plaintiff's argument about and desires as to the format of records and is therefore not a material fact pursuant to Objection 2.

133.   This paragraph sets forth plaintiff's argument about and desires as to the format of records and is therefore not a material fact pursuant to Objection 2. Defendants also dispute this paragraph to the extent it purports to characterize the FBI's procedure for processing FOIA requests.  *See* Hardy Metadata Decl. ¶¶ 9-22.

134.   This paragraph sets forth plaintiff's argument about and desires as to the format of records and is therefore not a material fact pursuant to Objection 2. Defendants object to this paragraph because plaintiff cites his declaration for what he believes to be the FBI's and EOUSA's procedure for processing FOIA requests; the declaration is not based on personal knowledge and is entirely speculative.   Defendants dispute this paragraph to the extent it purports to characterize the FBI's and EOUSA's procedure for processing FOIA requests. *See* Hardy Metadata Decl. ¶¶ 9-22; Kornmeier Decl. 22-24.

135.   This paragraph sets forth plaintiff's argument about and desires as to the format of records and is therefore not a material fact pursuant to Objection 2. Defendants object to this paragraph because plaintiff cites his declaration for what he believes to be the FBI's and EOUSA's procedure for processing FOIA requests; the declaration is not based on personal knowledge and is entirely speculative.   Defendants dispute this paragraph to the extent it purports to characterize the FBI's and EOUSA's procedure for processing FOIA requests. *See* Hardy Metadata Decl. ¶¶ 9-22; Kornmeier Decl. ¶ 22-24.

136.   This paragraph sets forth plaintiff's argument about and desires as to the

format of records and is therefore not a material fact pursuant to Objection 2. Defendants object to this paragraph because plaintiff cites his declaration for what he believes to be the FBI's and EOUSA's procedure for processing FOIA requests; the declaration is not based on personal knowledge and is entirely speculative.   Defendants dispute this paragraph to the extent it purports to characterize the FBI's and EOUSA's procedure for processing FOIA requests. *See* Hardy Metadata Decl. ¶¶ 9-22; Kornmeier Decl. ¶ 22-24.

137.   This paragraph sets forth plaintiff's argument about and desires as to the format of records and is therefore not a material fact pursuant to Objection 2. Defendants object to this paragraph because plaintiff cites his declaration for what he believes to be the FBI's and EOUSA's procedure for processing FOIA requests; the declaration is not based on personal knowledge and is entirely speculative.   Defendants dispute this paragraph to the extent it purports to characterize the FBI's and EOUSA's procedure for processing FOIA requests. *See* Hardy Metadata Decl. ¶¶ 9-22; Kornmeier Decl. ¶ 22-24.

138.   This paragraph sets forth plaintiff's argument about and desires as to the format of records and is therefore not a material fact pursuant to Objection 2. Defendants object to this paragraph because plaintiff cites his declaration for what he believes to be the FBI's and EOUSA's procedure for processing FOIA requests; the declaration is not based on personal knowledge and is entirely speculative.   Defendants dispute this paragraph to the extent it purports to characterize the FBI's and EOUSA's procedure for processing FOIA requests. *See* Hardy Metadata Decl. ¶¶ 9-22; Kornmeier Decl. ¶ 22-24.

139.   This paragraph sets forth plaintiff's argument about and desires as to the format of records and is therefore not a material fact pursuant to Objection 2. Defendants object to this paragraph because plaintiff cites his declaration for what he believes to be the FBI's and EOUSA's procedure for processing FOIA requests; the declaration is not based on personal knowledge and is entirely

speculative.  Defendants dispute this paragraph to the extent it purports to characterize the FBI's and EOUSA's procedure for processing FOIA requests. *See* Hardy Metadata Decl. ¶¶ 9-22; Kornmeier Decl. ¶ 22-24.

140.  Sentence 1:  Disputed.  Defendants refer to the letter for its full and complete contents.  The remainder of this paragraph sets forth plaintiff's argument about and desires as to the format of records and is therefore not a material fact pursuant to Objection 2.  Defendants dispute this paragraph to the extent it purports to characterize the FBI's and EOUSA's procedure for processing FOIA requests.  *See* Hardy Metadata Decl. ¶¶ 9-22; Kornmeier Decl. ¶ 22-24.

141.  This paragraph sets forth plaintiff's argument about and desires as to the format of records and is therefore not a material fact pursuant to Objection 2.

