UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Daniel David Rigmaiden                    )
                    Plaintiff,            )
                                          )
        V.                                )        Civil Action No. 12-1605
                                          )
The U.S. Department of Justice,           )
                                          )
                    Defendant.            )

_____

## DECLARATION OF JOHN W. KORNMEIER

1       I, John W. Kornmeier declare the following to be a true and correct statement of

2   facts:

3       1)   I am an attorney advisor with the Executive Office for United States Attorneys

4   ("EOUSA"), United States Department of Justice.   In that capacity, my responsibilities

5   include: acting as liaison with other divisions and offices of the Department of Justice

6   ("DOJ") in responding to requests and the litigation filed under both the Freedom of

7   Information Act ("FOIA"), 5 U.S.C. §552 (1988), and the Privacy Act of 1974, 5 U.S.C.

8   §552a (1988) ("PA"); the review of FOIA/PA requests for access to records located in this

9   office and 94 United States Attorney's offices ("USAO's") and the case files arising

10  therefrom; the review of correspondence related to requests; the review of searches

11  conducted in response to requests; the location of responsive records; and preparation of

12  responses thereto by the EOUSA to assure that determinations to withhold (or to release)

13  such responsive records are in accordance with the provisions of both the FOIA and the

14  PA, as well as the Department of Justice regulations (28 C.F.R. §§16.3 et. seq. and §16.40

15  et. seq.).

16      2)   As an attorney advisor of the FOIA/PA Unit, EOUSA, I have authority to

17  release and/or withhold records requested under the FOIA/PA, and to advocate the position

1    of the EOUSA in actions brought under these Acts.   The statements I make hereinafter are

2    made on the basis of my review of the official files and records of EOUSA, on my own

3    personal knowledge, or on the basis of information acquired by me through the

4    performance of my official duties.

5         3)    Due to the nature of my official duties, I am familiar with the procedures

6    followed by this office in responding to the FOIA/PA request(s) made to EOUSA by the

7    above-captioned Plaintiff (hereinafter referred to as "Mr. Rigmaiden").

8         4) By letter dated October 10, 2011, Mr. Rigmaiden submitted a FOIA request for

9    four categories of records. The first category is all Department of Justice records

10   concerning twelve portable/transportable wireless device locators and related equipment.

11   The second category is all Department of Justice records for USAO policies, practices,

12   and procedures to seek court orders to destroy real-time location data. The third category

13   is for all Department of Justice records detailing USAO policies, practices, and

14   procedures to seek court orders for pen registers, trap and trace devices while the true

15   intention is to use one of the portable device locators detailed in his first category. The

16   fourth category is for all Department of Justice records detailing USAO policies,

17   practices, and procedures to conceal from defendants and their attorneys that the

18   government used the devices listed in first category during criminal investigations. A

19   copy of Mr. Rigmaiden's request is attached as Exhibit A.

20        5) By letter dated May 3, 2013, EOUSA responded to Mr. Rigmaiden that it did not

21   maintain records in a manner that would enable it to reasonably search for the records that

22   he sought, and that it must therefore deny his request. EOUSA also informed Mr.

23   Rigmaiden that it had recently released records to the ACLU in response to a request that

24   generally overlapped with his request.   (The relevant portion of that request to which

25   EOUSA was referring sought templates and certain categories of policy-related documents

26   relating to the use of location-tracking technology from the U.S. Attorney's Office for the

27   Northern District of California.)   EOUSA had obtained these records through a structured

28   inquiry to which the ACLU had agreed. EOUSA told Mr. Rigmaiden that if he was

1    amendable to receiving these records to satisfy his request, to let it know, and it would

2    forward the records to him. Mr. Rigmaiden has not availed himself of EOUSA's offer. A

3    copy of this letter is attached as Exhibit B.

4         6) After EOUSA's response of May 3, 2013, Mr. Rigmaiden informed EOUSA,

5    through litigation counsel, that for all four categories of records that he requested, he did

6    not mean to seek all Department of Justice records, but just those of EOUSA and the

7    specific offices identified in his request.   He also indicated that, when he was referring to

8    "other devices" he meant devices not manufactured by Harris, but when he said "related

9    equipment" following Harris devices, he was referring to related Harris equipment.

10                          SEARCH

11         7) Having received Mr. Rigmaiden's interpretation of what he actually meant,

12    EOUSA decided to determine if a search for responsive records could be done.

13         8) In his request, Mr. Rigmaiden asks that EOUSA search in the following offices:

14    (1) Office of the Director, (2) Counsel to the Director, (3) Attorney General Advisory

15    Committee, (4) Legal Programs, (5) General Counsel, (6) Office of Enforcement

16    Information, and (7) the Computer Crime and Intellectual Property Section. In addition he

17    asks that the EOUSA search all of the USAOs in the following states: California, Arizona,

18    and New York.

19         9) In analyzing his request to determine if it could do a search, EOUSA made the

20    following determinations. EOUSA could do a search of the offices numbered 1-5. Offices

21    numbers 6 and 7 are not in EOUSA, but are in the Criminal Division of the Department of

22    Justice. EOUSA could not search the USAOs. EOUSA could only search for records in

23    category one of the request, as the other three categories are subjective, offering no basis

24    for an objective search.   The bases for these determinations are discussed below.

25    EOUSA Offices

26        10)   EOUSA undertook to determine how it might search for records under

27    category one, which seeks all records concerning the locator devices. The open-ended

28    nature of the request, including the fact that it does not contain any time limitation,   made

1    it difficult for EOUSA to conduct a search because its record keeping systems are generally

2    set up to manage cases, and not to track the use of particular equipment.   Accordingly,

3    EOUSA decided to ask representatives of the respective offices Mr. Rigmaiden identified

4    if they might have any responsive records and, if so, in what system of records they might

5    be stored.

6        11) EOUSA contacted the Counsel to the Director/Deputy Director for information

7    where it might search for records in his office and the Director's Office. He suggested a set

8    of persons, both present and past employees, including himself, whose e-mails might

9    contain the requested information. EOUSA undertook a search of the e-mails of those

10   individuals using the terms provided by Mr. Rigmaiden.

11       12) EOUSA contacted the Counsel for Legal Programs, which provided a list of

12   individuals whose e-mails might contain responsive information. EOUSA searched the

13   e-mails of these individuals using the same twelve terms.

14       13) EOUSA contacted the General Counsel, which stated his Office did not have

15   any responsive records.

16       14) The other "office" in which Mr. Rigmaiden requested a search is the Attorney

17   General's Advisory Committee (AGAC). In order to determine how to search in the

18   AGAC, EOUSA inquired with a Deputy Director and the Counsel to the Director's Office,

19   which has a liaison with the AGAC, on how to determine whether the AGAC would have

20   any responsive records. They recommended a search of the agendas and minutes of the

21   meetings. EOUSA then searched these materials.

22       15) Upon completion of these searches, the EOUSA processed and reviewed all

23   records which it identified as being potentially responsive to category 1 of Mr.

24   Rigmaiden's request. It then responded to Mr. Rigmaiden; see paragraph 25 for a summary

25   of this response.

26       USAOs

27       16) EOUSA did not attempt to search the USAOs for records responsive to category

28   one of Mr. Rigmaiden's request, which sought "records concerning" portable/transportable

1    wireless device locators and related equipment. USAOs use a case management system,

2    known as the Legal Information Office Network System (LIONS), to maintain and manage

3    their records. LIONS is an electronic tracking system for cases that is more akin to an

4    indexing system; it does not store electronically the actual documents from the matters

5    handled by the 94 USAOs.   LIONS includes many different case-related fields, including

6    case caption, USAO number, and district, among others.   As Mr. Rigmaiden did not

7    request court filings or other specific case-related information, EOUSA determined that a

8    search of the LIONS database – which tracks case-related information – would not be

9    reasonable under FOIA.   Moreover, EOUSA determined that any other attempt to search

10   multiple USAOs in three states for records "concerning" specific devices (or, as Mr.

11   Rigmaiden later indicated, undefined "other devices") would not be reasonable in light of

12   the broad-based and vague nature of the request, the lack of a time limitation, the number

13   of USAOs involved and the lack of a recordkeeping system that tracks product-specific

14   documents.

15            Categories 2-4 of the Request

16            17) EOUSA did not perform a search under categories 2-4 of the request.

