STUART F. DELERY
Assistant Attorney General
ELIZABETH J. SHAPIRO
Deputy Branch Director
BRAD P. ROSENBERG (D.C. Bar No. 467513)
Trial Attorney
KIMBERLY L. HERB (Illinois Bar No. 6296725)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C.  20044
Telephone: (202) 514-3374
Facsimile: (202) 616-8460
E-mail: brad.rosenberg@usdoj.gov
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel David Rigmaiden, <br><br> Plaintiff, <br><br> vs. <br><br> Federal Bureau of Investigation, et al., <br><br> Defendants. | No. CV12-1605-SRB-BSB <br><br> **DEFENDANTS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM AND DECLARATION OR, IN THE ALTERNATIVE, TO WITHDRAW A PORTION OF THEIR ARGUMENT** |

Defendants Federal Bureau of Investigation, Executive Office for United States Attorneys, Office of Information Policy, and U.S. Department of Justice ("defendants") hereby file this Motion for Leave to File a Supplemental Memorandum and Declaration or, in the Alternative, to Withdraw a Portion of Their Argument.  The Supplemental Memorandum and Declaration, which are being separately filed as a Lodged Proposed Documents, would address the adequacy of the FBI's search for records in response to plaintiff's Harris request, which was omitted from the government's previous filing.  In support thereof, defendants state as follows:

1. In defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Partial Summary Judgment and in Support of Defendants' Cross-Motion for Summary

1 Judgment (ECF Nos. 91, 92, 03/14/2014) ("Gov. Mem."), the defendants indicated that
2 the parties had agreed that a similar, pre-processed request by the Electronic Privacy
3 Information Center ("EPIC") can serve as a substitute for plaintiff's Harris request. *See*
4 *id.* at 2, 4. After the government filed its briefs, Mr. Rigmaiden sent government counsel
5 an e-mail indicating that he had not agreed to the substituted search. Instead, Mr.
6 Rigmaiden indicated his belief that, while the parties had agreed to pre-litigate the
7 exemptions from the EPIC case, they had not agreed to substitute the search from the
8 EPIC case. Mr. Rigmaiden also emphasized that he is likely to challenge the adequacy of
9 any FBI search. Finally, Mr. Rigmaiden has accused government counsel of being
10 dishonest with the Court regarding the scope of the parties' agreement. Government
11 counsel has responded to Mr. Rigmaiden via e-mail, and also provided a copy of that
12 response to Mr. Rigmaiden via first-class mail. In order to provide the Court with both
13 sides' characterization of the events that give rise to this motion, a copy of Mr.
14 Rigmaiden's e-mail, and the government's response, is attached hereto as Exhibit A.

15       2. The government believes Mr. Rigmaiden's allegations regarding
16 government counsel's candor to be baseless. As noted in the parties' e-mail exchange,
17 Mr. Rigmaiden's accusations are based, in part, on a mistaken belief as to the scope of
18 records involved. Moreover, and to support his position, Mr. Rigmaiden has cited prior
19 e-mail exchanges between the parties, which government counsel has previously
20 provided to the Court (as Exhibits A to C of the government's summary judgment brief).
21 Nonetheless, the e-mail exchange between the parties has brought into focus an issue that
22 needs to be clarified. As Mr. Rigmaiden correctly notes, he has reserved his right to
23 challenge the adequacy of the FBI's search for records in response to the Harris request.
24 *See* Gov. Mem. Exs. A to C, ECF Nos. 91-2 to 91-4, 92-2 to 92-4, 03/14/2014. The
25 government's brief indicated that Mr. Rigmaiden had agreed that the EPIC search could
26 serve as a substitute search for his request. That characterization was made by mistake,
27 and the government hereby withdraws it.

28       3. Nonetheless, and regardless of how the parties' agreement may be

characterized, the FBI does intend to rely upon the searches that it has already conducted for EPIC as its search for Mr. Rigmaiden's Harris request, as the requests are substantially similar. To that end, the government believes that the searches the FBI has already conducted for the EPIC request satisfies FOIA's search requirements for Mr. Rigmaiden's Harris request. (If anything, and as set forth in the proposed supplemental memorandum, the search was in some respects broader than any search that independently would have been conducted for Mr. Rigmaiden's Harris request.) In order to defend the adequacy of the FBI's search, and in order to provide Mr. Rigmaiden with a platform to challenge that search, the government hereby seeks to file a short supplemental memorandum of five pages or less, and corresponding declaration and supplemental statement of undisputed material facts, describing the search that was conducted and why it meets the requirements of FOIA. Copies of both the supplemental memorandum (with the supplemental statement of undisputed facts) and declaration are being filed as a Lodged Proposed Documents.

