IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel David Rigmaiden, | No. CV-2012-01605-PHX-SRB(BSB) |
| Plaintiff, | **EXHIBIT A: CORRESPONDENCE WITH PLAINTIFF** |
| vs. | |
| Federal Bureau of Investigation, et al., | |
| Defendants. | |



**U.S. Department of Justice**

Civil Division, Federal Programs Branch

*Via U.S. Mail:*  *Via Special Delivery:*
P.O. Box 883  20 Massachusetts Ave., NW
Washington, DC  20044  Washington, DC  20001

Brad P. Rosenberg
Trial Attorney

Telephone:  (202) 514-3374
Facsimile:  (202) 616-8460
E-Mail:  brad.rosenberg@usdoj.gov

April 1, 2014

*Via First-Class Mail*

Daniel D. Rigmaiden
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ  85132

Re:   *Rigmaiden v. Federal Bureau of Investigation, et al.*, No. CV12-1605-SRB-BSB

Dear Mr. Rigmaiden:

Enclosed please find a print-out of an e-mail that I sent to you today regarding the above-referenced litigation.

Very truly yours,

Brad P. Rosenberg

Enclosure

## Rosenberg, Brad (CIV)

| | |
|---|---|
| **From:** | Rosenberg, Brad (CIV) |
| **Sent:** | Tuesday, April 01, 2014 11:19 AM |
| **To:** | 'Daniel Rigmaiden' |
| **Cc:** | Herb, Kimberly (CIV) |
| **Subject:** | RE: Dishonesty in your Rigmaiden v. FBI summary judgment filing. |

| **Tracking:** | **Recipient** | **Delivery** |
|---|---|---|
| | 'Daniel Rigmaiden' | |
| | Herb, Kimberly (CIV) | Delivered: 4/1/2014 11:19 AM |

Dear Mr. Rigmaiden:

Thank you for your e-mail. It is apparent that there is a misunderstanding between the parties, but as explained below I believe that the concerns that you have expressed will, as a practical matter, be resolved.

Your e-mail correctly notes that you have reserved the right to challenge the adequacy of the FBI's search. The government's omission of an argument defending the Harris/EPIC search was an oversight that will be promptly corrected as described below. (And, as you note, nothing was hidden from the court because I attached our correspondence regarding this issue to the government's briefs.) That said, your understanding of the search is not consistent with the parties' correspondence and this case's history. From the FBI's perspective, the search for documents responsive to your request would have been subsumed in the FBI's EPIC search; in fact, the FBI's EPIC search was broader than any search that would have independently been conducted in response to your FOIA request as the EPIC search encompassed all manufacturers of cell-site simulator technology, and not just Harris technology. Moreover, your belief that the 11,000 pages of documents described in your e-mail constitutes a separate set of documents unique to your request is incorrect; as the FBI stated in its September 25 letter to you, the 11,000 pages are within the body of the 23,000 pages. Similarly, your assertion that you had not previously been informed that the 4,377 pages you received were the same ones provided to EPIC is, at best, an incomplete characterization; again, the FBI's September 25 letter stated that the materials were processed pursuant to a FOIA request for the same subject matter, and you were made aware through conversations with counsel that the FBI was referencing the EPIC request.

As indicated in your e-mail below, you intend to challenge the FBI's search. In order to provide you with a platform for that challenge, the government will move for leave to supplement its briefing by adding an argument and declaration defending the adequacy of its search. To the extent that you believe that the search that the FBI has

1

conducted does not comply with the requirements of FOIA (regardless of whether it is technically characterized as an "EPIC" search or a "Harris" search), you will, of course, be free to explain your position in your opposition brief. We anticipate filing that motion (with a proposed supplemental brief and declaration attached) no later than April 4. In light of the court's granting of your request for an extension of time, that should provide you with plenty of time to respond; nonetheless, if you need more additional time to respond, the government would not oppose any such request.

Regarding EOUSA, we noticed that you indicated in your motion for an extension of time that you have not yet received their release. Assuming that you wanted EOUSA's release on CD rather than paper (which is how they normally would have provided the release), I asked EOUSA to send a CD of the release to Mr. Seplow (your representative to whom the FBI has provided its releases).

Finally, I want to respond to your allegations regarding Mr. Hardy's declaration. As that declaration makes clear, its scope is limited to the 500-page sample. To the extent that you have any other litigation-related concerns regarding that declaration, please do not attempt to contact Mr. Hardy directly (as you did here), as the FBI is a represented party in this litigation.

In the interests of candor, and so that the Court is aware of the parties' respective positions, I intend to attach your e-mail to me and this response thereto to the government's forthcoming motion for leave to file a supplemental brief.

Very truly yours,
-Brad Rosenberg

-----Original Message-----
From: Daniel Rigmaiden [mailto:freedan@Safe-mail.net]
Sent: Monday, March 24, 2014 11:52 AM
To: Rosenberg, Brad (CIV)
Subject: Dishonesty in your Rigmaiden v. FBI summary judgment filing.

