IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel David Rigmaiden,<br><br>          Plaintiff,<br><br>vs.<br><br>Federal Bureau of Investigation, et al.,<br><br>          Defendants. | No. CV12-1605-SRB-BSB<br><br>**LODGED PROPOSED DOCUMENT: SUPPLEMENTAL MEMORANDUM OF LAW (INCLUDING SUPPLEMENTAL STATEMENT OF FACTS); SUPPLEMENTAL DECLARATION OF DAVID M. HARDY** |

STUART F. DELERY
Assistant Attorney General
ELIZABETH J. SHAPIRO
Deputy Branch Director
BRAD P. ROSENBERG (D.C. Bar No. 467513)
Trial Attorney
KIMBERLY L. HERB (Illinois Bar No. 6296725)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044
Telephone: (202) 514-3374
Facsimile: (202) 616-8460
E-mail: brad.rosenberg@usdoj.gov
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel David Rigmaiden,<br><br>Plaintiff,<br><br>vs.<br><br>Federal Bureau of Investigation, et al.,<br><br>Defendants. | No. CV12-1605-SRB-BSB<br><br>**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Defendants Federal Bureau of Investigation, Executive Office for United States Attorneys, Office of Information Policy, and U.S. Department of Justice ("defendants") hereby file this Supplemental Memorandum of Law in Support of Defendants' Cross-Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Partial Summary Judgment (ECF Nos. 91, 92, 03/14/2014) ("Gov. Mem."). This memorandum addresses the adequacy of the FBI's search for records responsive to plaintiff's Harris/EPIC[1] request. For the reasons set forth below, that search complies with the requirements of the Freedom of Information Act.

---

[1] For consistency's sake, defendants generally use the same terminology, such as "Harris/EPIC," as they did in their previous memoranda.

**The FBI's Search for Records Responsive to the Harris/EPIC Request Complies with the Requirements of FOIA.**

As noted in defendants' previous memoranda, plaintiff's Harris request is substantially similar to a previous FOIA request filed by EPIC. Mr. Rigmaiden has sought "[a]ll agency records concerning [a series of] portable/transportable wireless device locators . . . and related equipment manufactured and/or branded and/or sold by Harris Wireless Products Group . . . ." *See* Declaration of David M. Hardy Regarding the Adequacy of Search for the Harris Corp. Request (filed herewith) ("Hardy Harris Search Decl.") ¶ 3.[2] As set forth in Mr. Hardy's declaration, the FBI has identified 22,982 pages of material that is responsive to the EPIC request and, hence, is being used by the FBI to respond to plaintiff's FOIA request (as plaintiff's FOIA request is similar to, and in some respects narrower in scope than, the EPIC request). *See id.* ¶¶ 8-11.

Those pages were identified through a series of extensive searches. The first search was conducted in response to a FOIA request that sought various documents – including memoranda, training manuals, and e-mails, among others – regarding cell-site simulator devices, whether they were manufactured by Harris or not. *See* Hardy Harris Search Decl. ¶ 8. That search encompassed the period January 1, 2000 through November 8, 2011, which is after plaintiff's October 10, 2011 FOIA request. *See id.* The FBI circulated an Electronic Communication ("EC") tasking those FBI divisions and offices most likely to possess responsive records to perform a focused search. *Id.*[3] Those

---

[2] Mr. Rigmaiden's FOIA request contained numerous related parts, including, in particular, requests relating to the destruction of data after it "has been used to further an investigation or facilitate an arrest" and to alleged efforts to "conceal" the use of devices from criminal defendants. A copy of Mr. Rigmaiden's FOIA request was attached as Ex. A to Mr. Hardy's Harris/EPIC Declaration (ECF No. 91-6, 92-6, at 33-41). For the reasons set forth in the government's memoranda regarding the similar request to EOUSA, these particular parts are not proper FOIA requests. *See* Gov. Mem. at 32-33.

