1 | Daniel David Rigmaiden #10966111
2 | CCA-CADC
PO Box 6300
3 | Florence, AZ 85132
Telephone: none
4 | Email: none

5 | Daniel David Rigmaiden,
Pro Se, Plaintiff

_____ FILED   _____ LODGED
_____ RECEIVED _____ COPY

APR 0 3 2014

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ P DEPUTY

6 |

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

7 |

8 | Daniel David Rigmaiden,

9 |      Plaintiff,

v.

10 | Federal Bureau of Investigation, et al.

11 |      Defendant.

12 |

13 |

Civil Action No.:

12-CV-01605-SRB-BSB

MOTION TO STRIKE DOWN
DEFENDANTS' CROSS MOTION FOR
SUMMARY JUDGMENT ON THE BASIS
OF IT BEING SCANDALOUS OR, IN
THE ALTERNATIVE, COMPLIANCE
WITH LRCiv 83.7, OR FOR A MORE
DEFINITE STATEMENT OF AN ISSUE

14 |      Plaintiff, Daniel David Rigmaiden, appearing *pro se*, respectfully requests that the Court

15 | either strike down Defendants' *Cross Motion For Summary Judgment* (Dkt. #091) for being both

16 | **scandalous** and not in compliance with local rules or, in the first alternative, order that Defendant

17 | FBI place a signed agreement on the record (complying with LRCiv 83.7) acting to settle the

18 | matter addressed herein or, in the second alternative, order Defendant FBI to provide a more

19 | definite statement of the herein discussed claims that were presented in its cross motion for

20 | summary judgment.  The instant motion is brought pursuant to Fed. R. Civ. Pro. 12(f),[1] LRCiv

21 | 83.7,[2] and Fed. R. Civ. Pro. 12(e).[3]   A proposed form of order to strike is attached.

22 | 1.    "MOTION TO STRIKE. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, **or scandalous matter....**" *Id.* (emphasis added).

23 | 2.    "No agreement between parties or attorneys is binding, if disputed, unless it is in
24 | writing signed by the attorney of record or by the unrepresented party, or made orally in open court and on the record; provided, however, that in the interests of justice the Court shall have
25 | the discretion to reject any such agreement." *Id.*

26 | 3.    "MOTION FOR A MORE DEFINITE STATEMENT. A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so
vague or ambiguous that the party cannot reasonably prepare a response. **The motion must**
27 | **be made before filing a responsive pleading and must point out the defects complained**
**of and the details desired.** If the court orders a more definite statement and the order is not
28 | obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order." *Id.* (emphasis added).

**ARGUMENT**

Plaintiff brings this motion under Fed. R. Civ. Pro. 12(e) because Defendant FBI is being vague and ambiguous regarding *the basis for its claims* that "plaintiff has agreed that a similar, pre-processed request by the Electronic Privacy Information Center ('EPIC') can serve as a substitute for his request[,]" Dkt. #091, p. 2,[4] that "[t]he... parties have agreed to use the FBI's search for records in response to the EPIC request as the search for plaintiff's Harris request[,]" *id.*, p. 7, and that "[t]he FBI... has disclosed all non-exempt information that reasonably could be disclosed[,]" *id.*, p. 32, among the other vague and ambiguous claims listed in ¶ No. 1 below. Plaintiff does not know how to respond to these claims considering (1) the so-called "evidence" Defendant FBI cites does not support said claims, which renders them vague and ambiguous, (2) the claims contradict a statement made by David Hardy in his declaration at Dkt. #091-6 (*see* ¶ No. 1 § (c)(11), *infra*), (3) the claims contradict recordings made of Mr. Rigmaiden and counsel for Defendant FBI, Brad Rosenberg, as they spoke on the phone, and (4) the so-called "evidence" cited in support of Defendant FBI's claims is not properly placed on the record in a form where Plaintiff can respond according to local rules. Furthermore, counsel for Defendant FBI, Mr. Rosenberg, is relying upon a supposed "agreement between parties" that is not binding in this litigation. The agreement that he claims exists is not in compliance with local rules requiring that the agreement be "in writing signed by the attorney of record or by the unrepresented party, or made orally in open court and on the record[.]" LRCiv 83.7. Plaintiff should not be required to waste precious page space in his response motion proving the falsity of an agreement that is not binding *even if* true.

