1  Daniel David Rigmaiden #10966111
2  CCA-CADC
   PO Box 6300
3  Florence, AZ 85132
   Telephone: none
4  Email: none

5  Daniel David Rigmaiden,
   Pro Se, Plaintiff

FILED ___ LODGED
___ RECEIVED ___ COPY
APR 03 2014
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ P DEPUTY

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel David Rigmaiden, | Civil Action No.: |
| Plaintiff, | 12-CV-01605-SRB-BSB |
| v. | MOTION UNDER FED. R. CIV. P. 56(h) FOR APPROPRIATE SANCTIONS AGAINST DEFENDANT FBI AND COUNSEL FOR SUBMITTING DECLARATION IN BAD FAITH |
| Federal Bureau of Investigation, et al. | |
| Defendant. | |

Plaintiff, Daniel David Rigmaiden, appearing *pro se*, respectfully requests that the Court issue sanctions against Defendant FBI in light of David M. Hardy (Section Chief of the FBI Record/Information Dissemination Section) submitting a partially false declaration in bad faith. Plaintiff brings this motion pursuant to Fed. R. Civ. P. 56(h).[1] A proposed form of order issuing sanctions is attached.

In response to Plaintiff's *Motion For Partial Summary Judgment* (Dkt. #084) Defendants filed their *Cross Motion For Summary Judgment* and related attachments. *See* Dkt. #091. One attachment is Mr. Hardy's first declaration. *See* Dkt. #091-6.

In this motion, Plaintiff addresses two false claims made by Mr. Hardy via his declaration that counsel for Defendant FBI, Brad Rosenberg, relies upon to support arguments raised at Dkt. #091. Because (1) the two noted claims are false, (2) counsel relies upon those claims, and (3) both Mr. Hardy and Mr. Rosenberg know the claims are false, Defendant FBI

---

[1] "AFFIDAVIT OR DECLARATION SUBMITTED IN BAD FAITH. If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court—after notice and a reasonable time to respond—may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions." *Id.*

- 1 -

submitted its declaration in bad faith. Below, Plaintiff identifies the two false claims and explains how they are being used by Mr. Rosenberg in bad faith to support various arguments at Dkt. #091.

### FALSE CLAIM NO. 1:

Mr. Hardy claimed, "**In it's September 25, 2013 letter** to Rigmaiden, the FBI offered to provide him with 4,377 pages of pre-processed material that had been **provided previously to EPIC** in response to a similar FOIA request[.]" *David Hardy's 1ˢᵗ Declaration*, ¶ 9 (Dkt. #091-6, p. 4) (emphasis added).

### PROOF THAT CLAIM NO. 1 IS FALSE:

The FBI's September 25, 2013, letter to Mr. Rigmaiden **does not state** that the 4,377 "pages" of records processed "for a similar FOIA request" were in relation to **EPIC's FOIA request**. *See id.*, EXHIBIT C (Dkt. #091-6, p. 47-48). In fact, the letter does not reference EPIC at all. *See id.* The letter does not even state that the 4,377 "pages" from the similar FOIA request contain *Glomar*-style redaction or otherwise have "Harris" terms redacted—as was the case with the EPIC record disclosure.[2] *See id.* Instead, the letter conveys that Mr. Rigmaiden would be provided with records relating to Harris products and that 4,377 "pages" of records had already been processed "for a similar FOIA request" to reveal Harris terms and were ready to be sent. *See id.*

### WHY FALSE CLAIM NO. 1 IS RELEVANT (*i.e.*, prejudice suffered):

In his *Motion For Partial Summary Judgment*, Plaintiff argues that he is entitled to the following with respect to his yet-to-be-processed FBI Harris FOIA request: (1) fee waivers, (2) expedited processing, (3) native form digital records, (4) metadata, and (5) explanation of sufficiency of searches. *See* Dkt. #084.

