1 | Daniel David Rigmaiden #10966111
CCA-CADC
2 | PO Box 6300
Florence, AZ 85132
3 | Telephone: none
Email: none
4 |
Daniel David Rigmaiden,
5 | Pro Se, Plaintiff

FILED ✓
RECEIVED ___ LODGED
___ COPY
APR 0 3 2014
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

6 |
## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

7 |

8 | Daniel David Rigmaiden,

Civil Action No.:

Plaintiff,

9 | v.

12-CV-01605-SRB-BSB

10 | Federal Bureau of Investigation, et al.

DANIEL RIGMAIDEN'S DECLARATION UNDER PENALTY OF PERJURY IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO TAKE DISCOVERY AND INTERROGATORIES, AND MAKE REQUESTS FOR ADMISSION, AND SUBMIT SUBPOENAS PRIOR TO RESPONDING TO DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT

11 | Defendant.

12 |

13 |

14 |

15 |     Plaintiff, Daniel David Rigmaiden, being competent to make this declaration and

16 | having personal knowledge of the matters stated herein, declares pursuant to 28 U.S.C. §

17 | 1746:

18 |     1.     In support of my *Motion For Partial Summary Judgment* (Dkt. #084) I placed

19 | on the record various documents including (1) FBI and EOUSA responses to past FOIA

20 | requests, (2) a Federal Communications Commission response to a past FOIA request

21 | explaining 9-1-1 interference, (3) a transcript of FBI agent court testimony, (4) an FBI agent

22 | declaration, (5) a United States Postal Inspection Service report discussing the StingRay, and

23 | (6) other publicly available documents explaining the functions of Harris wireless device

24 | locators.  The noted documents originated from Defendants, and/or duplicates of the

25 | documents are in Defendants' possession as received their respective sources.  However,

26 | counsel for Defendants object to the admissibility of the documents as follows: "The

27 | assertions Plaintiff makes [in his statement of undisputed material facts] **based on these**

28 | **documents** are not 'facts' that can properly substantiate a motion for summary judgment[,]...

1  [we] object to the extent that Plaintiff offers documents into evidence that have not been

2  properly authenticated pursuant to the Federal Rules of Evidence." Dkt. #091-1, p. 1-2

3  (emphasis added).

4      2.      The documents applicable to Defendants' authentication object, and relevant to

5  this declaration and underlying motion, are cited in paragraph Nos. 1, 2, 3, 6, 7, 8, 9, 12, 13,

6  19, 20, 24, 25, 27, 29, 30, 33, 34, 36, 37, 40, and 41 of *Plaintiff's Statement of Facts* (Dkt.

7  #085). *See also Defendants' Objections* (Dkt. #091-1).

8      3.      The documents cited in the above noted paragraphs are in the public domain

9  and reveal details of operation for Harris products used by the FBI and other federal law

10  enforcement agencies to locate wireless devices. As explained in ¶¶ Nos. 4-5 below, Placing

11  these documents into evidence is vital to my counter argument to Defendants' argument that a

12  law enforcement and national security privilege applies to the sought after FOIA records. *See*

13  Dkt. #091 (Defendants arguments).

14      4.      In *Rosenfeld*, the Ninth Circuit found that "[i]t would not serve the purposes of

15  FOIA to allow the government to withhold information to keep secret a[n] investigative

16  technique that is routine and generally known." <u>Rosenfeld v. United States Dep't of justice</u>,

17  57 F.3d 803, 815 (9th Cir. 1995).[1] The documents of which Defendants object show that

18  even small technical details of the investigative technique at issue are generally known. For

19  example, they show that Harris devices interfere with 9-1-1 calls placed by innocent third

20  parties who are not under investigation. *See* Dkt. #085, ¶¶ Nos. 40-41. I will point to the

21  documents of which Defendants object while arguing that Defendants must disclose all

22  information relating to the operations of Harris devices in light of the public being aware of

23  how the devices work both generally and in detail. Relying on the documents, I will also

24  argue that even if some details are unknown, I am still entitled to disclosure because it would

25  otherwise mean "the government could withhold information under Exemption 7(E) under

---

26  1.    This reasoning "is supported by holdings from district courts of the District of

27  Columbia Circuit, that Exemption 7(E) only exempts investigative techniques not generally known to the public." *Id. See, e.g.*, <u>National Sec. Archive v. FBI</u>, 759 F.Supp. 872, 885

28  (D.D.C. 1991) ("Exemption 7(E) is properly invoked only for techniques not generally known to the public.").

1   any circumstances, no matter how obvious the investigative practice at issue, simply by

2   saying that the 'investigative technique' at issue is not the practice but the application of the

3   practice to the particular facts underlying the FOIA request." *Rosenfeld*, 57 F.3d at 815.

4       5.   Apart from the broader application of *Rosenfeld*, I also plan to rely on the

5   documents while arguing application of the public domain doctrine. "Under the public

6   domain doctrine, FOIA-exempt information may not be withheld if it was previously

7   disclosed and preserved in a permanent public record." Chesapeake Bay Found., Inc. v. U.S.

