STUART F. DELERY
Assistant Attorney General
ELIZABETH J. SHAPIRO
Deputy Branch Director
BRAD P. ROSENBERG (D.C. Bar No. 467513)
Trial Attorney
KIMBERLY L. HERB (Illinois Bar No. 6296725)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C.  20044
Telephone: (202) 514-3374
Facsimile: (202) 616-8460
E-mail: brad.rosenberg@usdoj.gov
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel David Rigmaiden, <br><br> Plaintiff, <br><br> vs. <br><br> Federal Bureau of Investigation, et al., <br><br> Defendants. | No. CV12-1605-SRB-BSB <br><br> **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO TAKE DISCOVERY (ECF NOS. 101, 102)** |

Defendants Federal Bureau of Investigation, Executive Office for United States Attorneys, Office of Information Policy, and U.S. Department of Justice ("defendants") hereby file this response to plaintiff's Motion for Leave to Take Discovery,[1] including plaintiff's declaration submitted in support.[2] Plaintiff seeks discovery pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, which allows non-movants to obtain

---

[1] Motion for Leave to Take Discovery and Interrogatories, and Make Requests for Admission, and Submit Subpoenas Prior to Responding to Defendants' Cross-Motion for Summary Judgment (ECF No. 101, 04/03/2014) ("Rigmaiden Discovery Motion").

[2] Daniel Rigmaiden's Declaration Under Penalty of Perjury in Support of Plaintiff's Motion for Leave to Take Discovery and Interrogatories, and Make Requests for Admission, and Submit Subpoenas Prior to Responding to Defendants' Cross-Motion for Summary Judgment (ECF No. 102, 04/03/2014) ("Rigmaiden Discovery Decl.").

through discovery facts that are otherwise unavailable to them and that are necessary to justify their opposition to summary judgment.  Here, by contrast, plaintiff seeks discovery on facts that are already available to him or that relate to a motion in which plaintiff is the movant.  Moreover, discovery generally is not available in Freedom of Information Act ("FOIA") lawsuits.  Accordingly, and for the reasons set forth in more detail below, this Court should deny plaintiff's motion.

## ARGUMENT

### I. Rule 56(d) Is Inapplicable Because Plaintiff Is Seeking Discovery on Issues Where He Is, Or Has Claimed to Be, the Movant.

Plaintiff has brought his motion, and is seeking discovery, pursuant to Rule 56(d) of the Federal Rules of Civil Procedure.  According to plaintiff, he needs discovery because "he has insufficient evidence to adequately respond to Defendants' [cross-motion for summary judgment]."  Rigmaiden Discovery Motion at 1.  As plaintiff implicitly acknowledges in that statement, Rule 56(d) applies to non-movants.  *See* Fed. R. Civ. P. 56(d) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . allow time to . . . take discovery").  Plaintiff, however, is seeking discovery relating to two specific topics on which he is, or has claimed to be, the movant:  (1) the documents that he has attempted to place into evidence in support of his motion for partial summary judgment; and (2) the form of production of the documents responsive to plaintiff's FOIA request, which plaintiff affirmatively raised in his motion for partial summary judgment.  Rule 56(d) therefore cannot provide the relief that plaintiff seeks.

As to the first category, plaintiff claims that "[p]lacing these documents into evidence is vital to my counter-argument to Defendants' argument that a law enforcement and national security privilege applies to the sought after FOIA records."  Rigmaiden Discovery Decl. ¶ 3.  However, plaintiff has not yet made this "counter-argument," and these documents were submitted in support of his motion for partial summary judgment.  The title of the document containing the facts plaintiff derives from these documents –

1    Plaintiff's Statement of Undisputed Material Facts in Support of Motion for Partial
2    Summary Judgment – reveals as much. *See* ECF No. 85, 02/04/2014.

