1 | Daniel David Rigmaiden #10966111
CCA-CADC
2 | PO Box 6300
Florence, AZ 85132
3 | Telephone: none
Email: none
4 |
Daniel David Rigmaiden,
5 | Pro Se, Plaintiff

6 | **UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

7 |

8 | Daniel David Rigmaiden,                              Civil Action No.:

         Plaintiff,                              12-CV-01605-SRB-BSB
9 | v.
                                                 REPLY TO DEFENDANTS' RESPONSE
10 | Federal Bureau of Investigation, et al.       TO MOTION FOR LEAVE TO TAKE
                                                  DISCOVERY AND INTERROGATORIES,
11 |          Defendant.                           AND MAKE REQUESTS FOR
                                                  ADMISSION, AND SUBMIT
12 |                                               SUBPOENAS PRIOR TO RESPONDING
                                                  TO DEFENDANTS' CROSS-MOTION
13 |                                               FOR SUMMARY JUDGMENT

14 |

15 |          Plaintiff, Daniel David Rigmaiden, appearing *pro se*, respectfully submits *Reply to*

16 | *Defendants' Response To Motion for Leave to Take Discovery and Interrogatories, and Make*

17 | *Requests for Admission, and Submit Subpoenas Prior to Responding to Defendants' Cross-*

18 | *Motion for Summary Judgment*. Defendants' response is at Dkt. #106. Plaintiff's original

19 | filings are at Dkt. #101 and #102.

20 |          Defendants claim that "plaintiff seeks discovery on facts that are already available to

21 | him..." Dkt. #106, p. 2. This is true in some respects, however, Defendants attempt to

22 | frivolously undermine those available facts by disputing the underlying documentary

23 | evidence that originated from Defendants themselves. *See* evidence cited in paragraph Nos.

24 | 1, 2, 3, 6, 7, 8, 9, 12, 13, 19, 20, 24, 25, 27, 29, 30, 33, 34, 36, 37, 40, and 41 of Plaintiff's

25 | Statement of Facts (Dkt. #085). After Plaintiff placed the government's own documents on

26 | the record as evidence, Defendants frivolously claimed that their own documents—which

27 | hurt Defendants' arguments—cannot be considered by the Court because Plaintiff does not

28 | have the originals (which Defendants do have). If the Court is to hold the noted evidence as

- 1 -

1  being improperly authenticated, the relief requested at Dkt. #101 is the only avenue for

2  Plaintiff to obtain "authenticated" versions of the evidence he already has and already placed

3  on the record.

4      Defendants claim that "plaintiff seeks discovery on facts... that relate to a motion in

5  which plaintiff is the movant." Dkt. #106, p.2. However, Defendants cross-moved for

6  summary judgment. Even in their response to Dkt. #101, they noted that Plaintiff needs

7  discovery to address issues of which *they* are movant, *e.g.*, "Defendant's argument that a law

8  enforcement and national security privilege applies to the sought after FOIA records." Dkt.

9  #106, p. 2. Defendants privileges argument was raised while Defendants were movant and

10 the issue was not raised in Plaintiff's summary judgment motion. Although Plaintiff placed

11 the herein relevant facts and evidence on the record in relation to issues raised in *his* summary

12 judgment motion, those facts and evidence **now have a dual purpose** in light of Defendants'

13 moving-party argument, *i.e.*, "a law enforcement and national security privilege applies to the

14 sought after FOIA records." Dkt. #106, p. 2. Plaintiff could refile the exact same facts and

15 evidence to serve the second purpose, but why make the record more complex? They have

16 already been submitted. If the Court is going to accept Defendants' argument that their own

17 documents are not authentic, and if Plaintiff needs to resubmit the exact same evidence to

18 serve the now apparent dual purpose, let it be versions provided to Plaintiff directly from

19 Defendants (through the discovery process) so that Defendants will no longer pretend as if

20 their own prior FOIA responses and other documents don't exist. *See* Dkt. #091-1 (raising

21 authenticity claims as means to pretend like their own documents don't exist).

22     Defendants claim that "discovery generally is not available in Freedom of Information

23 Act ("FOIA") lawsuits." Dkt. #106, p. 3. However, discovery is available if needed. Plaintiff

24 needs to pursue discovery and the other avenues of obtaining evidence as described at Dkt.

25 #101 and #102.

26     Defendants insinuate that Plaintiff's motion for leave to take discovery, etc. is

27 premature because he has not yet made his counter-argument to Defendants' argument that "a

28 law enforcement and national security privilege applies to the sought after FOIA records."

1   Dkt. #106, p. 2. However, the procedural order of things in this case has mattered neither to

2   Defendants nor the Court in the past. For example, Defendants filed a motion for leave to file

3   a 39-page summary judgment motion before placing the 39-page summary judgment motion

4   on the record as a proposed document (a violation of local rules of which the Court would

5   never let a non-government party get away with). The Court did not care and granted

6   Defendants' motion for leave without seeing the 39-page motion, which is out-of-order of

7   how things normally occur in a civil suit in the D.Ariz. Furthermore, in his declaration at

8   Dkt. #102, Plaintiff already explained his full counter-argument of which the sought after

9   discovery is needed in order to support. Additionally, with respect to Defendants' privileges

10   argument, Plaintiff merely seeks to receive the evidence he already has (and has already

11   placed on the record), but directly from Defendants so that Defendants' attorneys can stop

12   pretending as if their clients' own documents don't exist as a means to convince the Court to

13   reject them as being improperly authenticated. There is no speculation about the existence of

14   the sought after evidence (*compare* 926 F.2d 1197, 1200) as Plaintiff already has copies—

15   albeit copies of which Defendants claim are not authentic. *See* Dkt. #091-1.

