WO

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Daniel David Rigmaiden,<br>Plaintiff,<br>v.<br>Federal Bureau of Investigation, et al.,<br>Defendants. | No. CV-12-01605-PHX-SRB (BSB)<br>**ORDER** |

Plaintiff has filed a Motion for Leave to Take Discovery and Interrogatories, and Make Requests for Admissions, and Submit Subpoenas Prior to Responding to Defendants' Cross Motion for Summary Judgment (motion for discovery). (Doc. 101.) Defendants have filed a response opposing this motion, and Plaintiff has replied. (Docs. 106, 107.) For the reasons below, the Court denies Plaintiff's motion for discovery.

## I. Procedural Background

In July 2012, Plaintiff filed the complaint in this matter, asserting claims under the Freedom of Information Act (FOIA) related to three separate FOIA requests he made in 2011 related to "stingray" technology.[1] These FOIA requests were directed to the Federal Bureau of Investigation (FBI) and the Executive Office for United States Attorneys (EOUSA). (Doc. 1.) The case was assigned to an expedited track and the

---

[1] Stingray technology refers to portable wireless device locators used by law enforcement to locate wireless devices such as cell phones. (Doc. 84 at 1.)

Court entered a scheduling order that set a deadline for filing dispositive motions. (Doc. 35.)

On July 23, 2013, Plaintiff filed a thirty-six page motion for partial summary judgment (Doc. 36), with a sixty-six page supporting statement of facts and his first and second declarations. (Docs. 36, 37, 38, and 39.) The Court struck Plaintiff's motion for failure to comply with Local Rule 7.2(e)(1), but granted Plaintiff leave to refile his motion. (Doc. 41.) The Court also amended the scheduling order to extend the dispositive motions deadline by sixty days. (*Id.*) The Court did not strike Plaintiff's supporting statement of facts (Doc. 37), or his first and second declarations. (Docs. 38, 39, and 46.)

On September 4, 2013, Plaintiff filed another motion for partial summary judgment (Doc. 42), his third declaration (Doc. 43), and his first supplemental statement of facts. (Doc. 44.) On November 7, 2013, Plaintiff filed his fourth, fifth, and sixth declarations (Docs. 58, 59, and 60), and his second supplemental statement of facts. (Doc. 57.) He also filed a "notice of support" for his supplemental filings. (Doc. 61.) On November 12, 2013, the Court struck Plaintiff's first and second supplemental statements of fact, and his third, fourth, fifth and sixth declarations. (Doc. 63.) The Court stayed the briefing schedule and provided Plaintiff the opportunity to proceed with his pending motion for partial summary judgment, or to withdraw that motion and file one motion to address all of the issues raised in his multiple filings. (*Id.*) In response, Plaintiff filed a motion to withdraw his pending motion for partial summary judgment (Doc. 68), and the Court granted that motion. (Doc. 69.) The Court also amended the scheduling order to extend the deadline for filing dispositive motions (Doc. 70), and then further amended the scheduling order to allow the parties to file staggered dispositive motions. (Doc. 76.)

On February 4, 2014, Plaintiff filed a motion for partial summary judgment (Doc. 84), supporting statement of facts (Doc. 85), and a first and second declaration. (Docs. 87 and 87.) On March 14, 2014, Defendants filed a cross motion for summary

judgment and a response to Plaintiff's motion for partial summary judgment. (Docs. 91 and 92.) On April 2, 2014, Defendants filed a motion for leave to file a supplemental memorandum and declaration, or to withdraw a portion of their argument in their cross motion for summary judgment. (Doc. 97.) The Court granted that motion. (Doc. 103.) The Court also granted Plaintiff's motion for an extension of time to file his response to Defendants' cross motion for summary judgment and his reply in support of his motion for partial summary judgment, and extended that deadline from April 17, 2014 to May 19, 2014. (Docs. 94, 95.) Plaintiff filed the pending motion for discovery on April 3, 2014 (Doc. 101), and it was fully briefed when Plaintiff filed his reply on May 5, 2014. (Doc. 107.)

## II. Plaintiff's Motion for Discovery

In the pending motion for discovery and supporting declaration, Plaintiff argues that he needs to take discovery to properly respond to Defendants' cross-motion for summary judgment and he seeks leave to do so pursuant to Fed. R. Civ. P. 56(d). (Docs. 101 and 102.) As set forth below, Plaintiff seeks discovery for the following two reasons: (1) to authenticate documents submitted with his motion for partial summary judgment (Doc. 102 at ¶¶ 4-12); and (2) to discover information about the manner in which Defendants produced documents in response to his FOIA requests. (*Id.* at ¶¶ 13-16.)

