IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Daniel David Rigmaiden, | No. CV12-1605-DLR-BSB |
|---|---|
| Plaintiff, | **JOINT STATUS REPORT** |
| vs. | |
| Federal Bureau of Investigation, et al., | |
| Defendants. | |

Pursuant to this Court's Order of November 14, 2014, Dkt. No. 122 ("Order), as well as its subsequent Order of December 16, 2014, Dkt. No. 125, the parties submit this Joint Status Report, with defendants' positions appearing first, and plaintiff's position appearing second, for each of the subject areas below.

**OUTSTANDING ISSUES:**

1. <u>**Adequacy of EOUSA's Search Regarding U.S. Attorney's Offices in California, Arizona, and New York.**</u>

***Defendants' Position:***  Regarding that aspect of Plaintiff's request relating to U.S. Attorney's Offices in California, Arizona, and New York, this Court noted that "EOUSA does not explain why it did not follow the procedure that it followed with the offices from which it did seeks [sic] responsive records in attempting to determine whether the USAOs would have documents responsive to Plaintiff's requests." Order at 40, lines 21-24.  EOUSA will conduct searches in the U.S. Attorney's Offices located in California, Arizona, and New York by following the same type of procedure that it followed with the offices from which it did seek responsive records, as previously described in the Kornmeier Declaration.  In light of the large number of offices that plaintiff is requesting EOUSA to search (four offices in California, one office in Arizona, and four offices in New York), EOUSA does not yet know how long it will take to conduct its additional

1    search and process any responsive records.  EOUSA also reserves its right to charge its

2    standard duplication fees.  *See* 28 C.F.R. § 16.11.  Plaintiff now challenges the amount of

3    duplication fees; defendants' position regarding whether plaintiff can challenge standard

4    duplication fees is set forth in Part 6, below.

5    ***Plaintiff's Position:***

6    **A.**      Plaintiff agrees with Defendant EOUSA on how the searches will be conducted at

7    the AZ, CA, and NY USAO offices.  However, given that the FOIA request has been

8    pending since October of 2011, it is Plaintiff's position that EOUSA should complete its

9    searches and processing of all responsive records within 60 days.

10   **B.**      EOUSA provided previous records on CDs.  It is Plaintiff's position that all future

11   responsive records should be provided on CD or DVD at the going market price, *i.e.*,

12   $0.202 (twenty cents) per CD and $0.1998 (twenty cents) per DVD.  *See*

13   http://www.amazon.com/Verbatim-Branded-Recordable-50-Disc-

14   94691/dp/B00029U1DK/ref=sr_1_1 (last accessed: Dec. 19, 2014) ($10.10 for 50 blank

15   CD-Rs);              http://www.amazon.com/Verbatim-Branded-Recordable-50-Disc-

16   95101/dp/B00081A2KY/ref=sr_1_1 (last accessed: Dec. 19, 2014) ($9.99 for 50 blank

17   DVD-Rs). Charging duplication fees equivalent to the cost of the digital media is similar

18   to charging for the paper and ink/toner when providing records in paper print-out form.

19   In the alternative, Defendant EOUSA should email the records to Plaintiff at no cost or

20   upload them to the internet where Plaintiff can download them at no cost (*e.g.*,

21   DropBox.com).

22   **2.      Application of Exemption 7(E) by EOUSA.**

23   ***Defendants' Position:***   This Court found that "EOUSA has not given the Court or

24   Plaintiff enough information to determine whether it properly withheld information

25   pursuant to Exemption 7(E)."  Order at 42, lines 26-27.  EOUSA proposes to file a

26   supplemental declaration to address the deficiency that the Court has identified, which is

27   routine in FOIA cases.  *See Wiener v. FBI*, 943 F.2d 972, 979 (9th Cir. 1991) (remanding

28   case for more thorough *Vaughn* Index).  Moreover, there is currently no court order

1    requiring EOUSA to disclose records.  EOUSA also notes that most, if not all, of the

2    information being withheld pursuant to Exemption 7(E) is also being withheld pursuant

3    to another FOIA exemption, the application of which this Court has already upheld.

