1                                                                                                    KAB

2

3

4

5

6                          **IN THE UNITED STATES DISTRICT COURT**

7                              **FOR THE DISTRICT OF ARIZONA**

8

9     Daniel David Rigmaiden,                          No.   CV 12-1605-PHX-DLR (BSB)

10                      Plaintiff,

11    vs.                                              **ORDER**

12
      Federal Bureau of Investigation, et al.,
13
                        Defendants.
14

15           Plaintiff Daniel David Rigmaiden, who was a federal prisoner at the time of filing

16    his Complaint, brought this civil rights action pursuant to the Freedom of Information Act

17    ("FOIA") against the Federal Bureau of Investigation ("FBI"), the Executive Office for

18    United States Attorneys ("EOUSA"), the Office of Information Policy, and the United

19    States Department of Justice ("DOJ").  (Doc. 1).  In a November 14, 2014 Order, the

20    Court granted Plaintiff's Motion for Summary Judgment in part and denied it in part and

21    granted Defendants' Motion for Summary Judgment in part and denied in part.  Because

22    there remain outstanding issues, the Court directed the Parties to file a Joint Status Report

23    advising the Court how they propose to proceed to the resolution of this case.  On

24    December 22, 2014, the Parties complied with the Court's Order and filed the Joint Status

25    Report.  (Doc. 126).

26           Pursuant to the Court's November 14, 2014 Order, the remaining issues in this

27    case are: (1) aspects of the adequacy of the search responsive to Plaintiff's November 10,

28    2011 Request to the FBI (the "WSJ Search"); (2) aspects of the adequacy of the search

1   responsive to Plaintiff's October 10, 2011 Request to the Executive Office for United

2   States Attorneys (the "EOUSA Search); (3) Exemption 7(E) on the EOUSA Request; (4)

3   aspects of the adequacy of the search responsive to Plaintiff's October 10, 2011 Request

4   to the FBI (the "Harris Search"); and (5) aspects of the claimed Exemption 7(E) on the

5   Harris Request.

6   **I.    Remaining Issues as to the Adequacy of the EOUSA Search**

7   In its November 14, 2014 Order, the Court found that EOUSA did not adequately

8   explain why it did not search all United States Attorneys' Offices within California,

9   Arizona, and New York in response to Plaintiff's WSJ Request.  (Doc. 122 at 38-41).

10   In the Joint Status Report, EOUSA states that it will conduct searches in the

11   United States Attorneys' Offices located in California, Arizona, and New York by

12   following the same type of procedure that it followed with the offices from which it did

13   seek responsive records (Doc. 126 at 1).  Plaintiff agrees that those offices should be

14   searched, but requests that all searches and responsive records be given to him within 60

15   days. (*Id.* at 2).  Plaintiff also requests that the Court order Defendant EOUSA to provide

16   the records on CD or DVD "at the going market price" or email the records to Plaintiff at

17   no cost or upload the records to the internet where Plaintiff can download them at no

18   cost.

19   Defendants argue that Plaintiff cannot challenge the duplication fees, as those fees

20   are set pursuant to Department of Justice regulations, which are not being challenged in

21   this lawsuit, and the issue of proper duplication fees is an issue being raised for the first

22   time in this status report.  The Court agrees with Defendants.   There is a specific

23   regulatory scheme in place, which guides the agency in determining the fees it charges

24   and there has been no challenge to that scheme in this lawsuit. *See generally* 28 C.F.R.

25   §16.11.  Plaintiff has made no showing that Defendants are not complying with the

26   regulations instructing what fees may be charged and his requests for the Court to deviate

27   from the regulatory scheme are inappropriate.  Accordingly, Plaintiff's request for the

28   Court to set different duplication fees and deviate from the regulatory scheme in place for

1    charging such fees is denied.  The Court will discuss the scheduling issues raised with

2    regard to the additional searching below.

3    **II.      Remaining Issues as to Exemption 7(E) on the EOUSA Request**

4    In its November 14, 2014 Order, the Court denied Defendants' Motion for

5    Summary Judgment as to Exemption 7(E) of the EOUSA Request because the Court

6    found that "EOUSA has not given the Court or Plaintiff enough information to determine

7    whether it properly withheld information pursuant to Exemption 7(E)." (Doc. 122 at 42).

8    In the Joint Status Report, EOUSA proposes to file a supplemental declaration to

9    address the deficiency that the Court identified along with another motion for summary

10    judgment.  In Response, Plaintiff states that "this issue is no longer outstanding" and

11    argues that EOUSA must provide Plaintiff with the records that were withheld.  Plaintiff

12    is misreading the Court's November 14, 2014 Order.  Plaintiff appears to believe that

13    because the Court denied summary judgment to Defendants on this issue, Plaintiff was

14    implicitly granted summary judgment on this issue.  That belief is incorrect.  The Court

15    denied Defendants' Motion for Summary Judgment on this issue and did not grant

16    summary judgment to Plaintiff on this issue.  As a result, this issue remains outstanding.

17    Plaintiff also objects to the Court entertaining a second round of motions for

18    summary judgment.  However, the Court has discretion in allowing successive motions

19    for summary judgment, *Hoffman v. Tonnemacher*, 593 F.3d 908, 909 (9th Cir. 2010), and

20    has determined that such a procedure is appropriate in this case.  Accordingly, the Court

21    will allow a second motion for summary judgment on this issue and will discuss the

22    timeline for such a motion below.

