Daniel David Rigmaiden
530 E McDowell Rd Ste 107-214
Phoenix, AZ 85004
Email: freedan@safe-mail.net

Daniel David Rigmaiden,
Pro Se, Plaintiff

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel David Rigmaiden, | Civil Action No.: |
| Plaintiff, | 12-CV-01605-DLR-BSB |
| v. | MOTION FOR APPROPRIATE SANCTIONS AGAINST DEFENDANTS FBI AND EOUSA FOR FAILURE TO COMPLY WITH THE COURT'S DEADLINE |
| Federal Bureau of Investigation, et al. | |
| Defendant. | |

Plaintiff, Daniel David Rigmaiden, appearing *pro se*, respectfully submits this *Motion For Appropriate Sanctions Against Defendants FBI And EOUSA For Failure To Comply With The Court's Deadline*.

On January 1, 2015, the Court ordered that "within 90 days of Plaintiff's Notice [stating he is willing to pay standard FOIA duplication fees], Defendants shall provide Plaintiff with all documents responsive to the [FOIA] searches, including any documents that were previously withheld due to the Glomar Response on the Harris Request." *Court's Order*, Dkt. #127, pp. 5-6. Plaintiff filed his notice of intent to pay standard FOIA duplication fees on January 13, 2015, *see* Dkt. #128, which means the 90-day deadline was on April 13, 2015. However, as of April 14, 2015, Defendants FBI and EOUSA failed to provide Plaintiff with all documents responsive to his FOIA requests.

Defendants are in violation of the Court's order, Defendants' failure to comply with the order prejudiced Plaintiff, and Defendants should therefore be punished with sanction as deemed appropriate by the Court.

Prior to April 14, 2015: (1) Defendant FBI provided Plaintiff with two partial disclosures totaling 1,154 partially redacted pages, and notified him of 8,457 pages being

1  withheld in full; and (2) Defendant EOUSA provided Plaintiff with no documents at all.

2  Despite Defendants missing the Court's 90-day deadline, Defendants' counsel advised

3  Plaintiff on April 13, 2015, that additional disclosures are on the way.  *See* EXHIBIT 01

4  (email from Defendants' counsel to Plaintiff).  The FBI will be withholding an additional

5  8,393 pages and providing 3,417 partially redacted pages, and the EOUSA will be

6  withholding 185 pages and providing 20 pages in full.  *See id.* (attachments).  Defendants'

7  counsel claims that these additional documents were placed into the mail on April 13, 2015.

8  *See id*.

9       Prior disclosures from Defendant FBI took 5 days to reach Plaintiff's mailbox.  This

10  means Defendants are 5 days late on providing Plaintiff with all responsive records.  This

11  places Defendants in violation of the Court's order requiring that all responsive records be

12  provided to Plaintiff within 90 days, *i.e.*, by April 13, 2015.

13       Defendants' counsel informed Plaintiff that his clients are in some way "serving" him

14  with papers pursuant to Fed. R. Civ. P. 5(b)(2)(C), and that they were simply waiting until the

15  90th day to drop them in the mail.  *See id*.  However, Defendants were required to "provide"

16  Plaintiff with all responsive FOIA records within 90 days.  *See Court's Order*, Dkt. #127, pp.

17  5-6.  To "provide" means to "make available for use,"[1] which is different from the definition

18  of "serve" or "service" pursuant to Fed. R. Civ. P. 5(b)(2)(C).  Per the Court's use of the word

19  "provide," rather than "serve," **the records needed to be in Plaintiff's hands by April 13,**

20  **2015,** so that they would be "available for [his] use."[2]

21       Because the records are taking 5 days to reach Plaintiff, he has been prejudiced to the

22  effect that he has lost 5 days preparation time prior to the May 20, 2015, filing deadline.

23  Defendants are engaging in gamesmanship to prejudice Plaintiff as proven by two points.

24  First, on April 13, 2015, Defendants' counsel was able to email Plaintiff copies of the cover

25  letters for the disclosures purportedly mailed on April 13, 2015 (*see* EXHIBIT 01), **but chose**

26

27  _____

    1.    https://www.google.com/#q=provide (last accessed: Apr. 16, 2015) (the all seeing, all
    powerful google definition).

28  2.    *Id*.

1  **not to also attach the actual records**—one of which was only 20 pages.[3]  Instead,

2  Defendants and Defendants' counsel seek to make Plaintiff wait an additional 5 days to

3  receive the actual records while in the mean time Plaintiff can merely read the cover letters.

4  Second, the EOUSA's cover letter is dated April 10, 2015, but the EOUSA still waited until

5  April 13, 2015, to put the letter and records in the mail to Plaintiff.  *See* EXHIBIT 01.

6         Sanctions are appropriate for Defendants' gamesmanship.  Plaintiff suggests a large

7  monetary fine and censure.

8         Plaintiff's filings, however inartfully drafted, must be liberally construed and held to

9  less stringent standards than formal pleadings drafted by lawyers.  *See* Haines v. Kerner, 404

10  U.S. 519, 520 (1972).

11  ///

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

---

3.      Even the FBI's disclosure could have been sent as an email attachment(s).

Respectfully Submitted: April 16, 2015

DANIEL DAVID RIGMAIDEN,
Pro Se Plaintiff:

s/ Daniel Rigmaiden
Daniel D. Rigmaiden

**<u>CERTIFICATE OF SERVICE</u>**

I, Daniel David Rigmaiden, hereby certify that on April 16, 2015, I caused the attached

document to be electronically transmitted to the Clerk's Office using the ECF system for

filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Brad P. Rosenberg, Attorney for Defendants

By: s/ Daniel Rigmaiden