# EXHIBIT 01

# Safe-mail.net

Compose Inbox Sent Folders Bull Board Briefcase Jotter Help **Sign Out**
Search Drafts Trash Addr book More Album Pref User Info **Upgrade now!**

freedan@Safe-mail.net                Inbox                16 Apr 2015 03:24

[Next Mail] [Prev Mail]
[Reply] [Reply All] [Forward] Resend [Block Sender]
[Mark] [Go To] [Move To] [* Inbox * ▼]                [Delete] [Message ▼]

|   |   |
|---|---|
| Ref: | N1U-DlBk1KLq2y |
| Subject: | RE: I need all records by April 13, 2015 and Vaughn index |
| Date: | 13 Apr 2015 15:10 |
| From: | "Rosenberg, Brad (CIV)" <Brad.Rosenberg@usdoj.gov> |
| To: | Daniel Rigmaiden <freedan@Safe-mail.net> |
| Attachments: | *Rigmaiden release cover 4-10-15.pdf (304Kb)<br>*Rigmaiden Release Letter 04132015.pdf (176Kb) |

Printable Version

Show   Download

Save Addresses

Save attachments to my briefcase

Dear Mr. Rigmaiden:

Thank you for your e-mail. The FBI and EOUSA have provided you with their final releases by today (April 13, 2015) by mailing those releases to the address that you have previously provided to the government. Timely depositing documents in the mail is an accepted method of providing a document. See Fed. R. Civ. P. 5(b)(2)(C). I have attached the cover letters to those releases for your reference.

Regarding your request for an early Vaughn Index, it is not required, nor was an early Index contemplated by the Court's January 12, 2015 Scheduling Order. In a FOIA case, the government bears the burden of proof on the adequacy of searches and exemptions; accordingly, and as noted by the government in the parties' December 22, 2014 Joint Status Report, the government intends to file supplemental declarations, as appropriate, in conjunction with its forthcoming summary judgment motion. Moreover, the scope of the government's forthcoming declarations will be determined by the Court's January 12 Scheduling Order, which identified five issues that remain for the Court's resolution. See Dkt. No. 127 at 1-2; see also Opinion, Dkt. No. 122, at 46 (applying sample to determine validity of exemptions).

Thanks,
-Brad Rosenberg


-----Original Message-----
From: Daniel Rigmaiden [mailto:freedan@Safe-mail.net]
Sent: Saturday, April 11, 2015 9:57 PM
To: Rosenberg, Brad (CIV)

Subject: I need all records by April 13, 2015 and Vaughn index

Brad,

I filed my notice of intent to pay fees according to the statutory scheme on January 13, 2015. The court ordered that the FBI and EOUSA shall "provide Plaintiff with all documents responsive to the searches, including any documents that were previously withheld due to the Glomar Response on the Harris Request" within 90 days of that notice.

The word "provide" means they are in my hands within 90 days. Your 90 days is up on April 13, 2015. I will check my mailbox on the morning of April 14, 2015. All of the records from both the FBI and EOUSA need to be there. Just so you are ready for it, my motion for sanctions against your clients for violating the court order (assuming they do) will be filed on April 14, 2015.

Also, in order to write my motion for summary judgment, I need a detailed Vaughn index addressing each and every redaction on every page of every disclosure by both the FBI and EOUSA by April 13, 2015. I will be filing a motion for an order requiring a Vaughn index on April 14, 2015 if the requested Vaughn index is not emailed to me by the end of the day on April 13, 2015.

Daniel Rigmaiden



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information & Privacy Staff*
*600 E Street, N.W.*
*Suite 7300, Bicentennial Building*
*Washington, DC 20530-0001*
*(202) 252-6020   FAX: 252-6047   (www.usdoj.gov/usao)*

April 10, 2015

Daniel Rigmaiden
530 E MCDOWELL RD STE 107-214
Phoenix, AZ 85004

APR 10 2015

Re: Request Number: 11-4585
Date of Receipt: November 7, 2011
Subject of Request: Location Tracking Devices

Dear Mr. Rigmaiden:

Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Office.

In response to your request, we previously offered for release records from our response to an ACLU request which generally overlaps your request (for your information the ACLU request was litigated over withholdings in Northern California and is now before the Ninth Circuit). We understand that you are familiar with that case, as the ACLU relied upon the records that were released in that case when it filed an amicus brief in your case. These records have either been released to the ACLU (and are therefore publicly available), or have been described in the declarations submitted in that case (to the extent they have been withheld). We assumed that you didn't consider the records in that case responsive when you didn't express an interest in receiving them when we offered them to you. If this is not so, please let us know. We'd be happy to send you the records we released to the ACLU.

To provide you with the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act. 28 CFR § 16.81. We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you. This letter is a [ X ] partial [ ] full denial.

Enclosed please find:

__20__ page(s) are being released in full (RIF);
_____ page(s) are being released in part (RIP);
__185__ page(s) are withheld in full (WIF). **The redacted/withheld documents were reviewed to determine if any information could be segregated for release.**

The exemption(s) cited for withholding records or portions of records are marked below. An enclosure to this letter explains the exemptions in more detail.

(b)(5)
(b)(6)
(b)(7)(C)
(b)(7)(E)

[ ]   In addition, this office is withholding grand jury material which is retained in the District.

