1  Daniel David Rigmaiden
   530 E McDowell Rd Ste 107-214
2  Phoenix, AZ 85004
   Email: freedan@safe-mail.net
3
   Daniel David Rigmaiden,
4  Pro Se, Plaintiff

5

6              UNITED STATES DISTRICT COURT
                   DISTRICT OF ARIZONA
7

8   Daniel David Rigmaiden,              Civil Action No.:

9       Plaintiff,                       12-CV-01605-DLR-BSB
        v.
                                         MOTION FOR ORDER REQUIRING
10  Federal Bureau of Investigation, et al.   DEFENDANTS TO PROVIDE VAUGHN
                                         INDEXES ADDRESSING ALL
11      Defendant.                       REDACTIONS AND WITHHOLDINGS

12

13         Plaintiff, Daniel David Rigmaiden, appearing *pro se*, respectfully submits this *Motion

14  For Order Requiring Defendants To Provide Vaughn Indexes Addressing All Redactions And

15  Withholdings*.[1]  This request applies to all FOIA records provided by Defendants as of the

16  date of this motion, and all records that will be provided prior to the May 20, 2015, summary

17  judgment filing deadline.

18         On January 1, 2015, the Court ordered that "within 90 days of Plaintiff's Notice

19  [stating he is willing to pay standard FOIA duplication fees], Defendants shall provide

20  Plaintiff with all documents responsive to the [FOIA] searches, including any documents that

21  were previously withheld due to the Glomar Response on the Harris Request."  *Court's Order*,

22  Dkt. #127, pp. 5-6.  Plaintiff filed his notice of intent to pay standard FOIA duplication fees

23  on January 13, 2015.  *See* Dkt. #128.  Since that time, Defendant FBI has provided Plaintiff

24  with 1,154 partially redacted pages and notified him of 8,457 pages being withheld.  Despite

25  Defendants missing the Court's 90-day deadline, Defendants' counsel advised Plaintiff on

26  April 13, 2015, that additional disclosures are on the way.  *See* EXHIBIT 01 (email from

27  Defendants' counsel to Plaintiff).  The FBI will be withholding an additional 8,393 pages and

28  ───────────────────────────
    1.   *See* Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), cert. den., 415 U.S. 977 (1974).

                                    - 1 -

1  providing 3,417 partially redacted pages, and the EOUSA will be withholding 185 pages and
2  providing 20 pages in full.  *See id.* (attachments).
3        However, Defendants' counsel also stated that Defendants' motion for summary
4  judgment will address only the original 321-page sample provided to Plaintiff by the FBI on
5  December 13, 2013, in response to Plaintiff's Harris FOIA request.  *See* <u>EXHIBIT 01</u> (email
6  from Defendants' counsel to Plaintiff); *Plaintiff's Declaration*, Dkt. #116, pp. 1-2, ¶¶ 1-4
7  (discussing the 321-page sample).
8        Because Defendants refuse to address the remainder of the withholdings and redactions
9  in their motion for summary judgment, the issue is left outstanding, and Plaintiff needs to
10 address it his motion for summary judgment.  The court ordered that "[i]f either party seeks to
11 file a second Motion for Summary Judgment on the outstanding issues in this case, such
12 Motion for Summary Judgment shall be filed on or before Wednesday, May 20, 2015."  Dkt.
13 #127, p. 6.  However, in order to file his motion for summary judgment, Plaintiff needs
14 Vaughn indexes from the FBI and EOUSA so that he can determine whether he has grounds
15 to challenge their withholdings and redactions under the claimed FOIA exemptions.
16       Plaintiff needs these Vaughn indexes—addressing each specific redaction and
17 withholding individually—well ahead of the May 20, 2015, filing deadline set by the Court.
18 As noted in the email at <u>EXHIBIT 01</u>, Defendants **refuse to justify the withholdings and**
19 **redactions** contained in any records outside of the 321-page FBI/Harris sample, and also
20 refuse to provide Plaintiff with Vaughn indexes for his own motion for summary judgment.  If
21 Defendants get their way, the claimed justifications for withholding 17,035 pages and
22 redacting 4,571 pages will never be presented to the Court.
23       To the effect that Defendants believe they can rely on a Vaughn index explaining
24 redactions contained in the 321-page sample as a means to justify withholding 17,035 pages
25 in full, and redactions on 4,571 additional pages, this fails for four reasons:
26     1.    The FBI's 321-page sample cannot apply to the 185 pages being withheld by the
27 EOUSA as they are separate agencies.
28     2.    Defendant FBI violated the verbal agreement made between Plaintiff and

