BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
ELIZABETH J. SHAPIRO
Deputy Branch Director
BRAD P. ROSENBERG (D.C. Bar No. 467513)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C.  20044
Telephone: (202) 514-3374
Facsimile: (202) 616-8460
E-mail: brad.rosenberg@usdoj.gov
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel David Rigmaiden, | No. CV12-1605-DLR-BSB |
| Plaintiff, | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR APPROPRIATE SANCTIONS (DKT. NO. 129)** |
| vs. | |
| Federal Bureau of Investigation, et al., | |
| Defendants. | |

## INTRODUCTION

Plaintiff Daniel David Rigmaiden has filed a motion to impose sanctions against Defendants Federal Bureau of Investigation and Executive Office for United States Attorneys[1] under the theory that defendants did not comply with this Court's Order requiring defendants to complete their processing, and provide records to, plaintiff within ninety days of plaintiff providing notice that he will pay standard duplication fees.  As set forth below, defendants have complied fully with this Court's Order, and plaintiff has failed to identify any sanctionable conduct or prejudice in any event.  Moreover, there is

---

[1] Motion for Appropriate Sanctions Against Defendants FBI and EOUSA for Failure to Comply with the Court's Deadline (Dkt. No. 129, 04/16/2015) ("Pl. Sanctions Mot.").

1    no sanctions rule pursuant to which plaintiff can bring his motion, and he has cited none.

2    Accordingly, plaintiff's motion should be denied.

3                                    **ARGUMENT**

4
5    **I.      Sanctions Are Inappropriate Because Defendants Have Complied with this
             Court's Order.**

6            The basis for plaintiff's sanctions motion is that defendants FBI and EOUSA

7    completed their production, and mailed documents to plaintiff, by the date that those

8    documents were to be "provided" to plaintiff.  Here, the government reasonably

9    construed this Court's deadline as the date by which responsive documents were to be

10   sent to plaintiff.  Sending documents by a due date is the method by which agencies

11   routinely respond to FOIA requests and is consistent with the principles underpinning the

12   Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 5(b)(2)(C).

13          In fact, defendant EOUSA provided its records to plaintiff early by mailing them

14   to plaintiff on Friday, April 10.  As the exhibit attached to Mr. Rigmaiden's motion

15   makes clear, EOUSA's letter to plaintiff was dated April 10, and was stamped on April

16   10, because it was mailed that day.  *See* Pl. Sanctions Mot. Ex. 01, Dkt. No. 129-1, at 4.[2]

17   _____

18          [2] As noted in EOUSA's April 10 letter to Mr. Rigmaiden, EOUSA has previously
     offered for release records from its response to an ACLU FOIA request which generally

19   overlaps, in some respects, with Mr. Rigmaiden's request.  These records were subject to
     litigation in the United States District Court for the Northern District of California.  *See*

20   *American Civil Liberties Union of Northern California v. Department of Justice*, N.D.
     Cal. No. 12-cv-4008-MEJ.  On September 30, 2014, that court issued an opinion

21   granting-in-part and denying-in-part the parties' cross-motions for summary judgment
     regarding the categories of records EOUSA referred to.  ___ F. Supp. 3d ___, 2014 WL

22   4954277 (N.D. Cal. Sept. 30, 2014).  In so doing, the court upheld some of the FOIA
     exemptions that the government claimed, but not others.  *See id.*  The government

23   subsequently filed a Notice of Appeal to the Ninth Circuit.

24          Because Mr. Rigmaiden has not expressed an interest in receiving these records,
     the government does not construe them to be responsive to Mr. Rigmaiden's FOIA

25   request, and therefore does not intend to re-defend the validity of exemptions claimed in
     those records.  If Mr. Rigmaiden expresses an interest in these records, however, EOUSA

26   is prepared to provide the previously-disclosed records to him (even though he may have
     them already, as one of the records released from the ACLU FOIA request was filed as

27   an exhibit in Mr. Rigmaiden's criminal case).  If EOUSA were required to defend the
     validity of the exemptions in these records (to the extent any particular records that were

28   either withheld-in-full or withheld-in-part are actually responsive to Mr. Rigmaiden's
     request for records relating to "Harris" equipment), it is prepared to do so.

