BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
ELIZABETH J. SHAPIRO
Deputy Branch Director
BRAD P. ROSENBERG (D.C. Bar No. 467513)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C.  20044
Telephone: (202) 514-3374
Facsimile: (202) 616-8460
E-mail: brad.rosenberg@usdoj.gov
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel David Rigmaiden,<br><br>         Plaintiff,<br><br>    vs.<br><br>Federal Bureau of Investigation, et al.,<br><br>         Defendants. | No. CV12-1605-DLR-BSB<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR AN EARLY *VAUGHN* INDEX "ADDRESSING ALL REDACTIONS AND WITHHOLDINGS" (DKT. NO. 130)** |

**INTRODUCTION**

Plaintiff has filed a motion for early *Vaughn* indices that would address "each specific redaction and withholding individually."[1] This Court should deny plaintiff's request for at least three reasons. First, *Vaughn* declarations or indices are submitted with the government's summary judgment motion, and early *Vaughn* indices are disfavored because the government bears the burden of proof on summary judgment. Second, plaintiff is attempting to re-litigate legal issues that this Court has already decided, such as the validity of the FBI's sample for the Harris request and the exemptions that the Court has already upheld from the Harris request. Third, the parties submitted a joint

---

[1] Motion for Order Requiring Defendants to Provide Vaughn Indices Addressing All Redactions and Withholdings (Dkt. No. 130, 04/16/2015) ("Pl. Vaughn Mot."), at 2.

status report addressing the next steps in the resolution of this lawsuit, and in light of that schedule, plaintiff has identified no basis for early *Vaughn* indices or his last minute request.

## ARGUMENT

### I.  Plaintiff is Not Entitled to Early *Vaughn* Indices Because the Government Bears the Burden of Proof in FOIA Cases.

In a FOIA case, the government has the burden of proving that its withholdings of certain documents or portions of certain documents was justified.  5 U.S.C. § 552(a)(4)(B).  As part of meeting this burden, the government usually provides a *Vaughn* declaration or index.  *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973).  However, "there is no statutory requirement of a *Vaughn* index or affidavit."  *Fiduccia v. United States Dep't of Justice*, 185 F.3d 1035, 1042 (9th Cir. 1999).  Moreover, and when an index is provided, no particular format is required so long as the materials provided "give the reviewing court a reasonable basis to evaluate the claim of privilege."  *Gallant v. NLRB*, 26 F.3d 168, 173 (D.C. Cir. 1994) (citation omitted).  An agency usually submits a *Vaughn* index or declaration with its dispositive motion.  *See Schwarz v. Dep't of Treasury*, 131 F. Supp. 2d 142, 147 (D.D.C. 2000) ("The requirement for detailed declarations and *Vaughn* indices is imposed in connection with a motion for summary judgment filed by a defendant in a civil action pending in court.") (footnote omitted); *City & Cnty. of Honolulu v. U.S. EPA*, No. 08-00404 SOM-LEK, 2009 WL 973154, at *1-2 (D. Haw. Apr. 9, 2009) (declining to order agency to produce *Vaughn* index prior to filing summary judgment motion).

Allowing defendants to file their declarations[2] with their motion for summary judgment will not prejudice plaintiff.  Rather, submission of declarations at that time will

---

[2] As set forth in more detail below, the FBI's supplemental declaration regarding the Harris request will be limited to a description of Exemption 7(E) for the 500-page sample, as the Court has already upheld all of the other exemptions from that sample, and has also determined that the sample can be used to determine disclosures across the Harris request.

- 2 –

1  allow plaintiff to address the adequacy of the justifications for the remaining, disputed
2  exemptions when he files his opposition to defendants' summary judgment motion,
3  thereby preserving the "traditional adversary process." *See Minier v. CIA*, 88 F.3d 796,
4  803 (9th Cir. 1996) (citing *Wiener v. FBI*, 943 F.2d 972, 977 (9th Cir. 1991)).  It will also
5  assist the Court in ruling on defendants' accompanying summary judgment motion.  *See*
6  *Lion Raisins v. U.S. Dep't of Agric.*, 354 F.3d 1072, 1082 (9th Cir. 2004) ("Courts are
7  permitted to rule on summary judgment in FOIA cases solely on the basis of government
8  affidavits describing the documents sought.") (citation omitted).

Plaintiff nonetheless seeks early Vaughn indices "addressing each specific redaction and withholding individually."  Pl. Vaughn Mot. at 2.  As this Court recounted in detail in its Order on the parties' cross-motions for summary judgment regarding the Harris request, the parties initially agreed to a sample *Vaughn* index, but plaintiff subsequently disputed the agreement.  *See* Order, Dkt. No. 122 (11/14/2014), at 46.  The FBI nonetheless asserted that the sample was representative of the withholdings in the Harris request and that the Court should use it as a sample of all the exemptions the FBI claimed.  *Id.*  "Despite Plaintiff's argument to the contrary, there is no reason that the Court's rulings on the sample exemptions provided cannot be used to guide the Parties in determining whether further disclosures are necessary."  *Id.*  This Court then proceeded to uphold all of the exemptions that the FBI asserted regarding the Harris request, save for Exemption 7(E).  *See id.* at 46-52 (noting that plaintiff did not challenge Exemptions 6 and 7(C), and upholding Exemptions 1, 3, 4, and 5).

