Daniel David Rigmaiden
530 E McDowell Rd Ste 107-214
Phoenix, AZ 85004
Email: freedan@safe-mail.net

Daniel David Rigmaiden,
Pro Se, Plaintiff

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel David Rigmaiden,<br><br>    Plaintiff,<br>v.<br><br>Federal Bureau of Investigation, et al.<br><br>    Defendant. | Civil Action No.:<br><br>12-CV-01605-DLR-BSB<br><br>REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR AN EARLY VAUGHN INDEX "ADDRESSING ALL REDACTIONS AND WITHHOLDINGS" |

Plaintiff, Daniel David Rigmaiden, appearing *pro se*, respectfully submits this *Reply To Defendants' Opposition To Plaintiff's Motion For An Early Vaughn Index "ADDRESSING All Redactions And Withholdings"*.[1]

**I.   The Court's analysis of Exemption (b)(1), Exemption (b)(3), Exemption (b)(4), and Exemption (b)(7)(E) at Dkt. #122 does not apply to the newly disclosed 4,571-page FBI Harris FOIA document set.**

The Court set a deadline of May 20, 2015, for the parties to file a second round of summary judgment motions. *See* Dkt. #127, p. 6. In its scheduling order, the Court anticipated at least five specific issues that Defendant FBI would address in its motion for summary judgment. However, the Court's order also allows for either party to address any remaining outstanding issue via summary judgment motions. The order states that "[i]f **either party** seeks to file a second Motion for Summary Judgment on the outstanding issues

---

1.   In his motion for Vaughn indexes, Plaintiff asked the Court to order the EOUSA to provide a Vaughn index considering "[t]he FBI's 321-page sample cannot apply to the 185 pages being withheld by the EOUSA as they are separate agencies." Dkt. #130, p. 2. In its response motion, Defendant EOUSA claimed that "Defendants have never taken that position." Dkt. #133, p. 4, fn. 4. If Defendant EOUSA plans to use its May 20, 2015, summary judgment motion to justify withholding the 185 pages of Harris FOIA response documents, Plaintiff has no need to challenge the withholdings directly in *his* motion for summary judgment and, therefore, can wait until May 20, 2015, to view the EOUSA Vaughn index.

- 1 -

in this case, such Motion for Summary Judgment shall be filed on or before Wednesday, May 20, 2015." *Id.*, p. 6 (emphasis added).

Since the time of the Court's scheduling order, additional outstanding issues have materialized in relation to the FBI Harris FOIA request that need to be addressed by the Court. For example,[2] the FBI has provided Plaintiff 4,571 additional redacted Harris FOIA pages and withheld 8,457 pages in full.[3] These new redactions and withholding did not exist at the time the Court issued the scheduling order at Dkt. #127. Because Defendant FBI refuses to use its summary judgment motion to adequately justify the redactions and withholdings within the new Harris FOIA document set, Plaintiff needs a Vaughn index so that he can challenge the FBI's failure to comply with FOIA law in his summary judgment motion.

Defendant FBI claims that Plaintiff is attempting to relitigate the FOIA exemptions already decided in the first round of summary judgment.[4] However, the Court's order at Dkt. #122 only states that "there is no reason that the Court's rulings on the sample exemptions provided cannot be used to **guide the Parties** in determining whether **further disclosures are necessary**." *Id.*, p. 46 (emphasis added). Contrary to Defendant FBI's claim, the Court did not state that its ruling on exemptions within the 321-page sample would also apply to future exemptions within documents that had not been viewed by Plaintiff, the Court, or even the FBI (the documents and exemptions were yet to even exist). More controlling, the Court's analysis of exemption (b)(1), (b)(3), (b)(4), and (b)(7)(E) at Dkt. #122 supports Plaintiff's position. The Court's exemption analysis was done in the narrow context of the

---

2. There is also at least one other outstanding issue relating to the FBI sending Plaintiff, for example, a package containing 19 CDs worth of data, along with a bill for $285.00, while all of the data could have fit on 1 CD for $15.00. The FBI engaged in this act of extortion, which is also a RICO Act violation, while almost simultaneously fulfilling another FOIA requester's request for the **exact same records** by providing them on 1 CD for $15.00.

3. The Court previously gave Defendant FBI 90 days to provide Plaintiff with the remainder of the Harris FOIA documents. *See* Dkt. 127, pp. 5-6.

