Daniel David Rigmaiden
530 E McDowell Rd Ste 107-214
Phoenix, AZ 85004
Email: freedan@safe-mail.net

Daniel David Rigmaiden,
Pro Se, Plaintiff

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel David Rigmaiden, | Civil Action No.: |
| Plaintiff, | 12-CV-01605-DLR-BSB |
| v. | REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR APPROPRIATE SANCTIONS |
| Federal Bureau of Investigation, et al. | |
| Defendant. | |

Plaintiff, Daniel David Rigmaiden, appearing *pro se*, respectfully submits this *Reply To Defendants' Opposition To Plaintiff's Motion For Appropriate Sanctions*.

In their response, Defendants raise baseless justifications, present inaccurate facts, and use outright dishonesty as a means to justify failing to comply with the Court's 90-day deadline. In this reply, Plaintiff will show how Defendants' response (1) does not justify failing to comply with the Court's order, and (2) further underscores the need for the Court to impose sanctions upon both Defendants.

**I.    Defendants' response does not justify failing to comply with the Court's order.**

Defendants claim that they "reasonably construed this Court's deadline as the date by which responsive documents were to be **sent** to plaintiff[]" because "[s]ending documents by a due date is the method by which agencies routinely respond to FOIA requests and is consistent with the principles underpinning the Federal Rules of Civil Procedure." Dkt. #132, p. 2 (citing Fed. R. Civ. P. 5(b)(2)(C)). First, Plaintiff already explained how "service" pursuant to Fed. R. Civ. P. 5(b)(2)(C) is different from "provide" and how "service" does not apply under the circumstances. *See* Dkt. #129. As previously explained, the Court's order uses the word "provide," which has a distinct definition. *See id*. Second, Defendants were

- 1 -

required to comply with the directive to provide Plaintiff with the documents within 90 days, rather than ignore the Court and apply their own internal policy that dictates waiting until the very last day to drop documents in the mail (or give to a private courier).

Defendant FBI claims that it did not engage in gamesmanship considering "the FBI had already provided Mr. Rigmaiden with two partial releases reflecting the re-processing of nearly 10,000 pages of documents[,]" and that "releas[ing] a large volume of records to plaintiff on a rolling basis [] well in advance of this Court's deadline undercuts any notion of 'gamesmanship.'" *Id.*, p. 3.  However, these red herrings do not address the issue raised by Plaintiff in his motion for sanctions.[1]  The Court's order required that ***all*** records be provided by April 13, 2015, not just some of them.  The FBI—as well as the EOUSA—failed to comply with the order.

Defendants argue that the Court has no power to impose sanctions on them for violating the order because Mr. Rosenberg was not able to find any rules or statutes that discuss sanctions in the context of FOIA litigation.  *See* Dkt. #132, p. 4.  This argument is baseless.  Federal courts possess broad "inherent powers" to award sanctions.  *See* United States v. Hudson, 7 Cranch 32, 24 L. Ed. 259 (1812); Chambers v. Nasco, Inc., 501 U.S. 32 (1991).

The remainder of Defendants' arguments are addressed below in the context of highlighting Defendants and their attorney's dishonest claims made at Dkt. #132.

**II.     Defendants' response further underscores the need for the Court to impose sanctions upon both Defendants.**

**A.     Mr. Rosenberg's first additional lie presented to the Court.**

Defendant EOUSA, through Mr. Rosenberg, claims that "plaintiff's assertion that

---

1.  Additional red herrings include (1) "Five FBI FOIA analysts have been working nearly full-time re-processing plaintiff's request." Dkt. #132, p. 3; (2) "That work has also required the dedication of other FBI resources, including from the FBI's Operational Technology Division." *Id.*; and (3) "The FBI was still re-processing plaintiff's request – and making final decisions on releases – on the morning of April 13." *Id.*  None of these claims erase the fact that Defendant FBI failed to provide the records to Plaintiff by April 13, 2015.  Presenting numerous red herrings to the Court is further evidence of Defendant FBI and its attorney's gamesmanship.

- 2 -

1  EOUSA engaged in 'gamesmanship' by 'wait[ing] until April 13, 2015, to put the letter and
2  records in the mail,' [] is not merely incorrect; it is entirely made-up and unsupported by the
3  record, as EOUSA in fact mailed the production on April 10." Dkt. #132, p. 2.  As explained
4  below, Defendant EOUSA and Mr. Rosenberg falsely accusing Plaintiff of "making things
5  up" is further evidence of their gamesmanship.

