Daniel David Rigmaiden #10966111
CCA-CADC
PO Box 6300
Florence, AZ 85132
Email: freedan@safe-mail.net

Daniel David Rigmaiden,
Pro Se, Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Daniel David Rigmaiden,<br><br>　　　　Plaintiff,<br>v.<br><br>Federal Bureau of Investigation, et al.<br><br>　　　　Defendant. | Civil Action No.:<br><br>CV12-01605-PHX-DLR<br><br>PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND SUPPORTING MEMORANDUM |

　　　　Plaintiff, Daniel David Rigmaiden, appearing *pro se*, respectfully submits *Plaintiff's Motion For Partial Summary Judgment* pursuant to Fed. R. Civ. P. 56. The grounds for this motion are set forth in the proceeding *Memorandum*. The facts in support of this motion are contained in *Plaintiff's Statement Of Undisputed Material Facts In Support Of Partial Motion For Partial Summary Judgment* (hereafter "Undisputed Facts").

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.　　INTRODUCTION**

　　　　The Court set a deadline of May 20, 2015, for the parties to file a second round of summary judgment motions. *See* Dkt. #127, p. 6. In its scheduling order, the Court anticipated at least five specific issues that Defendant FBI would address in its motion for summary judgment. However, the Court's order also allows for either party to address any remaining outstanding issue via summary judgment motions. The order states that "[i]f **either party** seeks to file a second Motion for Summary Judgment on the outstanding issues in this case, such Motion for Summary Judgment shall be filed on or before Wednesday, May 20, 2015." *Id.*, p. 6 (emphasis added).

　　　　Since the time of the Court's scheduling order, additional outstanding issues have materialized in relation to the FBI Harris FOIA request that need to be addressed by the

Court. The FBI has provided Plaintiff 4,571 additional redacted Harris FOIA pages and withheld 8,457 pages in full.[1] These new redactions and withholding did not exist at the time the Court issued the scheduling order at Dkt. #127. Defendant FBI refuses to use its summary judgment motion to adequately justify the redactions and withholdings within the new FBI Harris FOIA document set.[2] Therefore, Plaintiff requested that the Court order the FBI to provide Plaintiff with a Vaughn index so that he would have adequate information to challenge the FBI's redactions and withholdings in his summary judgment motion.[3] However, because the Court did not rule on Plaintiff's motion for a Vaughn index before the summary judgment deadline, Plaintiff has no information regarding the basis for the FBI's claimed FOIA exemptions, Plaintiff cannot adequately address the issue in his motion for summary judgment, and Plaintiff will appeal the Court's failure to order production of a Vaughn index. Nevertheless, there remains three outstanding disputed issues of which Plaintiff seeks summary judgment.

## II.    ARGUMENT

The disputed legal issues of which Plaintiff seeks summary judgment are as follows:

1. Whether Defendant FBI can apply exemptions made within the previously provided 321-page sample Harris FOIA document disclosure to the recently provided 4,571 additional redacted Harris FOIA pages and 8,457 pages withheld in full.

2. Whether Defendant FBI violated Plaintiff's rights under FOIA, and due process rights under the United States Constitution, when it provided him with 530 megabytes of data on 37 CDs for a total of $555.00 in duplication fees, split across three packages with each package containing multiple CDs, while the data could have fit on one CD per month for a total of $45.00 in duplication fees, split across the same three packages with each package containing one CD.

---

1. *See Undisputed Facts*, ¶¶ 7, 8, 9, and 13.
2. *See Defendants' Opposition To Plaintiff's Motion For An Early Vaughn Index "Addressing All Redactions And Withholdings" (DKT. NO. 130)*, Dkt. #133, p. fn. 2 ("As set forth in more detail below, the FBI's supplemental declaration regarding the Harris request will be limited to a description of Exemption 7(E) for the 500-page sample...").
3. *See Motion For Order Requiring Defendants To Provide Vaughn Indexes Addressing All Redactions And Withholdings* (Dkt. #130).

3.     Whether Defendant FBI violated Plaintiff's equal protection rights under the United States Constitution when it provided him with 530 megabytes of data on 37 CDs for a total of $555.00 in duplication fees, split across three packages, while providing the exact same data to a different FOIA requester, Alex Richardson, on one CD at a cost of $15.00 in duplication fees.

**A.     Defendant FBI cannot rely upon exemptions made within a 321-page sample of redacted documents, and a 179-page withholding, to justify exemptions within the newly provided 4,571 pages of redacted documents and 8,457-page withholding.**

**1.     The Court did not previously rule that Defendant FBI could rely upon exemptions made within the 321-page sample to justify future exemptions claimed within documents yet to even exist.**

In the first round of summary judgment, neither party asked the Court to decide whether Defendant FBI could rely upon exemptions within a sample of documents to justify all future exemptions made within future FOIA documents yet to even exist.  Plaintiff raised ten distinct issues in his motion for summary judgment, *see* Dkt. #084, while Defendants raised nine, *see* Dkt. #091—none of which addressed Defendant FBI applying exemptions claimed in the sample to all future exemptions in future documents.

