1 | Daniel David Rigmaiden
2 | 530 E McDowell Rd Ste 107-214
  | Phoenix, AZ 85004
3 | Email: freedan@safe-mail.net

4 | Daniel David Rigmaiden,
5 | Pro Se, Plaintiff

6 | **UNITED STATES DISTRICT COURT**
  | **DISTRICT OF ARIZONA**
7 |

8 | Daniel David Rigmaiden,                    Civil Action No.:

9 |         Plaintiff,                         CV12-01605-PHX-DLR
  | v.
10 |                                           PLAINTIFF'S STATEMENT OF
   | Federal Bureau of Investigation, et al.   UNDISPUTED MATERIAL FACTS IN
11 |                                           SUPPORT OF MOTION FOR PARTIAL
   |         Defendant.                        SUMMARY JUDGMENT

12 |

13 |         Plaintiff, Daniel David Rigmaiden, appearing *pro se*, respectfully submits the

14 | following statement of undisputed material facts Pursuant to Fed. R. Civ. P. 56 and LRCiv

15 | 56.1(a):

16 |         **I.      The agreement to use a 500-page sample and Vaughn index to litigate**
   |                 **future exemptions on future documents provided in response to the FBI**
17 |                 **Harris FOIA request.**

18 |         1.      Regarding Plaintiff's Harris FOIA request sent to the FBI (FOIPA Request No.

19 | 1212582), Counsel for Defendant FBI, Brad Rosenberg, and Plaintiff had a verbal agreement

20 | (via telephone) to use a 500-page sample of records responsive to Plaintiff's Harris FOIA

21 | request and an accompanying Vaughn index as a means to argue the applicability of the FOIA

22 | exemptions the FBI planned to apply to all responsive records in the future.  *See Daniel*

23 | *Rigmaiden's Declaration Under Penalty Of Perjury In Support Of Plaintiff's Motion For*

24 | *Partial Summary Judgment*, ¶ No. 1.  Per the agreement, the sample would need to be

25 | sufficient enough for the parties to litigate all future withholdings prior to the FBI processing

26 | further records.  *See id*.  The caveats to this agreement were as follows: (1) Plaintiff reserves

27 | his right to challenge future redactions/withholdings if the subject matter (but not cited

28 | exemption) of any given future record is not covered by the Vaughn index addressing the 500-

1 page sample, and (2) the FBI would have to defend the sufficiency of its search once that issue

2 becomes ripe for review.  *See id*.

3     2.    As for caveat No. 1 above, Counsel for Defendant FBI, Brad Rosenberg, and

4 Plaintiff agreed that Plaintiff would unilaterally decide whether the FBI would be required to

5 justify any given future redaction/withholding on any yet to be disclosed document via an

6 additional Vaughn index.  *See id.*, ¶ No. 2.  In other words, the parties agreed that Plaintiff would

7 have the final sole decision on whether exemptions within the sample and accompanying FBI

8 justifications are sufficient to justify any future claimed exemption on any future document.  *See*

9 *id*.  Per the agreement, Defendant FBI and its counsel would have absolutely no say in the matter

10 whatsoever.  *See id*.  It was also agreed that Defendant FBI would have no choice but to comply

11 should Plaintiff make the unilateral decision that the subject matter of the sample failed to match

12 the subject matter of future records.  *See id*.  Mr. Rosenberg agreed to this condition after Plaintiff

13 explained how he would have nothing to gain from letting the FBI off the hook on its obligation

14 to justify all claimed exemptions under FOIA and instead only address a 500-page sample.  *See*

15 *id*.

16     3.    On December 17, 2014, Mr Rosenberg referenced the agreement in an email to

17 Plaintiff as follows: "Note also that we do not anticipate any briefing regarding any re-processing

18 of the so-called dirty words after any re-processing is done -- **let us know if you disagree** (as that

19 could substantially **extend any proposed briefing** schedule)."  *Id.*, ¶ No. 3 (quoting declaration

20 ATTACHMENT 01 [email chain covering December 10, 2014, to December 19, 2014]).  Mr.

21 Rosenberg knew that if Plaintiff did not agree, it would result in more briefing considering the

22 FBI would have no right to object to Plaintiff's unilateral decision to require the FBI to justify all

23 new redactions and withholdings.  *See id*.

