Daniel David Rigmaiden
530 E McDowell Rd Ste 107-214
Phoenix, AZ 85004
Email: freedan@safe-mail.net

Daniel David Rigmaiden,
Pro Se, Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel David Rigmaiden,<br><br>    Plaintiff,<br>v.<br><br>Federal Bureau of Investigation, et al.<br><br>    Defendant. | Civil Action No.:<br><br>CV12-01605-PHX-DLR<br><br>DANIEL RIGMAIDEN'S DECLARATION UNDER PENALTY OF PERJURY IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

Plaintiff, Daniel David Rigmaiden, being competent to make this declaration and having personal knowledge of the matters stated herein, declares pursuant to 28 U.S.C. § 1746:

**I.     The agreement to use a 500-page sample and Vaughn index to litigate future exemptions on future documents provided in response to the FBI Harris FOIA request.**

1. Regarding my Harris FOIA request sent to the FBI (FOIPA Request No. 1212582), Counsel for Defendant FBI, Brad Rosenberg, and I had a verbal agreement (via telephone) to use a 500-page sample of records responsive to my Harris FOIA request and an accompanying Vaughn index as a means to argue the applicability of the FOIA exemptions the FBI planned to apply to all responsive records in the future. Per the agreement, the sample would need to be sufficient enough for the parties to litigate all future withholdings prior to the FBI processing further records. The caveats to this agreement were as follows: (1) I reserve my right to challenge future redactions/withholdings if the subject matter (but not cited exemption) of any given future record is not covered by the Vaughn index addressing the 500-page sample, and (2) the FBI would have to defend the sufficiency of its search once that issue becomes ripe for review.

2. As for caveat No. 1 above, Counsel for Defendant FBI, Brad Rosenberg, and I

- 1 -

1  agreed that I would unilaterally decide whether the FBI would be required to justify any given
2  future redaction/withholding on any yet to be disclosed document via an additional Vaughn
3  index.  In other words, the parties agreed that I would have the final sole decision on whether
4  exemptions within the sample and accompanying FBI justifications are sufficient to justify any
5  future claimed exemption on any future document.  Per our agreement, Defendant FBI and its
6  counsel would have absolutely no say in the matter whatsoever.  It was also agreed that
7  Defendant FBI would have no choice but to comply should I make the unilateral decision that the
8  subject matter of the sample failed to match the subject matter of future records.  Mr. Rosenberg
9  agreed to this condition after I explained how I would have nothing to gain from letting the FBI
10 off the hook on its obligation to justify all claimed exemptions under FOIA and instead only
11 address a 500-page sample.
12         3.      On December 17, 2014, Mr Rosenberg referenced our agreement in an email to me
13 as follows: "Note also that we do not anticipate any briefing regarding any re-processing of the
14 so-called dirty words after any re-processing is done -- **let us know if you disagree** (as that could
15 substantially **extend any proposed briefing** schedule)."  Mr. Rosenberg knew that if I did not
16 agree, it would result in more briefing considering the FBI would have no right to object to my
17 unilateral decision to require the FBI to justify all new redactions and withholdings.  Attached as
18 ATTACHMENT 01 is an email chain covering December 10, 2014, to December 19, 2014.  The
19 above quoted email is within the chain.  The attached is admissible under Fed. R. Evid. 901(a),
20 and Fed. R. Evid. 901(b)(4).  Pursuant to Fed. R. Evid. 901(a) and Fed. R. Civ. P. 56(e)(1), I
21 certify that the attachment is a true and correct copy of the original currently in my possession.
22         4.      In response to Mr. Rosenberg's December 17, 2014, email, I advised, "As for
23 rebriefing after reprocessing, that is still an option per the terms we discussed previously and also
24 in light of the sample not being 500 pages."  *Id*.  (December 17, 2014, email).  The "terms
25 discussed previously" was in reference to the above explained caveat that I could unilaterally
26 require the FBI to justify any redaction or withholding via a precise Vaughn index without any
27 say from the FBI.  The reference to "the sample not being 500 pages" is further explained below.
28         5.      Defendant FBI violated the terms of the agreement by failing to provide a 500-

1  page sample.  Instead, I was provided with 321 pages of records by the FBI via letter dated
2  December 13, 2013.  Attached as ATTACHMENT 02 is the FBI's December 13, 2013, letter to
3  me RE: FOIPA Request No. 1212582.  The attached is admissible under Fed. R. Evid. 901(a),
4  and Fed. R. Evid. 901(b)(4).  Attached to the letter are the 321 pages of sample records.  Pursuant
5  to Fed. R. Evid. 901(a) and Fed. R. Civ. P. 56(e)(1), I certify that the attachment is a true and
6  correct copy of the original currently in my possession.

