# ATTACHMENT 07

DANIEL RIGMAIDEN'S DECLARATION UNDER PENALTY OF PERJURY IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Daniel David Rigmaiden
v.
Federal Bureau of Investigation, et al.

CV12-01605-PHX-DLR

ATTACHMENT 07:   FBI's April 13, 2015, letter to Daniel Rigmaiden RE: FOIPA Request No. 1212582.

U.S. Department of Justice



**Federal Bureau of Investigation**
Washington, D.C. 20535

April 13, 2015

MR. DANIEL DAVID RIGMAIDEN
530 EAST MCDOWELL ROAD
STE 107-214
PHOENIX, AZ 85004

FOIPA Request No.: 1212582-001
Subject: WIRELESS DEVICE LOCATORS
MANUFACTURED BY HARRIS WPG

Dear Mr. Rigmaiden:

The enclosed documents on 19 CDs were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision. In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely. The exemptions used to withhold information are marked below and explained on the enclosed Explanation of Exemptions:

| Section 552 | | Section 552a |
|---|---|---|
| ☑ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☑ (b)(3) | ☑ (b)(7)(C) | ☐ (k)(1) |
| 50 USC §3024(i)(1 | ☐ (b)(7)(D) | ☐ (k)(2) |
|  | ☑ (b)(7)(E) | ☐ (k)(3) |
|  | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☑ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☑ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☑ (b)(6) |  | ☐ (k)(7) |

**11,810 pages** were reviewed and **3417 pages** are being released.

☐ Document(s) were located which originated with, or contained information concerning, other Government agency(ies) [OGA].

☐ This information has been referred to the OGA(s) for review and direct response to you.
☐ We are consulting with OGA(s). The FBI will correspond with you regarding this information when the consultation is finished.

☐ In accordance with standard FBI practice and pursuant to FOIA exemption (b)(7)(E) and Privacy Act exemption (j)(2) [5 U.S.C. § 552/552a (b)(7)(E)/(j)(2)], this response neither confirms nor denies the existence of your subject's name on any watch lists.

      For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.  See 5 U.S. C. § 552(c) (2006 & Supp. IV (2010).  This response is limited to those records that are subject to the requirements of the FOIA.  This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist. Enclosed for your information is a copy of the Explanation of Exemptions.

☑ Although your request is in litigation, we are required by 5 § 552 (a)(6)(A) to provide you the following information concerning your right to appeal.  You may appeal by writing to the Director, Office of Information Policy (OIP), U.S. Department of Justice,1425 New York Ave., NW, Suite 11050, Washington, D.C.  20530-0001, or you may submit an appeal through OIP's eFOIA portal at http://www.justice.gov/oip/efoia-portal.html.
Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely.  The envelope and the letter should be clearly marked "Freedom of Information Appeal."  Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

☐ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation.  Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s).  Our experience has shown when ident, references usually contain information similar to the information processed in the main file(s).  Because of our significant backlog, we have given priority to processing only the main investigative file(s).  If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☑ See additional information which follows.

                      Sincerely,

                      *[signature]*

                      David M. Hardy
                      Section Chief
                      Record/Information Dissemination Section
                      Records Management Division

Enclosure(s)

      The enclosed documents represent the final interim release of information responsive to your Freedom of Information Act (FOIA) request.

      During the reprocessing of this material, it was determined that 5 additional sections of documents, consisting of 1599 total pages, were duplicates of sections already re-processed.  Therefore, these additional pages were not re-processed.

      **Upon receipt of the enclosed CDs, please go to www.pay.gov to make an electronic payment\*, or make a check or money order payable to the Federal Bureau of Investigation in the amount of $285.00 ($15 per CD at 19 CDs) and remit payment to the Work Process Unit, Record/Information Dissemination Section, Records Management Division, Federal Bureau of Investigation, 170 Marcel Drive, Winchester, VA 22602.  Please include the FOIPA Request Number(s) with your payment. Failure to pay for this release within thirty (30) days from the date of this letter will close any pending FBI FOIPA requests from you.   Nonpayment will also cause an automatic denial of any future FOIPA requests.**

*\*Pay.gov is a secure web-based application that accepts credit card and ACH payments online, and is hosted by the United States Department of Treasury, Financial Management Service.  For frequent FOIPA requesters, it is recommended to create a Pay.gov account to retain an online history of payments made through Pay.gov and to retain specific information for future payments.  To make an electronic payment, complete the FBI Freedom of Information Act and Privacy Act Form located on Pay.gov.  Please note: if a refund is necessary, there is less processing time to refund a credit card payment than an ACH payment.*

# EXPLANATION OF EXEMPTIONS

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)     (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)     related solely to the internal personnel rules and practices of an agency;

(b)(3)     specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)     trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)     inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)     personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)     records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)     contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)     geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)     information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)     material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)     information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)     investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)     material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)     required by statute to be maintained and used solely as statistical records;

(k)(5)     investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)     testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service he release of which would compromise the testing or examination process;

(k)(7)     material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.