UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Daniel David Rigmaiden      )
               Plaintiff,   )
                 )
V.   )   Civil Action No. 12-1605
                 )
The U.S. Department of Justice,   )
                 )
             Defendant.   )

### SECOND DECLARATION OF JOHN W. KORNMEIER

1   I, John W. Kornmeier declare the following to be a true and correct statement of
2   facts:
3      1)   I am an attorney advisor with the Executive Office for United States Attorneys
4   ("EOUSA"), United States Department of Justice.   In that capacity, my responsibilities
5   include: acting as liaison with other divisions and offices of the Department of Justice
6   ("DOJ") in responding to requests and the litigation filed under both the Freedom of
7   Information Act ("FOIA"), 5 U.S.C. §552 (1988), and the Privacy Act of 1974, 5 U.S.C.
8   §552a (1988) ("PA"); the review of FOIA/PA requests for access to records located in this
9   office and 94 United States Attorney's offices ("USAOs") and the case files arising
10  therefrom; the review of correspondence related to requests; the review of searches
11  conducted in response to requests; the location of responsive records; and preparation of
12  responses thereto by the EOUSA to assure that determinations to withhold (or to release)
13  such responsive records are in accordance with the provisions of both the FOIA and the
14  PA, as well as the Department of Justice regulations (28 C.F.R. §§16.3 et. seq. and §16.40
15  et. seq.).
16     2)   As an attorney advisor of the FOIA/PA Unit, EOUSA, I have authority to
17  release and/or withhold records requested under the FOIA/PA, and to advocate the position

of the EOUSA in actions brought under these Acts.  The statements I make hereinafter are made on the basis of my review of the official files and records of EOUSA, on my own personal knowledge, or on the basis of information acquired by me through the performance of my official duties.

3) Due to the nature of my official duties, I am familiar with the procedures followed by this office in responding to the FOIA/PA request(s) made to EOUSA by the above-captioned Plaintiff (hereinafter referred to as "Mr. Rigmaiden").

4) This declaration addresses the Order of November 14, 2014 in which the Court directs EOUSA to search in the pertinent USAOs and to address the application of Exemption 7(E) of the FOIA in the first set of documents it withheld.

.

## SEARCH OF USAOS

5) In accordance with the Court's Order, EOUSA searched for category one of Mr. Rigmaiden's request, which sought "records concerning" portable/transportable Harris wireless device locators and related equipment.

6) As I noted in my previous declaration, USAOs use a case management system, known as the Legal Information Office Network System (LIONS), to maintain and manage their records. LIONS is an electronic tracking system for cases that is more akin to an indexing system; it does not store electronically the actual documents from the matters handled by the 94 USAOs.  LIONS includes many different case-related fields, including case caption, USAO number, and district, among others.  As Mr. Rigmaiden did not request court filings or other specific case-related information, EOUSA determined that a search of the LIONS database – which tracks case-related information – would not be feasible.

7) Accordingly, and pursuant to the guidance provided by this Court's Order of November 14, 2014, EOUSA decided to contact the Criminal Chiefs of the USAOs, who oversee all the criminal cases in their respective offices, to ask them to determine where responsive records would be filed, to search those files, and send any potentially

responsive records.

8) The USAOs did so. On April 10, 2015, EOUSA released 20 pages of records to Mr. Rigmaiden, and withheld 185.[1]

## EXEMPTIONS

9) EOUSA applied exemptions (b)(5), (b)(6), (b)(7)(C) and (b)(7)(E) of the FOIA to withhold information. All records which EOUSA has withheld are part of the files of criminal cases, and, therefore, meet the threshold requirement for exemptions (b)(7)(C) and (E).

Exemption (b)(5)

10) Exemption (b)(5) protects inter-agency or intra agency memorandums or letters which would not be available by law to a party other than an agency in litigation with an agency. This exemption protects privileged documents. The two privileges which EOUSA has applied to protect documents are attorney work product and deliberative process. The Vaughn Index, attached as Exhibit A, more specifically describes the application of these privileges to particular documents.

Exemption (b)(6)

11) Exemption (b)(6) protects documents whose disclosure "would constitute a clearly unwarranted invasion of personnel privacy." EOUSA has redacted names and other personal information of individuals from the documents in order to protect their privacy. The Vaughn Index, attached as Exhibit A, more specifically describes the application of this exemption to particular documents.

Exemption (b)(7)(C)

12) Exemption (b)(7)(C) protects records of which the disclosure would reasonably be expected to constitute an unwarranted invasion of personal privacy. EOUSA has redacted names and other personal information of individuals from the documents in order

---

[1] EOUSA has previously offered for release records from its response to an ACLU FOIA request which generally overlaps, in some respects, with Mr. Rigmaiden's request. Because Mr. Rigmaiden has not expressed an interest in receiving these records, the government does not construe them to be responsive to Mr. Rigmaiden's FOIA request.

1    to protect their privacy. The Vaughn Index, attached as Exhibit A, more specifically
2    describes the application of this exemption to particular documents.

