BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
ELIZABETH J. SHAPIRO
Deputy Branch Director
BRAD P. ROSENBERG (D.C. Bar No. 467513)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C.  20044
Telephone: (202) 514-3374
Facsimile: (202) 616-8460
E-mail: brad.rosenberg@usdoj.gov
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel David Rigmaiden, | No. CV-2012-01605-DLR-BSB |
| Plaintiff, | **STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE** |
| vs. | |
| Federal Bureau of Investigation, et al., | |
| Defendants. | |

Pursuant to Local Rule 56.1, Defendants hereby submit this Statement of Material Facts as to Which There is No Genuine Issue.

**WSJ/Brookings FBI Request:**

1.       In responding to that aspect of plaintiff's FOIA request regarding the article in *The Wall Street* Journal, the FBI performed an individualized search query outside of its CRS system of those FBI divisions and offices most likely to maintain responsive records.  Decl. of Dennis J. Argall Regarding the Harris and Wall Street Journal Requests ("Argall Decl.") ¶ 5.

2.       The search identified in the paragraph immediately above yielded 94 pages of responsive records.  *Id.* ¶ 6.

3.       In responding to that aspect of plaintiff's FOIA request regarding

comments made at the Brookings Institution, the FBI conducted an individualized search query outside of its CRS system of those FBI divisions and offices most likely to maintain responsive records, as well as a search of the CRS.  *Id.* ¶ 10.

4.     The searches identified in the paragraph immediately above did not yield any responsive records.  *Id.* ¶ 10.

5.     In responding to that aspect of plaintiff's FOIA request regarding the article in *The Wall Street Journal*, the FBI has now conducted a search in the CRS.  *Id.* ¶ 9.

6.     The search identified in the paragraph immediately above yielded no additional responsive records.  *Id.*

7.     The FBI has produced e-mails in response to that aspect of the FOIA request relating to the newspaper article in *The Wall Street Journal*.  *Id.* ¶ 12.

8.     There is no factual basis to conclude that any searches of "email archives" are necessary.  *Id.* ¶¶ 11, 12.

9.     There is no factual basis to conclude that any additional searches for records responsive to this FOIA request are necessary.  *Id.* ¶¶ 10-14.

10.     The FBI would not know where to conduct additional searches.  *Id.* ¶¶ 10, 12, 14.

11.     The FBI receives thousands of FOIA/Privacy Act requests every year.  *Id.* ¶ 11 & n.2.

12.     Speculative FOIA searches interfere with the FBI's ability to implement the FOIA statute for the public at large.  *Id.* ¶ 11.

13.     The searches that plaintiff has requested would be cumulative, unnecessary, and not reasonably calculated to locate additional records.  *Id.* ¶¶ 12, 14.

14.     The FBI has searched the divisions and offices most likely to possess records responsive to the FOIA request.  *Id.* ¶¶ 5, 6, 10.

15.     The FBI does not commonly conduct separate searches of email systems in response to FOIA requests.  *Id.* ¶ 11.

16.     If the FBI had any information responsive to plaintiff's request, it is

reasonably likely to be located in the FBI's CRS or by going directly to the actual source; there are no other record systems within the FBI reasonably containing the requested information. *Id.* ¶ 13.

17.   A search of all of the categories of records in all of the locations that plaintiff has identified would be unreasonable, unnecessary, and burdensome. *Id.* ¶ 14.

**Harris FBI Request:**

18.   Plaintiff filed a Notice of Intent to Pay Standard Duplication Fees. *See* Dkt. No. 128 (01/13/2015).

19.   The FBI released records to plaintiff on March 3, March 31, and April 13. Argall Decl. ¶¶ 25-27 & Exs. A-C.

20.   The March 3 release consisted of 7 CDs. *Id.* ¶ 25 & Ex. A.

21.   The March 31 release consisted of 11 CDs. *Id.* ¶ 26 & Ex. B.

22.   The April 13 release consisted of 19 CDs. *Id.* ¶ 27 & Ex. C.

23.   In re-processing plaintiff's FOIA request, the FBI applied its Interim Release Policy ("IRP") and re-processed the request in batches of approximately 500 pages. *Id.* ¶ 24.

