# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel David Rigmaiden, | No. CV-12-1605-PHX-DLR (BSB) |
| Plaintiff, | **ORDER** |
| v. | |
| Federal Bureau of Investigation, et al., | |
| Defendants. | |

On May 20, 2015, Defendants' filed a Motion for Summary Judgment pursuant to Rule 56, Federal Rules of Civil Procedure. (Doc. 137.)

## NOTICE — WARNING TO PLAINTIFF

Defendants' Motion for Summary Judgment seeks to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says to oppose that motion. Instead, you must set out specific facts in declarations, depositions, answers to

interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the Defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

Rule 56.1(b) of the Local Rules of Civil Procedure also requires that you include with your response to the Motion for Summary Judgment a separate statement of facts in opposition to the Motion for Summary Judgment.

> (b) Any party opposing a motion for summary judgment must file a statement, separate from that party's memorandum of law, setting forth: (1) for each paragraph of the moving party's separate statement of facts, a correspondingly numbered paragraph indicating whether the party disputes the statement of fact set forth in that paragraph and a reference to the specific admissible portion of the record supporting the party's position [for example, affidavit, deposition, discovery response, etc.] if the fact is disputed; and (2) any additional facts that establish a genuine issue of material fact or otherwise preclude judgment in favor of the moving party. Each additional fact must be set forth in a separately numbered paragraph and must refer to a specific admissible portion of the record where the fact finds support.

LRCiv 56.1(b). You must also cite to the specific paragraph in your statement of facts that supports any factual claims you make in your memorandum of law:

> (e) Memoranda of law filed in support of or in opposition to a motion for summary judgment, including reply memoranda, must include citations to the specific paragraph in the statement of facts that supports factual assertions made in the memoranda regarding any material fact upon which the party relies in support of or in opposition to the motion.

LRCiv 56.1(e).

Additionally, Rule 7.2(e) of the Local Rules of Civil Procedure provides:

> Unless otherwise permitted by the Court, a motion including its supporting memorandum, and the response including its supporting memorandum, may not exceed seventeen (17) pages, exclusive of attachments and any

required statement of facts.

LRCiv 7.2(e).

Finally, Rule 7.2(i) of the Local Rules of Civil Procedure provides:

> If a motion does not conform in all substantial respects with the requirements of this Local Rule, or if the unrepresented party or counsel does not serve and file the required answering memoranda, or if the unrepresented party or counsel fails to appear at the time and place assigned for oral argument, such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily.

LRCiv 7.2(i).

You must timely respond to all motions. The Court may, in its discretion, treat your failure to respond to Defendants' Motion for Summary Judgment as a consent to the granting of that Motion without further notice, and the Court may enter judgment and dismiss this action with prejudice pursuant to Rule 72(i) of the Local Rules of Civil Procedure. *See Brydges v. Lewis,* 18 F.3d 651 (9th Cir. 1994) (*per curiam*).

Accordingly,

**IT IS ORDERED** that Plaintiff must file a response to Defendants' Motion for Summary Judgment, together with supporting affidavits or other appropriate exhibits and a separate Statement of Facts by **June 22, 2015**.

**IT IS FURTHER ORDERED** that Defendants may file a reply within fifteen (15) days after service of Plaintiff's response.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment will be deemed ready for decision without oral argument on the day following the date set for filing a reply unless otherwise ordered by the Court.

Dated this 21st day of May, 2015.

_____
Bridget S. Bade
United States Magistrate Judge