Daniel David Rigmaiden
530 E McDowell Rd Ste 107-214
Phoenix, AZ 85004
Email: freedan@safe-mail.net

Daniel David Rigmaiden,
Pro Se, Plaintiff

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel David Rigmaiden, | Civil Action No.: |
|     Plaintiff, | CV12-01605-PHX-DLR |
| v. | |
| Federal Bureau of Investigation, et al. | DANIEL RIGMAIDEN'S DECLARATION UNDER PENALTY OF PERJURY IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT |
|     Defendant. | |

Plaintiff, Daniel David Rigmaiden, being competent to make this declaration and having personal knowledge of the matters stated herein, declares pursuant to 28 U.S.C. § 1746:

**I.     I paid the FBI all of its $555.00 extortion fee in relation to the 37 CDs worth of data that should have been provided on 3 CDs for $45.**

1.     Pursuant to the Court's scheduling order, I filed my notice of intent to pay the FBI's standard FOIA duplication fees on January 13, 2015. *See* <u>Rigmaiden v. FBI</u>, CV12-01605-PHX-DLR, Dkt. #128 (D.Ariz.). On January 12, 2015, the Court ordered that "within 90 days of Plaintiff's Notice [to pay standard duplication fees], Defendants shall provide Plaintiff with all documents responsive to the [FOIA] searches[.]" *Id.*, Dkt. #127, pp. 5-6. In other words, the FBI had three months to provide me with documents while I paid the standard duplication fees.

2.     According to an email sent to me by Mr. Rosenberg on December 19, 2014, the FBI's standard method of fulfilling FOIA requests and charging duplication fees is to provide one CD per month at $15.00 per CD:

> "I assume that you would opt for one CD per month, rather than two CDs every other month. (I believe that CDs are $15 each.) This is the standard method by which the FBI processes FOIA requests."

ATTACHMENT 27 (email chain including above quoted email dated December 19, 2014).

3. On December 17, 2014, prior to the above email, I advised Mr. Rosenberg that "I will pay for the DVDs/CDs one at time." *Id*. (email chain including above quoted email dated December 17, 2014).

4. Based on my email discussions with Mr. Rosenberg wherein I was advised that the FBI sends out one CD per month at $15.00 each, and based on the Court's order requiring the FBI to produce all documents within three months, it was clear that I would be paying for one CD per month, at $15.00 each, over three months for a total of $45.00. When I filed my notice at Dkt. #128 to pay the standard fees, I was agreeing to pay these standard fees as they were presented to me by Mr. Rosenberg in the email chain. *See* ATTACHMENT 27.

5. Instead of sending me one CD per month at $15.00 each over the 3-month period ordered by the Court, the FBI sent me a first letter containing seven (7) CDs at $15.00 per CD for a total of $105.00; a second letter containing eleven (11) CDs at $15.00 per CD for a total of $165.00; and then a box containing nineteen (19) CDs for a total of $285.00. The grand total came to $555.00 for 37 CDs ($545 actual, due to a $10.00 credit).

6. A standard CD has a data capacity of **700 megabytes**. *See Compact disc*. Wikipedia [website], https://en.wikipedia.org/wiki/Compact_disc (last accessed: May 20, 2015). However, none of the 37 CDs billed to me at $15.00 each (for a total of $555.00) were filled anywhere near capacity. In fact, the total amount of PDF files making up the FBI Harris FOIA document disclosure came to a mere **510 megabytes**, which is only **72.8%** of the capacity of a **single $15.00 FBI CD**.

7. The FBI's first set of PDF files sent to me on March 4, 2015, consisted of a total of **49.7 megabytes** (for 482 PDF pages) spread across seven (7) CDs. *See* ATTACHMENT 28.

8. The data making up the first set of PDF files could have fit on a single CD, which has a standard capacity of 700 megabytes, but the FBI instead spread the PDF files across seven (7) CDs, which have a combined capacity of 4,900 megabytes, and billed me $105.00 for the seven (7) CDs. *See* Dkt. #137-1, p. 22 (FBI's cover letter, dated March 3, 2015, billing me

1  $105.00 for the seven (7) CDs).

2      9.      The FBI's second set of PDF files sent to me on April 1, 2015, consisted of a total

3  of **75.3 megabytes** (for 672 PDF pages) spread across eleven (11) CDs.  *See* ATTACHMENT 29.

4      10.     The data making up the second set of PDF files could have fit on a single CD,

5  which has a standard capacity of 700 megabytes, but the FBI instead spread the PDF files across

6  eleven (11) CDs, which have a combined capacity of 7,700 megabytes, and billed me $165.00 for

7  the eleven (11) CDs.  *See* Dkt. #137-1, p. 26 (FBI's cover letter, dated March 31, 2015, billing me

8  $165.00 for the eleven (11) CDs).

