IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DANIEL DAVID RIGMAIDEN,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF<br>INVESTIGATION, et. al.,<br><br>Defendants. | Civil Action No. 12-cv-01605 |

## SECOND DECLARATION OF DENNIS J. ARGALL REGARDING
## THE HARRIS AND EPIC REQUEST

I, Dennis J. Argall, declare as follows:

(1) I am the Assistant Section Chief of the Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD"), in Winchester, Virginia and, in the absence of RIDS Section Chief, David M. Hardy, I serve as Acting Section Chief for RIDS. I became the Assistant Section Chief on November 1, 2008. From August 18, 2008 until October 31, 2008, I was the Unit Chief of Litigation Support Unit. I have been employed by the Federal Bureau of Investigation ("FBI") since August 18, 2008. Prior to my joining the FBI, from July 11, 2005 until July 10, 2008, I was on active duty in the United States Navy and assigned to United States Fleet Forces Command, located in Norfolk, Virginia, as the Fleet Judge Advocate. In that capacity, I was responsible for reviewing all information being released under the Freedom of Information Act ("FOIA"). From August 17, 1983 to July 11, 2005, I served as an active duty Navy Judge Advocate at various commands and routinely dealt with FOIA matters, including a tour from January 1987 to September 1988 with the Department of the Navy Litigation Office

Case 2:12-cv-01605-DLR-BSB   Document 143-1   Filed 06/23/15   Page 2 of 3

where I was a litigation counsel for FOIA matters. I am also an attorney who has been licensed to practice law in the State of Wisconsin since 1983.

(2) In my official capacity as Acting Section Chief of RIDS, I supervise approximately 224 employees who staff a total of ten (10) FBIHQ units and two (2) field operational service center units whose collective mission is to effectively plan, develop, direct, and manage responses to requests for access to Federal Bureau of Investigation ("FBI") records and information pursuant to the FOIA as amended by the OPEN Government Act of 2007 and the OPEN FOIA Act of 2009; the Privacy Act of 1974; Executive Order ("E.O.") 13526, Presidential, Attorney General, and FBI policies and procedures; judicial decisions; and Presidential and Congressional directives.

(3) Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. Specifically, I am aware of the treatment which has been afforded Mr. Rigmaiden's FOIA request for "All agency records concerning the following portable/transportable wireless device locators (i.e., devices used to locate cell phones, etc.) and related equipment manufactured and/or branded and/or sold by Harris Wireless Products Group (Harris Corporation) (hereafter 'Harris Corporation')."

(4) The purpose of this declaration is to correct the record and clarify the information provided in my previous declaration dated June 22, 2015 filed in response to Plaintiff's Second Motion for Partial Summary Judgment (ECF #140-2). It was brought to my attention that the June 22, 2015 declaration contains an inaccuracy. Specifically, the inaccuracy pertains to my statement in paragraph 7 informing the court that "[t]o date, Mr. Rigmaiden is delinquent on the last two payments totaling $450.00."

(5)     In making this statement, RIDS relied upon Plaintiff's own previous assertions that he had not paid this fee. See Pl. Partial MSJ at 12 (noting Plaintiff paid $95 and requesting a refund of $60); *id.* at 17 (requesting preliminary injunction in event of adverse court ruling to "stay the $555.00 duplication fee," including an injunction that the FBI and Department of Justice "not cancel any of Plaintiff's pending or future FOIA requests" or "submit the $555.00 duplication fee bill to a collection agency . . . in response to Plaintiff *not paying* the $555.00 duplication fee bill.") (emphasis added). Upon filing his opposition brief indicating that he had made payment, the FBI confirmed that Mr. Rigmaiden had, in fact, paid the $450.00 that was due.

(6)     I regret any inconvenience to the Court caused by this inadvertent error.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 23rd day of June, 2015.

DENNIS J. ARGALL
Assistant Section Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Winchester, Virginia

3