142.  This paragraph sets forth plaintiff's argument about and desires as to the format of records and is therefore not a material fact pursuant to Objection 2. Defendants also note that Sentence 1 is speculative to the extent it discusses what records "may" contain, but do not dispute that metadata associated with a given record may contain the names of custodians, which may be exempt under FOIA.  *See* Hardy Metadata Decl. ¶ 13 n.5.

143.  This paragraph sets forth plaintiff's argument about and desires as to the format of records and is therefore not a material fact pursuant to Objection 2.

144.  This paragraph sets forth plaintiff's argument about and desires as to the format of records and is therefore not a material fact pursuant to Objection 2. Defendants object to this paragraph because plaintiff cites his declaration for what he believes to be the FBI's and EOUSA's procedure for processing FOIA requests; the declaration is not based on personal knowledge and is entirely speculative.  Defendants dispute this paragraph to the extent it purports to characterize the FBI's and EOUSA's procedure for processing FOIA requests. *See* Hardy Metadata Decl. ¶¶ 9-22; Kornmeier Decl. ¶ 22-24.

145.   This paragraph sets forth plaintiff's argument about and desires as to the format of records and is therefore not a material fact pursuant to Objection 2. Defendants dispute this paragraph to the extent it purports to characterize the FBI's procedure for processing FOIA requests.  *See* Hardy Metadata Decl. ¶¶ 9-22.

146.   Sentence 1:  Undisputed, but Defendants respectfully direct the Court to the referenced document for a complete and accurate statement of its contents. Sentence 2: To the best of counsel's recollection, she informed Plaintiff that even if search fees could be waived, he was still required to pay duplication fees.

147.   Sentence 1: To the best of counsel's recollection, she informed Plaintiff that even if search fees could be waived, he was still required to pay duplication fees.  Sentence 2:  Defendants do not dispute that the FBI is seeking to charge plaintiff duplication fees, and refer the court to the statutory and regulatory provisions plaintiff cites for their full and accurate contents.  Sentence 3:  This is a conclusion, and not a material fact.  *See* Objection 2.

148.   This paragraph sets forth plaintiff's argument about fees and is therefore not a material fact pursuant to Objection 2.

149.   This paragraph sets forth plaintiff's argument about fees and is therefore not a material fact pursuant to Objection 2.  Defendants do not dispute that plaintiff's request only pertains to the Harris Corporation.

150.   To the extent this paragraph purports to characterize plaintiff's FOIA request letter, defendants refer the court to that document for its full and accurate contents.

151.   Sentence 1:  This sentence sets forth plaintiff's argument regarding fee waiver and is not a material fact pursuant to Objection 2.  Defendants also dispute that "identical reasoning" applies to EPIC and an incarcerated individual.  Sentence 2:  Disputed.  Defendants refer to the letter for its full and

complete contents.  Sentence 3:  This sentence sets forth plaintiff's argument regarding fee waiver and is not a material fact pursuant to Objection 2.

152.   Sentence 1:  Undisputed.  Sentences 2-3:  This is not a material fact and supported by admissible evidence pursuant to Objections 1 and 2.  Sentences 4: Undisputed.  Sentence 5: Disputed.  *See* Ex. C to Hardy Harris/EPIC Decl. Sentence 6:  This sentence sets forth plaintiff's argument regarding expedited processing and is not a material fact pursuant to Objection 2.

153.   Pursuant to Objection 2, these are not admissible facts.   Moreover, defendants dispute this paragraph to the extent plaintiff alleges that the FBI "ignored" plaintiff's request, as the FBI has no record of having received Plaintiff's FOIA request, *see* Hardy Harris/EPIC Decl. ¶ 6.

154.   The FBI has no record of having received Plaintiff's FOIA request, *see* Hardy EPIC Decl. ¶ 6, but has no basis to dispute whether Plaintiff received a signature card.  Defendants do not dispute that OIP informed plaintiff that the FBI had not received his request and that OIP indicated that it would forward a copy of plaintiff's request to the FBI, but dispute that the FBI ever received the request.  *See* Hardy Harris/EPIC Decl. ¶ 6

155.   Sentence 1:  Defendants dispute that the FBI received plaintiff's FOIA request.  *See* Hardy Harris/EPIC Decl. ¶ 6.  Sentence 2:  Defendants do not dispute that the FBI responded to plaintiff's request after this lawsuit was filed, as it was the first time that the FBI became aware of the request.  *See* Hardy Harris/EPIC Decl. ¶ 6.  Sentences 3-4:  Undisputed, but defendants refer to the documents for their full and accurate contents.