17            18) Categories 2, 3, and 4 of Mr. Rigmaiden's request are for records about USAOs

18   seeking orders to destroy real-time location data used to further an investigation or to

19   facilitate an arrest; seeking orders for pen registers or trap and trace devices while the true

20   intention is to use a portable device locator; and concealing from defendants and their

21   attorneys that the government used locator devices during the criminal investigation. These

22   requests with their emphasis on the subjective notions of destroying evidence used to

23   further an investigation; of the "true intention" of an AUSA as opposed to what she may be

24   representing to a court; and of concealing evidence from defendants and their attorneys

25   imply malfeasance and as such are merely argumentative with no objective standard on

26   which to base a search.

27                              FEE WAIVER

28            19) Mr. Rigmaiden requested a fee waiver.

1    20) By letter dated January 23, 2014, EOUSA denied Mr. Rigmaiden's request for a

2  fee waiver because he did not meet the statutory requirement that he be requesting material

3  of which the disclosure would significantly contribute to the public understanding of the

4  operations and activities of the government.

5    21) Without a fee waiver, Mr. Rigmaiden is entitled under the FOIA to two free

6  hours of searching and 100 free pages; see 28 C.F.R.16.11. EOUSA has now given him

7  more than his two free hours of search.

8    REQUEST FOR INFORMATION IN ITS NATIVE FORM WITH METADATA

9    22) Mr. Rigmaiden has requested records in native form with metadata.

10    23) The EOUSA FOIA/Privacy Staff process all requests to EOUSA and the

11  USAOs.

12    24) The EOUSA FOIA/Privacy Staff does not use a document processing system

13  which preserves records in their native form. Instead, it uses an electronic - FOIA

14  processing system into which it transfers documents, which are then maintained in a TIFF

15  format. The Staff also converts documents into PDF files through Adobe Acrobat. The

16  Staff uses these formats (i.e., TIFFs and PDFs) to redact and process records, which it

17  cannot do in native form. The Staff will either receive paper documents and scan them into

18  the e-FOIA system or receive electronic documents and convert them to TIFFs or PDFs. In

19  Mr. Rigmaiden's case, it was the latter, as all of the records identified through EOUSA's

20  searches were electronic.

21    FINAL RESPONSE TO MR. RIGMAIDEN

22  25) By letter dated March 13, 2014, EOUSA made its final response to Mr. Rigmaiden. It

23  released 868 pages in part, and withheld 50; see Exhibit C for a copy of the March 13, 2014

24  letter.

25    EXEMPTIONS

26    26) EOUSA applied exemptions (b)(5), (b)(6), (b)(7)(C) and (b)(7)(E) of the FOIA

27  to withhold information. There are two sets of documents: one, which originated in

28  EOUSA and a second, which originated in the Criminal Division with which EOUSA

1    consulted and which redacted and returned documents to EOUSA. There are two Vaughn

2    Indexes in Exhibit D, one for each set of documents. For purposes of exemptions (b)(7)(C)

3    and (b)(7)(E), the Criminal Division and EOUSA are components of the U.S. Department

4    of Justice with law enforcement functions, and there is a rational nexus between these

5    functions and the topics discussed in the records.

6        Exemption (b)(5)

7        27) Exemption (b)(5) protects inter-agency or intra agency memorandums or letters

8    which would not be available by law to a party other than an agency in litigation with an

9    agency. This exemption protects privileged documents. The two privileges which EOUSA

10   has applied to protect documents are attorney work product and deliberative process. The

11   Vaughn Indexes, attached as Exhibit D, more specifically describe the application of these

12   privileges to particular documents.

13       Exemption (b)(6)

14       28) Exemption (b)(6) protects documents whose disclosure "would constitute a

15   clearly unwarranted invasion of personnel privacy." EOUSA has redacted names and other

16   personal information of individuals from the documents in order to protect their privacy.

17   The Vaughn Indexes, attached as Exhibit D, more specifically describe the application of

18   this exemption to particular documents.

19       Exemption (b)(7)(C)

20       29) Exemption (b)(7)(C) protects records of which the disclosure would reasonably

21   be expected to constitute an unwarranted invasion of personal privacy. EOUSA has

22   redacted names and other personal information of individuals from the documents in order

23   to protect their privacy. The Vaughn Indexes, attached as Exhibit D, more specifically

24   describe the application of this exemption to particular documents.

25       Exemption (b)(7)(E)

26       30) Exemption (b)(7)(E) protects records which contain techniques and procedures

27   for law enforcement investigations or procedures of which the disclosure could reasonably

28   be expected to risk circumvention of the law. The Vaughn Indexes, attached as Exhibit D,

1    more specifically describe the application of this exemption to particular documents.

2         31) All records were reviewed to determine if any non-exempt information was

3    segregable. All segregable information was released.

4

5    I declare under penalties of perjury that the foregoing is true and correct. Executed on this

6    13 ͭʰ day of March, 2014.

7                                              John W. Kornmeier

FREEDOM OF INFORMATION ACT REQUEST

RE: Portable/Transportable Wireless Device Locators Manufactured By Harris Wireless
    Products Group;

BY: Daniel David Rigmaiden

TO: Executive Office for United States Attorneys

October 10, 2011
Page # 1 of 9

[Certified Mail Return Receipt Article #: 7009 2250 0003 8907 7508]

Daniel Rigmaiden
Agency #10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132

FOIA/Privacy Staff
Executive Office for United States Attorneys
United States Department of Justice
Suite 7300, Bicentennial Building
600 E Street, N.W.
Washington, DC 20530-001

Attention:

## I.   REQUEST FOR INFORMATION

This letter constitutes a request under the Freedom of Information Act ("FOIA"), 5
U.S.C. § 552 *et seq.* and the Department of Justice implementing regulations, 28 C.F.R. § 16.1
*et seq.* I am seeking the following four categories of records:

1.    All department records concerning the following portable/transportable wireless
device locators (*i.e.*, devices used to locate cell phones, *etc.*) and related equipment
manufactured and/or branded and/or sold by Harris Wireless Products Group (Harris
Corporation):

(1)    StingRay
(2)    StingRay II
(3)    AmberJack
(4)    KingFish
(5)    TriggerFish
(6)    LoggerHead
(7)    Handheld Direction Finding Antenna
(8)    StingRay CDMA Software.



FREEDOM OF INFORMATION ACT REQUEST

RE: Portable/Transportable Wireless Device Locators Manufactured By Harris Wireless
    Products Group;

BY: Daniel David Rigmaiden

TO: Executive Office for United States Attorneys

October 10, 2011
Page # 2 of 9

    (9)   KingFish CDMA Software
    (10)  Geolocation (software)
    (11)  Tarpon (software)
    (12)  RealSite (software)

    *See* attached various Harris product pictures, datasheets, and price lists.

    1.    All department records detailing United States Attorneys Office ("USAO")
policies, practices, and procedures to seek court orders to destroy real-time wireless device
location data obtained by the Harris portable/transportable wireless device locators and related
equipment (listed in No. 1 above) or obtained by other portable/transportable wireless device
locators. The requested records should pertain to Assistant United States Attorneys ("AUSA")
and other attorneys applying for court orders to destroy real-time location data used to further
an investigation or to facilitate an arrest.

    2.    All department records detailing USAO policies, practices, and procedures to
have AUSAs and other attorneys seek one or more court orders authorizing use of pen registers,
trap and trace devices, stored records under the Stored Communications Act, and/or mobile
tracking devices—while the true intention is to use Harris portable/transportable wireless
device locators and related equipment (listed in No. 1 above) or other portable/transportable
wireless device locators. Responsive records should also include records detailing policies,
practices, and procedures instructing AUSAs and other attorneys to specifically leave out of the
order applications information regarding the Harris portable/transportable wireless device
locators and related equipment (listed in No. 1 above) or information regarding other
portable/transportable wireless device locators. The noted omitted information includes the
names of the devices and how they operate to implicate Fourth Amendment rights such as (1)
sending location finding interrogation signals into private spaces, (2) cell site emulation, (3)
hijacking cellular service, (4) man-in-the-middle attacks, (5) cracking encoding and encryption
for private cellular signals, (6) the need to write data to wireless devices using Over-The-Air
Service Provisioning (OTASP), (7) accessing A-Keys, Shared Secret Data (SSD), and other
nonpublic information within the wireless devices or in the possession of wireless carriers, (8)
making surreptitious phone calls and pings to wireless devices, (9) denial-of-service attacks,
(10) increasing transmission power of wireless devices, (11) emulating/cloning wireless
devices, (12) forcing wireless devices to send out signals, *etc.*

<u>FREEDOM OF INFORMATION ACT REQUEST</u>

RE:  Portable/Transportable Wireless Device Locators Manufactured By Harris Wireless
        Products Group;
BY:  Daniel David Rigmaiden
TO:  Executive Office for United States Attorneys

October 10, 2011
Page # 3 of 9

---

3.      All department records detailing USAO policies, practices, and procedures to
conceal from defendants and their attorneys in criminal cases the fact that the government used
the Harris portable/transportable wireless device locators and related equipment (listed in No. 1
above), or other portable/transportable wireless device locators, to gather evidence during
related criminal investigations.