4.  The government apologizes to the Court for the mistake that led to its failure to raise this issue in its brief. That said, Mr. Rigmaiden has not been prejudiced in any way. As a result of the FBI's efforts, Mr. Rigmaiden has now received a detailed *Vaughn* index for the 500-page representative sample from the search; a copy (in electronic format) of the 500 page sample with relevant terms revealed; and a copy (again, in electronic format) of the 4,377 pages of documents previously released to EPIC and that are therefore being deemed responsive to his request.[1] Moreover, and should this Court grant the government's motion for leave to file, Mr. Rigmaiden will be provided with a detailed description of the search that was conducted to respond to his FOIA request, thus providing him with a means to challenge that search. Also, this Court has granted Mr. Rigmaiden until May 19 to respond to the government's summary

---

[1] As noted in the e-mail exhibits attached to the government's summary judgment brief, those pages have not been re-processed because plaintiff has not agreed to payment of the requisite copying fees. That issue is before the Court as part of the government's response to plaintiff's motion for partial summary judgment.

1  judgment motion, which is more than 45 days from now.  Granting the motion will
2  therefore allow for the most expeditious resolution of this case, as both the adequacy of
3  the FBI's search and the applicability of the exemptions claimed will be ready for review
4  by the Court.

5      5.      To the extent this Court does not wish to grant defendants' motion for leave to file a supplemental brief and declaration, defendants request that they be permitted to withdraw the argument contained within Part V of their briefs (addressing the exemptions contained in a 500-page sample of records responsive to the EPIC request), as well as a portion of Part VI (to the extent the section addresses segregability issues in the sample from that request).[2]  If the parameters of the FBI's search are undefined, then resolution of exemptions now would not be ripe for this Court's resolution.

12      6.      A proposed order is attached.

---

[2] In Part VI, defendants asserted that the FBI has produced all reasonably segregable information.  That argument was based on Mr. Hardy's Harris/EPIC Declaration which, by its nature, was explicitly limited to the 500-page sample provided to plaintiff.  *See* Declaration of David M. Hardy Regarding the Harris and EPIC Request (ECF Nos. 91-6 and 92-6, 03/14/2014) ¶ 4 ("the scope of review is limited to [the] 500 page sample"); *id.* ¶ 17 ("the 500 page sample was provided to Mr. Rigmaiden and is the basis for this declaration").  As noted in the parties' correspondence attached as Exhibit C to the government's summary judgment brief (ECF Nos. 91-4 and 92-4, 03/14/2014), and as further described in the proposed supplemental declaration of Mr. Hardy (attached hereto), the FBI has not re-processed any records beyond the 500-page sample in light of its withdrawal of the Glomar response, and the segregability argument in the government's summary judgment brief should be read in that context.  Nonetheless, and to the extent the FBI is required to withdraw its arguments regarding the exemptions claimed in the Harris/EPIC 500-page sample, it would also need to withdraw its segregability argument regarding that sample.

| | | |
|---|---|---|
| 1 | DATED: April 2, 2014 | Respectfully submitted, |
| 2 | | STUART F. DELERY |
| 3 | | Assistant Attorney General |
| 4 | | ELIZABETH J. SHAPIRO |
| | | Deputy Branch Director |

/s/ *Brad P. Rosenberg*
BRAD P. ROSENBERG
D.C. Bar No. 467513
KIMBERLY L. HERB
Illinois Bar No. 6296725
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C.  20044
Telephone:  (202) 514-3374
Facsimile:  (202) 616-8460
E-mail:  brad.rosenberg@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 2, 2014, I served the attached document (including all exhibits and other attachments thereto) by first-class mail, postage pre-paid, on the following, who is not a registered participant of the CM/ECF system:

>Daniel D. Rigmaiden
>Agency # 10966111
>CCA-CADC
>PO Box 6300
>Florence, AZ  85132

/s/ *Brad P. Rosenberg*
BRAD P. ROSENBERG
D.C. Bar No. 467513
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C.  20044
Telephone:  (202) 514-3374
Facsimile:  (202) 616-8460
E-mail:  brad.rosenberg@usdoj.gov

*Attorney for Defendants*