Brad Rosenberg (D.C. Bar No. 467513):

    Hello, Brad. You were dishonest in your summary judgment motion (2:12-cv-01605-SRB-BSB) regarding our agreement on how to handle the FBI Harris request. You claimed, "As for the Harris/Epic Request, plaintiff has agreed that a similar, pre-processed request by [][EPIC] can serve as a substitute for his request[]" and "[t]he FBI has produced all... of the responsive records." Dkt. #091, p. 2 & 29. This is not true. We agreed via phone that we would use the 500 page sample previously provided to EPIC along with a new, complete Vaughn index to litigate similar, future redactions that the FBI plans to make within future records responsive to MY FOIA request, not EPIC's. Furthermore, the 4,377 pages of records previously provided to

2

EPIC were provided to me by the FBI simply as a courtesy. See January 14, 2014, FBI letter (Dkt. #091-6. p. 61); Hardy Declaration, ¶ No, 14 (Dkt. #091-6, p. 6) ("[T]he FBI provided to Rigmaiden, as a matter of courtesy, a copy of the 4,377 responsive pages that the FBI previously had provided to EPIC in response to its similar FOIA."). The FBI providing me with EPIC's disclosure has nothing to do with fulfillment of my FOIA request. See January. 10, 2014, Rigmaiden email (Dkt. #091-4, p. 4). I asked for EPIC's 4,377 pages so that I could determine if an OCR machine reading process could be developed that would eliminate the need for litigating the issue of whether the FBI should provide documents in native digital form. See id. Now, you are attempting to take advantage of my kindness as a means to manipulate the proceedings so that the FBI can get away with just providing me the same 4,377 pages it provided to EPIC. None of my emails state that I would accept EPIC's FOIA documents in place of the FBI processing my request and I never made any verbal agreement with you to that effect. Your false claim made to the court is a serious candor violation for a bar card holding attorney.

In the mean time, let's reexamine the facts further:

As you are aware, the FBI informed me via letter dated September 25, 2013, that it located a total of 33,000 pages of records responsive to MY request that require processing or reprocessing. See September 25, 2013, FBI letter (Dkt. #091-6, p. 47-48). As was discussed during our December 10, 2013, phone call, the agreed upon 500 page sample (previously provided to EPIC) and new Vaughn index was to be produced so that you could file for summary judgment before the FBI processes the full 33,000 pages. Because there was/is the outstanding issues of (1) expedited processing, (2) a fee waiver, and (3) form of records, had we not agreed upon using the 500 page sample you would have had to wait for the court to rule on those outstanding issues, and then for the FBI to process all 33,000 pages, before filing for summary judgment on the redactions/withholdings and related to those 33,000 pages. The agreement with the sample was done to make your job easier, the FBI's job easier, and the court's job easier. I did not benefit from the agreement.

Prior to our phone calls dated November 19, 2013, and November 22, 2013, and December 10, 2013—all of which were recorded—when I asked for the 4,377 pages in my November 18, 2013, email, I was yet to be informed that those records were the same as the ones provided to EPIC. Prior to that email, I had repeatedly asked you via telephone to find out if they were the same, but my requests were met with your empty promises. The FBI's September 25, 2013, letter also did not advise whether the 4,377 pages were from the EPIC case. It was only during our November 19, 2013, phone call (Note: one day after my November 18, 2013, email attached to your motion) that you finally informed me that the 4,377 pages referenced in the FBI's September 25, 2013, letter were the same set provided to EPIC.

3

When I asked for the 4,377 pages and a Vaughn index in my November 18, 2013, email, I was asking for records processed in accordance with MY request, and with no Glomar-style redactions, and the wording "second Vaughn index" was done in the context of the first draft Vaughn index provided to me by the FBI in relation to MY Wall Street Journal FOIA request. I was not referencing the documents provided to EPIC or its Vaughn index; nor could I considering you had not yet informed me that the 4,377 pages were the same as EPIC's. You'll notice that the word "EPIC" appears nowhere in my email and that I also made reference to the 11,000 pages (responsive to MY request) that are separate from the initial 23,000 (which are responsive to MY request and, now, apparently also responsive to EPIC's request). I fully expected then, and fully expect now, that the FBI would process/reprocess (1) the 4,377 pages noted in the FBI's September 25, 2013, letter; (2) the 11,000 pages noted in the FBI's September 25, 2013, letter; and (3) the previously isolated 23,000 pages noted in the FBI's September 25, 2013, letter—all in accordance with MY FOIA request, and without Glomar-style redactions, e.g., revealing words like "'stingray,' 'Harris Corporation,' 'Triggerfish,' 'Loggerhead,' and 'Wireless Intercept & Tracking Team (WITT).'" Hardy Declaration, ¶ No, 16, fn. 7 (Dkt. #091-6, p. 7). This was all made clear to you prior to your filing for summary judgment. No agreement was ever made stating that I would accept EPIC's 4,377 page disclosure in place of the FBI processing the 33,000 records responsive to my request. That is simply idiotic.