[3] Normally, and in response to a typical FOIA request, the FBI will search its Central Records System ("CRS"), which contains the FBI's investigative records, usually organized by the names of individuals or organizations subject to an investigation; publications; activities; or foreign intelligence matters. *See* Hardy Harris Search Decl. ¶ 6. Because the index to the CRS does not typically contain terms that one would use in a generalized search (such as a search for "cell-site simulator" devices), the FBI instead

divisions tasked to search for records included the Operational Technology Division, the FBI Laboratory, the General Counsel's Office, the Training Division, and the Critical Incident Response Group.

The second search involved the EPIC request itself. *See id.* ¶ 9. Specifically, a search EC dated May 23, 2012 (seven months after the date of plaintiff's FOIA request) was sent to seven FBI HQ divisions or offices determined to possess records potentially responsive to EPIC's request. *Id.* That request was even broader in scope, as it sought all documents concerning technical specifications regarding the StingRay device or other cell site simulator technologies (i.e., cell site simulators regardless of manufacturer); all documents concerning procedural requirements or guidelines regarding the use of these devices (including data retention and data deletion); contracts and statements of work; memoranda regarding the legal basis for the use of the devices; and Privacy Impact Assessments or Reports. *Id.* In addition to the five offices previously searched, the FBI expanded its search to the Criminal Investigative and Finance Divisions. *Id.* Moreover, the search of the five previous offices was updated pursuant to the broader scope of the EPIC request. *See id.*

Finally, a third search was conducted. In early June, 2012, the FBI Office of Public Affairs was identified as possibly having potentially responsive materials. *See id.* ¶ 10. Accordingly, that office was also instructed to search for records in response to the EPIC request. *See id.*

These searches not only meet the substance of plaintiff's FOIA request; if anything, they are in some respects substantially broader in scope than what is required by that request (as they involve not only the Harris devices that are the focus of plaintiff's request, but cell-site simulator devices generally).[4] Pursuant to those searches, the FBI

---

focused its search efforts on those FBI divisions and offices deemed reasonably likely to possess responsive records. *Id.* ¶ 7. Nonetheless, and in addition to the EC, the FBI conducted a search of the CRS. *Id.* ¶ 8. That search did not identify any responsive records. *Id.*

[4] A discussion of what constitutes a reasonable search under FOIA can be found

- 3 –

1  identified nearly 23,000 pages of responsive records, and 4,377 pages were released in
2  whole or in part to plaintiff at no cost. *See id.* ¶ 11. Plaintiff has been provided with a
3  500-page sample that has been fully processed to remove the so-called "dirty words" on
4  which the FBI had originally based its Glomar response, as the FBI has now determined
5  that those words "are sufficiently within the public realm that release of the terms in and
6  of themselves pose no foreseeable harm to an interest protected by a FOIA Exemption."
7  *Id.* ¶¶ 11-12.[5] This 500-page representative sample provides the basis for the FBI's
8  description of the exemptions it has claimed throughout the approximately 23,000 pages
9  of responsive records. *Id.* ¶ 12; *see generally* Hardy Harris/EPIC Decl., ECF Nos. 91-6,
10  92-6.

11  What, if anything, remains for the FBI to do is contingent upon this Court's
12  resolution of the procedural issues set forth in the Government Memoranda. Plaintiff
13  seeks, among other things, to have the remaining records re-processed to remove
14  redactions for the "dirty words." That would involve a re-review project "of
15  unprecedented scale and limited utility." Hardy Harris Search Decl. ¶ 11. The FBI
16  would need to re-process at least 11,000 pages (which, contrary to plaintiff's belief, are a
17  subset of the 22,982 pages identified by the FBI in its September 25, 2013 letter). *See*
18  *id.*; Hardy Harris/EPIC Decl. Ex. C (ECF No. 91-6, 92-6 at 47) ("In addition, there are
19  over 11,000 pages within the body of 23,000 pages that require additional review and
20  processing in light of the FBI's admission that records related to this request exist.").[6]
21  That, in turn, may result in the need to further process even more pages as the relevant
22  words are evaluated in context. *See* Hardy Harris Search Decl. ¶¶ 11-12. Until plaintiff
23  agrees to pay appropriate duplication fees (or this Court determines that plaintiff is

---

on pages 13-14 of the Government's Memoranda.