Furthermore, Plaintiff brings this motion under Fed. R. Civ. Pro. 12(f) because the *claims themselves* are fabrications perpetrated by Defendant FBI, and counsel for Defendant FBI, Mr. Rosenberg. Defendant FBI and counsel are **making false and dishonest claims to the court**. Plaintiff never agreed to (1) permit the FBI to *not process* the 34,000 "pages" of records responsive to his Harris FOIA request, (2) accept records from EPIC's FOIA disclosure as a way

---

4.      All cites to page numbers in Defendants' filings reference the page numbers contained in the court generated ECF stamps added after documents are filed.

of satisfying Plaintiff's outstanding Harris FOIA request, (3) accept the search for records in response to EPIC's FOIA request in place of the FBI conducting the searches requested by Plaintiff, and (4) end the litigation after the first round of summary judgment motions. Mr. Rosenberg is pushing these lies upon the Court in an attempt to avoid having Defendant FBI perform further work on Plaintiff's Harris FOIA request while the FBI previously agreed via letter dated September 25, 2013, to complete work on 34,000 "pages" of records and to provide the results to Plaintiff. Plaintiff should not have to waste precious page space in his response motion responding to counsel's blatant lies that act to serve a scandalous objective. Brad Rosenberg's lies will not stand. The only informal verbal agreement[5] the parties made was that a 500-page sample of records responsive to Plaintiff's FOIA Harris request,[6] along with a *Vaughn* index prepared according to Plaintiff's terms, would be used to immediately litigate the withholdings and redactions that the FBI *planned to do in the future* as it processes the full 34,000 "pages" and other possible records responsive to **Plaintiff's Harris FOIA request**—which will result in fewer redactions and more "pages" when compared to EPIC's disclosure. Additionally, the agreement was made on the condition that (1) Plaintiff reserves his right to challenge future redactions/withholdings if the subject matter of any given *future* record (disclosed from the noted 34,000 "pages") is not covered by the *Vaughn* index addressing the 500-page sample, and (2) the FBI would have to defend the sufficiency of its search once that issue becomes ripe for review.

In support of the accusations contained in the preceding two paragraphs, and in support of the detailed relief requested at the end of this motion, Plaintiff submits the following:

1.       In support of Mr. Rosenberg's vague, ambiguous, and false claims briefly noted above, he relied upon an exchange of emails between Mr. Rigmaiden and himself. The emails are at EXHIBITS A-C, Dkt. #091-2, #091-3, and #091-4 (hereafter "emails"). To support his false claims, Mr. Rosenberg (1) cites to the emails while their contents do not reflect his false claims, (2) cites to the emails without regard to the underlying chronology of events, and (3)

---

5.       By "informal agreement" Plaintiff means that even the TRUE agreement made by the parties, as opposed to Mr. Rosenberg's lies, is also not in compliance with LRCiv 83.7.

6.       By mere happenstance, the 500-page sample was assembled during the EPIC litigation. However, that is where anything "EPIC related" ends in the instant litigation.

paraphrases the emails while adding words that change the emails' meaning.  Furthermore, Mr. Rosenberg makes these deplorable advances while knowing full well that the emails merely acted to confirm fragments of telephone conversations during which the TRUE agreements were made. Mr. Rosenberg fails to realize that all calls to/from correctional institutions are recorded and stored.  In the following sublist, Plaintiff (1) identifies each of Mr. Rosenberg's lies presented to the Court, (2) explains how Mr. Rosenberg's cited/paraphrased "evidence" does not support his lies, and (3) points to real evidence—or where to get the real evidence—supporting Plaintiff's allegations of Mr. Rosenberg's dishonesty:

   a.   Lie presented to the Court by Mr. Rosenberg: "[T]he FBI noted [in a letter to Mr. Rigmaiden] that it had previously processed a **similar FOIA request filed by EPIC**, resulting in the FBI's release of 4,377 pages of materials []....  The FBI proposed that it could provide plaintiff with these already processed pages..." Dkt. #091, p. 23 (emphasis added) (citing *David Hardy's 1st Declaration*, ¶ 9 (Dkt. #091-6, p. 4) ("**In it's September 25, 2013 letter** to Rigmaiden, the FBI offered to provide him with 4,377 pages of pre-processed material that had been **provided previously to EPIC** in response to a similar FOIA request;" (emphasis added))).  Evidence to Support Allegation of Dishonesty:

   **(1)** The FBI's September 25, 2013, letter to Mr. Rigmaiden **fails to state** that the 4,377 "pages" of records processed "for a similar FOIA request" were in relation to EPIC's FOIA request (*see David Hardy's 1st Declaration*, EXHIBIT C (Dkt. #091-6, p. 47-48) (Sept. 25, 2013, attached FBI letter with no mention of EPIC).  Likewise, the letter **does not state** that the 4,377 "pages" from the similar FOIA request contain *Glomar*-style redaction or otherwise have "Harris" terms redacted —as was the case with the EPIC record disclosures.[7]  *See id*.  Instead, the letter conveys that Mr. Rigmaiden would be provided with records relating to Harris

---

7.    The EPIC FOIA disclosures have all "Harris" terms redacted and are therefore not at all responsive to Plaintiff's FBI Harris FOIA request.  Furthermore, the EPIC FOIA disclosures provided to the public in PDF files **total 4,925 "pages"** (not 4,377), as of October 1, 2013.  *See EPIC - EPIC v. FBI - Stingray / Cell Site Simulator, available at* http://epic.org/foia/fbi/stingray/ (last accessed: Oct. 1, 2013).