In a scandalous attempt to simply render moot all of Plaintiff's arguments, Mr. Rosenberg relies upon Mr. Hardy's false claim that the FBI's September 25, 2013, letter

---

2.   The EPIC FOIA disclosures have all "Harris" terms redacted and are therefore not at all responsive to Plaintiff's FBI Harris FOIA request. Furthermore, the EPIC FOIA disclosures provided to the public in PDF files **total 4,925 "pages"** (not 4,377), as of October 1, 2013. *See EPIC - EPIC v. FBI - Stingray / Cell Site Simulator*, available at http://epic.org/foia/fbi/stingray/ (last accessed: Oct. 1, 2013).

- 2 -

1  advised Plaintiff that the 4,377 "pages" of records were the same as what was provided to
2  EPIC. Because Mr. Hardy falsely creates the appearance that Plaintiff was aware of the EPIC
3  relation as early as September 25, 2013, Mr. Rosenberg attempts to construe a November 18,
4  2013, email sent by Plaintiff to Mr. Rosenberg (*see* Dkt. #91-2) to mean that (1) Plaintiff
5  agreed to abandon his Harris FOIA request and to accept the 4,377 "pages" provided to EPIC
6  on a different, non-Harris-related FOIA request,[3] (2) Plaintiff is not entitled to additional
7  disclosures on his Harris FOIA request (despite there being 34,000 responsive pages yet to be
8  processed by the FBI), (3) expedited processing is not an issue because disclosures are
9  complete, (4) fee waivers are not an issue because disclosures are complete, and (5) the
10 sufficiency of the FBI's search is not an issue because Plaintiff agreed to accept the search
11 performed for EPIC. Because the November 18, 2013, email **does not refer to EPIC or**
12 **even contain the word "EPIC,"** Mr. Hardy's false claim is all that Mr. Rosenberg is relying
13 upon to change the plain meaning of the email. Note: the email is at Dkt. #91-2.
14      With respect to the above, some of Mr. Rosenberg's arguments at Dkt. #091 that rely
15 upon a misconstruing of the November 18, 2013, email are as follows:

> While plaintiff's brief addresses his claim for expedited processing in relation to his Harris request to the FBI, as discussed above, **the parties agreed to substitute the EPIC request for plaintiff's Harris request.**
>
> Dkt. #091, p. 37 (emphasis added).
>
> [Mr. Rigmaiden] proposed that the **FBI provide him with a copy of the EPIC documents** and a *Vaughn* index detailing the basis for the FBI's withholdings on the basis of Exemptions 1, 3, 4, 5, 6, 7(C),12 and 7(E) within that set of documents, *see* Ex. A [**Ex. A is Nov. 18, 2013, email from Rigmaiden to Rosenberg (Dkt. #91-2)**].

---

3.    Plaintiff's Harris FOIA request differs from EPIC's cell site simulator FOIA request as follows: **(1)** in the relevant section of the request, Plaintiff is only asking for documents relating to Harris products (Dkt. #091-6, p. 34), **(2)** the FBI is revealing Harris product names in the records provided to Plaintiff (Dkt. #091-6, p. 47) while the records provided to EPIC have those terms redacted (*see* fn. 2, *supra*), **(3)** Plaintiff's request covers additional subject matter in additional sections yet to be addressed by the FBI (Dkt. #091-6, p. 34-35), **(4)** the FBI still needs to address "over 11,000 pages... that require additional review and processing in light of the FBI's admission that records related to [][Mr. Rigmaiden's] request exist[]" (Dkt. #091-6, p. 47), **(5)** the FBI still needs to "begin[] re-processing of the 4,377 [EPIC] pages..." to remove *Glomar*-style redactions in accordance with Mr. Rigmaiden's Harris FOIA request (Dkt. #091-4, p. 3), and **(6)** the FBI needs to search in places requested by Plaintiff but not by EPIC (Dkt. #091-6, p. 36-38), among other differences.