8   Army Corps of Eng'rs, 722 F.Supp.2d 66, 72 (D.D.C. 2010) (citation and internal quotation

9   marks omitted). "[I]f identical information is truly public, then enforcement of an exemption

10  cannot fulfill its purpose." Niagara Mohawk Power Corp. v. United States DOE, 169 F.3d 16,

11  19 (D.C. Cir. 1999).  However, the identified publicly preserved document or record need not

12  be the same document or record sought in the FOIA request.  Rather, the doctrine covers the

13  same *information*—even if the document or record produced via a FOIA search is different

14  from the publicly preserved document or record:

15      While the excerpts of [public] trial testimony produced by North do not
        establish that the documents [][sought in his FOIA request] became part of the
16      public record, they are sufficient to demonstrate that **some information** within
        the requested documents may have been publicly disclosed.... Accordingly,
17      DEA has an obligation to search for and produce any responsive records that
        contain **information** identical that which has been publicly disclosed.
18
19      North v. United States, 810 F.Supp.2d 205, 208 (D.D.C. 2011) (emphasis added).

20  Therefore, my argument is that Defendants FBI and EOUSA are required to produce all

21  records, or portions thereof, containing *information* which is the same as the *information*

22  contained in the publicly preserved documents of which Defendants object to as being

23  inadmissible.

24      6.   Under Fed. R. Evid. 901 and/or Fed. R. Evid. 902, I believes I have properly

25  authenticated the documents of which Defendants object.  However, because Defendants do

26  not agree, I now seek discovery, interrogatories, subpoenas, and admissions of evidence under

27  the Federal Rules of Civil Procedure.

28      7.   I seek to submit requests to Defendants for admissions of evidence under Fed.

R. Civ. P. 36(a)(1)(A) and (B) for all documents that originated from, or are copied to, Defendant FBI or Defendant EOUSA. Defendant FBI has in its possession the originals of the documents, or copies of the documents, cited that I cite in the following paragraphs at Dkt. #085: 1, 2, 3, 13, 20, 24, 25, 29, 30, 33, 34, and 36. Defendant EOUSA has in its possession the originals of the documents, or copies of the documents, that I cite in the following paragraphs at Dkt. #085: 6, 7, 8, 9, and 19. I seek to use Fed. R. Civ. P. 36 to curtail the gamesmanship Defendants attempt to push upon the Court as a means to have it ignore the documents Defendants know full well are authentic and, in most cases, **originated from Defendants themselves**.

8.      Under Fed. R. Civ. P. 33, I also seek to take written interrogatories from FBI Supervisory Agent Bradly S. Morrison regarding the subject matter of his public declaration referenced at ¶ Nos. 20, 24, 25, 29, and 40 of Dkt. #085. This way, Defendants' objection will be rendered moot with respect to the admissibility of Mr. Morrison's prior statements and declaration.

9.      Under Fed. R. Civ. P. 33, I also seek to take written interrogatories from USPIS Inspector James Wilson regarding his public StingRay report referenced at ¶ No. 12 of Dkt. #085. This way, Defendants' objection will be rendered moot with respect to the admissibility of Mr. Wilson's prior statements and public report.

10.     Under Fed. R. Civ. P. 33, I also seek to take written interrogatories from Sherry Sabol, Chief of the Science & Technology Office for the FBI's Office of General Counsel, regarding her public StingRay comments referenced at ¶ No. 27 of Dkt. #085. This way, Defendants' objection will be rendered moot with respect to the admissibility of Ms. Sabol's prior public statements.

11.     Under Fed. R. Civ. P. 45, I also seek to subpoena public patents from Harris Corporation or, in the alternative, from the USPTO, referenced at ¶ No. 37 of Dkt. #085. This way, Defendants' objection will be rendered moot with respect to the admissibility of public patent records available from the USPTO website.

12.     Under Fed. R. Civ. P. 45, I also seek to subpoena the FOIA response documents

- 4 -

1  provided to Christopher Soghoian referenced at ¶¶ Nos. 40 and 41 of Dkt. #085. This way,

2  Defendants' objection will be rendered moot with respect to the admissibility of a prior FOIA

3  request response of which I declared I received from the requester, Christopher Soghoian.

4      13.    Under Fed. R. Civ. P. 26, I seek to take discovery from Defendant FBI

5  regarding its FOIPA Document Processing System ("FDPS") of which it claims cannot

6  produce (1) redacted records in native format, and (2) metadata for records.  Defendant FBI

7  claimed that it "employed a Highland Technologies Inc., HighView software product, version

8  3.0.4, **customized to enable the FBI** to track and monitor its high-volume, fast-paced FOIA/

9  Privacy Act processing of... documents **when processing plaintiff's request**."  Dkt. #091-6, ¶

10  9, p. 4.  Because Defendant FBI admits to customizing its software just to process my FOIA

11  request, I need to seek discovery on the modifications made to the software and the cost of

12  those modifications so I can argue that the FBI can easily make two other modifications that

13  would satisfy my request for native form digital documents and metadata with digital

14  redactions applied.

15      14.    Under Fed. R. Civ. P. 26, I seek to take discovery from Defendant FBI

16  regarding FDPS of which it claims cannot produce redacted records in native digital form.