3          Plaintiff's ability to rely upon Rule 56(d) is even more tenuous as to the discovery
4    that he seeks regarding the format of documents to be produced. As set forth in his
5    declaration in support of his Rule 56(d) motion, Mr. Rigmaiden now seeks discovery
6    regarding the FBI's and EOUSA's inability to produce FOIA documents in native digital
7    form with metadata intact. *See* Rigmaiden Discovery Decl. ¶¶ 13-16. This, however,
8    was an issue on which Mr. Rigmaiden affirmatively moved for summary judgment, even
9    giving his opinion, in the form of a declaration, as to why he believes that the defendants
10   can provide records in the format that he has chosen. This is not an issue on which
11   defendants have the burden at summary judgment. *See Tax Analysts v. U.S. Dep't of*
12   *Justice*, 913 F. Supp. 599, 601-02 (D.D.C. 1996) (court "has jurisdiction only if the
13   plaintiff establishes that an agency has (1) improperly (2) withheld (3) agency records.");
14   *see also* 5 U.S.C. 552(a)(4)(B) (providing that district court "has jurisdiction to enjoin the
15   agency from withholding agency records and to order the production of any agency
16   records improperly withheld"). Moreover, plaintiff made an extensive argument in his
17   opening brief regarding this issue, to which defendants have responded. He is therefore
18   not a "non-movant," and Rule 56(d) is unavailable.

19         Finally, and as a general matter, plaintiff's request for discovery should be
20   reviewed against the backdrop that discovery generally is not available in FOIA cases.
21   *See Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008). To that end, and
22   "[u]nlike the typical summary judgment analysis, in a FOIA case, we do not ask whether
23   there is a genuine issue of material fact, because the facts are rarely in dispute." *Minier v.*
24   *CIA*, 88 F.3d 796, 800 (9th Cir. 1996). Moreover, and in FOIA cases, "[a]gency
25   affidavits are accorded a presumption of good faith, which cannot be rebutted by purely
26   speculative claims about the existence and discoverability of other documents."
27   *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (citation and internal
28   quotation marks omitted). Plaintiff's attempt to create factual "disputes" through the

1 premature filing of lengthy (and largely irrelevant) statements of fact or through the
2 submission of a declaration setting forth his speculation as to how he believes the FBI
3 processes FOIA requests does not entitle him to seek discovery.

4 Because Rule 56(d) is intended for non-movants, and because discovery generally
5 is disfavored in FOIA cases, this Court should deny plaintiff's motion.  Nonetheless,
6 there are several additional reasons as to why discovery is inappropriate here.  Those
7 reasons are specific to the categories of information that plaintiff seeks through discovery
8 and are discussed in turn below.

## II. Plaintiff Is Not Entitled to Discovery Regarding the Records That He Has Supplied.

The first category of discovery that plaintiff seeks regards those records that plaintiff has attempted to rely upon in his own statement of facts.  One of the objections that the government interposed to many of those facts is that they rely upon documents that may constitute improper hearsay.  *See* Defendants Objections and Responses to Plaintiff's Statement of Material Facts, ECF Nos. 91-1 and 92-12, 03/14/2014, at 1-2.  Defendants also objected to certain documents to the extent they were not properly authenticated.  As these are plaintiff's own documents, and as the objections raised by defendants involve purely evidentiary issues, plaintiff is not entitled to any discovery.

Specifically, plaintiff's statement of facts cites his declaration for support.  That declaration, in turn, attached the documents that plaintiff is attempting to rely upon.  However, plaintiff did not obtain many of these documents directly from their source.  Instead, and throughout his declaration, plaintiff used language indicating that "the attachment is a true and correct copy of the record *provided to me by Daniel Colmerauer*."  Daniel Rigmaiden's First Declaration Under Penalty of Perjury in Support of Plaintiff's Motion for Partial Summary Judgment, ECF No. 86, 02/04/2014, at ¶ 1 (emphasis added); *see also id.* ¶¶ 2-6, 9-26, 29-32, 39, 46 (same or similar language regarding Mr. Colmerauer); *id.* ¶ 8 ("I certify that the attached record is a true and correct copy of the record provided to me by Mr. Soghoian").  While Mr. Rigmaiden can provide