16       Defendants claim that Plaintiff "did not obtain many of these documents directly from

17   their source[,]" Dkt. #106, p. 4, and that "he cannot provide valid testimony about where []

18   [others] originally obtained these materials[.]" *Id.*, p. 5. Nearly all of the documents at issue

19   relating to Plaintiff's response to Defendants' privileges argument are on the internet for

20   public download. Plaintiff was a pretrial detainee at CCA-CADC at the time he placed the

21   documents on the record. He did not have internet access and needed to have Dan

22   Colmerauer retrieve the documents for him. Mr. Colmerauer does not work for Plaintiff and

23   he cannot simply demand declarations at will as Defendants suggest. Mr. Colmerauer spent

24   his free time visiting the relevant websites and retrieving the documents, Plaintiff was lucky

25   to get that much. However, even a declaration from Mr. Colmerauer that he went to a website

26   to retrieve a document would fail the hard authenticity test Defendants propose. Mr.

27   Colmerauer's claim that he retrieved one of Defendants' documents from a website would not

28   be sufficient to authenticate the document under Defendants' test. For example, if Mr.

1 Colmerauer went to

2 http://www.aclu.org/pdfs/freespeech/cellfoia_release_074130_20080812.pdf to get the so-

3 called "unauthentic" document referenced in ¶ No. 7 of Dkt. #085, Defendants would then

4 claim that Plaintiff is once again relying on hearsay considering Mr. Colmerauer was not the

5 *original* recipient of that document, but simply a random person with an internet connection.

6 If Plaintiff were to then go to Catherine Crump and get a declaration claiming that she

7 received the document from the EOUSA FOIA department in response to her FOIA request,

8 Defendants would then claim further hearsay considering Ms. Crump is not the one who

9 originally prepared the document for a FOIA release.  If Plaintiff were to then go to the

10 person at the EOUSA who prepared the document for FOIA release and obtain a declaration,

11 Defendants would once again claim hearsay considering that person was not the one who

12 authored the *original* document.  Defendants propose a never ending logical fallacy while

13 Plaintiff proposes that the Court either visit the websites where Defendants' documents

14 remain available for public download, or grant Dkt. #101 so that Defendants can no longer

15 pretend as if their own documents don't exist.

16 Defendants claim that "[t]he United States Postal Service is even not [sic] a party to

17 this action, and none of the individuals that plaintiff has identified, whether they work for the

18 Postal Service or the FBI, are defendants in this action. Accordingly, plaintiff's intended

19 interrogatories would be facially invalid as interrogatories can only be served upon parties to

20 the litigation." Dkt. #106, p. 7.  However, Plaintiff also seeks to serve subpoenas to gather

21 evidence and can submit interrogatories and discovery requests to the FBI and EOUSA

22 directly.

23 Defendants claim that the issue regarding form of records and metadata is a purely

24 legal issue. *See id.*, p. 8.  However, Defendants claim that they are **not capable** of producing

25 metadata, documents in higher resolutions, or native form digital documents.  These are

26 factual claims, not legal.

27 * * * * *

28 Plaintiff's filings, however inartfully drafted, must be liberally construed and held to

1   less stringent standards than formal pleadings drafted by lawyers. *See* <u>Haines v. Kerner</u>, 404

2   U.S. 519, 520 (1972).

3   ///

4   ///

5   ///

6   ///

7   ///

8   ///

9   ///

10   ///

11   ///

12   ///

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1

2     Respectfully Submitted: May 2, 2014

3

4                           DANIEL DAVID RIGMAIDEN,
                          Pro Se Plaintiff:

5

6

7                           Daniel D. Rigmaiden

8

9                     **CERTIFICATE OF SERVICE**

10     I, Daniel David Rigmaiden, certify under penalty of perjury under the laws of the

11 United States of America that on May 2, 2014 _____ I caused the following

12 to be placed into the United States Postal Service mail system for first-class delivery:

13

14 Original attached document and one copy addressed to:

15 Clerk of the Court
    Attn: Civil Docketing Section
16 Sandra Day O'Connor U.S. Courthouse
    401 West Washington Street, Suite 130, SPC 1
17 Phoenix, AZ 85003-2118

18

19 Per Court order at Dkt. #056, the ECF system will effectuate service by providing copies to:

20 Brad P. Rosenberg, Trial Attorney
    Kimberly L. Herb, Trial Attorney
21 U.S. Department of Justice
    Civil Division, Federal Programs Branch
22 PO Box 883
    Washington, D.C. 20044

23

24

25

26

27

28 By: Daniel Rigmaiden

                          - 6 -