First, Plaintiff explains that he needs discovery to authenticate documents that he submitted with his motion for partial summary judgment.[2] (Doc. 102 at ¶ 1.) Plaintiff states that "placing these documents into evidence is vital" to the arguments he intends to assert in response to Defendants' cross motion for summary judgment. (*Id.* at ¶ 3.) Specifically, Plaintiff asserts these documents support his response to Defendants' argument that certain privileges apply to the documents sought in Plaintiff's FOIA

---

[2] Plaintiff states that "[u]nder Fed. R. Evid. 901 and/or Fed. R. Evid. 902, I believes [sic] I have properly authenticated the documents to which Defendants object. However, because Defendants do not agree, I now seek discovery, interrogatories, subpoenas, and admissions of evidence under the Federal Rules of Civil Procedure." (Doc. 102 at ¶ 6.)

requests. (*Id.*) Therefore, Plaintiff seeks discovery to authenticate documents submitted with his statement of facts in support of his motion for partial summary judgment. (Doc. 102 at ¶¶ 7-12.)[3]

Second, Plaintiff seeks discovery to obtain information about Defendants' document processing software and systems, and their capabilities regarding the format of documents produced in response to FOIA requests. (Doc. 102 at ¶¶ 13-16.) He asserts that he needs this discovery to counter Defendants' arguments about their document production capabilities, specifically whether they can produce documents in native format with metadata intact. (*Id.* at ¶ 13.)

**III. Federal Rule of Civil 56(d)**

Rule 56(d) of the Federal Rules of Civil Procedure permits a party to resist a summary judgment motion by "show[ing] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to the motion. A party may invoke Rule 56(d) to ask the court to deny the summary judgment motion outright or delay consideration while the party completes necessary discovery.

A party relying on Rule 56(d) must offer specific reasons that it needs additional discovery to oppose a summary judgment motion. The affidavit must set out "the specific facts it hopes to elicit from further discovery" and show that "the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed Home Loan Mtg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008); *see State of Cal., on Behalf of Cal. Dept. of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998) (explaining that for a continuance under Rule 56(f), predecessor to 56(d), parties must show "(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion").

---

3 Plaintiff asserts that he needs discovery to authenticate the documents submitted with his statement of facts (Doc. 85) at ¶¶ 1, 2, 3, 6, 7, 8, 9, 12, 13, 19, 20, 24, 25, 27, 29, 30, 33, 34, 36, 37, 40 and 41. (Doc. 102 at ¶ 2.)

Rule 56(d) only applies "where the non-moving party has not had the opportunity to discover information that is essential to its opposition." *Roberts v. McAfee, Inc.*, 660 F.3d 1156, 1169 (9th Cir. 2011) (quoting *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001)). However, courts should grant Rule 56(d) motions "fairly freely" when a party has not "had any realistic opportunity to pursue discovery relating to its theory of the case." *Burlington Northern Santa Fe R. Co. v. Assiniboine and Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003); *see Metabolife Int'l, Inc.*, 264 F.3d at 846.

**IV. Plaintiff's Request for Discovery to Authenticate Documents Submitted with his Motion for Partial Summary Judgment**.

**A. Rule 56(d) Does Not Allow the Moving Party to Take Discovery**.

In opposition to Plaintiff's motion, Defendants argue that Rule 56(d) does not allow Plaintiff to conduct discovery regarding documents he submitted in support of his own motion for partial summary judgment. Defendants assert that Plaintiff is the moving party and not the party responding to the motion for summary judgment, as Rule 56(d) contemplates. (Doc. 106 at 4.) On reply, Plaintiff acknowledges that the government's argument is "true in some respects," but he asserts that intends to rely on the same documents in support of his response to Defendants' cross motion for summary judgment and, therefore, "those facts and evidence now have a dual purpose" and he should be considered a non-movant for purposes of Rule 56(d). (Doc. 107 at 1-2 (emphasis omitted).)

Thus, the parties agree that Plaintiff is not entitled to invoke Rule 56(d) to conduct discovery to authenticate documents submitted to support his motion for partial summary judgment. Indeed, the Ninth Circuit has explained that one of the factors the district court considers in allowing additional discovery is whether such discovery "would have precluded summary judgment." *Michelman v. Lincoln Nat. Life Ins. Co.,* 685 F.3d 887, 892 (9th Cir. 2012). When properly invoked, the rule acts as a "safety valve" against "swinging the summary judgment axe too hastily." *Rivera-Torres v. Rey-Hernandez*,

503 F. 3d 7, 10 (1st Cir. 2007) (citations omitted). Therefore, Plaintiff is *not* entitled to discovery under Rule 56(d) to authenticate documents to support his motion for partial summary judgment. Instead, the rule provides for discovery to *defeat* a motion for summary judgment.