4    ***Plaintiff's Position:***

5    **A.**    As of the Court's order at Dkt. #122 denying Defendant EOUSA summary

6    judgment on exemption 7(E), this issue is no longer outstanding and Defendant EOUSA

7    must provide Plaintiff with the records previously withheld. Defendant EOUSA has had

8    ample opportunity to provide declarations.  It would be inappropriate for EOUSA to

9    submit new declarations after the Court has already made a decision. Defendant EOUSA

10   was also permitted to file a declaration contemporaneous with its summary judgment

11   **reply** brief, which is typically not permitted in the Ninth Circuit.  *See*, *e.g.*, Wallace v.

12   Countrywide Home Loans, Inc., 2009 WL 4349534, at *7 (C.D. Cal. 2009) ("A district

13   court may refuse to consider new evidence submitted for the first time in a reply if the

14   evidence should have been presented with the opening brief."); United States v.

15   Rigmaiden, CR08-814-PHX-DGC, Dkt. #879, p. 1 (D.Ariz., Sept. 4, 2012) ("The Court

16   notes that reply memoranda are not the place for new evidence, and that the Court

17   routinely disregards evidence presented for the first time in a reply.").  In sum, the time

18   for declarations has passed.  The Court also noted in its order that "[s]uch status report

19   **shall not** be used to re-argue or ask the Court to reconsider any of the issues decided in

20   this Order." Dkt. #122, p. 55 (emphasis in original).  Defendant EOUSA is essentially

21   asking the Court to reconsider its order by allowing a redo of summary judgment on the

22   **same issue** all over again.

23   **B.**    EOUSA's request would be a waste of Court resources considering the information

24   EOUSA attempts to withhold is already widely known and in the public domain.  While

25   the Court did not reach Plaintiff's legal argument regarding the inapplicability of

26   exemption 7(E) (and other "law enforcement" or "counter-terrorism" exemptions)

27   pursuant to Rosenfeld v. U.S. Dep't of Justice, 57 F.3d 803, 807 (9th Cir. 1995)  and the

28   other cases cited in Plaintiff's summary judgment briefs, the fact remains that EOUSA is

1   legally required to provide the records irrespective of any additional claims that may be

2   made while redoing summary judgment.  See ACLU v. DOJ, 12-cv-04008-MEJ, Dkt. #61

3   (N.D.Cal., Sept. 30, 2014) ("To the extent that potential law violators can evade detection

4   by the government's location tracking technologies, that risk already exists." (denying

5   EOUSA summary judgment on exemption 7(E))).

6   **3.    Adequacy of the FBI's Search Regarding the WSJ/Brookings Request.**

7   ***Defendants' Position:***  Regarding the thirty types of records in more than 20 locations

8   that plaintiff would like the FBI to search, this Court found that "the FBI [has provided]

9   no information as to the difficulty of such searches, that such searches would be

10   cumulative or unnecessary, why such searches are not commonly done, or any other

11   information that would allow the Court to conclude that its search was reasonably

12   calculated to uncover all relevant documents."  Order at 33, lines 10-13.  Defendants

13   believe that it would be appropriate for the FBI to provide a supplemental declaration to

14   address the deficiency that the Court has identified, as it can explain why the searches

15   that plaintiff has requested would be both burdensome and unlikely to yield responsive

16   records.  *See, e.g.*, *ACLU v. FBI*, No. C 12-03728 SI, 2013 WL 3346845, at *5 (N.D. Cal.

17   July 1, 2013) (ordering FBI to provide supplemental declaration defending adequacy of

18   search); *Kubik v. U.S. Federal Bureau of Prisons*, No. 10-cv-06078-TC, 2011 WL

19   4372188 (D. Or. Sept. 19, 2011) (noting previous decision denying agency's summary

20   judgment motion on search claim, which allowed agency to file renewed summary

21   judgment motion with supplemental declaration regarding search); *Rodriguez v. McLeod*,

22   No. CV F 08-0184 LJO GSA, 2008 WL 5156653, at *4 (E.D. Cal. Dec. 9, 2008)

23   (ordering agency to file supplemental search declaration).  Especially in light of the large

24   number of issues raised by plaintiff regarding three separate FOIA requests in this

25   litigation, defendants believe that a supplemental declaration to address one of the few

26   areas where this Court found defendants' declarations to be inadequate would be

27   appropriate here.    Moreover, there is currently no court order requiring the FBI to

28   conduct such a search.  The FBI therefore proposes to provide a supplemental declaration

1    to address the deficiency that the Court has identified.