23    **III.     Remaining Issues as to the Adequacy of the WSJ Search**

24    In its November 14 2014 Order, the Court denied Defendants' Motion for

25    Summary Judgment as to the adequacy of the WSJ search because the Court found that

26    the FBI did not meet its burden in showing that the search was reasonably calculated to

27    uncover all relevant documents.

28

1      In the Joint Status report, the FBI proposes to file a supplemental declaration to
2  address the deficiency that the Court identified along with another motion for summary
3  judgment.  (Doc. 126 at 4).  The FBI also notes that it will conduct a search of the CRS
4  and process any responsive documents to such a search.  In Response, Plaintiff agrees
5  that the FBI should search the CRS and requests that any responsive records be provided
6  within 60 days.  With regard to the remainder of the search, Plaintiff again argues that
7  this issue is no longer outstanding and Defendants must provide Plaintiff with the
8  Records.  For the same reasons discussed with regard to Exemption 7(E) of the EOUSA
9  Request, this issue remains outstanding and the Court will allow a second motion for
10  summary judgment on this issue.  The timeline for such a motion and the CRS search will
11  be discussed below.

12  ### IV.    Remaining Issues as to the Adequacy of the Harris Search

13      In its November 14 2014 Order, the Court denied Defendants' Motion for
14  Summary Judgment as to the Adequacy of the Harris search because the Court found that
15  the FBI did not provide enough information that would allow the Court to conclude that
16  the FBI's search was reasonably calculated to uncover all relevant documents.  (Doc. 122
17  at 46).

18      In the Joint Status report, the FBI proposes to file a supplemental declaration to
19  address the deficiency that the Court identified along with another motion for summary
20  judgment.  In Response, Plaintiff again argues that this issue is no longer outstanding
21  because the Court denied summary judgment to Defendants.   For the same reasons
22  discussed with regard to Exemption 7(E) of the EOUSA Request, this issue remains
23  outstanding and the Court will allow a second motion for summary judgment on this
24  issue. The timeline for such a motion will be discussed below.

25  ### V.    Remaining Issues as to Exemption 7(E) on the Harris Request

26      In its November 14, 2014 Order, the Court denied Defendants' Motion for
27  Summary Judgment as to Exemption 7(E) of the Harris Request because the Court found
28

1    that the FBI did not provide enough information about the documents withheld and the

2    information withheld in particular documents.  (Doc. 122 at 52).

3        In the Joint Status report, the FBI proposes to file a supplemental declaration to

4    address the deficiency that the Court identified along with another motion for summary

5    judgment.  In Response, Plaintiff again argues that this issue is no longer outstanding

6    because the Court denied summary judgment to Defendants.  For the same reasons

7    discussed with regard to Exemption 7(E) of the EOUSA Request, this issue remains

8    outstanding and the Court will allow a second motion for summary judgment on this

9    issue.  The timeline for such a motion will be discussed below.

10   **VI.    Other Outstanding Issues**

11       Defendants propose to reprocess records responsive to the Harris request to

12   remove redactions for certain "dirty words" that prompted the Government's Glomar

13   response if Plaintiff agrees to pay the FBI's standard duplication fees.  Defendants assert

14   that they need 22 months for such reprocessing.  In Response, Plaintiff agrees that the

15   11,000 pages should be reprocessed, but argues that the FBI should produce 1,000 pages

16   per month and that the responsive records should be provided on CD or DVD at the going

17   market price.  For the same reasons discussed with regard to the adequacy of the EOUSA

18   Search, Plaintiff's request for the Court to set different duplication fees and deviate from

19   the regulatory scheme in place for charging such fees is denied.  The Court will discuss

20   the scheduling issues raised with regard to the production of the 11,000 pages below.

21   **IT IS ORDERED:**

22       (1)    Plaintiff's request for the Court to set different duplication fees and deviate

23   from the regulatory scheme in place for charging such fees is **denied**.

24       (2)    **Within 5 days of the date of this Order**, Plaintiff shall file a Notice

25   indicating whether he intends to pay the standard duplication fees as to the remaining

26   searches proposed by Defendants.

27       (3)    If Plaintiff agrees to pay the standard duplication fees, **within 90 days of**

28   **Plaintiff's Notice**, Defendants shall provide Plaintiff with all documents responsive to

1   the searches, including any documents that were previously withheld due to the Glomar

2   Response on the Harris Request.[1]

3        (4)    If either party seeks to file a second Motion for Summary Judgment on the

4   outstanding issues in this case, such Motion for Summary Judgment shall be filed on or

5   before **Wednesday, May 20, 2015**.

6        Dated this 12th day of January, 2015.

7

8

9

10   _____
     Douglas L. Rayes

11   United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

---

25   [1] The Court recognizes that it has set significantly shorter deadlines than those
     requested by Defendants.  However, this case is nearly three years old and has extended
26   well beyond the 18-month trial guideline recommended by Congress in the Civil Justice
     Reform Act of 1990.  *See* 28 U.S.C. § 473(a)(2)(B).  Defendants have had considerable
27   time to adequately respond to Plaintiff's FOIA requests and the Court will not allow this
     case to continue indefinitely.
28