[ ]   A review of the material revealed:

[ ]   Our office located records that originated with another government component. **These records were found in the U.S. Attorney's Office files and may or may not be responsive to your request.** These records will be referred to the following component(s) listed for review and direct response to you:

[ ]   There are public records which may be obtained from the clerk of the court or this office, upon specific request. If you wish to obtain a copy of these records, you must submit a new request. These records will be provided to you subject to copying fees.

[ ]   Please note that your original letter was split into separate files ("requests"), for processing purposes, based on the nature of what you sought. Each file was given a separate Request Number (listed below), for which you will receive a separate response:

_____

[ ]   See additional information attached.

This is the final action on this above-numbered request. If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy, United States Department of Justice, Suite 11050, 1425 New York Avenue, Washington, DC 20530-0001, or you may submit an appeal through this Office's eFOIA portal at http://www.justice.gov/oip/efoia-portal.html. Your appeal must be received within sixty days from the date of this letter. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Susan B. Gerson
Assistant Director

Enclosure(s)



U.S. Department of Justice

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

April 13, 2015

MR. DANIEL DAVID RIGMAIDEN
530 EAST MCDOWELL ROAD
STE 107-214
PHOENIX, AZ 85004

FOIPA Request No.: 1212582-001
Subject: WIRELESS DEVICE LOCATORS
MANUFACTURED BY HARRIS WPG

Dear Mr. Rigmaiden:

The enclosed documents on 19 CDs were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision. In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely. The exemptions used to withhold information are marked below and explained on the enclosed Explanation of Exemptions:

| Section 552 | | Section 552a |
|---|---|---|
| ☑ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☑ (b)(3) | ☑ (b)(7)(C) | ☐ (k)(1) |
| 50 USC §3024(i)(1 | ☐ (b)(7)(D) | ☐ (k)(2) |
|  | ☑ (b)(7)(E) | ☐ (k)(3) |
|  | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☑ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☑ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☑ (b)(6) |  | ☐ (k)(7) |

**11,810 pages** were reviewed and **3417 pages** are being released.

☐ Document(s) were located which originated with, or contained information concerning, other Government agency(ies) [OGA].

  ☐ This information has been referred to the OGA(s) for review and direct response to you.
  ☐ We are consulting with OGA(s). The FBI will correspond with you regarding this information when the consultation is finished.

☐
  In accordance with standard FBI practice and pursuant to FOIA exemption (b)(7)(E) and Privacy Act exemption (j)(2) [5 U.S.C. § 552/552a (b)(7)(E)/(j)(2)], this response neither confirms nor denies the existence of your subject's name on any watch lists.

    For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.   See 5 U.S. C. § 552(c) (2006 & Supp. IV (2010).   This response is limited to those records that are subject to the requirements of the FOIA.   This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist. Enclosed for your information is a copy of the Explanation of Exemptions.

☑ Although your request is in litigation, we are required by 5 § 552 (a)(6)(A) to provide you the following information concerning your right to appeal.   You may appeal by writing to the Director, Office of Information Policy (OIP), U.S. Department of Justice,1425 New York Ave., NW, Suite 11050, Washington, D.C.   20530-0001, or you may submit an appeal through OIP's eFOIA portal at http://www.justice.gov/oip/efoia-portal.html.
Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely. The envelope and the letter should be clearly marked "Freedom of Information Appeal."   Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

☐ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation.   Our search located additional references, in files relating to other individuals, or matters; which may or may not be about your subject(s).   Our experience has shown when ident, references usually contain information similar to the information processed in the main file(s).   Because of our significant backlog, we have given priority to processing only the main investigative file(s).   If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☑ See additional information which follows.

                          Sincerely,

                          *[signature]*

                          David M. Hardy
                          Section Chief
                          Record/Information Dissemination Section
                          Records Management Division

Enclosure(s)

    The enclosed documents represent the final interim release of information responsive to your Freedom of Information Act (FOIA) request.

    During the reprocessing of this material, it was determined that 5 additional sections of documents, consisting of 1599 total pages, were duplicates of sections already re-processed.   Therefore, these additional pages were not re-processed.

    **Upon receipt of the enclosed CDs, please go to www.pay.gov to make an electronic payment\*, or make a check or money order payable to the Federal Bureau of Investigation in the amount of $285.00 ($15 per CD at 19 CDs) and remit payment to the Work Process Unit, Record/Information Dissemination Section, Records Management Division, Federal Bureau of Investigation, 170 Marcel Drive, Winchester, VA 22602. Please include the FOIPA Request Number(s) with your payment. Failure to pay for this release within thirty (30) days from the date of this letter will close any pending FBI FOIPA requests from you.   Nonpayment will also cause an automatic denial of any future FOIPA requests.**

*\*Pay.gov is a secure web-based application that accepts credit card and ACH payments online, and is hosted by the United States Department of Treasury, Financial Management Service.   For frequent FOIPA requesters, it is recommended to create a Pay.gov account to retain an online history of payments made through Pay.gov and to retain specific information for future payments.   To make an electronic payment, complete the FBI Freedom of Information Act and Privacy Act Form located on Pay.gov.   Please note: if a refund is necessary, there is less processing time to refund a credit card payment than an ACH payment.*

## EXPLANATION OF EXEMPTIONS

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)   (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)   related solely to the internal personnel rules and practices of an agency;

(b)(3)   specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)   trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)   inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)   personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)   records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)   contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)   geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)   information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)   material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)   information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)   investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)   material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)   required by statute to be maintained and used solely as statistical records;

(k)(5)   investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)   testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service he release of which would compromise the testing or examination process;

(k)(7)   material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.