1  Defendant's counsel, which required the FBI to provide a 500-page sample rather than a 321-
2  page sample.  *See Email from Defendants' counsel to Plaintiff*, Dkt. #091-3, p. 3 ("[T]he FBI
3  has agreed to mail a CD to your representative (Philip Seplow) containing the 500-page
4  sample that had been provided to EPIC in their separate FOIA lawsuit against the FBI." (Dec.
5  12, 2013)); *Plaintiff's Declaration*, Dkt. #116, pp. 1-2, ¶¶ 1-4 (explaining how the sample was
6  only 321 pages).

7        3.      Within the 321-page sample, Defendant FBI failed to provide an adequate number
8  of sample records corresponding to each claimed FOIA exemption.  For example, only one
9  sample "page" was provided corresponding to FOIA exemption (b)(1) and only nine sample
10  "pages" were provided corresponding to FOIA exemption (b)(4).  *See id*.  This is inadequate to
11  justify the varying subject matter evident in the 1,154 partially redacted pages recently
12  provided to Plaintiff by the FBI.  When Plaintiff and Defendant FBI's counsel verbally agreed
13  to use the 500-page sample—which was never provided anyway (*see* No. 2 above)—
14  Defendant's counsel also agreed that Plaintiff reserved the right to nullify the agreement if
15  Plaintiff independently and solely determined that the sample failed to adequately cover the
16  full subject matter of future disclosures:

17      "As discussed during our December 10, 2013, phone call, if a certain future
      redaction or withholding—from within the 33,000 documents to be
18      processed/reprocessed after the first round of summary judgment—**turns out
      not to be of subject matter** specifically covered by the FBI's Vaughn index
19      corresponding to the 500 page sample, **I may challenge that future redaction
      or withholding in a future filing**.  This was all made clear to you prior to your
20      filing for summary judgment.  You then agreed to this (again, phone calls were
      recorded)."
21

22      *Email from Plaintiff to Defendants' counsel*, Dkt. #091-6, p. 6 (summarizing the
      verbal agreement made via telephone (emphasis added)).
23  Upon reviewing the FBI's recent disclosures, and comparing them to the limited 321-page
24  sample previously provided by the FBI, Plaintiff determined that the subject matter is not
25  clearly the same.  He therefore needs to challenge the redactions and withholdings in *his*
26  motion for summary judgment due May 20, 2015, and needs a Vaughn index in order to do
27  so.  This was **already agreed to** by Defendants' counsel on December 10, 2013.

28        4.      In any event, the agreement to use a 500-page sample and Vaughn index to

1  justify redactions and withholdings on all future records was never formally placed on the
2  record pursuant to LRCiv 83.7.  Therefore, there is no agreement in the first instance,
3  Defendants cannot use the 321-page sample, and Defendants are required to justify each
4  withholding and redaction separately and specifically.
5      Therefore, Plaintiff respectfully requests that the Court order Defendants to provide the
6  requested Vaughn indexes to Plaintiff within 72 hours so that Plaintiff has adequate time to
7  draft his summary judgment motion by May 20, 2015.  Note: Defendants have already been
8  provided 90 days to get this done and have failed.
9      Plaintiff's filings, however inartfully drafted, must be liberally construed and held to
10 less stringent standards than formal pleadings drafted by lawyers.  *See* Haines v. Kerner, 404
11 U.S. 519, 520 (1972).
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1 | Respectfully Submitted: April 16, 2015

DANIEL DAVID RIGMAIDEN,
Pro Se Plaintiff:

<u>s/ Daniel Rigmaiden</u>
Daniel D. Rigmaiden

### CERTIFICATE OF SERVICE

I, Daniel David Rigmaiden, hereby certify that on April 16, 2015, I caused the attached document to be electronically transmitted to the Clerk's Office using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Brad P. Rosenberg, Attorney for Defendants

By: <u>s/ Daniel Rigmaiden</u>

- 5 -