                                        – 2 –

1   Undersigned counsel's e-mail to Mr. Rigmaiden does not indicate otherwise, noting that

2   "[t]he FBI and EOUSA have provided you with their final releases *by today* (April 13,

3   2015) by mailing those releases to the address that you have previously provided to the

4   government."  Dkt. No. 129-1 at 2 (emphasis added).  In this regard, plaintiff's assertion

5   that EOUSA engaged in "gamesmanship" by "wait[ing] until April 13, 2015, to put the

6   letter and records in the mail," Pl. Sanctions Mot. at 3, is not merely incorrect; it is

7   entirely made-up and unsupported by the record, as EOUSA in fact mailed the production

8   on April 10.

9   Nor was the FBI engaging in any "gamesmanship," as plaintiff alleges.  *See*

10  Sanctions Mot. at 2-3.  First, and as plaintiff himself notes in his motion, the FBI had

11  already provided Mr. Rigmaiden with two partial releases reflecting the re-processing of

12  nearly 10,000 pages of documents.  *See* Pl. Sanctions Mot. at 1-2.  In fact, the FBI rolled

13  its production to plaintiff, providing documents on both March 3, 2015 and March 31,

14  2015.  *See* Ex. A (March 3, 2015 letter from FBI to Mr. Rigmaiden); Ex. B (March 31,

15  2015 letter from FBI to Mr. Rigmaiden).  Nothing in this Court's scheduling order

16  required the FBI to roll its production to plaintiff, or to provide any records in advance of

17  April 13.  The fact that the FBI released a large volume of records to plaintiff on a rolling

18  basis and well in advance of this Court's deadline undercuts any notion of

19  "gamesmanship."  Moreover, the FBI provided the April 13, 2015 release via Federal

20  Express overnight delivery; the delivery receipt (attached hereto as Ex. C) demonstrates

21  that delivery was made the very next day, on April 14, 2015.[3]

22  Plaintiff's "gamesmanship" argument also ignores the enormous undertaking that

23  plaintiff's requested re-processing of documents entailed.  Five FBI FOIA analysts have

24  been working nearly full-time re-processing plaintiff's request.  That work has also

25  

26  [3] Mr. Rigmaiden did not file his sanctions motion until April 16 – two days after
    he received the FBI's release.  His assertion that "Defendants are 5 days late on providing

27  Plaintiff with all responsive records," Pl. Sanctions Mot. at 2, is, at best, incomplete.
    Plaintiff had already been in receipt of the FBI's records for nearly two days by the time

28  he filed his sanctions motion; as for EOUSA, it had already mailed its records the
    previous Friday via US Mail.

1   required the dedication of other FBI resources, including from the FBI's Operational

2   Technology Division.  The FBI was still re-processing plaintiff's request – and making

3   final decisions on releases – on the morning of April 13.  Complying with the Court's

4   Order was, in short, a monumental effort that plaintiff's motion completely ignores.

5          Plaintiff criticizes undersigned counsel for not personally providing the documents

6   as an e-mail attachment.  Plaintiff, however, did not express his views regarding "receipt"

7   of the records until the evening of Saturday, April 11, leaving undersigned counsel with

8   one business day to attempt to respond to plaintiff's request.  By that time, EOUSA had

9   already mailed its documents to plaintiff.  The FBI's release consisted of 19 separate

10   CDs, and mailing CDs is the standard method by which the FBI releases documents in

11   electronic format.  As both the FBI and EOUSA were in full compliance with this Court's

12   Order, there was no need for litigation counsel to attempt to provide these thousands of

13   pages of documents by e-mail (if it was even practical to do so – it was not).  Moreover,

14   Mr. Rigmaiden's e-mail was clear that he expected to receive responsive records in his

15   physical mailbox, and not via e-mail:

16

17          The word "provide" means that they are in my hands within 90 days.  Your
           90 days is up on April 13, 2015.  I will check my mailbox on the morning
18          of April 14, 2015.  All of the records from both the FBI and EOUSA need
           to be there.  Just so you are ready for it, my motion for sanctions against
19          your clients for violating the court order (assuming they do) will be filed on
           April 14, 2015.

20   Dkt. No. 129-1, at 3.

21

22   **II.     Sanctions are Inappropriate Because the Government's Conduct Does Not
            Fall Within the Scope of Any Sanctions Provision That Plaintiff Can Invoke.**

23          Plaintiff has filed a sanctions motion, but has not identified the rule pursuant to

24   which the motion is being brought.  The Federal Rules of Civil Procedure contain two

25   sanctions provisions; neither is applicable here.  First, Rule 11 provides for sanctions

26   relating to misrepresentations that are made to the Court.  *See* Fed. R. Civ. P. 11(c).