In its subsequent Scheduling Order, this Court identified five remaining issues in this case:

(1) aspects of the adequacy of the search responsive to Plaintiff's November 10, 2011 Request to the FBI (the "WSJ Search");

(2) aspects of the adequacy of the search responsive to Plaintiff's October 10, 2011 Request to the Executive Office for United States Attorneys (the "EOUSA" Search);

(3) Exemption 7(E) on the EOUSA Request;

  (4) aspects of the adequacy of the search responsive to Plaintiff's October 10, 2011 Request to the FBI (the "Harris Search"); and

  (5) aspects of the claimed Exemption 7(E) on the Harris Request.

Order, Dkt. No. 127 (01/12/15), at 1-2.  When the defendants move for summary judgment, they will submit declarations that address these narrow points.

  Specifically, and as contemplated by the Court's Scheduling Order, EOUSA will submit a declaration 1) addressing the recent searches that it conducted of U.S. Attorney's Offices in California, Arizona, and New York; 2) addressing the exemptions that EOUSA is claiming regarding newly-found records from those recent searches of U.S. Attorney's Offices[3]; and 3) addressing the deficiency that the Court identified regarding EOUSA's application of Exemption 7(E) to records that it had previously withheld.  *See id.* at 2-3.[4]

  Regarding the WSJ request, and as contemplated by the Court's Scheduling Order,

---

[3] As noted in EOUSA's April 10 letter to Mr. Rigmaiden, EOUSA has previously offered for release records from its response to an ACLU FOIA request which generally overlaps, in some respects, with Mr. Rigmaiden's request.  These records were subject to litigation in the United States District Court for the Northern District of California.  *See American Civil Liberties Union of Northern California v. Department of Justice*, N.D. Cal. No. 12-cv-4008-MEJ.  On September 30, 2014, that court issued an opinion granting-in-part and denying-in-part the parties' cross-motions for summary judgment regarding the categories of records EOUSA referred to.  ___ F. Supp. 3d ___, 2014 WL 4954277 (N.D. Cal. Sept. 30, 2014).  In so doing, the court upheld some of the FOIA exemptions that the government claimed, but not others.  *See id.*  The government subsequently filed a Notice of Appeal to the Ninth Circuit.

  Because Mr. Rigmaiden has not expressed an interest in receiving these records, the government does not construe them to be responsive to Mr. Rigmaiden's FOIA request, and therefore does not intend to re-defend the validity of exemptions claimed in those records.  If Mr. Rigmaiden expresses an interest in these records, however, EOUSA is prepared to provide the previously-disclosed records to him (even though he may have them already, as one of the records released from the ACLU FOIA request was filed as an exhibit in Mr. Rigmaiden's criminal case).  If EOUSA were required to defend the validity of the exemptions in these records (to the extent any particular records that were either withheld-in-full or withheld-in-part are actually responsive to Mr. Rigmaiden's request for records relating to "Harris" equipment), it is prepared to do so.

[4] Plaintiff claims that the FBI's sample regarding the Harris request "cannot apply" to pages being withheld by EOUSA.  Pl. Vaughn Mot. at 2.  Defendants have never taken that position.

- 4 –

1   the FBI will submit a declaration addressing the deficiency that the Court identified
2   reading the description of the adequacy of its search. *See id.* at 4. The FBI notes that it
3   has now conducted a search of its Central Records System regarding that request, but did
4   not identify any additional, responsive records subject to FOIA. That additional search
5   will be described in the declaration as well.

6   Regarding the Harris request, and as contemplated by the Court's Scheduling
7   Order, the FBI will submit a declaration addressing the deficiency that the Court
8   identified regarding the description of the adequacy of its search. *See id.* at 4. The
9   supplemental declaration will also address the application of Exemption 7(E) to the 500-
10  page sample in order to address the deficiency in the description of the application of
11  Exemption 7(E) that the Court previously identified. *See id.* at 5.

12  Plaintiff's request for early *Vaughn* indices "addressing each specific redaction
13  and withholding individually" flies in the case of the Court's Orders and improperly
14  attempts to re-litigate exemptions that the Court has already decided. Having walked
15  away from the parties' agreement regarding the Harris sample, plaintiff now accuses the
16  FBI of violating provisions of that same agreement and claims that the sample is
17  inadequate. *See* Pl. Vaughn Mot. at 2-4. Plaintiff cannot have it both ways, and in any
18  event this Court has already decided that the sample provided an appropriate basis to
19  determine the adequacy of the FBI's exemptions, most of which it upheld for the sample
20  and, hence, the entire Harris request. *See* Order, Dkt. No. 122, at 46; Order, Dkt. No.
21  127, at 1-2. Plaintiff similarly claims that recently released records (presumably from the
22  FBI's re-processing to remove certain redactions) indicate to plaintiff that "the subject
23  matter is not clearly the same." Pl. Vaughn Mot. at 3. Plaintiff, however, does not
24  explain how the subject matter is any different. To the contrary, the reprocessing of the
25  body of records released to plaintiff had no impact on the representativeness of the
26  information previously disclosed in the sample. That is because the same methodology
27  that was employed to reprocess the sample records for the so-called "dirty words" was
28  also employed to reprocess the remaining body of records that were recently released.