4. Notably, the five issues summarized in the scheduling order at Dkt. #127 are all issues that Defendants themselves are relitigating from the first round of summary judgment. Nevertheless, unlike Defendants who are engaging in *actual* relitigation, Plaintiff is not attempting to relitigate any previously decided issue. Rather, Plaintiff is making sure that the redactions and withholding within the newly provided document set are adequately addressed by the Court so the case is not remanded by the Ninth Circuit.

specific subject matter contained in the 321-page sample. As explained below, applying the Court's exemption analysis at Dkt. #122 to the newly provided 4,571-page FBI Harris FOIA document set[5] is untenable under FOIA law. The only way to proceed in this case—without a high risk of remand by the Ninth Circuit—is to have all specific exemptions within the newly provided 4,571 redacted pages and withheld 8,457 pages justified by the FBI, challenged by Plaintiff, and addressed by the Court.

      A.    **The Court's Exemption (b)(1) analysis at Dkt. #122 does not carry over to the newly provided 4,571-page FBI Harris FOIA document set.**

In its order at Dkt. #122, the Court upheld Defendant FBI's claim of Exemption (b)(1) within the 321-page sample as follows: (1) "Hardy avers that he is an original classification authority and he has withheld information under Exemption 1 that is marked at the 'Secret' level[,]" and (2) "Hardy describes in detail the reasons for withholding such information." Dkt. #122, p. 48 (citing Dkt. #092-6, ¶¶ 24-34). However, Hardy's justifications are very specific to the subject matter of the sample: (1) "The classification information withheld on FBICELL-129, 260, 271-273, 275, 277, 279-281, 283-285, 287-289, 296, 312, 342-345, 370, 378, 440-445, 448-450, 455, and 460-461 contains detailed intelligence activities information gathered or compiled by the FBI on specific individuals or organizations of national security interest." Dkt. #092-6, ¶ 28; (2) "The classification information withheld on FBICELL-259 identifies the character and/or title of the case for a specific type of intelligence activity directed at a specific target of national security interest." *Id.*, ¶ 29; (3) "The classification information withheld on FBICELL-392 contains sensitive intelligence information gathered by the United States either about or from a foreign county." *Id.*, ¶ 30; and (4) "The classification information withheld on FBICELL-129,259-260, 271-273, 275, 277, 279-281, 283-285, 287-289, 342-345, 378, 440-445, 448-450, 455, and 460-461 all pertain to systems employed, or under development, by the FBI to assist in its national security missions." *Id.*, ¶ 32.

---

5.    Throughout this reply, the phrase "4,571-page FBI Harris FOIA document set" also include the 8,457 pages withheld by the FBI in full, which are logged by "Deleted Page Information Sheets" within the document disclosure.

1   The recently provided 4,571-page Harris FOIA document set is on the internet at
2   https://muckrock.s3.amazonaws.com/foia_files/4-24-15_MR16083_RES_ID1321895-000.pdf
3   (last accessed: May 4, 2015).  Plaintiff implores the Court to take a cursory glance at just
4   some of the Exemption (b)(1) redactions and withholdings within the new documents.  The
5   Court will see that the new (b)(1) exemptions are not clearly covered by Hardy's justifications
6   applied to the (b)(1) exemptions in the previous sample.  For example, page No. 1 of the
7   newly provided 4,571-page document set is a "Deleted Page Information Sheet" that lists a
8   number of (b)(1) exemptions with **no cross reference** to any of the (b)(1) exemption
9   justifications contained in Hardy's declaration at Dkt. #092-6.  For this reason, Defendant FBI
10  must produce a Vaughn index that addresses all specific (b)(1) exemptions applicable to the
11  new 4,571-page Harris FOIA document set, and the justifications for those exemptions must
12  be brought before the Court for a ruling.
13  As explained in Section III, *infra*, if the Court is going to apply the prior "sample
14  document" agreement entered into by the parties—even while not sufficiently put on the
15  record and nevertheless violated by Defendant FBI—that agreement still allows Plaintiff to
16  litigate all future exemptions addressing new information on new documents.  If holding the
17  agreement valid, the Court has no jurisdiction to relieve Defendant FBI of its obligation under
18  the terms of the agreement after Plaintiff upheld his end in good-faith.  The agreement
19  necessitates that Defendant FBI produce a Vaughn index addressing the new (b)(1)
20  exemptions, as well as all other new exemption claims.