6  Mr. Rosenberg emailed Plaintiff on April 13, 2015, stating that the "[t]he FBI and
7  EOUSA have provided you with their final releases **by today (April 13, 2015) by mailing**
8  **those releases** to the address that you have previously provided[.]"  Dkt. #129-1, p. 1.  Mr.
9  Rosenberg now wants to change his story and state that the EOUSA mailed the documents on
10 April 10, 2015, and Plaintiff is therefore "making things up?"  Mr. Rosenberg's baseless
11 accusation—which is contradicted by his own email—is further grounds for sanctions.

12             **B.      Mr. Rosenberg's second additional lie presented to the Court.**

13 Defendant EOUSA, through Mr. Rosenberg, claims that "[a]s the exhibit attached to
14 Mr. Rigmaiden's motion makes clear, EOUSA's letter to plaintiff was dated April 10, and was
15 stamped on April 10, because it was mailed that day."  Dkt. #132, p. 3.  This is a further
16 attempt to deceive the Court.  Mr. Rosenberg is attempting to construe the noted stamp as
17 something applied by the post office or other mail carrier, rather than Defendant EOUSA's
18 own internal date stamp.  *See* Dkt. #129-1, p. 4.  This is further evidence of Defendant
19 EOUSA and Mr. Rosenberg's gamesmanship.

20 Plaintiff checked for the FBI and EOUSA deliveries at the UPS Store on the morning
21 of April 14, 2015, which was one day past the 90 day deadline, and neither the EOUSA nor
22 FBI FOIA documents had been delivered.

23             **C.      Mr. Rosenberg's third additional lie presented to the Court.**

24 Mr. Rosenberg presented the following falsity to the Court:

25 "Mr. Rigmaiden did not file his sanctions motion until April 16 – two days after
   he received the FBI's release.  His assertion that 'Defendants are 5 days late on
26 providing Plaintiff with all responsive records,' Pl. Sanctions Mot. at 2, is, at
   best, incomplete.  **Plaintiff had already been in receipt of the FBI's records**
27 **for nearly two days by the time he filed his sanctions motion**; as for
   EOUSA, it had already mailed its records the previous Friday via US Mail."
28

1  Dkt. #132, p. 3 (emphasis added).

2  Mr. Rosenberg is lying.  Plaintiff was not in receipt of the FBI's release on April 14, 2015, as falsely claimed by Mr. Rosenberg.  As Mr. Rosenberg is aware, Plaintiff's address is a UPS Store in Phoenix, AZ, and delivery of a package to a pickup center does not mean Plaintiff "received the FBI's release."  Dkt. #132, p. 3.  The logs for the pickup center will show that Plaintiff signed for the package on the morning of April 21, 2015—five days after Plaintiff filed his motion for sanctions.  The logs can be subpoenaed.

Plaintiff visited the UPS Store **on the morning of** April 14, 2015, to see if the FBI and EOUSA had complied with the Court's 90-day deadline.  The EOUSA letter was not there and, as shown by the 2:00pm time stamp, the FBI's FedEx shipment had not yet arrived.  *See* Dkt. #132-1, p. 11.  As further explained below, due to Mr. Rosenberg's gamesmanship and delay tactics, Plaintiff had no way of knowing that the FBI's CDs would arrive at 2:00pm on April 14, 2015.

On April 13, 2015, Mr. Rosenberg failed to advise Plaintiff that the FBI shipped the documents using FedEx next day delivery.  Instead, Mr. Rosenberg informed plaintiff that the FBI has "provided you with [][its] final release by today (April 13, 2015) by **mailing those releases** to the address you have previously provided[.]"  Dkt. #129-1, p. 2.  The previous two sets of CDs provided to Plaintiff by the FBI were also mailed—as opposed to being shipped using FedEx—and took 5 business days to arrive.  Therefore, it was reasonable for Plaintiff to check if the FBI's final shipment had arrived on Tuesday, April 21, 2015 (6 business days later).  Again, Plaintiff was never informed by Mr. Rosenberg that the FBI sent the last set of CDs using FedEx next day delivery.  To the contrary, Mr. Rosenberg lied to Plaintiff by telling him they had been mailed.  *See* Dkt. #129-1, p. 2.

If Mr. Rosenberg was not engaging in gamesmanship, he would have told Plaintiff on April 13, 2015, that the FBI had shipped the CDs using FedEx next day delivery and provided Plaintiff with a tracking number.  This would have allowed Plaintiff to receive the CDs on the morning of April 15, 2015, before going to work.  Instead, Mr. Rosenberg left Plaintiff believing the CDs had been mailed, which takes at least 5 business days to arrive, as the FBI

- 4 -

1 did the previous two times.