The Court's order at Dkt. #122 merely states "there is no reason that the Court's rulings on the sample exemptions provided cannot be used to **guide the Parties** in determining whether **further disclosures are necessary**." Dkt. #122, p. 46 (emphasis added).  The Court did not state that its ruling addressing exemptions within the 321-page sample would also apply to future exemptions within documents yet to be viewed by Plaintiff, the Court, or even the FBI (the documents and exemptions were yet to even exist).  Because there now exists documents of which the parties and the Court can actually view (*i.e.*, 4,571 pages of newly redacted FBI Harris FOIA documents and an additional 8,457 pages withheld in full), the issue of whether the sample can be used to justify the new exemptions is ripe for review.

**2.     The previous agreement between the parties to rely upon a sample was violated by Defendant FBI and is therefore void.**

Via phone while Plaintiff was in pretrial detention at CCA-CADC, Plaintiff and

counsel for Defendant FBI verbally agreed to use a 500-page sample of records responsive to the FBI Harris FOIA request and an accompanying Vaughn index as a means to argue the applicability of the FOIA exemptions the FBI planned to apply to all responsive records in the future. *See Undisputed Facts*, ¶¶ Nos. 1-6.  First, this agreement was never formally placed on the record pursuant to LRCiv 83.7.[4]  Second, Defendant FBI violated the most basic term of the verbal agreement by providing a 321-page sample rather than the agreed upon 500-page sample. *See id.*, ¶¶ Nos. 5-6.  For these reasons, the agreement is null and void, and the Court cannot rely upon the agreement to justify applying exemptions within the 321-page sample to exemptions made within the newly provided 4,571 redacted pages and additional 8,457 pages withheld in full.  The situation simply defaults back to the standard procedure of the FBI being **required under FOIA** to justify each and every specific redaction and withholding.

Nevertheless, even if the Court does apply the agreement, its terms allow Plaintiff to unilaterally require the FBI to justify all specific exemptions made within the newly provided FOIA documents upon his demand. *See Undisputed Facts*, ¶¶ Nos. 1-4.  Plaintiff made that demand previously, *see* Dkt. #130, reiterates it again now, and explains it again below.  The Court has no power to alter the terms of this private agreement made between the parties.

> **3. Even if the Court wants to apply the agreement, Plaintiff reserved his right to unilaterally require Defendant FBI to justify any future redaction or withholding via a Vaughn index.**

The USDOJ attorney representing Defendant FBI, Brad Rosenberg, agreed during a recorded telephone call with Plaintiff that he could require the FBI to justify any exemption in any document outside the sample if the redacted or withheld information is different from what is specifically covered by the sample. *See Undisputed Facts*, ¶¶ Nos. 1-2.  Per the agreement, Plaintiff could unilaterally decide whether to require Defendant FBI to justify any future redaction or withholding. *See id*.  While Plaintiff's *Motion for Specified Relief re*

---

4.   *See*, generally, the docket in Rigmaiden v. FBI, et al., CV12-01605-PHX-DLR (D.Ariz.) (the agreement is not on the record pursuant to LRCiv 83.7).

*Subpoena for CCA−CADC Phone Recordings of Brad Rosenberg and Daniel David Rigmaiden* (Dkt. #100) was denied (Dkt. #103), two emails support Plaintiff's position. First, on December 17, 2014, Mr Rosenberg referenced the agreement to Plaintiff as follows: "Note also that we do not anticipate any briefing regarding any re-processing of the so-called dirty words after any re-processing is done -- **let us know if you disagree** (as that could substantially **extend any proposed briefing** schedule)." *Undisputed Facts*, ¶ No. 3 (emphasis added). In response, Plaintiff advised, "As for rebriefing after reprocessing, that is still an option per the terms we discussed previously and also in light of the sample not being 500 pages." *Id.*, ¶ No. 4.

      Mr. Rosenberg has not directly disputed this term of the agreement at any point during the litigation. Instead, he claims that "the FBI does not believe that there would be anything left to litigate once that re-processing is completed (though it understands that plaintiff disagrees with that position, and may attempt to challenge segregability)." *Id*. at 12. But it matters not what the FBI "believes" considering the agreement, as discussed on the phone between Plaintiff and Mr. Rosenberg, dictates that Plaintiff would be the **sole decider** on whether any exemption on any future document would need to be justified by the FBI and litigated. Plaintiff has already decided that all exemptions on all 4,571 redacted pages and 8,457 pages withheld in full need to be justified by the FBI and litigated. *See Motion For Order Requiring Defendants To Provide Vaughn Indexes Addressing All Redactions And Withholdings*, Dkt. #130.