24     4.    In response to Mr. Rosenberg's December 17, 2014, email, Plaintiff advised, "As

25 for rebriefing after reprocessing, that is still an option per the terms we discussed previously and

26 also in light of the sample not being 500 pages."  *Id*.  (quoting declaration ATTACHMENT 01

27 December 17, 2014, email).  The "terms discussed previously" was in reference to the above

28 explained caveat that Plaintiff could unilaterally require the FBI to justify any redaction or

1 withholding via a precise Vaughn index without any say from the FBI.  *See id.*  The reference to

2 "the sample not being 500 pages" is further explained below.

3        5.        Defendant FBI violated the terms of the agreement by failing to provide a 500-

4 page sample.  *See id.*, ¶ No. 5.  Instead, Plaintiff was provided with 321 pages of records by the

5 FBI via letter dated December 13, 2013.  *See id.* (citing declaration <u>ATTACHMENT 02</u> [FBI's

6 December 13, 2013, letter to Plaintiff RE: FOIPA Request No. 1212582]).

7        6.        The FBI also violated the agreement by failing to provide a sufficient sample of

8 records for each claimed exemption.  For example, only one sample page was provided

9 corresponding to FOIA exemption (b)(1) and only nine sample pages were provided

10 corresponding to FOIA exemption (b)(4).  *See id.*, ¶ No. 6 (citing declaration <u>ATTACHMENT</u>

11 <u>03</u> and <u>ATTACHMENT 04</u>, respectively).

12        **A.        Additional FOIA records provided after the 321-page sample and Vaughn index.**

13

14        7.        Via a USPS letter postmarked March 4, 2015, the FBI provided Plaintiff with 482

15 PDF pages of records relating to Harris surveillance equipment.  *See id.*, ¶ No. 7.  The records

16 were provided in response to Plaintiff's Harris wireless device locator FOIA request having

17 FOIPA Request No. 1212582.  *See id.*  (citing declaration <u>ATTACHMENT 05</u> [FBI's cover letter,

18 dated March 3, 2015, provided to Plaintiff with the records]).

19        8.        Via a USPS letter postmarked April 1, 2015, the FBI provided Plaintiff with 672

20 PDF pages of records relating to Harris surveillance equipment.  *See id.*, ¶ No. 8.  The records

21 were provided in response to Plaintiff's Harris wireless device locator FOIA request having

22 FOIPA Request No. 1212582.  *See id.*  (citing declaration <u>ATTACHMENT 06</u> [FBI's cover letter,

23 dated March 31, 2015, provided to Plaintiff with the records]).

24        9.        Via a FedEx shipment sent April 13, 2015, the FBI provided Plaintiff with 3,417

25 PDF pages of records relating to Harris surveillance equipment.  *See id.*, ¶ No. 9.  The records

26 were provided in response to Plaintiff's Harris wireless device locator FOIA request having

27 FOIPA Request No. 1212582.  *See id.*  (citing declaration <u>ATTACHMENT 07</u> [FBI's cover letter,

28 dated April 13, 2015, provided to Plaintiff with the records]).

10.     On April 11, 2015, after Plaintiff completed his review of the first 1,154 pages provided to him by the FBI, he determined that the previously provided 321-page sample does not cover the full scope of the subject matter contained within the newly provided 1,154 pages. *See id.*, ¶ No. 10.  Per the agreement regarding use of the sample, Plaintiff unilaterally decided that the FBI would need to create a new Vaughn index justifying all specific redactions and withholdings (relating to FOIA exemptions (b)(1), (b)(3), (b)(4), and (b)(7)(E)) within the newly provided 1,154 pages, and also within the remainder of the documents yet to be provided which, as was clearly evident at that time, would be more of the same non-matching subject matter.  *See id*.

11.     On April 11, 2015, Plaintiff advised Defendant FBI's counsel, Brad Rosenberg, via email that Plaintiff would be needing a Vaughn index from the FBI justifying each specific redaction within the new documents.  *See id.*, ¶ No. 11 (citing declaration <u>ATTACHMENT 08</u> [email Plaintiff sent to Mr. Rosenberg]).