7      6.    The FBI also violated the agreement by failing to provide a sufficient sample of
8  records for each claimed exemption.  For example, only one sample page was provided
9  corresponding to FOIA exemption (b)(1) and only nine sample pages were provided
10 corresponding to FOIA exemption (b)(4).  I have isolated the above noted pages and attached
11 them as ATTACHMENT 03 and ATTACHMENT 04, respectively.  The attachments are
12 admissible under Fed. R. Evid. 901(a), and Fed. R. Evid. 901(b)(4).  Pursuant to Fed. R. Evid.
13 901(a) and Fed. R. Civ. P. 56(e)(1), I certify that the attachments are true and correct copies of the
14 originals currently in my possession.

15     **A.    Additional FOIA records provided after the 321-page sample and
16         Vaughn index.**

17     7.    Via a USPS letter postmarked March 4, 2015, the FBI provided me with 482 PDF
18 pages of records relating to Harris surveillance equipment.  The records were provided in
19 response to my Harris wireless device locator FOIA request having FOIPA Request No. 1212582.
20 Attached as ATTACHMENT 05 is the FBI's cover letter, dated March 3, 2015, provided to me
21 with the records.  The attached is admissible under Fed. R. Evid. 901(a), and Fed. R. Evid. 901(b)
22 (4).  Pursuant to Fed. R. Evid. 901(a) and Fed. R. Civ. P. 56(e)(1), I certify that the attachment is a
23 true and correct copy of the original currently in my possession.

24     8.    Via a USPS letter postmarked April 1, 2015, the FBI provided me with 672 PDF
25 pages of records relating to Harris surveillance equipment.  The records were provided in
26 response to my Harris wireless device locator FOIA request having FOIPA Request No. 1212582.
27 Attached as ATTACHMENT 06 is the FBI's cover letter, dated March 31, 2015, provided to me
28 with the records.  The attached is admissible under Fed. R. Evid. 901(a), and Fed. R. Evid. 901(b)

(4).  Pursuant to Fed. R. Evid. 901(a) and Fed. R. Civ. P. 56(e)(1), I certify that the attachment is a true and correct copy of the original currently in my possession.

9. Via a FedEx shipment sent April 13, 2015, the FBI provided me with 3,417 PDF pages of records relating to Harris surveillance equipment.  The records were provided in response to my Harris wireless device locator FOIA request having FOIPA Request No. 1212582.  Attached as <u>ATTACHMENT 07</u> is the FBI's cover letter, dated April 13, 2015, provided to me with the records.  The attached is admissible under Fed. R. Evid. 901(a), and Fed. R. Evid. 901(b)(4).  Pursuant to Fed. R. Evid. 901(a) and Fed. R. Civ. P. 56(e)(1), I certify that the attachment is a true and correct copy of the original currently in my possession.

10. On April 11, 2015, after completing my review of the first 1,154 pages provided to me by the FBI, I determined that the previously provided 321-page sample does not cover the full scope of the subject matter contained within the newly provided 1,154 pages.  Per the agreement regarding use of the sample, I unilaterally decided that the FBI would need to create a new Vaughn index justifying all specific redactions and withholdings (relating to FOIA exemptions (b)(1), (b)(3), (b)(4), and (b)(7)(E)) within the newly provided 1,154 pages, and also within the remainder of the documents yet to be provided which, as was clearly evident at that time, would be more of the same non-matching subject matter.

11. On April 11, 2015, I advised Defendant FBI's counsel, Brad Rosenberg, via email that I would be needing a Vaughn index from the FBI justifying each specific redaction within the new documents.  Attached as <u>ATTACHMENT 08</u> is the email I sent to Mr. Rosenberg.  The attached is admissible under Fed. R. Evid. 901(a), and Fed. R. Evid. 901(b)(4).  Pursuant to Fed. R. Evid. 901(a) and Fed. R. Civ. P. 56(e)(1), I certify that the attachment is a true and correct copy of the original currently in my possession.