   Exemption (b)(7)(E)

4    13) Exemption (b)(7)(E) protects records which contain techniques and procedures
5    for law enforcement investigations or procedures of which the disclosure could reasonably
6    be expected to risk circumvention of the law. The records to which this exemption is
7    applied are sealed to explicitly protect law enforcement techniques unknown to the public.
8    The Vaughn Index, attached as Exhibit A, more specifically describes the application of
9    this exemption to particular documents.

   Addressing the Application of Exemption (b)(7)(E) in First Set of Documents

11   14) In its Order of November 14, 2014, the Court directed EOUSA to further
12   elucidate the application of Exemption (b)(7)(E) to the first set of documents withheld and
13   that were subject to the previous round of summary judgment briefing. These documents
14   were described in my previous declaration of March 13, 2014.
15   15)  In each Vaughn Index entry where EOUSA asserted Exemption (b)(7)(E), it
16   also asserted Exemptions (b)(5) and (b)(6) or (b)(7)(C). All the information EOUSA
17   withheld as attorney work-product under Exemption (b)(5) as well as protected privacy
18   information under Exemptions (b)(6) and (b)(7)(C). The Court approved the applications
19   of these other exemptions for each entry. Hence, EOUSA has properly withheld the
20   documents for which Exemption (b)(7)(E) is asserted, under these other exemptions.
21   16) EOUSA filed two Vaughn Indexes with the first motion for summary judgment:
22   one labeled "Criminal Division Consultation Documents" (CCD) and a second labeled
23   "EOUSA Documents"(ED).
24   17) In the Vaughn Index for the CCD, of the 32 total documents, 16 are, either in
25   final or draft form, a comprehensive memo of the Criminal Division of the Department of
26   Justice on the implications of the Supreme Court case United States v. Jones, on the use of
27   electronic location devices (documents 2,4,6,7,9,11,13,15,17,19,21,23,24,26,28,31). The
28   various forms of the memo describe techniques in surveillance and guidelines for law

1  enforcement investigations and prosecutions. The memo discusses the factors to consider
2  in bringing prosecutions or the use of the locations devices. For example, the memo
3  addresses the positioning of devices, how to work with telecom providers, and the legal
4  issues involved with the different devices. This is not information known to the public and
5  could lead to circumvention of the law.
6      18) EOUSA asserts Exemption (b)(7)(E) for two other CCD documents: nos. 32 and
7  29. Both were released-in-part. In the withheld section of document 32, the Computer
8  Crime and Intellectual Property Section of the Criminal Divison (CCIPS) discusses
9  specific approaches to handling the use of location devices in prosecutions; including an
10 analysis of a particular legal issue. In document 29, the CCCIPS and the FBI Analysis team
11 weigh in on retention and approaches to obtaining warrants, including how particular
12 carriers handle different types of information useful in criminal enforcement
13 investigations. This information is not known to the public and could lead to circumvention
14 of the law.
15     19) In the Vaughn Index for ED there is one document, number 1, for which
16 EOUSA asserts Exemption (b)(7)(E). EOUSA has withheld from this released-in- part
17 document information on guidance for prosecutors in obtaining information with location
18 devices, including cell phone forensics, preservation letters, and an analysis of difficult
19 legal issues. This information is not known to the public and could lead to circumvention of
20 the law.
21     20) All records were reviewed to determine if any non-exempt information was
22 segregable. All segregable information was released.
23
24 I declare under penalties of perjury that the foregoing is true and correct. Executed on this
25 _19th_ day of _May_, 2015.
26                                                               John W. Kornmeier

Rigmaiden v. Department of Justice Civil Action No. 12-1605
EOUSA Documents
Glossary:
"RIF"–released in full
"RIP"–released in part
"WIF"–withheld in full; reviewed for and not deemed segregable
"USAO"–United States Attorney's Office
"AUSA"–Assistant U.S. Attorney
"FOIA"–Freedom of Information Act

| DOC | PAGES | DOCUMENT DESCRIPTION | EXEMPT STATUS | JUSTIFICATION |
|---|---|---|---|---|
| 1 | 22 | E-mails dated 6/6/11 through 8/3/11 among AUSAs in the U.S. Attorney's Office for the Northern District of California and an FBI agent, and a draft "Application for Search Warrant Authorizing Use of Electronic device to Locate a Cellular Telephone"; The e-mails discuss in detail the draft, how to change it, how the document will be used, and the legal issues involved. | WIF: b5, b6 | Exemption (b)(5) of the FOIA protects inter-agency documents which discuss aspects of the case under the attorney-work product and the deliberative process privileges. This document is deliberative in that it involves detailed exchanges on how a draft Application should change. This document, prepared in anticipation of litigation, is also attorney work-product. It contains specific research that the attorneys for the USAO think is pertinent to criminal litigation involving tracking devices. These are the opinions and thought processes of attorneys in anticipation of litigations and as such, fall squarely within the definition of attorney work-product. Participants in the e-mail concerning law enforcement guidance have an expectation of privacy under Exemption (6) of the FOIA. EOUSA |