24.   Plaintiff has paid the $95 duplication fee associated with the March 3 release. *Id.* ¶ 25.

25.   The FBI has not received the $165 duplication fee associated with the March 31 release. *Id.* ¶ 26.

26.   The FBI has not received the $285 duplication fee associated with the April 13 release. *Id.* ¶ 27.

27.   Plaintiff is now delinquent in the amount of $450. *Id.* ¶ 28.

28.   The FBI conducted a search for responsive records in any format, including e-mails. *Id.* ¶ 15.

29.   E-mails were produced in response to plaintiff's FOIA request. *Id.*

30.   Any further searches would be cumulative, redundant, and unduly burdensome. *Id.* ¶¶ 11-16.

31.     There are no other record systems within the FBI reasonably containing the requested information.  *Id.* ¶ 16.

32.     The FBI has properly withheld information pursuant to Exemption 7(E).  *Id.* ¶¶ 17-23.

33.     The FBI employed the same processing methodology to reprocess the 500-page sample records for the so-called dirty words as was employed to reprocess the remaining body of records that were recently released.  *Id.* ¶ 29.

34.     The FBI has released all segregable information.  *Id.* ¶ 30.

**EOUSA Request:**

35.     EOUSA conducted a search for records responsive to Part 1 of plaintiff's FOIA request in the U.S. Attorney's Offices in California, Arizona, and New York by contacting the Criminal Chiefs of those offices to ask them to determine whether their offices had any responsive records and, if so, to search those file locations and return any responsive records to EOUSA.  Second Kornmeier Decl. ¶¶ 5, 7, 8.

36.     As a result of the searches identified in the paragraph immediately above, EOUSA released 20 pages of records to plaintiff, and withheld 184 pages of records.  Second Kornmeier Decl. ¶ 8.

37.     EOUSA has properly withheld records pursuant to FOIA Exemption 5 for attorney work product and the deliberative process privilege.  Second Kornmeier Decl. ¶ 10 & Ex. A.

38.     EOUSA has properly withheld records pursuant to FOIA Exemption 6.  Second Kornmeier Decl. ¶ 11 & Ex. A.

39.     There is no public interest in the disclosure of information being protected by FOIA Exemption 6.  Second Kornmeier Decl. Ex. A.

40.     The transcript that EOUSA has withheld is sealed.   Second Kornmeier Decl. Ex. A.

41.     EOUSA has properly withheld-in-part a record (otherwise sealed) pursuant to Exemption 7(C).  Second Kornmeier Decl. ¶ 12 & Ex. A.

42. There is no public interest in the disclosure of information being protected by FOIA Exemption 7(C). Second Kornmeier Dec l. ¶ 12 & Ex. A.

43. EOUSA has properly withheld-in-part a record (otherwise sealed) pursuant to Exemption 7(E). Second Kornmeier Decl. ¶ 13 Ex. A.

44. EOUSA has released all segregable information. Second Kornmeier Decl. ¶ 20.

45. For the records identified through EOUSA's searches of the five DOJ offices (as described in the first Kornmeier Declaration of March 13, 2004), in each Vaughn entry where EOUSA asserted Exemption 7(E), it also asserted Exemption 5 for work product and Exemptions 6 or 7(C). Second Kornmeier Decl. ¶ 15.

46. For the records identified through EOUSA's searches of the five DOJ offices (as described in the first Kornmeier Declaration of March 13, 2014), EOUSA properly applied Exemption 7(E). *Id.* ¶¶ 17-19.


DATED: May 20, 2015                    Respectfully submitted,

                                       BENJAMIN C. MIZER
                                       Principal Deputy Assistant Attorney General

                                       ELIZABETH J. SHAPIRO
                                       Deputy Branch Director

                                       /s/ *Brad P. Rosenberg*
                                       BRAD P. ROSENBERG
                                       D.C. Bar No. 467513
                                       Trial Attorney
                                       U.S. Department of Justice
                                       Civil Division, Federal Programs Branch
                                       P.O. Box 883
                                       Washington, D.C. 20044
                                       Telephone: (202) 514-3374
                                       Facsimile: (202) 616-8460
                                       E-mail: brad.rosenberg@usdoj.gov

                                       *Attorneys for Defendants*

- 5 –

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on May 20, 2015, I served the attached document on Plaintiff

3

via the CM/ECF system, who is a registered participant.

4

5

6
/s/ *Brad P. Rosenberg*
BRAD P. ROSENBERG
D.C. Bar No. 467513

7
Trial Attorney
U.S. Department of Justice

8
Civil Division, Federal Programs Branch
P.O. Box 883

9
Washington, D.C.  20044
Telephone:  (202) 514-3374

10
Facsimile:  (202) 616-8460
E-mail:  brad.rosenberg@usdoj.gov

11
*Attorney for Defendants*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28