9      11.     The FBI's third set of PDF files sent to me on April 13, 2015, consisted of a total of

10 **385 megabytes** (for 3,417 PDF pages) spread across nineteen (19) CDs.  *See* ATTACHMENT

11 30.

12     12.     The data making up the third set of PDF files could have fit on a single CD, which

13 has a standard capacity of 700 megabytes, but the FBI instead spread the PDF files across

14 nineteen (19) CDs, which have a combined capacity of 13,300 megabytes, and billed me $285.00

15 for the nineteen (19) CDs.  *See* Dkt. #137-1, p. 30 (FBI's cover letter, dated April 13, 2015,

16 billing me $285.00 for the nineteen (19) CDs).

17     13.     Each of the FBI letters billing me the combined $555.00 state that "[f]ailure to pay

18 for this release within thirty (30) days from the date of this letter will close any pending FBI

19 FOIPA requests from you.  Nonpayment will also cause an automatic denial of any future FOIPA

20 requests." *See id.*, pp. 22-32.

21     14.     After receiving the FBI's first set of CDs billed at $105.00 ($95.00 actual, after

22 applying a $10.00 credit), I paid the FBI $95.00 under duress due to the warning noted in ¶ No.

23 13 above and also because I sought to avoid the consequences noted in 28 CFR 16.11(g), stating

24 that "[c]omponents will follow the provisions of the Debt Collection Act of 1982 (Pub. L. 97-

25 365, 96 Stat. 1749), as amended, and its administrative procedures, including the use of consumer

26 reporting agencies, collection agencies, and offset[.]"  I paid this bill under duress, as reflected by

27 my March 26, 2015, email sent to Mr. Rosenberg: "I am filing for summary judgment and asking

28 that the court order the FBI to refund the fee minus the cost of one CD / DVD." *See*

1  ATTACHMENT 31.

2     15.    I paid the FBI the remainder of its $555.00 extortion ($450.00).  *See*

3  ATTACHMENT 32.  Because I live right on the federal poverty line, I was unable to complete

4  the extortion payments until May 22, 2015.

5     16.    The FBI failed to advise me ahead of time that I would have to pay $555.00, or that

6  I would be sent seven (7) CDs in a single month at $105.00 to be paid within 30 days, and then

7  thirty (30) more CDs the next month at $350.00 to be paid within 30 days.  The FBI also failed to

8  give me notice that I could discuss the matter with Department personnel in order to reformulate

9  the request to meet my needs at a lower cost.

10     **II.    Submission of relevant evidence and authentication thereof.**

11     17.    Attached as ATTACHMENT 01 is Federal Bureau of Investigation ("FBI"),

12  *Response to EFF FOIA Request Nos. 1056287-000 & 1056307-1,* Aug. 27, 2007.  The

13  attached is an official record of the FBI--with government seal and signature--and is

14  admissible under Fed. R. Evid. 902(1), Fed. R. Evid. 901(b)(10) and Fed. R. Civ. P. 44(c), and

15  Fed. R. Evid. 901(b)(4).  Pursuant to Fed. R. Evid. 901(a) and Fed. R. Civ. P. 56(e)(1), I

16  certify that the attachment is a true and correct copy of the record obtained by me from

17  https://www.eff.org/files/filenode/061708CKK/082707_dcs01.pdf [EFF PDF Set 1 of 6] (last

18  accessed: May 15, 2014), p. 1-2 of 67 [p. No. 1-2 of attachment]; and

19  https://www.eff.org/files/filenode/061708CKK/082707_dcs06.pdf [EFF PDF Set 6 of 6] (last

20  accessed: May 15, 2014), p. 142 of 148 [p. No. 3 of attachment].

21     18.    Attached as ATTACHMENT 02 is United States Patent and Trademark Office

22  ("USPTO"), *Trademark Reg. No. 2,555,909 [Loggerhead]* (registered Apr. 2, 2002).  The

23  attached is an official record of the USPTO and is admissible under Fed. R. Evid.  901(b)(10)

24  and Fed. R. Civ. P. 44(c), and Fed. R. Evid. 901(b)(4).  To the extent that Harris Corporation

25  trade inscriptions and the like are relevant, the attached is admissible under Fed. R. Evid.