156.   This paragraph sets forth plaintiff's argument about expedited processing and is therefore not a material fact pursuant to Objection 2.

157.   Sentence 1:  Undisputed.  Sentence 2:  This is not a material fact pursuant to Objection 2.  The remainder of this paragraph sets forth plaintiff's argument about and desires as to the format of records and is therefore not a material fact

pursuant to Objection 2.  Defendants object to the remainder of this paragraph because plaintiff cites his declaration for what he believes to be the FBI's procedure for processing FOIA requests; the declaration is not based on personal knowledge and is entirely speculative.   Defendants also dispute the remainder of this paragraph to the extent it purports to characterize the FBI's procedure for processing FOIA requests.  *See* Hardy Metadata Decl. ¶¶ 9-22.

**DEFENDANTS' STATEMENT OF MATERIAL FACTS**
**AS TO WHICH THERE IS NO GENUINE ISSUE**

1. Plaintiff's primary purpose in attempting to obtain the records at issue in this case "is to obtain evidence for [his] defense in United States v. Rigmaiden." Decl. Under Penalty of Perjury, attached to Compl. as ECF No. 1-1 (07/26/2012), at 83 ¶ 2; *id.*, ECF No. 1-4, at 45 ¶ 2.

2.  Plaintiff did not request the records at issue in this case on behalf of anyone other than himself.  Decl. Under Penalty of Perjury, ECF No. 1-1, ¶ 4; ECF No. 1-4, ar 46 ¶ 4.

3. Plaintiff's FOIA request to EOUSA sought records from multiple individual U.S. Attorney's Offices.  Kornmeier Decl. ¶ 8 & Ex. A.

4. The vast majority of records responsive to FOIA requests is still maintained by the FBI in original paper format as part of the FBI's official federal records system. Hardy Metadata Decl. ¶ 10.

5. The customized software product that the FBI uses to process FOIA requests, dubbed FDPS, converts all electronic media into a flattened TIFF image. Hardy Metadata Decl. ¶ 12.

6. FDPS is designed so that it is compatible only with TIFF images.  Hardy Metadata Decl. ¶ 13.

7. The FBI's FOIA Processing Unit, known as RIDS, can only review and redact documents that are in TIFF format.  Hardy Metadata Decl. ¶ 13.

8.  Converting documents to flattened TIFFs ensures protection of FBI and government agency equities, protection of national security information, and maintenance of classified information.  Hardy Metadata Decl. ¶ 10.

9.  FDPS resides on the internal FBI network which is specifically designed to handle documents classified up to the SECRET level.  Hardy Metadata Decl. ¶ 10.

10. The FBI's conversion of electronic documents to TIFF images is specifically designed to affirmatively strip metadata in order to ensure that no classified and/or law enforcement sensitive information is inadvertently released to the public.  Hardy Metadata Decl. ¶ 13.

11. Documents in their native electronic formats, unlike TIFFs, are editable and could allow for required redactions to be reverse-engineered, exposing critical information that must be protected.  Hardy Metadata Decl. ¶ 14.

12. The FBI cannot process FOIA documents in native digital form and allow for the labeling of exemptions and the overlay of redactions.  Hardy Metadata Decl. ¶ 15.

13. FDPS is specifically intended not to be compatible with different versions of standard review platforms so as to maintain the integrity of the national security and law-enforcement sensitive documents processed within the parameters of the system.  Hardy Metadata Decl. ¶ 18.

14. EOUSA does not have the ability to process FOIA requests by producing documents in native digital form with metadata intact.  Kornmeier Decl. ¶ 24.

15. EOUSA processes FOIA documents by converting them into TIFFs or PDFs, on which redactions are then made.  Kornmeier Decl. ¶ 24.

16. The FBI typically conducts searches in response to FOIA requests in its Central Records System ("CRS").  Hardy WSJ Decl. ¶¶ 15-20

17. Due to the nature of plaintiff's request regarding records as to *The Wall Street Journal* article, as well as the purpose, design, and organization of information

in the CRS as a law-enforcement tool, the FBI conducted search queries in response to that request by contacting those divisions and offices that the FBI believed were most likely to contain potentially responsive records.   Hardy WSJ Decl. ¶ 21.