· Government use of the devices listed in No. 1 above is discussed in court documents
filed under <u>United States v. Daniel David Rigmaiden</u>, CR08-814-PHX-DGC, District of
Arizona. *See* the following documents filed under CR08-814-PHX-DGC: (1) *Response To
Government's Memorandum Regarding Law Enforcement Privilege And Request For An Ex
Parte And In Camera Hearing If Necessary* (Dkt. #536); (2) *Request For Judicial Notice Of
Facts Relevant To The Issue Of Governmental Privileges* (Dkt. #501); (3) *First Submission Of
Redacted And Summarized Documents For Requested In Camera Inspection*; (Dkt. #588); (4)
*First Submission Of Consolidated Exhibits Relating To Discovery And Suppression Issues* (Dkt.
#587); and (5) *Motion For Disclosure Of All Relevant And Helpful Evidence Withheld By The
Government Based On A Claim Of Privilege* (Dkt. #592).

I request that the applicable records include, but not be limited to, the following:

(1)    electronically stored information
(2)    emails
(3)    email attachments
(4)    letters
(5)    correspondence
(6)    memorandums
(7)    documents
(8)    reports
(9)    statements
(10)   audits
(11)   purchase receipts
(12)   invoices
(13)   word processing documents
(14)   spreadsheets
(15)   graphics and presentation documents
(16)   images

FREEDOM OF INFORMATION ACT REQUEST

RE:  Portable/Transportable Wireless Device Locators Manufactured By Harris Wireless
Products Group;

BY:  Daniel David Rigmaiden

TO:  Executive Office for United States Attorneys

October 10, 2011
Page # 4 of 9

| | | |
|---|---|---|
| (17) | text files | |
| (18) | instant messages | |
| (19) | audio files | |
| (20) | video files | |
| (21) | voice mail | |
| (22) | internet data | |
| (23) | log files | |
| (24) | blogs | |
| (25) | calendar files | |
| (26) | text messages | |
| (27) | records of radio transmissions | |
| (28) | data dictionary files[1] | |
| (29) | metadata[2] | |
| (30) | system metadata[3] | |
| (31) | substantive metadata[4] | |
| (32) | embedded metadata[5] | |

I request that the storage devices/systems to be searched include, but not be limited to,
the following:

---

1.      Data dictionaries are repositories of metadata, or information about data, such as its meaning, relationships to other data, origin, usage and format.

2.      Nat'l Day Laborer Org. Network v. United States Immigration & Customs Enforcement Agency, 2011 U.S. Dist. LEXIS 11655, 10 Civ. 3488 (SAS) (S.D.N.Y., Feb. 7, 2011) ("[M]etadata is 'readily reproducible' in the FOIA context.").

3.      System metadata is data automatically generated by a computer system when a native file is created, modified, transmitted, deleted or otherwise manipulated by a user of such system. This data is not part of the native file and resides as part of the computer system with a reference to the native file.

4.      Substantive metadata is data generated by the application accessing the native file such as the data reflecting the date/time the file was created or modified and data reflecting changes made to the document by the user. This data is part of the native file and is viewable from the application used to create or modify the native file.

5.      Embedded metadata is text, numbers, content, data, or other information that is directly or indirectly inputted into a native file by a user and which is not typically visible to the user viewing the output display of the native file on screen or as a print-out. Examples of embedded metadata include, but are not limited to, spreadsheet formulas (which display as the results of the formula operation), hidden columns, externally or internally linked files (e.g., sound files in Powerpoint presentation), references to external files and content (e.g., hyperlinks to HTML files or URLs), references and fields (e.g., the field codes for an auto-numbered document), and certain database information if the data is part of a database (e.g., a date field in a database will display as a formatted date, but its actual value is typically a long integer).

<u>FREEDOM OF INFORMATION ACT REQUEST</u>

RE: Portable/Transportable Wireless Device Locators Manufactured By Harris Wireless
    Products Group;

BY: Daniel David Rigmaiden

TO: Executive Office for United States Attorneys

October 10, 2011
Page # 5 of 9

---

(1)  workstation computers
(2)  server computers
(3)  backup systems
(4)  legacy systems
(5)  databases
(6)  hard drives
(7)  tape drives
(8)  zip disks and other disks
(9)  CDs, DVDs, Blu-ray discs, *etc.*
(10) cartridges
(11) magneto-optical disks
(12) calendar systems
(13) voice mail systems
(14) text messaging systems
(15) intranet systems
(16) internet systems
(17) personal digital assistants
(18) cell phones and other cellular devices including Blackberry devices
(19) home computers belonging to AUSAs and other attorneys (**to the extent, if any, they
     are used for USAO business purposes and/or case preparation**)

        While complying with this FOIA request, I ask that the following EOUSA staffs be
searched for both paper and electronic records: (1) Office of the Director, (2) Counsel to the
Director, (3) Attorney General Advisory Committee, (4) Legal Programs, (5) General Counsel,
(6) Office of Enforcement Operations, and (7) the Computer Crime and Intellectual Property
Section. In addition, I request that the United States Attorneys Offices in the following
locations be searched: California, Arizona, and New York. For each state listed above, please
search all United States Attorneys Offices within the state.

## II.     FORM OF DOCUMENTS REQUESTED

        I request that all digital documents be provided in their original native form <u>with
metadata preserved</u>. Additionally, if redactions are required, they should be done on the
original digital documents using a digital redaction process (*e.g.*, using Appligent Redax.™,
RapidRedact ™, Abobe Acrobat ™ X Pro, *etc.*) and provided in their native digitally redacted
form. I request that the native form digital documents (*e.g.*, emails, *etc.*) that are redacted by a

FREEDOM OF INFORMATION ACT REQUEST

RE: Portable/Transportable Wireless Device Locators Manufactured By Harris Wireless
    Products Group;

BY: Daniel David Rigmaiden

TO: Executive Office for United States Attorneys

October 10, 2011
Page # 6 of 9

computerized redaction process be provided "as is" and that they not be printed to hard copy
and then rescanned to create an artificial digital form of the documents. I make the above
requests pursuant to 5 U.S.C. § 552(a)(3)(B) ("In making any record available to a person
under this paragraph, an agency shall provide the record in any form or format requested by the
person if the record is readily reproducible by the agency in that form or format.").

    I request that all responsive records be organized in an intelligible manner and
referenced or indexed so that they are capable of being read and understood by one possessing
average skills, intellect, and training. If the responsive records are codified such that they
cannot be readily understood, I request that I be provided with all required decoding documents
necessary to provide a clear and intelligible understanding of the contents and meaning of the
responsive records.

III.    REQUEST FOR WAIVER OF ALL COSTS OR REDUCED COSTS

    I am requesting a waiver of all costs pursuant to 5 U.S.C. 552(a)(4)(A)(iii) ("Documents
shall be furnished without any charge or at a charge reduced below the fees established under
clause (ii) if disclosure of the information is in the public interest because it is likely to
contribute significantly to public understanding of the operations or activities of the
government and is not primarily in the commercial interest of the requester."). Disclosure of
the requested records will help members of the public understand the privacy risks of carrying
cell phones and other wireless devices. The requested records concern the direct operations
and activities of the government with respect to surreptitiously locating cell phones and other
wireless devices using Harris brand portable/transportable wireless device locators and related
equipment.

    On September 22, 2011, The Wall Street Journal published an article titled "'Stingray'
Phone Tracker Fuels Constitutional Clash"[6] wherein the government's use of
portable/transportable wireless device locators was clearly and sufficiently identified. The
identifiable government actions reported in The Wall Street Journal article and in the evidence I
placed on the record in CR08-814-PHX-DGC weigh in favor of granting me a fee waiver for

---

6.    *See* Valentino-DeVries, Jennifer, *'Stingray' Phone Tracker Fuels Constitutional Clash*, The Wall Street Journal, p.
A1 (Sept. 22, 2011) *available at* http://online.wsj.com/article/SB10001424053111904194604576583112723197574.html
(last accessed: September 22, 2011) ("Associate Deputy Attorney General James A. Baker and FBI General Counsel Valerie
E. Caproni both said at a panel at the Brookings Institution in May that devices like these fall into a category of tools called
'pen registers,' which require a lesser order than a warrant.").