Once all of the 33,000 pages are processed, there will likely be additional challenges to the sufficiency of the FBI's search. In your December 12, 2013, email, you "recognized that the FBI will also have to defend the adequacy of its search[.]" Id. (Dkt. #091-3, p. 4). My FOIA request asked that the FBI search in 21 specific record systems for 30 specific types of data and I fully expect that those systems be searched and all records be provided. If the records do not come from the systems I specify, future litigation is required. Obviously, the adequacy of the search cannot be litigated until after I receive all records. This was all made clear to you prior to your filing for summary judgment. You then agreed to this (again, phone calls were recorded).

Again, the purpose of the 500 page sample and Vaughn index—as you are fully aware—was so that the noted future redactions could be litigated now. However, I "reserved [][my] right to challenge a particular [future] exemption if, for some reason, it was not a category of exemption previously litigated." See December 12, 2013, Rosenberg email. (Dkt. #091-3, p. 4). As discussed during our December 10, 2013, phone call, if a certain future redaction or withholding—from within the 33,000 documents to be processed/reprocessed after the first round of summary judgment— turns out to not be of a subject matter specifically covered by the FBI's Vaughn index corresponding to the 500 page sample, I may challenge that future redaction or withholding in a future filing. This was all made clear to you prior to your filing for summary judgment. You then agreed to this (again, phone calls were recorded).

Obviously, because we agreed on December 10, 2014, that (1) I would preserve my right to bring future challenges to future redactions/withholdings on future documents yet to be processed by the FBI, and (2) the FBI's searches will likely need to be challenged through further litigation once it actually fulfills MY FOIA request, the case will not "likely" be concluded after the first round of summary judgment as speculated in my earlier November 18, 2013, email.  See also November 25, 2013, Court Order (Nothing "preclude[s] the parties from seeking leave to file a second motion for summary judgment if appropriate based on the circumstances of the case.").  However, even if there is no further issue to litigate after the pending motions are decided, it does not mean the FBI can simply ignore my FOIA request and the 33,000 responsive pages on the basis that it provided me a courtesy copy of the 4,377 pages previously provided to EPIC.

In my January 10, 2014, email—which was sent after you finally notified me that the 4,377 pages noted in the FBI's September 25, 2013, letter are the same as provided to EPIC—I made clear to you that "I expected the FBI to reprocess the 4,377 [EPIC] pages to remove the Glomar related redactions." Id. (Dkt. #091-4, p. 4).  I also made clear that my December 10, 2013, request for an identical version of the EPIC disclosure "was not... [to] satisfy my FOIA request for those pages." Id.  As noted above, the purpose of asking for the 4,377 page EPIC disclosure during our December 10, 2013, phone call had nothing to do with my FOIA request, but was done "so that I could determine if a machine reading process could be developed that would be adequate to extract sufficiently mistake-free text from the otherwise flat image scan." Id.  I was making this request and volunteering my valuable time and skills to develop said process in an attempt to eliminate that outstanding issue for your benefit and the FBI's benefits.  Do not mistake kindness for weakness.  Later, the FBI stated its understanding that it was providing me the 4,377 pages previously provided to EPIC "as a matter of courtesy to you[,]" i.e., not to fulfill my FOIA request of which there are 33,000 pages yet to be processed/reprocessed.  January 14, 2014, FBI letter (Dkt. #091-6. p. 61).

In other words, even your own client's letter does not support your fallacy and attempt to manipulate the court.  Aside from both my emails and your client's letter contradicting your claim (not to mention our recorded phone calls), it would be difficult for someone to believe your assertion that I would agree to accept EPIC's documents that are fewer in page number and more heavily redacted rather than accept records responsive to MY FOIA request, which contain more pages and less redactions.  I have nothing to gain from such an idiotic concession.  Your despicable attempt to manipulate the proceedings will not stand.


Daniel Rigmaiden

CC: Chief David M. Hardy, FBI, via fax: (540) 868-4997.

Note to Chief Hardy: Your claim in your declaration that "[t]he FBI has processed and released all segregable information from the documents responsive to Mr. Rigmaiden's request[,]" is also false. See Hardy Declaration, ¶ 75 (Dkt. #091-6, p. 31). As you are well aware, the FBI is yet to process anything other than the 500 page sample in accordance with my FOIA request. The courtesy copy of the 4,377 pages from the EPIC disclosure contain Glomar-style redactions, which is neither within the scope of my FOIA request nor within the scope of the FBI reversing its Glomar position. Additionally, the FBI is yet to process the additional 11,000 pages that were identified and the FBI is yet to reprocess the initial 23,000 in accordance with my specific FOIA request and in light of the FBI reversing its Glomar position. In other words, you, too, are being dishonest—and under penalty of perjury at that—your affidavit was submitted in bad faith. See Fed. R. Civ. Pro. 56(h). Furthermore, ¶ 9 (Dkt. #091-6, p. 4) of your declaration wherein you claim "FBI offered to provide [Plaintiff] with 4,377 pages... that had been provided to EPIC.." is also false. Your September 25, 2013, letter does not state that the 4,377 pages were the same as what was provided to EPIC.