[5] Those words are "Stingray," "Harris Corporation," "Triggerfish," "Loggerhead," and "Wireless Intercept & Tracking Team (WITT)." *Id.*

[6] Defendants' response to plaintiff's statement of facts (Nos. 91 and 129) referred to "an additional 11,000 that had yet to be processed." The use of the term "additional" refers to the additional processing that would be required for these records.

- 4 –

entitled to a fee waiver), the FBI need not conduct this re-processing.

DATED: April 2, 2014

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

/s/ *Brad P. Rosenberg*
BRAD P. ROSENBERG
D.C. Bar No. 467513
KIMBERLY L. HERB
Illinois Bar No. 6296725
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044
Telephone: (202) 514-3374
Facsimile: (202) 616-8460
E-mail: brad.rosenberg@usdoj.gov

*Attorneys for Defendants*

STUART F. DELERY
Assistant Attorney General
ELIZABETH J. SHAPIRO
Deputy Branch Director
BRAD P. ROSENBERG (D.C. Bar No. 467513)
Trial Attorney
KIMBERLY L. HERB (Illinois Bar No. 6296725)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044
Telephone: (202) 514-3374
Facsimile: (202) 616-8460
E-mail: brad.rosenberg@usdoj.gov
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel David Rigmaiden, | No. CV-2012-01605-PHX-SRB(BSB) |
| Plaintiff, | **DEFENDANTS' SUPPLEMENTAL STATEMENT OF FACTS AS TO WHICH THERE IS NO GENUINE ISSUE** |
| vs. | |
| Federal Bureau of Investigation, et al., | |
| Defendants. | |

Pursuant to Local Rule 56.1, Defendants provide this supplemental statement of facts as to which there is no genuine issue:

1. The FBI's searches for records used to respond to plaintiff's Harris request involve both Harris and non-Harris cell site simulators. *See* Declaration of David M. Hardy Regarding the Adequacy of Search for the Harris Corp. Request ("Hardy Harris Search Decl.") ¶¶ 8-10.

2. The FBI has already searched those divisions and offices that it believes are most likely to possess records that are responsive to plaintiff's Harris request. *Id.* ¶¶ 8-10.

3. The FBI has also conducted a search of its Central Records System. *Id.* ¶ 8.

4. The FBI's searches for records used to respond to plaintiff's Harris request meet the substance of plaintiff's request. *See id.* ¶¶ 8-10.

5. The approximately 11,000 pages identified in the FBI's September 25, 2013 letter to plaintiff that require further processing are a subset of the approximately 23,000 pages of responsive material that had previously been processed pursuant to a FOIA request for the same or similar subject matter. *Id.* ¶ 11; Hardy Harris/EPIC Decl. Ex. C.

DATED: April 2, 2014                              Respectfully submitted,

                                                  STUART F. DELERY
                                                  Assistant Attorney General

                                                  ELIZABETH J. SHAPIRO
                                                  Deputy Branch Director

                                                  /s/ *Brad P. Rosenberg*
                                                  BRAD P. ROSENBERG
                                                  D.C. Bar No. 467513
                                                  KIMBERLY L. HERB
                                                  Illinois Bar No. 6296725
                                                  Trial Attorneys
                                                  U.S. Department of Justice
                                                  Civil Division, Federal Programs Branch
                                                  P.O. Box 883
                                                  Washington, D.C. 20044
                                                  Telephone: (202) 514-3374
                                                  Facsimile: (202) 616-8460
                                                  E-mail: brad.rosenberg@usdoj.gov

                                                  *Attorneys for Defendants*