products and that 4,377 "pages" of records had already been processed "for a similar FOIA request" to reveal Harris terms and were ready to be sent. *See id.*

**(2)** September 2013 through November 19, 2013, recorded phone calls between Rigmaiden and Rosenberg in the possession of CCA-CADC revealing:

*(i)* Mr. Rigmaiden repeatedly asked Mr. Rosenberg if the 4,377 "pages" of records referenced in the FBI's September 25, 2013, letter were the same as EPIC's, with **Mr. Rosenberg repeatedly stating that he did not know.**

*(ii)* During a November 19, 2013, phone call, Mr. Rosenberg informed Mr. Rigmaiden **for the first time** that the 4,377 "pages" referred to in the FBI's September 25, 2013, letter (and later referenced in Mr. Rigmaiden's November 18, 2013, email) were from the same as the EPIC disclosure, which have "Harris" terms redacted and are therefore not responsive to Mr. Rigmaiden's Harris FOIA request.

b.    Lie presented to the Court by Mr. Rosenberg: "While Mr. Rigmaiden initially rejected this offer, *see* Ex. F, Rigmaiden (p. 23) letter Oct. 21, 2013, he subsequently proposed that the **FBI provide him with a copy of the EPIC documents** and a *Vaughn* index detailing the basis for the FBI's withholdings on the basis of Exemptions 1, 3, 4, 5, 6, 7(C),12 and 7(E) within that set of documents, *see* Ex. A [**Ex. A is Nov. 18, 2013, email from Rigmaiden to Rosenberg (Dkt. #91-2)**]." Dkt. #091, p. 23-24 (emphasis added).   Evidence to Support Allegation of Dishonesty:

**(1)** Mr. Rigmaiden's November 18, 2013, email at Dkt. #091-2, EXHIBIT A, **does not request a copy of the EPIC records** as falsely claimed by Mr. Rosenberg. *See id.* **The word "EPIC" appears nowhere in the email.** *See id.* Mr. Rigmaiden was requesting the 4,377 "pages" processed in accordance with **his FOIA request** (*i.e.*, with "Harris" terms revealed, *etc.*) and with no *Glomar*-style redactions, as indicated in the FBI's September 25, 2013, letter. *See* Dkt. #091-6, p. 47-48 (FBI letter); *see also* § (a)(1), *supra*. Mr. Rosenberg did not inform Mr. Rigmaiden that the 4,377 "pages" referenced in the FBI's September 25, 2013,

letter were identical to EPIC's disclosure until one day later (*i.e.*, during their November 19, 2013, phone call).  *See* § (a)(2)(ii), *infra*.

**(2)**  September 2013 through December 10, 2013, recorded phone calls between Rigmaiden and Rosenberg in the possession of CCA-CADC revealing:

*(i)* As a general matter, Mr. Rigmaiden repeatedly told Mr. Rosenberg over the phone that he already received and reviewed EPIC's records (they were/are publicly available on the web)[8] and was **not interested in receiving them** in place of the FBI fulfilling his FOIA request.

*(ii)* During a phone call predating Mr. Rigmaiden's November 18, 2013, email (likely the September 26, 2013, phone call), Mr. Rosenberg requested that Mr. Rigmaiden agree to have the FBI provide him with a 500-page sample of FOIA records and a corresponding *Vaughn* index that had been prepared in the EPIC case so that he and Mr. Rigmaiden could litigate the applicability of redactions the FBI *planned to do in the future* while processing the 34,000 "pages" of records responsive to **Mr. Rigmaiden's Harris FOIA request**.  Mr. Rosenberg explained that this was also the plan in the EPIC case.  *See also David Hardy's 1st Declaration*, ¶ 16 (Dkt. #091-6, p. 7) (explaining the same plan).  Mr. Rigmaiden refused this request because *(I)* Mr. Rosenberg stated that he was unsure on whether the sample would cover the full scope of information contained in the 34,000 "pages" responsive to Mr. Rigmaiden's Harris FOIA request yet to be processed by the FBI, and *(II)* Mr. Rigmaiden otherwise stated that he did not think 500 "pages" was a big enough sample for the noted purpose.

**(3)**  On November 12, 2013, the Court struck Mr. Rigmaiden's supplemental filings (relating to an earlier version of his summary judgment motion) and stated that it would only allow Mr. Rigmaiden to file one motion for summary judgment.  *See*

---

8.      *See* fn. No. 6, *supra*.  Mr. Rigmaiden also noted to Mr. Rosenberg that the number of "pages" released by EPIC to the public was not 4,377.