- 3 -

Dkt. #091, p. 23-24 (emphasis added).

As for the Harris/EPIC Request, **plaintiff has agreed that a similar, pre-processed request by the Electronic Privacy Information Center ("EPIC") can serve as a substitute for his request.**

Dkt. #091, p. 5 (emphasis added).

The... parties have agreed to use the FBI's search for records in response to the EPIC request as the search for plaintiff's Harris request. *See* **Nov. 18, 2013 E-Mail from Daniel Rigmaiden** to Brad Rosenberg, attached hereto as Ex. A[.]

Dkt. #091, p. 7 (emphasis added).

### PROOF OF MR. ROSENBERG AND MR. HARDY'S KNOWLEDGE OF FALSE CLAIM NO. 1 BEING FALSE (*i.e.*, proof of bad faith):

The September 25, 2013, letter of which Mr. Hardy falsely claims advised Plaintiff that the 4,377 "pages" at issue were the same as the EPIC disclosure contains no such advisement. *See* Dkt. #091-6, p. 47-48. It simply conveys that there are 4,377 "pages" of records that had already been processed "for a similar FOIA request" to reveal Harris terms and are ready to be sent to Plaintiff. *See id.* Aside from not mentioning EPIC at all, the letter fails to state the 4,377 "pages" had not yet been processed in accordance with Plaintiff's Harris FOIA request. *See id.* Because the letter itself is attached to Mr. Hardy's declaration, both Mr. Hardy and Mr. Rosenberg are aware of the letter. This is evidence of Mr. Hardy's bad faith in submitting his false declaration—which contradicts the FBI letter—and evidence of Mr. Rosenberg's bad faith in relying upon the false claim. As for Mr. Rosenberg specifically, Plaintiff's November 18, 2013, email does not mention the EPIC disclosure either. *See* Dkt. #091-2, p. 2.

### FALSE CLAIM NO. 2:

Mr. Hardy claimed, "The FBI provided Mr. Rigmaiden with a copy of records **responsive to his FOIA request** that previously had been processed and released in a substantially similar FOIA lawsuit pending in the United States District Court for the District of Columbia. *See* EPIC v. FBI, Civ. No. 12-cv-00667-CKK (DDC). The FBI has processed and released all segregable information from the documents responsive to Mr. Rigmaiden's request." *David Hardy's 1st Declaration*, ¶ 75 (Dkt. #091-6, p. 31) (emphasis added).

### PROOF THAT CLAIM NO. 2 IS FALSE:

First, during a December 10, 2013, phone call, Plaintiff asked Mr. Rosenberg if the FBI would provide him with an exact duplicate of records provided to EPIC—**but in a higher quality/resolution form**—so that he could use them to test whether a machine-reading process could be developed that would eliminate the need for litigation of Plaintiff's request to receive native form digital records.[4] During that phone call and later in an email, Plaintiff made clear to Mr. Rosenberg that he wanted EPIC's 4,377 "page" disclosure provided merely as a courtesy and that it is not meant to "satisfy [][Plaintiff's] FOIA request for those pages." Dkt. #091-4, p. 4. Plaintiff also made clear to Mr. Rosenberg via phone and email that he would use the EPIC disclosure to "determine if a machine reading process could be developed that would be adequate to extract sufficiently mistake-free text from the otherwise flat image scan." Id.

Second, as for Mr. Hardy's knowledge specifically, in ¶ No. 14 of his declaration (*before* his false claim at ¶ No. 75), he confirms that "the FBI provided Mr. Rigmaiden, **as a matter of courtesy**, a copy of the 4,377 responsive pages that the FBI previously had provided to EPIC in response to its similar FOIA." Dkt. #091-6, ¶ 14, p. 6 (emphasis added). Mr. Hardy does not state that EPIC's 4,377 "pages" were provided to fulfill Mr. Rigmaiden's Harris FOIA request.