17  Defendant FBI claims, "All responsive hard-copy documents are scanned and imported into

18  FDPS as TIFF images and any electronic media (e.g., Word, Excel, Corel, Portable Document

19  Format (PDF), and PowerPoint) are imported via a conversion interface to TIFF format.  The

20  FDPS application is coded to convert all documents for processing purposes to a flattened

21  TIFF image format."  Dkt. #091-6, ¶ 12, p. 6.  "When preparing responsive records for

22  dissemination, the 'REDACTED COPY' is utilized to merge all redactions and other markings

23  onto the original image to create the final redacted images used for dissemination.  This final

24  version of the images is referred to as the 'SEALED COPY.'  As was the case with the

25  'MASTER COPY,' the 'SEALED COPY' is a flattened TIFF image[.]"  *Id.*, ¶ 15, p. 8.  "Both

26  the input and output from FDPS is a TIFF format file."  *Id.*, ¶ 21, p. 10.  I need to seek

27  discovery on the Dots Per Inch ("dpi") used by the FBI when it: (1) scans paper documents

28  into FDPS as TIFF images to make the "MASTER COPY," (2) converts digital documents to

1  TIFF images for loading into FDPS to make the "MASTER COPY," and (3) merges down the

2  "REDACTED COPY" to make the "SEALED COPY" TIFF image for dissemination to the

3  FOIA requester.  While Defendant FBI claims it cannot product records in native digital form,

4  it has not stated that it cannot produce records at a dpi higher than the unusable **150dpi** used

5  by Defendant FBI in the courtesy copy of the EPIC disclosure.  *See Rigmaiden's 2nd*

6  *Declaration*, ¶ 55-56 & ATTACHMENT 09 (Dkt. #087, p. 21).  In the event that native form

7  digital records are not possible, I already requested that the Court order Defendants to provide

8  all records "at 600dpi (allowing for more keyword searchable text)[.]" Dkt. #084, p. 17.  The

9  requested discovery regarding dpis will allow me to argue that, at the very least, Defendant

10 FBI is capable of providing TIFF images from FDPS at 600dpi by both scanning/converting

11 and exporting records at 600dpi, rather than at the FBI's typical 150dpi which makes Optical

12 Character Recognition ("OCR") impossible.  Defendant FBI has provided no justification for

13 providing such poor quality PDF files when generally responding to FOIA requests.

14      15.      Under Fed. R. Civ. P. 26, I seek to take discovery from Defendant FBI

15 regarding FDPS of which it claims cannot produce metadata for records.  Defendant FBI

16 claims, "In fact, the conversion of electronic documents to TIFF images is specifically

17 designed to *affirmatively* strip metadata in order to ensure that no classified and/or law

18 enforcement sensitive information is inadvertently released to the public." Dkt. #091-6, ¶ 13,

19 p. 6-7 (emphasis in original).  However, Defendant FBI also states "At most, the process is

20 able to produce a 'TIFF' image of an e-mail which may be immediately followed by a 'TIFF'

21 image of a document embedded in that e-mail (e.g., Excel, Word, .pdf, etc.)." *Id.*  Defendant

22 FBI is contradicting itself.  An email attachment is a **form of metadata**.  I need to take

23 discovery on the FBI's FDPS so I can argue that it would be a simple task to configure the

24 system to (1) extract out other metadata from emails (*i.e.*, sent/receive date, to/from, subject

25 line, *etc.*), as well as metadata from other responsive records, and (2) convert that metadata to

26 a TIFF image (which can be redacted if needed) to be placed in-line with the parent record as

27 is already done with email attachments.

28      16.      Under Fed. R. Civ. P. 26 and Fed. R. Civ. P. 33, I seek to take discovery and

1  written interrogatories from Defendant EOUSA regarding its ability to provide records in a

2  form that will allow for keyword searches, *i.e.*, native digital form or redacted vector PDF

3  form.  In John W. Kornmeier's declaration, he states that the EOUSA "uses an electronic –

4  FOIA processing system into which it transfers documents, which are then maintained in a

5  TIFF format.  The Staff also converts documents into PDF files through Adobe Acrobat.  The

6  Staff uses these formats (i.e., TIFFs and PDFs) to redact and process records, which it cannot

7  do in native form."  Dkt. #091-9, ¶ No. 24, p. 6.  Plaintiff seeks to use a discovery request and

8  interrogatories to gather information to support his argument that the PDF files can be

9  redacted while maintaining the disclosable text in vector form for keyword searches.  EOUSA

10  admits that it does redactions on PDF files.  If the redaction software it uses is capable of

11  doing redactions as explained by Plaintiff at Dkt. #085, ¶ No. 76, p. 36-37, then EOUSA is

12  fully capable of providing (1) all responsive PDF records in native digital form with

13  redactions applied, and (2) all other records converted to PDF, with searchable text, and with

14  redactions applied.

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: March 26, 2014, in Florence, AZ, USA.

DANIEL DAVID RIGMAIDEN
Pro Se Plaintiff

Daniel Rigmaiden

Daniel Rigmaiden
Agency # 10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132

DECLARATION

— 8 —