1  testimony identifying the person from whom he received these materials (Mr.
2  Colmerauer), he cannot provide valid testimony about where Mr. Colmerauer originally
3  obtained these materials, as such testimony is being offered to prove the truth of the
4  matter asserted and Mr. Colmerauer is not the declarant. *See* Fed. R. Evid. 801(c).  This
5  was a problem of Mr. Rigmaiden's own making.  For example, he could have attempted
6  to obtain the materials himself.  If that was impossible due to his incarceration, he could
7  have submitted a declaration from Mr. Colmerauer.  To the extent this Court determines
8  that a document Mr. Rigmaiden is attempting to offer into evidence is not otherwise self-
9  authenticating, *see* Fed. R. Evid. 902, that hearsay testimony is insufficient to
10 demonstrate that the subject document was, in fact, obtained from the source identified in
11 Mr. Rigmaiden's declaration.

12       In this regard, Rule 56(d) is unavailable to plaintiff.  Even if the Court assumes,
13 for purposes of its analysis, that the documents Mr. Rigmaiden filed concurrently with
14 and in support of his motion for partial summary judgment should, in fact, be construed
15 as being filed in opposition to defendants' Cross-Motion for Summary Judgment (thus
16 making Mr. Rigmaiden the non-movant), the rule is still only available if Mr. Rigmaiden
17 shows that he "cannot present facts essential to justify [his] opposition."  Fed. R. Civ. P.
18 56(d).  The government's imposition of objections – which this Court may or may not
19 sustain, *see Quanta Indemnity Co. v. Amberwood Development Inc.*, No. CV-11-01807-
20 PHX-JAT, 2014 WL 1246144, at *2-*3 (D. Ariz. Mar. 26, 2014) (setting forth Ninth
21 Circuit standards for evidence at the summary judgment stage) – has no bearing on
22 whether Mr. Rigmaiden "can[ ] present facts"; the question is simply whether he has
23 adequately done so.

24       Moreover, and as defendants noted in their objections, much of what Mr.
25 Rigmaiden attempts to offer into evidence is hearsay.  An example is found in Mr.
26 Rigmaiden's declaration in support of his discovery motion.   There, Mr. Rigmaiden
27 argues that certain documents "show that Harris devices interfere with 9-1-1 calls placed
28 by innocent third parties who are not under investigation."  Rigmaiden Discovery Decl. ¶

1  4 (citing ECF No. 85 ¶¶ 40-41).  Paragraphs 40 and 41 of Mr. Rigmaiden's statement of
2  facts, in turn, assert that various Harris devices interfere with 9-1-1 calls, and cite various
3  documents to that effect.  Mr. Rigmaiden is therefore attempting to offer these documents
4  into evidence for the truth of the matter asserted – namely, that Harris devices interfere
5  with 9-1-1 calls – but has not explained whether an exemption to the hearsay rule exists
6  or why the hearsay rule is inapplicable.[3]

Notwithstanding Mr. Rigmaiden's assertions to the contrary, these records are not "vital" to his counter-argument that the FBI cannot withhold records pursuant to FOIA Exemption 7(E).  That exemption protects from disclosure information compiled for law enforcement purposes where release of the information "would disclose techniques and procedures for law enforcement investigations or prosecutions," or where it would "disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law."  5 U.S.C. § 552(b)(7)(E). Mr. Rigmaiden asserts that he needs these documents to show that certain details of the investigative technique at issue are generally known and, therefore, the FBI cannot withhold any information under Exemption 7(E).  *See* Rigmaiden Discovery Decl. ¶ 4; *see also id.* ¶ 5 (providing similar argument for public domain doctrine).  The government will fully respond to Mr. Rigmaiden's argument (if he formally makes it) at the proper time, but notes that it is well-settled that "[t]here is no principle . . . that requires an agency to release all details concerning . . . techniques simply because some aspects of them are known to the public."  *Barnard v. Dep't of Homeland Sec.*, 598 F. Supp. 2d 1, 23 (D.D.C. 2009).  To that end, the defendants have objected to most, if not