Although Plaintiff asserts that he seeks discovery to authenticate documents that serve a "dual purpose" because they will also support his opposition to Defendants' cross motion for summary judgment, he does not identify which *specific* documents submitted with his motion for partial summary judgment are necessary for him to defeat Defendants' cross motion for summary judgment. Under Rule 56(d), Plaintiff must set out "the specific facts [he] hopes to elicit from further discovery" and show that "the sought-after facts are essential to oppose summary judgment." *See Family Home & Fin. Ctr., Inc.*, 525 F.3d at 827. He has not met this burden.

Instead, Plaintiff asserts that the relevant documents are cited in twenty-two paragraphs of his statement of facts in support of his motion for summary judgment. (Doc. 102 at ¶ 2 (citing Doc. 85).) These paragraphs in his statement of facts in turn refer to thousands of pages of documents, numerous websites, articles, documents submitted with his first declaration in support of his motion for partial summary judgment, citations to case law, and documents submitted in *United States v. Rigmaiden*, CR 08-814-PHX-DGC. (Doc. 85 at ¶¶ 1, 2, 3, 6, 7, 8, 9, 12, 13, 19, 20, 24, 25, 27, 29, 30, 33, 34, 36, 37, 40 and 41.) Although Plaintiff asserts that he seeks discovery to authenticate documents that serve a "dual purpose," the Court concludes that Plaintiff seeks discovery to authenticate documents to support his motion for partial summary judgment.[4]

**B. Authentication Discovery Would Not Defeat Summary Judgment**

Furthermore, even if the Court concluded that Plaintiff seeks discovery to authenticate documents to support his arguments to defeat Defendants' cross motion for

[4] In addition, Plaintiff states he intends to serve interrogatories on non-parties as part of the discovery he now seeks. (Doc. 102 at ¶¶ 8, 9, 10.) However, Rule 33 permits interrogatories to parties, not to non-parties. *See* Fed. R. Civ. P. 33. Therefore, even if Plaintiff properly invoked Rule 56(d), he could not serve these discovery requests on non-parties.

summary judgment — in other words that he seeks discovery as the non-movant — his motion would nonetheless fail. Rule 56(d) allows discovery for a person responding to a motion for summary judgment, if such discovery "would have precluded summary judgment." *Michelman*, 685 F.3d at 892. Here, Plaintiff seeks discovery to respond to Defendants' objections that he has not authenticated the documents submitted with his motion for partial summary judgment. (Doc. 102 at ¶¶ 1 and 6.) However, Defendants have also objected that these documents are immaterial and contain inadmissible hearsay. (Doc. 92-1 at ¶¶ 1 and 2.) Therefore, even if the Court granted Plaintiff's motion and he obtained discovery to authenticate the documents at issue, that information would not address Defendants' other objections and thus would not ensure the admissibility of the documents. Thus, the additional discovery that Plaintiff seeks would not preclude summary judgment.

**C. Rule 56(d) Does Not Allow Discovery to Address Evidentiary Issues**

Defendants further argue that Rule 56(d) does not apply because Plaintiff is not seeking discovery as contemplated by Rule 56(d), but is seeking discovery in response to Defendants' objections that many of documents submitted in support of Plaintiff's motion for partial summary judgment are inadmissible or immaterial. (Docs. 106 at ¶ 5; Doc. 92-1 at ¶ 1.) Thus, Defendants argue that these objections present an evidentiary issue, not a discovery matter. (Doc. 106 at 4-5.)

The Court agrees that Rule 56(d) is not an appropriate vehicle for Plaintiff to request discovery to address evidentiary issues with respect to documents submitted in support of his motion for partial summary judgment. Plaintiff explains that these documents are publicly available and "originated from Defendants," or Defendants possess duplicates of the documents. (*Id.*) Because Defendants have objected to the admissibility of these documents as not properly authenticated (Doc. 91-1 at ¶¶ 1-2), Plaintiff seeks leave to conduct discovery to obtain the documents from Defendants to defeat that objection. Plaintiff explains that he "seeks to receive the evidence he already has (and has already placed on the record) but directly from Defendants so that

Defendants' attorney can stop pretending as if their clients' own documents don't exist as a means to convince the Court to reject them as being improperly authenticated." (Doc. 107 at 3.)