2              This Court has also noted that the FBI "does not explain why it did not search the

3    CRS for documents responsive to the portion of Plaintiff's request regarding the WSJ."

4    Order at 33, lines 13-15.  The FBI will conduct such a search of the CRS and process any

5    responsive documents.  After that point, the FBI will be able to describe its search, as

6    well as any exemptions claimed (if any documents are found and subsequently withheld),

7    in a supplemental declaration.

8    ***Plaintiff's Position:***

9    **A.**      Plaintiff agrees that Defendant FBI should search the CRS and process any

10   responsive documents.  However, given that the FOIA request has been pending since

11   October of 2011, it is Plaintiff's position that the FBI should complete its searches and

12   processing of all responsive records within 60 days.

13   **B.**      It is Plaintiff's position that Defendant FBI is required to search the more than 20

14   locations for the more than 30 types of records listed in Plaintiff's original

15   WSJ/Brookings FOIA request letter.  As of the Court's order at Dkt. #122, the issue is no

16   longer outstanding.  It would be inappropriate for Defendant FBI to submit new

17   declarations after the Court has already made a decision.  Defendant FBI has had ample

18   opportunity to submit declarations during a long, drawn out summary judgment process.

19   In sum, the time for declarations has passed.  The Court also noted in its order that

20   "[s]uch status report **shall not** be used to re-argue or ask the Court to reconsider any of

21   the issues decided in this Order." Dkt. #122, p. 55 (emphasis in original).  Defendant FBI

22   is essentially asking the Court to reconsider its order by allowing a redo of summary

23   judgment on the **same issue** all over again.

24   **4.      Adequacy of FBI's Search Regarding the Harris Request.**

25   ***Defendants' Position:***  This Court found that the specific searches that plaintiff requested

26   would have been subsumed within the broad searches the FBI has already conducted.

27   Order at 45, lines 18-19.  Nonetheless, regarding the thirty types of records in more than

28   20 locations that plaintiff would like the FBI to search, this Court found that "the FBI

[has provided] no information as to the difficulty of such searches, that such searches would be cumulative or unnecessary, why such searches are not commonly done, or any other information that would allow the Court to conclude that its search was reasonably calculated to uncover all relevant documents."   Order at 46, lines 5-9.   Defendants believe that it would be appropriate for the FBI to provide a supplemental declaration to address the deficiency that the Court has identified, as it can explain why the searches that plaintiff has requested would be both burdensome and unlikely to yield responsive records.  *See, e.g.*, *ACLU v. FBI*, No. C 12-03728 SI, 2013 WL 3346845, at *5 (N.D. Cal. July 1, 2013) (ordering FBI to provide supplemental declaration defending adequacy of search); *Kubik v. U.S. Federal Bureau of Prisons*, No. 10-cv-06078-TC, 2011 WL 4372188 (D. Or. Sept. 19, 2011) (noting previous decision denying agency's summary judgment motion on search claim, which allowed agency to file renewed summary judgment motion with supplemental declaration regarding search); *Rodriguez v. McLeod*, No. CV F 08-0184 LJO GSA, 2008 WL 5156653, at *4 (E.D. Cal. Dec. 9, 2008) (ordering agency to file supplemental search declaration).  Especially in light of the large number of issues raised by plaintiff regarding three separate FOIA requests in this litigation, defendants believe that a supplemental declaration to address one of the few areas where this Court found defendants' declarations to be inadequate would be appropriate here.   Moreover, there is currently no court order requiring the FBI to conduct such a search.  The FBI therefore proposes to provide a supplemental declaration to address the deficiency that the Court has identified.

***Plaintiff's Position:***

**A.**     The Court's finding that "the searches Plaintiff requested would have been subsumed within the broad searches the FBI conducted[,] Dkt. #122, p. 45, applied to the search terms and subject matter Plaintiff sought (*e.g.*, records relating to StingRay, Triggerfish, destroying evidence, etc.) and not to the form of records (emails, purchase receipts, audio files, video files, etc.) or the places to be searched (workstation computers, tape drives, calendar systems, text message systems, cell phones, etc.). *See id.*  Defendant

1    FBI is quoting the Court's order out-of-context.  The Court denied the FBI summary
2    judgment regarding its failure to search for the specified record forms and in the specified
3    locations.