27   There are no representations to the Court at issue here.  Rule 37 provides for sanctions in

28   the discovery context.  The release of records pursuant to a FOIA request is not

1    discovery.  Thus, neither sanctions provision is applicable.  Both provisions, however, are

2    informative because they impose numerous, procedural steps that must be undertaken

3    before a sanctions motion can be brought.  For example, Rule 11 contains a 21-day safe

4    harbor provision that allows a party to withdraw a contested paper.  *See* Fed. R. Civ. P.

5    11(c)(2).  Rule 37 requires that parties first attempt to meet and confer, and then file a

6    motion to compel, before sanctions can be sought for failure to comply with a subsequent

7    court discovery order.  *See* Fed. R. Civ. P. 37(b)(2)(A).  While neither rule is applicable

8    here, both are nonetheless instructive because they require a meaningful opportunity to

9    correct behavior before a sanctions motion is filed with the Court.  Mr. Rigmaiden's

10   Saturday evening e-mail did not provide any meaningful opportunity for the government

11   to respond.  Somewhat ironically, plaintiff's filing of a sanctions motion that is

12   unsupported by the facts, that does not comply with the federal rules, and that seems

13   intended merely to harass defendants, is itself the type of conduct that – in the

14   government's view – could fall within the scope of Rule 11.[4]

15          Finally, plaintiff argues that he has suffered prejudice, but fails to identify any

16   prejudice that he has suffered, other than having to wait a few days to receive his

17   documents (although for the FBI, any delay was, at most, one day).  The government

18   does not believe that plaintiff has suffered any prejudice because defendants complied

19   fully with this Court's order (and then some, by providing thousands of pages of

20   documents months in advance of the Court's deadline).  Moreover, and as will be

21   explained in the government's opposition to plaintiff's motion for early *Vaughn* indices,

22   plaintiff is attempting to re-litigate  some issues that have already been decided by this

23   Court, and in other respects issues for which plaintiff does not bear a burden of proof on

24   summary judgment in any event.  Hence, there can be no prejudice.  If, however, this

25   _____

26       [4] This Court's local rules do contain a sanctions provision.  *See* L.R. Civ.
     83.1(f)(1)(A).  Those sanctions, however, are to be imposed only upon the Court's "own
27   initiative."  *Id.*; *see also id.* 83.1(f)(4) ("The initiation of enforcement proceedings under
     this Local Rule is within the sole discretion of the Court.").  And in any event, the
28   Court's power to impose sanctions should be construed narrowly.  *See generally*
     *Zambrano v. City of Tustin*, 885 F.2d 1473 (9th Cir. 1989).

1    Court disagrees, an appropriate remedy would simply be to move the summary judgment

2    deadline back to compensate for any delay in delivery.  If it does so, the government

3    respectfully requests that the Court set a new summary judgment deadline no earlier than

4    June 5, 2013 (two weeks and two days after the current deadline), as undersigned counsel

5    has a conflict in another matter that severely limits his ability to work on this case from

6    the period from May 21 to May 31.

7                                        **CONCLUSION**

8           This Court should deny plaintiff's motion for sanctions.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1      DATED:  April 30, 2015                    Respectfully submitted,

2                                                BENJAMIN C. MIZER
                                                 Principal Deputy Assistant Attorney General
3
                                                 ELIZABETH J. SHAPIRO
4                                                Deputy Branch Director

5                                                /s/ *Brad P. Rosenberg*
                                                 BRAD P. ROSENBERG
6                                                D.C. Bar No. 467513
                                                 Trial Attorney
7                                                U.S. Department of Justice
                                                 Civil Division, Federal Programs Branch
8                                                P.O. Box 883
                                                 Washington, D.C.  20044
9                                                Telephone:  (202) 514-3374
                                                 Facsimile:  (202) 616-8460
10                                               E-mail:  brad.rosenberg@usdoj.gov

11                                               *Attorneys for Defendants*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2015, I served the attached document on Plaintiff via the CM/ECF system, who is a registered participant.

/s/ *Brad P. Rosenberg*
BRAD P. ROSENBERG
D.C. Bar No. 467513
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C.  20044
Telephone:  (202) 514-3374
Facsimile:  (202) 616-8460
E-mail:  brad.rosenberg@usdoj.gov

*Attorney for Defendants*