1   More fundamentally, the re-processed records contain *fewer redactions*, and provide
2   plaintiff with *more information*.  The removal of these redactions does not provide a basis
3   for plaintiff to re-litigate exemptions that this Court has already upheld, or to invalidate
4   the sample upon which this Court has already relied.

**II.     This Court Should Reject Plaintiff's Last-Minute Request for an Early Vaughn Index as Inconsistent with the Scheduling Order in this Case.**

Plaintiff's request for an early *Vaughn* index also fails because plaintiff has raised this issue for the first time on the eve of the government's filing of its summary judgment motion.  The parties filed a Status Report in December, 2014.  *See* Dkt. No. 126 (12/22/2014).  Nowhere in that status report did plaintiff indicate that he would need early declarations prior to the filing of summary judgment motions (for which plaintiff does not bear the burden of proof in any event), much less that he would attempt to re-litigate the adequacy of the FBI's exemptions regarding the Harris request.[5]  By contrast, the government was clear that "[d]efendants propose to provide their supplemental declarations in conjunction with the filing of a renewed summary judgment motion." Status Report, Dkt. No. 126, at 12.  This Court then entered its Scheduling Order, which repeatedly noted that the government would supplement its declarations "along with another motion for summary judgment."  Order, Dkt. No. 127, at 3, 4, 5.  Nothing in the Court's scheduling order contemplated providing early declarations, much less a *Vaughn* index for the Harris request that identifies each and every exemption claimed for all records withheld in that request (including exemptions that the Court had already upheld in the sample).

---

[5] Plaintiff indicated that, once re-processing was complete, "the parties will determine whether the prior record sample and FBI declaration cover the newly revealed information.  If the sample shows to not cover the newly revealed information, an additional round of summary judgment motions will be needed in order to address the exemptions."  Status Report, Dkt. No. 126, at 14.  By contrast, the government took the position that "the FBI does not believe that there would be anything left to litigate once that re-processing is completed (though it understands that plaintiff disagrees with that position, and may attempt to challenge segregability)."  *Id.* at 12.

- 6 –

1  In this regard, the government believes that plaintiff is acting in bad faith. Plaintiff raised the issue for early *Vaughn* indices via e-mail on the evening of Saturday, April 11. Plaintiff's e-mail demanded, for the first time, "a detailed Vaughn index addressing each and every redaction on every page of every disclosure by both the FBI and EOUSA by April 13, 2015." Pl. Vaughn Mot. Ex. 01, Dkt. No. 130-1 at 3. If the government did not comply with plaintiff's demand by Monday, April 13 – literally the very first business day that it could respond – plaintiff indicated that he would file a motion seeking relief from the Court. *Id.* Plaintiff's proposed order similarly requests that the government comply with plaintiff's demand within 72 hours. *See* Proposed Order, Dkt. No. 130-2. It would be impossible the government to have provided any sort of *Vaughn* index on the same day it was requested (as the government's efforts have been focused, to date, on providing documents to plaintiff), much less *Vaughn* indices addressing redactions spanning across tens of thousands of pages of documents. That is particularly the case where, as here, the parties and the Court contemplated limited declarations addressing the small number of issues that remain in dispute in this litigation.

## CONCLUSION

This Court should deny plaintiff's motion for early *Vaughn* indices.

1   DATED:  April 30, 2015				Respectfully submitted,

2								BENJAMIN C. MIZER
								Principal Deputy Assistant Attorney General
3
								ELIZABETH J. SHAPIRO
4								Deputy Branch Director

5								/s/ *Brad P. Rosenberg*
								BRAD P. ROSENBERG
6								D.C. Bar No. 467513
								Trial Attorney
7								U.S. Department of Justice
								Civil Division, Federal Programs Branch
8								P.O. Box 883
								Washington, D.C.  20044
9								Telephone:  (202) 514-3374
								Facsimile:  (202) 616-8460
10								E-mail:  brad.rosenberg@usdoj.gov

11								*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2015, I served the attached document on Plaintiff via the CM/ECF system, who is a registered participant.

/s/ *Brad P. Rosenberg*
BRAD P. ROSENBERG
D.C. Bar No. 467513
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044
Telephone: (202) 514-3374
Facsimile: (202) 616-8460
E-mail: brad.rosenberg@usdoj.gov

*Attorney for Defendants*