21              **B.   The Court's Exemption (b)(3) analysis at Dkt. #122 does not carry
                     over to the newly provided 4,571-page FBI Harris FOIA document
22                   set.**

23  In its order at Dkt. #122, the Court upheld Defendant FBI's claim of Exemption (b)(3)
24  within the 321-page sample as follows: "Hardy avers that the Director of National
25  Intelligence reviewed the information exempted under Exemption 3 and approved the FBI's
26  assertion of this statutory authority to withhold intelligence sources and method information."
27  Dkt. #122, pp. 49-50 (citing Dkt. #092-6, ¶ 37).  However, Hardy's justification is very
28  specific to the subject matter of the sample: "As relevant here, the Office of the DNI on

behalf of the DNI **reviewed the information at issue** here and approved the FBI's assertion of this statutory authority to withhold intelligence sources and method information under Exemption (b)(3)[.]" Dkt. #092-6, ¶ 37 (emphasis added). The Court appears to have upheld exemption (b)(3) applicable to the sample document set merely on the basis that a "review" occurred. While this is generally insufficient under FOIA, if the Court were to carry this reasoning over to the recently provided 4,571-page Harris FOIA document set, it would have no basis no uphold the (b)(3) exemptions considering **there was no review** of the 4,571 pages by "the Office of the DNI on behalf of the DNI" nor has the DNI specifically "approved the FBI's assertion" of the (b)(3) exemptions within the newly provided 4,571 pages. Once again Defendant FBI's proposal to use the 321-page sample to justify exemptions within the newly provided 4,571 pages fails under any conceivable interpretation of FOIA law. For this reason, Defendant FBI must produce a Vaughn index addressing all specific (b)(3) exemptions applicable to the new Harris FOIA document set, and the justifications for those exemptions must be brought before the Court for a ruling.

      **C.**      **The Court's Exemption (b)(4) analysis at Dkt. #122 does not carry over to the newly provided 4,571-page FBI Harris FOIA document set.**

In its order at Dkt. #122, the Court upheld Defendant FBI's claim of Exemption (b)(4) within the 321-page sample as follows: "Hardy avers that the disclosure of this commercial information would impair the government's ability to obtain necessary information in the future and could cause substantial harm to the competitive position of the person from whom the information was obtained." Dkt. #122, p. 50 (citing Dkt. #092-6, ¶ 40). However, Hardy's justification is very specific to the subject matter of the sample: (1) "[R]eleasing the identities of these companies would have a chilling effect on the FBI's ability to obtain information from them to support future investigative needs as the public revelation of FBI cooperation may cause these companies to reconsider cooperation." Dkt. #092-6, ¶ 40; and (2) "[B]usiness would be substantially harmed if their customers knew that the companies were furnishing information to the FBI. The stigma of working with the FBI would cause customers to cancel the companies' services and file civil actions to prevent further disclosure

of subscriber information." *Id.*, ¶ 40.

Again, the context is very specific and does not clearly apply to any of the (b)(4) exemptions claimed in the newly provided 4,571-page Harris FOIA document set. For example, page No. 1598 is a "Purchase Order for Supplies or Services" claiming Exemption (b)(4). However, purchasing "supplies or services" has nothing to do with the "FBI's ability to obtain information" about customers from companies or the chance that they may "cancel the companies' services and file civil actions to prevent further disclosure of subscriber information." Dkt. #092-6, ¶ 40. The subject matter addressed in Hardy's declaration at Dkt. #092-6 does not apply to any "Purchase Order for Supplies or Services." This same logic applies to all other Exemption (b)(4) claims made within the new 4,571 page document set. For this reason, Defendant FBI must produce a Vaughn index that addresses all specific (b)(4) exemptions applicable to the new Harris FOIA document set, and the justifications for those exemptions must be brought before the Court for a ruling.[6]

      **D.**      **The Court's Exemption (b)(7)(E) analysis at Dkt. #122 does not carry over to the newly provided 4,571-page FBI Harris FOIA document set.**

In its order at Dkt. #122, the Court denied Defendant FBI's claim of Exemption (b)(7)(E) within the 321-page sample as follows: "With regard to the remainder of the information being withheld under Exemption 7(E), the Court **does not have adequate information** from the Declaration of Hardy about the documents withheld and **the information** withheld in **particular documents**. Because the FBI has not provided the Court with a particularized explanation of why **each document** falls within the claimed exemption, the FBI has failed to establish a rational nexus between its law enforcement function and the information being withheld." Dkt. #122, p. 52 (emphasis added).

---

6.  As explained in Section III, *infra*, if the Court is going to apply the prior "sample document" agreement entered into by the parties—even while not sufficiently put on the record and nevertheless violated by Defendant FBI—that agreement still allows Plaintiff to litigate all future exemptions addressing new information on new documents. If holding the agreement valid, the Court has no jurisdiction to relieve Defendant FBI of its obligation under the terms of the agreement after Plaintiff upheld his end in good-faith. The agreement necessitates that Defendant FBI produce a Vaughn index addressing the new (b)(4) exemptions, as well as all other new exemption claims.