2     Mr. Rosenberg dances around the issue by arguing that Plaintiff's claim of receiving
3 the records 5 days late "is, at best, incomplete." Dkt. #132, p. 3.  Mr. Rosenberg characterizes
4 his argument in this manner because he is fully aware of Plaintiff's use of a UPS Store pickup
5 center, as well as Plaintiff's work schedule that prevents him from picking up any package on
6 a weekday after 2:00pm.  Mr. Rosenberg failing to advise the Court of these facts while
7 arguing that Plaintiff's claim of Defendant FBI providing the records late "is, at best,
8 incomplete[]" is further evidence of Mr. Rosenberg and Defendant FBI's gamesmanship.

### D.    Mr. Rosenberg's fourth additional lie presented to the Court.

10     Mr. Rosenberg presented the following falsity to the Court:

11/12/13     "Plaintiff, however, did not express his views regarding 'receipt' of the records [as an email attachment] until the evening of Saturday, April 11, leaving undersigned counsel with one business day to attempt to respond to plaintiff's request... Moreover, Mr. Rigmaiden's e-mail was clear that he expected to receive responsive records in his physical mailbox, and not via e-mail[.]"

14     Dkt. #132, p. 3 (emphasis added).

15     Here, Mr. Rosenberg's gamesmanship becomes increasingly obvious.  After his release
16 from custody, Plaintiff made clear to Mr. Rosenberg that he does not want **any** documents or
17 CDs mailed/shipped to him.  Plaintiff has made continual requests—which are met with Mr.
18 Rosenberg's def ear—that all records be emailed or uploaded to a website for download.
19 Most recently, Plaintiff made this clear in the December 22, 2014, status report:

20/21     "In the alternative [to ripping Plaintiff off], Defendant EOUSA should email the records to Plaintiff at no cost or upload them to the internet where Plaintiff can download them at no cost (*e.g.*, DropBox.com)."

22     Dkt. #126, p. 2

23/24     "In the alternative [to ripping Plaintiff off], Defendant FBI should email the records to Plaintiff at no cost or upload them to the internet where Plaintiff can download them at no cost (e.g., DropBox.com)."

25     *Id.*, p. 11.

26     To the effect that Plaintiff's email mentions receiving CDs in his physical mailbox, this
27 was only reflective upon the FBI's and EOUSA's prior refusal to provide the records in any
28 other way.  Plaintiff has continually advised Mr. Rosenberg that he prefers to receive

documents via email or uploaded to the web.  *See*, *e.g.*, Dkt. #126.  Furthermore, Mr. Rosenberg attaching cover letters to an email to Plaintiff shows that Defendants could have met the April 13, 2015 deadline by having Mr. Rosenberg attach the records as well.  There lises your gamesmanship.  Finally, contrary to Mr. Rosenberg's naïve technical claim, the recent FBI disclosure consisting of 4,571 PDF pages is only **97.2 megabytes**[2]—small enough for email.

### III. Mr. Rosenberg's claim that Plaintiff is attempting "harass" his clients is baseless.

Mr. Rosenberg claims the following:

> "Somewhat ironically, plaintiff's filing of a sanctions motion that is unsupported by the facts, that does not comply with the federal rules, and that seems intended merely to harass defendants, is itself the type of conduct that – in the government's view – could fall within the scope of Rule 11."

Dkt. #132, p. 5.

Contrary to Mr. Rosenberg's baseless claim, Plaintiff's motion *is* supported by the facts (*see* Dkt. #129 and *supra*), and sanctions should be issued not under the federal rules, but under the Court's broad "inherent powers" to award sanctions.  The real irony, however, is that Defendant FBI is, in fact, using the present litigation to harass Plaintiff—not the other way around as Mr. Rosenberg would have the Court believe.

Plaintiff filed his notice of intent to pay the FBI's standard FOIA duplication fees on January 13, 2015.  *See* Dkt. #128.  On January 1, 2015, the Court ordered that "within 90 days of Plaintiff's Notice, Defendants shall provide Plaintiff with all documents responsive to the [FOIA] searches[.]"  Dkt. #127, pp. 5-6.  In other words, the FBI had three months to provide documents to Plaintiff.  According to an email from Mr. Rosenberg, the FBI's standard method of fulfilling FOIA requests is to provide one CD per month at $15.00 per CD.  However, instead of sending Plaintiff one CD per month at $15.00 each over the 3-month period ordered by the Court, the FBI sent Plaintiff a first letter containing seven (7)

---

2.   *See* https://muckrock.s3.amazonaws.com/foia_files/4-24-15_MR16083_RES_ID1321895-000.pdf (last accessed: May 4, 2015).