      Plaintiff had **absolutely nothing to gain** by agreeing to let the FBI start with a sample document set. Plaintiff only agreed because Mr. Rosenberg agreed that Plaintiff would be the sole decider on whether any future exemption on any future document would need to be specifically justified by the FBI and litigated. *Undisputed Facts*, ¶ No. 2. Therefore, even if the Court were to apply the agreement, it dictates that the FBI justify each and every redaction and withholding within the newly provided Harris FOIA document set, irrespective of exemption and irrespective of the Court's ruling at Dkt. #122, which applied only to exemptions within the sample. If Defendant FBI fails to do this in its summary judgment motion due May 20, 2015, the Court must deny all of the FBI's claimed FOIA exemptions

within the new documents as being improperly justified.

### 4. The Court cannot apply the sample without clearly violated FOIA laws and common sense.

When ruling on the first round of summary judgment at Dkt. #122, the Court analyzed the FBI's application of exemptions (b)(1), (b)(3), (b)(4), and (b)(7)(E). However, the Court's exemption analysis was done in the narrow factual context of the specific subject matter contained in the 321-page sample and 179 pages withheld in full. As explained in the following subsections, applying the Court's exemption analysis at Dkt. #122 to the newly provided 4,571-page FBI Harris FOIA document set[5][6] is untenable under FOIA law. The only way to proceed in this case is to have all specific exemptions within the newly provided 4,571 redacted pages and withheld 8,457 pages justified by the FBI, challenged by Plaintiff, and addressed by the Court.

### a. The Court's exemption (b)(1) analysis at Dkt. #122 does not carry over to the newly provided 4,571-page FBI Harris FOIA document set.

In its order at Dkt. #122, the Court upheld Defendant FBI's claim of exemption (b)(1) within the 321-page sample as follows: (1) "Hardy avers that he is an original classification authority and he has withheld information under Exemption 1 that is marked at the 'Secret' level[,]" and (2) "Hardy describes in detail the reasons for withholding such information." Dkt. #122, p. 48 (citing Dkt. #092-6, ¶¶ 24-34). However, Hardy's justifications are very specific to the subject matter of the sample: (1) "The classification information withheld on FBICELL-129, 260, 271-273, 275, 277, 279-281, 283-285, 287-289, 296, 312, 342-345, 370,

---

5. Throughout this motion, the phrase "4,571-page FBI Harris FOIA document set" (or similar) also includes the 8,457 pages withheld by the FBI in full, which are logged by "Deleted Page Information Sheets" within the document disclosure.

6. In the proceeding subsections, Plaintiff gives only some examples of how the exemptions made within the sample do not apply to the newly provided 4,571-page FBI Harris FOIA document set. However, nothing in FOIA law requires Plaintiff to prove a negative in this context, and Plaintiff does not concede as such. Moreover, the Court cannot expect Plaintiff to prove a negative across 13,028 pages while faced with a 17-page filing restriction. Plaintiff reserves his right to appeal the Court's untenable application of a 321-page sample across *all* exemptions within the 13,028 newly processed FBI Harris FOIA pages on the basis that there is no requirement that Plaintiff prove a negative in this context. It is Defendant FBI's duty to justify each and every redaction and withholding via a Vaughn index.

1  378, 440-445, 448-450, 455, and 460-461 contains detailed intelligence activities information
2  gathered or compiled by the FBI on specific individuals or organizations of national security
3  interest." Dkt. #092-6, ¶ 28; (2) "The classification information withheld on FBICELL-259
4  identifies the character and/or title of the case for a specific type of intelligence activity
5  directed at a specific target of national security interest." *Id.*, ¶ 29; (3) "The classification
6  information withheld on FBICELL-392 contains sensitive intelligence information gathered
7  by the United States either about or from a foreign county." *Id.*, ¶ 30; and (4) "The
8  classification information withheld on FBICELL-129,259-260, 271-273, 275, 277, 279-281,
9  283-285, 287-289, 342-345, 378, 440-445, 448-450, 455, and 460-461 all pertain to systems
10 employed, or under development, by the FBI to assist in its national security missions." *Id.*, ¶
11 32.
12         The recently provided 4,571-page Harris FOIA document set is attached as
13 <u>ATTACHMENT 10</u> to *Daniel Rigmaiden's Declaration Under Penalty Of Perjury In Support*
14 *Of Plaintiff's Motion For Partial Summary Judgment* filed with this motion.  Plaintiff
15 implores the Court to take a cursory glance at just some of the exemption (b)(1) redactions
16 and withholdings within the new documents.  The Court will see that the new (b)(1)
17 exemptions are not clearly covered by Hardy's justifications applied to the (b)(1) exemptions
18 in the previous sample.  For example, page No. 1 of the newly provided 4,571-page document
19 set is a "Deleted Page Information Sheet" that lists a number of (b)(1) exemptions with **no**
20 **cross reference** to any of the (b)(1) exemption justifications contained in Hardy's declaration
21 at Dkt. #092-6.
22         Furthermore, only one sample redacted page was provided within the 321-page sample
23 that corresponds to exemption (b)(1).  *See Undisputed Facts*, ¶ No. 6.  It is ludicrous for a
24 court to rule on an exemption made within a **single redacted page** and then apply that ruling
25 to 4,571 additional redacted pages without any additional justification from the FBI regarding
26 the claimed (b)(1) exemptions.  It is impossible for the FBI's single sample redacted page to
27 have the same subject matter as the newly provided 4,571 redacted pages.
28         For the above reasons, the Court should reject Defendant FBI relying upon (b)(1)

exemptions made within the 321-page sample to justify (b)(1) exemptions made within the newly provided 4,571 pages of redacted documents and 8,457 pages withheld in full.[7]