12.     On May 19, 2015, after Plaintiff completed his review of the additional 3,417 pages FedEx shipped to him by the FBI on April 13, 2015, Plaintiff was able to confirm that the previously provided 321-page sample does not cover the full scope of the subject matter contained within the rest of the documents.  *See id.*, ¶ No. 12.  While Plaintiff had already advised Defendant FBI that he would need a full Vaughn index addressing the entirety of the new disclosure (*see* ¶ No. 11, above), Plaintiff sent Defendant FBI's counsel, Mr. Rosenberg, an email on May 19, 2015, advising him that Plaintiff's review of the additional 3,417 pages was complete and that a Vaughn index addressing all new documents (per the agreement) is still needed.  *See id.* (citing declaration <u>ATTACHMENT 09</u> [email Plaintiff sent to Mr. Rosenberg]).

13.     The total amount of redacted pages provided to Plaintiff by the FBI was 4,571 and the total amount of pages withheld in full was 8,457.  *See id.*, ¶ No. 13  (citing declaration <u>ATTACHMENT 10</u> [4,571 redacted pages of Harris FOIA documents provided to Plaintiff by the FBI with "deleted page information sheets" referencing the additional 8,457 pages withheld in full]).  The attachment is also a copy of the documents provided to Alex Richardson by the FBI in response to his duplicate FOIA request having FOIPA Request No. 1321895.  *See id*.  The

1  Richardson duplicate request is discussed further below.

2  **II.   The FBI unreasonably charged Plaintiff a $555.00 duplication fee for 37**
3  **CDs while the data should have been provided on 3 CDs for $45.00.**

4       14.   Pursuant to the Court's scheduling order, Plaintiff filed his notice of intent to

5  pay the FBI's standard FOIA **duplication fees** on January 13, 2015.  *See* Rigmaiden v. FBI,

6  CV12-01605-PHX-DLR, Dkt. #128 (D.Ariz.).  On January 12, 2015, the Court ordered that

7  "within 90 days of Plaintiff's Notice [to pay standard duplication fees], Defendants shall

8  provide Plaintiff with all documents responsive to the [FOIA] searches[.]"  *Id.*, Dkt. #127, pp.

9  5-6.  In other words, the FBI had three months to provide Plaintiff with documents while he

10  paid the standard duplication fees.

11       15.   According to an email sent to Plaintiff by Mr. Rosenberg on December 19,

12  2014, the FBI's standard method of fulfilling FOIA requests and charging duplication fees is

13  to provide one CD per month at $15.00 per CD:

14       "I assume that you would opt for one CD per month, rather than two CDs every
         other month. (I believe that CDs are $15 each.) This is the standard method by
15       which the FBI processes FOIA requests."

16       *Id.*, ¶ No. 15 (quoting declaration ATTACHMENT 01 [email chain including
         above quoted email dated December 19, 2014]).
17

18       16.   On December 17, 2014, prior to the above email, Plaintiff advised Mr.

19  Rosenberg that "[he] will pay for the DVDs/CDs one at time."  *Id.*, ¶ No. 16 (quoting

20  declaration ATTACHMENT 01 [email chain including above quoted email dated December 17,

21  2014]).

22       17.   Based on Plaintiff's email discussions with Mr. Rosenberg wherein Plaintiff was

23  advised that the FBI sends out one CD per month at $15.00 each, and based on the Court's order

24  requiring the FBI to produce all documents within three months, it was clear that Plaintiff would

25  be paying for one CD per month, at $15.00 each, over three months for a total of $45.00.  *See id.*,

26  ¶ No. 17.  When Plaintiff filed his notice at Dkt. #128 to pay the standard fees, he was agreeing to

27  pay these standard fees as they were presented to Plaintiff by Mr. Rosenberg in the email chain.

28  *See id*.

18.     Instead of sending Plaintiff one CD per month at $15.00 each over the 3-month period ordered by the Court, the FBI sent Plaintiff a first letter containing seven (7) CDs at $15.00 per CD for a total of $105.00; a second letter containing eleven (11) CDs at $15.00 per CD for a total of $165.00; and then a box containing nineteen (19) CDs for a total of $285.00. The grand total came to $555.00 for 37 CDs ($545 actual, due to a $10.00 credit). *See id.*, ¶ No. 18.