12. On May 19, 2015, after completing my review of the additional 3,417 pages FedEx shipped to me by the FBI on April 13, 2015, I was able to confirm that the previously provided 321-page sample does not cover the full scope of the subject matter contained within the rest of the documents.  While I had already advised Defendant FBI that I would need a full Vaughn index addressing the entirety of the new disclosure (*see* ¶ No. 11, above), I sent Defendant FBI's

- 4 -

1  counsel, Mr. Rosenberg, an email on May 19, 2015, advising him that my review of the
2  additional 3,417 pages was complete and that a Vaughn index addressing all new documents (per
3  our agreement) is still needed.  Attached as <u>ATTACHMENT 09</u> is the email I sent to Mr.
4  Rosenberg.  The attached is admissible under Fed. R. Evid. 901(a), and Fed. R. Evid. 901(b)(4).
5  Pursuant to Fed. R. Evid. 901(a) and Fed. R. Civ. P. 56(e)(1), I certify that the attachment is a true
6  and correct copy of the original currently in my possession.

7      13.    Attached as <u>ATTACHMENT 10</u> is the 4,571 redacted pages of Harris FOIA
8  documents provided to me by the FBI with "deleted page information sheets" referencing the
9  additional 8,457 pages withheld in full.  The attachment is also a copy of the documents provided
10 to Alex Richardson by the FBI in response to his duplicate FOIA request having FOIPA Request
11 No. 1321895.  The Richardson duplicate request is discussed further below.  The attachment is
12 admissible under Fed. R. Evid. 901(a), and Fed. R. Evid. 901(b)(4).  Pursuant to Fed. R. Evid.
13 901(a) and Fed. R. Civ. P. 56(e)(1), I certify that the attachment is a true and correct copy of the
14 original currently in my possession.

**II.   The FBI unreasonably charged me a $555.00 duplication fee for 37 CDs while the data should have been provided on 3 CDs for $45.00.**

17     14.    Pursuant to the Court's scheduling order, I filed my notice of intent to pay the
18 FBI's standard FOIA **duplication fees** on January 13, 2015.  *See* <u>Rigmaiden v. FBI</u>, CV12-
19 01605-PHX-DLR, Dkt. #128 (D.Ariz.).  On January 12, 2015, the Court ordered that "within
20 90 days of Plaintiff's Notice [to pay standard duplication fees], Defendants shall provide
21 Plaintiff with all documents responsive to the [FOIA] searches[.]"  *Id.*, Dkt. #127, pp. 5-6.  In
22 other words, the FBI had three months to provide me with documents while I paid the
23 standard duplication fees.

24     15.    According to an email sent to me by Mr. Rosenberg on December 19, 2014, the
25 FBI's standard method of fulfilling FOIA requests and charging duplication fees is to provide
26 one CD per month at $15.00 per CD:

27        "I assume that you would opt for one CD per month, rather than two CDs every
28        other month. (I believe that CDs are $15 each.) This is the standard method by
          which the FBI processes FOIA requests."

ATTACHMENT 01 (email chain including above quoted email dated December 19, 2014).

16. On December 17, 2014, prior to the above email, I advised Mr. Rosenberg that "I will pay for the DVDs/CDs one at time." *Id*. (email chain including above quoted email dated December 17, 2014).

17. Based on my email discussions with Mr. Rosenberg wherein I was advised that the FBI sends out one CD per month at $15.00 each, and based on the Court's order requiring the FBI to produce all documents within three months, it was clear that I would be paying for one CD per month, at $15.00 each, over three months for a total of $45.00. When I filed my notice at Dkt. #128 to pay the standard fees, I was agreeing to pay these standard fees as they were presented to me by Mr. Rosenberg in the email chain. *See* ATTACHMENT 01.

18. Instead of sending me one CD per month at $15.00 each over the 3-month period ordered by the Court, the FBI sent me a first letter containing seven (7) CDs at $15.00 per CD for a total of $105.00; a second letter containing eleven (11) CDs at $15.00 per CD for a total of $165.00; and then a box containing nineteen (19) CDs for a total of $285.00. The grand total came to $555.00 for 37 CDs ($545 actual, due to a $10.00 credit).