GOVERNMENT EXHIBIT
Exhibit A

| | | | |
|---|---|---|---|
| 2 | | | withholds such information to protect them against harassment. There are no public interests to weigh. |
| | 26 | WIF: b5, b6 | E-mail exchange dated 5/6/11, between AUSAs in the Northern District of California, and a powerpoint presentation. The e-mail discusses legal issues raised by the powerpoint; the powerpoint itself discusses legal issues involved in applying for and using cellular technology to track location of suspects. | Exemption (b)(5) of the FOIA protects inter-agency documents which discuss aspects of the case under the attorney-work product and the deliberative process privileges.<br><br>This document is deliberative in that it involves a discussion of how to handle a particular type of case.<br><br>This document, prepared in anticipation of litigation, is also attorney work-product. It contains specific analysis that the attorneys for the USAO think is pertinent to criminal litigation involving tracking devices. These are the opinions and thought processes of attorneys in anticipation of litigations and, as such, fall squarely within the definition of attorney work-product.<br><br>Participants in the e-mail concerning law enforcement guidance have an expectation of privacy under Exemption (6) of the FOIA. EOUSA withholds such information to protect them against harassment. There are no public interests to weigh.<br><br>There is no segregable information contained in this document.<br><br>This document is attorney-work product which the courts have held is protected in its entirety under Exemption (b)(5).<br><br>This document is attorney-work product which the courts have held is |

(continued row at bottom spanning): There is no segregable information contained in this document.

| # | Sub | Description | Exemptions | Justification |
|---|---|---|---|---|
| 3 | 2 | Legal advice distributed in the U.S. Attorney's Office for the Northern District of California concerning legal issues involved in the use of pen registers/trap and trace devices for telephones; the advice concerns the collection of information re: the application for a warrant. | WIF: b5 | Exemption (b)(5) of the FOIA protects inter-agency documents which discuss aspects of the case under the attorney-work product and the deliberative process privileges. This document, prepared in anticipation of litigation, is attorney work-product. It contains specific analysis that the USAO thinks is pertinent to criminal litigation involving tracking devices. These are the opinions and thought processes of attorneys in anticipation of litigations and as such, fall squarely within the definition of attorney work-product. As the document is attorney work-product there is nothing segregable. protected in its entirety under Exemption (b)(5). |
| 4 | 1 | E-mail dated 11/15/07 from AUSA in the U.S. Attorney's Office for the Central District of California, discussing a location device, how the device works and the legal issues involved in using it. | WIF: b5, b6 | Exemption (b)(5) of the FOIA protects inter-agency documents which discuss aspects of the case under the attorney-work product, and the deliberative process privileges. This document, prepared in anticipation of litigation, is attorney work-product. It contains specific analysis that the USAO thinks is pertinent to criminal litigation involving tracking devices. These are the opinions and thought processes of attorneys in anticipation of litigations and as such, fall squarely within the definition of attorney work-product. There is no segregable information contained in this document. This document is attorney-work product which the courts have held is protected in its entirety under Exemption (b)(5). |

| | | | |
|---|---|---|---|
| 5 | 45 | E-mails dated 1/26/12 through 2/16/12 among AUSAs in the U.S. Attorney's Office for the Northern District of California and go/by templates with instructions"; The e-mails discuss in detail the go/by template, how to change it, how the document will be used, and the legal issues involved | WIF: b5, b6 | Exemption (b)(5) of the FOIA protects inter-agency documents which discuss aspects of the case under the attorney-work product and the deliberative process privileges. This document is deliberative in that it involves detailed exchanges on how a draft Application should change. This document, prepared in anticipation of litigation, is also attorney work-product. It contains specific research that the attorneys for the USAO think is pertinent to criminal litigation involving tracking devices. These are the opinions and thought processes of attorneys in anticipation of litigations and as such, fall squarely within the definition of attorney work-product. Participants in the e-mail concerning law enforcement guidance have an expectation of privacy under Exemption (6) of the FOIA. EOUSA withholds such information to protect them against harassment. There are no public interests to weigh. There is no segregable information contained in this document. This document is attorney-work product which the courts have held is protected in its entirety under Exemption (b)(5). |
| 6 | 88 | U.S. District Court of Arizona: a transcript from a sealed ex parte criminal hearing involving the use of sensitive law enforcement technology and techniques; an FBI agent addresses specific techniques which are not known to the public. | WIF: sealed, b7C, b7E | The Court has sealed this transcript prohibiting disclosure. The transcript concerns a criminal proceeding involving testimony of an FBI agent who would have a reasonable expectation of privacy under Exemption (7)(C) of the FOIA. EOUSA withholds such information to protect him against stigmatizing public attention and harassment. There are no public interests to weigh. |

| | |
|---|---|
| | |
| | |
| | |
| | There is no reasonably segregable information contained in this document as it is entirely sealed. |
| | The transcript contains sensitive law enforcement information about the use of technology and techniques which Exemption (7)(E) of the FOIA protects to prevent circumvention of the law. |