26  902(7).  Pursuant to Fed. R. Evid. 901(a) and Fed. R. Civ. P. 56(e)(1), I certify that the

27  attachment is a true and correct copy of the record obtained by me from

28  http://tsdr.uspto.gov/#caseNumber=2,555,909&caseType=US_REGISTRATION_NO&search

1  Type=documentSearch (last accessed: May 15, 2014).

2  19.    Attached as <u>ATTACHMENT 03</u> is Executive Office for United States Attorneys

3  ("EOUSA"), *[M.D.La.] Response to ACLU FOIA Request No. 07-4130*,  Aug. 12, 2008, p. 1,

4  2 ,9, 10, 16, and 18.  The attached is an official record of the EOUSA--with government seal

5  and signature--and is admissible under Fed. R. Evid. 902(1), Fed. R. Evid. 901(b)(10) and

6  Fed. R. Civ. P. 44(c), and Fed. R. Evid. 901(b)(4).  Pursuant to Fed. R. Evid. 901(a) and Fed.

7  R. Civ. P. 56(e)(1), I certify that the attachment is a true and correct copy of the record

8  obtained by me from

9  https://www.aclu.org/pdfs/freespeech/cellfoia_release_074130_20080812.pdf (last accessed:

10  May 15, 2014), p. 1, 2 ,9, 10, 16, and 18.

11  20.    Attached as <u>ATTACHMENT 04</u> is USPTO, *Trademark Reg. No. 2,534,253*

12  *[Triggerfish]* (registered Jan. 29, 2002).  The attached is an official record of the USPTO and

13  is admissible under Fed. R. Evid. 901(b)(10) and Fed. R. Civ. P. 44(c), and Fed. R. Evid.

14  901(b)(4).  To the extent that Harris Corporation trade inscriptions and the like are relevant,

15  the attached is admissible under Fed. R. Evid. 902(7).  Pursuant to Fed. R. Evid. 901(a) and

16  Fed. R. Civ. P. 56(e)(1), I certify that the attachment is a true and correct copy of the record

17  obtained by me from

18  http://tsdr.uspto.gov/#caseNumber=2,534,253&caseType=US_REGISTRATION_NO&search

19  Type=documentSearch (last accessed: May 15, 2014).

20  21.    Attached as <u>ATTACHMENT 05</u> is USPTO, *Trademark Reg. No. 2,762,468*

21  *[StingRay]* (registered Sep. 9, 2003).  The attached is an official record of the USPTO and is

22  admissible under Fed. R. Evid. 901(b)(10) and Fed. R. Civ. P. 44(c), and Fed. R. Evid. 901(b)

23  (4).  To the extent that Harris Corporation trade inscriptions and the like are relevant, the

24  attached is admissible under Fed. R. Evid. 902(7).  Pursuant to Fed. R. Evid. 901(a) and Fed.

25  R. Civ. P. 56(e)(1), I certify that the attachment is a true and correct copy of the record

26  obtained by me from

27  http://tsdr.uspto.gov/#caseNumber=2,762,468&caseType=US_REGISTRATION_NO&search

28  Type=documentSearch (last accessed: May 15, 2014).

22.      Attached as <u>ATTACHMENT 06</u> is USPTO, *Trademark Reg. No. 3,499,993 [StingRay II]* (registered Sep. 9, 2008).  The attached is an official record of the USPTO and is admissible under Fed. R. Evid. 901(b)(10) and Fed. R. Civ. P. 44(c), and Fed. R. Evid. 901(b)(4).  To the extent that Harris Corporation trade inscriptions and the like are relevant, the attached is admissible under Fed. R. Evid. 902(7).  Pursuant to Fed. R. Evid. 901(a) and Fed. R. Civ. P. 56(e)(1), I certify that the attachment is a true and correct copy of the record obtained by me from http://tsdr.uspto.gov/#caseNumber=3,499,993&caseType=US_REGISTRATION_NO&searchType=documentSearch (last accessed: May 15, 2014).

23.      Attached as <u>ATTACHMENT 07</u> is Department of Homeland Security, United States Secret Service (USSS). (Jun. 29, 2010). Harris equipment (Solicitation Number: 225717).  The attached is an official record of the federal government and is admissible under Fed. R. Evid. 901(b)(10) and Fed. R. Civ. P. 44(c), and Fed. R. Evid. 901(b)(4).  To the extent that Harris Corporation trade inscriptions and the like are relevant, the attached is admissible under Fed. R. Evid. 902(7).  Pursuant to Fed. R. Evid. 901(a) and Fed. R. Civ. P. 56(e)(1), I certify that the attachment is a true and correct copy of the record obtained by me from https://www.fbo.gov/?s=opportunity&mode=form&id=52b671c48d68c6518b78939677952282&tab=core&_cview=0 (last accessed: May 15, 2014).