18. The FBI issued a search e-mail for responsive records relating to *The Wall Street Journal* article that is a subject of plaintiff's WSJ request.  Hardy WSJ Decl. ¶ 22.

19. As a result of the inquiry described in Paragraph 16, *supra*, the FBI identified 94 responsive records, all of which were processed.  Hardy WSJ Decl. ¶ 22.

20. On July 12, 2013, the FBI released 94 pages responsive to plaintiff's request regarding records as to *The Wall Street Journal* article, with 14 pages being released in full and 80 pages released in part.  Hardy WSJ Decl. ¶ 22.

21. The FBI searched for records responsive to plaintiff's request for records regarding comments made at the Brookings Institution both by sending a search e-mail to those divisions and offices that the FBI believed were most likely to contain responsive documents, as well as by conducting a search of the CRS.  Hardy WSJ Decl. ¶ 23.

22. Neither the search inquiry nor the search of the CRS described in paragraph 19, *supra*, yielded any records responsive to the Brookings Institution portion of plaintiff's request.  Hardy WSJ Decl. ¶ 23.

23. The FBI has a law-enforcement function.  Hardy WSJ Decl. ¶ 23.

24. With regard to the WSJ request, the FBI has withheld information pursuant to FOIA Exemptions 5, 6, 7(C), and 7(E).  *See* Hardy WSJ Decl.

25. With regard to the EPIC documents, the FBI has withheld information pursuant to FOIA Exemptions 1, 3, 4, 5, 6, 7(C), and 7(E).  *See* Hardy Harris/EPIC Decl.

26. With regard to the EPIC documents, the only withholdings at issue are the FBI's withholdings under FOIA Exemptions 1, 3, 4, 5, and 7(E).  *See* Hardy

Harris/EPIC Decl. ¶ 18.

27. The FBI has produced all reasonably segregable portions of documents in the WSJ and Harris/EPIC requests.   *See* Hardy WSJ Decl. ¶¶ 25, 74; Hardy Harris/EPIC Decl. ¶¶ 16-17, 75-76.

28. Plaintiff has indicated that, regarding the EOUSA request, when he refers to "Department," he is referring to EOUSA and the specific offices listed at the bottom of his request; when he is referring to "other devices" he means devices not manufactured by Harris; and when he says "related equipment" following Harris devices, he is referring to related Harris equipment.  Kornmeier Decl. ¶ 6.

29. EOUSA conducted a search for records responsive to Part 1 of plaintiff's FOIA request in the following offices:  (1) Office of the Director; (2) Counsel to the Director; (3) Attorney General Advisory Committee; (4) Legal Programs; and (5) General Counsel.  Kornmeier Decl. ¶ 8.

30. EOUSA's record keeping systems are generally set up to manage cases, and not to track the use of particular equipment.  Kornmeier Decl. ¶ 10.

31. The Office of Enforcement Information and the Computer Crimes and Intellectual Property Section are not part of EOUSA, but instead are part of DOJ's Criminal Division.  Kornmeier Decl. ¶ 8.

32. EOUSA's LIONS is an electronic tracking system for cases.  Kornmeier Decl. ¶ 17.

33. EOUSA has withheld records pursuant to FOIA Exemptions 5, 6, 7(C), and 7(E).  *See* Kornmeier Decl.

34. EOUSA released 868 pages in part, and withheld 50 pages in full.  *See* Kornmeier Decl. ¶ 25.

35. EOUSA has a law-enforcement function.  Kornmeier Decl. ¶ 26.

1

2   DATED:  March 14, 2014                    Respectfully submitted,

3                                             STUART F. DELERY
                                              Assistant Attorney General
4
                                              ELIZABETH J. SHAPIRO
5                                             Deputy Branch Director

6                                                  /s/
                                              BRAD P. ROSENBERG
7                                             D.C. Bar No. 467513
                                              KIMBERLY L. HERB
8                                             Illinois Bar No. 6296725
                                              Trial Attorneys
9                                             U.S. Department of Justice
                                              Civil Division, Federal Programs Branch
10                                            P.O. Box 883
                                              Washington, D.C.  20044
11                                            Telephone:  (202) 514-3374
                                              Facsimile:  (202) 616-8460
12                                            E-mail:  brad.rosenberg@usdoj.gov

13                                            *Attorneys for Defendants*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28