FREEDOM OF INFORMATION ACT REQUEST

RE: Portable/Transportable Wireless Device Locators Manufactured By Harris Wireless
    Products Group;
BY: Daniel David Rigmaiden
TO: Executive Office for United States Attorneys

October 10, 2011
Page # 7 of 9

this FOIA request. *See* 28 C.F.R. § 16.11(k)(2)(i) (To determine whether the first fee waiver
requirement is met, "[t]he subject of the requested records must concern identifiable operations
or activities of the federal government, with a connection that is direct and clear, not remote or
attenuated."). There is additional support for granting a fee waiver considering I have the
ability and intention to effectively convey the responsive information to the public. *See* 28
C.F.R. § 16.11(k)(2)(iii) (When determining whether the requested records will contribute to an
understanding of the subject by the public, "[a] requester's expertise in the subject area and
ability and intention to effectively convey information to the public shall be considered."). The
information I obtain through this FOIA request will be placed on the public record in CR08-
814-PHX-DGC and I will also forward the information to Jennifer Valentino-DeVries, the
reporter who wrote the article about StingRay type devices for The Wall Street Journal. *See* fn.
6, *supra.* The noted Wall Street Journal article specifically reported on my efforts to prove that
the government violates the Fourth Amendment when it uses portable/transportable wireless
device locators to locate wireless devices within home residences without a proper warrant.
Finally, the records requested are not sought for a commercial purpose[7] and I plan to
disseminate the responsive material to the public at no cost. *See* 28 C.F.R. § 16.11(k)(3)(i) and
(ii) (To determine whether the fee waiver requirement is met, the disclosure should not be
primarily in the commercial interest of the requester.).

IV.    REQUEST FOR EXPEDITED PROCESSING

    I am requesting expedited processing of this FOIA request pursuant to 5 U.S.C. 552(a)
(6)(E)(i)(I) (Expedited processing is merited "in cases in which the person requesting the
records demonstrates a compelling need;"). I have a compelling need for the requested records
considering the subject of my request is a matter of widespread and exceptional media interest
and the government's integrity is called into question when it tracks and locates wireless
devices without proper judicial authority, *i.e.*, a Rule 41 warrant founded on probable cause.
*See* 28 C.F.R. § 16.5(d)(1)(iv) (Expedited processing is merited when the request involves "[a]
matter of widespread and exceptional media interest in which there exist possible questions
about the government's integrity which affect public confidence."). The media has repeatedly
reported on warrantless government cell phone tracking prior to this FOIA request. In 2007,
the media reported that "a little-known FBI telephone intercept unit has developed a powerful
cellphone tracking technology that agents use to monitor the physical movements of

7.    *See* Judicial Watch, Inc., v. Rossotti, 326 F.3d 1309, 1312 (D.C. Cir. 2003) ("We are also mindful that Congress
amended FOIA to ensure that it is liberally construed in favor of waivers for noncommercial requesters." (internal quotation
marks and citation omitted)).

<u>FREEDOM OF INFORMATION ACT REQUEST</u>

RE:  Portable/Transportable Wireless Device Locators Manufactured By Harris Wireless
     Products Group;
BY:  Daniel David Rigmaiden
TO:  Executive Office for United States Attorneys

October 10, 2011
Page # 8 of 9

surveillance targets, even on phones that are not GPS equipped."[8]  In 2008, the media reported
that the government can track cell phones on its own using a TriggerFish and that it "raises the
risk that they will do so without bothering to go to a court for permission first, since they no
longer need to compel the provider to cooperate."[9]  In 2010, the media reported that a senior
attorney in the criminal division of the Justice Department claimed that "[t]he government is
not required to use a warrant" when it uses surveillance equipment to locate cell phones.[10]  In
2011, the media reported on government use of StingRay type devices and on me challenging
use of those devices without proper judicial authority.  *See* fn. 6, *supra*.  The above quoted/cited
news stories are all framed to call into question the government's integrity when it tracks and
locates cell phones and other wireless devices without proper warrants founded on probable
cause.

\* \* \* \* \*

     I expect a determination of this request for expedited processing within 10 calendar days
and a determination of this request for documents within 20 calendar days.  *See* 28 CFR §
16.5(d)(4); 5 U.S.C. § 552(a)(6)(A)(i).  If this request is denied in whole or in part, I request
that all deletions be justified by reference to specific exemptions to FOIA.  I request the release
of all segregable portions of otherwise exempt material.  I reserve the right to appeal a decision
to withhold any information, to deny a waiver of fees, or to expedited processing.

     I certify as true and correct to the best of my knowledge and belief that I have a
compelling need for expedited processing and that the requested records are not for commercial
purposes.  Thank-you for your prompt attention to this matter.  Please furnish all responsive
records to the address below.

---

8.      Singel, Ryan (Wired), *FBI E-Mail Shows Rift Over Warrantless Phone Record Grabs* (Dec. 20, 2007), *available at*
http://www.wired.com/print/politics/onlinerights/news/2007/12/fbi_cell (last accessed Sep. 22, 2010).

9.      Myers, Rachel (ACLU), *With Technology Like This, Who Needs the Law? >> Blog of Rights: Official Blog of the
American Civil Liberties Union* , "With Technology Like This, Who Needs The Law?" (Nov. 14, 2008),
http://www.aclu.org/2008/11/14/with-technology-like-this-who-needs-the-law (last accessed Aug. 16, 2011).

10.     McCullagh, Declan (CNET News), *Justice Dept. defends warrantless cell phone tracking* (Feb. 13, 2010),
*available at* http://news.cnet.com/8301-13578_3-10453214-38.html (last accessed Apr. 8, 2010).

FREEDOM OF INFORMATION ACT REQUEST

RE: Portable/Transportable Wireless Device Locators Manufactured By Harris Wireless
    Products Group;

BY: Daniel David Rigmaiden

TO: Executive Office for United States Attorneys

October 10, 2011
Page # 9 of 9

_____

Daniel David Rigmaiden

Daniel Rigmaiden
Agency #10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132



**U.S. Departm    of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information & Privacy Staff*
*600 E Street, N.W.,  Suite 7300, Bicentennial Building*
*Washington, DC  20530-0001*
*(202) 252-6020   FAX: 252-6047   (www.usdoj.gov/usao)*

Requester:_____ Daniel Rigmaiden_____

Request Number:___ 11-4585 _____

Subject of Request:___ Location Tracking Devices _____

Dear Requester:

      The Executive Office for United States Attorneys has received your Freedom of Information Act request and assigned the above number to the request.

      You have requested all Department of Justice records concerning location tracking devices. We do not maintain records in a manner which would enable us to reasonably search for this information. Therefore, we must deny your request.    MAY - 3 2013

      For your information, we recently released records to the ACLU in response to a request which generally overlaps your request. We obtained these records through a structured inquiry to which we and the ACLU agreed. If you would be amenable to receiving a copy of these records to satisfy your request, please let us know, and we will forward them to you.

      This is our final action on this above-numbered request. You may appeal this decision in this matter by writing to the **Office of Information Policy, Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C.  20530-0001.**  Both the envelope and the letter of appeal should be marked "FOIA Appeal."  Your appeal must be received by OIP within 60 days from the date of this letter. If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court. 28 C.F.R. § 16.9.

               Sincerely,

               Susan B. Gerson
               Assistant Director

Form No. 006 - 3/10

GOVERNMENT EXHIBIT
B
PENGAD-Bayonne, N. J.

**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information & Privacy Staff*
*600 E Street, N.W.*
*Suite 7300, Bicentennial Building*
*Washington, DC  20530-0001*
(202) 252-6020    FAX: 252-6047    (www.usdoj.gov/usao)

March 13, 2014

Requester:  Daniel Rigmaiden                          Request No.:   11-4585

Subject of Request:  Location Tracking Devices

Dear Mr. Rigmaiden:

This is a supplemental response to your request for records under the Freedom of Information Act/Privacy Act.   This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Office.

To provide you with the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

We have processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you.   This letter is a [ X ] partial [    ] full denial.

Enclosed please find:

_____page(s) are being released in full (RIF);
  868   page(s) are being released in part (RIP);
  50    page(s) are withheld in full (WIF).   **The redacted/withheld documents were reviewed to determine if any information could be segregated for release.**

The exemption(s) cited for withholding records or portions of records are marked below. An enclosure to this letter explains the exemptions in more detail.

(b)(5)
(b)(6)
(b)(7)C
(b)(7)E

[    ]    In addition, this office is withholding grand jury material which is retained in the District.

[ X ]    A review of the material revealed:

[ X ]    Our office located records that originated with another government component. These records were examined by the original office in a consultation and they are included in our direct response to you:  Department of Justice, Criminal Division


GOVERNMENT EXHIBIT

[   ]   There are public records which may be obtained from the clerk of the court or this office, upon specific request.   If you wish to obtain a copy of these records, you must submit a new request.   These records will be provided to you subject to copying fees.