Dkt. #063, p. 4 ("The Court will not consider multiple motions for summary judgment from a single party."). Mr. Rigmaiden then advised the Court that multiple summary judgment motions are typically permitted in FOIA suits, but would nonetheless try to "'twist into ripeness' as many non-frivolous issues as he possibly can." *See* Dkt. #068, p. 6. In light of the Court's "one motion ultimatum," and remembering Mr. Rosenberg's prior request to litigate *all future redactions* based on a 500-page sample and *Vaughn* index, Mr. Rigmaiden sent the November 18, 2013, email. However, Mr. Rigmaiden was not agreeing to accept **EPIC's** 4,377 "pages," or even **EPIC's** 500-page sample. Rather, he was agreeing to accept the 4,377 "pages" of records the FBI had represented in its September 25, 2013, letter as being fully processed in accordance with **Mr. Rigmaiden's Harris FOIA request** (not EPIC's) and **with no *Glomar*-style redactions.** *See* § (b)(1); (a)(1); and (a)(2)(i) and (i) *supra* (Explaining how the FBI's letter does not mention EPIC and how Mr. Rigmaiden was not advised that the 4,377 "pages" were identical to EPIC's records). Mr. Rigmaiden's November 18, 2013, request was made in the vein of Mr. Rosenberg's prior explanation of the plan established in the EPIC case, *i.e.,* the FBI providing a sample of FOIA disclosure records and a *Vaughn* index addressing the sample so that the parties could litigate the applicability of *all future redactions yet to be made.*

**(4)** Mr. Rigmaiden's request for a "second *Vaughn* index" via his November 18, 2013, email—which had **no relation to the EPIC FOIA request** or disclosure—is addressed in § (d), *infra.*

c.    Lie presented to the Court by Mr. Rosenberg: "As for the Harris/EPIC Request, **plaintiff has agreed that a similar, pre-processed request by the Electronic Privacy Information Center ("EPIC") can serve as a substitute for his request.**" Dkt. #091, p. 5 (emphasis added). "While plaintiff's brief addresses his claim for expedited processing in relation to his Harris request to the FBI, as discussed above, the parties agreed to substitute the EPIC request for plaintiff's Harris request." *Id.*, p. 37. "The...

parties have **agreed to use the FBI's search for records in response to the EPIC request as the search for plaintiff's Harris request**. *See* Nov. 18, 2013 E-Mail from Daniel Rigmaiden to Brad Rosenberg, attached hereto as Ex. A; Jan. 6, 2014 Letter from Brad Rosenberg to Daniel Rigmaiden (enclosing e-mail), attached hereto as Ex. B; January 27, 2014 Letter from Brad Rosenberg to Daniel Rigmaiden (enclosing e-mail), attached hereto as Ex. C." *Id.*, p. 7 (emphasis added). <u>Evidence to Support Allegation of Dishonesty</u>:

(1) The emails cited by Mr. Rosenberg at Dkt. #091-2, #091-3, and #091-4 **do not state anywhere** that Mr. Rigmaiden agreed to accept the EPIC FOIA search and EPIC FOIA records in place of having the FBI process the 34,000 "pages" of records responsive to his Harris FOIA request. The emails do not contain any text even suggesting that Mr. Rigmaiden was letting the FBI off-the-hook regarding its obligation to process his Harris FOIA request. *See id.* For example, nowhere in the emails did Mr. Rigmaiden agree that the FBI could ignore its FOIA obligations regarding the "over 11,000 pages... that require additional review and processing in light of the FBI's admission that records related to this request exist." *David Hardy's 1ˢᵗ Declaration*, EXHIBIT C (Dkt. #091-6, p. 47-48) (Sept. 25, 2013, FBI letter sent to Mr. Rigmaiden explaining the records responsive to his request).

(2) Contrary to Mr. Rosenberg's deceitful paraphrasing, Mr. Rigmaiden's January 10, 2014, email informed Mr. Rosenberg that he also "expect[s] the FBI to reprocess the 4,377 pages to remove the *Glomar* related redactions [(*i.e.*, redacted Harris terms)]." Dkt. 91-4, p. 4 (email sent after being informed by Mr. Rosenberg that the 4,377 "pages" referenced in the FBI's Sept. 25, 2013, letter were the same as the EPIC disclosure, which have Harris terms redacted). Note: Mr. Rosenberg informed Mr. Rigmaiden on November 19, 2013, that EPIC's version of the 4,377 "pages" have *Glomar*-style redactions (*i.e.*, Harris terms redacted) and are not responsive to Mr. Rigmaiden's Harris FOIA request. *See* § (c)(5)(i), *infra*.

(3) Contrary to Mr. Rosenberg's deceitful paraphrasing, Mr. Rigmaiden's January

10, 2014, email informed Mr. Rosenberg that he "was not insinuating that [EPIC's 4,377 'pages'] would satisfy [][his] FOIA request for those pages." *Id.*, p. 4.

**(4)** September 2013 through December 10, 2013, recorded phone calls between Rigmaiden and Rosenberg in the possession of CCA-CADC revealing:

> *(i)* Generally, an agreement to accept EPIC's FOIA disclosure in place of having the FBI process Mr. Rigmaiden's Harris FOIA request was never made between the parties while speaking on the phone.