Third, both Mr. Hardy and Mr. Rosenberg were/are aware that the 4,377 "pages"

---

4. One matter subject to litigation in this suit is whether Defendants are required to provide native form digital records when responding to Mr. Rigmaiden's FOIA requests. Mr. Rigmaiden requested native form digital records so that computerized keyword searches (*i.e.*, machine reading) could be performed on the records. *See, e.g.*, Dkt. #091-4, p. 4. Mr. Rigmaiden asked for **a higher quality copy** of EPIC's disclosure in hopes that he could machine-read the documents then arrange for the FBI to provide **his FOIA records** in the same higher quality form. This would have rendered moot his request for native form digital records. Mr. Rigmaiden made this request in an attempt to narrow the issues subject to litigation in light of the Court's order at Dkt. #063. Mr. Rigmaiden had already attempted said machine-reading process using the EPIC disclosures available for download on EPIC's website, but they were too low quality to accurately facilitate the process. Hence the reason why Plaintiff told Mr. Rosenberg, "I suggest that [][the FBI] at least provide the original PDF files that had the redactions applied, rather than printing those PDFs out to paper and then rescanning back into PDFs for the CD. If you read my 5th Declaration (now stricken) you will see how poorly the FBI's PDFs machine-read." Dkt. #091-4, p. 4. Again, the request for the EPIC records was not done to fulfill Plaintiff's FOIA request. This is why Plaintiff told Mr. Rosenberg that the courtesy copy is not meant to "satisfy [][Plaintiff's] FOIA request for those pages." *Id.* This was all explained to Mr. Rosenberg over the phone as well.

provided to EPIC are **not responsive to Plaintiff's FOIA request** and were not "processed and released [with] all segregable information [] responsive to Mr. Rigmaiden's request." *Id.*, ¶ 75 (Dkt. #091-6, p. 31). Plaintiff requested records relating to Harris wireless device locator products. *See* Dkt. #091-6, p. 34. Mr. Hardy describes this request to mean records relating to "WIRELESS DEVICE LOCATORS MANUFACTURED BY HARRIS WIRELESS PRODUCTS GROUP." Dkt. #091-6, ¶ 6, p. 3. In comparison, EPIC requested records on cell site simulator technology in general. *See* fn No. 2, *supra* (website explaining EPIC's FOIA request). The 4,377 "page" EPIC disclosure had all Harris terms redacted (Note to Court: download the EPIC discosures and see for yourself [but you can forget about keyword searches]). As Mr. Rosenberg's January 27, 2014, email to Plaintiff makes clear, the FBI still needs to "begin[] re-processing of the 4,377 [EPIC] pages..." to remove *Glomar*-style redactions (*i.e.*, Harris product terms such as "StingRay" and "KingFish"). Dkt. #091-4, p. 3. Furthermore, the FBI's September 25, 2013, letter notes that "over 11,000 pages... require additional review and processing in light of the FBI's admission that records related to [][Mr. Rigmaiden's Harris FOIA] request exist." Dkt. #091-6, p. 47. In total, the FBI has 34,000 "pages" of records that still require processing or reprocessing to reveal the Harris terms responsive to Plaintiff's FOIA request. *See id.* To date, the FBI has provided Plaintiff with only 516 "pages" of records responsive to his Harris FOIA request. Dkt. #091-6, p. 59. This is a long ways off from Mr. Hardy's false claim that the FBI "processed and released all segregable information from the documents responsive to Mr. Rigmaiden's request." *Id.*, ¶ 75 (Dkt. #091-6, p. 31).

**WHY FALSE CLAIM NO. 2 IS RELEVANT (*i.e.*, prejudice suffered):**

Mr. Rosenberg relies on Mr. Hardy's false claim to support his argument that Defendant FBI has produced all that it is required to be produced in response to Plaintiff's Harris FOIA request:

> The FBI has reviewed the withheld material and has disclosed all non-exempt information that reasonably could be disclosed.

Dkt. #091, p. 32.