---

[3] It may be that Mr. Rigmaiden will not attempt to actually offer all of these documents for the truth of the matters asserted therein.  For example, he cites to some of these materials in his motion for partial summary judgment to argue that he is entitled to a fee waiver because his request concerns operations or activities of the federal government.  *See* Plaintiff's Motion for Partial Summary Judgment and Supporting Memorandum (ECF No. 84, 02/04/2014), at 3-4.  At other times, however, Mr. Rigmaiden has offered these materials for the truth of the matter asserted.  *See id.* at 5 ("the Harris WPG StingRay has an automatic 'release' (*i.e.*, disconnect) for 9-1-1 emergency phone calls").

1  all, of these facts as being immaterial.  *See* Defendants Objections and Responses to
2  Plaintiff's Statement of Material Facts at 2.  Moreover, Mr. Hardy has noted that
3  "[i]nternet bloggers are already outlining ways to try to circumvent the governments [sic]
4  cellular locating and identifying capabilities" and that "[r]eleasing further details
5  pertaining to this technique would thwart law enforcement responsibilities" as "disclosure
6  would provide a virtual playbook for criminal elements and terrorists on how to identify,
7  avoid, or evade detection efforts related to the use of this technology."  Declaration of
8  David M. Hardy Regarding the Harris and EPIC Request (ECF No. 91-6 and 92-6,
9  03/14/2014) ¶ 73.

10  There exists a final problem with the discovery that plaintiff intends to seek.
11  Specifically, plaintiff has indicated that he plans to "take written interrogatories" from
12  specific individuals, including individuals described as an FBI Supervisory Agent, a
13  United States Postal Inspection Service Inspector, and the Chief of the FBI's Science and
14  Technology Office for the FBI's Office of the General Counsel.  *See* Rigmaiden
15  Discovery Decl. ¶¶ 8-10.  The United States Postal Service is even not a party to this
16  action, and none of the individuals that plaintiff has identified, whether they work for the
17  Postal Service or the FBI, are defendants in this action.  Accordingly, plaintiff's intended
18  interrogatories would be facially invalid as interrogatories can only be served upon
19  parties to the litigation.  *See* Fed. R. Civ. P. 33 ("a party may serve on any other party no
20  more than 25 written interrogatories, including all discrete subparts").

21  In short, defendants' objections raise legal and evidentiary questions for this Court
22  to resolve.  No amount of discovery will help this Court to resolve those objections.

23

24  **III.   Plaintiff is Not Entitled to Discovery Regarding Defendants' Processing of Documents.**

25  In addition to seeking discovery regarding the documents that plaintiff has
26  attempted to rely upon, Mr. Rigmaiden also seeks discovery regarding the FBI's and
27  EOUSA's inability to provide records in native digital form with metadata intact.  *See*
28  Rigmaiden Discovery Decl. ¶¶ 13-16.  Plaintiff seeks this discovery pursuant to Rule

1  56(d). As noted above, this was an issue on which Mr. Rigmaiden moved for summary
2  judgment; Rule 56(d) is therefore unavailable to him.

3  Nonetheless, there are three additional reasons why Mr. Rigmaiden's request for
4  discovery should be denied. First, much of the defendants' argument regarding the
5  format of production in general, and the production of metadata in particular, is legal
6  rather than factual in nature. As defendants noted in their brief, metadata is not a record
7  subject to FOIA. *See* Memorandum of Law in Opposition to Plaintiff's Motion for
8  Partial Summary Judgment and in Support of Defendants' Cross-Motion for Summary
9  Judgment (ECF Nos. 91 and 92, 03/14/2014), at 9-11. No amount of discovery would
10 change the legal result that defendants need not produce information that is not subject to
11 FOIA.