As Plaintiff states, he has already submitted the documents he seeks to discover in support of his motion for summary judgment. Even assuming that Plaintiff will rely upon these same documents in opposition to Defendants' cross motion for summary judgment, he does not need to conduct discovery to discover facts essential to oppose that motion. The parties' dispute regarding whether the documents are admissible and Plaintiff can properly rely upon them to support (or defend against) a motion for summary judgment is properly decided upon review of the cross motions for summary judgment and the related objections.[5]

**V. Discovery Related to the Form of the Documents Defendants Produced**

Plaintiff also seeks discovery regarding the FBI's and EOUSA's ability to provide records in native format with metadata intact. (Doc. 102 at ¶¶ 13-16.) In opposition to this request, Defendants assert that in Plaintiff's motion for partial summary judgment he asserted that, in response to his FOIA requests, Defendants must produce documents in their native format and with metadata intact. (Doc. 106 at 8.) Thus, Defendants argue that Plaintiff is the movant on this issue and Rule 56(d) does not apply. Defendants also argue that the format of their document production, and the production of metadata, is a legal, not a factual, issue. (*Id.*)

The Court agrees that Plaintiff's motion for partial summary judgment asserts that Defendants must produce documents in native format with metadata intact. (Doc. 84 at 11-15.) Although Defendants responded to Plaintiff's arguments in their combined response and cross motion (Doc. 91 at 9-12), this is an issue on which Plaintiff seeks

---

[5] To the extent that Defendants object that certain documents are not properly authenticated, but do not contest the authenticity of those documents, their objections might not be well taken. *See Fenje v. Feld*, 301 F. Supp. 2d 781, 789 (N.D. I11.2003) ("Even if a party fails to authenticate a document properly or to lay a proper foundation, the opposing party is not acting in good faith in raising such an objection if the party nevertheless knows that the document is authentic.")). However, the Court is not making any determination regarding Defendants' objections. (Docs. 91-1 and 92-1.)

summary judgment. As set forth above, Rule 56(d) does not allow discovery for a party to support a motion for summary judgment.

Furthermore, Defendants argue that metadata is not a record subject to FOIA.[6] (Doc. 106 at 8 (citing Doc. 91 at 9-11, Doc. 92 at 12-14).) The Court agrees that whether metadata is subject to FOIA is a legal issue. *See* H.R. Rep. 104-795 at 16, 19 (recognizing that "the law needed to be updated to reflect the advancing use of information technology to maintain records," but contemplating that "access should be the same whether they are on a piece of paper or a computer hard drive." In other words, a "matter not previously subject to FOIA when maintained in a non-electronic format [wa]s not made subject to FOIA by this bill."); *Citizens for Responsibility and Ethics in Washington v. U.S. Dep't of Educ.*, 905 F. Supp. 2d at 161, 172 (D.D.C. 2012) (declining to order the production of electronic copies and/or metadata in response to FOIA request). Accordingly, Plaintiff does not need discovery regarding Defendants' ability to provide records in native format with metadata intact to defend against Defendant's cross motion for summary judgment.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Leave to Take Discovery and Interrogatories, and Make Requests for Admissions, and Submit Subpoenas Prior to Responding to Defendants' Cross Motion for Summary Judgment (Doc. 101) is **DENIED**.

**IT IS FURTHER ORDERED** that the deadline for Plaintiff to file a response to Defendants' cross motion for summary judgment is extended from May 19, 2014 to May 27, 2014. There will be no further extension of this response date or the date for Defendants to file a reply in support of their cross motion for summary judgment. Even

---

[6] Metadata has been defined as "information describing the history, tracking or management of an electronic document." *Wyeth v. Impax Labs., Inc.*, 248 F.R.D. 169, 171 (D. Del. 2006) (quoting *Williams v. Sprint/United Mgmt. Co.*, 230 F.R.D. 640, 646 (D. Kan. 2005)). Metadata includes "all of the contextual, processing, and use information needed to identify and certify the scope, authenticity, and integrity of active or archival electronic information or records." *Autotech Techs. Ltd. P'Ship v. Automationdirect.com, Inc.*, 248 F.R.D. 556, 557 n.1 (N.D. Ill. 2008).

if Plaintiff files additional motions or objections, the date for his response to Defendants' cross motion for summary judgment will not be extended.

Dated this 13th day of May, 2014.

Bridget S. Bade
United States Magistrate Judge