4    **B.**      It is Plaintiff's position that Defendant FBI is required to search the more than 20
5    locations and 30 types of records listed in Plaintiff's original Harris FOIA request letter.
6    As of the Court's order at Dkt. #122 denying Defendant FBI's request for summary
7    judgment, the issue is no longer outstanding.  It would be inappropriate for Defendant
8    FBI to submit new declarations after the Court has already made a decision.  Defendant
9    FBI has had ample opportunity to submit declarations during a long, drawn out summary
10   judgment process.  In sum, the time for declarations has passed.  The Court also noted in
11   its order that "[s]uch status report **shall not** be used to re-argue or ask the Court to
12   reconsider any of the issues decided in this Order." Dkt. #122, p. 55 (emphasis in
13   original).  Defendant FBI is essentially asking the Court to reconsider its order by
14   allowing a redo of summary judgment on the **same issue** all over again.

15   **5.      Application of Exemption 7(E) Regarding the Harris Request.**

16   ***Defendants' Position:***   The Court found that, with respect to certain categories of
17   information being withheld under Exemption 7(E), "the Court does not have adequate
18   information from the Declaration of Hardy about the documents withheld and the
19   information withheld in particular documents."   Order at 52, lines 14-15.  The FBI
20   proposes to file a supplemental declaration to address the deficiency that the Court has
21   identified, which is routine in FOIA cases.  *See Wiener v. FBI*, 943 F.2d 972, 979 (9th
22   Cir. 1991) (remanding case for more thorough *Vaughn* Index).  Moreover, there is
23   currently no court order requiring the FBI to disclose records.  The FBI also notes that
24   most, if not all, of the information being withheld pursuant to Exemption 7(E) is also
25   being withheld pursuant to another FOIA exemption, the application of which this Court
26   has already upheld.

27

28

*Plaintiff's Position:*

**A.**     As of the Court's order at Dkt. #122 denying Defendant FBI summary judgment on exemption 7(E), this issue is no longer outstanding and Defendant FBI must provide Plaintiff with the records previously withheld. Defendant FBI has had ample opportunity to provide declarations.  It would be inappropriate for the FBI to submit new declarations after the Court has already made a decision.  In sum, the time for declarations has passed. The Court also noted in its order that "[s]uch status report **shall not** be used to re-argue or ask the Court to reconsider any of the issues decided in this Order." Dkt. #122, p. 55 (emphasis in original).  Defendant FBI is essentially asking the Court to reconsider its order by allowing a redo of summary judgment on the **same issue** all over again.

**B.**     The FBI's request would be a waste of Court resources considering the information it attempts to withhold under 7(E) or otherwise is already widely known and in the public domain.   While the Court did not reach Plaintiff's legal argument regarding the inapplicability of exemption 7(E) (and other "law enforcement" or "counter-terrorism" exemptions) pursuant to <u>Rosenfeld v. U.S. Dep't of Justice</u>, 57 F.3d 803, 807 (9th Cir. 1995)  and the other cases cited in Plaintiff's summary judgment briefs, the fact remains that the FBI is legally required to provide the records irrespective of any additional claims that may be made while redoing summary judgment.  *See* <u>ACLU v. DOJ</u>, 12-cv-04008-MEJ, Dkt. #61 (N.D.Cal., Sept. 30, 2014) ("To the extent that potential law violators can evade detection by the government's location tracking technologies, that risk already exists." (denying EOUSA summary judgment on exemption 7(E))).

**C.**     The FBI's claim that "most, if not all, of the information being withheld pursuant to Exemption 7(E) is also being withheld pursuant to another FOIA exemption, the application of which this Court has already upheld[,]" is an indefinite statement and conclusory speculation.  The FBI needs to review the "exemption notes" on each page of the previously processed records in order to determine if there are sections that were withheld only under exemption 7(E).  Once complete, the FBI needs to disclose those sections to Plaintiff.