If Defendant FBI's Exemption (b)(7)(E) justifications were insufficient to even apply to the **particular documents** in the 321-page sample, they could not possibly be sufficient to apply to the **particular documents** within the 4,571 pages of additional documents that neither the Court nor Plaintiff had viewed prior to the Court's ruling. The Court was correct in its analysis that FOIA law requires Defendant FBI to adequately explain "the information withheld" in "each document." *Id*. The FBI's plan to apply the exemptions claimed on one document to another goes against the Court's reasoning at Dkt. #122. Once again Defendant FBI's proposal to use the 321-page sample to justify exemptions within the newly provided documents fails under any conceivable interpretation of FOIA law. For this reason, Defendant FBI must produce a Vaughn index that addresses all specific (b)(7)(E) exemptions applicable to the new Harris FOIA document set, and the justifications for those exemptions must be brought before the Court for a ruling.

**II.     Plaintiff will be prejudiced if he is not provided with a Vaughn index addressing the newly provided 4,571-page FBI Harris FOIA document set prior to the May 20, 2015, summary judgment deadline.**

Defendant FBI claims that "Plaintiff's request for an early Vaughn index [] fails because [][he] has raised this issue for the first time on the eve of the government's filing of its summary judgment motion." Dkt. #133, p. 6. Note: Plaintiff assumes that Defendant FBI means "forty days before the government's filing of its summary judgment motion,"[7] as summary judgment motions are due May 20, 2015. Contrary to Defendant FBI's claims, it is standard procedure for a FOIA Defendant to provide a FOIA Plaintiff a Vaughn index. Furthermore, because Plaintiff is using his summary judgment motion to challenge the legitimacy of the FBI's redactions and withholdings within the newly provided 4,571-page document set, he needs the Vaughn index in order to not be prejudiced in this case. Otherwise, the exemptions claimed in the newly provided 4,571-page document set will never be adequately brought before the Court.

Defendant FBI claims that "the government has the burden of proving that its

---

7.   The Court gave Defendants 90 days (which ended on April 13, 2015) to provide Plaintiff with the remainder of the Harris FOIA documents. *See* Dkt. 127, pp. 5-6.

1  withholdings of certain documents or portions of certain documents was [sic] justified." Dkt.
2  #133, p. 2.  However, Defendant FBI made clear at Dkt #133 that it is refusing to use its
3  summary judgment motion to justify the withholdings within the newly provided 4,571-page
4  document set and is instead only readdressing the 321-page sample.  As explained in Section
5  I(A), (B), (C), and (D) above, this is untenable under FOIA law, as well as under the
6  exemption analysis drafted by the Court at Dkt. #122.  If the Court allows the FBI to proceed
7  in this manner, it will be faced with the decision of whether to risk remand or grant Defendant
8  FBI a **third try** at summary judgment in a case that "is nearly three years old and has
9  extended well beyond the 18-month trial guideline recommended by Congress in the Civil
10 Justice Reform Act of 1990." Dkt. #127, p. 6.

11        Defendant FBI claims that "[n]owhere in [][the December 22, 2014,] status report did
12 plaintiff indicate that he would need early declarations prior to the filing of summary
13 judgment motions[.]" Dkt. #133, p. 6.  First, Plaintiff is not asking for an "early" Vaughn
14 index.  Plaintiff asked that a Vaughn index be provided contemporaneous with the newly
15 provided 4,571-page document set.  This is neither uncommon nor unreasonable.
16 Furthermore, nowhere in the December 22, 2104, status report did Defendant FBI indicate
17 that it would be refusing to justify the exemptions within the newly provided 4,571-page FBI
18 Harris FOIA document set and that it would instead only readdress the 321-page sample.

19        Defendant FBI claims that Plaintiff is acting in bad faith because he requested a
20 Vaughn index upon the 90-day disclosure deadline set by the Court and then filed a motion
21 asking the Court to order disclosure of the Vaughn index within 72 hours.  *See* Dkt. #133, p.
22 7.  Plaintiff is not acting in bad faith.  The Court ordered Defendant FBI to produce the FOIA
23 records within 90 days and a Vaughn index should have been provided contemporaneous with
24 that FOIA disclosure.  Defendant FBI's claim of "bad faith" is just further evidence of its
25 overall gamesmanship in this case.  Additionally, Defendant FBI presents further falsities to
26 the Court in relation to its "bad faith" accusation.  The FBI falsely presented that there are
27 "redactions spanning across tens of thousands of pages of documents." Dkt. #133, p. 7.
28 Contrary to this false claim, there are 4,571 redacted pages at issue and 8,457 pages withheld

in full—far short of "tens of thousands of pages." This is further evidence of Defendant FBI's gamesmanship.