1  CDs at $15.00 per CD, less a $10 credit, for a total of $95.00; a second letter containing
2  eleven (11) CDs at $15.00 per CD for a total of $165.00; and then a box containing nineteen
3  (19) CDs for a total of $285.00. The grand total came to $545.00 for 37 CDs, which contain a
4  mere **97.2 megabytes** of data.[3] This is only one seventh the total data capacity of **one**
5  standard 700 megabyte CD.

6  Because the data could have fit on one CD, or been provided on a single monthly CD
7  installment over the three month period, the FBI is in violation of its own standard fee
8  structure dictating that "most releases fit on a single disc."[4] Plaintiff only agreed to standard
9  FOIA fees, not arbitrary and abusive fees that violate FOIA, amount to criminal extortion, are
10 an equal protection violation, and a RICO Act violation. For example, the FBI's scheme to
11 inflate duplication fees to harass Plaintiff is a violation of 5 U.S.C. 552 (4)(A)(ii)(III), which
12 states "fees shall be limited to **reasonable standard charges** for document search and
13 duplication." *Id.* (emphasis added). The FBI taking a series of PDF documents that could
14 have fit on a single CD and instead burning them to 19 CDs for the purpose of creating a
15 $285.00 monthly bill is a violation of FOIA and harassment. As for the equal protection
16 violation, on April 24, 2015, Defendant FBI fulfilled Alex Richardson's FOIA request on the
17 exact same subject matter by providing the exact same 4,571 pages of PDF documents **on a**
18 **single CD for $15.00**.[5]

19 However, Plaintiff is not asking the Court to issue sanctions against the FBI for the
20 noted harassment, criminally extorting money from Plaintiff, violating Plaintiff's rights under
21 FOIA, violating Plaintiff's right to equal protection, or for the RICO Act violation. These are
22 issues Plaintiff will raise in his motion for summary judgment due May 20, 2015. Plaintiff is
23 only seeking sanctions for Defendants failing to comply with the 90-day deadline, and for Mr.

---

3. *See* https://muckrock.s3.amazonaws.com/foia_files/4-24-15_MR16083_RES_ID1321895-000.pdf (last accessed: May 4, 2015).

4. *See* http://www.fbi.gov/foia/a-guide-to-conducting-research-in-fbi-records (last accessed: May 4, 2015).

5. *See* https://muckrock.s3.amazonaws.com/foia_files/4-24-15_MR16083_RES-C_ID1321895-000.pdf (FBI cover letter providing the same FOIA documents on a single CD); https://muckrock.s3.amazonaws.com/foia_files/4-24-15_MR16083_RES_ID1321895-000.pdf (page No. 1 shows my FOIPA No., *i.e.,* 1212582-1, which confirms they are the same documents at issue in this case).

1 | Rosenberg's most recent bout of dishonesty as outlined above in Sections I and II.[6]
2 | ///
3 | ///
4 | ///
5 | ///
6 | ///
7 | ///
8 | ///
9 | ///
10 | ///
11 | ///
12 | ///
13 | ///
14 | ///
15 | ///
16 | ///
17 | ///
18 | ///
19 | ///
20 | ///
21 | ///
22 | ///
23 | ///
24 | ///
25 | ///

---

6.  Additionally, Mr. Rosenberg was dishonest in another recent motion where he claimed that the FBI's recent 4,571-page disclosure contains "redactions spanning across tens of thousands of pages." Dkt. #133, p. 7. Contrary to this false claim, there are 4,571 redacted pages at issue and 8,457 pages withheld in full—far short of "tens of thousands of pages."

Respectfully Submitted: May 5, 2015

                        DANIEL DAVID RIGMAIDEN,
                        Pro Se Plaintiff:

                        s/ Daniel Rigmaiden
                        Daniel D. Rigmaiden

### CERTIFICATE OF SERVICE

I, Daniel David Rigmaiden, hereby certify that on May 5, 2015, I caused the attached document to be electronically transmitted to the Clerk's Office using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Brad P. Rosenberg, Attorney for Defendants

By: s/ Daniel Rigmaiden