        **b.**    **The Court's exemption (b)(3) analysis at Dkt. #122 does not carry over to the newly provided 4,571-page FBI Harris FOIA document set.**

In its order at Dkt. #122, the Court upheld Defendant FBI's claim of exemption (b)(3) within the 321-page sample as follows: "Hardy avers that the Director of National Intelligence reviewed the information exempted under Exemption 3 and approved the FBI's assertion of this statutory authority to withhold intelligence sources and method information." Dkt. #122, pp. 49-50 (citing Dkt. #092-6, ¶ 37). However, Hardy's justification is very specific to the subject matter of the sample: "As relevant here, the Office of the DNI on behalf of the DNI **reviewed the information at issue** here and approved the FBI's assertion of this statutory authority to withhold intelligence sources and method information under Exemption (b)(3)[.]" Dkt. #092-6, ¶ 37 (emphasis added). The Court appears to have upheld exemption (b)(3) applicable to the sample document set merely on the basis that a "review" occurred. While this is generally insufficient under FOIA, if the Court were to carry this reasoning over to the recently provided 4,571-page Harris FOIA document set, it would have no basis no uphold the (b)(3) exemptions considering **there was no review** of the 4,571 redacted pages and additional 8,457 withheld pages by "the Office of the DNI on behalf of the DNI" nor has the DNI specifically "approved the FBI's assertion" of the (b)(3) exemptions within the newly provided document set. Once again Defendant FBI's proposal to use the 321-page sample to justify exemptions within the newly provided document set fails under any conceivable interpretation of FOIA law.

---

7.    As explained in Section II(A)(3), *supra*, if the Court is going to apply the prior sample document agreement entered into by the parties—even while not sufficiently put on the record and nevertheless violated by Defendant FBI—that agreement still allows Plaintiff to unilaterally require Defendant FBI to justify all future exemptions addressing new information within new documents. *See Undisputed Facts*, ¶¶ Nos. 1-4. If holding the agreement valid, the Court has no jurisdiction to relieve Defendant FBI of its obligation under the terms of the agreement after Plaintiff upheld his end in good-faith. The agreement necessitates that Defendant FBI produce a Vaughn index addressing the new (b)(1) exemptions, as well as all other new exemption claims made under (b)(3), (b)(4), and (b)(7) (E). *See* Section II(A)(3), *supra*.

1    For the above reasons, the Court should reject Defendant FBI relying upon (b)(3)
2 exemptions made within the 321-page sample to justify (b)(3) exemptions made within the
3 newly provided 4,571 pages of redacted documents and 8,457 pages withheld in full.

        **c.    The Court's exemption (b)(4) analysis at Dkt. #122 does not carry over to the newly provided 4,571-page FBI Harris FOIA document set.**

6    In its order at Dkt. #122, the Court upheld Defendant FBI's claim of exemption (b)(4)
7 within the 321-page sample as follows: "Hardy avers that the disclosure of this commercial
8 information would impair the government's ability to obtain necessary information in the
9 future and could cause substantial harm to the competitive position of the person from whom
10 the information was obtained." Dkt. #122, p. 50 (citing Dkt. #092-6, ¶ 40).  However,
11 Hardy's justification is very specific to the subject matter of the sample: (1) "[R]eleasing the
12 identities of these companies would have a chilling effect on the FBI's ability to obtain
13 information from them to support future investigative needs as the public revelation of FBI
14 cooperation may cause these companies to reconsider cooperation." Dkt. #092-6, ¶ 40; and
15 (2) "[B]usiness would be substantially harmed if their customers knew that the companies
16 were furnishing information to the FBI.  The stigma of working with the FBI would cause
17 customers to cancel the companies' services and file civil actions to prevent further disclosure
18 of subscriber information." *Id.*, ¶ 40.

19    Again, the context is very specific and does not clearly apply to any of the (b)(4)
20 exemptions claimed in the newly provided 4,571-page Harris FOIA document set.  For
21 example, page No. 1598 is a "Purchase Order for Supplies or Services" claiming exemption
22 (b)(4).  However, purchasing "supplies or services" has nothing to do with the "FBI's ability
23 to obtain information" about customers from companies or the chance that they may "cancel
24 the companies' services and file civil actions to prevent further disclosure of subscriber
25 information." Dkt. #092-6, ¶ 40.  The subject matter addressed in Hardy's declaration at Dkt.
26 #092-6 does not apply to any "Purchase Order for Supplies or Services."  This same logic
27 applies to all other exemption (b)(4) claims made within the new 4,571 page document set.