19.     A standard CD has a data capacity of **700 megabytes**. *See Compact disc*. Wikipedia [website], https://en.wikipedia.org/wiki/Compact_disc (last accessed: May 20, 2015). However, none of the 37 CDs billed to Plaintiff at $15.00 each (for a total of $555.00) were filled anywhere near capacity. *See id.*, ¶ No. 19.  In fact, the total amount of PDF files making up the FBI Harris FOIA document disclosure came to a mere **510 megabytes**, which is only **72.8%** of the capacity of a **single $15.00 FBI CD**. *See id*.  This is further explained below.

20.     The FBI's first set of PDF files sent to Plaintiff on March 4, 2015, consisted of a total of **49.7 megabytes** (for 482 PDF pages) spread across seven (7) CDs. *See id.*, ¶ No. 20 (citing declaration ATTACHMENT 11 [screenshot of the total amount of data contained on the seven (7) CDs]).

21.     The data making up the first set of PDF files could have fit on a single CD, which has a standard capacity of 700 megabytes, but the FBI instead spread the PDF files across seven (7) CDs, which have a combined capacity of 4,900 megabytes, and billed Plaintiff $105.00 for the seven (7) CDs. *See id.*, ¶ No. 21 (citing declaration ATTACHMENT 05 [FBI's cover letter, dated March 3, 2015, billing Plaintiff $105.00 for the seven (7) CDs]).

22.     The FBI's second set of PDF files sent to Plaintiff on April 1, 2015, consisted of a total of **75.3 megabytes** (for 672 PDF pages) spread across eleven (11) CDs. *See id.*, ¶ No. 22 (citing declaration ATTACHMENT 12 [screenshot of the total amount of data contained on the eleven (11) CDs]).

23.     The data making up the second set of PDF files could have fit on a single CD, which has a standard capacity of 700 megabytes, but the FBI instead spread the PDF files across eleven (11) CDs, which have a combined capacity of 7,700 megabytes, and billed Plaintiff

1  $165.00 for the eleven (11) CDs.  *See id.*, ¶ No. 23 (citing declaration ATTACHMENT 06 [FBI's

2  cover letter, dated March 31, 2015, billing Plaintiff $165.00 for the eleven (11) CDs]).

3       24.    The FBI's third set of PDF files sent to Plaintiff on April 13, 2015, consisted of a

4  total of **385 megabytes** (for 3,417 PDF pages) spread across nineteen (19) CDs.  *See id.*, ¶ No.

5  24 (citing declaration ATTACHMENT 13 [screenshot of the total amount of data contained on

6  the nineteen (19) CDs]).

7       25.    The data making up the third set of PDF files could have fit on a single CD, which

8  has a standard capacity of 700 megabytes, but the FBI instead spread the PDF files across

9  nineteen (19) CDs, which have a combined capacity of 13,300 megabytes, and billed Plaintiff

10  $285.00 for the nineteen (19) CDs.  *See id.*, ¶ No. 25 (citing declaration ATTACHMENT 07

11  ([FBI's cover letter, dated April 13, 2015, billing Plaintiff $285.00 for the nineteen (19) CDs]).

12       26.    Each of the FBI letters billing Plaintiff the combined $555.00 state that "[f]ailure to

13  pay for this release within thirty (30) days from the date of this letter will close any pending FBI

14  FOIPA requests from you.  Nonpayment will also cause an automatic denial of any future FOIPA

15  requests."  *See id.*, ¶ No. 26 (citing declaration ATTACHMENT 05, ATTACHMENT 06, and

16  ATTACHMENT 07).

17       27.    After receiving the FBI's first set of CDs billed at $105.00 ($95.00 actual, after

18  applying a $10.00 credit), Plaintiff paid the FBI $95.00 under duress due to the warning noted in

19  ¶ No. 26 above and also because he sought to avoid the consequences noted in 28 CFR 16.11(g),

20  stating that "[c]omponents will follow the provisions of the Debt Collection Act of 1982 (Pub. L.