19. A standard CD has a data capacity of **700 megabytes**. *See Compact disc*. Wikipedia [website], https://en.wikipedia.org/wiki/Compact_disc (last accessed: May 20, 2015). However, none of the 37 CDs billed to me at $15.00 each (for a total of $555.00) were filled anywhere near capacity. In fact, the total amount of PDF files making up the FBI Harris FOIA document disclosure came to a mere **510 megabytes**, which is only **72.8%** of the capacity of a **single $15.00 FBI CD**.

20. The FBI's first set of PDF files sent to me on March 4, 2015, consisted of a total of **49.7 megabytes** (for 482 PDF pages) spread across seven (7) CDs. Attached as ATTACHMENT 11 is a screenshot of the total amount of data contained on the seven (7) CDs. I calculated the total data amount by (1) copying each of the seven (7) CDs to a hard drive on a computer, and (2) using a file manager to display the total data size of all the files from the seven (7) CDs at one time. The attached is admissible under Fed. R. Evid. 901(a), and Fed. R. Evid.

- 6 -

1 | 901(b)(4). Pursuant to Fed. R. Evid. 901(a) and Fed. R. Civ. P. 56(e)(1), I certify the attachment
2 | is a true/correct copy of the original in my possession.
3 |     21.    The data making up the first set of PDF files could have fit on a single CD, which
4 | has a standard capacity of 700 megabytes, but the FBI instead spread the PDF files across seven
5 | (7) CDs, which have a combined capacity of 4,900 megabytes, and billed me $105.00 for the
6 | seven (7) CDs. *See* <u>ATTACHMENT 05</u> (FBI's cover letter, dated March 3, 2015, billing me
7 | $105.00 for the seven (7) CDs).
8 |     22.    The FBI's second set of PDF files sent to me on April 1, 2015, consisted of a total
9 | of **75.3 megabytes** (for 672 PDF pages) spread across eleven (11) CDs. Attached as
10 | <u>ATTACHMENT 12</u> is a screenshot of the total amount of data contained on the eleven (11) CDs.
11 | I calculated the total data amount by (1) copying each of the eleven (11) CDs to a hard drive on a
12 | computer, and (2) using a file manager to display the total data size of all the files from the eleven
13 | (11) CDs at one time. The attached is admissible under Fed. R. Evid. 901(a), and Fed. R. Evid.
14 | 901(b)(4). Pursuant to Fed. R. Evid. 901(a) and Fed. R. Civ. P. 56(e)(1), I certify the attachment
15 | is a true/correct copy of the original in my possession.
16 |     23.    The data making up the second set of PDF files could have fit on a single CD,
17 | which has a standard capacity of 700 megabytes, but the FBI instead spread the PDF files across
18 | eleven (11) CDs, which have a combined capacity of 7,700 megabytes, and billed me $165.00 for
19 | the eleven (11) CDs. *See* <u>ATTACHMENT 06</u> (FBI's cover letter, dated March 31, 2015, billing
20 | me $165.00 for the eleven (11) CDs).
21 |     24.    The FBI's third set of PDF files sent to me on April 13, 2015, consisted of a total of
22 | **385 megabytes** (for 3,417 PDF pages) spread across nineteen (19) CDs. Attached as
23 | <u>ATTACHMENT 13</u> is a screenshot of the total amount of data contained on the nineteen (19)
24 | CDs. I calculated the total data amount by (1) copying each of the nineteen (19) CDs to a hard
25 | drive on a computer, and (2) using a file manager to display the total data size of all the files from
26 | the nineteen (19) CDs at one time. The attached is admissible under Fed. R. Evid. 901(a), and
27 | Fed. R. Evid. 901(b)(4). Pursuant to Fed. R. Evid. 901(a) and Fed. R. Civ. P. 56(e)(1), I certify
28 | the attachment is a true/correct copy of the original in my possession.

25. The data making up the third set of PDF files could have fit on a single CD, which has a standard capacity of 700 megabytes, but the FBI instead spread the PDF files across nineteen (19) CDs, which have a combined capacity of 13,300 megabytes, and billed me $285.00 for the nineteen (19) CDs. See ATTACHMENT 07 (FBI's cover letter, dated April 13, 2015, billing me $285.00 for the nineteen (19) CDs).