24.      Attached as <u>ATTACHMENT 08</u> is Department of the Army, Office: U.S. Army Intelligence and Security Command. (Jan. 12, 2009). NOTICE OF INTENT TO AWARD A SOLE SOURCE CONTRACT-HARRIS: KINGFISH DUAL MODE SYSTEM (Solicitation Number: W911W4-09-T-0017).  The attached is an official record of the federal government and is admissible under Fed. R. Evid. 901(b)(10) and Fed. R. Civ. P. 44(c), and Fed. R. Evid. 901(b)(4).  To the extent that Harris Corporation trade inscriptions and the like are relevant, the attached is admissible under Fed. R. Evid. 902(7).  Pursuant to Fed. R. Evid. 901(a) and Fed. R. Civ. P. 56(e)(1), I certify that the attachment is a true and correct copy of the record obtained by me from https://www.fbo.gov/index?

1  s=opportunity&mode=form&id=fd03ebae781f3a3fdb7633699bc1e351&tab=core&tabmode=

2  list&= (last accessed: May 15, 2014).

3         25.    Attached as <u>ATTACHMENT 09</u> is USPTO, *Trademark Reg. No. 2,867,227*

4  *[KingFish]* (registered Jul. 27, 2004).  The attached is an official record of the USPTO and is

5  admissible under Fed. R. Evid. 901(b)(10) and Fed. R. Civ. P. 44(c), and Fed. R. Evid. 901(b)

6  (4).  To the extent that Harris Corporation trade inscriptions and the like are relevant, the

7  attached is admissible under Fed. R. Evid. 902(7).  Pursuant to Fed. R. Evid. 901(a) and Fed.

8  R. Civ. P. 56(e)(1), I certify that the attachment is a true and correct copy of the record

9  obtained by me from

10  http://tsdr.uspto.gov/#caseNumber=2867227&caseType=US_REGISTRATION_NO&searchT

11  ype=documentSearch (last accessed: May 15, 2014).

12         26.    Attached as <u>ATTACHMENT 10</u> is Space and Naval Warfare Systems Center

13  (SPAWARSYSCEN). (Jun. 10, 2004).  *Sole Source Harris Corporation AmberJack G*

14  *antennas and antenna accessory kits* (Solicitation Number: N65236-04-R-0096).  The

15  attached is an official record of the federal government and is admissible under Fed. R. Evid.

16  901(b)(10) and Fed. R. Civ. P. 44(c), and Fed. R. Evid. 901(b)(4).  To the extent that Harris

17  Corporation trade inscriptions and the like are relevant, the attached is admissible under Fed.

18  R. Evid. 902(7).  Pursuant to Fed. R. Evid. 901(a) and Fed. R. Civ. P. 56(e)(1), I certify that

19  the attachment is a true and correct copy of the record obtained by me from

20  https://www.fbo.gov/index?

21  s=opportunity&mode=form&id=fd03ebae781f3a3fdb7633699bc1e351&tab=core&tabmode=

22  list&= (last accessed: May 16, 2014).

23         27.    Attached as <u>ATTACHMENT 11</u> is USPTO, *Trademark Reg. No. 2,710,009*

24  *[AmberJack]* (registered Aug. 22, 2003).  The attached is an official record of the USPTO and

25  is admissible under Fed. R. Evid. 901(b)(10) and Fed. R. Civ. P. 44(c), and Fed. R. Evid.

26  901(b)(4).  To the extent that Harris Corporation trade inscriptions and the like are relevant,

27  the attached is admissible under Fed. R. Evid. 902(7).  Pursuant to Fed. R. Evid. 901(a) and

28  Fed. R. Civ. P. 56(e)(1), I certify that the attachment is a true and correct copy of the record

1  obtained by me from

2  http://tsdr.uspto.gov/#caseNumber=2710009&caseType=US_REGISTRATION_NO&searchT

3  ype=statusSearch (last accessed: May 16, 2014).

4        28.      Attached as <u>ATTACHMENT 12</u> is United States General Services

5  Administration. (Mar. 11, 2014).  FEDERAL SUPPLY SERVICE, INFORMATION

6  TECHNOLOGY SCHEDULE PRICELIST, GENERAL PURPOSE COMMERCIAL

7  INFORMATION TECHNOLOGY EQUIPMENT, SOFTWARE AND SERVICES (Harris).

8  The attached is an official record of the United States General Services Administration and is

9  admissible under Fed. R. Evid.  901(b)(10) and Fed. R. Civ. P. 44(c), and Fed. R. Evid. 901(b)

10  (4).  To the extent that Harris Corporation trade inscriptions and the like are relevant, the

11  attached is admissible under Fed. R. Evid. 902(7).  Pursuant to Fed. R. Evid. 901(a) and Fed.