[   ]   Please note that your original letter was split into separate files ("requests"), for processing purposes, based on the nature of what you sought.   Each file was given a separate Request Number (listed below), for which you will receive a separate response:

_____

[   ]   See additional information attached.

This is the final action on this above-numbered request. If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy, United States Department of Justice, Suite 11050, 1425 New York Avenue, Washington, DC 20530-0001, or you may submit an appeal through this Office's eFOIA portal at http://www.justice.gov/oip/efoia-portal.html.   Your appeal must be received within sixty days from the date of this letter.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Susan B. Gerson
Assistant Director

Enclosure(s)

Form No. 0021nofee – 4/11

**Rigmaiden v. Department of Justice Civil Action No. 12-1605**
**Criminal Division Consultation Documents**
**Glossary:**
**"RIF"–released in full**
**"RIP"–released in part**
**"RIP"–withheld in full; reviewed for and not deemed segregable**
**"USAO"–United States Attorney's Office**
**"AUSA"–Assistant U.S. Attorney**
**"FOIA"–Freedom of Information Act**

| DOC | PAGES | DOCUMENT DESCRIPTION | EXEMPT STATUS | JUSTIFICATION |
|---|---|---|---|---|
| 1 | 2 | E-mail dated 04/30/12, from the Criminal Division's Appellate Section to attorneys in various agencies within the Department of Justice asking the participants to review a draft of a memo written for *United States v. Jones*, 132 S. Ct. 945 (2012).  Response email dated 04/30/12 from EOUSA. | RIP: b5 and b6 | Exemption (b)(5) of the FOIA protects inter-agency documents which discuss aspects of the case under the attorney-work product, attorney-client and the deliberative process privileges. This document, prepared in anticipation of litigation, is attorney work-product.  These are the opinions and thought processes of attorneys in anticipation of litigations and as such, fall squarely within the definition of attorney work-product.<br><br>Participants in the e-mail concerning law enforcement guidance have an expectation of privacy under Exemption (6) of the FOIA. EOUSA withholds such information to protect them against harassment. There are no public interests to weigh. |
| 2 | 51 | A draft memorandum dated April XX, 2012 from the Criminal Division's Appellate Section of DOJ to all federal prosecutors titled | RIP: b5, b6, b7C and b7E | Exemption (b)(5) of the FOIA protects inter-agency documents which discuss aspects of the case under the attorney-work product, attorney-client, and the deliberative process privileges. This document is attorney work product as well as deliberative process. |

PENGAD-Bayonne, N. J.

GOVERNMENT EXHIBIT

D

| | | | | |
|---|---|---|---|---|
| | | "Guidance Regarding the Application of *United States v. Jones*, 132 S. Ct. 945 (2012)". | | Participants would have a reasonable expectation of privacy under Exemption (b)(6) and (7)(C) of the FOIA. EOUSA withholds such information to protect them against public attention and harassment. There are no public interests to weigh.<br><br>The information withheld is attorney-work product. Therefore, nothing is segregable.<br><br>The guidance contains sensitive law enforcement information about the use of technology and techniques for investigations and prosecutions which Exemption (7)(E) of the FOIA protects to prevent circumvention of the law. |
| 3 | 1 | E-mail dated 03/26/12, from the Criminal Division's Appellate Section to attorneys in various agencies within the Department of Justice asking the participants to review a draft of a memo written for *United States v. Jones*, 132 S. Ct. 945 (2012). Response email dated 03/26/12 from EOUSA. | RIP: b5 and b6 | Exemption (b)(5) of the FOIA protects inter-agency documents which discuss aspects of the case under the attorney-work product, attorney-client and the deliberative process privileges. This document is a draft of a paper submitted to other attorneys for their comments. As such, it is a pre-decisional exchange of opinions which places it squarely within the definition of deliberative product.<br><br>Participants in the e-mail concerning law enforcement guidance have an expectation of privacy under Exemption (6) of the FOIA. EOUSA withholds such information to protect them against harassment. There are no public interests to weigh. |
| 4 | 75 | A memorandum from the Criminal Division's Appellate Section of DOJ to all federal prosecutors titled "**Draft** Guidance Regarding the Application of *United States v.* | RIP: b5, b6, b7C and b7E | Exemption (b)(5) of the FOIA protects inter-agency documents which discuss aspects of the case under the attorney-work product, attorney-client, and the deliberative process privileges. This document is attorney work product as well as deliberative process. |

| | | | | |
|---|---|---|---|---|
| | | *Jones*, 132 S. Ct. 945 (2012)". | | Participants would have a reasonable expectation of privacy under Exemption (b)(6) and (7)(C) of the FOIA. EOUSA withholds such information to protect them against public attention and harassment. There are no public interests to weigh. The information withheld is attorney-work product. Therefore, nothing is segregable. The guidance contains sensitive law enforcement information about the use of technology and techniques for investigations and prosecutions which Exemption (7)(E) of the FOIA protects to prevent circumvention of the law. |
| 5 | 2 | E-mail dated 03/13/12, from the Criminal Division's Appellate Section to attorneys in various agencies within the Department of Justice asking the participants to review a draft of a memo written for *United States v. Jones*, 132 S. Ct. 945 (2012). Email dated 03/22/12 from the Criminal Division's Appellate Section regarding the review process. | RIP: b5 and b6 | Exemption (b)(5) of the FOIA protects inter-agency documents which discuss aspects of the case under the attorney-work product, attorney-client and the deliberative process privileges. This document, prepared in anticipation of litigation, is attorney work-product. These are the opinions and thought processes of attorneys in anticipation of litigations and as such, fall squarely within the definition of attorney work-product. Participants in the e-mail concerning law enforcement guidance have an expectation of privacy under Exemption (6) of the FOIA. EOUSA withholds such information to protect them against harassment. There are no public interests to weigh. |
| 6 | 14 | Comments from the U.S. Marshals Service on the draft memorandum for *United States v. Jones*, 132 S. Ct. 945 (2012). | RIP: b5, b6, b7C and b7E | Exemption (b)(5) of the FOIA protects inter-agency documents which discuss aspects of the case under the attorney-work product, attorney-client, and the deliberative process privileges. This document is attorney work product as well as deliberative process. Participants would have a reasonable expectation of privacy under Exemption (b)(6) and (7)(C) of the FOIA. EOUSA withholds such information to protect them against public attention and harassment. |

| | | | | There are no public interests to weigh. |
|---|---|---|---|---|
| | | | | The information withheld is attorney-work product. Therefore, nothing is segregable. |
| | | | | The guidance contains sensitive law enforcement information about the use of technology and techniques for investigations and prosecutions which Exemption (7)(E) of the FOIA protects to prevent circumvention of the law. |
| 7 | 57 | A draft memorandum dated March xx, 2012 from the Criminal Division's Appellate Section of DOJ to all federal prosecutors titled "**Draft** Guidance Regarding the Application of *United States v. Jones*, 132 S. Ct. 945 (2012)". | RIP: b5, b6, b7C and b7E | Exemption (b)(5) of the FOIA protects inter-agency documents which discuss aspects of the case under the attorney-work product, attorney-client, and the deliberative process privileges. This document is attorney work product as well as deliberative process. |
| | | | | Participants would have a reasonable expectation of privacy under Exemption (b)(6) and (7)(C) of the FOIA. EOUSA withholds such information to protect them against public attention and harassment. There are no public interests to weigh. |
| | | | | The information withheld is attorney-work product. Therefore, nothing is segregable. |
| | | | | The guidance contains sensitive law enforcement information about the use of technology and techniques for investigations and prosecutions which Exemption (7)(E) of the FOIA protects to prevent circumvention of the law. |
| 8 | 1 | E-mail dated 03/13/12, from the Criminal Division's Appellate Section to attorneys in various agencies within the Department of | RIP: b5 and b6 | Exemption (b)(5) of the FOIA protects inter-agency documents which discuss aspects of the case under the attorney-work product, attorney-client and the deliberative process privileges. This document, prepared in anticipation of litigation, is attorney work-product. These are the |