> *(ii)* Mr. Rigmaiden repeatedly told Mr. Rosenberg over the phone that he already received and reviewed EPIC's records (they were/are publicly available on the web)[9] and was **not interested in receiving them** in place of the FBI fulfilling his FOIA request.

**(5)** November 19, 2013, recorded phone call between Rigmaiden and Rosenberg in the possession of CCA-CADC revealing:

> *(i)* Mr. Rosenberg informed Mr. Rigmaiden **for the first time** (*i.e.*, on November 19, 2013) that the 4,377 "pages" of records mentioned in the FBI's September 25, 2013, letter and mentioned in Mr. Rigmaiden's November 18, 2013, email were identical to the records previously released to EPIC.

**(6)** On November 25, 2013, the Court "clarified" what it meant about allowing only one round of summary judgment motions and stated, "Although the scheduling Order does not provide for multiple motions for summary judgment (Doc. 35), it does not preclude the parties from seeking leave to file a second motion for summary judgment if appropriate based on the circumstances of the case." Dkt. #069, p. 1-2.

**(7)** November 19, 2013, through December 10, 2013, recorded phone calls between Rigmaiden and Rosenberg in the possession of CCA-CADC revealing:

> *(i)* As previously noted (*see* § (c)(3)(i), *supra*), on November 19, 2013, Mr. Rosenberg informed Mr. Rigmaiden for the first time that the 4,377 "pages" of

---

9.    *See* fn. No. 6, *supra*.

1    records mentioned in the FBI's September 25, 2013, letter and mentioned in Mr.

2    Rigmaiden's November 18, 2013, email were identical to the records previously

3    released to EPIC.  Because the parties were now aware that the records were

4    identical to the EPIC releases, and therefore contained *Glomar*-style redactions,

5    Mr. Rigmaiden and Mr. Rosenberg concluded that they would not be suitable as

6    a sample for the purpose of litigating the applicability of redactions *to be made*

7    *in the future* while the FBI processes the 34,000 "pages" responsive to Mr.

8    Rigmaiden's Harris FOIA request.

9    *(ii)* Mr. Rosenberg again suggested that Mr. Rigmaiden agree to use the 500-

10   page sample from the EPIC disclosure as a means to litigate the redactions *to be*

11   *made in the future* while the FBI processes the 34,000 "pages" responsive to Mr.

12   Rigmaiden's Harris FOIA request.  *See also* § (b)(2)(i), *supra* (documenting Mr.

13   Rosenberg's initial proposal and Mr. Rigmaiden's rejection of the proposal).

14   Subject to certain conditions, Mr. Rigmaiden then agreed to use the 500-page

15   sample and a new *Vaughn* index prepared according to Mr. Rigmaiden's terms,

16   but only if Mr. Rigmaiden could *(I)* preserve his right to bring future challenges

17   to future redactions/withholdings through additional litigation (*e.g.*, via future

18   motions for summary judgment) as the FBI continues to process the 34,000

19   "pages" of records that are yet to be processed, and *(II)* challenge the

20   sufficiency of the FBI's search once all the records responsive to Mr.

21   Rigmaiden's Harris FOIA request are provided or the matter otherwise becomes

22   ripe for review.  Via telephone, **Mr. Rosenberg agreed to Mr. Rigmaiden's**

23   **terms** and stated his understanding that the 500-page sample and new *Vaughn*

24   index would be used merely as a means to litigate the FOIA

25   withholdings/redactions that the FBI plans to apply to the 34,000 "pages" of

26   records responsive to Mr. Rigmaiden's Harris FOIA request *as they are*

27   *processed in the future*.  The parties entered into this agreement so that

28   Defendant FBI could move for summary judgment on its

1    redactions/withholdings prior to processing/reprocessing the full 34,000 "pages"

2    responsive to Mr. Rigmaiden's Harris FOIA request.

3    **(8)** After Mr. Rigmaiden and Mr. Rosenberg's last phone call on December 10,

4    2013, Mr. Rosenberg sent Mr. Rigmaiden a December 12, 2013, email containing

5    text revealing Mr. Rosenberg's understanding the the FBI would have to continue

6    to process the 34,000 "pages" responsive to Mr. Rigmaiden's Harris FOIA request

7    and that it would eventually have to defend the adequacy of its search once the

8    disclosure process is complete: *(I)* "I recognize, however, that you have reserved

9    your right to challenge a particular exemption if, for some reason, it was not a

10   category of exemption previously litigated[,]" and *(II)* "[I] recogniz[e] that the FBI

11   will also have to defend the adequacy of its search[.]" Dkt. #91-3, p. 4.  Mr.