1    The above argument sets out to establish that Plaintiff is not entitled to further FOIA
2    record searches, processing, and disclosures on his Harris FOIA request pending with the
3    FBI. This is highly prejudicial. Mr. Rosenberg relies on Mr. Hardy's false claim to support
4    his argument in section IV, of Dkt. #091, titled "The FBI Has Produced All Reasonably
5    Segregable Portions of Records." Dkt. #091, p. 31-32. Mr. Rosenberg's argument
6    scandalously sets out to render moot *all* of Plaintiff's argument at Dkt. #084 relating to his
7    FBI Harris FOIA request:(1) fee waivers, (2) expedited processing, (3) native form digital
8    records, (4) metadata, and (5) explanation of sufficiency of searches. *See* Dkt. #084
9    (*Plaintiff's Motion For Partial Summary Judgment*).

**PROOF OF MR. ROSENBERG AND MR. HARDY'S KNOWLEDGE OF FALSE CLAIM NO. 2 BEING FALSE (*i.e.*, proof of bad faith)**:

12   The FBI's September 25, 2013, letter clearly states that "over 11,000 pages... require
13   additional review and processing in light of the FBI's admission that records related to [][Mr.
14   Rigmaiden's Harris FOIA] request exist." *See* Dkt. #091-6, p. 47. Because the letter itself is
15   attached to Mr. Hardy's declaration, both Mr. Hardy and Mr. Rosenberg are aware that the
16   FBI is yet to even come close to "process[ing] and releas[ing] all segregable information from
17   the documents responsive to Mr. Rigmaiden's request." *David Hardy's 1st Declaration*, ¶ 75
18   (Dkt. #091-6, p. 31). This is evidence of Mr. Hardy's bad faith in submitting his false
19   declaration—which contradicts the FBI letter—and evidence of Mr. Rosenberg's bad faith in
20   relying upon the false claim. As for Mr. Rosenberg specifically, he plainly acknowledged via
21   email that the FBI still needs to "begin[] re-processing of the 4,377 [EPIC] pages..." to
22   remove *Glomar*-style redactions (*i.e.*, Harris product terms such as "StingRay" and
23   "KingFish"). Dkt. #091-4, p. 3. This is further evidence of Mr. Rosenberg's bad faith
24   reliance on Mr. Hardy's declaration.

\* \* \* \* \*

26   Plaintiff respectfully requests that this motion be granted and that Defendant FBI and
27   counsel for Defendant FBI, Brad Rosenberg and Kimberly Herb, be sanctioned appropriately.
28   Plaintiff suggests that Defendants be required to refile all of Dkt. #091 including all

1  attachments, but **be limited to an 8-page** *Cross Motion For Summary Judgment* as an
2  appropriate sanction.
3      Plaintiff's filings, however inartfully drafted, must be liberally construed and held to
4  less stringent standards than formal pleadings drafted by lawyers. *See* <u>Haines v. Kerner</u>, 404
5  U.S. 519, 520 (1972).
6  ///
7  ///
8  ///
9  ///
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

Respectfully Submitted: March 26, 2014

DANIEL DAVID RIGMAIDEN
Pro Se Plaintiff

*Daniel Rigmaiden*
Daniel D. Rigmaiden

CERTIFICATE OF SERVICE

I, Daniel Rigmaiden, certify under penalty of perjury under the laws of the United States of America that I provided this document to Dan Colmerauer to be mailed USPS first-class delivery of which he completed on: April 2, 2014 as follows:

Original attached document addressed to:

Clerk of the Court
Attn: Civil Docketing Section
Sandra Day O'Connor U.S. Courthouse
401 W. Washington St., Suite 130 SPC 1
Phoenix, AZ 85003-2118

Per court order at Dkt. #056, the ECF system will effectuate service by providing copies to Defendants' counsel: Brad Rosenberg and Kimberly Herb.

By: *[signature]*

-9-