12 Second, Mr. Rigmaiden's request for discovery on this issue appears to be based
13 on his misreading of Mr. Hardy's declaration. Specifically, Mr. Rigmaiden has asserted
14 that, "[b]ecause Defendant FBI *admits to customizing its software just to process my*
15 *FOIA request*, I need to seek discovery on the modifications made to the software and the
16 cost of those modifications so I can argue that the FBI can easily make two other
17 modifications that would satisfy my request for native form digital documents and
18 metadata with digital redactions applied." Rigmaiden Discovery Decl. ¶ 13 (emphasis
19 added). Nowhere did the FBI say that it customized its software specifically for the
20 processing of Mr. Rigmaiden's request:

> The FBI employed a Highland Technologies Inc., HighView software product, version 3.0.4, customized to enable the FBI to track and monitor its high-volume, fast-paced FOIA/Privacy Act processing of classified (up to "Secret") and law enforcement sensitive documents when processing plaintiff's request. Dubbed the "FDPS," the software is a client-server application that has been built from the base version of the COTS product HighView and customized for the FBI's use.

Declaration of David M. Hardy Regarding Metadata and Native Digital Form (ECF Nos. 91-7 and 92-7, 03/14/2014) ¶ 9 (internal footnotes omitted). As the declaration makes clear, the FBI uses customized software when processing FOIA requests; it was not

1  customized just for Mr. Rigmaiden's request (which, as this Court may recall, actually
2  involves the same set of documents as the EPIC request).[4]

3  Third, and finally, Mr. Rigmaiden's request for discovery regarding the format of production appears to be nothing more than a fishing expedition so he can provide further opinion about why he thinks "the FBI can easily make two other modifications" to its software, Rigmaiden Discovery Decl. ¶ 13, why he thinks the "FBI is capable of providing TIFF images" of a certain resolution, *id.* ¶ 14, why he thinks "it would be a simple task" to re-configure the FBI's computer systems, *id.* ¶ 15, and why he thinks EOUSA can produce PDF records in native form and redactions, *id.* ¶ 16.  This speculation about undefined future arguments based on facts that Mr. Rigmaiden is guessing might exist falls far short of Rule 56(d)'s requirement that a party seeking discovery must show:  (1) the specific facts that they hope to elicit from further discovery; (2) that the facts sought exist; and (3) that these facts are essential to resist a summary judgment motion. *See State of California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998).  For that reason as well, discovery is inappropriate here.

## CONCLUSION

This Court should deny plaintiff's motion for discovery.

---

[4] Lest there be any remaining ambiguity, Mr. Hardy also noted that "[t]he FBI developed FDPS 3.0 in 1999 and upgraded to FDPS 4.0 July 25, 2013." *Id.* ¶ 9 n.2.

| | | |
|---|---|---|
| 1 | DATED:  April 21, 2014 | Respectfully submitted, |
| 2 | | STUART F. DELERY |
| 3 | | Assistant Attorney General |
| 4 | | ELIZABETH J. SHAPIRO<br>Deputy Branch Director |

/s/ *Brad P. Rosenberg*
BRAD P. ROSENBERG
D.C. Bar No. 467513
KIMBERLY L. HERB
Illinois Bar No. 6296725
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C.  20044
Telephone:  (202) 514-3374
Facsimile:  (202) 616-8460
E-mail:  brad.rosenberg@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 21, 2014, I served the attached document by first-class mail, postage pre-paid, on the following, who is not a registered participant of the CM/ECF system:

> Daniel D. Rigmaiden
> Agency # 10966111
> CCA-CADC
> PO Box 6300
> Florence, AZ  85132

Moreover, and because undersigned counsel understands that plaintiff is no longer incarcerated at CCA-CADC but has not yet provided the Court with an updated address, on this date I provided plaintiff with a courtesy copy of the attached document at his e-mail address:  freedan@Safe-mail.net.

/s/ *Brad P. Rosenberg*
BRAD P. ROSENBERG
D.C. Bar No. 467513
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C.  20044
Telephone:  (202) 514-3374
Facsimile:  (202) 616-8460
E-mail:  brad.rosenberg@usdoj.gov

*Attorney for Defendants*