**6.**   <u>**Further Processing of Plaintiff's Harris Request.**</u>

***Defendant's Position:***   As noted in defendants' supplemental memorandum, plaintiff seeks to have the records responsive to the Harris request be re-processed to remove redactions for certain so-called "dirty words" – "Stingray," "Harris Corporation," "Triggerfish," "Loggerhead," and "Wireless Intercept & Tracking Team (WITT)" – that had previously prompted the government's Glomar response. *See* Supp. Mem., Dkt. No. 104, at 4 (04/08/2014).  As the government noted, that process will involve a re-review project of "unprecedented scale and limited utility as the FBI has acknowledged only the five terms."  Hardy Harris Search Decl. ¶ 11, Dkt. No. 104-1.  To that end, the proposed re-processing may not result in the release of any additional, meaningful information. Among other things, the FBI would likely need to re-process at least 11,000 pages; that, in turn, may result in the need to further process even more pages as the relevant words are evaluated in context.  *Id.*  At this time, the FBI will commence this re-processing if plaintiff agrees to pay the FBI's standard duplication fees.  The FBI proposes to process at a rate of 500 pages per month, which is the FBI's standard processing speed.  The FBI also proposes to release this re-processed material via CD on a monthly basis, with the FBI's standard duplication fee of $15 for each CD due prior to the release of a given CD. (Due to a $10 credit the FBI applies, the first CD is effectively free, the second CD is $20, and each subsequent CD thereafter is $15.)  Given its scope, size, and complexity, the current estimated completion of this segregability review process is approximately 22 months after reprocessing begins.  In that regard, defendants note that this Court has denied plaintiff's motion for summary judgment regarding expedited processing.  Order at 52-53.

As set forth in plaintiff's position below, plaintiff is now attempting to challenge the FBI's standard duplication fees.  It is the government's position that such a challenge (whether to the FBI's or EOUSA's duplication fees) is not properly before this Court, as those fees are set pursuant to Department of Justice regulations which are not being challenged in this lawsuit.  *See generally* 28 C.F.R. § 16.11.  Among other things, those

regulations define duplication fees to include "direct costs" that may include, among other things, "the salary of the employee performing the work" and "the cost of operating duplication machinery." *See* 28 C.F.R. § 16.11(b)(2); *id.* § 16.11(c)(2).   Plaintiff therefore lacks a vehicle to challenge the amount of those fees.  Moreover, the standard method by which the FBI processes FOIA requests requires it to provide, and charge duplication costs for, CDs on a monthly basis; plaintiff cannot elect to receive CDs every other month (as he proposes below).  To the extent that this Court believes that these are issues that can or should be resolved in this lawsuit (even though they are being raised by plaintiff for the first time in this status report), defendants request an opportunity to brief these issues before any processing begins in order to explain their costs and their operational constraints.  Finally, defendants note that, to date, plaintiff has not been charged any fees for any of the documents that he has already received regarding the Harris request, though the FBI has explicitly reserved its rights to charge fees going forward.

**Plaintiff's Position:**

**A.**     In light of the FBI withdrawing its *Glomar* position, Plaintiff agrees that the FBI would need to re-process at least 11,000 pages and that, in turn, may result in the need to further process even more pages as the relevant words are evaluated in context. However, Plaintiff disagrees that the process would be of  "unprecedented scale and limited utility..." as this cannot be known until after the process is complete and the records provided to Plaintiff.  In any event, any burden the reprocessing may be on the FBI is irrelevant.  Because the FBI withdrew its *Glomar* position, Plaintiff is entitled to the information under FOIA and the FBI has agreed to conduct the reprocessing.

**B.**     It is Plaintiff's position that the FBI should be required to reprocess 1000 pages per month in light of how long the FOIA request has been pending. This is will give the FBI at least 11 months to complete the process of removing the prior *Glomar* related redactions. While the Court generally denied Plaintiff's request for expedited processing, an additional 11-month wait on top of the 37 months Plaintiff has already been waiting is

1   by no means "expedited processing."   Additionally, the FBI withdrew its *Glomar*

2   response on September 25, 2013—more than a year ago.  As of this date, the FBI should

3   have already completed the reprocessing. Plaintiff long ago made clear to the FBI that he

4   would pay duplication costs in the event he lost summary judgment on the fee waiver.

5   There was  nothing preventing the FBI from beginning the reprocessing on September 25,

6   2013.

7   **C.**      The FBI provided previous records on CDs.  It is Plaintiff's position that all future

8   responsive records should be provided on CD or DVD at the going market price, *i.e.*,

9   $0.202 (twenty cents) per CD and $0.1998 (twenty cents) per DVD. *See*

10  http://www.amazon.com/Verbatim-Branded-Recordable-50-Disc-

11  94691/dp/B00029U1DK/ref=sr_1_1 (last accessed: Dec. 19, 2014) ($10.10 for 50 blank

12  CD-Rs);               http://www.amazon.com/Verbatim-Branded-Recordable-50-Disc-

13  95101/dp/B00081A2KY/ref=sr_1_1 (last accessed: Dec. 19, 2014) ($9.99 for 50 blank

14  DVD-Rs). Charging duplication fees equivalent to the cost of the digital media is similar

15  to charging for the paper and ink/toner when providing records in paper print-out form.