### III. Whether the Court applies the "sample document" agreement or not, Defendant FBI is required to produce a Vaughn index addressing all exemptions within the newly provided 4,571-page document set.

Defendant FBI claims that Plaintiff "walked away from the parties' agreement regarding the Harris sample,... [while at the same time] accus[ing] the FBI of violating provisions of that same agreement[,] and claim[ing] that the sample is inadequate." Dkt. #133, p. 5. To this regard, Defendant FBI argues that "Plaintiff cannot have it both ways." *Id*. Contrary to Defendant FBI's argument, Plaintiff is entitled to a Vaughn index addressing the 4,571-page FBI Harris FOIA document set under both the terms of the agreement (if the Court wishes to apply it) and under FOIA law in absence of the agreement. In other words, Plaintiff *is* right both ways.

#### A. If the Court wishes to apply the "sample document" agreement, Plaintiff is right.

The USDOJ attorney representing Defendant FBI, Brad Rosenberg, agreed during a recorded telephone call with Plaintiff that Plaintiff could require the FBI to justify any exemption in any document outside the sample if the redacted or withheld information is different from what is specifically covered by the sample. This was summarized in the December 22, 2014, status report:

> "Once the reprocessed documents are provided, the parties will determine whether the prior record sample and FBI declaration cover the newly revealed information. If the sample shows to not cover the newly revealed information, an additional round of summary judgment motions will be needed in order to address the exemptions."

*Id.*, p. 14.

Mr. Rosenberg has not directly disputed this term of the agreement at any point during the litigation. Instead, he claims that "the FBI does not believe that there would be anything left to litigate once that re-processing is completed (though it understands that plaintiff disagrees with that position, and may attempt to challenge segregability)." *Id*. at 12. But it matters not what the FBI "believes" considering the agreement, as discussed on the phone between

Plaintiff and Mr. Rosenberg, dictates that Plaintiff would be the **sole decider** on whether any exemption on any future document would need to be justified by the FBI and litigated. Plaintiff has already decided that all exemptions on all 4,571 redacted pages and 8,457 pages withheld in full need to be justified by the FBI and litigated.

Defendant FBI claims that "Plaintiff... does not explain how the subject matter is any different.." However, Plaintiff having to convince the Court that any information is different was not part of the agreement. The agreement was that Plaintiff would be the **sole decider** on whether any future exemption on any future document would need to be justified by the FBI and litigated. This is common sense. Plaintiff had **absolutely nothing to gain** by agreeing to let the FBI start with a sample document set. Plaintiff only agreed because Mr. Rosenberg agreed during a recorded telephone call that Plaintiff would solely decide whether any future exemption on any future document would need to be justified by the FBI and litigated.

The dispute regarding the agreement is a result of it never being properly placed on the record pursuant to LRCiv 83.7. Plaintiff has never been to law school and has had to self-teach himself everything he knows beyond a twelfth grade education. Mr. Rosenberg, a university trained attorney, was/is clearly taking advantage of Plaintiff by failing to place clear terms on the record and continuing with attempts to use the sample in violation of what he agreed upon.

**B.      If the Court wishes to NOT apply the "sample document" agreement, Plaintiff is still right.**

Plaintiff has made a very good record of how the "sample document" agreement was violated by Defendant FBI and nevertheless not properly placed on the record (*see*, *e.g.*, Dkt. #130). Therefore, the Court cannot use the agreement as a basis to rely upon the sample to decide the validity of exemptions within the newly provided 4,571 redacted pages and 8,457 pages withheld in full. However, if the Court is considering relying upon the sample upon its own initiative, the Court need only look to Section II(A), (B), (C), and (D) above to realize that doing so is untenable under FOIA law. In other words, Plaintiff is right under all possible scenarios.

1 | Respectfully Submitted: May 4, 2015

DANIEL DAVID RIGMAIDEN,
Pro Se Plaintiff:


s/ Daniel Rigmaiden
Daniel D. Rigmaiden


**CERTIFICATE OF SERVICE**

I, Daniel David Rigmaiden, hereby certify that on May 4, 2015, I caused the attached document to be electronically transmitted to the Clerk's Office using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Brad P. Rosenberg, Attorney for Defendants

By: s/ Daniel Rigmaiden

- 11 -