28    Furthermore, only nine sample redacted pages were provided within the 321-page

sample that corresponds to FOIA exemption (b)(4).  *See Undisputed Facts*, ¶ No. 6.  It is ludicrous for a court to rule on exemptions made within nine redacted pages and then apply that ruling to 4,571 additional redacted pages without any additional justification from the FBI regarding the claimed (b)(4) exemptions.  It is simply impossible for nine sample redacted pages to have the same subject matter as the newly provided 4,571 redacted pages.

For the above reasons, the Court should reject Defendant FBI relying upon (b)(4) exemptions made within the 321-page sample to justify (b)(4) exemptions made within the newly provided 4,571 pages of redacted documents and 8,457 pages withheld in full.

### d. The Court's exemption (b)(7)(E) analysis at Dkt. #122 does not carry over to the newly provided 4,571-page FBI Harris FOIA document set.

In its order at Dkt. #122, the Court denied Defendant FBI's claim of exemption (b)(7)(E) within the 321-page sample as follows: "With regard to the remainder of the information being withheld under Exemption 7(E), the Court **does not have adequate information** from the Declaration of Hardy about the documents withheld and **the information** withheld in **particular documents**.  Because the FBI has not provided the Court with a particularized explanation of why **each document** falls within the claimed exemption, the FBI has failed to establish a rational nexus between its law enforcement function and the information being withheld." Dkt. #122, p. 52 (emphasis added).

If Defendant FBI's exemption (b)(7)(E) justifications were insufficient to even apply to the **particular documents** in the 321-page sample, they could not possibly be sufficient to apply to the **particular documents** within the 4,571 pages of additional documents that neither the Court nor Plaintiff had viewed prior to the Court's ruling.  The Court was correct in its analysis that FOIA law requires Defendant FBI to adequately explain "the information withheld" in "**each document**."  *Id.* (emphasis added).  The FBI's plan to apply the exemptions claimed on one document to another goes against the Court's reasoning at Dkt. #122.  Once again Defendant FBI's proposal to use the 321-page sample to justify exemptions within the newly provided documents fails under any conceivable interpretation of FOIA law.

For the above reasons, the Court should reject Defendant FBI relying upon (b)(7)(E)

1  exemptions made within the 321-page sample to justify (b)(7)(E) exemptions made within the
2  newly provided 4,571 pages of redacted documents and 8,457 pages withheld in full.

      **B.**    **It was unreasonable and unlawful for Defendant FBI to provide Plaintiff with 510 megabytes of data on 37 CDs and bill him $555.00 in duplication fees while the data should have been provided on 3 CDs for $45.00.**

      Pursuant to the Court's scheduling order, Plaintiff filed his notice of intent to pay the FBI's standard FOIA duplication fees on January 13, 2015. *See* Dkt. #128. On January 12, 2015, the Court ordered that "within 90 days of Plaintiff's Notice [to pay standard duplication fees], Defendants shall provide Plaintiff with all documents responsive to the [FOIA] searches[.]" *Id.*, Dkt. #127, pp. 5-6. In other words, the FBI had three months to provide documents to Plaintiff as he paid the standard duplication fees.

      According to an email from Mr. Rosenberg, the FBI's standard method of fulfilling FOIA requests and charging duplication fees is to provide one CD per month at $15.00 per CD:

> "I assume that you would opt for one CD per month, rather than two CDs every other month. (I believe that CDs are $15 each.) This is the standard method by which the FBI processes FOIA requests."

Undisputed Facts, ¶ No. 15 (quoting declaration ATTACHMENT 01 [email chain including above quoted email dated December 19, 2014]).

      On December 17, 2014, prior to the above email, Plaintiff advised Mr. Rosenberg that he "will pay for the DVDs/CDs one at time." *Id.*, ¶ No. 16 (quoting declaration ATTACHMENT 01 [email chain including above quoted email dated December 17, 2014]). When Plaintiff filed his notice of intent to pay standard duplication fees, he was agreeing to this previously discussed standard FBI fee structure, *i.e.*, one CD per month, at $15.00 each, over three months for a total of $45.00. *See id.*, ¶ No. 17.

      Instead of sending Plaintiff one CD per month at $15.00 each over the 3-month period ordered by the Court, the FBI sent Plaintiff a first letter containing seven (7) CDs at $15.00 per CD for a total of $105.00; a second letter containing eleven (11) CDs at $15.00 per CD for a total of $165.00; and then a box containing nineteen (19) CDs for a total of $285.00.