21  97-365, 96 Stat. 1749), as amended, and its administrative procedures, including the use of

22  consumer reporting agencies, collection agencies, and offset[.]"  *See id.*, ¶ No. 27.  Plaintiff paid

23  this bill under duress, as reflected by his March 26, 2015, email sent to Mr. Rosenberg: "I am

24  filing for summary judgment and asking that the court order the FBI to refund the fee minus the

25  cost of one CD / DVD."  *See id.* (quoting declaration ATTACHMENT 14 [email Plaintiff sent to

26  Mr. Rosenberg]).

27       28.    The FBI failed to advise Plaintiff ahead of time that he would have to pay $555.00,

28  or that he would be sent seven (7) CDs in a single month at $105.00 to be paid within 30 days,

1   and then thirty (30) more CDs the next month at $350.00 to be paid within 30 days.  *See id.*, ¶

2   No. 28.  The FBI also failed to give Plaintiff notice that he could discuss the matter with

3   Department personnel in order to reformulate the request to meet his needs at a lower cost.  *See*

4   *id*.

5   **A.    The FBI treated a similarly situated individual differently by providing**
     **the same FOIA documents on 1 CD for $15.00 as opposed to 37 CDs for**
6   **$555.00.**

7       29.    Just **eleven days** after providing Plaintiff with the third set of FOIA documents

8   (which brought the total to thirty seven (37) CDs at $555.00), the FBI fulfilled Alex Richardson's

9   duplicate FOIA request by providing him with the **exact same 4,571 pages** of PDF documents

10  **on a single CD for $15.00**.  *See id.*, ¶ No. 29.  The April 24, 2015, letter to Mr. Richardson from

11  the FBI states: "Enclosed is one CD containing 4,571 pages of previously-processed documents

12  and a copy of the Explanation of Exemptions."  *Id.*, ¶ No. 29 (quoting declaration

13  ATTACHMENT 15 [FBI's April 24, 2015, letter to Mr. Richardson]).  The FOIPA Request No.

14  assigned to Mr. Richardson's FOIA request is 1321895.  *See id*.  However, the FOIPA Request

15  No. shown within the "previously-processed documents" provided to Mr. Richardson by the FBI

16  is 1212582, which matches Plaintiff's FBI Harris FOIPA Request No. assigned to him by the FBI

17  in 2012.  *See id.*  (referencing declaration ATTACHMENT 15 [first page of FBI's duplicate

18  disclosure provided to Mr. Richardson bearing Plaintiff's Harris FOIPA Request No. 1212582]).

19      30.    The full set of FOIA documents provided to Mr. Richardson are the same as the

20  FOIA documents provided to Plaintiff.  *See id.*, ¶ No. 30 (citing declaration ATTACHMENT 10).

21  Mr. Richardson also put the duplicate set of FOIA documents on the web at

22  https://muckrock.s3.amazonaws.com/foia_files/4-24-15_MR16083_RES_ID1321895-000.pdf

23  (last accessed: May 20, 2015).

24  **B.    Defendant FBI and the FBI's counsel, Brad Rosenberg, have**
     **attempted to hide evidence regarding the duplication fee scheme**
25  **targeted at Plaintiff.**

26      31.    On April 11, 2015, Plaintiff emailed Mr. Rosenberg his concerns about the FBI

27  needlessly increasing the amount of CDs in order to charge higher duplication fees:

28

Brad,

The FBI charges 10 cents per page in FOIA duplication fees for paper copies and $15 a CD for records on disc. The FBI just sent me 672 pages on 11 CDs at a cost $165.00. Had these been paper copies, which would have taken more labor to produce, I would have been charged only $67.20. Do you not see a problem with this? The PDF files on the CDs could have easily been put onto one CD. The FBI is running a scam.

On it's website, the FBI states, "Copies of any Electronic or Headquarters FOIA Library files are also available on disc . Some files—like the John Dillinger investigation or the Julius and Ethel Rosenberg case—may take up many discs, **but most releases fit on a single disc**."

http://www.fbi.gov/foia/a-guide-to-conducting-research-in-fbi-records

My FOIA release "fits on on a single disc," but the FBI wants to split it up onto countless CDs and charge me more than what it would charge for printing the 672 pages to paper? The FBI is making a big mistake in how it is handling duplication fees. **I can't wait to see how you and your client justify this to the judge**.

Daniel Rigmaiden

*See id.*, ¶ No. 30 (citing declaration <u>ATTACHMENT 16</u> [email Plaintiff sent to Mr. Rosenberg (emphasis added above)]).