26. Each of the FBI letters billing me the combined $555.00 state that "[f]ailure to pay for this release within thirty (30) days from the date of this letter will close any pending FBI FOIPA requests from you. Nonpayment will also cause an automatic denial of any future FOIPA requests." See ATTACHMENT 05, ATTACHMENT 06, and ATTACHMENT 07.

27. After receiving the FBI's first set of CDs billed at $105.00 ($95.00 actual, after applying a $10.00 credit), I paid the FBI $95.00 under duress due to the warning noted in ¶ No. 26 above and also because I sought to avoid the consequences noted in 28 CFR 16.11(g), stating that "[c]omponents will follow the provisions of the Debt Collection Act of 1982 (Pub. L. 97-365, 96 Stat. 1749), as amended, and its administrative procedures, including the use of consumer reporting agencies, collection agencies, and offset[.]" I paid this bill under duress, as reflected by my March 26, 2015, email sent to Mr. Rosenberg: "I am filing for summary judgment and asking that the court order the FBI to refund the fee minus the cost of one CD / DVD." Attached as ATTACHMENT 14 is the email I sent to Mr. Rosenberg. The attached is admissible under Fed. R. Evid. 901(a), and Fed. R. Evid. 901(b)(4). Pursuant to Fed. R. Evid. 901(a) and Fed. R. Civ. P. 56(e)(1), I certify that the attachment is a true and correct copy of the original currently in my possession.

28. The FBI failed to advise me ahead of time that I would have to pay $555.00, or that I would be sent seven (7) CDs in a single month at $105.00 to be paid within 30 days, and then thirty (30) more CDs the next month at $350.00 to be paid within 30 days. The FBI also failed to give me notice that I could discuss the matter with Department personnel in order to reformulate the request to meet my needs at a lower cost.

///

///

### A. The FBI treated a similarly situated individual differently by providing the same FOIA documents on 1 CD for $15.00 as opposed to 37 CDs for $555.00.

29. Just **eleven days** after providing me with the third set of FOIA documents (which brought the total to thirty seven (37) CDs at $555.00), the FBI fulfilled Alex Richardson's duplicate FOIA request by providing him with the **exact same 4,571 pages** of PDF documents **on a single CD for $15.00**. The April 24, 2015, letter to Mr. Richardson from the FBI states: "Enclosed is one CD containing 4,571 pages of previously-processed documents and a copy of the Explanation of Exemptions." The FOIPA Request No. assigned to Mr. Richardson's FOIA request is 1321895. However, the FOIPA Request No. shown within the "previously-processed documents" provided to Mr. Richardson is 1212582, which matches my FOIPA Request No. assigned to me by the FBI in 2012. Attached as ATTACHMENT 15 is the FBI's April 24, 2015, letter to Mr. Richardson along with the first page of the duplicate disclosure showing my FOIPA Request No., *i.e.*, 1212582. The attached is an official record of the FBI—with USDOJ seal and signature—and is admissible under Fed. R. Evid. 901(b)(10) and Fed. R. Civ. P. 44(c), and Fed. R. Evid. 901(b)(4). Pursuant to Fed. R. Evid. 901(a) and Fed. R. Civ. P. 56(e)(1), I certify that the attachment is a true and correct copy of the record obtained by me from https://muckrock.s3.amazonaws.com/foia_files/4-24-15_MR16083_RES-C_ID1321895-000.pdf (last accessed: May 20, 2015) and https://muckrock.s3.amazonaws.com/foia_files/4-24-15_MR16083_RES_ID1321895-000.pdf (last accessed: May 20, 2015).

30. The full set of FOIA documents provided to Mr. Richardson are the same as the FOIA documents provided to me, which are attached as ATTACHMENT 10. Mr. Richardson also put the duplicate set of FOIA documents on the web at https://muckrock.s3.amazonaws.com/foia_files/4-24-15_MR16083_RES_ID1321895-000.pdf (last accessed: May 20, 2015).

### B. Defendant FBI and the FBI's counsel, Brad Rosenberg, have attempted to hide evidence regarding the duplication fee scheme targeted at Plaintiff.