12  R. Civ. P. 56(e)(1), I certify that the attachment is a true and correct copy of the record

13  obtained by me from

14  https://www.gsaadvantage.gov/ref_text/GS35F0283J/0ML8KB.2S6VTT_GS-35F-

15  0283J_HARRISMOD162.PDF (last accessed: May 16, 2014).

16        29.      Attached as <u>ATTACHMENT 13</u> are published patents owned by Harris **(1)**

17  Billhartz, Thomas J., *et al.*, Harris Corp., *Wireless Communications System Including A*

18  *Wireless Device Locator And Related Methods*, U.S. Patent No. 7,321,777 (Melbourne, FL:

19  Jan. 22, 2008), **(2)** McPherson, Rodney and Lanza, David J., Harris Corp., *Wireless*

20  *Transmitter Location Determining System And Related Methods*, U.S. Patent No. 7,592,956

21  (Melbourne, FL: Sept. 22, 2009), **(3)** Otto, James C., Harris Corp., *System And Method For*

22  *Determining The Geolocation Of A Transmitter*, U.S. Patent No. 5,719,584 (Indian Harbor

23  Beach, FL: Feb. 17, 1998), and **(4)** Proctor, James A, Jr. and Otto, James C., Harris Corp.,

24  *Range And Bearing Tracking System With Multipath Rejection*, U.S. Patent No. 5,687,196

25  (Indialantic, FL: Nov. 11, 1997).  The attached are official publications by a public authority

26  (*i.e.*, the USPTO) and are admissible under Fed. R. Evid. 902(5), and Fed. R. Evid. 901(b)(4).

27  Pursuant to Fed. R. Evid. 901(a) and Fed. R. Civ. P. 56(e)(1), I certify that the attached are

28  true and correct copies of the USPTO publications obtained by me from **(1)**

http://www.freepatentsonline.com/7321777.html (last accessed: May 16, 2014) [attachment p. No. 1-18], **(2)** http://www.freepatentsonline.com/7592956.html (last accessed: May 16, 2014) [attachment p. No. 19-37], **(3)** http://www.freepatentsonline.com/5719584.html (last accessed: May 16, 2014) [attachment p. No. 38-45], and **(4)** http://www.freepatentsonline.com/5687196.html (last accessed: May 16, 2014) [attachment p. No. 46-52].

30.     Attached as <u>ATTACHMENT 14</u> is <u>Florida v. James L. Thomas</u>, No. 2008-CF-3350A, Suppression Hearing Transcript RE: Harris StingRay & KingFish [testimony of Investigator Christopher Corbitt] (2nd Cir. Ct., Leon County, FL, Aug. 23, 2010).  The attached is an official record of the state of Florida and is admissible under Fed. R. Evid. 901(b)(10) and Fed. R. Civ. P. 44(c), and Fed. R. Evid. 901(b)(4).  Pursuant to Fed. R. Evid. 901(a) and Fed. R. Civ. P. 56(e)(1), I certify that the attachment is a true and correct copy of the records obtained by me from the state of Florida.

31.     Attached as <u>ATTACHMENT 15</u> is **(1)** Miami, FL, USA, *Legislative Files, Harris Sole Source Vendor Letter*, p. 1 (Nov. 29, 2006), **(2)** Miami, FL, USA, *Legislative Files, Inter-Office Memo RE: Harris Sole Source Vendor*, p. 1 (Nov. 13, 2008), **(3)** Miami, FL, USA, *Legislative Files, Harris Sole Source Letter [Attachment B]*, p. 2 (Aug. 25, 2008), **(4)** Miami, FL, USA, *Legislative Files, Harris* Product Datasheets, p. 1-2, **(5)** Miami, FL, USA, *Legislative Files, Harris Product Datasheets*, p. 1, and **(6)** Miami, FL, USA, *Legislative Files, Harris GCSD Price List* (Sep. 2008), p. 1-8.  The attached are official records of the city of Miami, FL and are admissible under Fed. R. Evid. 901(b)(10) and Fed. R. Civ. P. 44(c), and Fed. R. Evid. 901(b)(4).  To the extent that Harris Corporation trade inscriptions and the like are relevant, the attached are admissible under Fed. R. Evid. 902(7).  Pursuant to Fed. R. Evid. 901(a) and Fed. R. Civ. P. 56(e)(1), I certify that the attachment is a true and correct copy of the records obtained by me from **(1)** http://egov.ci.miami.fl.us/Legistarweb/Attachments/34768.pdf (last accessed: May 16, 2014) [p. No. 1 of attachment], **(2)** http://egov.ci.miami.fl.us/Legistarweb/Attachments/47993.pdf (last accessed: May 16, 2014) [p. No. 2 of attachment], **(3)**