| | | | | |
|---|---|---|---|---|
| | | Justice asking the participants to review a draft of a memo written for *United States v. Jones*, 132 S. Ct. 945 (2012).  Response email dated 03/13/12 from the U.S. Attorney's Office in the Northern District of Alabama. | | opinions and thought processes of attorneys in anticipation of litigations and as such, fall squarely within the definition of attorney work-product. |
| | | | | Participants in the e-mail concerning law enforcement guidance have an expectation of privacy under Exemption (6) of the FOIA. EOUSA withholds such information to protect them against harassment. There are no public interests to weigh. |
| 9 | 52 | A memorandum dated March xx, 2012 from the Criminal Division's Appellate Section of DOJ to all federal prosecutors titled "**Draft** Guidance Regarding the Application of *United States v. Jones*, 132 S. Ct. 945 (2012)". | RIP: b5, b6, b7C and b7E | Exemption (b)(5) of the FOIA protects inter-agency documents which discuss aspects of the case under the attorney-work product, attorney-client, and the deliberative process privileges. This document is attorney work product as well as deliberative process. |
| | | | | Participants would have a reasonable expectation of privacy under Exemption (b)(6) and (7)(C) of the FOIA. EOUSA withholds such information to protect them against public attention and harassment. There are no public interests to weigh. |
| | | | | The information withheld is attorney-work product.  Therefore, nothing is segregable. |
| | | | | The guidance contains sensitive law enforcement information about the use of technology and techniques for investigations and prosecutions which Exemption (7)(E) of the FOIA protects to prevent circumvention of the law. |
| 10 | 1 | E-mail dated 07/05/12, from the Criminal Division's Appellate Section to attorneys in various agencies within the Department of Justice to disseminate the final copy of the memo for *United States v.* | RIP: b5 and b6 | Exemption (b)(5) of the FOIA protects inter-agency documents which discuss aspects of the case under the attorney-work product, attorney-client and the deliberative process privileges. This document, prepared in anticipation of litigation, is attorney work-product.  These are the opinions and thought processes of attorneys in anticipation of litigations and as such, fall squarely within the definition of attorney work-product. |

| | | | | |
|---|---|---|---|---|
| | | *Jones*, 132 S. Ct. 945 (2012). | | Participants in the e-mail concerning law enforcement guidance have an expectation of privacy under Exemption (6) of the FOIA. EOUSA withholds such information to protect them against harassment. There are no public interests to weigh. |
| 11 | 54 | A memorandum dated July 5, 2012 from the Criminal Division's Appellate Section of DOJ to all federal prosecutors titled "Guidance Regarding the Application of *United States v. Jones*, 132 S. Ct. 945 (2012)". | RIP: b5, b6, b7C and b7E | Exemption (b)(5) of the FOIA protects inter-agency documents which discuss aspects of the case under the attorney-work product, attorney-client, and the deliberative process privileges. This document is attorney work product as well as deliberative process.

Participants would have a reasonable expectation of privacy under Exemption (b)(6) and (7)(C) of the FOIA. EOUSA withholds such information to protect them against public attention and harassment. There are no public interests to weigh.

The information withheld is attorney-work product.  Therefore, nothing is segregable.

The guidance contains sensitive law enforcement information about the use of technology and techniques for investigations and prosecutions which Exemption (7)(E) of the FOIA protects to prevent circumvention of the law. |
| 12 | 2 | E-mail dated 04/30/12, from the Criminal Division's Appellate Section to attorneys in various agencies within the Department of Justice asking the participants to review a draft of a memo written for *United States v. Jones*, 132 S. Ct. 945 (2012).  Response | RIP: b5 and b6 | Exemption (b)(5) of the FOIA protects inter-agency documents which discuss aspects of the case under the attorney-work product, attorney-client and the deliberative process privileges. This document, prepared in anticipation of litigation, is attorney work-product.  These are the opinions and thought processes of attorneys in anticipation of litigations and as such, fall squarely within the definition of attorney work-product.

Participants in the e-mail concerning law enforcement guidance have an |

| | | email dated 04/30/12 from EOUSA. | | expectation of privacy under Exemption (6) of the FOIA. EOUSA withholds such information to protect them against harassment. There are no public interests to weigh. |
|---|---|---|---|---|
| 13 | 51 | A draft memorandum dated April xx, 2012 from the Criminal Division's Appellate Section of DOJ to all federal prosecutors titled "Guidance Regarding the Application of *United States v. Jones*, 132 S. Ct. 945 (2012)". | RIP: b5, b6, b7C and b7E | Exemption (b)(5) of the FOIA protects inter-agency documents which discuss aspects of the case under the attorney-work product, attorney-client, and the deliberative process privileges. This document is attorney work product as well as deliberative process.<br><br>Participants would have a reasonable expectation of privacy under Exemption (b)(6) and (7)(C) of the FOIA. EOUSA withholds such information to protect them against public attention and harassment. There are no public interests to weigh.<br><br>The information withheld is attorney-work product.  Therefore, nothing is segregable.<br><br>The guidance contains sensitive law enforcement information about the use of technology and techniques for investigations and prosecutions which Exemption (7)(E) of the FOIA protects to prevent circumvention of the law. |
| 14 | 1 | E-mail dated 04/30/12, from the Criminal Division's Appellate Section to attorneys in various agencies within the Department of Justice asking the participants to review a draft of a memo written for *United States v. Jones*, 132 S. Ct. 945 (2012). | RIP: b5 and b6 | Exemption (b)(5) of the FOIA protects inter-agency documents which discuss aspects of the case under the attorney-work product, attorney-client and the deliberative process privileges. This document, prepared in anticipation of litigation, is attorney work-product.  These are the opinions and thought processes of attorneys in anticipation of litigations and as such, fall squarely within the definition of attorney work-product.<br><br>Participants in the e-mail concerning law enforcement guidance have an expectation of privacy under Exemption (6) of the FOIA. EOUSA withholds such information to protect them against harassment. There are no public interests to weigh. |

| 15 | 51 | A draft memorandum dated April xx, 2012 from the Criminal Division's Appellate Section of DOJ to all federal prosecutors titled "Guidance Regarding the Application of *United States v. Jones*, 132 S. Ct. 945 (2012)". | RIP: b5, b6, b7C and b7E | Exemption (b)(5) of the FOIA protects inter-agency documents which discuss aspects of the case under the attorney-work product, attorney-client, and the deliberative process privileges. This document is attorney work product as well as deliberative process.

Participants would have a reasonable expectation of privacy under Exemption (b)(6) and (7)(C) of the FOIA. EOUSA withholds such information to protect them against public attention and harassment. There are no public interests to weigh.

The information withheld is attorney-work product.  Therefore, nothing is segregable.

The guidance contains sensitive law enforcement information about the use of technology and techniques for investigations and prosecutions which Exemption (7)(E) of the FOIA protects to prevent circumvention of the law. |
| 16 | 2 | E-mail dated 03/26/12, from the Criminal Division's Appellate Section to attorneys in various agencies within the Department of Justice asking the participants to review a draft of a memo written for *United States v. Jones*, 132 S. Ct. 945 (2012).  Email dated 03/27/12 from the Criminal Division's Appellate Section regarding the review process. | RIP: b5 and b6 | Exemption (b)(5) of the FOIA protects inter-agency documents which discuss aspects of the case under the attorney-work product, attorney-client and the deliberative process privileges. This document, prepared in anticipation of litigation, is attorney work-product.  These are the opinions and thought processes of attorneys in anticipation of litigations and as such, fall squarely within the definition of attorney work-product.

Participants in the e-mail concerning law enforcement guidance have an expectation of privacy under Exemption (6) of the FOIA. EOUSA withholds such information to protect them against harassment. There are no public interests to weigh. |
| 17 | 59 | A draft memorandum dated April xx, 2012 from the Criminal Division's Appellate Section of DOJ | RIP: b5, b6, b7C | Exemption (b)(5) of the FOIA protects inter-agency documents which discuss aspects of the case under the attorney-work product, attorney-client, and the deliberative process privileges. This document is attorney |

| | | | | |
|---|---|---|---|---|
| | | to all federal prosecutors titled "**Draft** Guidance Regarding the Application of *United States v. Jones*, 132 S. Ct. 945 (2012)". | and b7E | work product as well as deliberative process.<br><br>Participants would have a reasonable expectation of privacy under Exemption (b)(6) and (7)(C) of the FOIA. EOUSA withholds such information to protect them against public attention and harassment. There are no public interests to weigh.<br><br>The information withheld is attorney-work product. Therefore, nothing is segregable.<br><br>The guidance contains sensitive law enforcement information about the use of technology and techniques for investigations and prosecutions which Exemption (7)(E) of the FOIA protects to prevent circumvention of the law. |
| 18 | 1 | E-mail dated 07/05/12, from the Criminal Division's Appellate Section to attorneys in various agencies within the Department of Justice disseminating the final draft of the memorandum regarding *United States v. Jones*, 132 S. Ct. 945 (2012) and acknowledging participation in the review process. | RIP: b5 and b6 | Exemption (b)(5) of the FOIA protects inter-agency documents which discuss aspects of the case under the attorney-work product, attorney-client and the deliberative process privileges. This document, prepared in anticipation of litigation, is attorney work-product. These are the opinions and thought processes of attorneys in anticipation of litigations and as such, fall squarely within the definition of attorney work-product.<br><br>Participants in the e-mail concerning law enforcement guidance have an expectation of privacy under Exemption (6) of the FOIA. EOUSA withholds such information to protect them against harassment. There are no public interests to weigh. |
| 19 | 54 | A memorandum dated July 5, 2012 from the Criminal Division's Appellate Section of DOJ to all federal prosecutors titled "Guidance Regarding the Application of *United States v.* | RIP: b5, b6, b7C and b7E | Exemption (b)(5) of the FOIA protects inter-agency documents which discuss aspects of the case under the attorney-work product, attorney-client, and the deliberative process privileges. This document is attorney work product as well as deliberative process.<br><br>Participants would have a reasonable expectation of privacy under |