12   Rosenberg was referencing the aspect of the agreement that would **require the**

13   **FBI** to continue to process the 34,000 "pages" and then to finally defend the

14   adequacy of its search once the issue becomes ripe.  Mr. Rosenberg's email

15   contradicts his lie at Dkt. #091 that Mr. Rigmaiden agreed to abandon his FOIA

16   request and accept the EPIC search and disclosure in its place.

17   **(9)** November 19, 2013, through December 10, 2013, recorded phone calls

18   between Rigmaiden and Rosenberg in the possession of CCA-CADC revealing:

19       *(i)* Mr. Rigmaiden requested that the FBI provide him with a copy of the 4,377

20       "pages" provided to EPIC **merely as a courtesy**, and not as a means to fulfill

21       his outstanding Harris FOIA request in any way.  Mr. Rosenberg informed Mr.

22       Rigmaiden that the FBI would likely provide a copy as a courtesy.

23   **(10)** Contrary to Mr. Rosenberg's deceitful paraphrasing, Mr. Rigmaiden's January

24   10, 2014, email states he was requesting a courtesy copy of the 4,377 "pages"

25   provided to EPIC not to "satisfy [][his] FOIA request for those pages[,]" but "so

26   that [][he] could determine if a machine reading process could be developed that

27   would be adequate to extract sufficiently mistake-free text from the otherwise flat

28

1    image scan."[10]  Dkt. #091-4, p. 4.  Mr. Rosenberg lies to the Court by claiming

2    that Mr. Rigmaiden requested and accepted EPIC's 4,377 "pages" of FOIA records

3    —which are not even responsive to Mr. Rigmaiden's Harris FOIA request unless

4    *Glomar*-style redactions are removed—as a substitute for the FBI processing the

5    full 34,000 "pages" in accordance with Mr. Rigmaiden's Harris FOIA request.

6    **(11)** Mr. Rosenberg's own client, Defendant FBI, directly contradicts one of Mr.

7    Rosenberg's lies made at Dkt. #091.  FBI employee David Hardy stated in his

8    declaration that "the FBI provided Mr. Rigmaiden, **as a matter of courtesy**, a copy

9    of the 4,377 responsive pages that the FBI previously had provided to EPIC in

10    response to its similar FOIA."  Dkt. #091-6, ¶ 14, p. 6 (emphasis added).  Mr.

11    Hardy does not state that EPIC's 4,377 "pages" were provided to fulfill Mr.

12    Rigmaiden's Harris FOIA request applicable 34,000 "pages."

13    **(12)** Contrary to Mr. Rosenberg's deceitful paraphrasing, Mr. Rigmaiden's brief

14    would have no reason to "addresses [][Mr. Rigmaiden's] claim for expedited

15    processing in relation to his Harris request[,]" Dkt. #091, p. 37, if he did not fully

16    expect the FBI to process the 34,000 "pages" that are yet to be processed in

17    accordance with his FOIA request.

18    d.      "Mr. Rigmaiden requested that the **FBI produce a "second *Vaughn* index" to**

19    **supplement the *Vaughn* index provided to EPIC** – while the EPIC *Vaughn* only

20    addressed the FBI's withholdings pursuant to exemptions (b)(3) and (b)(7)(E), Mr.

21    Rigmaiden requested that the FBI produce a second *Vaughn* that would address the

22    FBI's withholdings under exemptions 1, 3, 4, 5, 6, 7(C) , and 7(E)."  *Id.*, p. 24, fn. 13

---

23    10.    One matter subject to litigation in this suit is whether Defendants are required to

24    provide native form digital records when responding to Mr. Rigmaiden's FOIA requests.  Mr.
      Rigmaiden requested native form digital records so that computerized keyword searches (*i.e.*,

25    machine reading) could be performed on the records.  *E.g.*, Dkt. #091-4, p. 4.  Mr. Rigmaiden
      asked for **a higher quality copy** of EPIC's disclosure in hopes that he could machine-read the

26    documents then arrange for the FBI to provide **his FOIA records** in the same higher quality
      form.  This would have rendered moot his request for native form digital records.  Mr.

27    Rigmaiden made this request in an attempt to narrow the issues subject to litigation in light of
      the Court's order at Dkt. #063.  Mr. Rigmaiden had already attempted said machine-reading

28    process using the EPIC disclosures available for download on EPIC's website, but they were
      too low quality to accurately facilitate the process.  This was all explained to Mr. Rosenberg.

(citing Dkt. #091-2 [**Nov. 18, 2013, email from Rigmaiden to Rosenberg**]) (emphasis added). Evidence to Support Allegation of Dishonesty:

(1) Contrary to Mr. Rosenberg's lie to the Court, the November 18, 2013, email cited by Mr. Rosenberg at Dkt. #091-2, does not request a "second *Vaughn* index to supplement the *Vaughn* index provided to **EPIC**." As noted in § (b)(1), *supra*, the email **does not contain the word "EPIC,"** and as noted in § (c)(5)(i), *supra*, Mr. Rosenberg did not inform Mr. Rigmaiden that the 4,377 "pages" referenced in Mr. Rigmaiden's November 18, 2013, email were the same as provided to EPIC until their November 19, 2013, phone call.