16  In the alternative, Defendant FBI should email the records to Plaintiff at no cost or upload

17  them to the internet where Plaintiff can download them at no cost (*e.g.*, DropBox.com).

18  **D.**      If CDs or DVDs are mailed to Plaintiff, Plaintiff agrees to receive and pay for

19  them once every 60 days as the reprocessing continues and records become available.

20  **7.**      **Proposed Schedule.**

21  ***Defendants' Position:***  Setting aside the re-processing for the Harris request regarding

22  the terms previously subject to the Glomar response, there are several steps that

23  defendants need to take before they can file a renewed summary judgment motion.  First,

24  EOUSA needs to conduct additional searches in, and process any responsive documents

25  from, nine separate U.S. Attorney's Offices.  Second, the FBI needs to conduct a search

26  in the CRS regarding the WSJ request.   After defendants complete these additional

27  processing steps, the FBI and EOUSA will need to prepare supplemental declarations that

28  address:  1) EOUSA's additional searches in the U.S. Attorney's Offices, including a

- 11 –

description of any documents withheld; 2) EOUSA's supplemental description of its application of Exemption 7(E) to those documents that it has already withheld; 3) the FBI's additional search of the CRS regarding the WSJ request, including a description of any documents withheld; 4) the FBI's supplemental description further defending the adequacy of the search it already conducted regarding the Brookings/WSJ request (as set forth above); 5) the FBI's supplemental description further defending the adequacy of the search it already conducted regarding the Harris request (as set forth above); and 6) the FBI's supplemental description of its application of Exemption 7(E) to those documents that it has already withheld regarding the Harris request.  Defendants propose to provide their supplemental declarations in conjunction with the filing of a renewed summary judgment motion.

Defendants do not yet know how long these additional searches and processing steps will take.  Accordingly, they propose that they provide the court with an update in approximately three months.  If this Court nonetheless wishes to set a summary judgment briefing schedule now, defendants request that the court require defendants to file such a brief no sooner than June 1, 2015, which would account for searches, processing, the preparation of declarations, and the preparation of a summary judgment brief.

The schedule that the defendants are proposing does not take into account the re-processing of the Harris request to remove the terms previously subject to the FBI's Glomar response.  Moreover, the FBI does not believe that there would be anything left to litigate once that re-processing is completed (though it understands that plaintiff disagrees with that position, and may attempt to challenge segregability).  As that re-processing is likely to take substantially longer to complete than the other steps the defendants must undertake, defendants propose to resolve that issue on a separate track.  As the FBI's standard processing speed is 500 pages per month, the FBI currently anticipates that it will take approximately 22 months to complete that re-processing (though that time may vary depending on the scope of the reprocessing required).  The FBI therefore proposes that the parties provide a status report on this issue after the Court

resolves other outstanding issues in the case or after the FBI completes its re-processing, whichever occurs sooner.

***Plaintiff's Position:***

### EOUSA  Harris FOIA Request

**A.**     After the EOUSA completes the document search and processing of which both parties are in agreement (*i.e.*, within all USAOs in CA, AZ, and NY), another round of summary judgment may be required in order to litigate the adequacy of the search and the exemptions claimed by the EOUSA.  Plaintiff proposes that EOUSA complete the search and processing within 60 days.  Once Plaintiff reviews the responsive records in 60 days, Plaintiff proposes that another status report be filed indicating whether summary judgment motions are needed.

**B.**     Because it would be improper for the EOUSA to have a redo of summary judgment (or to submit additional declarations) on its application of exemption 7(E) on the records already provided in response to Plaintiff's Harris FOIA request, there is no present need to schedule litigation on this issue.  Rather, the EOUSA should be given 60 days to (1) review the "exemption notes" on the records it has already located and processed, and (2) remove all 7(E) redactions/withholdings and provide the records to Plaintiff.