*See id.*, ¶ No. 18.  The grand total came to $555.00 for 37 CDs ($545 actual, due to a $10.00 credit).  *See id*.  A standard CD has a data capacity of 700 megabytes.  *See id.*, ¶ No. 19.  However, none of the 37 CDs billed to Plaintiff at $15.00 each were filled anywhere near capacity.  *See id*.  In fact, the total amount of PDF files making up the FBI Harris FOIA document disclosure came to a mere **510 megabytes** in the form sent to Plaintiff, *see id.*, and **97.2 megabytes** after being compressed by the FBI using the JBIG2 standard and provided to a different FOIA requester.  *See id.*, ¶¶ Nos. 29-30.[8]

For the reasons stated below, the FBI billing Plaintiff $555.00 in duplication fees was unreasonable and unlawful under FOIA, a violation of Plaintiff's due process rights, and a violation of Plaintiff's equal protection rights.  Therefore, Plaintiff requests that the Court order Defendant FBI to adjust the duplication fee to the equivalent of three (3) CDs, *i.e.*, $45.00 (less a $10.00 credit for a total of $35.00), which would have been sufficient to provide Plaintiff the 510 megabytes of data over three months.  Because Plaintiff has, under duress,[9] paid Defendant FBI $95.00, Plaintiff also requests that the Court order Defendant FBI to refund Plaintiff $60.00.

**1. Defendant FBI violated Plaintiff's rights under FOIA, and due process rights under the United States Constitution, when it provided him with 510 megabytes of data on 37 CDs for a total of $555.00 in duplication fees.**

The FBI's first set of PDF files sent to Plaintiff on March 4, 2015, consisted of a total of **49.7 megabytes** for 482 pages.  *See Undisputed Facts*, ¶¶ Nos. 20-21.  This data could have fit on a single CD, which has a standard capacity of 700 megabytes, but the FBI instead

---

8.   *See also* https://muckrock.s3.amazonaws.com/foia_files/4-24-15_MR16083_RES_ID1321895-000.pdf (last accessed: May 4, 2015).

9.   Each of Defendant FBI's letters state that "[f]ailure to pay for this release within thirty (30) days from the date of this letter will close any pending FBI FOIPA requests from you.  Nonpayment will also cause an automatic denial of any future FOIPA requests."  *See id.*, ¶ No. 26.  Additionally,  28 CFR 16.11(g) states that "[c]omponents will follow the provisions of the Debt Collection Act of 1982 (Pub. L. 97-365, 96 Stat. 1749), as amended, and its administrative procedures, including the use of consumer reporting agencies, collection agencies, and offset[]" when a FOIA requester fails to pay a duplication fee bill.  Plaintiff has, up to this point, paid the FBI $95.00 in order to prevent his FOIA requests from being closed and in order to not negatively impact his credit rating.  *See Undisputed Facts*, ¶¶ Nos. 26-27.  However, the $95.00 payment was made under duress, and Plaintiff maintains that Defendant FBI is breaking the law via its inflated duplication fee demand letters.

spread the PDF files across seven (7) CDs, which have combined capacity of 4,900 megabytes, and billed Plaintiff $105.00.  *See id*.  The FBI's second set of PDF files sent to Plaintiff on April 1, 2015, consisted of a total of **75.3 megabytes** for 672 pages.  *See id.*, ¶¶ Nos. 22-23.  This data could have fit on a single CD, which has a standard capacity of 700 megabytes, but the FBI instead spread the PDF files across eleven (11) CDs, which have a combined capacity of 7,700 megabytes, and billed Plaintiff $165.00.  *See id*.  The FBI's third set of PDF files sent to Plaintiff on April 13, 2015, consisted a total of **385 megabytes** for 3,417 page.  *See Undisputed Facts*, ¶¶ Nos. 24-25.  This data could have fit on a single CD, which has a standard capacity of 700 megabytes, but the FBI instead spread the PDF files across nineteen (19) CDs, which have a combined capacity of 13,300 megabytes, and billed Plaintiff $285.00.  *See id*.

Because each of the three disclosures provided to Plaintiff could have fit on a single CD at $15.00 each in duplication fees, Plaintiff has been over-billed $510.00 for the unreasonable use of an additional 34 CDs by the FBI at $15.00 each.  The FBI has violated 5 U.S.C. 552 (4)(A)(ii)(III), stating that "fees shall be limited to **reasonable standard charges** for document search and duplication."  *Id.* (emphasis added).  The FBI's duplication fee scheme targeted at Plaintiff, which involved needlessly spreading data across 37 CDs while it could have fit on one CD per month, is plainly unreasonable.  The FBI's own website contains "*A Guide to Conducting Research in FBI* Records" stating that "[s]ome files—like the John Dillinger investigation or the Julius and Ethel Rosenberg case—may take up many discs, but **most releases fit on a single disc**."[10]  This statement reflects the FBI's practice of providing documents on a single CD if they fit on a singe CD.  In the case of the three FBI Harris FOIA document disclosures sent to Plaintiff on March 4, 2015, April 1, 2015, and

---

10.   See ATTACHMENT 18 to *Daniel Rigmaiden's Declaration Under Penalty Of Perjury In Support Of Plaintiff's Motion For Partial Summary Judgment* filed with this motion, which is a print-out of the FBI guide as it existed before the FBI recently removed it from the FBI server in response to Plaintiff's complaint.  *See also* "*A Guide to Conducting Research in FBI Records*." FBI, *available at* http://www.fbi.gov/foia/a-guide-to-conducting-research-in-fbi-records (last accessed: May 20, 2015), *Mar. 27, 2015, archive at* https://web.archive.org/web/20150327065938/http://www.fbi.gov/foia/a-guide-to-conducting-research-in-fbi-records (last accessed: May 20, 2015).