32.    Plaintiff never received a response to his email.  However, on May 20, 2015, while he was finishing his motion for partial summary judgment and declaration, he began to check the URLs cited in his filings to make sure they were current.  *See id.*, ¶ No. 32.  To support his "unreasonable duplication fee" argument, Plaintiff cites to the FBI's "A Guide to Conducting Research in FBI Records," which is quoted to Mr. Rosenberg in the email above.  *See id*.  Upon checking the URL to the guide, *i.e.*, http://www.fbi.gov/foia/a-guide-to-conducting-research-in-fbi-records, it came up as not found on the FBI's website.  *See id*.  Instead, the URL forwarded to http://www.fbi.gov/?came_from=http%3a//www.fbi.gov/foia/a-guide-to-conducting-research-in-fbi-records (last accessed: May 20, 2015), which just displays the FBI's homepage.  *See id.* (citing declaration <u>ATTACHMENT 17</u> [print-out of the web page loaded at the above URL]).

33.    Still needing to cite the FBI's "A Guide to Conducting Research in FBI Records," Plaintiff loaded an archived version of the guide via the "Internet Archive Wayback Machine."  *See id.*, ¶ No. 33.  The Wayback Machine "enables users to see archived versions of web pages

1   across time, which the Archive calls a 'three dimensional index.'" *See Wayback Machine*,

2   https://en.wikipedia.org/wiki/Wayback_Machine (last accessed: May 20, 2015).  The Wayback

3   Machine's last archive of http://www.fbi.gov/foia/a-guide-to-conducting-research-in-fbi-records

4   is dated March 27, 2015, approximately two weeks before Plaintiff notified Mr. Rosenberg of the

5   FBI's stated public policy that "most releases fit on a single disc." *See id.* (citing declaration

6   ATTACHMENT 18 [print-out of the web page loaded at the above URL via the Wayback

7   Machine's March 27, 2015, archive]).

8       34.   The FBI's "A Guide to Conducting Research in FBI Records," stating that "most

9   releases fit on a single disc[,]" was originally linked from the FBI's "Freedom of

10  Information/Privacy Act" web page located at http://www.fbi.gov/foia/ (last accessed: May 20,

11  2015).  *See id.*, ¶ No. 34.  The March 27, 2015, version of http://www.fbi.gov/foia/ (as archived

12  by the Wayback machine), has a menu link on the right side of the page that reads: "A Guide to

13  Conducting Research in FBI Records," which is under a heading that reads: "Understanding FBI

14  Records."  *See id*.  However, the May 20, 2015, version of http://www.fbi.gov/foia/ (as loaded by

15  the FBI's web server) has the "A Guide to Conducting Research in FBI Records" link removed

16  from the menu.  *See id.* (citing declaration ATTACHMENT 19 [(A) a print-out of the web page

17  loaded at http://www.fbi.gov/foia/ via the Wayback Machine's March 27, 2015, archive, and (B) a

18  print-out of the web page loaded at http://www.fbi.gov/foia/ via the FBI's web server accessed

19  May 20, 2015]).

20      35.   Two other links to the "A Guide to Conducting Research in FBI Records" are still

21  present within the body of the page at http://www.fbi.gov/foia/, but the links forward to "page not

22  found" errors.  *See id.*, ¶ No. 35 (citing declaration ATTACHMENT 20 [print-out of the web

23  page loaded at http://www.fbi.gov/foia/resolveuid/2b59dd059c8d4b814712ec48ddc81164 via the

24  FBI's web server accessed May 20, 2015., and print-out of the web page loaded at

25  http://www.fbi.gov/foia/resolveuid/388e75df8b5963494b1b2daa8379fe69 via the FBI's web

26  server accessed May 20, 2015]).

27  ///

28  ///

1 | Respectfully Submitted: May 20, 2015.

2

3 | DANIEL DAVID RIGMAIDEN,
Pro Se Plaintiff:

4

5

6 | s/ Daniel Rigmaiden
Daniel D. Rigmaiden

7

8 | **CERTIFICATE OF SERVICE**

9 |     I, Daniel David Rigmaiden, hereby certify that on May 20, 2015, I caused the attached

10 | document to be electronically transmitted to the Clerk's Office using the ECF system for

11 | filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

12

13 | Brad P. Rosenberg, Attorney for Defendants

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28 | By: s/ Daniel Rigmaiden