31. On April 11, 2015, I emailed Mr. Rosenberg his concerns about the FBI needlessly increasing the amount of CDs in order to charge higher duplication fees:

| | |
|---|---|
| 1 | Brad, |
| 2 | |
| 3 | The FBI charges 10 cents per page in FOIA duplication fees for paper copies and $15 a CD for records on disc. The FBI just sent me 672 pages on 11 CDs at a cost $165.00. Had these been paper copies, which would have taken more labor to produce, I would have been charged only $67.20. Do you not see a problem with this? The PDF files on the CDs could have easily been put onto one CD. The FBI is running a scam. |
| 4 | |
| 5 | |
| 6 | On it's website, the FBI states, "Copies of any Electronic or Headquarters FOIA Library files are also available on disc . Some files—like the John Dillinger investigation or the Julius and Ethel Rosenberg case—may take up many discs, **but most releases fit on a single disc**." |
| 7 | |
| 8 | |
| 9 | http://www.fbi.gov/foia/a-guide-to-conducting-research-in-fbi-records |
| 10 | My FOIA release "fits on on a single disc," but the FBI wants to split it up onto countless CDs and charge me more than what it would charge for printing the 672 pages to paper? The FBI is making a big mistake in how it is handling duplication fees. **I can't wait to see how you and your client justify this to the judge**. |
| 11 | |
| 12 | |
| 13 | Daniel Rigmaiden |
| 14 | |

15  Attached as ATTACHMENT 16 is the email I sent to Mr. Rosenberg (emphasis added above).

16  The attached is admissible under Fed. R. Evid. 901(a), and Fed. R. Evid. 901(b)(4).  Pursuant to

17  Fed. R. Evid. 901(a) and Fed. R. Civ. P. 56(e)(1), I certify that the attachment is a true and correct

18  copy of the original currently in my possession.

19          32.     I never received a response to this email.  However, on May 20, 2015, while I was

20  finishing my motion for partial summary judgment and this declaration, I began to check the

21  URLs cited in my filings to make sure they were current.  To support my "unreasonable

22  duplication fee" argument, I cite to the FBI's "A Guide to Conducting Research in FBI Records,"

23  which is quoted to Mr. Rosenberg in the email above.  Upon checking the URL to the guide, *i.e.*,

24  http://www.fbi.gov/foia/a-guide-to-conducting-research-in-fbi-records, it came up as not found

25  on the FBI's website.  Instead, the URL forwarded to http://www.fbi.gov/?came_from=http

26  %3a//www.fbi.gov/foia/a-guide-to-conducting-research-in-fbi-records (last accessed: May 20,

27  2015), which just displays the FBI's homepage.  Attached as ATTACHMENT 17 is a print-out of

28  the web page loaded at the above URL.  The attached is an official record of the FBI—with

USDOJ/FBI seal—and is admissible under Fed. R. Evid. 901(b)(10) and Fed. R. Civ. P. 44(c), and Fed. R. Evid. 901(b)(4). Pursuant to Fed. R. Evid. 901(a) and Fed. R. Civ. P. 56(e)(1), I certify that the attachment is a true and correct copy of the record obtained by me by loading the following URL in a web browser: http://www.fbi.gov/foia/a-guide-to-conducting-research-in-fbi-records (last accessed: May 20, 2015).

33.  Still needing to cite the FBI's "A Guide to Conducting Research in FBI Records," I loaded an archived version of the guide via the "Internet Archive Wayback Machine." The Wayback Machine "enables users to see archived versions of web pages across time, which the Archive calls a 'three dimensional index.'" *See Wayback Machine*, https://en.wikipedia.org/wiki/Wayback_Machine (last accessed: May 20, 2015). The Wayback Machine's last archive of http://www.fbi.gov/foia/a-guide-to-conducting-research-in-fbi-records is dated March 27, 2015, approximately two weeks before I notified Mr. Rosenberg of the FBI's stated public policy that "most releases fit on a single disc." Attached as <u>ATTACHMENT 18</u> is a print-out of the web page loaded at the above URL via the Wayback Machine's March 27, 2015, archive. The attached is an official record of the FBI—with USDOJ/FBI seal—and is admissible under Fed. R. Evid. 901(b)(10) and Fed. R. Civ. P. 44(c), and Fed. R. Evid. 901(b)(4). Pursuant to Fed. R. Evid. 901(a) and Fed. R. Civ. P. 56(e)(1), I certify that the attachment is a true and correct copy of the record obtained by me from https://web.archive.org/web/20150327065938/http://www.fbi.gov/foia/a-guide-to-conducting-research-in-fbi-records (last accessed: May 20, 2015).