1    http://egov.ci.miami.fl.us/Legistarweb/Attachments/48003.pdf (last accessed: May 16, 2014)

2    [p. No. 3-12 of attachment], **(4)**

3    http://egov.ci.miami.fl.us/Legistarweb/Attachments/34769.pdf (last accessed: May 16, 2014)

4    [p. No. 13-14 of attachment], **(5)**

5    http://egov.ci.miami.fl.us/Legistarweb/Attachments/34771.pdf (last accessed: May 16, 2014)

6    [p. No. 15-16 of attachment], and **(6)**

7    http://egov.ci.miami.fl.us/Legistarweb/Attachments/48000.pdf [cached at:

8    https://info.publicintelligence.net/Harris-SurveillancePriceList.pdf] (last accessed: May 16,

9    2014) [p. No. 17-24 of attachment].

10        32.     Attached as <u>ATTACHMENT 16</u> is Singel, Ryan (Wired Magazine), FBI E-Mail

11    Shows Rift Over Warrantless Phone Record Grabs (Dec. 20, 2007).  The attached is printed

12    news material and is admissible under Fed. R. Evid. 902(6), and Fed. R. Evid. 901(b)(4).

13    Pursuant to Fed. R. Evid. 901(a) and Fed. R. Civ. P. 56(e)(1), I certify that the attachment is a

14    true and correct copy of the printed news material obtained by me from

15    http://archive.wired.com/print/politics/onlinerights/news/2007/12/fbi_cell (last accessed: May

16    17, 2014).

17        33.     Attached as <u>ATTACHMENT 17</u> is Myers, Rachel (ACLU), *With Technology*

18    *Like This, Who Needs the Law? >> Blog of Rights: Official Blog of the American Civil*

19    *Liberties Union*  (Nov. 14, 2008).  The attached is printed news material and is admissible

20    under Fed. R. Evid. 902(6), and Fed. R. Evid. 901(b)(4).  Pursuant to Fed. R. Evid. 901(a)

21    and Fed. R. Civ. P. 56(e)(1), I certify that the attachment is a true and correct copy of the

22    printed news material obtained by me from https://www.aclu.org/print/blog/free-speech-

23    national-security/technology-who-needs-law (last accessed: May 17, 2014).

24        34.     Attached as <u>ATTACHMENT 18</u> is Valentino-DeVries, Jennifer (The Wall Street

25    Journal), *'Stingray' Phone Tracker Fuels Constitutional Clash*, p. A1 (Sept. 22, 2011).  The

26    attached is printed news material and is admissible under Fed. R. Evid. 902(6), and Fed. R.

27    Evid. 901(b)(4).  Pursuant to Fed. R. Evid. 901(a) and Fed. R. Civ. P. 56(e)(1), I certify that

28    the attachment is a true and correct copy of the printed news material obtained by me from

http://online.wsj.com/news/articles/SB10001424053111904194604576583112723197574#printMode (last accessed: May 17, 2014).

35.     Attached as UNDERLINE ATTACHMENT 19 is Zetter, Kim (Wired), *Secrets of FBI Smartphone Surveillance Tool Revealed in Court Fight* (Apr. 09, 2013).  The attached is printed news material and is admissible under Fed. R. Evid. 902(6), and Fed. R. Evid. 901(b)(4).  Pursuant to Fed. R. Evid. 901(a) and Fed. R. Civ. P. 56(e)(1), I certify that the attachment is a true and correct copy of the printed news material obtained by me from http://www.wired.com/threatlevel/2013/04/verizon-rigmaiden-aircard/all/ (last accessed: May 17, 2014).

36.     Attached as ATTACHMENT 20 is Coast to Coast AM, *Lee Lapin - Guests - Coast to Coast AM*, Lee Lapin Biography.  The attached is printed news material and is admissible under Fed. R. Evid. 902(6), and Fed. R. Evid. 901(b)(4). Pursuant to Fed. R. Evid. 901(a) and Fed. R. Civ. P. 56(e)(1), I certify that the attachment is a true and correct copy of the printed news material obtained by me from http://www.coasttocoastam.com/guest/lapin-lee/6469 (last accessed: May 17, 2014).