| | | | | |
|---|---|---|---|---|
| | | *Jones*, 132 S. Ct. 945 (2012)". | | Exemption (b)(6) and (7)(C) of the FOIA. EOUSA withholds such information to protect them against public attention and harassment. There are no public interests to weigh.<br><br>The information withheld is attorney-work product. Therefore, nothing is segregable.<br><br>The guidance contains sensitive law enforcement information about the use of technology and techniques for investigations and prosecutions which Exemption (7)(E) of the FOIA protects to prevent circumvention of the law. |
| 20 | 1 | E-mail dated 03/26/12, from the Criminal Division's Appellate Section to attorneys in various agencies within the Department of Justice disseminating comments regarding the memorandum for *United States v. Jones*, 132 S. Ct. 945 (2012). | RIP: b5 and b6 | Exemption (b)(5) of the FOIA protects inter-agency documents which discuss aspects of the case under the attorney-work product, attorney-client and the deliberative process privileges. This document, prepared in anticipation of litigation, is attorney work-product. These are the opinions and thought processes of attorneys in anticipation of litigations and as such, fall squarely within the definition of attorney work-product.<br><br>Participants in the e-mail concerning law enforcement guidance have an expectation of privacy under Exemption (6) of the FOIA. EOUSA withholds such information to protect them against harassment. There are no public interests to weigh. |
| 21 | 75 | A draft memorandum dated March xx, 2012 from the Criminal Division's Appellate Section of DOJ to all federal prosecutors titled "**Draft** Guidance Regarding the Application of *United States v. Jones*, 132 S. Ct. 945 (2012)". | RIP: b5, b6, b7C and b7E | Exemption (b)(5) of the FOIA protects inter-agency documents which discuss aspects of the case under the attorney-work product, attorney-client, and the deliberative process privileges. This document is attorney work product as well as deliberative process.<br><br>Participants would have a reasonable expectation of privacy under Exemption (b)(6) and (7)(C) of the FOIA. EOUSA withholds such information to protect them against public attention and harassment. There are no public interests to weigh. |

| | | | | The information withheld is attorney-work product.  Therefore, nothing is segregable.<br><br>The guidance contains sensitive law enforcement information about the use of technology and techniques for investigations and prosecutions which Exemption (7)(E) of the FOIA protects to prevent circumvention of the law. |
|---|---|---|---|---|
| 22 | 2 | E-mail dated 03/13/12, from the Criminal Division's Appellate Section to attorneys in various agencies within the Department of Justice asking the participants to review a draft of a memo written for *United States v. Jones*, 132 S. Ct. 945 (2012).  Email dated 03/22/12 from the Criminal Division's Appellate Section regarding review comments. | RIP: b5 and b6 | Exemption (b)(5) of the FOIA protects inter-agency documents which discuss aspects of the case under the attorney-work product, attorney-client and the deliberative process privileges. This document, prepared in anticipation of litigation, is attorney work-product.  These are the opinions and thought processes of attorneys in anticipation of litigations and as such, fall squarely within the definition of attorney work-product.<br><br>Participants in the e-mail concerning law enforcement guidance have an expectation of privacy under Exemption (6) of the FOIA. EOUSA withholds such information to protect them against harassment. There are no public interests to weigh. |
| 23 | 14 | Comments from the U.S. Marshals Service on the draft memorandum for *United States v. Jones*, 132 S. Ct. 945 (2012). | RIP: b5, b6, b7C and b7E | Exemption (b)(5) of the FOIA protects inter-agency documents which discuss aspects of the case under the attorney-work product, attorney-client, and the deliberative process privileges. This document is attorney work product as well as deliberative process.<br><br>Participants would have a reasonable expectation of privacy under Exemption (b)(6) and (7)(C) of the FOIA. EOUSA withholds such information to protect them against public attention and harassment. There are no public interests to weigh.<br><br>The information withheld is attorney-work product.  Therefore, nothing is segregable. |

| | | | | |
|---|---|---|---|---|
| | | | | The guidance contains sensitive law enforcement information about the use of technology and techniques for investigations and prosecutions which Exemption (7)(E) of the FOIA protects to prevent circumvention of the law. |
| 24 | 57 | A memorandum dated March xx, 2012 from the Criminal Division's Appellate Section of DOJ to all federal prosecutors titled "**Draft** Guidance Regarding the Application of *United States v. Jones,* 132 S. Ct. 945 (2012)". | RIP: b5, b6, b7C and b7E | Exemption (b)(5) of the FOIA protects inter-agency documents which discuss aspects of the case under the attorney-work product, attorney-client, and the deliberative process privileges. This document is attorney work product as well as deliberative process.<br><br>Participants would have a reasonable expectation of privacy under Exemption (b)(6) and (7)(C) of the FOIA. EOUSA withholds such information to protect them against public attention and harassment. There are no public interests to weigh.<br><br>The information withheld is attorney-work product. Therefore, nothing is segregable.<br><br>The guidance contains sensitive law enforcement information about the use of technology and techniques for investigations and prosecutions which Exemption (7)(E) of the FOIA protects to prevent circumvention of the law. |
| 25 | 2 | E-mail dated 03/13/12, from the Criminal Division's Appellate Section to attorneys in various agencies within the Department of Justice asking the participants to review a draft of a memo written for *United States v. Jones,* 132 S. Ct. 945 (2012).  Email dated 03/13/12 from the U.S. | RIP: b5 and b6 | Exemption (b)(5) of the FOIA protects inter-agency documents which discuss aspects of the case under the attorney-work product, attorney-client and the deliberative process privileges. This document, prepared in anticipation of litigation, is attorney work-product.  These are the opinions and thought processes of attorneys in anticipation of litigations and as such, fall squarely within the definition of attorney work-product.<br><br>Participants in the e-mail concerning law enforcement guidance have an expectation of privacy under Exemption (6) of the FOIA. EOUSA |

| | | Attorney's Office, District of Massachusetts regarding the review. | | withholds such information to protect them against harassment. There are no public interests to weigh. |
|---|---|---|---|---|
| 26 | 52 | A memorandum dated March xx, 2012 from the Criminal Division's Appellate Section of DOJ to all federal prosecutors titled "**Draft** Guidance Regarding the Application of *United States v. Jones*, 132 S. Ct. 945 (2012)". | RIP: b5, b6, b7C and b7E | Exemption (b)(5) of the FOIA protects inter-agency documents which discuss aspects of the case under the attorney-work product, attorney-client, and the deliberative process privileges. This document is attorney work product as well as deliberative process.<br><br>Participants would have a reasonable expectation of privacy under Exemption (b)(6) and (7)(C) of the FOIA. EOUSA withholds such information to protect them against public attention and harassment. There are no public interests to weigh.<br><br>The information withheld is attorney-work product.  Therefore, nothing is segregable.<br><br>The guidance contains sensitive law enforcement information about the use of technology and techniques for investigations and prosecutions which Exemption (7)(E) of the FOIA protects to prevent circumvention of the law. |
| 27 | 1 | E-mail dated 03/13/12, from the Criminal Division's Appellate Section to attorneys in various agencies within the Department of Justice asking the participants to review a draft of a memo written for *United States v. Jones*, 132 S. Ct. 945 (2012). | RIP: b5 and b6 | Exemption (b)(5) of the FOIA protects inter-agency documents which discuss aspects of the case under the attorney-work product, attorney-client and the deliberative process privileges. This document, prepared in anticipation of litigation, is attorney work-product.  These are the opinions and thought processes of attorneys in anticipation of litigations and as such, fall squarely within the definition of attorney work-product.<br><br>Participants in the e-mail concerning law enforcement guidance have an expectation of privacy under Exemption (6) of the FOIA. EOUSA withholds such information to protect them against harassment. There are no public interests to weigh. |