(2) November 19, 2013, through December 10, 2013, recorded phone calls between Rigmaiden and Rosenberg in the possession of CCA-CADC revealing:

*(i)* The reference to a "second *Vaughn* index" made in Mr. Rigmaiden's November 18, 2013, email was made in the context of the FBI having already provided Mr. Rigmaiden a "first *Vaughn* index," *i.e.*, a draft version of a *Vaughn* index corresponding to **Mr. Rigmaiden's "Wall Street Journal" FOIA request**. Mr Rigmaiden could not have been referencing anything about EPIC in his November 18, 2013, email because he was not advised by Mr. Rosenberg that the 4,377 "pages" noted in the email were the same as the EPIC disclosure until one day later during the November 19, 2013, phone call. *See* § (c)(5)(i), *supra*.

e.     "The FBI has reviewed the withheld material and has disclosed all non-exempt information that reasonably could be disclosed." *Id.*, p. 32. "Plaintiff acknowledged that if the FBI successfully upheld its withholdings on the EPIC release, the litigation effectively would be over." Dkt. #091, p. 37. Evidence to Support Allegation of Dishonesty:

(1) Contrary to Mr. Rosenberg's lies to the Court, he stated in his January 27, 2014, email that the FBI still needs to "begin[] re-processing of the 4,377 [EPIC] pages..." to remove *Glomar*-style redactions in accordance with Mr. Rigmaiden's

Harris FOIA request.  Dkt. #091-4, p. 3.  To date, out of the 34,000 responsive "pages," the FBI has processed only 516 to remove *Glomar*-style redactions (*see* Dkt. #091-6, p. 59) and provided 325 "pages" to Mr. Rigmaiden.

**(2)**   Contrary to Mr. Rosenberg's lies to the Court, the FBI's September 25, 2013, letter notes that "over 11,000 pages... require additional review and processing in light of the FBI's admission that records related to [][Mr. Rigmaiden's] request exist."  Dkt. #091-6, p. 47.

**(3)**   In light of the Court stating on November 12, 2013, that it "will not consider multiple motions for summary judgment from a single party[,]" Dkt. #063, p. 4, Mr. Rigmaiden speculated in his November 18, 2913, email that after one round of summary judgment motions the proceedings would "**likely**" (*see* "not certainly") be concluded.  However, even at that time and under circumstances that later became irrelevant, Mr. Rigmaiden never said that the litigation would "**effectively be over**," as falsely claimed by Mr. Rosenberg to the Court at Dkt. #094.  More important, after the Court "clarified" what it meant on November 25, 2013, and stated that "the parties [][could] seek[] leave to file a second motion for summary judgment if appropriate[,]" Dkt. #069, p. 1-2, and after Mr. Rosenberg and Mr. Rigmaiden spoke on the phone on December 10, 2013, **it was agreed upon** that the litigation would **not be over**, but that *(I)* the FBI still needs to "begin[] re-processing of the 4,377 [EPIC] pages..." to remove *Glomar*-style redactions in accordance with Mr. Rigmaiden's Harris FOIA request (Dkt. #091-4, p. 3 (**quoting Mr. Rosenberg**)), *(II)* Mr. Rigmaiden has "reserved [][his] right to challenge a particular exemption if, for some reason, it was not a category of exemption previously litigated[,]" (Dkt. #91-3, p. 4 (**quoting Mr. Rosenberg**)) and *(III)* "the FBI will also have to defend the adequacy of its search" (Dkt. #91-3, p. 4 (**quoting Mr. Rosenberg**)).

**(4)**   In any even, even if the litigation does conclude after the first round of summary judgment motions, it does not give the FBI the right to begin ignoring

1                  Mr. Rigmaiden's Harris FOIA request again (as it did until it got sued), nor does it

2                  give the FBI the right to simply not process/reprocess 34,000 "pages" of records

3                  responsive to Mr. Rigmaiden's Harris FOIA request. However, Mr. Rosenberg

4                  already asserts the FBI has both of those rights. *See above.*

5      2.      The false claims noted in ¶ No. 1 above are not supported by any evidence

6 authenticated under Fed. R. Evid. 901, or evidence self-authenticating under Fed. R. Evid. 902.