### FBI  Harris FOIA Request

**A.**     Because it would be improper for the FBI to have a redo of summary judgment (or to submit additional declarations) on its claim of ignoring the more than 20 locations and 30 types of records listed in Plaintiff's original Harris FOIA request letter, there is no present need to schedule litigation on this issue.  Rather, the FBI should be given 60 days to (1) conduct the search of more than 20 locations for the more than 30 types of records, and (2) process those records for production to Plaintiff.   Once Plaintiff reviews the responsive records in 60 days, Plaintiff proposes that another status report be filed indicating whether summary judgment motions are needed.

**B.** Because it would be improper for the FBI to have a redo of summary judgment (or to submit additional declarations) on its application of exemption 7(E) on the records already provided in response to Plaintiff's Harris FOIA request, there is no present need to schedule litigation on this issue. Rather, the FBI should be given 60 days to (1) review the "exemption notes" on the records it has already located and processed, and (2) remove all 7(E) redactions/withholdings and provide the records to Plaintiff.

**C.** Defendant FBI will start the reprocessing of the previously located Harris FOIA response records to remove the previous *Glomar*-position related terms. Once the reprocessed documents are provided, the parties will determine whether the prior record sample and FBI declaration cover the newly revealed information. If the sample shows to not cover the newly revealed information, an additional round of summary judgment motions will be needed in order to address the exemptions. However, in light of it taking the FBI at least 11 months to reprocess the documents (at 1000 pages per month), it is too soon to propose a summary judgment briefing schedule on this issue, or to even know whether one will be needed.

**FBI  WSJ/Brookings FOIA Request**

**A.** After the FBI completes the WSJ/Brookings **CRS** record search and processing of which both parties are in agreement, another round of summary judgment may be required in order to litigate the adequacy of the search and the exemptions claimed by the FBI. Plaintiff proposes that EOUSA complete the search and processing within 60 days. Once Plaintiff reviews the responsive records in 60 days, Plaintiff proposes that another status report be filed indicating whether summary judgment motions are needed.

**B.** Because it would be improper for the FBI to have a redo of summary judgment (or to submit additional declarations) on its claim of ignoring the more than 20 locations for the more than 30 types of records listed in Plaintiff's original WSJ/Brookings FOIA request letter, there is no present need to schedule litigation on this issue. Rather, the FBI should be given 60 days to (1) conduct the search of the more than 20 locations for the more than 30 types of records, and (2) process those records for production to Plaintiff.

1  Once Plaintiff reviews the responsive records in 60 days, Plaintiff proposes that another

2  status report be filed indicating whether summary judgment motions are needed.

3

4  DATED:  December 22, 2014                    Respectfully submitted,

5                                              DANIEL RIGMAIDEN

6                                              /s/ Daniel Rigmaiden  (with permission)
                                               DANIEL RIGMAIDEN
7                                              530 E MCDOWELL RD STE 107-214
                                               Phoenix, AZ 85004
8                                              E-mail:  freedan@safe-mail.net

9                                              Pro Se Plaintiff

10

11                                             JOYCE R. BRANDA
                                               Acting Assistant Attorney General
12
                                               ELIZABETH J. SHAPIRO
13                                             Deputy Branch Director

14                                             /s/ Brad P. Rosenberg
                                               BRAD P. ROSENBERG
15                                             D.C. Bar No. 467513
                                               Trial Attorney
16                                             U.S. Department of Justice
                                               Civil Division, Federal Programs Branch
17                                             P.O. Box 883
                                               Washington, D.C.  20044
18                                             Telephone:  (202) 514-3374
                                               Facsimile:  (202) 616-8460
19                                             E-mail:  brad.rosenberg@usdoj.gov

20                                             Attorneys for Defendants

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2          I hereby certify that on December 22, 2014, I served the attached document on

3   Plaintiff via the CM/ECF system, who is a registered participant.

4

5                                         /s/ *Brad P. Rosenberg*

6                                         BRAD P. ROSENBERG
                                          D.C. Bar No. 467513

7                                         Trial Attorney
                                          U.S. Department of Justice

8                                         Civil Division, Federal Programs Branch
                                          P.O. Box 883

9                                         Washington, D.C.  20044
                                          Telephone:  (202) 514-3374

10                                        Facsimile:  (202) 616-8460
                                          E-mail:  brad.rosenberg@usdoj.gov

11
                                          *Attorney for Defendants*
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28