April 13, 2015, each release could have "fit on a single disc."[11] Therefore, Plaintiff requests that the Court find that the $555.00 duplication fee bill is null and void.

Additionally, the FBI failed to advise Plaintiff ahead of time that he would have to pay $555.00, or that he would be sent seven (7) CDs in a single month at $105.00 to be paid within 30 days, and then thirty (30) more CDs the next month at $350.00 to be paid within 30 days. *See Undisputed Facts*, ¶ No. 28. This is a violation of 28 CFR 16.11(e) stating that "[w]hen a component determines or estimates that the fees to be charged under this section will amount to more than $25.00, the component shall notify the requester of the actual or estimated amount of the fees..." and "[a] notice under this paragraph will offer the requester an opportunity to discuss the matter with Department personnel in order to reformulate the request to meet the requester's needs at a lower cost." *Id*. After the Court's order at Dkt. #127, Defendant FBI never notified Plaintiff that he would be billed $555.00 in duplication fees over a 41-day period (March 4, 2015, to April 13, 2015) with a 30-day bill payment deadline. *See Undisputed Facts*, ¶ No. 28. Likewise, Defendant FBI never gave Plaintiff notice that he could "discuss the matter with Department personnel in order to reformulate the request to meet the requester's needs at a lower cost." 28 CFR 16.11(e); *Undisputed Facts*, ¶ No. 28. Failing to properly notify Plaintiff is a violation of FOIA law, and a violation of Plaintiff's due process rights under the United States Constitution. Therefore, Plaintiff requests that the Court find that the $555.00 duplication fee bill is null and void.

**2. Defendant FBI violated Plaintiff's equal protection rights under the United States Constitution when it provided him with 510 megabytes of data on 37 CDs for a total of $555.00 in duplication fees while treating another FOIA requester differently.**

As explained above, Defendant FBI needlessly spread 510 megabytes of data, making up 4,571 PDF pages, across 37 CDs in a scheme to inflate Plaintiff's duplication fees to $555.00. The last document disclosure provided to Plaintiff by the FBI was shipped on April 13, 2015. *See Undisputed Facts*, ¶ No. 9. Just **eleven days** after providing Plaintiff with the third set of FOIA documents (which brought the total to thirty seven **(37) CDs at $555.00**), the

---

11.   *See id*.

FBI fulfilled Alex Richardson's duplicate FOIA request by providing him with the **exact same 4,571 pages** of PDF documents **on a single CD for $15.00**. *See id.*, ¶¶ Nos. 29-30.[12] The April 24, 2015, letter to Mr. Richardson from the FBI states: "Enclosed is one CD containing 4,571 pages of previously-processed documents and a copy of the Explanation of Exemptions." *See id.* (quoting declaration ATTACHMENT 15 [FBI's April 24, 2015, letter to Mr. Richardson]). The FOIPA Request No. assigned to Mr. Richardson's FOIA request is 1321895. *See id*. However, the FOIPA Request No. shown within the "previously-processed documents" attached to the FBI letter is 1212582, which matches Plaintiff's FBI Harris FOIPA Request No. assigned to him by the FBI in 2012. *See id.* (referencing declaration ATTACHMENT 15 [first page of FBI's duplicate disclosure provided to Mr. Richardson bearing Plaintiff's Harris FOIPA Request No. 1212582]).

      Plaintiff and Mr. Richardson are similarly situated individuals to the effect that they are both FOIA requesters who made requests to the FBI for records addressing the same subject matter. Furthermore, both Plaintiff and Mr. Richardson received the exact same FOIA response documents bearing the same FOIPA Request No. Because Defendant FBI provided the documents to Mr. Richardson on no more CDs than were necessary to fulfill the request (one CD at $15.00) while providing the documents to Plaintiff on 34 more CDs than were necessary to fulfill the same request (37 CDs at $555.00), Defendant FBI has violated Plaintiff's right to equal protection under the United States Constitution. Defendant FBI needlessly and unfairly multiplied the number of CDs in order to charge Plaintiff higher duplication fees under FOIA than were charged to Mr. Richardson. Therefore, Plaintiff requests that the Court find that the $555.00 duplication fee bill is null and void.