34.  The FBI's "A Guide to Conducting Research in FBI Records," stating that "most releases fit on a single disc[,]" was originally linked from the FBI's "Freedom of Information/Privacy Act" web page located at http://www.fbi.gov/foia/ (last accessed: May 20, 2015). The March 27, 2015, version of http://www.fbi.gov/foia/ (as archived by the Wayback machine), has a menu link on the right side of the page that reads: "A Guide to Conducting Research in FBI Records," which is under a heading that reads: "Understanding FBI Records." However, the May 20, 2015, version of http://www.fbi.gov/foia/ (as loaded by the FBI's web server) has the "A Guide to Conducting Research in FBI Records" link removed from the menu.

1  Attached as <u>ATTACHMENT 19</u> is (A) a print-out of the web page loaded at
2  http://www.fbi.gov/foia/ via the Wayback Machine's March 27, 2015, archive, and (B) a print-out
3  of the web page loaded at http://www.fbi.gov/foia/ via the FBI's web server accessed May 20,
4  2015.  The attached are official records of the FBI—with USDOJ/FBI seal—and are admissible
5  under Fed. R. Evid. 901(b)(10) and Fed. R. Civ. P. 44(c), and Fed. R. Evid. 901(b)(4).  Pursuant
6  to Fed. R. Evid. 901(a) and Fed. R. Civ. P. 56(e)(1), I certify that the attachments are true and
7  correct copies of the records obtained by me from
8  https://web.archive.org/web/20150402022431/http://www.fbi.gov/foia/ (last accessed: May 20,
9  2015) and http://www.fbi.gov/foia/ (last accessed: May 20, 2015).

10         35.     Two other links to the "A Guide to Conducting Research in FBI Records" are still
11 present within the body of the page at http://www.fbi.gov/foia/, but the links forward to "page not
12 found" errors.  *See* "A Guide to Conducting Research in FBI Records,"
13 http://www.fbi.gov/foia/resolveuid/2b59dd059c8d4b814712ec48ddc81164 (last accessed: May
14 20, 2015) ("This page does not seem to exist..."); "View a printable version,"
15 http://www.fbi.gov/foia/resolveuid/388e75df8b5963494b1b2daa8379fe69 (last accessed: May
16 20, 2015) ("This page does not seem to exist...").  Attached as <u>ATTACHMENT 20</u> is a print-out
17 of the web page loaded at
18 http://www.fbi.gov/foia/resolveuid/2b59dd059c8d4b814712ec48ddc81164 via the FBI's web
19 server accessed May 20, 2015., and a print-out of the web page loaded at
20 http://www.fbi.gov/foia/resolveuid/388e75df8b5963494b1b2daa8379fe69 via the FBI's web
21 server accessed May 20, 2015.  The attached are official records of the FBI—with USDOJ/FBI
22 seal—and are admissible under Fed. R. Evid. 901(b)(10) and Fed. R. Civ. P. 44(c), and Fed. R.
23 Evid. 901(b)(4).  Pursuant to Fed. R. Evid. 901(a) and Fed. R. Civ. P. 56(e)(1), I certify that the
24 attachments are true and correct copies of the records obtained by me from
25 https://web.archive.org/web/20150327065938/http://www.fbi.gov/foia/a-guide-to-conducting-
26 research-in-fbi-records (last accessed: May 20, 2015) and http://www.fbi.gov/foia/ (last accessed:
27 May 20, 2015).
28 ///

Pursuant to 28 USC § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 20, 2015, in Phoenix, AZ, USA

Daniel Rigmaiden
Pro Se Plaintiff

*Daniel Rigmaiden*
Daniel Rigmaiden
530 E McDowell Rd.
Ste 107-214
Phoenix, AZ 85004

Respectfully Submitted: May 20, 2015.

DANIEL DAVID RIGMAIDEN,
Pro Se Plaintiff:

s/ Daniel Rigmaiden
Daniel D. Rigmaiden

## CERTIFICATE OF SERVICE

I, Daniel David Rigmaiden, hereby certify that on May 20, 2015, I caused the attached document to be electronically transmitted to the Clerk's Office using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Brad P. Rosenberg, Attorney for Defendants

By: s/ Daniel Rigmaiden

- 14 -