37.     Attached as ATTACHMENT 21 is *OpenBTS Public Release*, http://wush.net/trac/rangepublic/wiki/WikiStart.  The attached is a printed Internet resource and is admissible under Fed. R. Evid. 901(a), and Fed. R. Evid. 901(b)(4).  Pursuant to Fed. R. Evid. 901(a) and Fed. R. Civ. P. 56(e)(1), I certify that the attachment is a true and correct copy of the printed Internet resource obtained by me from http://wush.net/trac/rangepublic/wiki/WikiStart (last accessed: May 18, 2014).

38.     Attached as ATTACHMENT 22 is Greenberg, Andy (Forbes Magazine), *Despite FCC Scare Tactics, Researcher Demos AT&T Eavesdropping - Forbes* (Jul. 31, 2010).  The attached is printed news material and is admissible under Fed. R. Evid. 902(6), and Fed. R. Evid. 901(b)(4).  Pursuant to Fed. R. Evid. 901(a) and Fed. R. Civ. P. 56(e)(1), I certify that the attachment is a true and correct copy of the printed news material obtained by me from http://www.forbes.com/sites/firewall/2010/07/31/despite-fcc-scare-tactics-researcher-demos-att-eavesdropping/print/ (last accessed: May 18, 2014).

1    39.    Attached as <u>ATTACHMENT 23</u> is *CatcherCatcher - Mobile Network*

2  *Assessment Tools - SRLabs Open Source Projects*,

3  https://opensource.srlabs.de/projects/mobile-network-assessment-tools/wiki/CatcherCatcher.

4  The attached is a printed Internet resource and is admissible under Fed. R. Evid. 901(a), and

5  Fed. R. Evid. 901(b)(4).  Pursuant to Fed. R. Evid. 901(a) and Fed. R. Civ. P. 56(e)(1), I

6  certify that the attachment is a true and correct copy of the printed Internet resource obtained

7  by me from https://opensource.srlabs.de/projects/mobile-network-assessment-

8  tools/wiki/CatcherCatcher (last accessed: May 18, 2014).

9    40.    Attached as <u>ATTACHMENT 24</u> is *Wiki - SnoopSnitch - SRLabs Open Source*

10  *Projects*, https://opensource.srlabs.de/projects/snoopsnitch. The attached is a printed Internet

11  resource and is admissible under Fed. R. Evid. 901(a), and Fed. R. Evid. 901(b)(4).  Pursuant to

12  Fed. R. Evid. 901(a) and Fed. R. Civ. P. 56(e)(1), I certify that the attachment is a true and correct

13  copy of the printed Internet resource obtained by me from

14  https://opensource.srlabs.de/projects/snoopsnitch (last accessed: Jun. 22, 2015).

15    41.    Attached as <u>ATTACHMENT 25</u> is Gallagher, Sean. (Apr. 20, 2015). *This machine*

16  *catches stingrays: Pwnie Express demos cellular threat detector*. <u>Ars Technica</u>.  The attached is

17  printed news material and is admissible under Fed. R. Evid. 902(6), and Fed. R. Evid. 901(b)(4).

18  Pursuant to Fed. R. Evid. 901(a) and Fed. R. Civ. P. 56(e)(1), I certify that the attachment is a true

19  and correct copy of the printed news material obtained by me from

20  http://arstechnica.com/information-technology/2015/04/this-machine-catches-stingrays-pwnie-

21  express-demos-cellular-threat-detector/ (last accessed: Jun. 22, 2015).

22    42.    Attached as <u>ATTACHMENT 26</u> is <u>United States v. Rigmaiden</u>, CR08-814-PHX-

23  DGC, Dkt. #821-3, pp. 86-93 (D.Ariz., May 25, 2012) ((1) Two page chart of text messages sent

24  and received by FBI Agent Richard J. Murray while the aircard was being located on July 16-17,

25  2008; Note: created by the defense using ITEM No. 6 of December 9, 2011 discovery set; and (2)

26  page Nos. 1, 2, 3, 9, and 10 of original chart of text messages provided by the government;

27  (ITEM No. 6 of December 9, 2011 discovery set)).  The attached is an official record of the

28  United States District Court for the District of Arizona and is admissible under Fed. R. Evid.

901(b)(10) and Fed. R. Civ. P. 44(c), and Fed. R. Evid. 901(b)(4).  Pursuant to Fed. R. Evid. 901(a) and Fed. R. Civ. P. 56(e)(1), I certify that the attachment is a true and correct copy of the records obtained by me from the District of Arizona.  Within the Harris FOIA request documents provided so far, there are no copies of SMS text messages sent to/from agents as during investigations to locate cellular devices with Harris equipment.