| 28 | 52 | A memorandum dated March xx, 2012 from the Criminal Division's Appellate Section of DOJ to all federal prosecutors titled "**Draft** Guidance Regarding the Application of *United States v. Jones*, 132 S. Ct. 945 (2012)". | RIP: b5, b6, b7C and b7E | Exemption (b)(5) of the FOIA protects inter-agency documents which discuss aspects of the case under the attorney-work product, attorney-client, and the deliberative process privileges. This document is attorney work product as well as deliberative process.<br><br>Participants would have a reasonable expectation of privacy under Exemption (b)(6) and (7)(C) of the FOIA. EOUSA withholds such information to protect them against public attention and harassment. There are no public interests to weigh.<br><br>The information withheld is attorney-work product.  Therefore, nothing is segregable.<br><br>The guidance contains sensitive law enforcement information about the use of technology and techniques for investigations and prosecutions which Exemption (7)(E) of the FOIA protects to prevent circumvention of the law. |
| --- | --- | --- | --- | --- |
| 29 | 20 | Information about cellular provider retention periods prepared by the Computer Crime and Intellectual Property Section and FBI's Cellular Analysis Survey Team and draft affidavits for obtaining cellular provider records | RIP: b5, b6, b7C and b7E | Exemption (b)(5) of the FOIA protects inter-agency documents which discuss aspects of the case under the attorney-work product, attorney-client, and the deliberative process privileges. This document is attorney work product as well as deliberative process.<br><br>Participants would have a reasonable expectation of privacy under Exemption (b)(6) and (7)(C) of the FOIA. EOUSA withholds such information to protect them against public attention and harassment. There are no public interests to weigh.<br><br>The information withheld is attorney-work product.  Therefore, nothing is segregable. |

| | | | | The guidance contains sensitive law enforcement information about the use of technology and techniques for investigations and prosecutions which Exemption (7)(E) of the FOIA protects to prevent circumvention of the law. |
|---|---|---|---|---|
| 30 | 2 | E-mail dated 07/05/12, from the Criminal Division's Appellate Section to attorneys in various agencies within the Department of Justice disseminating the final draft of the memorandum regarding *United States v. Jones*, 132 S. Ct. 945 (2012) and acknowledging participation in the review process.  Email dated 07/05/12, from EOUSA asking staff to disseminate the memorandum regarding *United States v. Jones*, 132 S. Ct. 945 (2012) to supervising attorneys. | RIP: b5 and b6 | Exemption (b)(5) of the FOIA protects inter-agency documents which discuss aspects of the case under the attorney-work product, attorney-client and the deliberative process privileges. This document, prepared in anticipation of litigation, is attorney work-product.  These are the opinions and thought processes of attorneys in anticipation of litigations and as such, fall squarely within the definition of attorney work-product.<br><br>Participants in the e-mail concerning law enforcement guidance have an expectation of privacy under Exemption (6) of the FOIA. EOUSA withholds such information to protect them against harassment. There are no public interests to weigh. |
| 31 | 54 | A memorandum dated July 5, 2012 from the Criminal Division's Appellate Section of DOJ to all federal prosecutors titled "Guidance Regarding the Application of *United States v. Jones*, 132 S. Ct. 945 (2012)'. | RIP: b5, b6, b7C and b7E | Exemption (b)(5) of the FOIA protects inter-agency documents which discuss aspects of the case under the attorney-work product, attorney-client, and the deliberative process privileges. This document is attorney work product as well as deliberative process.<br><br>Participants would have a reasonable expectation of privacy under Exemption (b)(6) and (7)(C) of the FOIA. EOUSA withholds such information to protect them against public attention and harassment. There are no public interests to weigh.<br><br>The information withheld is attorney-work product.  Therefore, nothing is segregable. |

| | | | | The guidance contains sensitive law enforcement information about the use of technology and techniques for investigations and prosecutions which Exemption (7)(E) of the FOIA protects to prevent circumvention of the law. |
|---|---|---|---|---|
| 32 | 5 | Email dated 03/30/12 from CCIPS, "The CCIPS Electronic Evidence Newsletter" (CCIPS) Email).  Email dated 03/30/12 from EOUSA disseminating the newsletter.  Email dated 09/10/12 from the Criminal Division to EOUSA forwarding the CCPIS Email and a 'Response to Motion for Discovery'; these contain practice suggestions.  Email dated 07/05/12 from EOUSA to all supervising attorneys disseminating the *United States v. Jones*, 132 S. Ct. 945 (2012) memorandum. | RIP: b5, b6, b7C and b7E | Exemption (b)(5) of the FOIA protects inter-agency documents which discuss aspects of the case under the attorney-work product, attorney-client, and the deliberative process privileges. This document is attorney work product as well as deliberative process.<br><br>Participants would have a reasonable expectation of privacy under Exemption (b)(6) and (7)(C) of the FOIA. EOUSA withholds such information to protect them against public attention and harassment. There are no public interests to weigh.<br><br>The information withheld is attorney-work product.  Therefore, nothing is segregable.<br><br>The guidance contains sensitive law enforcement information about the use of technology and techniques for investigations and prosecutions which Exemption (7)(E) of the FOIA protects to prevent circumvention of the law. |

**Rigmaiden v. Department of Justice Civil Action No. 12-1605**
**EOUSA Documents**
**Glossary:**
**"RIF"–released in full**
**"RIP"–released in part**
**"WIF"–withheld in full; reviewed for and not deemed segregable**
**"USAO"–United States Attorney's Office**
**"AUSA"–Assistant U.S. Attorney**
**"FOIA"-Freedom of Information Act**

| DOC | PAGES | DOCUMENT DESCRIPTION | EXEMPT STATUS | JUSTIFICATION |
|---|---|---|---|---|
| 1 | 25 | E-mail dated 11/14/13, from AUSA in the Eastern District of Pennsylvania to USAEO-PSC Coordinators with attached guidance for prosecutors for obtaining and using cell phone evidence. It contains information on cell phone forensics, acquisition of information, preservation letters, and legal ramifications. | WIF:  b5, b6, b7E | Exemption (b)(5) of the FOIA protects inter-agency documents which discuss aspects of the case under the attorney-work product, attorney-client and the deliberative process privileges. This document, prepared in anticipation of litigation, is attorney work-product. It contains specific research that the attorneys for the USAO think are pertinent to criminal litigation involving tracking devices. These are the opinions and thought processes of attorneys in anticipation of litigations and as such, fall squarely within the definition of attorney work-product. Participants in the e-mail concerning law enforcement guidance have an expectation of privacy under Exemption (6) of the FOIA. EOUSA withholds such information to protect them against harassment. There are no public interests to weigh. There is no reasonably segregable information contained in this document. |

| | | | | |
|---|---|---|---|---|
| | | | | The guidance contains sensitive law enforcement information about the use of technology and techniques for investigations and prosecutions which Exemption (7)(E) of the FOIA protects to prevent circumvention of the law. |
| 2 | 2 | E-mail exchange dated 5/31/12 between an attorney in the Criminal Division of the Department of Justice and an AUSA in the District of New Mexico whereby the AUSA is seeking and the Criminal Division attorney is giving advice in an ongoing trial concerning computer programs. | WIF: b5, b7C | Exemption (b)(5) of the FOIA protects inter-agency documents which discuss aspects of the case under the attorney-work product, attorney-client, and the deliberative process privileges. This document is attorney work product as well as deliberative process.<br><br>The e-mail concerns a criminal proceeding against a third party. Participants would have a reasonable expectation of privacy under Exemption (7)(C) of the FOIA. EOUSA withholds such information to protect them against public attention and harassment. There are no public interests to weigh.<br><br>As the document is attorney work-product there is nothing segregable |
| 3 | 23 | E-mail exchange among several attorneys from the EOUSA, the Western District of North Carolina, the FBI and the Criminal Division dated 7/28/11, discussing issues about an attached draft of paper on "Using Cellular Call Detail Records and Location Analysis Evidence in Criminal Trials" | WIF: b5, b6 | Exemption (b)(5) of the FOIA protects inter-agency documents which discuss aspects of the case under the attorney-work product, attorney-client and the deliberative process privileges. This document is a draft of a paper submitted to other attorneys for their comments. As such, it is a pre-decisional exchange of opinions which places it squarely within the definition of deliberative product.<br><br>Participants in the e-mail concerning law enforcement guidance have an expectation of privacy under Exemption (6) of the FOIA. EOUSA withholds such information to protect them against harassment. There are no public interests to weigh. |