7 Defendant FBI cites to free-floating exhibits at Dkt. #091-2, #091-3, and #091-4: EXHIBIT A,

8 EXHIBIT B, and EXHIBIT C. These exhibits are not attached to a declaration or affidavit by

9 Mr. Rosenberg vouching for their authenticity.

10      3.      The false claims noted in ¶ No. 1 above are not contained in Defendant FBI's

11 separate statement of undisputed material facts. LRCiv 56.1(a) states, "Any party filing a motion

12 for summary judgment must file a statement, separate from the motion and memorandum of law,

13 setting forth each material fact on which the party relies in support of the motion." *Id.* Facts that

14 support Defendant FBI's claim that it does not have to process/reprocess 34,000 "pages" of

15 records responsive to Plaintiff's FOIA request are facts that belong in a separate statement of facts

16 with supporting evidence that has been properly authenticated. If the court will let blatant lies

17 stand, Plaintiff needs to dispute the lies with a controverting statement of facts supported by

18 telephone recordings of Mr. Rosenberg in the possession of Corrections Corporation of America,

19 Central Arizona Detention Center ("CCA-CADC") and being subpoenaed by Plaintiff. A party

20 cannot controvert facts unless they are presented in the moving party's statement of facts. *See*

21 LRCiv 56.1(b) ("Any party opposing a motion for summary judgment must file a statement,

22 separate from that party's memorandum of law, setting forth: (1) for each paragraph of the

23 moving party's separate statement of facts, a correspondingly numbered paragraph indicating

24 whether the party disputes the statement of fact set forth in that paragraph and a reference to the

25 specific admissible portion of the record supporting the party's position if the fact is disputed;").

26                       **DETAILED REQUEST FOR RELIEF**

27      In conclusion, Plaintiff requests that the Court strike down Defendants' motion at Dkt.

28 #091 for being scandalous to the effect that Mr. Rosenberg is pushing lies as a means to free the

1   FBI from further work on Mr. Rigmaiden's Harris FOIA request.  Plaintiff should not have to

2   waste precious page space replying to blatant lies in his summary judgment response motion.

3           In the first alternative, Plaintiff requests that the Court order Defendant FBI to either

4   abandon its claim of the supposed agreement or place a signed agreement on the record

5   (complying with LRCiv 83.7) acting to settle the matter.

6           In the second alternative, Plaintiff requests that the Court order Defendant FBI to place

7   adequate facts and evidence on the record (in a statement of facts) supporting its claims that

8   (1) Mr. Rigmaiden agreed to accept the EPIC FOIA search and 4,377 "pages" of EPIC record

9   disclosures as a substitute for the FBI fulfilling his FOIA request, which **still requires** the

10  processing/reprocessing of 34,000 "pages" of records by the FBI as indicated in its September 25,

11  2013, letter, (2) the FBI has disclosed all records responsive to Mr. Rigmaiden's Harris FOIA

12  request, despite the fact that the FBI's September 25, 2013, letter notes that "over 11,000 pages...

13  require additional review and processing in light of the FBI's admission that records related to []

14  [Mr. Rigmaiden's] request exist[,]" (Dkt. #091-6, p. 47-48) and also Mr. Rosenberg stating in an

15  email that the FBI needs to also "begin[] re-processing of the 4,377 [EPIC] pages..." to remove

16  *Glomar*-style redactions in accordance with Mr. Rigmaiden's Harris FOIA request (Dkt. #091-4,

17  p. 3), and (3) Mr. Rigmaiden agreed to end the litigation despite the fact that on December 10,

18  2013, the parties agreed that Mr. Rigmaiden has  "reserved [][his] right to challenge a particular

19  exemption if, for some reason, it was not a category of exemption previously litigated[,]" (Dkt.

20  #91-3, p. 4) and "the FBI will also have to defend the adequacy of its search" (Dkt. #91-3, p. 4).

21  **Plaintiff also requests the Court to order Defendant FBI to be more clear on how it**

22  **believes the 500-page sample and *Vaughn* index are to be used in this litigation.**  If the

23  Court chooses not to strike, Plaintiff cannot respond to Defendant FBI's claims with a

24  controverted statement of facts unless clear evidence and facts are adequately placed on the

25  record in a statement of facts that supports Mr. Rosenberg's lies.

26                                       * * * * *

27          Plaintiff's filings, however inartfully drafted, must be liberally construed and held to less

28  stringent standards than formal pleadings by lawyers. *See* Haines v. Kerner, 404 U.S. 519 (1972).

Respectfully submitted: March 26, 2014

DANIEL DAVID RIGMAIDEN
Pro Se Plaintiff

Daniel Rigmaiden
Daniel D. Rigmaiden

CERTIFICATE OF SERVICE

I, Daniel Rigmaiden, certify under penalty of perjury under the laws of the United States of America that I provided this document to Dan Colmerauer to be mailed USPS first-class delivery of which he completed on: _April 2, 2014_ as follows:

Original attached document addressed to:

Clerk of the Court
Attn: Civil Docketing Section
Sandra Day O'Connor U.S. Courthouse
401 W. Washington St., Suite 130 SPC 1
Phoenix, AZ 85003-2118

Per court order at Dkt. #056, the ECF system will effectuate service by providing copies to Defendants' counsel: Brad Rosenberg and Kimberly Herb.

By: [signature]

-17-