///

///

---

12.   *See also* https://muckrock.s3.amazonaws.com/foia_files/4-24-15_MR16083_RES-C_ID1321895-000.pdf (last accessed: May 20, 2015) (FBI cover letter providing the same FOIA documents on a single CD); https://muckrock.s3.amazonaws.com/foia_files/4-24-15_MR16083_RES_ID1321895-000.pdf (last accessed: May 20, 2015) (page No. 1 shows Plaintiff's FOIPA No., *i.e.*, 1212582, which confirms they are the same documents at issue in this case).

**3. Defendant FBI and the FBI's counsel, Brad Rosenberg, have attempted to hide evidence regarding the duplication fee scheme targeted at Plaintiff.**

On April 11, 2015, Plaintiff emailed Mr. Rosenberg with concerns about the FBI needlessly increasing the amount of CDs in order to charge higher duplication fees. *See Undisputed Facts*, ¶ No. 31 (quoting declaration ATTACHMENT 16 [email Plaintiff sent to Mr. Rosenberg]). In the email, Plaintiff alerted Mr. Rosenberg to the "*A Guide to Conducting Research in FBI* Records" stating the FBI policy that "most releases fit on a single disc." *See id*. In the email Plaintiff also said, "**I can't wait to see how you and your client justify this to the judge.**" *Id.* (emphasis added). Plaintiff never received a response to this email. However, on May 20, 2015, while checking the URLs cited in this motion, Plaintiff discovered that the FBI had since then deleted the "*A Guide to Conducting Research in FBI* Records" from its public website. *See Id.*, ¶¶ Nos. 32-35 (explaining how the guide disappeared sometime after Plaintiff sent his email).

By deleting the "*A Guide to Conducting Research in FBI* Records" from its website ahead of the May 20, 2015, summary judgment filing deadline—and having been advised via the April 11, 2015, email that the policy in the guide would be part of Plaintiff's argument—Defendant FBI and its counsel have colluded to hide evidence that would be helpful to Plaintiff in showing the unreasonableness of the $555.00 duplication fee. This act of deception is not only proof that the FBI was acting unreasonably in billing Plaintiff a $555.00 duplication fee, but also proof that the FBI was acting with malfeasance.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's motion for partial summary judgment and order that Defendant FBI:

1. Shall not rely upon the (b)(1), (b)(3), and (b)(4) exemptions made within the 321-page sample, and previous declaration at Dkt. #92-6 addressing those exemptions, to justify the new (b)(1), (b)(3), and (b)(4) exemptions made within the newly provided 4,571 redacted pages and 8,457 pages withheld in full.

2. Shall not rely upon the (b)(7)(E) exemptions made within the 321-page sample,

and the new declaration filed in conjunction with Defendant FBI's May 20, 2015, summary judgment motion, to justify the new (b)(7)(E) exemptions made within the newly provided 4,571 redacted pages and 8,457 pages withheld in full.

    3.    Shall adjust the $555.00 FOIA duplication fee down to $45.00 ($35.00 actual, after applying the $10.00 credit), and refund Plaintiff $60.00 of the $95.00 he has already paid the FBI.

Plaintiff also requests that the Court find and declare the following:

    1.    Defendant FBI violated 5 U.S.C. 552 (4)(A)(ii)(III) when it unreasonably charged Plaintiff $555.00 for thirty seven (37) CDs while it should have charged him $45.00 for three (3) CDs.

    2.    Defendant FBI violated 28 CFR 16.11(e) and Plaintiff's due process rights when it failed to notify Plaintiff of the $555.00 duplication fee, and failed to notify Plaintiff that he could enter into talks with the USDOJ to reformulate the request at a lower cost.

    3.    Defendant FBI violated Plaintiff's right to equal protection when it unreasonably charged Plaintiff $555.00 for thirty seven (37) CDs while it provided the same data on one (1) CD for $15.00 to a similarly situated individual.

If the Court denies Plaintiff's request for summary judgment on the $555.00 duplication fee issue, Plaintiff requests that the Court enter a preliminary injunction requiring Defendant FBI to stay the $555.00 duplication fee while Plaintiff appeals the Court's ruling:

    1.    While the matter is on appeal, Defendant FBI and the USDOJ shall not cancel any of Plaintiff's pending or future FOIA requests in response to Plaintiff not paying the $555.00 duplication fee bill.

    2.    While the matter is on appeal, Defendant FBI and the USDOJ shall not submit the $555.00 duplication fee bill to a collection agency or otherwise follow 28 CFR 16.11(g) in response to Plaintiff not paying the $555.00 duplication fee bill.

///

///

///

Respectfully Submitted: May 20, 2015.

DANIEL DAVID RIGMAIDEN,
Pro Se Plaintiff:

s/ Daniel Rigmaiden
Daniel D. Rigmaiden

**CERTIFICATE OF SERVICE**

I, Daniel David Rigmaiden, hereby certify that on May 20, 2015, I caused the attached document to be electronically transmitted to the Clerk's Office using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Brad P. Rosenberg, Attorney for Defendants

By: s/ Daniel Rigmaiden