43.   Attached as ATTACHMENT 27 is an email chain covering December 10, 2014, to December 19, 2014.  The above quoted email is within the chain.  The attached is admissible under Fed. R. Evid. 901(a), and Fed. R. Evid. 901(b)(4).  Pursuant to Fed. R. Evid. 901(a) and Fed. R. Civ. P. 56(e)(1), I certify that the attachment is a true and correct copy of the original currently in my possession.

44.   Attached as ATTACHMENT 28 is a screenshot of the total amount of data contained on the seven (7) CDs.  I calculated the total data amount by (1) copying each of the seven (7) CDs to a hard drive on a computer, and (2) using a file manager to display the total data size of all the files from the seven (7) CDs at one time.  The attached is admissible under Fed. R. Evid. 901(a), and Fed. R. Evid. 901(b)(4).  Pursuant to Fed. R. Evid. 901(a) and Fed. R. Civ. P. 56(e)(1), I certify the attachment is a true/correct copy of the original in my possession.

45.   Attached as ATTACHMENT 29 is a screenshot of the total amount of data contained on the eleven (11) CDs.  I calculated the total data amount by (1) copying each of the eleven (11) CDs to a hard drive on a computer, and (2) using a file manager to display the total data size of all the files from the eleven (11) CDs at one time.  The attached is admissible under Fed. R. Evid. 901(a), and Fed. R. Evid. 901(b)(4).  Pursuant to Fed. R. Evid. 901(a) and Fed. R. Civ. P. 56(e)(1), I certify the attachment is a true/correct copy of the original in my possession.

46.   Attached as ATTACHMENT 30 is a screenshot of the total amount of data contained on the nineteen (19) CDs.  I calculated the total data amount by (1) copying each of the nineteen (19) CDs to a hard drive on a computer, and (2) using a file manager to display the total data size of all the files from the nineteen (19) CDs at one time.  The attached is admissible under Fed. R. Evid. 901(a), and Fed. R. Evid. 901(b)(4).  Pursuant to Fed. R. Evid. 901(a) and Fed. R. Civ. P. 56(e)(1), I certify the attachment is a true/correct copy of the original in my possession.

47.     Attached as <u>ATTACHMENT 31</u> is the email I sent to Mr. Rosenberg.  The attached is admissible under Fed. R. Evid. 901(a), and Fed. R. Evid. 901(b)(4).  Pursuant to Fed. R. Evid. 901(a) and Fed. R. Civ. P. 56(e)(1), I certify that the attachment is a true and correct copy of the original currently in my possession.

48.     Attached as <u>ATTACHMENT 32</u> is a copy of the May 22, 2015, money order for $450 I sent to the FBI to pay its extortion RE: inflated/unnecessary duplication fees in FOIPA Request No. 1212582.  The original money is in Defendant FBI's possession.  The attached is admissible under Fed. R. Evid. 901(a), and Fed. R. Evid. 901(b)(4).  Pursuant to Fed. R. Evid. 901(a) and Fed. R. Civ. P. 56(e)(1), I certify that the attachment is a true and correct copy of the copy of the original sent to the FBI.

49.     Attached as <u>ATTACHMENT 33</u> is Federal Bureau of Investigation. (Apr. 11, 2013). *A Guide to Conducting Research in FBI Records*.  The attached is an official record of the FBI--with government seal and signature--and is admissible under Fed. R. Evid. 902(1), Fed. R. Evid. 901(b)(10) and Fed. R. Civ. P. 44(c), and Fed. R. Evid. 901(b)(4).  Pursuant to Fed. R. Evid. 901(a) and Fed. R. Civ. P. 56(e)(1), I certify that the attachment is a true and correct copy of the record  obtained by me from https://web.archive.org/web/20150327065956/http://www.fbi.gov/foia/a-guide-to-conducting-research-in-fbi-records-pdf (last accessed: May 20, 2015).

///

///

///

///

///

///

///

///

///

///

Pursuant to 28 USC § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 22, 2015, in Phoenix, AZ, USA.

DANIEL DAVID RIGMAIDEN
Pro se Plaintiff

Daniel Rigmaiden
Daniel David Rigmaiden
530 E McDowell Rd Ste 107-214
Phoenix, AZ 85004

Respectfully Submitted: June 22, 2015.

DANIEL DAVID RIGMAIDEN,
Pro Se Plaintiff:


s/ Daniel Rigmaiden
Daniel D. Rigmaiden


## CERTIFICATE OF SERVICE

I, Daniel David Rigmaiden, hereby certify that on June 22, 2015, I caused the attached document to be electronically transmitted to the Clerk's Office using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:


Brad P. Rosenberg, Attorney for Defendants

By: s/ Daniel Rigmaiden